UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>        Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIÉTÉ GÉNÉRALE SA, and CITIBANK,<br><br>        Defendants. | **Civil Action No. 09-cv-5900 (RPP)**<br><br>**ECF Case**<br><br>**UNDER SEAL** |

## ANSWER

Defendant Société Générale ("SG") hereby answers the Complaint of Plaintiffs Jeremy Levin and Dr. Lucille Levin as follows:

1.    SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Complaint. The second sentence of Paragraph 2 of the Complaint contains legal conclusions to which a responsive pleading is not required.

3.    SG admits the allegations contained in Paragraph 3 of the Complaint as to SG. SG denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 3 of the Complaint relating to any other Defendant.

4.    SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint. SG further states that Paragraph 4 of the Complaint states legal conclusions to which a responsive pleading is not required.

5. Paragraph 5 of the Complaint states legal conclusions to which a responsive pleading is not required.

6. SG admits the accuracy of the quotation contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states legal conclusions to which a responsive pleading is not required.

8. Paragraph 8 of the Complaint states legal conclusions to which a responsive pleading is not required.

9. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which a responsive pleading is not required.

11. Paragraph 11 of the Complaint states legal conclusions to which a responsive pleading is not required.

12. Paragraph 12 of the Complaint states legal conclusions to which a responsive pleading is not required.

13. Paragraph 13 of the Complaint states legal conclusions to which a responsive pleading is not required.

14. Paragraph 14 of the Complaint states legal conclusions to which a responsive pleading is not required.

15. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. SG cannot respond to Paragraph 17 of the Complaint, because it was served upon SG in redacted form.

18. SG cannot respond to Paragraph 18 of the Complaint, because it was served upon SG in redacted form.

19. SG cannot respond to Paragraph 19 of the Complaint, because it was served upon SG in redacted form.

20. SG admits that it has an office at 1221 Avenue of the Americas, New York, New York. SG denies the remaining allegations contained in the first sentence of Paragraph 20 of the Complaint and states that Société Générale is a French banking institution, domiciled and headquartered in France. SG denies the second sentence of Paragraph 20 of the Complaint. The third sentence of Paragraph 20 of the Complaint states legal conclusions to which a responsive pleading is not required.

21. SG admits the allegations contained in the first sentence of Paragraph 21 of the Complaint. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 21 of the Complaint. The third sentence of Paragraph 21 of the Complaint states legal conclusions to which a responsive pleading is not required.

22. Paragraph 22 of the Complaint states legal conclusions to which a responsive pleading is not required.

23. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states legal conclusions to which a responsive pleading is not required.

30. Paragraph 30 of the Complaint states legal conclusions to which a responsive pleading is not required.

31. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. SG admits the accuracy of the quotation contained in Paragraph 32 of the Complaint.

33. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint states legal conclusions to which a responsive pleading is not required.

35. Paragraph 35 of the Complaint states legal conclusions to which a responsive pleading is not required.

36. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint states legal conclusions to which a responsive pleading is not required.

38. Paragraph 38 of the Complaint states legal conclusions to which a responsive pleading is not required.

39. Paragraph 39 of the Complaint states legal conclusions to which a responsive pleading is not required.

40. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. SG denies the allegations contained in Paragraph 42 of the Complaint insofar as they relate to SG. SG denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint.

43. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint states legal conclusions to which a responsive pleading is not required.

46. Paragraph 46 of the Complaint states legal conclusions to which a responsive pleading is not required.

47. Paragraph 47 of the Complaint states legal conclusions to which a responsive pleading is not required.

48. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint states legal conclusions to which a responsive pleading is not required.

50. Paragraph 50 of the Complaint states legal conclusions to which a responsive pleading is not required.

51. Paragraph 51 of the Complaint states legal conclusions to which a responsive pleading is not required.

52. Paragraph 52 of the Complaint states legal conclusions to which a responsive pleading is not required.

53. SG repeats and realleges each of the foregoing responses and allegations as if set forth fully herein.

54. Paragraph 54 of the Complaint states legal conclusions to which a responsive pleading is not required.

55. Paragraph 55 of the Complaint states legal conclusions to which a responsive pleading is not required.

56. Paragraph 56 of the Complaint states legal conclusions to which a responsive pleading is not required.

57.     Paragraph 57 of the Complaint states legal conclusions to which a responsive pleading is not required.

## AFFIRMATIVE DEFENSES

Without assuming any burdens not imposed by law, SG asserts the following defense to the allegations in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

58.     The Complaint seeks to execute on funds that are not property of the Islamic Republic of Iran (the "Republic").

## SECOND AFFIRMATIVE DEFENSE

59.     Persons other than the Republic or its agencies and instrumentalities may have ownership or other interests in part or all of the funds at SG that are the subject of this turnover proceeding (the "SG Blocked Accounts") which may be superior to the rights of Plaintiffs against such funds.

## THIRD AFFIRMATIVE DEFENSE

60.     Parties other than Plaintiffs who may have an interest in the SG Blocked Funds may be indispensable parties and/or may have the right to notice of these proceedings and an opportunity to be heard before this Court enters a judgment in this proceeding that would terminate or otherwise affect their rights in the SG Blocked Accounts.

## FOURTH AFFIRMATIVE DEFENSE

61.     Plaintiffs have not satisfied the requirements of Section 201 of the Terrorism Risk Insurance Act ("TRIA").

### FIFTH AFFIRMATIVE DEFENSE

62. Plaintiffs have not satisfied the requirements of Sections 1608(a) and 1610(c) of the Foreign Sovereign Immunities Act ("FSIA").

### SIXTH AFFIRMATIVE DEFENSE

63. The Complaint does not state a cause of action for which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

64. SG hereby reserves its future rights of setoff against funds on deposit in bank accounts at SG that belong to the Republic or its agencies and instrumentalities.

### EIGHTH AFFIRMATIVE DEFENSE

65. To the extent that the funds belonging to the Republic and its agencies and instrumentalities that are in accounts at SG and the other Defendants in this proceeding exceed the amount due to the Plaintiffs, this Court should allocate the amounts to be turned over by each of the Defendants and determine from which accounts such funds should be debited in such a way that none of the Defendants is required to turn over to Plaintiffs more than that Defendant's allocable share.

### RESERVATION OF RIGHTS

SG reserves its right to supplement its answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having fully answered the Complaint and asserted affirmative defenses thereto, SG respectfully requests that this Court enter an order:

i) dismissing the Complaint as against SG in its entirety with prejudice;

ii) determining whether all appropriate and/or necessary parties were given appropriate notice of the proceedings and the manner of such notice;

iii) the precise amount, if any, to be turned over pursuant to any execution or other turnover order, and to whom the turnover is granted;

iv) the appropriate apportionment amongst the Defendants of funds and/or accounts to be turned over, if any;

v) whether, as to each property or account in respect of which execution or turnover is ordered, (i) the account holder or owner is regarded as an "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of the TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

vi) awarding SG the costs of defending this action including reasonable attorney's fees;

vii) granting SG any additional equitable and other relief that the Court deems just and proper under the circumstances.

Dated: New York, New York
October 23, 2009

MAYER BROWN LLP

By: _____
Mark G. Hanchet
Christopher J. Houpt
1675 Broadway
New York, New York 10019
(212) 506-2500

*Attorneys for Defendant*
*Société Générale*

9