UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Plaintiffs,<br><br>-v-<br><br>BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,<br><br>Defendants. | (FILE UNDER SEAL)<br><br>Civ. No. 09 CV 5900 (RPP)<br><br>**PLAINTIFFS' CASE MANAGEMENT REPORT AND REPORT OF PARTIES' INITIAL MEETINGS OF COUNSEL PER RULE 26**<br><br>CASE MANAGEMENT CONFERENCE: DECEMBER 10, 2009<br>TIME: 4:00 P.M.<br>PLACE: COURTROOM 24A |

## PLEADINGS AND SERVICE ON DEFENDANT BANKS/GARNISHEES AND JUDGMENT DEBTORS

1. This is a collection, execution and garnishment action filed on June 22, 2009 under seal (by Order of the Court on June 26, 2009) by Plaintiffs/Judgment Creditors ("Levins" or "The Levins" or "Plaintiffs"), victims (Mr. Levin, the former CNN Bureau Chief in Beiruit was held hostage and chained to a radiator for about a year) of Islamic Republic of Iran ("Iran") state sponsored terrorism, against Defendants/Garnishees, Bank of New York (a/k/a The Bank of New York Mellon), JP Morgan Chase (a/k/a JPMorgan Chase Bank, N.A.), Societe Generale (a/k/a Société Générale), and Citibank (a/k/a Citibank, N.A.) ("Banks" or "Defendants" or "Defendant Banks" or "Garnishees" ), alleging that Banks have control of assets of Judgment Debtor Iran and its agencies and instrumentalities ("Debtors") frozen pursuant to regulations and orders issued by the

09:P2297002.doc

Office of Foreign Asset Control ("OFAC"), a division of the United States Department of the Treasury ("Iranian Frozen Assets" or "Frozen Assets" or "Blocked Assets") and subject to attachement by the Levins.

2. After a trial on February 8, 2008, the Levins obtained a judgment against Iran and Iranian related entites under 28 U.S.C.§ 1605(a)(7) & §1610, the Foreign Sovereign Immunities Act ("FSIA") and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a) ("TRIA") in the United States District Court of the District of Columbia for compensatory damages of $28,807,719, *Levin v. Islamic Republic of Iran*, No. 05-CV-02494 (GK/JMF)(D.D.C). Plaintiffs registered their judgment in this Court pursuant to 28 U.S.C. § 1963 on April 20, 2009. This judgment has not been satisfied.

3. On June 19, 2009, pursuant to New York Civil Practice Law and Rules ("CPLR") § 5230 (made applicable here by Fed. R. Civ. P. 69), Plaintiffs served a Writ of Execution issued by this Court on the United States Marshal for the Southern District of New York. By serving the Writ of Execution on the U.S. Marshal, Plaintiffs obtained a priority lien on the Blocked Assets held by Banks. On June 22, 2009, within ninety (90) days of service of the writs of execution, as required, Plaintiffs filed their complaint pursuant to Fed. R. Civ. P. 69(a) and CPLR § 5225 (b) in the Southern District of New York and perfected their lien and levy under CPLR § 5232(a).

4. Plaintiffs are not aware of any other similar judgment creditors who have perfected any levy or lien by complying with the ninety (90) day requirement of CPLR § 5232(a), which mandates the filing of a turnover proceeding, such as that initiated by The

Levins, within nintey (90) days or any purported levy or lien becomes "void." CPLR § 5232(a).

5. All Defendant Banks have answered The Levins complaint.

6. Defendants Banks have stipulated with Plaintiffs that any judgment entered in this matter will be binding on JPMorgan Chase Bank, N.A., Citibank, N.A., Societe Generale, N.A., Inc. and Bank of New York Mellon, notwithstanding that Plaintiffs used slightly different names, which were given to them by OFAC, in their complaint.

7. All Defendant Banks admit that they have possession of assets that have been blocked pursuant to OFAC regulations and Executive Orders of the President of the United States, including Blocked Assets on the list OFAC provided to Plaintiffs under a confidentiality order (which list Plaintiffs provided to each Bank only for the accounts in its possession).

