UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>    Plaintiffs and Interpleader Counter-Claim Defendants,<br><br>v.<br><br>BANK OF NEW YORK, JP MORGAN CHASE, and CITIBANK,<br><br>    Defendants, and<br><br>SOCIÉTÉ GÉNÉRALE,<br><br>    Defendant and Interpleader Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant and Interpleader Cross-Claim Defendant, and<br><br><br><br>    Interpleader Third-Party Defendants. | **FILED UNDER SEAL**<br><br><br>Civ. No. 09- CV-5900 (RPP)<br><br>**ANSWER BY PLAINTIFFS AND INTERPLEADER COUNTER-CLAIM DEFENDANTS TO SOCIÉTÉ GÉNÉRALE'S INTERPLEADER COMPLAINT** |

/ / /

/ / /

10:P2305002.doc

Plaintiffs and Interpleader Counter-Claim Defendants, Jeremy Levin and Dr. Lucille Levin ("Levins" or "Plaintiffs"), hereby answer the Counter-Claim of Defendant and Interpleader Plaintiff, Societe Generale ("SG").[1]

1. The Levins deny that SG faces legitimate competing legal demands with the respect to funds described in Exhibit D to the Levins' Complaint. Under the Foreign Sovereign Immunities Act ("FSIA"), the Terrorism Risk Insurance Act ("TRIA") and under applicable New York law, including CLPR 5225(b) the Levins have a priority to the funds at issue. The funds at issue are Blocked Assets of terrorist entities, states and/or agencies or instrumentalities of the Islamic Republic of Iran, and these funds have been blocked by SG for over a year. No one has taken proper legal action to make a claim on these blocked funds, despite the availability of such process either through the Office of Foreign Asset Control ("OFAC") or the Courts because they either have no right to such funds or have abandoned any claims to such funds due to satisfaction of their judgments or otherwise. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

2. The Levins admit to the allegations contained in Paragraph 2 of the Complaint and admit that this Court has jurisdiction. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

///

---

[1] In its interpleader complaint, SG refers to itself as Societe Generale. In its answer to Plaintiffs' Complaint, SG refers to itself as Societe Generale in the body of the answer but refers to itself as Societe Generale, SA in the caption.

3.   The Levins admit to the allegations contained in Paragraph 3 of the Complaint and admit that venue is proper to this Court. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

4.   The Levins admit to the allegations contained in Paragraph 4 insofar as they are natural persons and United States citizens. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

5.   The Levins admit that ▉▉▉▉ is a ▉▉▉▉ Bank, with headquarters at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and an overseas office at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and a SWIFT address of ▉▉▉▉▉. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

6.   The Levins admit that ▉▉▉▉ is a ▉▉▉▉ Bank with headquarters at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, and an overseas office at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

7.   The Levins admit that ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ is a governmental entity headquartered at ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

8.   The Levins admit that ▉▉▉▉▉▉▉ is a ▉▉▉▉ bank, is successor in interest to ▉▉▉▉▉▉, and has an overseas office of ▉▉▉▉▉▉▉▉▉▉▉▉▉

██████████. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

9. The Levins admit that ████████ is a ████ bank, is the successor in interest to ████████████ and has an overseas office at ████████ ████████████████. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

10. The Levins admit that JPMorgan Chase Bank, N.A. is a Delaware corporation with a principal place of business at 270 Park Ave., New York, New York 10017-2070. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

11. The Levins admit that the entities identified in paragraphs 5-10 may be referred to by SG as the Wire Transfer Parties. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

12. The Levins admit that SG holds two accounts—████████ and ████████— that contain the proceeds of wire transfers that were blocked pursuant to Parts 539 and 540 of Title 31 of the Code of Federal Regulations and Executive Order 13382 (the "SG Blocked Funds"). To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

13. The Levins deny that Account ████ contains the proceeds of a wire transfer from SG ████ on behalf of ████████ for payment to JPMorgan Chase Bank, N.A. (New York) for the account of ████████████) but admit that Account

███████[2] contains the proceeds of a wire transfer from SG█████ on behalf of █████ ███████ for payment to JPMorgan Chase Bank, N.A. (New York) for the account of ██████████████████. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

14. The Levins deny that Account █████ contained ███████ as of June 30, 2009 but admit that, as of June 30, 2009, Account █████[3] contained ████████

15. The Levins admit that Account █████ contains the proceeds of a wire transfer from SG█████ on behalf of ██████████ for payment to █████ ██████████████, for the account of ████████████████████ The Levins admit that the transfer was initiated by ████████████, a nuclear reactor that is owned by ████████████████████. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

16. The Levins admit that, as of June 30, 2009, Account █████ contained █████████. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

17. The Levins admit that they allege that they are entitled to the SG Blocked Funds as judgment creditors of the Islamic Republic of Iran ("Iran") and agencies and /or instrumentalities of Iran . To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

---

[2] In an apparent typographical error, Paragraph #13 of SG's Interpleader Complaint refers to account █████ instead of account █████.
[3] In an apparent typographical error, Paragraph #14 of SG's Interpleader Complaint refers to account █████ instead of account █████.

