UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEFFREY LEVIN and DR. LUCILLE LEVIN, | : | Civil Action No. 09 Civ. 5900 (RPP) |
| Plaintiffs, | : | **FILED UNDER SEAL** |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | **ANSWER OF DEFENDANT JPMORGAN CHASE BANK, N.A.** |
| Defendants. | : | |

Defendant JPMorgan Chase Bank, N.A. ("JPMCB"), improperly sued in this proceeding as "JPMorgan Chase," by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint except admits that the Foreign Sovereign Immunities Act of 1976, as amended, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), and the National Defense Authorization Act for Fiscal Year 2008, P.L. 110-181, 122 Stat. 3 (2008) (the "2008 NDAA") are statutes of the United States and refers to those statutes for a full and accurate statement of their terms and provisions.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint except admits that JPMCB, pursuant to its obligations under various Executive Orders and federal regulations, has from time to time reported information to the Office of Foreign Assets

Control ("OFAC") of the United States Department of the Treasury indicating that JPMCB is in possession of assets that have been blocked pursuant to the provisions of such Executive Orders and regulations.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint except admits that a copy of a protective order purportedly entered by the United States District Court for the District of Columbia in an action entitled Levin v. Islamic Republic of Iran, Civil Action No. 05-2494 (GK) (D.D.C.) (the "DC Action"), is annexed to the complaint as Exhibit C and refers to Exhibit C for the contents thereof.

5. To the extent that paragraph 5 of the complaint sets forth allegations that require a response from JPMCB, denies knowledge or information sufficient to form a belief as to the truth of those allegations.

6. To the extent that paragraph 6 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits that paragraph 6 purports to quote selectively from section 5225(b) of the New York Civil Practice Law and Rules ("CPLR") and refers to section 5225(b) for the full text of that statutory provision.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the complaint except admits that it quotes selectively from section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and refers to section 201 for the full text of that statutory provision.

8. To the extent that paragraph 8 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits that paragraph 8 purports to quote selectively from FSIA § 1610 and refers to section 1610 for the full text of that statutory provision.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. To the extent that paragraph 10 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits that paragraph 10 purports to quote selectively from decisions of the New York City Court and the United States Court of Appeals for the Second Circuit and refers to those decisions for the full text thereof.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint except admits that the Court has subject matter jurisdiction over this proceeding pursuant to, inter alia, 28 U.S.C. § 1367, admits that paragraph 12 purports to quote selectively from FSIA §§ 1605(a)(7) (repealed) and 1605A and refers to former section 1605(a)(7) and section 1605A for the full text of those statutory provisions.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint except admits that the Court has in personam jurisdiction over JPMCB in this proceeding.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint except admits that the Southern District of New York is a proper venue for this proceeding.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint except admits that paragraph 17 quotes selectively from CPLR § 5225(b) and refers to section 5225(b) for the full text of that statutory provision.

18. Denies the allegations set forth in paragraph 18 of the complaint except states that JPMCB is a national bank with its main office in Ohio, admits that JPMCB has offices at One Chase Manhattan Plaza, New York, New York, admits that JPMCB, pursuant to its obligations under various Executive Orders and federal regulations, has from time to time reported information to OFAC indicating that JPMCB is in possession of assets that have been blocked pursuant to the provisions of such Executive Orders and regulations, denies knowledge or information sufficient to form a belief as to whether the Islamic Republic of Iran ("Iran") has an interest in any such assets and refers to the complaint as a whole for a statement of the capacity or capacities in which JPMCB has been named as a defendant in this proceeding.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22. Denies the allegations set forth in paragraph 22 of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the complaint except admits upon information and belief that Iran is a foreign state.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint except admits that paragraph 25 purports to quote from and characterize a decision rendered by the court in the DC Action and refers to that decision for its contents..

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30. To the extent that paragraph 30 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits that paragraph 30 quotes selectively from TRIA § 201 and refers to section 201 for the full text of that statutory provision.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the complaint except admits upon information and belief that Iran is a foreign state.

32. To the extent that paragraph 32 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits that paragraph 32 purports to quote selectively from TRIA § 201 and refers to section 201 for the full text of that statutory provision.

33. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the complaint and refers to the relevant Executive Orders issued by various Presidents of the United States for their terms and provisions.

34. To the extent that paragraph 34 of the complaint sets forth allegations that require a response from JPMCB, denies knowledge or information sufficient to form a belief as to the truth of those allegations except admits that paragraph 34 quotes selectively from Executive Order No. 13,382, 70 Fed. Reg. 38,567 (June 28, 2005) ("Executive Order No. 13,382"), and refers to that Executive Order for the full text thereof.

