UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,       :       Case No. 09 Civ. 5900 (RPP)

                Plaintiffs,       :

      -against-       :

BANK OF NEW YORK, JPMORGAN       :
CHASE, SOCIETE GENERALE and
CITIBANK,       :

                Defendants.       :
-------------------------------------------------------------x

THE BANK OF NEW YORK MELLON,       :
JPMORGAN CHASE BANK, N.A.,
SOCIÉTÉ GÉNÉRALE and       :
CITIBANK, N.A.,

                       :

                Third-Party Plaintiffs,

                       :

      -against-

                       :

THE ESTATE OF JAMES SILVIA AND LYNNE
MICHOL SPENCER, JOSEPH A. BARILE,       :
ANGELA E. BARILE, MICHAEL BARILE,
ANDREA CIARLA, ANN MARIE MOORE,
ANGELA YOAK, JOHN BECKER, THE       :
ESTATE OF ANTHONY BROWN, VARA
BROWN, JOHN BROWN, SULBA BROWN,
ROWEL BROWN, MARVINE McBRIDE,       :
LaJUANA SMITH, RODNEY E. BURNS,
JEANNIE SCAGGS, EUGENE BURNS, DAVID       :
BURNS, DANIEL CUDDEBACK, JR., JOHN R.
CUDDEBACK, DANIEL CUDDEBACK, SR.,       :
BARBARA CUDDEBACK, ROBERT DEAN,
MICHAEL EPISCOPO, RANDY GADDO,       :
PETER GADDO, TIMOTHY GADDO,
LOUISE GADDO BLATTER, THE ESTATE OF       :
WILLIAM R. GAINES, JR., MICHAEL A.
GAINES, CAROLYN SPEARS, MARK SPEARS,       :
JAMES S. SPEARS, WILLIAM R. GAINES, SR.,
EVELYN SUE SPEARS ELLIOT, CAROL       :

Received stamp: 10 MAR 22 PM 8:24 U.S. DISTRICT COURT

| | |
|---|---|
| WEAVER, THE ESTATE OF VIRGEL HAMILTON, GLORIA HAMILTON, BRUCE HASTINGS, MAYNARD HODGES, KATHY HODGES, MARY JEAN HODGES, LORETTA BROWN, CINDY HOLMES, SHANA SAUL, DANIEL JOY, SEAN KIRKPATRICK, DANIEL KREMER, JOSEPH T. KREMER, JACQUELINE STAHRR, THE ESTATE OF CHRISTINE KREMER, THE ESTATE OF THOMAS KREMER, THE ESTATE OF DAVID A. LEWIS, BETTY LEWIS, JERRY L. LEWIS, SCOTT M. LEWIS, PAUL MARTINEZ, SR., TERESA GUNTERH, ESTHER MARTINEZ PARKS, ALPHONSO MARTINEZ, DANIEL MARTINEZ, MICHAEL MARTINEZ, PAUL MARTINEZ, JR., TOMASITA L. MARTINEZ, SUSANNE YEOMAN, JOHN OPATOVSKY, THE ESTATE OF JEFFREY BRUCE OWEN, STEVEN G. OWEN, JEAN GIVENS OWEN, THE ESTATE OF MICHAEL LEE PAGE, ALBERT PAGE, JANET PAGE, JOYCE CLIFFORD, DAVID PENOSKY, JOSEPH PENOSKY, CHRISTIAN R. RAUCH, LEONARD PAUL TICE, THE ESTATE OF BURTON WHERLAND, SARAH WHERLAND, GREGORY WHERLAND, KIMMY WHERLAND, CHARLES F. WEST, CHARLES H. WEST, RICK WEST, SHARON DAVIS, ALAN C. ANDERSON, MICHAEL ANDERSON, THELMA ANDERSON, STEPHEN BOYD BLAND, ESTATE OF FRANK BLAND, RUTH ANN BLAND, JAMES BLAND, ESTATE OF LAURA VIRGINIA COPELAND, SIDNEY DECKER, IDA DECKER, DUDLEY DECKER, JOHNNIE DECKER, CAROLYN MUDD, RONALD DUPLANTY, ESTATE OF SEAN F. ESTER, KEITH ESTLER, LOUIS ESTLER, JR., MARY ELLEN ESTLER, ESTATE OF BENJAMIN E. FULLER, ELAINE ALLEN, ERNEST C. FULLER, JOHN GIBSON, HOLLY GIBSON, MAURICE GIBSON, ESTATE OF MICHAEL HASTINGS, JOYCE HASTINGS, ESTATE OF PAUL HEIN, CHRISTOPHER HEIN, JO ANN HEIN, KAREN HEIN-SULLIVAN, VICTOR J. HEIN, JACQUELINE M. KUNYSZ, ESTATE OF JOHN | : : : : : : : : : : : : : : : : |

