# EXHIBIT A


## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE ESTATE OF JAMES SILVIA  
By and through its Administrator,  
LYNNE MICHOL SPENCER  

and  

LYNNE MICHOL SPENCER, Individually  

    Plaintiffs  

    v.  

THE ISLAMIC REPUBLIC OF IRAN  
Ministry of Foreign Affairs  
Khomeini Avenue  
United Nations Street  
Tehran, Iran  

and  

THE IRANIAN MINISTRY  
OF INFORMATION AND SECURITY  
Pasdaran Avenue  
Golestan Tekom  
Tehran, Iran  

    Defendants.  

CASE NUMBER  1:06CV00750

JUDGE: Royce C. Lamberth

DECK TYPE: Personal Injury/Malpractic

DATE STAMP: 04/24/2006

## COMPLAINT

1. This action is brought by the Plaintiffs, by and through their counsel, in the individual capacity of each Plaintiff and, as appropriate, in the capacity of each as personal representative of the estate more particularly described in the caption of this action for their own benefit, for the benefit of each particular estate, and for the benefit and on behalf of all those legally entitled to assert a claim under the Foreign Sovereign Immunities Act 28 U.S.C. § 1602 et Seq., and state common law and statutory law. This Court exercises subject matter jurisdiction in accordance with the provisions of 28 U.S.C. § 1330(a), 1331, 1332(a)(2), and 1605. The Court exercises *in*

*personam* jurisdiction over the parties designated as Defendants in accordance with the provisions of 28 U.S.C. § 1605 (a)(7). Venue in this Court is proper in accordance with the provisions of 28 U.S.C. § 1391 (f)(4), which provides, in pertinent part, that a civil action against a foreign State may be brought in the United States District Court for the District of Columbia.

2. The Plaintiffs in this action consist entirely of American Nationals who were members of the United States Marine Corps, United States Navy and United States Army, the estates of such persons, and their heirs at law and legatees of such persons, who suffered injuries or died as a result of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. Members of the United States Navy and United States Army were present at the site of the occurrence in support of the 24th Amphibious Unit, either on a regular assigned basis or temporarily, on the date of the occurrence below set forth.

## THE PARTIES

3. Plaintiff, The Estate of James Silvia, an Onslow County, North Carolina estate, is represented in this action by Lynne Michol Spencer, Administratrix of said Estate. James Silvia was, at the time of the acts alleged and throughout his lifetime, an American citizen and, at the time of his death, a citizen and resident of the State of Rhode Island. James Silvia was, at all pertinent times alleged herein, a victim of "torture" who was murdered by an act of "extrajudicial killing" as defined in Section 3 of the Torture Victims Protection Act of 1991 (hereinafter "TVPA"), 28 U.S.C. 1350. He suffered "personal injury" and "death" as the result of Defendants' actions and activities as described in 28 U.S.C. § 1605(a)(7). Plaintiff, The Estate of James Silvia, by and through Lynne Michol Spencer as Administratrix, can sue and be sued in this Court.

4. Plaintiff, Lynne Michol Spencer at all times relevant hereto is and was the sister of Plaintiff, James Silvia, the wife of Stephen Spencer[1], and the Administratrix of the Estate of James Silvia. Plaintiff, Lynne Michol Spencer is a citizen of the United States of America who resides in the State of Connecticut. Plaintiff Lynne Michol Spencer can sue and be sued in this Court.

5. The Defendant, The Islamic Republic of Iran, is a foreign State which was at the time of the acts hereinafter complained of and is to present designated as a State sponsor of terrorism pursuant to Section 6(j) of the Export Administration Act of 1979, 50 U.S.C. app. § 2405(j).

6. The Defendant, The Iranian Ministry of Information and Security, is an agency of the Defendant, The Islamic Republic of Iran, whose activities included, at all times relevant to this action, the prosecution of terrorist acts directed against the Armed Forces of the United States and United States citizens, by and through material support to various terrorist organizations including the Lebanese terrorist organization known as "Hezbollah."

## FACTS

7. Hezbollah is an organization of Lebanese Muslims who are adherents of the Shia or Shiite faction of Islam. It represents itself as "an Islamic freedom fighting movement" which views any part of the Near East under the control of the State of Israel as "occupied land". It advocates the expulsion of the United States from the Near East and is committed to violent action to that end and to the termination of the existence of the State of Israel. At all times relevant to this action, Defendants gave Hezbollah extensive support, which permitted the organization to carry out a wide ranging program of terrorism against the United States and the State of Israel and a social welfare program designed to garner political support amongst the

---

[1] Stephen Spencer died as a result of injuries inflicted in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983. The Estate of Stephen Spencer is already included in 1:01-cv-02094-RCL Peterson et al v. Islamic Republic et al, an action that is pending the U.S. District Court for the District of Columbia.

