```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEREMY LEVIN AND DR. LUCILLE LEVIN,           :
                                              :
        Plaintiffs,                           :
                                              : Case No. 09-Civ-5900 (RPP)
v.                                            :
                                              :
BANK OF NEW YORK, et al.,                     :
                                              :
        Defendants,                           :
-------------------------------------------------------------x
THE BANK OF NEW YORK MELLON, et al.           :
                                              :
        Third-Party Plaintiffs,               :
                                              :
v.                                            :
                                              :
ESTATE OF MICHAEL HEISER, et al.,             :
                                              :
        Third-Party Defendants.               :
-------------------------------------------------------------x
```

## AMENDED ANSWER OF ESTATE OF MICHAEL HEISER ET AL. TO THIRD-PARTY COMPLAINT

Third-Party Defendants Estate of Michael Heiser, *et al*. (the "Heiser Defendants")[1], by their undersigned counsel, for their amended answer to the Third-Party Complaint against the

---

[1] The Heiser Defendants are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72)

Estate of Michael Heiser, *et al*. filed by Third-Party Plaintiffs The Bank of New York Mellon and JPMorgan Chase Bank, N.A. (the "Third-Party Complaint"), allege as follows:

## Nature of the Proceedings

1. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint; accordingly, such allegations are denied.

2. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint; accordingly, such allegations are denied.

3. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint; accordingly, such allegations are denied.

4. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint; accordingly, such allegations are denied.

## The Parties

5. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint; accordingly, such allegations are denied.

6. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint; accordingly, such allegations are denied.

---

Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

7. The Heiser Defendants admit the allegations contained in paragraph 7 of the Third-Party Complaint.

## Jurisdiction and Venue

8. Paragraph 8 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Heiser Defendants deny the allegations.

9. Paragraph 9 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Heiser Defendants deny the allegations.

## Factual Background

10. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint; accordingly, such allegations are denied.

11. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint; accordingly, such allegations are denied.

12. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint; accordingly, such allegations are denied.

13. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint; accordingly, such allegations are denied.

14. The Heiser Defendants admit the allegations contained in paragraph 14 of the Third-Party Complaint.

15. The Heiser Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint.

16. The Heiser Defendants admit the allegations contained in paragraph 16 of the Third-Party Complaint.

## FIRST CLAIM FOR RELIEF

17. The Heiser Defendants repeat and re-allege the allegations, denials and averments contained in paragraphs 1 through 16 of the Answer to the Third-Party Complaint as though fully set forth herein.

18. Paragraph 18 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Heiser Defendants deny the allegations.

19. Paragraph 19 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Heiser Defendants deny the allegations.

## SECOND CLAIM FOR RELIEF

20. The Heiser Defendants repeat and re-allege the allegations, denials and averments contained in paragraphs 1 through 19 of the Answer to the Third-Party Complaint as though fully set forth herein.

21. The Heiser Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint to the extent the allegations relate to assertions made by the Levins; accordingly, such allegations are denied.  The Heiser Defendants admit that they have asserted claims with respect to assets of Iran and its agencies and instrumentalities that they contend take priority over Plaintiffs' claims to some or all of the Blocked Assets.

22. The Heiser Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

23. Paragraph 23 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Heiser Defendants deny the allegations.

### THIRD CLAIM FOR RELIEF

24. The Heiser Defendants repeat and re-allege the allegations, denials and averments contained in paragraphs 1 through 24 of the Answer to the Third-Party Complaint as though fully set forth herein.

25. Paragraph 26 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Heiser Defendants deny the allegations.

### DEFENSES

### First Defense

The Third-Party Plaintiffs are not entitled to any relief by reason of unclean hands.

### Second Defense

The Heiser Defendants' claims are superior as a matter of law.

### Third Defense

The Plaintiffs and other Third-Party Defendants' writs are defective as a matter of law.

### Fourth Defense

The Heiser Defendants incorporate the counterclaims asserted herein by reference.

The Heiser Defendants reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

5
EAST\43041948.3

**WHEREFORE**, the Heiser Defendants respectfully request that the Court enter judgment in their favor and against the Third-Party Plaintiffs dismissing the Third-Party Complaint with prejudice and awarding them costs, and such other relief as the Court deems appropriate.

