UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :    09 Civ. 5900 (RPP)

        Plaintiffs,    :

    -against-    :

BANK OF NEW YORK, et al.,    :

        Defendants.    :
------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,    :
:
    Third-Party Plaintiffs,    :

    -against-    :

STEVEN M. GREENBAUM, et al.,    :

    Third-Party Defendants.    :
------------------------------------------------------------x

**ANSWER OF THIRD-PARTY PLAINTIFF THE BANK OF NEW YORK MELLON TO AMENDED COUNTER-CLAIMS OF THIRD-PARTY DEFENDANTS ESTATE OF <u>MICHAEL HEISER ET AL.</u>**

        Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon ("BNYM"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the Amended Counterclaims asserted by Third-Party Defendants Estate of Michael Heiser, et al. (the "Heiser Parties"), in their "Amended Answer of Estate of Michael Heiser et al. to Third-Party Complaint" dated July 6, 2010 (the "Counterclaims"), states as follows:

        1.      Paragraph 26 of the Counterclaims contains no allegations and so requires no answer.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Counterclaims.

    3.    Admits the allegations of paragraph 28 of the Counterclaims.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Counterclaims.

    5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Counterclaims except admits that the Court has subject-matter jurisdiction over the Counterclaims on the basis of, inter alia, many of the statutes referred to in paragraph 30.

    6.    Admits the allegations of paragraph 31 of the counterclaims.

    7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Counterclaims.

    8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Counterclaims.

    9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Counterclaims.

    10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Counterclaims.

    11,    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Counterclaims.

    12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Counterclaims.

    13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Counterclaims except admits that BNYM is holding certain funds, consisting of the proceeds of blocked wire transfers,

in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Counterclaims.

15. In response to paragraph 40 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 14 of this Answer as if set forth here in full.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Counterclaims.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Counterclaims.

20. In response to paragraph 45 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 19, 21 and 22 of this Answer as if set forth here in full.

21. Denies each and every allegation set forth in paragraph 46 of the Counterclaims except admits that paragraph 46 quotes part of the definition of the term "blocked asset" in section 201(d) of the Terrorism Risk Insurance Act of 2002, printed

following 28 U.S.C. § 1610 ("TRIA"), and refers to that statute for the full definition of the term.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Counterclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Counterclaims except admits that paragraph 48 quotes part of TRIA § 201 and refers to that statute for the full text of section 201.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Counterclaims.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Counterclaims.

<u>AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW</u>

BNYM, without assuming the burden of proof for those matters upon which the Heiser Parties bear such burden, for its affirmative defenses and objections in point of law, alleges as follows:

<u>FIRST AFFIRMATIVE DEFENSE</u>

26. Persons and entities ("persons") other than the Islamic Republic of Iran ("Iran") or its agencies and instrumentalities, including (a) persons who were the originators, beneficiaries or bank participants in wire transfers that were blocked pursuant to OFAC regulations for which BNYM is holding the proceeds, (b) persons alleged to be agencies or instrumentalities of Iran and (c) other judgment creditors of Iran or of any other person held liable in the Judgment (Iran and such other persons held liable in the

Judgment will be collectively referred to as the "Heiser Judgment Debtors") who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by BNYM that are the subject of the Counterclaims that may be superior to the rights of the Heiser Parties, if any, to have execution against such funds and assets to satisfy the alleged judgment or judgments referred to in paragraphs 27, 31, 32, 34, 35, 37, 41, 42, 48 and 49 of the Counterclaims (the "Judgment").

## SECOND AFFIRMATIVE DEFENSE

27. Persons other than the Heiser Parties, including (a) persons who were the originators, beneficiaries or bank participants in blocked wire transfers for which BNYM is holding the proceeds, (b) persons alleged to be agencies or instrumentalities of Iran and (c) other judgment creditors of any of the Heiser Judgment Debtors who have served writs of execution or other forms of process or notice of their claim, may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure or applicable provisions of state law and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights.

## THIRD AFFIRMATIVE DEFENSE

28. The proceeds of blocked wire transfers and funds in blocked deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, the Heiser Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a Court pursuant to TRIA § 201 after a determination that the party seeking to execute

on such assets has established all of the elements of a claim under TRIA § 201(a) and that such assets are subject to execution thereunder.

### FOURTH AFFIRMATIVE DEFENSE

29.   The Court has ruled, in orders entered on June 10 and June 28, 2010, that the scope of the claims to be adjudicated in this proceeding, including any counterclaims, is limited to the property, funds and assets specified in those orders.

### FIFTH AFFIRMATIVE DEFENSE

30.   The Court should determine whether the Judgment was entered on default and if so, whether a copy must be served on Iran or any of the Heiser Judgment Debtors in the manner required by section 1608(a) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), in order to comply with FSIA § 1608(e), and whether such service has been made.

### SIXTH AFFIRMATIVE DEFENSE

31.   The Court should determine whether, in order to comply with the requirements of CPLR §§ 5225(b) and 5227 and Rule 69 of the Federal Rules of Civil Procedure, a copy of the Counterclaims must be served on Iran or any of the Heiser Judgment Debtors, or on any of Iran's alleged agencies and instrumentalities, in the manner required by FSIA § 1608 and whether such service has been made.

### SEVENTH AFFIRMATIVE DEFENSE

32.   The Court should determine whether TRIA § 201 and FSIA § 1610(c) require that the Judgment must be enforced by a writ of execution that is authorized in advance by the Court that entered the Judgment, whether such writ of

execution must identify the property or indebtedness to be executed against with specificity and whether those requirements have been met.

### EIGHTH AFFIRMATIVE DEFENSE

33. Sections 1609 and 1610 of the FSIA limit the Heiser Parties to enforcing the Judgment against property in the United States.

### NINTH AFFIRMATIVE DEFENSE

34. The Court should determine whether the Counterclaims state a cause of action or set forth a claim for which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE

35. Nothing in this Answer shall constitute a waiver of any rights of set-off that BNYM may have against any party, person or entity.

### ELEVENTH AFFIRMATIVE DEFENSE

36. To the extent that the value of the property, funds and assets subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by each of the Defendants in this proceeding and determine which property, funds and assets held by of for which persons should be turned over, in such a way that none of the Defendants and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Third-party Plaintiff and Counterclaim Defendant The Bank of New York Mellon requests the entry of a judgment in this proceeding

(1) Dismissing the Counterclaims in their entirety as against The Bank of New York Mellon;

(2) Awarding to The Bank of New York Mellon its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to The Bank of New York Mellon as may be just and proper.

Dated: New York, New York
       July 23, 2010

                        LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
     Howard B. Levi
     J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100

*Attorneys for Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon*