UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, and CITIBANK,<br><br>　　　　　Defendants.<br><br>─────────────────────────<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE and CITIBANK, N.A.,<br><br>　　　　　Third-Party Plaintiffs,<br><br>　　v.<br><br>STEVEN GREENBAUM et al.,<br><br>　　　　　Third-Party Defendants. | **Civil Action No. 09-cv-5900 (RPP)**<br><br>**ECF Case** |

## ANSWER OF SOCIÉTÉ GÉNÉRALE TO COUNTERCLAIMS OF <u>PETERSON JUDGMENT CREDITORS</u>

Third-party plaintiff Société Générale, by its attorneys, Mayer Brown LLP, as its answer to the counterclaims asserted by third-party defendants Deborah D. Peterson *et al.* (the "Peterson Parties") in their Amended Answer dated July 8, 2010, states as follows:

1. On information and belief, Société Générale admits the allegations in Paragraph 1.

2. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 2.

3. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 3.

4. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 4.

5. Société Générale admits the allegations in Paragraph 5.

6. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 6.

7. Société Générale denies the allegations in Paragraph 7 and refers all questions of law to the Court.

8. Société Générale denies the allegations in Paragraph 8 and refers all questions of law to the Court.

9. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 9 and refers all questions of law to the Court.

10. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 10.

11. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 11.

12. Société Générale denies the allegations in Paragraph 12 and refers the Court to the Third-Party Complaint.

13. Société Générale denies the allegations in Paragraph 13.

First Counterclaim

14. Société Générale repeats its responses to Paragraphs 1 through 13 as if set forth herein.

15. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 15.

16. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 16 and refers all questions of law to the Court.

17. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 17.

18. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 18 and refers all questions of law to the Court.

Second Counterclaim

19. Société Générale repeats its responses to Paragraphs 1 through 18 as if set forth herein.

20. Société Générale admits that Paragraph 20 contains a partial quotation from the TRIA and refers all questions of law to the Court.

21. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 21 and refers all questions of law to the Court.

22. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 22 and refers all questions of law to the Court.

23. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 23 and refers all questions of law to the Court.

24. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 24 and refers all questions of law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

The Peterson Parties have no legal interest in any blocked assets held at Société Générale.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the Peterson Parties do have an interest in assets held at Société Générale, other persons may have interests that are superior to any rights of the Peterson Parties.

## THIRD AFFIRMATIVE DEFENSE

To the extent that persons other than the Peterson Parties have interests of any kind in any assets that are the subject of this dispute, those persons are indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the assets belonging to Iran and its agencies or instrumentalities that are in the possession of the counterclaim defendants exceed the amount necessary to satisfy the Peterson Parties' judgment, this Court should allocate the amounts to be turned over to each of the defendants and determine from which accounts the funds should be debited in such a way that Société Générale is not required to turn over more than its allocable share.

## FIFTH AFFIRMATIVE DEFENSE

SG is entitled to collect the reasonable costs and attorneys' fees incurred in this action from the corpus of the disputed funds.

## RESERVATION OF RIGHTS

Société Générale reserves its right to supplement its answer with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having responded to the counterclaims and asserted affirmative defenses, Société Générale respectfully requests that this Court enter an order as requested in the Third-

Party Complaint and dismissing the counterclaims with prejudice, and granting Société Générale any additional equitable and other relief that the Court deems just and proper under the circumstances.

Dated: New York, New York
July 26, 2010

                                    MAYER BROWN LLP

By: /s/Christopher J. Houpt
     Mark G. Hanchet
     Christopher J. Houpt
     1675 Broadway
     New York, New York  10019
     (212) 506-2500

*Attorneys for Defendant and Interpleader Plaintiff Société Générale*