UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------- x

JEREMY LEVIN and DR. LUCILLE LEVIN,

           Plaintiffs,

           - against -

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE, and
CITIBANK,

           Defendants.

Case No. 09 Civ. 5900 (RPP)

------------------------------------------------------------- x

THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE BANK, N.A., SOCIETE
GENERALE and CITIBANK, N.A.,

           Third-Party Plaintiffs,

           - against -

STEVEN M. GREENBAUM, STEVEN M.
GREENBAUM (as administrator of the estate of
JUDITH GREENBAUM), ALAN D.
HAYMAN, SHIRLEE HAYMAN, *et al.*,

           Third-Party Defendants.

------------------------------------------------------------- x

## CITIBANK, N.A.'S ANSWER TO COUNTERCLAIMS
## OF PETERSON THIRD PARTY DEFENDANTS

Defendant/Third-Party Plaintiff Citibank, N.A. ("Citi"), by its undersigned attorneys, Davis Wright Tremaine LLP, submits its answer to the counterclaims asserted by third-party defendants Deborah D. Peterson, *et al.*, (the "Peterson Parties") in their amended answer to the third-party complaint, dated July 8, 2010 and states as follows:

### COUNTERCLAIMS

1.      States that to the extent that the allegations contained in Paragraph 1 of the Counterclaims set forth allegations that require a response from Citi, it denies knowledge and

information sufficient to form a belief as to the truth of the allegations therein, except to the extent indicated below.

## Parties

2.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Counterclaims, except states that a judgment was entered in the case entitled *Deborah D. Peterson, Personal Representatives of the Estate of James C. Knipple (Dec.) et. al. vs. Islamic Republic of Iran, et al.* in the United States District Court, District of Columbia.

3.  Admits the allegations in Paragraph 3 of the Counterclaims.

4.  Admits the allegations in Paragraph 4 of the Counterclaims.

5.  Admits the allegations in Paragraph 5 of the Counterclaims.

6.  Admits the allegations in Paragraph 6 of the Counterclaims.

## Jurisdiction and Venue

7.  States that the allegations contained in Paragraph 7 of the Counterclaims constitute legal conclusions to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that the Court has subject matter jurisdiction over the Counterclaims pursuant to, *inter alia*, the principles of supplemental jurisdiction set forth in 28 U.S.C. § 1367.

8.  States that the allegations contained in Paragraph 8 of the Counterclaims constitute legal conclusions to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

## Allegations Common to All Counterclaims

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Counterclaims, except admits on information and belief that the Peterson Parties obtained a judgment pursuant to 28 U.S.C. § 1605(a)(7) against judgment debtors the Islamic Republic of Iran, *et al.* (the "Peterson Judgment").

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Counterclaims.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Counterclaims.

12. To the extent that Paragraph 12 of the Counterclaims sets forth allegations that require a response from Citi, it refers to the Third-Party Complaint for a true and complete recitation of the contents thereof as well as various orders of the Court that set forth the assets that are at issue in this litigation.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Counterclaims.

## FIRST COUNTERCLAIM

14. In response to the allegations contained in Paragraph 14 of the Counterclaims, Citi incorporates its responses to paragraphs 1 through 13 of the Counterclaims as though fully set forth herein.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Counterclaims, except admits on information and belief that the Peterson Parties obtained the Peterson Judgment.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Counterclaims.

17.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Counterclaims, except admits that Citi holds certain assets blocked pursuant to Executive Orders issued by the President of the United States and blocking regulations promulgated by the Office of Foreign Assets ("OFAC") of the United States Department of the Treasury, which regulations require the blocking of transactions in respect of which various entities designated from time to time by OFAC as Specially Designated Nationals ("SDNs"), and refers to those Orders and regulations for a true and complete recitation of the contents thereof.

18.     States that the allegations contained in Paragraph 18 of the Counterclaims constitute legal conclusions as to which no response is required, and refers to the statutes and rules cited in Paragraph 18 for a true and complete recitation of the contents thereof.

## SECOND COUNTERCLAIM

19.     In response to the allegations contained in paragraph 19 of the Counterclaims, Citi incorporates its responses to paragraphs 1 through 18 of the Counterclaims as though fully set forth herein.

