UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

  Plaintiffs,

 -v-

BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENRALE and CITIBANK,

       Defendants.

THE BANK OF NEW YORK MELLON,

     Third-Party Plaintiff,

  -v-



JPMORGAN CHASE BANK, N.A.,

     Third-Party Plaintiff,

  -v-

Civ. No. 09 CV 5900 (RPP)

**ANSWER OF JEREMY LEVIN AND DR. LUCILLE LEVIN TO AMENDED CROSS-CLAIMS OF THE PETERSON THIRD-PARTY DEFENDANTS**

CAPTION CONTINUED ON NEXT PAGE

10:P2377002.doc

SOCIETE GENERALE,

       Third-Party Plaintiff,

  -v-



CITIBANK, N.A.,

       Third-Party Plaintiff,

  -v-



THE BANK OF NEW YORK MELLON, JPMORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A.,

       Third-Party Plaintiffs,

  -v-

STEVEN M. GREENBAUM, et al.

       Third-Party Defendants.

Civ. No. 09 CV 5900 (RPP)

CAPTION CONTINUED ON NEXT PAGE

|  |  |
|---|---|
| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A.,<br><br>  Third-Party            Plaintiffs,<br><br> -v-<br><br>THE ESTATE OF JAMES SILVIA AND LYNNE MICHOL SPENCER, et al.,<br><br>       Third-Party Defendants. | Civ. No. 09 CV 5900 (RPP) |

### ANSWER OF JEREMY LEVIN AND DR. LUCILLE LEVIN TO AMENDED CROSS-CLAIMS OF THE PETERSON THIRD-PARTY DEFENDANTS

Plaintiffs ("Levins"), by their undersigned counsel, for their answer to the Amended Cross-Claims against Levins filed by Third-Party Defendant Deborah D. Peterson, *et al.* (the "Peterson Cross-Claims") [Dkt. No. 216], allege as follows:

<u>Nature of the Proceedings</u>

1. Paragraph 1 of the Peterson Cross-Claims requires no responsive pleading. To the extent a response is required, the Levins Plaintiffs deny the allegations contained in paragraph 1 of the Peterson Cross-Claims.

2. Paragraph 2 of the Peterson Cross-Claims requires no responsive pleading. To the extent a response is required, the Levins Plaintiffs deny the allegations contained in paragraph 2 of the Peterson Cross-Claims, and/or lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Peterson Cross-Claims; accordingly, such allegations are denied.

3. The Levins Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Peterson Cross-Claims; accordingly, such allegations are denied.

4. The Levins Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Peterson Cross-Claims; accordingly, such allegations are denied.

5. The Levins Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Peterson Cross-Claims; accordingly, such allegations are denied.

6. The Levins Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Peterson Cross-Claims; accordingly, such allegations are denied.

7. The Levins Plaintiffs deny the allegations contained in paragraph 7 of the Peterson Cross-Claims.

8. The Levins Plaintiffs deny the allegations contained in paragraph 8 of the Peterson Cross-Claims.

## DEFENSES

### First Defense

The Levins Plaintiffs' claims are superior as a matter of law.

### Second Defense

The Petersons and other Third-Party Defendants' writs are defective as a matter of law.

/ / /

/ / /

### Third Defense

The Levins Plaintiffs have superior rights to the assets in question for the reasons set forth in their Complaint and Motion for Summary Judgment and Turnover and accompanying papers filed therewith.

### Fourth Defense

The Peterson Cross-Claims fail to state a claim upon which relief may be granted.

### Fifth Defense

The Peterson Cross-Claims should be dismissed because they are defective in that the cross-claims fail to specifically identify against whom relief is sought.

The Levins Plaintiffs reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

**WHEREFORE**, the Levins Plaintiffs respectfully request that the Court enter judgment in their favor and against the Petersons dismissing the Peterson Cross-Claims with prejudice and awarding them costs, and such other relief as the Court deems appropriate.

Dated:  July 27, 2010                              HOWARTH & SMITH

                                        By:    /s/Suzelle M. Smith
                                                Suzelle M. Smith
                                                Don Howarth
                                                523 West Sixth Street, Suite 728
                                                Los Angeles, California   90014
                                                (213) 955-9400
                                                ssmith@howarth-smith.com

                                                *Attorneys for Plaintiffs*