```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____      │
│ DATE FILED: 8/6/10          │
└─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

JEREMY LEVIN, et al.,

               Plaintiffs,

     -against-

BANK OF NEW YORK, et al.,

               Defendants.

_____

Civil Action No. 09 Civ. 5900 (RPP)

STIPULATION AND ORDER

       WHEREAS, following the commencement of this proceeding, the Defendants commenced several third-party actions in accordance with Judge Patterson's orders dated January 11, 2010, March 16, 2010, and May 26, 2010 against (1) persons other than plaintiffs who had obtained judgments against the Islamic Republic of Iran ("Iran") or brought suit against Iran to recover a judgment based on Iran's alleged involvement in, or support for entities that had committed, terrorist acts, and (2) various other persons who might have or claim an interest in the blocked assets that are the subject of this proceeding; and

       WHEREAS, some or all of the Third-Party Defendants in the first category referred to above may wish to obtain discovery, documents and/or information from Plaintiffs, Defendants or other sources regarding various bank accounts, the proceeds of various wire transfers, the parties to those accounts and wire transfers, and a variety of other matters, which Defendants consider to be or to contain confidential and/or proprietary information, and

       WHEREAS, all interested persons are agreeable to establishing procedures that will protect the confidentiality and the proprietary nature of such documents and information, as set forth herein;

DWT 15001258v2 0067486-000015

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel for the parties, on behalf of themselves and their clients, as follows:

1.    The Confidentiality Stipulation and Order in this proceeding that was so ordered by the Court on October 27, 2009, as modified by an Amended Stipulation and Order that was so ordered by the Court on January 11, 2010 (the "Confidentiality Order"), is hereby modified to provide that the undersigned attorneys of record for the Third-Party Defendants in the third-party actions brought by the Defendants in the above-referenced proceeding that are captioned *The Bank of New York Mellon, et al., against Steven Greenbaum. et al., The Bank of New York Mellon, et al. against The Estate of James Silvia and Lynne Michol Spencer, et al.* and *The Bank of New York Mellon, et al. against Estate of Michael Heiser, et al.*, and other persons included in the term "Authorized TPD Counsel," as defined below, and specifically including Counsel for the Levins, shall be entitled to have access to Confidential Information, and to designate documents and information as Confidential, and shall otherwise be subject to all of the terms, provisions, conditions and requirements set forth in the Confidentiality Order, to the same extent as counsel for Plaintiffs Jeremy and Lucille Levin. As used herein, the term "Authorized TPD Counsel" shall mean attorneys, paralegals and employees of, or with, the law firms who are actually working on any of the foregoing third-party actions, to the extent that they are overseeing or involved in any of the foregoing third-party actions. By signing this Stipulation and Order, the undersigned counsel for such Third-Party Defendants agree to comply with the terms and provisions of the Confidentiality Order in all respects, and not to disclose or make use of Confidential Information, using that term as it is defined in the Confidentiality Order, other than in strict compliance with the terms and provisions of the Confidentiality Order, and to take steps to ensure that anyone else who is provided with Confidential Information pursuant to this

- 2 -

Stipulation and Order is familiar with its terms and agrees to do likewise.

      2.     Authorized TPD Counsel shall also be authorized to provide Confidential Information to the named Third-Party Defendants ("TPDs"), which specifically includes the Levins, represented by them in any of the third-party actions referred to in paragraph 1 hereof, but such information shall be provided to such TPDs only to the extent necessary to enable such TPDs to participate in decisions with respect to the prosecution, defense or settlement of any claims in any such third-party actions, or to participate in such decisions with respect to the initiation, prosecution, defense or settlement of any other judgment enforcement action brought by any of them with respect to the judgment in their favor against Iran that is involved in this proceeding, including any of the third-party actions referred to in paragraph 1 above, and only after such TPDs have signed a consent to be bound by this Stipulation and Order, in the form of Appendix A hereto, and a copy thereof has been provided to each of the undersigned counsel for Defendants JPMorgan Chase Bank, N.A., The Bank of New York Mellon, Citibank, N.A. and Société Générale. The term "TPD," as defined in this paragraph, shall also include the American Center for Civil Justice (the "Center"), and the Center's officers, employees and attorneys who are involved in the sorts of decisions referred to in the first sentence of this paragraph, based on a representation by DLA Piper LLP, counsel for the Third-Party Defendants in the third-party action captioned *The Bank of New York Mellon, et al. against Estate of Michael Heiser, et al.*, that the Center is acting on behalf of the Third-Party Defendants in that action pursuant to powers of attorney executed by such Third-Party Defendants.

