UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEREMY LEVIN AND DR. LUCILLE LEVIN,    :
       Plaintiffs,    :
        : Case No. 09-Civ-5900 (RPP)
v.    :
       : LOCAL RULE 56.1 SEPARATE
BANK OF NEW YORK, et al.,    : STATEMENT OF UNDISPUTED FACTS IN
       : SUPPORT OF THE ESTATE OF MICHAEL
       Defendants.    : HEISER, ET AL'S (I) OPPOSITION TO
------------------------------------------------------------x THE PLAINTIFF'S MOTION FOR
THE BANK OF NEW YORK MELLON, et al.    : PARTIAL SUMMARY JUDGMENT ON
       : CLAIMS FOR TURNOVER ORDER
       Third-Party Plaintiffs,    : PHASE ONE ASSETS PURSUANT TO
       : FED. R. CIV. P. 13, 56, AND 69, CPLR
v.    : SECTIONS 5225(b), 5232, AND 5234(b),
       : AND ORDERS DATED JANUARY 11, 2010
ESTATE OF MICHAEL HEISER, et al.,    : JULY 2, 2010 AND (II) CROSS-MOTION
       : FOR PARTIAL SUMMARY JUDGMENT
       Third-Party Defendants.    :
------------------------------------------------------------x

Pursuant to Local Rule 56.1, the Estate of Michael Heiser, et al. (the "Heisers") submit the following statement of undisputed material facts, together with reference to supporting evidence, in support of the Estate of Michael Heisers et al.'s (I) Opposition to the Motion for Partial Summary Judgment on Claims for Turnover of Phase One Assets Pursuant to Fed. R. Civ. P. 13, 56, and 69, CPLR Sections 5225(b), 5232 and Orders Dated January 11, 2010 and July 2, 2010 and (II) Cross Motion for Partial Summary Judgment.

EAST\43505924.2     1

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. At approximately 9:50 p.m., Saudi Arabian time, on June 25, 1996, security guards stationed atop of Building 131 of the Khobar Towers complex in Saudi Arabia witnessed a large gasoline tanker truck pull up alongside the perimeter wall of the complex. The driver of the tanker truck jumped out and ran over to and got into a car that had pulled up near the tanker truck. The car sped off. The security guards became gravely concerned and immediately began to evacuate the Khobar Towers complex. The tanker truck, however, exploded with terrible force within approximately fifteen minutes. The force of the explosion equaled that of 20,000 pounds of TNT according to the later investigation. The explosion sheared off the face of Building 131 and reduced most of the building to rubble. Nineteen U.S. Air Force personnel were killed and hundreds of others were injured in the explosion. The U.S. Department of Defense later stated that the explosion was the largest non-nuclear explosion ever as of its date. | *See Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 252 (D.D.C. 2006). |
| 2. The American citizens who were killed on June 25, 1996 as a result of the attack on the Khobar Towers include: (1) Master Sergeant Michael Heiser; (2) Captain Leland Timothy Haun; (3) Airman First-Class Justin R. Wood; (4) Senior Airman Earl F. Cartrette, Jr.; (5) Airman First Class Brian McVeigh; (6) Sergeant Millard D. Campbell; (7) Staff Sergeant Kevin J. Johnson; (8) Airman First Class Joseph E. Rimkus; (9) Airman First Class Brent E. Marthaler; (10) Technical Sergeant Thanh Van Nguyen; (11) Airman First Class Joshua E. Woody; (12) Airman First Class Peter J. Morgera; (13) Master Sergeant Kendall Kitson, Jr.; (14) Captain Christopher Adams; (15) Airman First Class Christopher Lester; (16) Senior Airman Jeremy A. Taylor; and (17) Technical Sergeant Patrick P. Fennig. | *See Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229, 251 (D.D.C. 2006). |
| 3. On September 29, 2000, the personal representatives of the Heiser, Haun, Wood, Cartrette, and McVeigh estates filed a complaint for wrongful death and intentional infliction of | *See Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). |

