**CONFIDENTIAL - FILE UNDER SEAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :    Case No. 09 Civ. 5900 (RPP)

            Plaintiffs,    :    **FILE UNDER SEAL**

        -against-    :

BANK OF NEW YORK, et al.,    :

           Defendants.    :
-----------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,    :

        Third-Party Plaintiff,    :

        -against-    :    **RESPONSE OF DEFENDANT
JPMORGAN CHASE BANK,
N.A. TO PLAINTIFFS'**

████████████████████████ et al.,    :    **RULE 56.1 STATEMENT**

        Third-Party Defendants.    :
-----------------------------------------------------------x

        Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), by its attorneys,

Levi Lubarsky & Feigenbaum LLP, as its response to the Plaintiffs' Statement Pursuant

to Rule 56.1 in Support of Their Motion for Partial Summary Judgment ("Plaintiffs' Rule

56.1 Statement"), states as follows:

        1.     JPMorgan lacks sufficient information to admit or deny the truth of

the allegations of paragraph 1 of Plaintiffs' Rule 56.1 Statement, and so the Court must

determine whether Plaintiffs have satisfied their burden of proof with respect to these

allegations.

        2.     JPMorgan lacks sufficient information to admit or deny the truth of

the allegations of paragraph 2 of Plaintiffs' Rule 56.1 Statement, and so the Court must

**CONFIDENTIAL - FILE UNDER SEAL**

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

3.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 3 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

4.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 4 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

5.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 5 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

6.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 6 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

7.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 7 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

CONFIDENTIAL - FILE UNDER SEAL

       8.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 8 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that JPMorgan admits that is has been served with a writ of execution by the United States Marshal's Office for the Southern District of New York that refers to a judgment issued in favor of the Levins against, inter alia, the Islamic Republic of Iran ("IRI").

       9.     JPMorgan admits the allegations of paragraph 9 of Plaintiffs' Rule 56.1 Statement.

       10.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 10 of Plaintiffs' Rule 56.1 Statement, which has been substantially redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

       11.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of the first sentence of paragraph 11 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.  JPMorgan lacks sufficient information to admit or deny the truth of the allegations of the second sentence of paragraph 11 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that JPMorgan admits that its attorneys served a Third-Party Summons, JPMorgan's Third-Party Complaint Against Wire Transfer Parties dated December 31, 2009 and the Plaintiffs' Complaint (the "Third-Party Pleadings") upon Third-Party Defendant ▮▮▮▮▮▮▮▮ by Federal Express and DHL,

CONFIDENTIAL - FILE UNDER SEAL

and that such service was completed by May 1, 2010; that its attorneys served the Third-Party Pleadings upon Third-Party Defendant ███████████ by DHL, and by Federal Express upon its subsidiary, and that such service was completed by June 15, 2010, and that service has also been attempted on ████████████████████ by delivering the Third-Party Pleadings, with translations into Spanish, to the Central Authority of Venezuela, for service on █████ under the Hague Convention for the Service of Judicial and Extra-Judicial Documents Abroad in Civil and Commercial Matters (although JPMorgan has not yet received confirmation that the Central Authority has served the papers upon █████), in April 2010 and by serving █████ wholly-owned United States subsidiary ████████████ (although █████ disputes that this is valid service) in June 2010.  See Declaration of J. Kelley Nevling, Jr. on behalf of JPMorgan executed on September 15, 2010 ("Nevling JPM Dec.") ¶¶ 4-10 and Exh. D.  JPMorgan lacks sufficient information to admit or deny the truth of the allegations of the third sentence of paragraph 11 of Plaintiffs' Rule 56.1 Statement, which uses the undefined term "the Iranian Judgment Creditors" and has been significantly redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

12.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 12 of Plaintiffs' Rule 56.1 Statement, which has been significantly redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

13.      JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 13 of Plaintiffs' Rule 56.1 Statement, and so the Court must

4

**CONFIDENTIAL - FILE UNDER SEAL**

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

14.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 14 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

15.    JPMorgan denies the allegations of paragraph 15 of the Plaintiffs' Rule 56.1 Statement. While JPMorgan is holding the proceeds of a certain blocked wire transfer in a blocked account, it holds those funds subject to its obligations under federal and state law, including the applicable provisions of regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury and of Article 4-A of the New York Uniform Commercial Code, which severely limit its control over those funds.

