CONFIDENTIAL - FILE UNDER SEAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | Case No. 09 Civ. 5900 (RPP) |
| Plaintiffs, | : | **FILE UNDER SEAL** |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | |
| Third-Party Plaintiff, | : | |
| -against- | : | **RESPONSE OF THE BANK OF NEW YORK MELLON TO PLAINTIFFS' RULE 56.1 STATEMENT** |
| REDACTED, et al., | : | |
| Third-Party Defendants. | : | |

-----------------------------------------------------------------x

Defendant the Bank of New York Mellon ("BNYM"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its response to the Plaintiffs' Statement Pursuant to Rule 56.1 in Support of Their Motion for Partial Summary Judgment ("Plaintiffs' Rule 56.1 Statement"), states as follows:

      1.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 1 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      2.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 2 of Plaintiffs' Rule 56.1 Statement, and so the Court must

**CONFIDENTIAL - FILE UNDER SEAL**

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

    3. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 3 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

    4. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 4 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

    5. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 5 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

    6. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 6 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

    7. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 7 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

**CONFIDENTIAL - FILE UNDER SEAL**

8. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 8 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that is has been served with a writ of execution by the United States Marshal's Office for the Southern District of New York that refers to a judgment issued in favor of the Levins against, inter alia, the Islamic Republic of Iran ("IRI").

9. BNYM admits the allegations of paragraph 9 of Plaintiffs' Rule 56.1 Statement.

10. To the extent that paragraph 10 of the Plaintiffs' Rule 56.1 Statement sets forth conclusions of law, BNYM is not required to respond to it. To the extent that it sets forth allegations of fact, BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 10, much of which has been redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM asserts that there are issues of fact as to whether REDACTED is created under the laws of a state other than the United States or IRI, and as to whether ✗ is directly owned more than 50% by IRI, and hence there is an issue as to whether ✗ is an agency or instrumentality of Iran. See Declaration of J. Kelley Nevling, Jr. as counsel for BNYM executed on September 15, 2010 ("Nevling BNYM Dec.") at paragraph 5 and Exh. C.

11. BNYM lacks sufficient information to admit or deny the truth of the allegations of the first sentence of paragraph 11 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof

with respect to these allegations. BNYM lacks sufficient information to admit or deny the truth of the allegations of the second sentence of paragraph 11 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that its attorneys served a Third-Party Summons, BNYM's Third-Party Complaint Against Wire Transfer Parties dated December 31, 2009 and the Plaintiffs' Complaint (the "Third-Party Pleadings") upon Third-Party Defendants [REDACTED] by Federal Express, and that such service was completed on or about February 18, 2010; that its attorneys served the Third-Party Pleadings upon Third-Party Defendant [REDACTED] by Federal Express, and that such service was completed on or about February 18, 2010, that its attorneys served the Third-Party Pleadings upon Third-Party Defendants [REDACTED] by mail, and that such service was completed on or about February 24, 2010; that its attorneys served the Third-Party Pleadings upon Third-Party Defendants [REDACTED] by in-hand service to an officer or agent authorized to accept service, and that such service was made on March 11, 2010; that its attorneys served the Third-Party Pleadings upon Third-Party Defendant [REDACTED] by Federal Express, and that such service was completed on or about February 15, 2010; that its attorneys served the Third-Party Pleadings upon Third-Party Defendant by mail, Federal Express and DHL, and that such service was completed on or before May 1, 2010, that its attorneys served the Third-Party Pleadings upon Third-Party Defendant [REDACTED] by mail, Federal Express and DHL, and that such service

CONFIDENTIAL - FILE UNDER SEAL

was completed on or before May 1, 2010; and that its attorneys served the Third-Party Pleadings upon Third-Party Defendant ✗ by mail, and that such service was completed on or about March 22, 2010 (Nevling BNYM Dec. ¶¶ 8-19). BNYM lacks sufficient information to admit or deny the truth of the allegations of the third sentence of paragraph 11 of Plaintiffs' Rule 56.1 Statement, which uses the undefined term "the Iranian Judgment Creditors" and has been significantly redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

12. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 12 of Plaintiffs' Rule 56.1 Statement, which has been significantly redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that REDACTED have filed answers in this proceeding and refers to those answers for their contents. Nevling BNYM Dec. ¶ 23 and Exhs. E-F.

13. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 13 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

14. BNYM denies the allegations of paragraph 14 of the Plaintiffs' Rule 56.1 Statement. While BNYM is holding the proceeds of a certain blocked wire transfer in a blocked account, it holds those funds subject to its obligations under federal

CONFIDENTIAL - FILE UNDER SEAL

and state law, including the applicable provisions of regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury and of Article 4-A of the New York Uniform Commercial Code, which severely limit its control over those funds.

15. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 15 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

16. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 16 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

17. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 17 of Plaintiffs' Rule 56.1 Statement, which has been significantly redacted, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that on December 31, 2009, it filed its Third-Party Complaint Against Wire Transfer Parties dated December 31, 2009 with the Court and that the persons named as Third-Party Defendants in that third-party complaint included

REDACTED

18. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 18 of Plaintiffs' Rule 56.1 Statement, and so the Court must

determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

19. Assuming that the term "New York Banks" in paragraph 19 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the other terms with initial capitals are being used as they are defined in paragraphs 57 to 65 of Plaintiffs' Rule 56.1 Statement, BNYM denies the allegations of paragraph 19 of the Plaintiffs' Rule 56.1 Statement but admits that the various Third-Party Defendants identified in paragraph 19 were served with the Third-Party Complaints that named them as Third-Party Defendants on various dates on or before June 1, 2010. See Nevling BNYM Dec. ¶¶ 20-22.

20. Assuming that the term "New York Banks" in paragraph 20 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the other terms with initial capitals are being used as they are defined in paragraphs 57 and 58 of Plaintiffs' Rule 56.1 Statement, BNYM admits the allegations of paragraph 20 of the Plaintiffs' Rule 56.1 Statement.

21. Assuming that the term "New York Banks" in paragraph 21 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the term "the Peterson Judgment Creditors" is being used as it is defined in paragraph 59 of Plaintiffs' Rule 56.1 Statement, BNYM admits the allegations of paragraph 21 of the Plaintiffs' Rule 56.1 Statement.

22. Assuming that the term "New York Banks" in paragraph 22 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the term "the Rubin Judgment Creditors" is being used as it is defined

in paragraph 60 of Plaintiffs' Rule 56.1 Statement, BNYM admits the allegations of paragraph 22 of the Plaintiffs' Rule 56.1 Statement except denies that the Rubin Judgment Creditors filed counterclaims against the defendant banks. See Docket No. 145 in this proceeding.

23. Assuming that the term "New York Banks" in paragraph 23 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, that the terms "Bonk Judgment Creditors," "Valore Judgment Creditors," "Silvia Judgment Creditors," Bland Judgment Creditors" and "Brown Judgment Creditors" are being used as they are defined in paragraphs 61 to 64 of Plaintiffs' Rule 56.1 Statement, BNYM admits the allegations of paragraph 23 of the Plaintiffs' Rule 56.1 Statement except denies that so-called Silvia, Bland and Brown Judgment Creditors (who may or may not be judgment creditors of IRI) filed counterclaims against any of the defendant banks (See Docket No. 153 in this proceeding) and states that it is unable to determine when or whether the so-called Bonk and Valore Judgment Creditors (who may or may not be judgment creditors of IRI) filed an answer on April 20, 2010 to the Third-Party Complaint Against the United States and Plaintiffs in Other Actions Against Iran dated December 31, 2009, perhaps because their answer was filed under seal.

24. Assuming that the term "New York Banks" in paragraph 24 of the Plaintiffs' Rule 56.1 Statement means the four banks named as defendants in Plaintiffs' complaint, and that the term "the Heiser Judgment Creditors" is being used as it is defined in paragraph 65 of Plaintiffs' Rule 56.1 Statement, BNYM admits the allegations of paragraph 24 of the Plaintiffs' Rule 56.1 Statement.

**CONFIDENTIAL - FILE UNDER SEAL**

25.  BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 25 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that Plaintiffs have stated that they are not seeking to execute on the "Clearstream Assets" in this proceeding.

26.  BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 26 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

27.  BNYM denies the allegations of paragraph 27 of Plaintiffs' Rule 56.1 Statement, which contradict the allegations of (admitted) paragraph 9. See Docket No. 70 in this proceeding.

28.  BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 28 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

29.  BNYM denies the allegations of the first sentence of paragraph 29 of Plaintiffs' Rule 56.1 Statement except admits that on March 1, 2010, it served written responses and objections to Plaintiffs Request for Production of Documents dated January 26, 2010 and produced documents for Plaintiffs, including documents served on BNYM by counsel for the Acosta Judgment Creditors. BNYM is not required to respond to the second sentence of paragraph 29 of Plaintiffs' Rule 56.1 Statement because it states

**CONFIDENTIAL - FILE UNDER SEAL**

a conclusion of law rather than an allegation of fact as to which there is purportedly no dispute.

30. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 30 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

31. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 31 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

32. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 32 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

33. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 33 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

34. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 34 of Plaintiffs' Rule 56.1 Statement, which has been redacted so substantially that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

**CONFIDENTIAL - FILE UNDER SEAL**

35. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 35 of Plaintiffs' Rule 56.1 Statement, which has been redacted so substantially that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

36. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 36 of Plaintiffs' Rule 56.1 Statement, which has been redacted so substantially that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

37. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 37 of Plaintiffs' Rule 56.1 Statement, which has been redacted so substantially that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

38. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 38 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that insofar as it is aware, the United States of America has not to date asserted any claims to any of the blocked assets involved in this litigation and that, while it was named as a Third-Party Defendant in the defendants' Third-Party Complaint Against United States and Plaintiffs in Other Actions Against Iran, it has been voluntarily dismissed from that third-party action.

