UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------- x

JEREMY LEVIN and DR. LUCILLE LEVIN,

                Plaintiffs,

              - against -

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE, and
CITIBANK,

                Defendants.

-------------------------------------------------------------

THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE BANK, N.A., SOCIETE
GENERALE and CITIBANK, N.A.,

              Third-Party Plaintiffs,

              - against -

STEVEN M. GREENBAUM, STEVEN M.
GREENBAUM (as administrator of the estate of
JUDITH GREENBAUM), ALAN D.
HAYMAN, SHIRLEE HAYMAN, *et al.*,

              Third-Party Defendants.

------------------------------------------------------------- x

Civ. No. 09 Civ. 5900 (RPP)

(FILED PARTIALLY UNDER SEAL
DUE TO CONFIDENTIAL
INFORMATION PER ORDER
DATED JANUARY 21, 2010)

**DEFENDANT/THIRD-PARTY PLAINTIFF CITIBANK, N.A.'S RESPONSE
TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT
OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS FOR
<u>TURNOVER ORDER PHASE ONE ASSETS, PURSUANT TO LOCAL RULE 56.1</u>**

Pursuant to Local Rule 56.1 of the United States District Court for the Southern District of New York, Defendant/Third-Party Plaintiff Citibank, N.A. ("Citi") hereby submits the following Response to Plaintiffs' Local Rule 56.1 Separate Statement of Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment on Claims for Turnover Order for Phase One Assets, dated July 13, 2010 (the "Rule 56.1 Statement").

In accordance with the Court's January 21, 2010 Order, Plaintiffs filed and served Citi with a redacted Rule 56.1 Statement and Citi's response herein is accordingly directed only to the Rule 56.1 Statement served on Citi. To the extent that the Rule 56.1 Statement served on Citi includes assertions of undisputed material fact with respect to matters beyond Citi's knowledge, and/or to the extent that such assertions include redacted information, Citi is unable to, and is not required to, respond to such assertions.

**ISSUE 1:     THE LEVINS HAVE A PRIORITY RIGHT TO COLLECT THE BLOCKED ASSETS HELD BY THE NEW YORK BANKS IN SATISFACTION OF THEIR JUDGMENT.**

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 1. Plaintiff, Mr. Levin, was the CNN bureau chief in Lebanon during a period when the Islamic Republic of Iran ("Iran"), through the Revolutionary Guard, among other entities, was particularly active in violent anti-American activities, using Hizbollah directly and indirectly to commit terrorist acts against American civilians. | Undisputed. | |
| 2. Mr. Levin was held hostage and tortured during 1983-4, held by Hizbollah in a house directly across from the Iranian Revolutionary Guard headquarters in the Bekka Valley of Lebanon. | Undisputed. | |
| 3. After his escape from the terrorists, Mr. Levin returned to the United States. The effects of the torture and imprisonment caused severe and continuing damage to both Mr. Levin and his wife, Plaintiff Dr. Levin. | Undisputed. | |

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 4. On February 6, 2008, after a full trial, the United States District Court for the District of Columbia entered judgment in favor of the Levins and against the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS") and the Iranian Islamic Revolutionary Guard Corp ("IRGC) (collectively referred to as the "Iranian Judgment Debtors"). The judgment is for $28,807,719.00 in compensatory damages.  The Levins did not seek an award of punitive damages. | Undisputed. | |
| 5. In response to information subpoenas served by the Levins, Office of Foreign Asset Control ("OFAC") produced government records which identified assets blocked by OFAC from January 1, 2007 to June 30, 2008 due to Iran or its agents or instrumentalities having an interest in such assets ("Blocked Assets").  In response to additional information subpoenas served on Bank of New York Mellon, N.A. ("BNY" or "Bank of New York"), Societe Generale ("SG"), Citibank, N.A. ("Citibank"), and JPMorgan Chase Bank, N.A. ("JPMorgan") (Collectively "New York Banks"), further identifying information related to OFAC Blocked Assets from July 1, 2008 to June 19, 2009 was also disclosed by the New York Banks from their business records. | Undisputed, except that Citi makes no independent determination whether an asset blocked pursuant to regulations promulgated by OFAC is blocked because Iran or its agents or instrumentalities have an interest in the blocked asset (rather than some other country, entity, person of their agents or instrumentalities), nor whether that interest, if it exists, amounts to property subject to siezure and turnover pursuant to this motion for summary judgment, all of which are genuine material mixed issues of fact and law for this Court to decide.  Citi also notes that it has only seen that portion of the OFAC response to Plaintiffs' information | Smith Decl., Ex. 11 |

