UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, <br><br> Plaintiffs, <br><br> -v- <br><br> BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK, <br><br> Defendants. <br> _____ <br><br> THE BANK OF NEW YORK MELLON, <br><br> Third-Party Plaintiff, <br><br> -v- <br><br> ██████████████████████ <br><br> Third-Party Defendants. <br><br> _____ <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Third-Party Plaintiff, <br><br> -v- <br><br> ██████████████████████ <br><br> Third-Party Defendants. <br><br><br> CAPTION CONTINUED ON NEXT PAGE | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION PER ORDER DATED JANUARY 21, 2010) <br><br> Civ. No. 09 CV 5900 (RPP) <br><br> **PLAINTIFFS' RESPONSE AND COUNTERSTATEMENT TO HEISER JUDGMENT CREDITORS' SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR  PARTIAL SUMMARY JUDGMENT AND TO SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF (1) OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND (2) HEISER CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> **[Reply Memorandum of Law in Support of Motion and in Opposition to Cross-Motion, Supplemental Declaration of Suzelle M. Smith and Exhibits Thereto Filed Concurrently Herewith]** <br><br> DATE:  September 29, 2010 <br> TIME:  9:30 a.m. <br> PLACE:  Courtroom 24A |

SOCIETE GENERALE,

        Third-Party Plaintiff,

       -v-

███████████████████████

        Third-Party Cross-Claim
        Defendant, and

██████████████████

        Third-Party Defendants.

_____

CITIBANK, N.A.,

        Third-Party Plaintiff,

       -v-

███████████████████████

        Third-Party Defendants.

_____

THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE, N.A., SOCIETE
GENERALE and CITIBANK, N.A.,

        Third-Party Plaintiffs,

     -v-

STEVEN M. GREENBAUM, et al.

        Third-Party Defendants.

Civ. No. 09 CV 5900 (RPP)

CAPTION CONTINUED ON NEXT PAGE

10:P2401002.doc

| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A., |
|---|
| Third-Party Plaintiffs, |
| -v- |
| THE ESTATE OF JAMES SILVIA AND LYNNE MICHOL SPENCER, et al., |
| Third-Party Defendants. |

Civ. No. 09 CV 5900 (RPP)

I.    **PLAINTIFFS' RESPONSE AND OBJECTIONS TO HEISER JUDGMENT CREDITORS' SEPARATE STATEMENT OF DISPUTED FACTS IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT[1]**

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | HEISERS' ("THIRD PARTY DEFENDANTS") RESPONSE AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND OBJECTIONS TO HEISER'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 10.  The following are agencies and instrumentalities of Iran: ▮ | Bank Sepah International, plc is not an agency or instrumentality of Iran under 28 U.S.C. s.1603(b) because ▮ | No party offers any evidence to support that there is any factual issue that the entities set forth in the Clawson affidavit are agencies and instrumentalities under TRIA 2002.  Heiser asserts that as a matter of law, ▮ is not for purposes of the Levins' action but is for purposes of Heiser. |

---

[1] Other than the specific numbered paragraphs herein all other numbered paragraphs in the Levin Plaintiffs' Separate Statement are undisputed in their entirety by the Heiser Third Party Defendants.  See Heiser Separate Statement of Disputed Facts.

