UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | Case No. 09 Civ. 5900 (RPP) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

-----------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | |
| Third-Party Plaintiff, | : | **RESPONSE OF DEFENDANT THE BANK OF NEW YORK MELLON TO THE HEISER THIRD-PARTY DEFENDANTS' RULE 56.1 STATEMENT** |
| -against- | : | |
| ESTATE OF MICHAEL HEISER, et al., | : | |
| Third-Party Defendants. | : | |

-----------------------------------------------------------x

Defendant and Third-Party Plaintiff The Bank of New York Mellon ("BNYM"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its response to the Local Rule 56.1 Separate Statement of Undisputed Facts in Support of the Estate of Michael Heiser, et al.'s (I) Opposition to the Plaintiffs' Motion for Partial Summary Judgment . . . and (II) Cross-Motion for Partial Summary Judgment dated September 13, 2010 (the "Heiser Parties' Rule 56.1 Statement"), states as follows:

      1.      BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 1 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether Third-Party Defendants Estate of Michael Heiser, et al. (the "Heiser Parties") have satisfied their burden of proof with respect to these allegations.

2. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 2 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

3. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 3 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

4. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 4 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

5. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 5 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

6. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 6 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

7. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 7 of the Heiser Parties' Rule 56.1 Statement, and so the

Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

8. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 8 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

9. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 9 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

10. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 10 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

11. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 11 of the Heiser Parties' Rule 56.1 Statement, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations, except that BNYM admits that on or about April 30, 2010, the United States District Court for the District of Maryland issued a writ of garnishment directed to the Bank of New York Mellon (the "Heiser Maryland Writ"), and refers to the Heiser Maryland Writ for the contents thereof.

12. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 12 of the Heiser Parties' Rule 56.1 Statement, and so the

Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations, except that BNYM admits that the Heiser Maryland Writ was served on BNYM in Maryland on May 3, 2010. BNYM denies that a writ of garnishment issued by a court in Maryland and served on BNYM in Maryland would permit execution on assets held by it in New York. *See, e.g.*, CPLR § 5230; *Allied Maritime, Inc. v. Descatrade SA*, Docket No. 09-5329-cv, 2010 WL 3447882, at *3 (2d Cir. Sep. 3, 2010); *Nat'l Union Fire Ins. Co. v. Advanced Emp't Concepts, Inc.*, 269 A.D.2d 101, 703 N.Y.S.2d 3 (1st Dep't 2000); *see also Livingston v. Naylor*, 173 Md. App. 488, 920 A.2d 34 (2005).

        13. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 13 of the Heiser Parties' Rule 56.1 Statement, which has been extensively redacted, and so the Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

        14. BNYM lacks sufficient information to admit or deny the truth of the allegations of paragraph 14 of the Heiser Parties' Rule 56.1 Statement, and so the

Court must determine whether the Heiser Parties have satisfied their burden of proof with respect to these allegations.

Dated: New York, New York
       September 27, 2010

                        LEVI LUBARSKY & FEIGENBAUM LLP

                        By: _____
                            Howard B. Levi, Esq.
                            J. Kelley Nevling, Jr., Esq.
                        1185 Avenue of the Americas, 17th Floor
                        New York, NY 10036
                        Tel. No. (212) 308-6100
                        E-mail Address: hlevi@llf-law.con

                        *Attorneys for Defendant and Third-Party*
                        *Plaintiff The Bank of New York Mellon*