UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,          :          Case No. 09 Civ. 5900 (RPP)

                Plaintiffs,          :

            -against-          :

BANK OF NEW YORK, et al.,          :

            Defendants.          :
-------------------------------------------------------------x

JPMCB CHASE BANK, N.A.,          :

           Third-Party Plaintiff,          :

          -against-          :

STEVEN M. GREENBAUM, et al.,  :

           Third-Party Defendants.          :
-------------------------------------------------------------x

**RESPONSE OF DEFENDANT
JPMORGAN CHASE BANK,
N.A. TO ESTATE OF
MICHAEL HEISER, ET AL.'S
RULE 56.1 STATEMENT**

Defendant and Third-Party Plaintiff JPMorgan Chase Bank, N.A.

("JPMCB"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its response to the

Greenbaum and Acosta Judgment Creditors' Response and Counterstatement of

Undisputed Facts in Support of Plaintiffs' Motion for Partial Summary Judgment [Etc.]

dated September 13, 2010 (the "Greenbaum/Acosta Parties' Rule 56.1 Statement"), states

as follows:

        1-65.   In response to paragraphs 1 to 65 of the Greenbaum/Acosta

Parties' Rule 56.1 Statement, JPMCB incorporates by reference paragraphs 1 to 65 of the

Response of Defendant JPMorgan Chase Bank, N.A. to Plaintiffs' Rule 56.1 Statement

dated September 15, 2010, as if set forth here in full.

66.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 66 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether Third-Party Defendants Steven M. Greenbaum et al. and Carlos Acosta et al. (the "Greenbaum and Acosta Parties") have satisfied their burden of proof with respect to these allegations.

67.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 67 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

68.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 68 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

69.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 69 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

70.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 70 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

71.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 71 of the Greenbaum/Acosta Parties' Rule 56.1 Statement,

and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

72.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 72 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

73.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 73 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

74.    JPMCB admits the allegations of paragraph 74 of the Greenbaum/Acosta Parties' Rule 56.1 Statement.

75.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 75 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

76.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 76 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

77.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 77 of the Greenbaum/Acosta Parties' Rule 56.1 Statement,

3

and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

78.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 78 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

79.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 79 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

80.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 80 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, which has been completely redacted, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

81.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 81 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

82.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 82 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

83.    JPMCB admits the allegations of paragraph 83 of the Greenbaum/Acosta Parties' Rule 56.1 Statement.

84.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 84 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

85.    JPMCB denies the allegations of paragraph 85 of the Greenbaum/Acosta Parties' Rule 56.1 Statement and states that the Bonk and Valore Third-Party Defendants have filed an answer to the third-party complaint against them to which the Court is respectfully referred.

86.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 86 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

87.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 87 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

88.    JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 88 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

89.   JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 89 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

90.   JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 90 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations, except that JPMCB admits that counsel for Third-Party Defendants Deborah D. Peterson, et al. has indicated an interest in having the third-party complaint against his clients and his clients' counterclaims dismissed and has had communications with counsel for JPMCB and the other defendants regarding this request.

91.   JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 91 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations.

92.   JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 92 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations, except that JPMCB admits that it is not making any claim to the proceeds of the sole blocked funds transfer being held by it that is included in Phase 1 of this proceeding, and so is a disinterested stakeholder with respect thereto, and admits that it has filed and served third-party

complaints in this proceeding that seek, inter alia, interpleader relief, to which the Court is respectfully referred.

93.     JPMCB lacks sufficient information to admit or deny the truth of the allegations of paragraph 93 of the Greenbaum/Acosta Parties' Rule 56.1 Statement, and so the Court must determine whether the Greenbaum and Acosta Parties have satisfied their burden of proof with respect to these allegations, except that JPMCB admits that insofar as it can determine, none of the parties to the sole blocked funds transfer being held by JPMCB that is included in Phase 1 of this proceeding has served an answer on counsel for JPMCB that asserts a claim to the proceeds of that blocked funds transfer.

Dated: New York, New York
         September 27, 2010

                    LEVI LUBARSKY & FEIGENBAUM LLP

                    By: _____
                         Howard B. Levi, Esq.
                         J. Kelley Nevling, Jr., Esq.
                    1185 Avenue of the Americas, 17th Floor
                    New York, NY 10036
                    Tel. No. (212) 308-6100
                    E-mail Address: hlevi@llf-law.con

                    *Attorneys for Defendant and Third-Party
                    Plaintiff JPMorgan Chase Bank, N.A.*