8. Plaintiffs and Defendant Banks have had several meetings of counsel by conference call pursuant to Fed R. Civ. P. 26. Plaintiffs and each Bank have had separate conferences concerning confidential account information. All counsel had a conference call on December 2, 2009 and discussed the scheduling conference to be held on December 10, 2009, a discovery plan, dispositive motions, discovery motions, Rule 26 disclosures and potential additional parties and service thereon.

9. Banks and The Levins stipulated to a Protective Order which this Court entered on October 26, 2009.

10. The Levins served an Information Supoena on Banks on September 28, 2009.

11. Pursuant to The Levins Information Subpoena, all Banks with the exception of Citibank and JPMorgan Chase have represented to Plaintiffs that they have provided all information responsive to The Levins Subpoena concerning the accounts in their possession with Blocked Assets. Citibank and JPMorgan Chase have partially complied with The Levins' Subpoena.

12. Plaintiffs served Judgment Debtors Iran, and its agencies and Instrumentalities: the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ with copies of the complaint for attachment, garnishment and execution, summons, notice of action in this Court, and original judgment from the D.C. Court on December 4, 2008 pursuant to 28 USC Section 1608 (b)(3) (B)(FSIA)(in English and Farsi) through the Clerk of Court Southern District of New York (using DHL Worldwide Service).

13. No Judgment Debtor has responded or made an appearance in any court despite service by Plaintiffs.

### Proposed Dates for Rule 26 Exchanges and Plaintiffs' Motion for Summary Judgment and Turn Over

14. Banks have informed Plaintiffs that they do not believe this matter requires Rule 26 initial disclosures. Plainitiffs are prepared to make disclosures pursuant to Rule 26, and if the Court requires such disclosures to be made, would propose that any such disclosures be made by December 30, 2009.

15. Under FSIA, TRIA and case authority in the Southern District of New York, Blocked Assets in the possession of Banks pursuant to OFAC regulations and orders are subject to garnishment in aid of execution of judgments against state sponsors of terrorism and their agencies and instrumentalies by motion for summary judgment and turnover. See, e.g. *Weininger v. Republic of Cuba, JPMorgan Chase Bank, N.A., et al.*, 462 F.Supp. 2d 457 (S.D.N.Y. 2006) and *Rux v. Abn-Amro Bank, N.V., Bank of New York Mellon, Citibank, N.A, JPMorgan Chase Bank, N.A,, Bank of Sudan, et al.*, Case. No. 08 Civ 6588 (AKH) (Judgment and Order Directing Turnover of Funds to Petitioners and Discharge of Respondents, Dated April 14, 2009).

16. Under CPLR § 5224(b) and controlling case authority in the Second Circuit (in addition to in-state assets held in New York), the out of state assets, including those out of country, of a judgment debtor (including its agents and instrumentalities) held by any garnishee New York Bank in its overseas branch are subject to execution by a judgment creditor in New York. *Koehle v. The Bank of Bermuda Limited (New York)*, 12 N.Y.3d 533, 911 N.E.2d 825 (2009) NY Slip Op 04297, No. 82, 2009 N.Y. LEXIS 1751 (June 4, 2009) (certified question by Second Circuit in *Koehle v. The Bank of Bermuda Limited (New York)* 544 F.3d 78, 80 (2d Cir. 2008).

17. Based on the Banks responses to The Levins' Information Supoena, the information supplied to Plaintiffs' under Protective Order by OFAC and Plaintiffs' independent investigation, Plaintiffs have identified and are ready to make the necessary showing to satisfy a motion for summary judgment and turnover to The Levins under TRIA, FSIA, CPLR § 5225(b), *Weininger, Rux, Koehle,* among other authority, of all