18. The Levins deny that the Wire Transfer Parties may have competing claims to the SG Blocked Funds. The Levins have a clear priority to the SG Blocked Funds pursuant to FSIA, TRIA and applicable New York law. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

19. Paragraph 19 of the Complaint states legal conclusions to which a responsive pleading is not required. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

20. Paragraph 20 of the Complaint states legal conclusions to which a responsive pleading is not required. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

21. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

22. The Levins repeat and reallege each of the foregoing responses and allegations as if set forth fully herein. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

23. The Levins deny that any of the Third-Party Defendants have claims superior to their own with regards to the SG Blocked Funds. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

24. The Levins deny knowledge or information sufficient to form a belief that SG is exposed to the risk of multiple and inconsistent liability with respect to the SG Blocked funds, as the Levins have clear priority rights to the SG Blocked Funds pursuant

to FSIA, TRIA and applicable New York law. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

25. Paragraph 25 of the Complaint states legal conclusions to which a responsive pleading is not required. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

26. The Levins repeat and reallege each of the foregoing responses and allegations as if set forth fully herein. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

27. Paragraph 27 of the Complaint states legal conclusions to which a responsive pleading is not required. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

28. Paragraph 28 of the Complaint states legal conclusions to which a responsive pleading is not required. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

29. For a first separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that the SG Counter-Complaint and each and every purported cause of action therein fails to state facts sufficient to constitute a claim or cause of action against the Levins. SG claims to be and is a stakeholder of funds

blocked by OFAC to which the Levins claim a right under the FSIA, TRIA and New York law for assistance in collecting a valid judgment, as victims of Iranian state sponsored terrorism. There is no basis in law or fact for any counter- claim against the Levins by SG, and such counter-claim is improper.

## SECOND AFFIRMATIVE DEFENSE

(Res Judicata and Collateral Estoppel)

30. For a second separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG is barred from recovery on its claims by the doctrines of res judicata and/or collateral estoppel.

## THIRD AFFIRMATIVE DEFENSE

(Waiver)

31. For a third separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG has waived any and all claims asserted in its Counter-Complaint.

## FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

32. For a fourth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any

injury, damage, or loss whatsoever, allege that SG failed to mitigate its damages, if any, and any recovery or other relief is therefore barred or must be reduced accordingly.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

33. For a fifth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that, based upon SG's conduct, omissions, and/or representations, SG is estopped from recovering upon the claims set forth in the Counter- Complaint.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

34. For a sixth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that, to the extent SG seeks equitable relief, SG's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to SG herein. SG and all the Wire Transfer Parties, in their dealing with the Islamic Republic of Iran and its agencies and instrumentalities, have unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

35. For a seventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will

suffer any injury, damage, or loss whatsoever, allege that SG is barred from recovery on its claims by the doctrine of unjust enrichment.

### EIGHT AFFIRMATIVE DEFENSE

(Statute of Limitations)

36. For a eight separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG's claims are barred by all applicable statutes of limitations.

### NINTH AFFIRMATIVE DEFENSE

(Laches)

37. For a ninth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG waited an unreasonable period of time before asserting its claims, if any, against the Levins and is barred from asserting such claims under the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

(Lack of Damages)

38. For a tenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG has not suffered and/or will not suffer any damages as a result of any actions taken by the Levins, and SG is thus barred from asserting any claim against the Levins.

## ELEVENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

39. For an eleventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG is barred from any recovery against the Levins because the alleged damages are speculative.

## TWELFTH AFFIRMATIVE DEFENSE

(Other Causes)

40. For a twelfth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that any damages SG did suffer were caused by independent, intervening and/or superseding events beyond the control, and unrelated to any conduct, of the Levins.

## THIRTEENTH AFFIRMATIVE DEFENSE

(In Pari Delicto)

41. For a thirteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG's claims are barred in whole or in part as a result of the fault or conduct of SG.

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

42. For a fourteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that SG had full knowledge of all the risks associated with the transactions in question, and nevertheless, voluntarily and with full appreciation of the risks involved and the magnitude of those risks, assumed those risks of damage to itself.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Offset)

43. For a fifteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that to the extent SG has or will receive any monies from any other person or entity relating to the subject matter of this action, any amount found owing to the SG should be reduced or offset accordingly.