35. To the extent that paragraph 35 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits

that paragraph 35 purports to quote selectively from Executive Order No. 13,382 and refers to that Executive Order for the full text thereof.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the complaint except admits that OFAC administers various sanctions programs and refers to the regulations governing those programs for their terms and provisions.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the complaint except admits upon information and belief that OFAC has issued Foreign Assets Control Regulations for the Financial Community and refers to those regulations for the full text thereof.

38. To the extent that paragraph 38 of the complaint sets forth allegations that require a response from JPMCB, denies those allegations except admits that paragraph 38 purports to quote selectively from 31 C.F.R. § 544 and refers to those regulations for the full text thereof.

39. To the extent that paragraph 39 of the complaint sets forth purported conclusions of law, no answer is required from JPMCB, but admits that paragraph 39 purports to summarize subsection 201(a) of 31 C.F.R. § 544 and refers to those regulations for the full text thereof.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the complaint except admits that JPMCB, pursuant to its obligations under various Executive Orders and federal regulations, has from time to time reported information to OFAC indicating that JPMCB is in possession of assets that have been blocked pursuant to the provisions of such Executive Orders and regulations.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint except admits that paragraph 44 purports to quote selectively from 31 C.F.R. § 500.312 and refers to that regulation for the full text thereof.

45. Denies the allegations set forth in paragraph 45 of the complaint except admits that paragraph 45 purports to quote selectively from FSIA § 1610(g) and refers to section 1610(g) for the full text of that statutory provision.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the complaint.

53. In response to paragraph 53 of the complaint, which repeats and realleges the allegations of paragraphs 1 to 52 of the complaint, repeats and realleges its responses to those paragraphs, as set forth in paragraphs 1 to 52 of this answer, with the same force and effect as if they were set forth here in full.

54. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the complaint.

55. To the extent that paragraph 55 of the complaint sets forth purported conclusions of law, no answer is required from JPMCB.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the complaint.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the complaint.

AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

JPMCB, without assuming the burden of proof for those matters upon which plaintiffs bear such burden, for its affirmative defenses and objections in point of law, alleges as follows:

FIRST

58. Persons other than Iran or its agencies and instrumentalities may have ownership or other interests in part or all of the funds at JPMCB that are the subject of this turnover proceeding (the "Funds") which may be superior to the rights of plaintiffs, if any, to have execution against such Funds to satisfy the judgment allegedly entered in favor of plaintiffs that is referred to in paragraph 1 of the complaint (the "Judgment").

SECOND

59. The Funds consist largely or entirely of the proceeds of wire transfers that were routed through JPMCB as an intermediary bank but could not be completed because of applicable regulations promulgated and/or administered by OFAC, and so are being held in one or more blocked accounts at JPMCB. Persons other than Iran or its agencies and instrumentalities who were the originators, beneficiaries or bank participants in such wire transfers may have ownership or other interests in part or all of such Funds which may be superior to the rights of plaintiffs, if any, to have execution against such Funds to satisfy the Judgment.

THIRD

60. To the extent that the Funds are held in accounts in the name of or for the benefit of persons or entities ("persons") other than Iran or its agencies and instrumentalities, or that persons other than Iran or its agencies and instrumentalities may have been parties to or have an interest in the proceeds of wire transfers that could not be completed due to applicable regulations, such persons may be indispensable parties hereto and may have the right to receive notice of these proceedings and an opportunity

to be heard before this Court enters a judgment in this proceeding that would terminate or otherwise affect their rights in the Funds.

FOURTH

61. To the extent that plaintiffs claim that some part or all of the Funds belong to persons that are agencies or instrumentalities of Iran, or that such persons have an interest in some part or all of the Funds, such persons are indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard before this Court determines whether they are in fact agencies or instrumentalities of Iran or whether such assets are subject to execution to satisfy the Judgment.

FIFTH

62. To the extent that other persons who hold judgments against Iran based on its involvement with acts of terrorism have served restraining notices, notices of pendency, writs of execution or other process or documents upon JPMCB with respect to assets that may belong to Iran or any of its agencies or instrumentalities, such persons are indispensable parties hereto and have the right to receive notice of these proceedings and an opportunity to be heard so that this Court may determine which judgment creditors should take precedence with respect to any assets that may belong to Iran or its agencies or instrumentalities.

SIXTH

63. To the extent that plaintiffs are seeking to satisfy the Judgment from blocked assets subject to TRIA § 201, the Court should consider whether plaintiffs have established all of the elements necessary to obtain relief under that statute, including whether Iran is a "terrorist party," as that term is defined in TRIA; whether the Judgment

was on a claim based on an "act of terrorism," as that term is defined in TRIA, or for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7); whether and to what extent the Funds belong to Iran or entities that are "agencies or instrumentalities" of Iran, as those terms are used in TRIA; and whether and to what extent the Judgment is for compensatory damages, as opposed to other forms of relief.