2

DWT 14358498v1 0067486-000015

| | |
|---|---|
| HENDRICKSON, JOHN HENDRICKSON, TYSON HENDRICKSON, DEBORAH RYAN, ESTATE OF BRUCE HOLLINGSHEAD, MELINDA HOLLINGSHEAD, RENARD MANLEY, ESTATE OF MICHAEL ROBERT MASSMAN, NICOLE GOMEZ, ANGELA MASSMAN, KRISTOPHER MASSMAN, LYDIA MASSMAN, PATRICIA LOU SMITH, ESTATE OF LOUIS MELENDEZ, ZAIDA MELENDEZ, DOUGLAS JASON MELENDEZ, JOHNNY MELENDEZ, JOHNNY MELENDEZ, JR., ESTATE OF MICHAEL MERCER, SARAH MERCER, SAMUEL PALMER, ROBIN NICELY, ESTATE OF JUAN C. RODRIGUEZ, LOUISA PUNONET, ROBERT RUCKER, ESTATE OF BILLY SAN PEDRO, CESAR SAN PEDRO, SILA V. SAN PEDRO, GUILLERMO SAN PEDRO, JAVIER SAN PEDRO, THURNELL SHIELDS, EMANUEL SIMMONS, ESTATE OF JAMES SURCH, PATTY BARNETT, WILL SURCH, BRADLEY ULICK, JEANETTE DOUGHERTY, MARILYN PETERSON, ESTATE OF ERIC WALKER, TENA WALKER-JONES, RONALD E. WALKER, RONALD WALKER, JR., GALEN WEBER, ESTATE OF OBRIAN WEEKES, ANSON EDMOND, ARNOLD EDMOND, HAZEL EDMOND, WENDY EDMOND, FAITH WEEKES, IANTHE WEEKES, KEITH WEEKES, META WEEKES, ESTATE OF DENNIS LLOYD WEST, KATHY WEST, ESTATE OF JOHN WEYL, KELLY BACHLOR, ROBIN BROCK, MORGAN W. ROWAN, SHARON J. ROWAN, and NELSON WEYL, | : : : : : : : : : : : : : : |
| Third-Party Defendants. | : |

-------------------------------------------------------------x

**DEFENDANTS' AND THIRD-PARTY PLANTIFFS'
SECOND THIRD-PARTY COMPLAINT
<u>AGAINST PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN</u>**

Defendants and Third-Party Plaintiffs The Bank of New York Mellon, improperly

sued in the first above-captioned proceeding as "Bank of New York," and JPMorgan

3

Chase Bank, N.A., improperly sued in the first above-captioned action as "JPMorgan Chase," by their attorneys, Levi Lubarsky & Feigenbaum LLP; Defendant and Third-Party Plaintiff Société Générale, by its attorneys Mayer Brown LLP; and Defendant and Third-Party Plaintiff Citibank, N.A., improperly sued in the first above-captioned proceeding as "Citibank," by its attorneys Davis Wright Tremaine LLP, as their third-party complaint, allege as follows:

Nature of the Proceedings

1.     The Third-Party Plaintiffs, four banks with offices in New York City, have brought this third-party proceeding pursuant to section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), sections 1335 and 2361 of Title 28, United States Code, section 134 of the New York Banking Law and CPLR § 1006 in order to seek a determination from the Court as to the rights, if any, of the Third-Party Defendants and other interested parties with respect to certain funds being held by the Third-Party Plaintiffs in blocked accounts, as required by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury. These blocked funds include both assets held in blocked deposit accounts and the proceeds of blocked wire transfers.

2.     Upon information and belief, Plaintiffs Jeremy and Lucille Levin have recovered a judgment in the amount of $28,807,719 against the Islamic Republic of Iran ("Iran") in a separate action brought in the United States District Court for the District of Columbia entitled *Jeremy Levin, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-2494 (GKO). They have now commenced the first above-captioned proceeding to

obtain an order directing the Third-Party Plaintiffs to turn over to them any such blocked funds that belong to Iran or its agencies or instrumentalities.

3. Many other persons have brought lawsuits against Iran based on its participation in or responsibility for alleged acts of terrorism, and some such persons have recovered judgments or obtained liens against Iran. Some of these judgment creditors and plaintiffs in such other actions have purported to assert claims to, or rights with respect to, assets that belong to Iran or may be used to satisfy these judgments and claims against Iran, including the same blocked assets that Plaintiffs Jeremy and Lucille Levin are now seeking to execute against.