3

Shiite population of Lebanon. In 1983, at the time of the acts which gave rise to this action, Hezbollah was under the complete operational control of the Defendants, through Iranian Revolutionary Guards units within Lebanon. The Shia or Shiite Community in Lebanon has been economically depressed for an extended period of time prior to the date of the occurrence and was further disadvantaged by a level of education far below that of other major groups within Lebanon. The provision of extensive economic support by the Defendants to Hezbollah was necessary for that organization to carry out a terrorist attack of the scope and technological sophistication of the attack of October 23, 1983.

8. The Mission statement of the 24th Amphibious Unit on October 23, 1983 was "to provide a presence in Beirut that would in turn help establish the stability necessary for the Lebanese government to regain control of their capital." The Unit operated under normal, peacetime rules of engagement. Their geographic position was in a reinforced concrete building at the Beirut Airport. Although there were sporadic small arms and mortar fire directed at the airport, the Unit only replied through counter-fire when receiving such attacks. There was no mission designated by the United States Government, the Lebanese Government or anyone else under which the Unit was a participant in the ongoing civil war. The building being used by the Unit gave excellent protection from small arms, mortar and artillery rounds which struck it from time to time in the months preceding October 23, 1983.

9. Acting on instructions from the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, the Iranian agents of the Defendants in operational control of Hezbollah, with high-level technical participation which would not have been available to Hezbollah in the absence of Iranian control and participation, carried out the construction of a gas-enhanced explosive force equal to 5,000 pounds of explosives. This was in

4

turn mounted in a large Mercedes truck of a type commonly seen on construction projects which had been determined by Iranian terrorist experts to have sufficient weight to crash through an outer barbed wire emplacement, yet would fit between two sandbagged sentry posts, then penetrate through an iron fence gate, climb over a sewer pipe obstruction and through a sandbag inner barrier obstruction into a passenger entry hallway into the center lobby of the building to a position at which Iranian explosive experts had calculated an explosive magnitude to be produced by the device that would collapse the structure. At approximately 6:22 am, Beirut time, on October 23, 1983 the attack was carried out exactly in the complex manner planned by the Iranian agents, producing the results which their calculations had lead them to expect. The collapse of the four-story reinforced concrete structure resulted in the deaths of approximately 241 members of the Armed Forces of the United States and injury to numerous others.

10. The actions of the agents of the Defendants as above set forth constitutes acts of torture, extrajudicial killing and the provision of material resources for them are acts as defined in Section 2339A, Title 18, United States Code.

11. The formation of Hezbollah and its emergence as a major terrorist organization was the product of direct intervention by Iranian operatives, including the Iranian Revolutionary Guards, the Defendant, the Ministry of Information and Security and Ali Akbar Mohyashemi, acting as Interior Minister of the Defendant, The Islamic Republic of Iran, and the Iranian Ambassador to Syria. The above-referred activities of Hezbollah were financed, technologically supported and commanded by Iranian military/ intelligence operatives.

COUNT I
THE ESTATE OF JAMES SILVIA
CLAIM FOR WRONGFUL DEATH
State Common Law and State Statutory Law

16. Before death, James Silvia suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of James Silvia demands judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

## COUNT III
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Public Law 104-208, Div. A, Title I, Section 101 (C) and State Common Law
(on behalf of Plaintiff Lynne Michol Spencer)

17. Plaintiff, Lynne Michol Spencer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

18. Plaintiff Lynne Michol Spencer at all times mentioned herein was the wife of Stephen Spencer and the sister of James Silvia, both of whom died as a result of the intentional acts of the Defendants, in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983.

19. The acts of the defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

20. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, Lynne Michol Spencer, being the sister of Decedent, James Silvia, and the wife of Decedent, Stephen Spencer, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lynne Michol Spencer, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian

7

12. Plaintiff, Estate of James Silvia, repeats and re-alleges each and every allegation set forth above with equal effect as if alleged herein.

13. On October 23, 1983, when the explosive device described above was detonated, James Silvia, a member of the United States Marine Corps, suffered fatal injuries. The death of James Silvia was caused by a willful and deliberate act of extra judicial killing. The Defendants, through their agents, financed the attack, planned the attack and rendered material support to the activities of Hezbollah that resulted in the death of James Silvia. Those agents were at all times acting with the scope of their agency and acted on the direction of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security.

14. As a direct and proximate consequence of the actions of the Defendants hereinabove described, for which the Defendants are vicariously, jointly and severally liable, James Silvia was murdered and suffered other damages, including, but not limited to, pecuniary loss, loss of assistance to the beneficiary, the loss of future earnings and accretions to the Estate of James Silvia, and funeral and burial expenses.