## AMENDED COUNTERCLAIMS

26.     By and for their Counterclaims against certain Third-Party Plaintiffs in the underlying action, the Heiser Defendants allege as follows:

### Parties

27.     The Heiser Defendants are judgment creditors in two (2) cases entitled *Estate of Michael Heiser, et al v. Islamic Republic of Iran, et al.*, civil action no. 00-2329 (RCL) (D.D.C.) and *Estate of Millard D. Campbell, et al. v. Islamic Republic of Iran, et al.*, civil action no. 01-2104 (RCL) (D.D.C.).  The Heiser Defendants are the family members and the personal representatives of the estates of 17 of the 19 United States Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Saudi Arabia.

28.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon ("BNYM") is a bank chartered and operating under the laws of the State of New York with its principal place of business in the State of New York.

29.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant JPMorgan Chase Bank, N.A. ("JPMCB") is a national banking association organized and existing under the laws of the United States of America, with its main office in the State of Ohio, with offices and branches in the County and State of New York.  (BNYM and JPMCB, collectively, the "Counterclaim Defendants").

Jurisdiction and Venue

30. This Court has subject-matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. §§ 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1601, *et seq*. (the "FSIA") and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) (the "TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy.  This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331, 1963.

31. Venue exists in this Court pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district.  Venue also exist in this county and judicial district pursuant to CPLR § 5221(a)(4) because the judgment that Heiser Defendants seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

Facts Common to All Counterclaims

32. The Heiser Defendants hold an unsatisfied judgment pursuant to 28 U.S.C. § 1605A in the amount of $591,089,966.00 (the "Judgment") against judgment debtors the Islamic Republic of Iran, the Iranian Ministry of Information & Security ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC"), and any agencies or instrumentalities thereof (collectively, "Iran").  The Judgment consists of $291,089,966.00 in compensatory damages and $300,000,000.00 in punitive damages.

33. Iran is a state-sponsor of terrorism and therefore, a terrorist party.

7

34. The Judgment arises out of an act of terrorism.

35. The Heiser Defendants registered the Judgment with the United States District Court for the Southern District of New York on September 8, 2008 (the "Recorded Judgment").

36. In addition, on November 19, 2009, the Heiser Defendants filed a Notice of Lis Pendens in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1605A(g) (the "Lis Pendens").

37. Based on, *inter alia*, the Recorded Judgment and Lis Pendens, the Heiser Defendants hold a lien upon any real property or tangible personal property of Iran (1) located within the judicial district; (2) subject to attachment in aid of execution, or execution under 28 U.S.C. § 1610; and (3) titled in the name of Iran (as defined above) or any of the entities listed in the Lis Pendens. *See* 28 U.S.C. § 1605A(g)(1)(A)-(C); 28 U.S.C. § 1610(a); 28 U.S.C. § 1610(g). In addition, pursuant to 28 U.S.C. § 1610(g), the Heiser Defendants are entitled to execute against assets of not only Iran and its agencies and instrumentalities, but also third parties that are separate juridical entities or is an interest held directly or indirectly in a separate juridical entity (collectively, the "Judgment Debtors"). Therefore, under § 1610(g), the Heiser Defendants are entitled to attach assets that belong to third-parties in which the Judgment Debtors have an interest.

38. The Third-Party Complaint alleges that the Third-Party Plaintiffs, including the Counterclaim Defendants herein, are holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury. As alleged, these blocked funds include both assets held in blocked deposit accounts and the proceeds of blocked wire transfers.

39. Upon information and belief, these blocked funds, in whole or in part, belong, are owed to, or held for the benefit of Iran, its agencies or instrumentalities, or third parties that are

separate juridical entities or is an interest held directly or indirectly in a separate juridical entity (the "Iranian Blocked Assets").

First Counterclaim

40. The Heiser Defendants repeat and reallege the allegations contained in paragraphs 26 through 41 as if set forth herein.

41. The Heiser Defendants are judgment creditors of Iran.

42. The Heiser Defendants are entitled to enforce the Judgment against all assets in which the Judgment Debtors have an interest.

43. Upon information and belief, the Counterclaim Defendants are in possession or custody of money or other personal property in which the Judgment Debtors have an interest, including, but not limited to the Iranian Blocked Assets.

44. Based on the foregoing and pursuant to 28 U.S.C. §§ 1605A, 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Heiser Defendants are entitled to a turnover of personal and, if applicable, real property of the Judgment Debtors in an amount not to exceed $591,089,966.00, plus post-judgment interest, from the Counterclaim Defendants.