20.     Admits that the language cited in Paragraph 20 of the Counterclaims appears in the Section 201(a) of the Terrorism Risk Insurance Act and refers to that Section of that Act for a true and complete recitation of the contents thereof.

21.     States that the allegations contained in Paragraph 21 of the Counterclaims constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

22.     States that the allegations contained in Paragraph 22 of the Counterclaims constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

23.     States that the allegations contained in Paragraph 23 of the Counterclaims constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

24.     States that the allegations contained in Paragraph 24 of the Counterclaims constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## AFFIRMATIVE DEFENSES

Citi, without assuming the burden of proof for those matters upon which the Peterson Parties bear such burden, for its affirmative defenses alleges as follows:

## FOR ITS FIRST AFFIRMATIVE DEFENSE

25.     Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets blocked by Citi that are the subject of this action (the "Blocked Assets"), as defined by the Court in various orders, and in the Counterclaims, which may be superior to the rights, if any, of the Peterson Parties to enforce their judgment against the Blocked Assets. Pursuant to the Court's orders, the scope of the claims to be adjudicated in this proceeding is limited to the property, funds and assets specified in those orders.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

26. The Blocked Assets sought by the Peterson Parties in this action include wire transfers that were routed through Citi as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations promulgated and/or administered by OFAC and are being held in blocked accounts at Citi. Citi simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations. New York law may preclude the attachment and turnover of some or all of the blocked wire transfers. *See Export-Import Bank of the United States v. Asia Pulp & Paper Company, Ltd., et al.*, 2010 U.S. App. LEXIS 12748 (2d Cir. June 22, 2010); *The Shipping Corp. of India Ltd. v. Jaldi Overseas Pte Ltd.*, 585 F.3d 58, 70-71 (2d Cir. 2009), *cert denied*, 2010 U.S. LEXIS 2362 (U.S. Mar. 22, 2010); N.Y. UCC § 4-A (McKinney's 2002).

## FOR ITS THIRD AFFIRMATIVE DEFENSE

27. The Blocked Assets sought by the Peterson Parties in this action may be subject to competing and/or superior claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served notices of restraint or attachment or other forms of process or notice of their claims, including but not limited to judgment holders or plaintiffs in *Levin v. Islamic Republic of Iran,* Case No. 05-2494 (D.D.C.); *Acosta, v. Islamic Republic of Iran*, Case No. 06-745 (D.D.C.); *Greenbaum v. Islamic Republic of Iran,* Case No. 02-2148 (D.D.C.); *Rubin v. Islamic Republic of Iran*, Case No.01-1655 (D.D.C.); *Valore v. Islamic Republic of Iran,* Case No. 03-1959 (D.D.C.); *Bonk v. Islamic Republic of Iran*, Case No. 08-1273 (D.D.C.); *Estate of James Silvia v. Islamic Republic of Iran*, Case No. 06-750 (D.D.C.); *Estate of Anthony K. Brown v. Islamic Republic of Iran*, Case No. 08-531 (D.D.C.); and *Estate of Stephen B. Bland v. Islamic Republic of Iran*, Case No. 05-2124 (D.D.C.).. One or more of these judgment holders have

already served writs of execution and/or restraining orders on Citi prior to this action and/or have served an answer to the third-party complaint served on them in this action.

### FOR ITS FOURTH AFFIRMATIVE DEFENSE

28.     To the extent the Peterson Parties seek assets in this action that are located outside the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States." *See Aurelius Capital Partners, LP v. The Republic of Argentina*, 584 F.3d 120, 129-30 (2d Cir. 2009), *cert. denied*, 2010 U.S. LEXIS 1910 (U.S. Mar. 1, 2010) ("section 1610(a) . . . authorizes execution against property of a foreign state located in the United States").

### FOR ITS FIFTH AFFIRMATIVE DEFENSE

29.     To the extent that the Peterson Parties seek to enforce their rights under TRIA § 201, the Peterson Parties must establish all of the elements necessary to obtain relief under that statute.