      3.     The term "Permitted Purpose" in the Confidentiality Order is hereby modified to permit the use of Confidential Information in connection with the initiation, prosecution, defense or settlement of any other action or legal proceeding brought to enforce or

- 3 -

collect amounts due under any judgment entered in favor of any of the TPDs against Iran that is
involved in this proceeding, including its use in connection with the prosecution or defense of the
third-party actions referred to in paragraph 1 above, or in connection with the filing or service of
any writ of execution, writ of garnishment or other judgment creditor process intended to enforce
or collect amounts due under any such judgment.

4.      Subdivision e of paragraph 5 of the Confidentiality Order is hereby
amended to read as follows: "Experts retained by counsel for Plaintiffs, counsel for any of the
Defendants or any Authorized TPD Counsel to give testimony, submit an affidavit or declaration
or act as non-testifying consultants or advisors with respect to these proceedings, provided that
such experts sign an agreement in the form of Appendix A hereto to be bound by this Stipulation
and Order, as modified and amended."

5.      A new subdivision f is hereby added to paragraph 5 of the Confidentiality
Order, as follows: "f. Such other persons as are agreed to in writing by the party that designated
the Confidential Information in question as Confidential (and limited to Confidential Information
designated as such by the consenting party), on such conditions, including an agreement by the
person receiving the Confidential Information, in the form of Appendix A hereto, to be bound by
and subject to this Confidentiality Order, as the party agreeing in writing to permit such other
person to receive Confidential Information may impose."

6.      Plaintiffs' counsel are hereby authorized and directed to submit, as soon as
practicable, an unredacted set of plaintiffs' motion papers in support of their motion for partial
summary judgment to each law firm that has signed this Stipulation and Order.

7.      This Stipulation and Order may be signed by counsel in two or more
counterparts, and signatures placed on any copy of this Stipulation and Order and then

- 4 -

DWT 15001258v2 0067486-000015

transmitted electronically or by facsimile shall be effective to the same extent as if all of the

undersigned had signed the same original version of this Stipulation and Order in person.

Dated: New York, New York
      July 30, 2010

                HOWARTH & SMITH

By: _____
                Suzelle M. Smith, Esq.
            523 West Sixth Street, Suite 728
            Los Angeles, CA 90014
            Tel. No. (213) 955-9400
            Attorneys for Plaintiffs/Judgment Creditors

            LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
            Howard B. Levi, Esq.
            J. Kelley Nevling, Jr., Esq.
            1185 Avenue of the Americas, 17th Floor
            New York, NY 10036
            Tel. No. (212) 308-6100

            *Attorneys for Defendants and Third-Party*
            *Plaintiffs The Bank of New York Mellon*
            *JPMorgan Chase Bank, N.A.*

            DAVIS WRIGHT TREMAINE LLP

By: _____
            Sharon L. Schneier, Esq.
            1633 Broadway
            New York, New York 10019
            (212) 489-8230

            *Attorneys for Defendant and Third-Party*
            *Plaintiff Citibank, N.A.*

- 5 -

transmitted electronically or by facsimile shall be effective to the same extent as if all of the

undersigned had signed the same original version of this Stipulation and Order in person.

Dated: New York, New York
       July 30, 2010

HOWARTH & SMITH

By: _____
       Suzelle M. Smith, Esq.
       523 West Sixth Street, Suite 728
       Los Angeles, CA 90014
       Tel. No. (213) 955-9400
       Attorneys for Plaintiffs/Judgment Creditors

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
       Howard B. Levi, Esq.