| | |
|---|---|
| emotional distress under the Foreign Sovereign Immunity Act on behalf of themselves individually and the estates against the Islamic Republic of Iran, the Iranian Ministry of Information & Security ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC"), among others, in the U.S. District Court for the District of Columbia (the "D.C. District Court") (Case No. 00-CV-2329) ("*Heiser v. Iran*"). | |
| 4. On October 9, 2001, the personal representatives of the Campbell, Johnson, Rimkus, Marthaler, Nguyen, Woody, and Morgera estates filed a complaint for wrongful death and intentional infliction of emotional distress under the FSIA on behalf of themselves individually and the estates against Iran, MOIS, and IRGC, among others, in the D.C. District Court (Case No. 01-CV-2104) ("*Campbell v. Iran*"). | *See Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). |
| 5. The D.C. District Court consolidated *Heiser v. Iran* and *Campbell v. Iran* on February 1, 2002, upon finding that they involve common questions of law and fact. | *See Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). |
| 6. On December 22, 2006, the D.C. District Court entered a Default Judgment against Iran, MOIS, and IRGC, jointly and severally, and in favor of most of the plaintiffs in the consolidated actions, awarding economic and compensatory damages totaling $254,431,903.00 (the "December 2006 Judgment"). However, the D.C. District Court denied the Heisers' punitive damages claim. | *See* Misler Decl., Ex. 1; *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006). |
| 7. On February 7, 2008, D.C. District Court granted in favor of the Heisers an order, pursuant to 28 U.S.C. § 1610(c), (a) declaring that a reasonable period of time had elapsed following the entry of the December 2006 Judgment and the giving of notice thereof under 28 U.S.C. § 1608(e), and (b) ordering that the Heisers may pursue attachment in aid of execution and execution of the December 2006 Judgment. | *See* Misler Decl., Ex. 2. |
| 8. On January 13, 2009, the Honorable Judge Lamberth of the D.C. District Court determined that Heisers' action satisfied the conditions for retroactive application of section 1605A and | *See* Misler Decl., Ex. 3. |

| | |
|---|---|
| issued an order holding that the Heisers are entitled to proceed before the court under the terms of the Act. As a result, the December 2006 Judgment became a judgment under 28 U.S.C. § 1605A. | |
| 9. As of the date of this memorandum, the Judgment remains unsatisfied in the amount of $591,089,966.00, plus post-judgment interest at the legal rate, against judgment debtors the Islamic Republic of Iran, MOIS, and IRGC, and any agencies or instrumentalities thereof (collectively referred to herein as "Iran"). | *See* Misler Decl., Exs. 1 & 4. |
| 10. On August 27, 2008, the Heisers registered the Judgment with the U.S. District Court for the District of Maryland, Case No. 08-mc-212 (the "Maryland District Court"). | *See* Misler Decl., Ex. 5. |
| 11. On April 27, 2010, the Heisers filed a Request for Writ to The Bank of New York Mellon ("BONY") in the Maryland District Court. On April 30, 2010, the Maryland District Court issued a Writ of Garnishment to The Bank of New York Mellon (the "Heiser BONY Writ"). | *See* Misler Decl., Ex. 6. |
| 12. The Heiser BONY Writ was served on BONY on May 3, 2010, and an affidavit of service evidencing the same was filed with the Maryland District Court on May 28, 2010. | *See* Misler Decl., Ex. 7. |
| 13. In addition, on May 27, 2010, a copy of the Heiser BONY Writ was mailed to, among ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and an affidavit of service evidencing the same was filed with the Maryland District Court on May 28, 2010. | *See* Misler Decl., Ex. 8. |
| 14. In accordance with 28 U.S.C. § 1608(e), Iran, MOIS, and IRGC were properly served with a copy of the Judgment pursuant to 28 U.S.C. § 1608. | *See* Misler Decl., Ex. 2. |

Dated: New York, New York
September 13, 2010

*Barbara L. Seniawski*
Cary B. Samowitz
Barbara L. Seniawski
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: 212-335-4500
Facsimile: 212-884-4501
cary.samowitz@dlapiper.com
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA PIPER LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone: 410-580-3000
Facsimile: 410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of Michael Heiser, et al.*