16.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 16 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

17.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 17 of Plaintiffs' Rule 56.1 Statement, which has been redacted so substantially that JPMorgan cannot possibly respond, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

18.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 18 of Plaintiffs' Rule 56.1 Statement, and so the Court must

CONFIDENTIAL - FILE UNDER SEAL

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

19.     Assuming that the term "New York Banks" in paragraph 19 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the other terms with initial capitals are being used as they are defined in paragraphs 57 to 65 of Plaintiffs' Rule 56.1 Statement, JPMorgan denies the allegations of paragraph 19 of the Plaintiffs' Rule 56.1 Statement but admits that the various Third-Party Defendants identified in paragraph 19 were served with the Third-Party Complaints that named them as Third-Party Defendants on various dates on or before June 1, 2010.  See Nevling JPM Dec. ¶¶ 11-13.

20.     Assuming that the term "New York Banks" in paragraph 20 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the other terms with initial capitals are being used as they are defined in paragraphs 57 and 58 of Plaintiffs' Rule 56.1 Statement, JPMorgan admits the allegations of paragraph 20 of the Plaintiffs' Rule 56.1 Statement.

21.     Assuming that the term "New York Banks" in paragraph 21 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the term "the Peterson Judgment Creditors" is being used as it is defined in paragraph 59 of Plaintiffs' Rule 56.1 Statement, JPMorgan admits the allegations of paragraph 21 of the Plaintiffs' Rule 56.1 Statement.

22.     Assuming that the term "New York Banks" in paragraph 22 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the term "the Rubin Judgment Creditors" is being used as it is defined

CONFIDENTIAL - FILE UNDER SEAL

in paragraph 60 of Plaintiffs' Rule 56.1 Statement, JPMorgan denies the allegations of

paragraph 22 of the Plaintiffs' Rule 56.1 Statement except admits that on April 19, 2010

the Rubin Judgment Creditors filed an answer, which did not assert counterclaims, to the

Third-Party Complaint Against the United States and Plaintiffs in Other Actions Against

Iran dated December 31, 2009.  See Docket No. 145 in this proceeding.

      23.     Assuming that the term "New York Banks" in paragraph 23 of the

Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs'

complaint, that the terms "Bonk Judgment Creditors," "Valore Judgment Creditors,"

"Silvia Judgment Creditors," Bland Judgment Creditors" and "Brown Judgment

Creditors" are being used as they are defined in paragraphs 61 to 64 of Plaintiffs' Rule

56.1 Statement, JPMorgan denies the allegations of paragraph 23 of the Plaintiffs' Rule

56.1 Statement except admits that on April 20, 2010 the so-called Silvia, Bland and

Brown Judgment Creditors (who may or may not be judgment creditors of IRI) filed an

answer, which did not assert counterclaims, to Defendants' and Third-Party Plaintiffs'

Second Third-Party Complaint Against Plaintiffs in Other Actions Against Iran dated

March 22, 2010.  See Docket No. 153 in this proceeding.  JPMorgan is unable to

determine when or whether the Bonk and Valore Judgment Creditors (who may or may

not be judgment creditors of IRI) filed an answer on April 20, 2010 to the Third-Party

Complaint Against the United States and Plaintiffs in Other Actions Against Iran dated

December 31, 2009, perhaps because the answer was filed under seal.

      24.     Assuming that the term "New York Banks" in paragraph 24 of the

Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs'

complaint, and that the term "the Heiser Judgment Creditors" is being used as it is

**CONFIDENTIAL - FILE UNDER SEAL**

defined in paragraph 65 of Plaintiffs' Rule 56.1 Statement, JPMorgan admits the allegations of paragraph 24 of the Plaintiffs' Rule 56.1 Statement.

25.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 25 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that JPMorgan admits that Plaintiffs have stated that they are not seeking to execute on the "Clearstream Assets" in this proceeding.

26.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 26 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

27.     JPMorgan denies the allegations of paragraph 27 of Plaintiffs' Rule 56.1 Statement, which contradict the allegations of (admitted) paragraph 9.  See Docket No. 70 in this proceeding.

28.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 28 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

29.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 28 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

CONFIDENTIAL - FILE UNDER SEAL

      30.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 30 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      31.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 31 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      32.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 32 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      33.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 33 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      34.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 34 of Plaintiffs' Rule 56.1 Statement, which has been redacted so substantially that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      35.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 35 of Plaintiffs' Rule 56.1 Statement, which has been

**CONFIDENTIAL - FILE UNDER SEAL**

redacted so substantially that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      36.    JPMorgan is not required to respond to the allegations of paragraph 36 of the Plaintiffs' Rule 56.1 Statement because the blocked wire transfers that involve ██████████████████ are not included in Phase 1 of this proceeding. Those wire transfers are not mentioned in Exhibit D to Plaintiffs' complaint, and this Court's order entered on June 10, 2010, as confirmed by this court's order entered on June 28, 2010, limits Phase 1 to "assets . . . which are listed in Exhibit D to Plaintiffs' Complaint." In any event, JPMorgan refers the Court to the allegations of ██████ answer for a statement of its position and contentions. JPMorgan lacks sufficient information to admit or deny the truth of the allegations of the second sentence of paragraph 36 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      37.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 37 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations. JPMorgan also points out, as noted above, that these allegations do not belong in Plaintiffs' Rule 56.1 Statement because ██████ is not involved in Phase 1 of this proceeding.