**CONFIDENTIAL - FILE UNDER SEAL**

      39.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 39 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that at all relevant times IRI was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979.

      40.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 40 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations, except that BNYM admits that at all relevant times IRI was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979.

      41.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 41 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      42.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 42 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      43.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 43 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court

must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

44. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 44 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

45. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 45 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

46. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 46 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

47. BNYM denies the allegations of paragraph 47 of Plaintiffs' Rule 56.1 Statement but admits that on or about December 24, 2007, it refused to execute funds transfer instructions received by it with respect to a proposed transfer of REDACTED to branches of another bank for the benefit of REDACTED, the specified beneficiary of the funds transfer, and placed the proceeds of the funds transfer into a blocked account, in accordance with the requirements of OFAC Regulations

promulgated pursuant to Presidential Executive Order 13382. See Nevling BNYM Dec. ¶ 3 and Exh. A.

    48.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 48 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

    49.    BNYM denies the allegations of paragraph 47 of Plaintiffs' Rule 56.1 Statement but admits that on or about December 24, 2007, it refused to execute funds transfer instructions received by it with respect to a proposed transfer of [REDACTED] to branches of another bank for the benefit of [REDACTED] the specified beneficiary of the funds transfer, and placed the proceeds of the funds transfer into a blocked account, in accordance with the requirements of OFAC Regulations promulgated pursuant to Presidential Executive Order 13382. See Nevling BNYM Dec. ¶4 and Exh. B.

    50.    To the extent that paragraph 50 of Plaintiffs' Rule 56.1 Statement sets forth a conclusion of law, BNYM is not required to respond to it. To the extent that it sets forth allegations of fact, BNYM asserts that there are issues of fact as to whether [X] is created under the laws of a state other than the United States or IRI, and as to whether [X] is directly owned more than 50% by IRI, which raise issues as to whether [X] is an agency or instrumentality of Iran. See Nevling BNYM Dec. ¶ 5 and Exh. C.

    51.    BNYM denies the allegations of paragraph 51 of Plaintiffs' Rule 56.1 Statement but admits that on or about April 17, 2007, it refused to execute funds transfer instructions received by it with respect to a proposed transfer of [REDACTED] to

branches of another bank for the benefit of ⋅ REDACTED, the specified beneficiary of the funds transfer, and placed the proceeds of the funds transfer into a blocked account, in accordance with the requirements of OFAC Regulations promulgated pursuant to Presidential Executive Order 13382. See Nevling BNYM Dec. ¶ 6 and Exh. D.

      52.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 52 of Plaintiffs' Rule 56.1 Statement, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      53.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 53 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      54.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 54 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

      55.    BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 55 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

**CONFIDENTIAL - FILE UNDER SEAL**

56. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 56 of Plaintiffs' Rule 56.1 Statement, which has been redacted to such an extent that BNYM cannot possibly respond to it, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

57. To the extent that paragraph 57 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Greenbaum Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 57 does not require a response from BNYM. To the extent that paragraph 57 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

58. To the extent that paragraph 58 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Acosta Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 58 does not require a response from BNYM. To the extent that paragraph 58 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

59. To the extent that paragraph 59 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Peterson Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 59 does not require a response from BNYM. To the extent that paragraph 59 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

60. To the extent that paragraph 60 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Rubin Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 60 does not require a response from BNYM. To the extent that paragraph 60 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

61. To the extent that paragraph 61 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Bonk Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 61 does not require a response from BNYM. To the extent that paragraph 61 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or

deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

62. To the extent that paragraph 62 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Silvia Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 57 does not require a response from BNYM. To the extent that paragraph 62 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

63. To the extent that paragraph 63 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Bland Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 63 does not require a response from BNYM. To the extent that paragraph 63 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

64. To the extent that paragraph 64 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Brown Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 64 does not require a response from BNYM. To the extent that paragraph 64 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in

CONFIDENTIAL - FILE UNDER SEAL

favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

65. To the extent that paragraph 65 of the Plaintiffs' Rule 56.1 Statement is simply defining the term "the Greenbaum Judgment Creditors," as used elsewhere in the Plaintiffs' Rule 56.1 Statement, paragraph 65 does not require a response from BNYM. To the extent that paragraph 65 of the Plaintiffs' Rule 56.1 Statement is intended to make a factual statement that a judgment has been entered in favor of the named individuals against, inter alia, IRI, BNYM lacks sufficient information to admit or deny the truth of these allegations, and so the Court must determine whether Plaintiffs have satisfied their burden of proof with respect to these allegations.

Dated: New York, New York
September 15, 2010

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
Howard B. Levi, Esq.
J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail Address: hlevi@llf-law.con

*Attorneys for Defendant and Third-Party Plaintiff The Bank of New York Mellon*