3

| | **PLAINTIFFS' UNDISPUTED MATERIAL FACTS** | **CITI'S RESPONSE** | **CITI'S SUPPORTING EVIDENCE** |
|---|---|---|---|
| | | subpoenas which Plaintiffs served on Citi, comprising certain Blocked Assets reported by Citi to OFAC for the relevant time period. | |
| 6. | The Levins registered their judgment in the United States District Court for the Southern District of New York on April 20, 2009. | Undisputed. | |
| 7. | The Levins served the Iranian Judgment Debtors with their judgment on October 14, 2008 through the court and diplomatic channels. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 8. | On June 19, 2009, the Levins delivered Writs of Execution issued by this Court to the United States Marshal for the Southern District of New York for service on the New York Banks. The United States Marshal served the New York Banks with the writs. | Undisputed, but Citi notes that Citi's address for service is 399 Park Avenue. (The writ is alleged to have been delivered to 120 Broadway.) Citi also notes that, although the writ indicates that it was delivered to the United States Marshal on June 19, 2009, it was not served until May 25, 2010. | Smith Decl., Ex. 20. |
| 9. | On June 26, 2009, the Levins filed their Complaint in this Court. | Undisputed. | |
| 10. | The following are agencies and instrumentalities of Iran: **REDACTED** REDACTED **REDACTED** REDACTED ; and **REDACTED**. | Refers the Court to the Clawson Affidavit, ¶ 28. | Clawson Aff. ¶¶ 21, 22, 28; Smith Decl., Ex. 11. |
| 11. | The Levins delivered to the clerk of the court for the Southern District of New York the complaint in this case for service on the Iranian Judgment Debtors | Citi lacks information sufficient to respond to this assertion. | |

4

| | **PLAINTIFFS' UNDISPUTED MATERIAL FACTS** | **CITI'S RESPONSE** | **CITI'S SUPPORTING EVIDENCE** |
|---|---|---|---|
| | and the originators and beneficiaries of the funds at issue through DHL on November 25, 2009 and December 22, 2009, pursuant to United States District Court, Southern District of New York Foreign Mailing Procedures and 28 U.S.C. § 1608(b)(3)(B). As of June 16, 2010, the New York Banks had served all the interplead parties to the Phase One Account, meaning the last day that an interplead party could have responded was July 7, 2010. Only the Iranian Judgment Creditors and **REDACTED** have appeared to contest the turnover of the Phase One funds. | | |
| 12. | **REDACTED** filed an Answer on March 22, 2010 asserting no claims to the funds at issue; **REDACTED** filed an Answer on March 8, 2010 asserting no claims to the funds at issue; and the **REDACTED** delivered a letter to counsel and Court on April 30, 2010 stating that they were taking no action in this matter | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 13. | SG admits that it has control over the Blocked Assets listed in Ex. 3 to the Smith Decl. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 14. | BNY admits that it has control over the Blocked Assets listed in Ex. 4 to the Smith Decl. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 15. | JPMorgan admits that it has control over the Blocked Assets listed in Ex. 5 to the Smith Decl. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |

5

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 16. Citibank admits that it has control over the Blocked Assets listed in Ex. 6 to the Smith Decl. | Undisputed to the extent that Citi has blocked the Blocked Assets and has maintained them in a separate account designated NPWMD. Citi denies that it has control over the Blocked Assets to the extent that it may not release or transfer those assets to any party without an Order from this Court and/or a license from OFAC. | Smith Decl., Ex. 11. |
| 17. The New York Banks filed Interpleader Complaints against the following Commercial third parties: **REDACTED** REDACTED ("Other Third Party Defendant Commercial Entities" or "Transfer Parties"). | Undisputed, except that, as set forth above, Citi lacks information sufficient to respond to the redacted portion of this assertion of undisputed material fact. | |
| 18. SG asserted counterclaims against the Levins in its January 21, 2010 interpleader complaint, and the Levins filed an answer to the counterclaims on January 21, 2010 | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 19. The New York Banks served the Greenbaum and Acosta Judgment Creditors on February 19, 2010; the Peterson Judgment Creditors on February 18, 2010; the Rubin Judgment Creditors on February 8, 2010; the Bonk and Valore Judgment Creditors on February 5, 2010; the Silvia Judgment Creditors on March 30, 2010; the Bland Judgment Creditors on April 9, 2010, the Brown Judgment Creditors on April 9, 2010, and the Heiser Judgment | Undisputed. | |

6

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| Creditors on June 1, 2010. | | |
| 20. The Greenbaum and Acosta Judgment Creditors filed an answer to the third party complaints and filed counterclaims against the New York Banks on April 15, 2010. | Undisputed. | |
| 21. The Peterson Judgment Creditors filed an answer to the third party complaints and filed counterclaims against the New York Banks on June 18, 2010. | Undisputed. | |
| 22. The Rubin Judgment Creditors filed an answer to the third party complaints and filed counterclaims against the New York Banks on April 19, 2010. | Undisputed. | |
| 23. The Bonk, Valore, Silvia, Bland and Brown Judgment Creditors filed answers to the third party complaints and counterclaimed against the New York Banks on April 20, 2010. | Undisputed. | |
| 24. The Heiser Judgment Creditors filed answers to the third party complaints and counterclaimed against the New York Banks on June 15, 2010. | Undisputed. | |
| 25. Some of the other Iranian Judgment Creditors are pursuing assets unrelated to this action. Those assets are known as the "Clearstream Assets." The Levins are not seeking the "Clearstream Assets" in this action. | Undisputed. By Order of this Court dated June 10, 2010, the Clearstream Assets are excluded from the scope of Phase One Assets. | Smith Decl., Ex. 44. |
| 26. On June 19, 2009, pursuant to C.P.L.R. § 5230 (made applicable here by Fed. R. Civ. P. 69), Plaintiffs delivered Writs of Execution issued by this Court on | Undisputed. | |

7

| | PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|---|
| | the United States Marshal for the Southern District of New York for the Blocked Assets. | | |
| 27. | On June 22, 2009, within ninety (90) days of service of the writs of execution, Plaintiffs filed their complaint. | Undisputed, except that according to the return of service, the writ of execution addressed to Citi was served on May 25, 2010. | Smith Decl., Ex. 20. |
| 28. | On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Acosta Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority. | Undisputed, except that a genuine issue of fact and law exists as to whether the Acosta Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | |
| 29. | On March 12, 2010, BNY responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Greenbaum Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority. | Undisputed, except that a genuine issue of fact and law exists as to whether the Greenbaum Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | |
| 30. | On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Rubin Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. | Undisputed, except that a genuine issue of fact and law exists as to whether the Rubin Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | |

8

| | PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|---|
| | None of these documents establish a right in preference to the Levins' priority. | | |
| 31. | On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Bonk and Valore Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority. | Undisputed, except that a genuine issue of fact and law exists as to whether the Bonk and Valore Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | |
| 32. | On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Silvia, Brown and Bland Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority. | Undisputed, except that a genuine issue of fact and law exists as to whether the Silvia, Brown and Bland Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | |
| 33. | In response to an informal request by the Levins, the Peterson Judgment Creditors produced a document, dated June 12, 2008, directed to Citibank, which lists the "Clearstream Assets." None of these documents establish a right in preference to the Levins' priority. | Undisputed. | |
| 34. | **REDACTED** claims an interest in one account at SG and further claims that neither Iran nor its agencies and | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |

9

| | PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|---|
| | instrumentalities have any connection to that one SG account, saying that "neither the Islamic Republic of Iran, nor any Iranian owned or controlled entity, has any ownership or other interest in the funds." **REDACTED** does not have a right in preference to the Levins' priority. | | |
| 35. | **REDACTED** has twice petitioned OFAC to release funds held by SG to it as the entity having a right to the funds and OFAC has denied both petitions. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 36. | **REDACTED** claims that neither Iran nor its agencies or instrumentalities have any connection to accounts in which it has a connection, saying that neither the "Islamic Republic of Iran, nor any Iranian owned or controlled entity has any ownership or other interest in the proceeds of the wire transfers." **REDACTED** has also petitioned OFAC to release the funds. **REDACTED** does not have a right in preference to the Levins' priority. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 37. | **REDACTED** is itself an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 38. | The United States of America is not making any claims to the Blocked Assets and an order has been entered dismissing them. | Although an order has been entered dismissing the United States as a party to this dispute, dismissal is without prejudice and it remains to be seen whether the United States of America will make any | Smith Decl., Ex. 54 |

10

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| | claims to the Blocked Assets or otherwise intervene. | |
| 39. Since January 1984, Iran has been designated a "state sponsor of terrorism" pursuant to provisions of the Export Administration Act because of its sustained and unrepentant acts of terrorism against United States civilians, including murder and torture. | Undisputed. | |
| 40. Iran continues to be designated a state sponsor of terrorism. | Undisputed. | |
| 41. One of the militant, anti-American terrorist groups which Iran has financed, trained and supported is Hizbollah in Lebanon. | Undisputed. | |
| 42. Over more than three decades, Hizbollah has committed many acts of anti-American terrorism with the aid of Iran, including murder, kidnapping and torture. | Undisputed. | |

**ISSUE 2:   DEFENDANT SOCIETE GENERALE IS HOLDING BLOCKED ASSETS BELONGING TO IRAN OR IRANIAN AGENCIES AND INSTRUMENTALITIES.**

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 43. Pursuant to Executive Order 13382 of June 29, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters" ("E.O. 13382") and at the direction of OFAC, SG blocked an account of **REDACTED** whose originator was **REDACTED** | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |

11

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 44. **REDACTED** is an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 45. Pursuant to E.O. 13382 and at the direction of OFAC, SG blocked an account of **REDACTED** whose originator was **REDACTED**. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 46. **REDACTED** is an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |

**ISSUE 3:   DEFENDANT THE BANK OF NEW YORK MELLON IS HOLDING BLOCKED ASSETS BELONGING TO IRAN OR IRANIAN AGENCIES AND INSTRUMENTALITIES.**

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 47. Pursuant to E.O. 13382 and at the direction of OFAC, Bank of New York blocked an account of **REDACTED** whose beneficiary was **REDACTED**. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 48. **REDACTED** is an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 49. Pursuant to E.O. 13382 and at the direction of OFAC, Bank of New York blocked an account of **REDACTED** whose beneficiary was **REDACTED**. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 50. **REDACTED** is an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 51. Pursuant to E.O. 13382 and at the direction of OFAC, Bank of New York blocked an account of | Citi lacks information sufficient to respond to this assertion of undisputed | |

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| **REDACTED** whose beneficiary was **REDACTED**. | material fact. | |
| 52. **REDACTED** is an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |

**ISSUE 4:** DEFENDANT JPMORGAN CHASE IS HOLDING BLOCKED ASSETS BELONGING TO IRAN OR IRANIAN AGENCIES OR INSTRUMENTALITIES.