| ███████████████ | are not agencies or instrumentalities of Iran because Iran does not own a direct interest in any of these entities. | |
|---|---|---|
| *See Clawson Aff. ¶¶ 21-34.* | *See Ex. 9 to Misler Decl.; 28 U.S.C. s.1603(b) (defining an agency or instrumentality of a foreign state); Dole Food Co. v. Patickson, 528 U.S. 468, 474 (2003); Ocean Line Holdings, Ltd. V. China Nat'l Chartering Corp., 578 F. Supp. 2d 621, 625 (S.D.N.Y. 2008). Clawson Aff. ¶¶ 29, 30, 31, 32, 33, 34.  See also www.petropars.com.* | *See Affidavit of Clawson and Levin Response and Opposition Memorandum of Law.* |
| 24.  The Heiser Judgment Creditors filed answers to the third party complaints and counterclaimed against the New York Banks on June 15, 2010. | The Heisers counterclaimed against the New York Banks (as defined by the Levins'), however, the Heisers filed an amended answer retracting its counterclaims against Citibank, N.A. and Societe General. | Plaintiffs do not dispute that the Heisers filed an amended answer.   There is no disputed issue of material fact. |
| *See Ex. 37 to Smith Decl.* | *Amended Answer of the Estate of Michael Heiser, et al. (Docket No. 212)* | |
| 37.  ████ is itself an agency or instrumentality of Iran. | ████████████████ is not an agency or instrumentality of Iran under the definition contained in 28 U.S.C. s1603(b) because it is a wholly owned subsidiary of Islamic Republic of Iran Shipping Lines. | No party offers any evidence to support that there is any factual issue that the entities set forth in the Clawson affidavit are agencies and instrumentalities under TRIA 2002.  Heiser asserts that as a matter of law, ████████ ████████ is not for purposes of the Levins' action but is for purposes of Heiser. |

| | | |
|---|---|---|
| *See Clawson Aff. ¶ 32; see also Ex. 32 to Smith Decl.* | *28 U.S.C. s1603(b) (defining an agency or instrumentality of a foreign state); Dole Food Co. v. Patrickson, 538 U.S. 468, 474 (2003); Ocean Line Holdings, Ltd. V china Nat'l Chartering corp., 578 F. Supp. 2d 621, 625 (S.D.N.Y. 2008). Clawson Aff. ¶ 32.* | *See Affidavit of Clawson and Levin Response and Opposition Memorandum of Law.* |
| 50. ▮▮▮▮▮▮▮▮▮ is an agency or instrumentality of Iran. | ▮▮▮▮▮▮▮ is not an agency or instrumentality of Iran under 28 U.S.C. s.1603(b) because ▮▮▮▮▮▮▮▮▮▮ is a wholly owned subsidiary of ▮▮▮▮▮▮▮▮ | No party offers any evidence to support that there is any factual issue that the entities set forth in the Clawson affidavit are agencies and instrumentalities under TRIA 2002.  Heiser asserts that as a matter of law, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮ is not for purposes of the Levins' action but <u>is</u> for purposes of Heiser. |
| *See Clawson Aff. ¶ 29.* | *See Ex. 9 to Misler Decl; 28 U.S.C. s.1603(b) (defining an agency or instrumentality of a foreign state); Dole Food Co. v. Patrickson, 538 U.S. 468, 474 (2003); Ocean Line Holdings, Ltd. V China Nat'l Chartering Corp., 578 F. Supp. 2d 621, 625 (S.D.N.Y. 2008) Clawson Aff. ¶ 29* | *See Affidavit of Clawson and Levin Response and Opposition Memorandum of Law.* |

/ / /

/ / /

/ / /

/ / /

II.   **PLAINTIFFS' RESPONSE AND OBJECTIONS TO SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HEISER JUDGMENT CREDITORS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENTAND HEISER CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**

| DEFENDANT HEISERS' STATEMENT OF UNDISPUTED FACTS | PLAINTIFFS' RESPONSE AND OBJECTIONS | PLAINTIFFS' SUPPORTING EVIDENCE |
|---|---|---|
| 1.    At approximately 9:50 p.m., Saudi Arabian time, on June 25, 1996, security guards stationed atop of Building 131 of the Khobar  Towers complex in Saudi  Arabia witnessed a large gasoline tanker truck pull up alongside  the perimeter wall of the complex.  The driver of  the tanker  truck jumped out and ran over to and got into a car that  had pulled up near the tanker truck, The car sped off,  The security guards became gravely concerned and immediately began to evacuate  the Khobar owers complex. The tanker truck, however, exploded with terrible force within approximately fifteen minutes.  The force of the explosion equaled that of 20,000 pounds of TNT according to the later investigation.  The explosion sheared off  the face of Building 131  and  reduced  most of the building to rubble.  Nineteen U.S. Air Force personnel were killed and hundreds of others were injured in the explosion.  The U.S. Department of Defense later stated that the explosion was the largest non-nuclear explosion ever as of its date.  *See  Estate  of Heiser  v. Islamic Republic of Iran, 466  F. Supp. 2d 229, 252  (D.D,C, 2006)* | Undisputed | |