the funds which are the property of the Islamic Republic of Iran or its agencies or instrumentalities and are being held as Blocked Assets by Defendant Banks as is set forth on the Attached Exhibit A (Societe Generale Accounts), Attached Exhibit B (JP Morgan Chase Accounts), Attached Exhibit C (Bank of New York Mellon Accounts), and Attached Exhibit D (Citibank Accounts). Plaintiffs do not think that they need additional discovery (or very minimal production of certain documents which formed the basis for the responses to the Information Subpoena) from Banks in order to seek turnover of these Blocked Funds ("Phase One Accounts"). Counsel for Banks and Plaintiffs have discussed the Phase One Accounts and believe that any additional discovery can be handled without Court intervention. Banks have identified other Blocked Assets which Plaintiffs need to do more discovery either of Banks or third parties in order to determine whether further action against the Blocked Assets is appropriate. Plaintiffs propose that the Blocked Assets which Banks have identified but that are not listed on Exhibit A, B, C, or D, be handled after such discovery ("Phase Two Accounts").

18. Plaintiffs propose to file their motion for turnover of the Blocked Assets listed in Exhibits A, B, C, and D Phase One Accounts by or before February 1, 2010.

19. Plaintiffs request that the Court deem any entity which Plaintiffs have served with the notice of the proceeding under FSIA to have defaulted if an appearance and objection to turnover is not entered by any such entity by January 15, 2009. Plaintiffs request the Court order that the Banks' either oppose or assent to Plaintiffs' Motion for Summary Judgment and Turnover within twenty (21) days of service of said motion and

that Plaintiffs be permitted to file a reply to any Oppositions within fifteen (15) days of service of such Opposition.

20. Plaintiffs request that the Court enter an order enjoing and restraining Banks from releasing, transferring or paying any Blocked Assets identified to Plaintiffs or other Blocked Assets which may come into their possession which require reporting to OFAC due to a nexus with Iran, other than to Plaintiffs, during the pendency of these proceedings.

21. Plaintiffs request a hearing on their Motion for Summary Judgmment and Turnover on March 10, 2010.

22. Based on Banks' responses to the Information Supoena derived from their business records and verified as such, Plaintiffs do not believe they need to do any additional discovery of Banks for the Phase One accounts. Plaintiffs and Banks are continuing to meet and confer on this issue. Plainiffs propose and Banks agree that Phase Two discovery will be conducted after the Court rules on their motion for summary judgment turnover in Phase One.

## Plaintiffs' Motion to Compel Discovery Responses

23. Citibank and JP Morgan Chase have objected and refused to provide complete responses to Plaintiffs' Information Supoena as to Blocked Assets held in their foreign branches. Plaintiffs and Banks have met and conferred and have been unable to resolve this dispute. Plaintiffs agree to file any motion to compel after the court rules on the Phase One accounts.

24. Plaintiffs request a further case management hearing on Phase Two Accounts after the Motion for Summary Judgment on Phase One Accounts is ruled on by the Court at a time and date to be determined.

## ADDITIONAL ENTITIES BANKS SEEK TO INTERPLEAD AND SERVE

25. Banks have not filed notice of any related action or case per Local Rule 1.6, and have not interpleaded any parties in the time allotted by rule and without motion.

26. Banks have informed Plaintiffs that they may seek to interplead third parties.

27. Plaintiffs ask the Court to require Banks to disclose to it and Plaintiffs immediately any such third parties. Plaintiffs have offered to stipulate to notice and/or interpleader of Phase One third party commercial entities identified in Banks Answers and/or responses to Plaintiffs' Information Subpoeana and which Banks allege in their Answers may have claims to the Blocked Assets. Plaintiffs do not believe that any other entities would be proper parties to this action or have standing to assert any claims to the Blocked Assets. Banks did not interplead by way of a complaint in interpleader any parties within 14 days of their Answers per Fed R. Civ. P. Rule 14. Plaintiffs request that the Court require Banks to file any motions for permission to interplead third parrties by December 21, 2009, if after disclosure the parties cannot agree.

Dated: December 8, 2009

HOWARTH & SMITH

By: /s/ Suzelle M. Smith

523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
Attorney for Plaintiffs/Judgment Creditors