## SIXTEENTH AFFIRMATIVE DEFENSE

44. For a sixteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that no holder of any judgment against Iran or any other entity has a priority or valid claim against the blocked assets set forth in Exhibit D to plaintiffs' complaint as no such judgment holder, if any, has complied with the requirements of federal and state law, including TRIA, FSIA, or CLPR

5225(b), among others, and and any writs of execution, restraining notices, notices of pendency, liens, and/or other process or documents that purport to relate to the block assets claimed by the Levins are void as a matter of law for failure to comply with the proper statutory requirements.

## SEVENTEENTH AFFIRMATIVE DEFENSE

45. For a seventeenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that the United States Government has no claim on any of the assets it has blocked through OFAC, Executive Order, or any other legal process, as the blocked assets are specifically available for the collection of the Levins' judgment as victims of terrorism under TRIA, and other controlling statutes. *See Weininger v. Castro*, 462 F.Supp.2d 457 (S.D.N.Y. 2006); *see also Weinstein v. The Islamic Republic of Iran*, 624 F.Supp.2d 272 (2009) ; *see also Rux v. ABN-AMRO Bank, N.V.*, No. 08 Civ. 6588 (AKH)(S.D.N.Y. April 14, 2009's JUDGMENT AND ORDER DIRECTING TURNOVER OF FUNDS TO PETITIONER AND DISCHARGE OF RESPONDENTS).

## EIGTHTEENTH AFFIRMATIVE DEFENSE

46. For a eighteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that SG has suffered or will suffer any injury, damage, or loss whatsoever, allege that neither SG nor any of the parties related to the funds listed on Exhibit D of plaintiffs' complaint have any legal claim of ownership to the funds in Exhibit D because blocked assets of any agency or instrumentality of Iran including Wire Transfer funds or electronic fund transfers are

specifically subject to collection of judgments by victims of terrorism notwithstanding any other law to the contrary. *See*, e.g. TRIA, *Weinstein v. The Islamic Republic of Iran*, 624 F.Supp.2d 272 (2009).

## RESERVATION OF RIGHTS

The Levins reserve their rights to supplement their answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery and to amend its pleading accordingly.

WHEREFORE, having fully answered the Complaint and asserted affirmative defenses thereto, the Levins respectfully request that this Court enter an order:

i) dismissing this Counter Claim Complaint as to the Levins in its entirety with prejudice;

ii) declaring that the Levins, under TRIA, FSIA and applicable New York law, have an immediate right to the SG Blocked Funds;

iii) declaring that the third-party defendants are not indispensable parties and/or do not have the right to notice of these proceedings and any opportunity to be heard;

/ / /

/ / /

/ / /

/ / /

/ / /

iv) requiring SG to convey, assign, and direct any pay all the SG Blocked Funds including those set forth in Exhibit D, including any accrued interest in the accounts, to the Levins;

v) awarding the Levins costs and attorneys' fees herein incurred; and

vi) granting further and other relief that the Court deems fair and just.

Dated:  January 21, 2010

HOWARTH & SMITH

By: _____
Suzelle M. Smith
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Tel. No. (213) 955-9400

Attorney for Plaintiffs and Interpleader
Counter-Claim Defendants

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 523 W. Sixth Street, Suite 728, Los Angeles, California 90014.

On January 21, 2010, I served the foregoing document described as:

**ANSWER BY PLAINTIFFS AND INTERPLEADER COUNTER-CLAIM DEFENDANTS TO SOCIÉTÉ GÉNÉRALE'S INTERPLEADER COMPLAINT**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| LEVI LUBARSKY & FEIGENBAUM LLP<br>Howard B. Levi, Esq.<br>J. Kelley Nevling, Jr., Esq.<br>1185 Avenue of the Americas, 17th Floor<br>New York, NY 10036<br><br>Attorneys for Defendants The Bank of New York and JP Morgan Chase Bank, N.A. | DAVIS WRIGHT TREMAINE LLP<br>Sharon L. Schneier, Esq.<br>Christopher J. Robinson, Esq.<br>1633 Broadway<br>New York, New York 10019<br><br>Attorneys for Defendant Citibank, N.A. |
| MAYER BROWN LLP<br>Mark G. Hanchet, Esq.<br>Christopher J. Houpt, Esq.<br>1675 Broadway<br>New York, New York 10019<br><br>Attorneys for Defendant Société Générale SA | Tara M. La Morte, Esq.<br>Assistant United States Attorney<br>Southern District of New York<br>86 Chambers St., 3rd Floor<br>New York, NY 10007 |

[X]   (BY E-MAIL) I caused such document to be transmitted via e-mail to the e-mail address set forth above on this date before 5:00 p.m.

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 21, 2010 at Los Angeles, California.

_____
Celeste Factora