SEVENTH

64. To the extent that plaintiffs are attempting to assert rights under FSIA § 1605A or 2008 NDAA § 1083, the Court should consider whether plaintiffs have established all of the elements and satisfied all of the conditions necessary in order to invoke the provisions of those statutes, including whether the DC Action was brought under former FSIA § 1605(a)(7) or section 589 of the Foreign Operations, Export Financing, and Related Programs Appropriations Act, 1997, prior to January 28, 2008; whether the DC Action relied upon either such provision as creating a cause of action; whether either or both of those provisions failed to create a cause of action in favor of plaintiffs against Iran; whether the DC Action was still before the courts in any form on January 28, 2008; whether plaintiffs made a motion in the DC Action, within sixty days after January 28, 2008, to have that action and the Judgment given effect as if the DC Action had originally been filed under FSIA § 1605A; and whether plaintiffs commenced another action pursuant to FSIA § 1605A, arising out of the same act or incident as the DC Action, within the time period specified in 2008 NDAA § 1083(c)(3).

EIGHTH

65. The Court should determine whether the Judgment was entered on default and if so, whether a copy must be served on Iran in the manner required by FSIA § 1608(a) in order to comply with FSIA § 1608(e) and whether that has been done.

NINTH

66. The Court should determine whether, in order to comply with the requirements of CPLR §§ 5225(b) and Rule 69 of the Federal Rules of Civil Procedure, a copy of the complaint and the accompanying exhibits must be served on Iran in the manner required by FSIA § 1608(a), or whether it is sufficient to serve such papers in the manner permitted by CPLR § 5225(b), and whether that has been done.

TENTH

67. The Court should determine whether TRIA § 201 and FSIA § 1610(c) require that the Judgment must be enforced by a writ of execution that specifically identifies the property that plaintiffs seek to levy against, whether such a writ of execution must be specifically authorized by the Court that allegedly entered the Judgment, i.e., the United States District Court for the District of Columbia and if so, whether such a writ has been so authorized and delivered to the appropriate official.

ELEVENTH

68. To the extent that other persons who hold judgments against Iran based on its involvement with acts of terrorism have served restraining notices, notices of pendency, writs of execution or other process or documents upon JPMCB with respect to assets that may belong to Iran or any of its agencies or instrumentalities, the Court should

determine whether plaintiffs' rights to the Funds are superior to the rights of the plaintiffs in those other actions.

TWELFTH

69. The Court should determine whether the complaint states a cause of action or sets forth a claim for which relief may be granted.

THIRTEENTH

70. Nothing in this Answer shall constitute a waiver of any rights of set-off that JPMCB may have against any party, person or entity.

FOURTEENTH

71. To the extent that the funds belonging to Iran and its agencies and instrumentalities that are in accounts at JPMCB and the other defendants in this proceeding exceed the amount necessary to satisfy the Judgment, this Court should allocate the amounts to be turned over by each of the defendants, and determine from which accounts the funds should be debited, in such a way that none of the defendants and none of the other affected persons is required to turn over to plaintiffs more than that defendant's or person's allocable share of the amount necessary to satisfy the Judgment.

WHEREFORE defendant JPMorgan Chase Bank, N.A. requests the entry of a judgment in this proceeding

(1) Dismissing the complaint in its entirety as against JPMorgan Chase Bank, N.A.;

(2) Awarding to JPMorgan Chase Bank, N.A. its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to JPMorgan Chase Bank, N.A. as may be just and proper.

Dated: New York, New York
October 23, 2009

LEVI LUBARSKY & FEIGENBAUM LLP

By: J. Kelley Nevling
Howard B. Levi
J. Kelley Nevling, Jr.
1085 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100

Attorneys for Defendant JPMorgan Chase Bank, N.A., improperly sued in this proceeding as "JPMorgan Chase"

TO: HOWARTH & SMITH
523 West Sixth Street, Suite 728
Los Angeles, CA 90014

Attorneys for Plaintiffs

LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, NY 10036

Attorneys for Defendant The Bank of New York Mellon, sued herein as "Bank of New York"

DAVIS WRIGHT TREMAINE LLP
1633 Broadway, 27th Floor
New York, NY 10019

Attorneys for Defendant Citibank, N.A., sued herein as "Citibank"

MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820

Attorneys for Defendant Société Générale, S.A.,
Sued herein as "Societe Generale"