4. The Third-Party Plaintiffs now bring this third-party proceeding to obtain a determination as to which of the plaintiffs and which of the judgment holders in various actions against Iran who have asserted claims to or rights with respect to such blocked assets, if any, has priority with respect to the seizure of such assets to satisfy their judgments or their claims.

5. The Third-Party Plaintiffs also named the United States of America as a Third-Party Defendant in order to obtain a determination of its rights or interest, if any, in the blocked assets described above. The United States has a substantial interest in these blocked assets because the United States Department of the Treasury has promulgated the regulations pursuant to which the assets have been blocked, in order to accomplish its foreign policy and other objectives. These regulations require that the Third-Party Plaintiffs hold such assets in blocked accounts and prohibit them from disbursing those assets to any person except pursuant to a license issued by an agency of the United States.

In these circumstances the United States is an appropriate third-party defendant in this proceeding.

## The Parties

A. <u>The Third-Party Plaintiffs</u>

6. Defendant and Third-Party Plaintiff The Bank of New York Mellon is a bank chartered and operating under the laws of the State of New York with its principal place of business in the State of New York.

7. Defendant and Third-Party Plaintiff JPMorgan Chase Bank, N.A. is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

8. Defendant and Third-Party Plaintiff Société Générale is a French banking institution that has an office and a branch in the County and State of New York.

9. Defendant and Third-Party Plaintiff Citibank, N.A is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

B. <u>The Third-Party Defendants herein</u>

10. Upon information and belief, Third-Party Defendants Estate of James Silvia, and by and through its Administrator, Lynne Michol Spencer and Lynne Michol Spencer, Individually (the "Silvia Plaintiffs") are the plaintiffs in an action entitled *Re Estate of James Silvia, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-750 (RCL) (D.D.C.) that seeks a judgment against, *inter alia*, Iran. A copy of the complaint

in that action is attached hereto as Exhibit A.  Upon information and belief, the Silvia Plaintiffs are citizens of a State of the United States.

11.     Upon information and belief, Third-Party Defendants Estate of Anthony K. Brown, et al. (the "Brown Plaintiffs") are the plaintiffs in an action entitled *Re Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-531 (RCL) (D.D.C.) that seeks a judgment against, *inter alia*, Iran.  A copy of the complaint in that action is attached hereto as Exhibit B.  Upon information and belief, the Brown Plaintiffs are citizens of a State of the United States.

12.     Upon information and belief, Third-Party Defendants Estate of Stephen B. Bland, by and through its Administrator Ruth Ann Bland, et al. (the "Bland Plaintiffs") are the plaintiffs in an action entitled *Re Estate of Stephen B. Bland, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-02124 (RCL) (D.D.C.) that seeks a judgment against, *inter alia*, Iran.  A copy of the complaint in that action is attached hereto as Exhibit C.  Upon information and belief, the Bland Plaintiffs are citizens of a State of the United States.

Jurisdiction and Venue

13.     This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, that they

form part of the same case or controversy.  Upon information and belief, this Court also has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1335 because this proceeding involves money or property of the value of $500 or more in the custody or possession of each of the Third-Party Plaintiffs and there are at least two Third-Party Defendants who are of diverse citizenship.

14.     Upon information and belief, venue of this special proceeding is properly set in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b) because the Turnover Proceeding seeks to enforce a judgment that has been filed in this judicial district and the property that is the subject of this proceeding is located in this district.  Upon information and belief, venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Turnover Proceeding seeks to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

## Factual Background

15.     Upon information and belief, Jeremy and Lucille Levin (the "Levins"), the Plaintiffs in the Turnover Proceeding, were previously the plaintiffs in an action entitled *Jeremy Levin, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-2494 (GKO), which was brought in the United States District Court for the District of Columbia (the "D.C. Court") in 2005 (the "Underlying Action").  Upon information and belief, on or about February 6, 2008, the D.C. Court entered a default judgment in favor of the Levins and against, *inter alia*, Iran in the Underlying Action in the amount of $28,807,719 (the "Judgment").  Upon information and belief, the Judgment against Iran was based on findings by the D.C. Court that Jeremy Levin had been kidnapped by Hizbollah in

8

Lebanon in 1984, held prisoner for nearly a year and suffered personal injuries during his captivity and that Iran had provided material support and resources to Hizbollah to such an extent that it could be held liable for Hizbollah's actions.