WHEREFORE, the Estate of James Silvia, demands judgment jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00) besides costs.

COUNT II
THE ESTATE OF JAMES SILVIA
SURVIVAL CLAIM
State Common Law and State Statutory Law

15. Plaintiff, Estate of James Silvia, repeats and re-alleges each and every allegation set forth with like effect as if alleged herein.

16. Before death, James Silvia suffered extreme bodily pain and suffering, as a result of the actions described above which were undertaken by the agents of the Defendants, and the Decedent hereby suffered damages in the amount of ten million dollars.

WHEREFORE, the Estate of James Silvia demands judgment, jointly and severally, against Defendants, The Islamic Republic of Iran and the Iranian Ministry of Information and Security, in the amount of TEN MILLION DOLLARS ($10,000,000.00), besides costs.

COUNT III
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS INCLUDING SOLATIUM
Public Law 104-208, Div. A, Title I, Section 101 (C) and State Common Law
(on behalf of Plaintiff Lynne Michol Spencer)

17. Plaintiff, Lynne Michol Spencer, repeats and re-alleges each and every allegation set forth above with like effect as if alleged herein.

18. Plaintiff Lynne Michol Spencer at all times mentioned herein was the wife of Stephen Spencer and the sister of James Silvia, both of whom died as a result of the intentional acts of the Defendants, in the terrorist attack upon the headquarters building of the 24th Marine Amphibious Unit in Beirut, Lebanon on October 23, 1983.

19. The acts of the defendants set forth above constitute extreme and outrageous conduct with the intent to inflict emotional distress, duress and suffering upon victims and their families.

20. As a direct consequence of the actions of the Defendants, the Islamic Republic of Iran and the Iranian Ministry of Information and Security, Lynne Michol Spencer, being the sister of Decedent, James Silvia, and the wife of Decedent, Stephen Spencer, has suffered extraordinary grief and mental anguish, and has thereby suffered damages in the amount of twenty million dollars.

WHEREFORE, Plaintiff, Lynne Michol Spencer, demands judgment on behalf of herself, jointly and severally, against the Defendants, The Islamic Republic of Iran and the Iranian

7

Ministry of Information and Security, in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), beside costs.

### COUNT IV
### PUNITIVE DAMAGES
### Public Law 104-208, Div. A, Title I, Section 101 (c)
### (on behalf of all Plaintiffs)

21. The Plaintiffs repeat and re-allege each and every allegation set forth above with like effect as if alleged herein.

22. The actions of the Defendants, carried out by their agents as described above, were malicious, willful, unlawful and in wanton disregard of life and the standards of law that govern the actions of civilized nations. The loss of life as above described was intended as a result by each Defendant. The Decedents and injured Plaintiffs were not engaged in war or in police duties. The actions of those who carried out the attack described were within the scope of their agency on behalf of the Defendants. In accordance with the provisions of Public Law 104-208, Div. A., Title I, Section 101 (C) the Estate of James Silvia decedent and each surviving plaintiff thereby entitled to punitive damages.

WHEREFORE, the Plaintiffs pray that judgment be entered, jointly and severally, against The Islamic Republic of Iran and the Iranian Ministry of information and Security, on behalf of each Plaintiff, in the amount of TWO HUNDRED AND FIFTY MILLION DOLLARS ($250,000,000.00) besides costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against the Defendants as follows:

1. Awarding Plaintiffs compensatory damages against Defendants in an amount to be determined at trial;

8

(Page 14 of 18 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

Case 1:09-cv-05900-JPO-RLE   Document 121-2   Filed 03/22/10   Page 11 of 11

2. Awarding Plaintiffs punitive or exemplary damages against Defendants according to proof at trial;

3. Awarding Plaintiffs prejudgment interest at the maximum rate allowable by law;

4. Awarding Plaintiffs their costs and disbursements and reasonable allowances of fees for Plaintiffs counsel and experts and reimbursement of expenses;

5. Leave to amend this Complaint as interests of justice may allow; and

6. Granting any and all such further relief as the Court may deem just and proper.

Dated: April 20, 2006

Washington, DC

Respectfully submitted,

_____ (# 377462)
Richard D. Heideman   20 April 2006
Noel J. Nudelman
Tracy Reichman Kalik
Heideman Nudelman & Kalik, P.C.
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
(202) 463-1818

Of Counsel:

Steven R. Perles
The Perles Law Firm
1146 19th Street, NW
Fifth Floor
Washington, DC 20036
(202) 955-9055

Thomas Fortune Fay
The Law Office of Thomas Fortune Fay
601 Pennsylvania Avenue, NW
#900 – South Building
Washington, DC 20004
(202) 638-4534
Attorneys for Plaintiffs