WHEREFORE, the Heiser Defendants respectfully demand judgment in their favor and against the Counterclaim Defendants:

(a) requiring the Counterclaim Defendants BNYM and JPMCB to turn over real and personal property of the Judgment Debtors in an amount not to exceed $591,089,966.00, plus post-judgment interest; and

(b) granting such further relief as the Court deems just and proper.

Second Counterclaim

45. The Heiser Defendants repeat and reallege the allegations contained in paragraphs 26 through 47 as if set forth herein.

46. A "Blocked Asset" is defined under Section 210(d)(2)(A) of the TRIA as "any asset seized or frozen by the United States under section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)) or under sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701; 1702)."

47. Upon information and belief, the Counterclaim Defendants are in possession of the Iranian Blocked Assets which consist of assets of the Judgment Debtors that have been blocked pursuant to, *inter alia*, section 5(b) of the Trading with the Enemy Act, 50 U.S.C. App. § 5(b) and/or sections 202 and 203 of the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701, 1702.

48. The Iranian Blocked Assets are subject to execution or attachment in aid of execution in order to satisfy the Judgment pursuant to Section 201 of the TRIA, which provides in relevant part that:

> (a) IN GENERAL – Notwithstanding any other provision of law, and except as provided in subsection (b), in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

49. The Judgment was obtained against Iran for a terrorist act for which it is not immune pursuant to 28 U.S.C. § 1605A, the statutory predecessor to § 1605(a)(7).

50. The Heiser Defendants are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y. C.P.L.R. §§ 5225 and 5227 and § 201 of the TRIA, conveying, assigning, and directing the turnover by the Counterclaim Defendants to the Heiser Defendants

in satisfaction of the Judgment of all blocked assets in their possession, custody or control owed to or held for the benefit of Iran.

WHEREFORE, the Heiser Defendants respectfully demand judgment in their favor and against the Counterclaim Defendants:

(a) requiring the Counterclaim Defendants BNYM and JPMCB to turn over all blocked assets, as defined under Section 201(d)(2) of the TRIA, of Iran in the Counterclaim Defendants' possession, custody, or control in an amount not to exceed $291,089,966.00, plus post-judgment interest; and

(b) granting such further relief as the Court deems just and proper.

11

EAST\43041948.3

Dated: New York, New York             /s/
       July 6, 2010                     Cary B. Samowitz
                                           DLA Piper LLP (US)
                                           1251 Avenue of the Americas, 27th Floor
                                           New York, New York  10020-1104
                                           Telephone:  212-335-4659
                                           Facsimile:  212-884-8459
                                           cary.samowitz@dlapiper.com

                                           and

                                           Richard M. Kremen (Md. Fed. Bar No. 00532)
                                           Dale K. Cathell (Md. Fed. Bar No. 26924)
                                           David B. Misler (Md. Fed. Bar No. 28828)
                                           DLA PIPER LLP (US)
                                           6225 Smith Ave.
                                           Baltimore, MD 21209
                                           Telephone:  410-580-3000
                                           Facsimile:  410-580-3001
                                           Richard.kremen@dlapiper.com
                                           Dale.cathell@dlapiper.com
                                           David.misler@dlapiper.com

                                           *Attorneys for Third-Party Defendants Estate of Michael Heiser, et al. and the Estate of Millard D. Campbell, et al.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEREMY LEVIN AND DR. LUCILLE LEVIN,            :
                                                :
      Plaintiffs,                             :
                                                : Case No. 09-Civ-5900 (RPP)
v.                                              :
                                                :
BANK OF NEW YORK, *et al.*,                     :
                                                :
      Defendants,                             :
-------------------------------------------------------------x
THE BANK OF NEW YORK MELLON and                 :
JPMORGAN CHASE BANK, N.A.                       :
                                                :
      Third-Party Plaintiffs,                 :
                                                :
v.                                              :
                                                :
ESTATE OF MICHAEL HEISER, *et al.*,             :
                                                :
      Third-Party Defendants.                 :
-------------------------------------------------------------x

## CERTIFICATE OF SERVICE

      I, Cary B. Samowitz, Esq., an attorney admitted to practice in the State of New York and before this Court, under penalty of perjury, certify that on the 6th day of July, 2010, true and correct copies of the *Amended Answer of the Estate of Michael Heiser et al., to Third-Party Complaint* were provided to the persons listed in the attached Service List, by the Court's CM/ECF electronic filing notification,

      In addition, a copy of the *Answer of the Estate of Michael Heiser et al., to Third-Party Complaint* was sent to the following parties by First Class Mail International:

                      ISLAMIC REPUBLIC OF IRAN
                      Ministry of Foreign Affairs
                      Khomeini Avenue
                      United Nations Street
                      Tehran, Iran

                      THE IRANIAN MINISTRY OF
                      INFORMATION AND SECURITY
                      Pasdaran Avenue
                      Golestan Yekom
                      Tehran, Iran

THE IRANIAN ISLAMIC REVOLUTIONARY
GUARD CORPS
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

GOVERNMENT OF IRAN
Ministry of Foreign Affairs
Khomeini Avenue
United Nations Street
Tehran, Iran

ISLAMIC REPUBLIC OF IRAN DEFENSE MINISTRY
Pasdaran Avenue
Golestan Yekom
Tehran, Iran

ISLAMIC REPUBLIC OF IRAN DEFENSE MINISTRY
c/o Embassy of Pakistan
Iranian Interest Section
2209 Wisconsin Avenue, NW
Washington, DC 20007

ISLAMIC REPUBLIC OF IRAN DEFENSE MINISTRY
c/o Saeid B. Amini, Esq.
Attorney At Law
1962 Warrensville Center Road
Cleveland, Ohio 44121


Dated: New York, New York                /s/
       July 6, 2010              Cary B. Samowitz
                                 DLA Piper LLP (US)
                                 1251 Avenue of the Americas, 27th Floor
                                 New York, New York  10020-1104
                                 Telephone:  212-335-4659
                                 Facsimile:  212-884-8459
                                 cary.samowitz@dlapiper.com

                                 *Attorneys for Third-Party Defendants Estate of
                                 Michael Heiser, et al.*

## SERVICE LIST

Don Howarth
Suzelle M. Smith
Kathryn Lee Crawford
Howarth and Smith (LA)
523 West Sixth Street, Suite 728
Los Angeles , CA 90014
nkhoury@howarth-smith.com
ssmith@howarth-smith.com

Howard B. Levi
J. Kelley Nevling , Jr
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York , NY 10036
hlevi@llf-law.com
knevling@llf-law.com

Jeffrey Lance Nagel
Terry Alan Myers
Gibbons P.C. (NY)
One Pennsylvania Plaza, 37th Floor
New York , NY 10119
tmyers@gibbonslaw.com
ckaplan@gibbonslaw.com
jnagel@gibbonslaw.com
lduignan@gibbonslaw.com
psaso@gibbonslaw.com

Liviu Vogel
Salon Marrow Dyckman Newman Broudy LLP
292 Madison Ave, 6th floor
New York , NY 10017
lvogel@salonmarrow.com

Mark Hanchet
Christopher James Houpt
Mayer Brown LLP
1675 Broadway
New York , NY 10019
mhanchet@mayerbrown.com
jmarsala@mayerbrown.com
choupt@mayerbrown.com

Robert Joseph Tolchin
Robert J. Tolchin, Esq.,
225 Broadway
24th Floor
New York , NY 10007
Rjt@tolchinlaw.com

Jonathan G. Kortmansky
Sullivan & Worcester LLP
1290 Avenue of the Americas
New York , NY 10104
jkortmansky@sandw.com
mstein@sandw.com
rlombardo@sandw.com
fvelie@sandw.com

George F. Hritz
Hogan & Hartson LLP
875 Third Avenue
New York , NY 10022
George.hritz@hoganlovells.com
Marie.ferrara@hoganlovells.com
Tu.nguyen@hoganlovells.com

EAST\43041948.3

John Joseph Hay
Salans
620 Fifth Avenue
New York , NY 10020
jhay@salans.com
cblackwell@salans.com
dgerlach@salans.com
apabona@salans.com

George Michael Chalos
Kerri Marie D'Ambrosio
Chalos & Co., P.C.
123 South Street
Oyster Bay , NY 11771
gmc@chaloslaw.com

Sharon L. Schneier, Esq.
Christopher J. Robinson
Davis, Wright, Tremaine, LLP
1633 Broadway
27th Floor
New York, NY  10019-6708
sharonschneier@dwt.com
meganduffy@dwt.com
chrisrobinson@dwt.com

Curtis Campbell Mechling
Jeremy Sage Rosof
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York , NY 10038
cmechling@stroock.com
jrosof@stroock.com

Noel J. Nudelman
Heideman Nudelman and Kalik, PC
1146 19TH STREET, NW
5th Floor
Washington, DC 20036
njnudelman@hnklaw.com
trkalik@hnklaw.com