### FOR ITS SIXTH AFFIRMATIVE DEFENSE

30.     To the extent that the Peterson Parties seek to enforce their rights under Section 1605(a) of FSIA, the Peterson Parties must establish all of the elements necessary to obtain relief under that statute.

### FOR ITS SEVENTH AFFIRMATIVE DEFENSE

31.     The Court should determine whether, in order to comply with the requirements of CPLR §§ 5225(b) and Rule 69 of the Federal Rules of Civil Procedure, a copy of the Counterclaims must be served on Iran in the manner required by FSIA § 1608(a), or whether it is sufficient to serve such papers in the manner permitted by CPLR § 5225(b), and whether proper service has been made upon Iran.

### FOR ITS EIGHTH AFFIRMATIVE DEFENSE

32. The Court should determine whether the Counterclaims state a cause of action or set forth a claim for which relief may be granted.

### FOR ITS NINTH AFFIRMATIVE DEFENSE

33. Nothing in this Answer shall constitute a waiver of any rights of set-off that Citi may have against any party, person or entity.

### FOR ITS TENTH AFFIRMATIVE DEFENSE

34. To the extent that the assets belonging to Iran and its agencies and instrumentalities that are in accounts at Citi and at the other defendants and third-party plaintiffs in this proceeding exceed the amount necessary to satisfy the Peterson Judgment or any other judgments awarded in this case, this Court should allocate the amounts to be turned over by each of the defendants, and determine from which accounts the funds should be debited, in such a way that none of the defendants and none of the other affected persons is required to turn over more than that defendant's or person's allocable share of the amount necessary to satisfy the Peterson Judgment or any other judgments.

### FOR ITS ELEVENTH AFFIRMATIVE DEFENSE

35. Pursuant to the Weapons of Mass Destruction Proliferators Sanctions Regulations (31 C.F.R. §§ 544.101 et seq.) and the Global Terrorism Sanctions Regulations (31 C.F.R. §§ 594.101 *et seq.*) (collectively the "Regulations"), and designations issued by OFAC thereunder, and the various Executive orders underlying those regulations, Citi is and has been prohibited from transferring any property and assets held in which any person designated under the Regulations has an interest, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by the Court pursuant to Section 201 of TRIA, after a determination that the party seeking turnover of or to execute on such assets has established all

of the elements of a claim under TRIA § 201(a) and that such assets are subject to execution and/or turnover. Citi therefore seeks a determination from the Court that the Peterson Parties or any party seeking to execute against such assets has established all of the elements of a claim under TRIA § 201(a) and that such party can satisfy their judgment against the Islamic Republic of Iran by attaching and obtaining a turnover of assets and/or accounts in which Iran has an interest, directly or indirectly.

WHEREFORE, Citibank, N.A. respectfully requests the entry of judgment:

(1)     determining its rights and the rights of the Peterson Parties and of all other defendants and third-party defendants in the Blocked Assets;

(2)     determining that the service made by third-party plaintiffs of the third-party complaint, the third-party summons and other relevant documents on the Peterson Parties constitutes good and sufficient service under CPLR §5239 and any other applicable provision of law;

(3)     determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Peterson Parties or the Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)     determining whether and to what extent each of the Blocked Assets is subject to execution and turnover to satisfy the Levins' judgment and/or the Peterson Judgment;

(5)     discharging Citi from any and all liability to the Peterson Parties, and any other persons who may have claims to, or an interest in, any blocked assets that are turned over to the Levins, the Peterson Parties or any other third-party defendant to satisfy the Levins' judgment or the Peterson Judgment or any other judgment against the Islamic Republic of Iran;

(6)	awarding to Citi its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(7)	awarding to Citi such other and further relief as may be just and proper.


Dated: New York, New York
July 26, 2010

                                              Respectfully submitted,

                                              DAVIS WRIGHT TREMAINE LLP

                                              By: _____
                                                    Sharon L. Schneier
                                                    Christopher J. Robinson

                                              1633 Broadway
                                              New York, New York 10019
                                              (212) 489-8230

                                              *Attorneys for Defendant/Third-Party Plaintiff Citibank, N.A.*