       J. Kelley Nevling, Jr., Esq.
       1185 Avenue of the Americas, 17th Floor
       New York, NY 10036
       Tel. No. (212) 308-6100

*Attorneys for Defendants and Third-Party
Plaintiffs The Bank of New York Mellon
JPMorgan Chase Bank, N.A.*

DAVIS WRIGHT TREMAINE LLP

By: _____
       Sharon L. Schneier, Esq.
       1633 Broadway
       New York, New York 10019
       (212) 489-8230

*Attorneys for Defendant and Third-Party
Plaintiff Citibank, N.A.*

MAYER BROWN LLP


By: _____
     Mark G. Hanchet, Esq.
     Christopher J. Houpt, Esq.
1675 Broadway
New York, New York 10019
(212) 506-2500

*Attorneys for Defendant and Third-Party*
*Plaintiff Société Générale*

STROOCK & STROOCK & LAVAN LLP



By: _____
     James L. Bernard, Esq.
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

*Attorneys for Third-Party Defendants*
*Stephen M. Greenbaum, et al. and Carlos*
*Acosta, et al.*

SALON MARROW DYCKMAN
NEWMAN AND BROUDY LLP



By: _____
     Liviu Vogel, Esq.
292 Madison Avenue
New York, New York 10017
(212) 661-7100

*Attorneys for Third-Party Defendants*
*Deborah D. Peterson, et al.*


- 6 -

MAYER BROWN LLP


By: _____
        Mark G. Hanchet, Esq.
        Christopher J. Houpt, Esq.
1675 Broadway
New York, New York 10019
(212) 506-2500

*Attorneys for Defendant and Third-Party*
*Plaintiff Société Générale*

STROOCK & STROOCK & LAVAN LLP


By: _____
    James L. Bernard, Esq.
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

*Attorneys for Third-Party Defendants*
*Stephen M. Greenbaum, et al. and Carlos*
*Acosta, et al.*

SALON MARROW DYCKMAN
NEWMAN AND BROUDY LLP


By: _____
        Liviu Vogel, Esq.
292 Madison Avenue
New York, New York 10017
(212) 661-7100

*Attorneys for Third-Party Defendants*
*Deborah D. Peterson, et al.*

6

DWT 15001258v2 0067486-000015

HEIDEMAN NUDELMAN & KALIK, P.C.

By: _____
     Noel J. Nudelman, Esq.
1146 19th Street, N.W., 5th Floor
Washington, DC 20036
(202) 463-1818

*Attorneys for Third-Party Defendants Estate
of James Sylvia, et al., Estate of Anthony
Brown, et al. and Estate of Stephen B.
Bland, et al.*

FAY KAPLAN LAW, PA

By: _____
     Annie P. Kaplan, Esq.
777 Sixth Street, N.W.
Washington, DC 20001
(202) 589-1300

*Attorneys for Third-Party Defendants
Catherine Bonk, et al. and Terrance Valore,
et al.*

DLA PIPER LLP

By: _____
     Richard Kremen, Esq,
     Dale K. Cathell, Esq.
6225 Smith Avenue
Baltimore, MD 21209-3600
(410) 580-3000

*Attorneys for Third-Party Defendants Estate
of Michael Heiser, et al.*

SO ORDERED:

_____
U.S.D.J.

DWT 15001258v2 0067486-000015

- 7 -

HEIDEMAN NUDELMAN & KALIK, P.C.

By: _____
      Noel J. Nudelman, Esq.
1146 19th Street, N.W., 5th Floor
Washington, DC  20036
(202) 463-1818

*Attorneys for Third-Party Defendants Estate
of James Sylvia, et al., Estate of Anthony
Brown, et al. and Estate of Stephen B.
Bland, et al.*

FAY KAPLAN LAW, PA

By: _____
      Annie P. Kaplan, Esq.
777 Sixth Street, N.W.
Washington, DC  20001
(202) 589-1300

*Attorneys for Third-Party Defendants
Catherine Bonk, et al. and Terrance Valore,
et al.*

DLA PIPER LLP

By: _____
      Richard Kremen, Esq,
      Dale K. Cathell, Esq.