      38.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 38 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these

**CONFIDENTIAL - FILE UNDER SEAL**

allegations, except that JPMorgan admits that to date the United States of America has not asserted any claims to any of the blocked assets involved in this litigation that JPMorgan is aware of and that, while it was named as a Third-Party Defendant in the defendants' Third-Party Complaint Against United States and Plaintiffs in Other Actions Against Iran, it has been voluntarily dismissed from that third-party action.

39.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 39 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that JPMorgan admits that at all relevant times IRI was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979.

40.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 40 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that JPMorgan admits that at all relevant times IRI was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979.

41.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 41 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

42.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 42 of Plaintiffs' Rule 56.1 Statement, and so the Court must

**CONFIDENTIAL - FILE UNDER SEAL**

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

43.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 43 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

44.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 44 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

45.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 45 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

46.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 46 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

CONFIDENTIAL - FILE UNDER SEAL

47.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 47 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

48.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 48 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

49.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 49 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

50.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 50 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

51.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 51 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court

CONFIDENTIAL - FILE UNDER SEAL

must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

52.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 52 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

53.    JPMorgan denies the allegations of paragraph 53 of Plaintiffs' Rule 56.1 Statement but admits that on or about January 17, 2008, it refused to execute funds transfer instructions received by it with respect to a proposed transfer of $2,161,583.11 to ███████████ for the benefit of ███████████, the specified beneficiary of the funds transfer, and placed the proceeds of the funds transfer into a blocked account, in accordance with the requirements of OFAC Regulations promulgated pursuant to Presidential Executive Order 13382.  See Nevling JPM Dec. ¶ 3 and Exh. A.

54.    To the extent that paragraph 54 of the Plaintiffs' Rule 56.1 Statement sets forth a conclusion of law, JPMorgan is not obligated to respond to it.  To the extent that it is based on matters of fact, JPMorgan lacks sufficient information to admit or deny the truth of the those facts, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

55.    JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 55 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court

CONFIDENTIAL - FILE UNDER SEAL

must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

56.     JPMorgan lacks sufficient information to admit or deny the truth of the allegations of paragraph 56 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that JPMorgan cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

57.     To the extent that paragraph 57 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Greenbaum Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 57 does not require a response from JPMorgan.  To the extent that paragraph 57 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

58.     To the extent that paragraph 58 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Acosta Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 58 does not require a response from JPMorgan.  To the extent that paragraph 58 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must

**CONFIDENTIAL - FILE UNDER SEAL**

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      59.    To the extent that paragraph 59 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Peterson Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 59 does not require a response from JPMorgan. To the extent that paragraph 59 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      60.    To the extent that paragraph 60 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Rubin Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 60 does not require a response from JPMorgan. To the extent that paragraph 60 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      61.    To the extent that paragraph 61 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Bonk Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 61 does not require a response from JPMorgan. To the extent that paragraph 61 of the Plaintiffs' Rule 56.1 Statement is

CONFIDENTIAL - FILE UNDER SEAL

intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

62.     To the extent that paragraph 62 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Silvia Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 57 does not require a response from JPMorgan.  To the extent that paragraph 62 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

63.     To the extent that paragraph 63 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Bland Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 63 does not require a response from JPMorgan.  To the extent that paragraph 63 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

64.     To the extent that paragraph 64 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Brown Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 64 does not require a

**CONFIDENTIAL - FILE UNDER SEAL**

response from JPMorgan.  To the extent that paragraph 64 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      65.     To the extent that paragraph 65 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Greenbaum Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 65 does not require a response from JPMorgan.  To the extent that paragraph 65 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, JPMorgan lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

Dated: New York, New York
       September 15, 2010

                  LEVI LUBARSKY & FEIGENBAUM LLP

                  By: _J. Kelley Nevling_

                     Howard B. Levi, Esq.
                     J. Kelley Nevling, Jr., Esq.
                     1185 Avenue of the Americas, 17th Floor
                     New York, NY 10036
                     Tel. No. (212) 308-6100
                     E-mail Address: hlevi@llf-law.con

                     *Attorneys for Defendant and Third-Party Plaintiff JPMorgan Chase Bank, N.A.*