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 53. Pursuant E.O. 13382 and at the direction of OFAC, JPMorgan blocked an account of **REDACTED** whose beneficiary was **REDACTED**. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |
| 54. **REDACTED** is an agency or instrumentality of Iran. | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | |

**ISSUE 5:** DEFENDANT CITIBANK IS HOLDING BLOCKED ASSETS BELONGING TO IRAN OR IRANIAN AGENCIES OR INSTRUMENTALITIES.

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 55. Pursuant to E.O. 13382 and at the direction of OFAC, Citibank blocked an account of REDACTED whose beneficiary was REDACTED | Undisputed. | |
| 56. REDACTED is an agency or instrumentality of Iran. | Refers the Court to the Clawson Affidavit, ¶ 28. | Clawson Aff., ¶ 28. |

13

**ISSUE 6:    THE NEW YORK BANKS SERVED THIRD-PARTY JUDGMENT HOLDERS WITH INTERPLEADER COMPLAINTS.**

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | CITI'S RESPONSE | CITI'S SUPPORTING EVIDENCE |
|---|---|---|
| 57. The Greenbaum Judgment Creditors consist of: Steven M. Greenbaum (sued individually and as Administrator of The Estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors"). | Undisputed. | |
| 58. The Acosta Judgment Creditors consist of: Carlos Acosta, Maria Acosta, Tova Ettinger, Irving Franklin (on his own behalf and as Administrator of The Estate of the late Irma Franklin), Baruch Kahane, Libby Kahane (on her own behalf and as Administratrix of The Estate of the late Meir Kahane), Ethel J. Griffin (as Administratix of The Estate of the late Sonia Kahane), and Ciporah Kaplan (collectively, the "Acosta Judgment Creditors") | Undisputed. | |
| 59. The Peterson Judgment Creditors consist of: … (collectively, the "Peterson Judgment Creditors"). | Undisputed. | |
| 60. The Rubin Judgment Creditors consist of: Jenny Rubin, Deborah Rubin, Daniel Miller, Abraham Mendelson, Stuart E. Hersh, Renay Frym, Noam Rozenman, Elena Rozenman, and Tzvi Rozenman (collectively, the "Rubin Judgment Creditors"). | Undisputed. | |
| 61. The Bonk Judgment Creditors consist of: … (collectively, the "Valore Judgment Creditors"). | Undisputed. | |
| 62. The Silvia Judgment Creditors consist of: the Estate of James | Undisputed. | |

14

| **PLAINTIFFS' UNDISPUTED MATERIAL FACTS** | **CITI'S RESPONSE** | **CITI'S SUPPORTING EVIDENCE** |
|---|---|---|
| Silvia by and through its Administrator, Lynne Michol Spencer, and Lynne Michol Spencer individually (collectively, the "Silvia Judgment Creditors"). | | |
| 63. The Bland Judgment Creditors consist of: … (collectively, the "Bland Judgment Creditors"). | Undisputed. | |
| 64. The Brown Judgment Creditors consist of: … (collectively, the "Brown Judgment Creditors") | Undisputed. | |
| 65. The Heiser Judgment Creditors consist of: …. | Undisputed. | |

Dated: New York, New York
　　　　September 15, 2010

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　DAVIS WRIGHT TREMAINE LLP


　　　　　　　　　　　　　　　　By: s/Sharon L. Schneier
　　　　　　　　　　　　　　　　　　Sharon L. Schneier
　　　　　　　　　　　　　　　　　　Christopher J. Robinson

　　　　　　　　　　　　　　　　1633 Broadway 27th floor
　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　(212) 489-8230

　　　　　　　　　　　　　　　　*Attorneys for Defendant/Third-Party Plaintiff Citibank, N.A.*

DWT 15302787v1 0067486-000015