| | | |
|---|---|---|
| 2. The American citizens who were killed on June 25, 1996 as a result of the attack on the Khobar Towers include: (1) Master Sergeant Michael Heiser; (2) Captain Leland Timothy Haun; (3) Airman First-Class Justin R, Wood; (4) Senior Airman Earl F. Cartrette, Jr,; (5) Airman First Class Brian McVeigh; (6) Sergeant Millard D. Campbell; (7) Staff Sergeant Kevin I. Johnson; (8) Airman First Class Joseph E, Rimkus; (9) Airman First Class Brent' Marthaler; (10) Technical Sergeant Thanh Van Nguyen; (II) Airman First Class Joshua E, Woody; (12) Airman First Class Peter J. Morgera; (13) Master Sergeant Kendall Kitson, Jr.; (14) Captain Christopher Adams; (15) Airman First Class Christopher Lester; (16) Senior Airman Jeremy A. Taylor; and (17) Technical Sergeant Patrick P. Fennig.<br><br>*See Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229, 251 (D.D.C. 2006).* | Undisputed | |
| 3. On September 29, 2000, the personal representatives of the Heiser, Haun, Wood, Cartrette, and McVeigh estates filed a complaint for wrongful death and intentional infliction of emotional distress under the Foreign Sovereign Immunity Act on behalf of themselves individually and the estates against the Islamic Republic of Iran, the Iranian Ministry of Information & Security | Undisputed | |

| | | |
|---|---|---|
| ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC"), among others, in the U.S. District Court for the District of Columbia (the "D.C. District Court") (Case No. OO-CV-2329) ("Heiser v. Iran").<br><br>*See Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006).* | | |
| 4. On October 9, 2001, the personal representatives of the Campbell, Johnson, Rimkus, Marthaler, Nguyen, Woody, and Morgera estates filed a complaint for wrongful death and intentional infliction of emotional distress under the FSIA on behalf of themselves individually and the estates against Iran, MOIS, and IRGC, among others, in the D.C. District Court (Case No. 01-CV-2104) ("Campbell v. Iran").<br><br>*See Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006).* | Undisputed | |
| 5. The D.C. District Court consolidated Heiser v. Iran and Campbell v. Iran on February 1, 2002, upon finding that they involve common questions of law and fact.<br><br>*See Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006).* | Undisputed | |
| 6. On December 22, 2006, the D.C. District Court entered a Default Judgment against Iran, MOIS, and IRGC, jointly and | Undisputed | |

| | | |
|---|---|---|
| severally, and in favor of most of the plaintiffs in the consolidated actions, awarding economic and compensatory damages totaling $254,431,903.00 (the "December 2006 Judgment"). However, the D.C. District Court denied the Heisers' punitive damages claim.<br><br>*See Misler Decl., Ex. 1; Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C.2006).* | | |
| 7. On February 7, 2008, D.C. District Court granted In favor of the Heisers an order, pursuant to 28 U.S.C. §1610(c), (a) declaring that a reasonable period of time had elapsed following the entry of the December 2006 Judgment and the giving of notice thereof under 28 U.S.C. § 1608(e), and (b) ordering that the Heisers may pursue attachment. In aid of execution and execution of the December 2006 Judgment.<br><br>*See Misler Decl., Ex. 2.* | Undisputed | |
| 8. On January 13, 2009, the Honorable Judge Lamberth of the D.C. District Court determined that Heisers' action satisfied the conditions for retroactive application of section 1605A and issued an order holding that the Heisers are entitled to proceed before the court under the terms of the Act. As a result, the December 2006 Judgment became a judgment under 28 U.S.C. § 1605A. | Undisputed | |