16. The Judgment was registered with this Court on or about April 20, 2009, and the complaint in the Turnover Proceeding alleges that on June 19, 2009, the Levins caused a writ of execution with respect to the Judgment to be delivered to the United States Marshal's Office for the Southern District of New York.

17. On or about June 26, 2009, Plaintiffs commenced the Turnover Proceeding against the Third-Party Plaintiff banks. The complaint in the Turnover Proceeding seeks the entry of an order directing the Third-Party Plaintiffs to turn over to the Levins the following assets, to the extent the Levins can show that such assets belong to Iran or an agency or instrumentality of Iran: (a) the funds held by the Third-Party Plaintiffs in deposit accounts that have been blocked by the Third-Party Plaintiffs pursuant to Executive Orders issued by the President of the United States and regulations issued and administered by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury; and (b) the proceeds of wire transfers that were routed through one of the Third-Party Plaintiffs but halted by them pursuant to Executive Orders issued by the President of the United States and OFAC regulations (hereinafter the funds in blocked deposit accounts and the proceeds of blocked wire transfers that are the subject of the Turnover Proceeding will be referred to as the "Blocked Assets"). Upon information and belief, some of the Blocked Assets were disclosed to the Levins by OFAC in response to a subpoena served on OFAC in September 2008. A copy of the complaint in the Turnover Proceeding (except for Exhibit D & E, which contains

9

confidential information that is subject to a confidentiality stipulation and order in this action) is being served on all Third-Party Defendants with this third-party complaint.

18. Upon information and belief, the Levins contend that the Blocked Assets are subject to execution to satisfy the Judgment because, *inter alia*, they constitute "blocked assets of" Iran, or of an "agency or instrumentality of" Iran, within the meaning of TRIA § 201(a).

19. On January 11, 2010, the Court entered on Order Authorizing Third-Party Interpleader Complaints and/or Petitions by Defendants, which complaints and/or petitions were to be served on Plaintiffs by January 9, 2010 and filed with the Court no later than January 22, 2010.

20. One or more of the Third-Party Plaintiffs have been served with various documents by the Third-Party Defendants in which they purport to assert an interest in, claim to or right to assets that may belong to Iran, including but not limited to the Blocked Assets.

21. On or about January 4, 2010, Third-Party Plaintiffs filed a Third-Party Complaint Against the United States and Plaintiffs in Other Actions Against Iran, namely the United States of America and plaintiffs and/or judgment holders in the following actions: *Greenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-2148 (RCL) (D.D.C.), *Acosta, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-745 (RCL) (D.D.C.); *Peterson et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 01-2094 (RCL) (D.D.C.), *Rubin et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 01-1655 (RCL) (D.D.C.), *Bonk et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-

1273 (RCL) (D.D.C.) *Valore et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 03-1959 (RCL) (D.D.C.).

22. Since Third-Party Plaintiffs filed the above Third-Party Complaint, one or more of the Third-Party Plaintiffs have been served with various documents by additional Third-Party Defendants set forth below in which they purport to assert an interest in, claim to or right to assets that may belong to Iran, including but not limited to the Blocked Assets.

23. On March 16, 2010, the Court entered an Order authorizing Defendants to serve on Plaintiffs and file third-party complaints and/or petitions by March 22, 2010 with respect to the plaintiffs in *Estate of James Silvia*, et al., Civil Action No. 06-750 (RCL); *Estate of Stephen B. Bland*, et al., Civil Action No. 05-02124 (RCL); *Estate of Anthony K. Brown*, et al., Civil Action No. 08-531 (RCL).

24. The Silvia Plaintiffs have served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon one or more of the Third-Party Plaintiffs with respect to assets belonging to Iranian entities.

25. The Brown Plaintiffs have served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon one or more of the Third-Party Plaintiffs with respect to assets belonging to Iranian entities.

26. The Bland Plaintiffs have served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon one or more of the Third-Party Plaintiffs with respect to assets belonging to Iranian entities.

27. The Levin Plaintiffs contend that, having allegedly delivered a writ of execution with respect to the Judgment to the United States Marshal's Office for the

Southern District of New York on June 19, 2009 and commenced the Turnover Action on or about June 26, 2009, their claim to the Blocked Assets takes precedence over any claims thereto by any other person who has a judgment against Iran or an action pending against Iran.

28. The Third-Party Defendants other than the United States, who have also asserted claims to some or all of the Blocked Assets in the ways described above, may contend that the Levins' actions do not suffice to give them priority with respect to the Blocked Assets and that on all the facts and circumstances of this case, one or more of the Third-Party Defendants has a claim to the Blocked Assets that takes precedence over the Levins' claims.