6225 Smith Avenue
Baltimore, MD  21209-3600
(410) 580-3000

*Attorneys for Third-Party Defendants Estate
of Michael Heiser, et al.*

SO ORDERED:

_____
U.S.D.J.
august 6, 2010

DWT 15001258v2 0067486-090015

- 7 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FEINER FAMILY TRUST and RON KRISSEL,
Individually and on Behalf of All Others Similarly
Situated,

                         Plaintiffs                10-cv-3431 (RPP)
        - against -

                                                  **OPINION AND ORDER**

XCELERA INC., ALEXANDER M. VIK, GUSTAV
M. VIK, and MICHAEL J. KUGLER,

                         Defendants.
----------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      This putative class action was brought in state court.  Defendants removed the

case to federal court and moved for dismissal.  Plaintiffs have moved for remand to state

court.  In view of the prior litigation before this Court, the Defendants' motion is granted,

and the Plaintiffs' motion is denied.


**I. Facts and Proceedings**

      On March 5, 2007, Plaintiff Feiner Family Trust filed a two count complaint

consisting of a derivate shareholders claim and a putative class action claim ("Complaint

1") in this Court, alleging that Xcelera.com (hereinafter "Xcelera"), VBI Corporation,

Alexander Vik, Gustav Vik, and Michael Kugler (collectively, "Defendants") had

breached their fiduciary duty to Xcelera's shareholders.  VBI Corporation is incorporated

in the British Virgin Islands and owned by Alexander Vik, Gustav Vik, and Erik Vik; it

owns 61.2% of Xcelera's voting shares.  (Complaint 1 ¶ 10.)  Alexander Vik is Chairman

and CEO of Xcelera, a Cayman Islands corporation; Gustav Vik is a Director of Xcelera,

and also the Executive Vice President, Treasurer, and Secretary of Xcelera. (Id. ¶¶ 11-
12.) Michael Kugler is a Director and Executive Vice President of Xcelera. (Id. ¶13.)
Complaint 1 alleged that VBI and the individual defendants (collectively, "the Vik
Defendants") "engaged in a scheme to artificially deflate the trading price of Xcelera's
shares by refusing to file with the SEC any periodic reports," and that as a consequence
the stock was de-listed from the American Stock Exchange in 2004 and de-registered by
the SEC in 2006. (Id. ¶ 29.) Complaint 1 further alleged that the Vik Defendants then
solicited the minority shareholders "to sell their holdings at artificially low prices."[1] (Id.
¶ 55.)

        Defendants filed separate motions to dismiss on April 3, 2007 and May 18, 2007.
On September 11, 2007, the Court granted the motions in part and dismissed Complaint
1. Feiner Family Trust v. VBI Corp., No. 07-cv-1914, 2007 WL 2615448 (S.D.N.Y. Sep.
11, 2007). The Court determined that Cayman Islands law applied, and that and that the
Plaintiffs did not have standing to bring Count 1 derivatively, and that Count 2 failed to
state a direct claim for breach of fiduciary duty under Cayman Islands law. Id. The
Court granted Plaintiffs leave to move to file an amended complaint. Id.

        On October 9, 2007, Plaintiffs moved to amend the complaint and submitted a
proposed complaint ("Complaint 2"). Complaint 2 no longer contained the derivative
claims made in Complaint 1. Complaint 2 contained additional information, but the
outline of the breach of fiduciary duty and the allegedly fraudulent scheme was the same,
namely that Defendants breached their fiduciary duty to minority shareholders by
engaging in the same scheme to default on Xcelera's reporting obligation, causing its

---

[1] This allegation was conclusory. Moreover, Complaint 1 fails to allege that Defendants approached
minority shareholders to solicit their shares.

2

securities to be first de-listed and later de-registered, and thereafter, that Defendants solicited minority shareholders to sell their stock at artificially low prices. [2] (Complaint 2 ¶¶ 26-46.)  Complaint 2 added, as a named Plaintiff, Ron Krissel, a "former shareholder of Xcelera" who, after contacting Defendant Kugler, had sold his shares to an entity alleged to be an agent of the Defendants at a price of $.25 per share.  (Id. ¶ 7.)