| | | |
|---|---|---|
| *See Misler Decl., Ex. 3.* | | |
| 9. As of the date of this memorandum, the Judgment remains unsatisfied in the amount of $591,089,966.00, plus post-judgment interest a the legal rate, against judgment debtors the Islamic Republic of Iran, MOIS, and IRGC, and any agencies or instrumentalities thereof (collectively referred to herein as "Iran").<br><br>*See Misler Decl., Exs. 1 & 4.* | Disputed. To the extent that the award includes punitive damages, those punitive damages may not be satisfied by attachment or execution of blocked assets under TRIA. | *See TRIA.* |
| 10. On August 27, 2008, the Heisers registered the Judgment with the U.S. District Court for the District of Maryland, Case No. 08-mc-212 (the "Maryland District Court").<br><br>*See Misler DecL, Ex. 5.* | Undisputed | |
| 11. On April 27, 2010, the Heisers filed a Request for Writ to The Bank of New York ("BONY") in the Maryland District Mellon Court, On April 30, 2010, the Maryland District Court issued a Writ of Garnishment to The Bank of New York Mellon (the "Heiser BONY Writ").<br><br>*See Misler DecL, Ex,6.* | Undisputed | |
| 12. The Heiser BONY writ was served on BONY on May 3, 2010, and an affidavit of service evidencing the same was filed with the Maryland District Court on May 28, 2010.<br><br>*See Misler DecL, Ex,7.* | Undisputed | |

| | | |
|---|---|---|
| 13.  In addition,  on May 27, 2010,  a copy  of the Heiser BONY  Writ  was  mailed to, among others, Iran,  Bank Melli Iran,  Bank Sepah, and Bank Sepah International  and  an affidavit  of service evidencing the  same was filed  with the Maryland District Court on May 28, 2010.<br><br>*See Misler DecL, Ex,8.* | Undisputed | |
| 14.  In accordance with 28 U.S.C. § 1608(e), Iran, MOIS,  and IRGC  were  properly served with a copy  of the  Judgment  pursuant to 28 U.S.C. § 1608.<br><br>*See Misler DecL, Ex,2.* | Undisputed | |

### III.  PLAINTIFFS' COUNTERSTATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN OPPOSITION TO HEISER CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. ▇▇▇▇ is owned by Iran and is one of Iran's national banks. ▇▇▇ was formed by ▇▇▇▇▇ and replaced the London Branch of ▇▇▇ ▇▇▇ is backed by Iran. ▇▇▇ does the bidding of Iran, including facilitating Iran's nuclear development ambitions.  As ▇▇▇ own website says: '▇▇▇ was incorporated as a company registered in England in 2002 and took over the assets, liabilities and business of the London Branch of ▇▇▇▇▇ The branch had been operating in the City of London since 1972 and as well as the branch's business ▇▇▇ also assumed its highly experienced staff. The bank | *See Ex C to Nevling Decl in Support of the Bank of New York Mellon's Response.* |

| | |
|---|---|
| is a wholly owned subsidiary of ▉▉▉▉ ▉ which is the oldest of the Iranian banks having been established in 1925.  ▉▉▉▉ has a large network of branches in Iran as well as offices in Paris, Frankfurt and Rome. ▉▉▉ not only enjoys the support of its parent but also the support of the Central Bank of Iran." | |
| 2.  The Levins delivered their writs against Bank of New York Mellon, Citibank, N.A., JPMorgan Chase, N.A., and Societe Generale to the U.S. Marshal of the Southern District of New York on June 19, 2009. | *See Ex. 17-20 to Smith Decl.* |
| 3.  The Levins filed their complaint in this action on June 26, 2009 which was within 90 days of delivery. | *See Ex. 62 to Smith Decl.* |
| 4.  The Levins served the Iranian Judgment Debtors with their judgment on October 14, 2008 through the court and diplomatic channels in compliance with 28 U.S.C. §1608. | *See Ex. 16 to Smith Decl.; see also Ex. 3 to Supp. Smith Decl.* |

Dated:  September 24, 2010          HOWARTH & SMITH

By:    _/s/Suzelle M. Smith_____
       Suzelle M. Smith
       Don Howarth
       523 West sixth Street, Suite 728
       Los Angeles, California  90014
       ssmith@howarth-smith.com
       *Attorneys for Plaintiffs*