29. Third-Party Defendant United States may also contend that the Levins' actions do not suffice to give them priority with respect to the Blocked Assets and that on all the facts and circumstances of this case, some or all of the Blocked Assets should remain under OFAC's control in blocked accounts held by the Third-Party Plaintiffs, may not be used to satisfy judgments against Iran and/or should be released pursuant to a valid license issued by OFAC under applicable regulations or in other circumstances when the United States determines that it is in the best interests of the United States to release the Blocked Assets in order to accomplish its foreign policy and other objectives.

FIRST CLAIM FOR RELIEF

30. Defendants and Third-Party Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 29 of this third-party complaint to the same extent as if those allegations were set forth here in full.

31. CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment," "any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

32. The Third-Party Plaintiffs are entitled to an order determining the rights, if any, of the Levins and the Third-Party Defendants in and to the Blocked Assets.

## SECOND CLAIM FOR RELIEF

33. Defendants and Third-Party Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 29 of this third-party complaint to the same extent as if those allegations were set forth here in full.

34. The Levins are asserting that their claim to be entitled to execute on the Blocked Assets to satisfy the Judgment takes precedence over any claims thereto by any other person who has a judgment against Iran or an action pending against Iran. Upon information and belief, the Third-Party Defendants have also asserted claims to the Blocked Assets that may take priority over Plaintiffs' claims to those assets.

35. The Third-Party Plaintiffs are thereby exposed to the risk of multiple and inconsistent liability with respect to the Blocked Assets.

36. The Third-Party Plaintiffs are entitled to interplead all other judgment creditors of Iran or persons pursuing lawsuits against Iran who have asserted claims to the Blocked Assets or other assets in which Iran has or may have an interest, and the United States, and obtain a determination by the Court, pursuant to Banking Law § 134, Rule 22

13

of the FRCP, 28 U.S.C. §§ 1335 and 2361 and CPLR § 1006, of the rights of all interested parties with respect thereto.

THIRD CLAIM FOR RELIEF

37. Defendants and Third-Party Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 29, 31, 32, and 34-36 of this third-party complaint to the same extent as if those allegations were set forth here in full.

38. By reason of the foregoing, the Third-Party Plaintiffs are entitled to a declaratory judgment determining their rights and the rights of the Third-Party Defendants, the Levins and others with respect to the Blocked Assets.

WHEREFORE, Defendants and Third-Party Plaintiffs respectfully request the entry of a judgment:

(1) determining their rights and the rights of each of the Third Party Defendants and other interested parties in the Blocked Assets;

(2) determining that the service made by the Third-Party Plaintiffs of this third-party complaint, the third-party summonses and other relevant documents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(3) determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Third-Party Defendants or the Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4) determining whether and to what extent each of the Blocked Assets is subject to execution to satisfy the Judgment or any other judgment in favor of any of the Third-Party Defendants against Iran;

(5) discharging the Third-Party Plaintiffs from any and all liability to the Third-Party Defendants, and to any other persons who may have claims to, or an interest in, any Blocked Assets that are turned over to the Levins or any of the Third-Party Defendants to satisfy the Judgment or any other judgment against Iran;

(6) awarding to the Third-Party Plaintiffs their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(7) awarding to the Third-Party Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
March 22, 2009

                    LEVI LUBARSKY & FEIGENBAUM LLP

                    By: /s/ Kelley Nevling
                    Howard B. Levi, Esq.
                    J. Kelley Nevling, Jr., Esq.

                    1185 Avenue of the Americas, 17th Floor
                    New York, NY  10036
                    Tel. (212) 308-6100

                    *Attorneys for Defendants and Third-Party Plaintiffs The Bank of New York Mellon and JPMorgan Chase Bank, N.A.*

                    DAVIS WRIGHT TREMAINE LLP

                    By: /s/ Sharon S.
                    Sharon L. Schneier, Esq.
                    Christopher Robinson, Esq.

                    1633 Broadway
                    New York, New York 10019
                    Tel. (212) 489-8230

                    *Attorneys for Defendant and Third-Party Plaintiff Citibank, N.A.*

                    MAYER BROWN LLP

                    By: /s/ Mark Hanchet
                    Mark G. Hanchet, Esq.
                    Christopher J. Houpt, Esq.
                    1675 Broadway
                    New York, New York 10019
                    Tel. (212) 506-2500

                    *Attorneys for Defendant and Third-Party Plaintiff Société Générale*