On December 14, 2007, Plaintiffs moved in their reply papers to the October 2007 motion to amend that they be allowed to append a claim under Section 10(b) of the Exchange Act to Complaint 2.  They attached a proposed complaint ("Complaint 3") to these reply papers, which included additional counts alleging that Defendants had violated Section 10(b) of the Exchange Act and Rule 10b-5 and that the individual Defendants had violated Section 20(a) of the Exchange Act.  (Complaint 3 ¶¶ 49-65.) On December 20, 2007, the Court denied this request without prejudice to Plaintiffs withdrawing their motion for leave to file a revised amended complaint and moving to file a second amended complaint.

On January 2, 2008, Plaintiffs filed a motion to file a second amended complaint and submitted a proposed complaint ("Complaint 4").  Complaint 4 alleges many of the same facts as alleged in Complaints 1 through 3, namely that Defendants engaged in a scheme to defraud by failing to comply with reporting requirements, resulting in the de-listing and de-registering of Xcelera's stock and that Defendants then solicited minority shareholders to sell their shares at prices made artificially low by the de-listing and de-registering.[3]  Complaint 4 alleged four causes of action: (1) against all Defendants for

---

[2] This allegation was conclusory.  Moreover, Complaint 2 fails to allege that Defendants approached minority shareholders to solicit their shares.
[3] This allegation was conclusory.  Moreover, Complaint 4 fails to allege that Defendants approached minority shareholders to solicit their shares.

violations of Section 10(b) of the Exchange Act by engaging in a scheme to defraud

shareholders (Complaint 4 ¶¶ 50-59); (2) against Xcelera for violation of Section 20(a) of

the Exchange Act (Id. ¶¶ 60-65); (3) against VBI, Alexander Vik, and Gustav Vik for

violation of Section 20(a) of the Exchange Act (Id. ¶¶ 66-72); and (4) against Xcelera,

Gustav Vik, Alexander Vik, and Kugler for breach of their fiduciary duties.  (Id. ¶¶73-

78.)  The motion was argued on September 11, 2008, and on December 15, 2008, the

Court denied the motion for leave to file an amended complaint without leave for further

amendment.  Feiner Family Trust v. Xcelera.com, Inc., No. 07-cv-1914, 2008 WL

5233605 (S.D.N.Y. Dec. 15, 2008).  The Court concluded that Complaint 4 failed to state

a claim for which relief could be granted, and thus granting leave to re-plead would be

futile.  Id.

Plaintiffs appealed this decision to the Second Circuit Court of Appeals.   On

November 5, 2009, the Second Circuit affirmed the Court's December 15, 2008 decision.

Feiner Family Trust v. VBI Corp., 352 Fed.Appx. 461 (2d Cir. 2009).  The Court of

appeals noted that Complaint 4 "is devoid of particular facts indicated that defendants

actively encouraged minority shareholders to sell their stock back to Xcelera."  Id. At

463-64.

On March 29, 2010, Plaintiffs filed the instant complaint ("Complaint 5") in the

Supreme Court of the State of New York, County of New York.  Complaint 5 was

brought as a class action, contending that Defendants eliminated "any trading market in

Xcelera common stock by failing to make the required filings with the SEC, causing the

Company's stocks to be de-registered by the SEC, . . . failing to provide any current

information concerning the Company's operations following the de-registration, and

4

causing Xcelera's stock not to be traded on any securities exchange," and then inducing

minority shareholders to sell their stock at prices made artificially low as a result of the

above scheme to defraud.[4] (Complaint 5 ¶2.) Complaint 5 alleged two causes of action:

(1) against Xcelera, Gustav Vik, Alexander Vik, and Kugler for breach of fiduciary duty;

and (2) against all Defendants for common law fraud. (Id. ¶¶ 34-46.)

On April 23, 2010, Defendants removed the action to this Court pursuant to 28

U.S.C. §§ 1441, 1446, and 1453 and 15 U.S.C. § 77p(c).

On April 30, 2010, Defendant Kugler moved to dismiss Complaint 5. On May

20, 2010, the remaining Defendants moved to dismiss Complaint 5.

On May 24, 2010, Plaintiffs filed an amended class action complaint ("Complaint

6"). Complaint 6 contains many of the same allegations as Complaint 5, including

factual allegations that Xcelera's stock was de-listed in 2004 and de-registered in 2006.

(Complaint 6 ¶¶ 22, 28.) Complaint 6 does not make allegations that the de-listing and

de-registering were a part of a deliberate scheme. It does, however, include allegations

that in 2005, "Defendants embarked on a scheme to freeze out minority shareholders by

keeping the good operating news secret and simply refusing to make any new disclosures

concerning Xcelera's financial condition or results of operations." (Complaint 6 ¶24.)

Later in Complaint 6, however, the scheme is described as pertaining only to events

subsequent to the de-registration of Xcelera's stock: "Xcelera's knowing failure to

provide investors with current information concerning Xcelera's financial condition and

results of operations from 2006 onward has prevented, and continues to prevent,

Plaintiffs and other members of the Class from knowing the intrinsic value of Xcelera's

---

[4] This allegation was conclusory. Moreover, Complaint 5 fails to allege that Defendants approached
minority shareholders to solicit their shares.

stock or realizing any such value in any securities market." (Id. ¶ 31.) Complaint 6

further alleges conclusorily that "Defendants have been soliciting the Company's

minority shareholders to sell their stock to Defendants at undervalued prices."[5] (Id. ¶ 32.)

Complaint 6 alleges two causes of action: (1) against Xcelera, Gustav Vik, Alexander

Vik, and Kugler for breach of fiduciary duty (Id. ¶¶ 34-39) ; and (2) against all

Defendants for common law fraud. (Id. ¶¶ 40-46.)

On the same day that they filed Complaint 6, May 24, 2010, Plaintiffs moved for

remand to state court.

The Court heard argument on these motions on June 18, 2010.


## II. Discussion

### A. SLUSA Preemption

The Securities Litigation Uniform Standards Act (SLUSA), Pub. L. No. 105-353,

112 Stat. 3227, "provides that no covered class action based on state law and alleging a

misrepresentation or omission of a material fact in connection with the purchase or sale

of a covered security may be maintained in any State or Federal court by any private

party." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 74 (2006)

(internal quotation marks omitted) (citing 15 U.S.C. § 78bb(f)(1)(A)).  Under this

standard, SLUSA will preempt an action if four prerequisites are met: "(1) the action is a

covered class action, (2) the claims are based on state law, (3) the action involves a

covered security, and (4) the claims allege a misrepresentation or omission of material

---

[5] This allegation was conclusory.  Moreover, Complaint 6 fails to allege that Defendants approached
minority shareholders to solicit their shares.

fact in connection with the purchase or sale of the security." In Re WorldCom, Inc. Sec. Litig., 308 F. Supp. 2d 236, 243 (S.D.N.Y. 2004) (internal quotation marks omitted).

A "covered class action" is, as defined by the statute in relevant part, "any single lawsuit in which . . . one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members." 15 U.S.C. § 78bb(f)(5)(B). Neither party contends that this action is not a covered class action, and the Court finds that this prerequisite is satisfied.

Both the claims in the operative complaint are, on their face, brought pursuant to state law. See LaSala v. UBS, AG, 510 F. Supp. 2d 213, 237 (S.D.N.Y. 2007) (concluding that foreign law falls within the term "state law," as used in SLUSA). Plaintiffs do not contend otherwise.

A security is deemed a "covered security" if it is "traded nationally and listed on a regulated national exchange." Dabit, 547 U.S. at 83. Plaintiffs do not contend, nor could they, that Complaints 1 through 5 did not involve a covered security. As alleged in Complaints 1 through 5, Defendants' scheme was hatched and implemented while the securities were still listed and registered, i.e. while the securities were covered by the SLUSA. In this case, once Defendants filed their motion to dismiss, in which they argued that the case was preempted by SLUSA, Plaintiffs simply amended their complaint to remove any factual allegations that the scheme began before the stock was de-listed and de-registered. Such "artful pleading" is unavailing. See In Re WorldCom, Inc. Sec. Litig., 308 F. Supp. 2d 236, 244 (S.D.N.Y. 2004) ("[C]ourts in this circuit have

consistently rejected plaintiffs' attempts through artful pleading to avoid the clear precepts of SLUSA and its preemption of state law securities claims for damages."). Up until Plaintiffs filed the operative complaint, their claims rested on factual allegations about a scheme to defraud involving a covered security. Such evasive techniques do not obscure the nature of this action – it, like the preceding action, involves a covered security. Therefore, the Court concludes that this prerequisite is satisfied.

To show that the lawsuit is "in connection with the purchase or sale of a covered security," it is only necessary to point to allegations that the misrepresentation or omission "coincide[d] with a securities transaction – whether by the plaintiff or by someone else." Dabit, 547 U.S. at 85 (internal quotation marks omitted). The Supreme Court has emphasized that this provision should be interpreted broadly. Id. at 85-88. Here, the fraudulent scheme, as alleged in Complaints 1 through 5, coincided with the solicitation and, in one instance, the purchase of shares from a minority shareholder by an alleged agent of Defendants. Thus, the final prong is met. Both causes of action in Complaint 6 are covered by SLUSA.

Plaintiffs contend, however, that even if the Court finds that the claim of common law fraud is preempted by SLUSA, the claim for breach of fiduciary duty is not subject to SLUSA preemption, due to what is known as the Delaware carve-out. (Pl. Mem. Opp. Mot. to Dismiss at 4-6.) The relevant provision of SLUSA provides that a class action, brought under the law of the state in which the issuer is incorporated and involving "the purchase or sale of securities by the issuer or an affiliate of the issuer exclusively from or to holders of equity securities of the issuer" may be maintained in either state or federal court and is not subject to SLUSA preemption. 15 U.S.C. § 78bb(f)(3)(A)(i)-(ii). For the

8

purposes of the motion to dismiss, and drawing all inferences in favor of Plaintiffs, the

Court concludes that the breach of fiduciary duty claim falls within the Delaware carve-

out, and thus is not preempted by SLUSA.  See Lewis v. Termeer, 445 F.Supp.2d 366,

372-73 (S.D.N.Y. 2006) (noting that legislative history suggested that this savings clause

was motivated by "the need to exempt from the legislation shareholder-initiated litigation

based on breach of fiduciary duty of disclosure").

 Thus, the Court concludes that Count II in Complaint 6, alleging common law

fraud, is preempted by SLUSA, but Count I, alleging breach of fiduciary duty, is not

preempted by SLUSA.

**B. Supplemental Jurisdiction**

 Plaintiffs urge the Court to find that SLUSA's mandatory remand provision

applies to any of the claims not preempted by SLUSA.  The mandatory remand provision

reads: "In an action that has been removed from a State court pursuant to paragraph (2), if

the Federal court determines that the action may be maintained in State court pursuant to

this subsection, the Federal court shall remand such action to such State court."  15

U.S.C. § 78bb(f)(3)(D).

 Courts in this Circuit have concluded that the term "action" in SLUSA's

mandatory remand provision is not synonymous with "claim."  See Winne v. Equitable

Life Assurance Soc'y of United States, 315 F. Supp. 2d 404, 416 (S.D.N.Y. 2006) ("If a

non-preempted state-law claim is appended to a claim preempted under SLUSA, federal

jurisdiction over the latter would permit removal of the entire case, to the extent

authorized by the doctrine of supplemental jurisdiction. But in such a case, only the

preempted claim would be dismissed on the merits; the pendent claims could then be

9

adjudicated or remanded to state court."); see also Gray v. Seaboard Sec., Inc., 241 F.

Supp. 2d 213, 222 (N.D.N.Y. 2003).  For this reason, the Court concludes that the

mandatory remand language of SLUSA does not prevent the Court from exercising

supplemental jurisdiction over the non-preempted state law claims. Rather, a federal

court  may exercise supplemental jurisdiction over any claims not preempted by SLUSA,

in an action in which certain state law claims are preempted, pursuant to 28 U.S.C. §

1367(a).  See Gray, 241 F. Supp. 2d at 222.

     Here, because of the lengthy history of this case and because it is considerably

more efficient to address the pendant state law claim at this point rather than to remand it

to the state court for further proceedings, it is an appropriate exercise of this Court's

discretion to exercise supplemental jurisdiction over the Plaintiffs' claim for breach of

fiduciary duty.

## C. Claim Preclusion

     Defendants contend that the breach of fiduciary duty claim is barred by the

doctrine of *res judicata*, also known as claim preclusion.  Claim preclusion applies and

bars re-litigation, where "the earlier decision was (1) a final judgment on the merits, (2)

by a court of competent jurisdiction, (3) in a case involving the same parties or their

privies, and (4) involving the same cause of action." In re Teltronics Servs., Inc., 762

F.2d 185, 190 (2d Cir. 1985).

     Plaintiffs contend that the Court's decision in the prior litigation on December 15,

2008 only contained "dicta" on the substantive issues and thus was not a final decision on

the merits. (Pl. Opp. 17-19)  The Court, however, dismissed the Plaintiffs' claim of

breach of fiduciary duty on September 11, 2007 for failure to state a claim under Cayman

10

Islands law, namely failure to allege a special relationship under, Cayman Islands law,
between the directors of the company and the minority shareholders.  Feiner Family Trust
v. VBI Corp., No. 07-cv-1914, 2007 WL 2615448 (S.D.N.Y. Sep. 11, 2007).  In
December 2008, the Court denied with prejudice the Plaintiffs' motion for leave to
amend the complaint, noting that the proposed complaint "still fails to describe any
contact between Plaintiffs and Defendants that could give rise to a fiduciary
relationship," and dismissed the action. Feiner Family Trust v. Xcelera.com, Inc., No. 07-
cv-1914, 2008 WL 5233605, at *7 (S.D.N.Y. Dec. 15, 2008).

　　　　Under Second Circuit precedent, a denial of leave to amend a complaint is a final
decision on the merits.  Northern Assur. Co. v. Square D Co., 201 F.3d 84, 88 (2d Cir.
2000).  Thus Teltronic's first prong is satisfied.  There is no dispute on the second and
third prong, that this decision was made by "a court of competent jurisdiction" and that
the parties were the same.  And the breach of fiduciary duty cause of action was
substantially identical throughout the many complaints filed in this case.  Thus
Teltronic's fourth prong has been met.  Accordinly, this claim is barred from relitigation
by the doctrine of claim preclusion.


**III. Conclusion**

　　　　For the reasons described herein, SLUSA preempts Plaintiffs' claim of fraud, and
the Plaintiffs' claim of breach of fiduciary duty is barred from relitigation by the doctrine
of claim preclusion.  The Defendants motion to dismiss is granted, the Plaintiffs' motion
to remand is denied, and judgment in favor of the Defendants is granted.


11

IT IS SO ORDERED.

Dated:  New York, New York
      August 6 , 2010

Robert P. Patterson, Jr.
U.S.D.J.

12

Copies of this order were faxed to:

**Counsel for Plaintiffs:**
**Jeffrey Simon Abraham, Philip T. Taylor**
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 1910
New York , NY 10119
212-279-5050
Fax: 212-279-3655

**Counsel for Defendants:**
**Peter J. Macdonald, Jacob David Zetlin-Jones, Paul Michael Winke**
Wilmer, Cutler & Pickering (NY, 31st Floor)
399 Park Avenue, 31st Floor
New York , NY 10022
212-937-7200
Fax: 212-937-7300

**Robin L. Alperstein**
Becker, Glynn, Melamed & Muffly, LLP
299 Park Avenue
New York , NY 10171
(212) 888-3033
Fax: (212) 888-0255

13