UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

    Plaintiffs,

-v-

BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,

    Defendants.

---

THE BANK OF NEW YORK MELLON,

    Third-Party Plaintiff,

-v-

████████████████████████

    Third-Party Defendants.

---

JPMORGAN CHASE BANK, N.A.,

    Third-Party Plaintiff,

-v-

████████████████████████

    Third-Party Defendants.

CAPTION CONTINUED ON NEXT PAGE

(FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION PER ORDER DATED JANUARY 21, 2010)

Civ. No. 09 CV 5900 (RPP)

**PLAINTIFFS' RESPONSE TO DEFENDANT CITIBANK'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS FOR TURNOVER ORDER PHASE ONE ASSETS, PURSUANT TO LOCAL RULE 56.1[1]**

[Reply Memorandum of Law in Support of Motion, Supplemental Declaration of Suzelle M. Smith and Exhibits Thereto Filed Concurrently Herewith]

DATE: September 29, 2010
TIME: 9:30 a.m.
PLACE: Courtroom 24A

---

[1] Other than the specific numbered paragraphs herein all other numbered paragraphs in the Levin Plaintiffs' Separate Statement are undisputed in their entirety by Defendant Citibank. See Citibank Response to Plaintiffs' Statement of Undisputed Facts.

10:P2406002.doc

| | |
|---|---|
| SOCIETE GENERALE,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　-v-<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>　　　　Third-Party Cross-Claim<br>　　　　　Defendant, and<br><br>▬▬▬▬▬▬▬▬<br><br>　　　　Third-Party Defendants.<br><br>———————————————<br><br>CITIBANK, N.A.,<br><br>　　　　　Third-Party Plaintiff,<br><br>　　-v-<br><br>▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬<br><br>　　　　Third-Party Defendants.<br><br>———————————————<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A.,<br><br>　　　　　Third-Party Plaintiffs,<br><br>　　-v-<br><br>STEVEN M. GREENBAUM, et al.<br><br>　　　　Third-Party Defendants. | Civ. No. 09 CV 5900 (RPP) |

CAPTION CONTINUED ON NEXT PAGE

| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A., |   |
|---|---|
| Third-Party Plaintiffs, | Civ. No. 09 CV 5900 (RPP) |
| -v- |   |
| THE ESTATE OF JAMES SILVIA AND LYNNE MICHOL SPENCER, et al., |   |
| Third-Party Defendants. |   |

**PLAINTIFFS' RESPONSE TO DEFENDANT CITIBANK'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS FOR TURNOVER ORDER PHASE ONE ASSETS, PURSUANT TO LOCAL RULE 56.1[2]**

| PLAINTIFFS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | CITIBANK ("DEFENDANT ") RESPONSE AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE AND OBJECTIONS TO CITIBANKS' RESPONSE AND SUPPORTING EVIDENCE |
|---|---|---|
| 5. In response to information subpoenas served by the Levins, Office of Foreign Asset Control ("OFAC") produced government records which identified assets blocked by OFAC from January 1, 2007 to June 30, 2008 due to Iran or its agents or instrumentalities having an interest in such assets ("Blocked Assets"). In response to additional | Undisputed, except Citi makes no independent determination whether an asset blocked pursuant to regulations promulgated by OFAC is blocked because Iran or its agents or instrumentalities have an interest in the blocked asset (rather than some other country, entity, person of their agents or instrumentalities), nor whether that interest, if it exists, amounts to property | Defendant does not dispute the allegations. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |

---

[2] Other than the specific numbered paragraphs herein all other numbered paragraphs in the Levin Plaintiffs' Separate Statement are undisputed in their entirety by Defendant Citibank. See Citibank Response to Plaintiffs' Statement of Undisputed Facts.

| | | |
|---|---|---|
| information subpoenas served on Bank of New York Mellon, N.A. ("BNY" or "Bank of New York"), Societe Generale ("SG"), Citibank, N.A. ("Citibank"), and JPMorgan Chase Bank, N.A. ("JPMorgan") (Collectively "New York Banks"), further identifying information related to OFAC Blocked Assets from July 1, 2008 to June 19, 2009 was also disclosed by the NY Banks from their business records.<br><br>*See Exs. 2-6, 8-12 to Smith Decl.* | subject to seizure and turnover pursuant to this motion for summary judgment all of which are genuine material mixed issues of fact and law for this court to decide. Citi also notes that it has only seen that portion of the OFAC response to Plaintiffs' information subpoenas which Plaintiffs served on Citi, comprising certain Blocked Assets reported by Citi to OFAC for the relevant time period.<br><br>*Smith Decl., Ex.11* | |
| 7.  The Levins served the Iranian Judgment Debtors with their judgment on October 14, 2008 through the court and diplomatic channels.<br><br>*See Ex. 16 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 8.  On June 19, 2009, the Levins delivered Writs of Execution issued by this Court to the United States Marshal for the Southern District of New York for service on the New York Banks. The United States Marshal served the New York Banks with the writs.<br><br>*See Exs. 17-20 to Smith Decl.* | Undisputed, but Citi notes that Citi's address for service is 399 Park Avenue.  (The writ is alleged to have been delivered to 120 Broadway.) Citi also notes that, although the writ indicates that it was delivered to the United States Marshal on June 19, 2009, it was not served until May 25, 2010.<br><br>*Smith Decl., Ex.20* | Defendants admit the fact is undisputed.  Defendant's qualification does not raise a material issue of fact.  There is no disputed issue of material fact. |

| | | |
|---|---|---|
| 10. The following are agencies and instrumentalities of Iran: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Clawson Aff. ¶¶ 21-34.* | Refers the Court to the Clawson Affidavit, ¶ 28. *Clawson Aff. ¶¶ 21, 22, 28; Smith Decl., Ex. 11.* | Defendant does not dispute the fact. Defendant does not offer any evidence to support that there is any factual issue about whether the entities set forth in Clawson Affidavit are agencies and instrumentalities of Iran under TRIA. |
| 11. The Levins delivered to the clerk of the court for the Southern District of New York the complaint in this case for service on the Iranian Judgment Debtors and the originators and beneficiaries of the funds at issue through DHL on November 25, 2009 and December 22, 2009, pursuant to United States District Court, Southern District of New York Foreign Mailing Procedures and 28 U.S.C. § 1608(b)(3)(B). As of June 16, 2010, The New York Banks had served all the interplead parties to the Phase One Account, meaning the last day that an interplead party could have responded was July 7, 2010. Only the Iranian Judgment Creditors and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ have appeared to contest the turnover of the Phase One funds. | Citi lacks information sufficient to respond to this assertion. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |

| | | |
|---|---|---|
| *See Exs. 21, 39-45, 52, 63 to Smith Decl.* | | |
| 12. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ filed an Answer on March 22, 2010 asserting no claims to the funds at issue; ▓▓▓▓▓▓ filed an Answer on March 8, 2010 asserting no claims to the funds at issue; and the ▓▓▓▓▓▓▓▓▓▓ delivered a letter to counsel and Court on April 30, 2010 stating that they were taking no action in this matter.<br><br>*See Exs. 47-49 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations.  There is no disputed issue of material fact. |
| 13.  SG admits that it has control over the Blocked Assets listed in Ex. 3 to the Smith Decl.<br><br>*See Ex. 23 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations.  There is no disputed issue of material fact. |
| 14.  BNY admits that it has control over the Blocked Assets listed in Ex. 4 to the Smith Decl.<br><br>*See Ex. 24 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations.  There is no disputed issue of material fact. |
| 15.  JPMorgan admits that it has control over the Blocked Assets listed in Ex. 5 to the Smith Decl.<br><br>*See Ex. 25 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations.  There is no disputed issue of material fact. |

| | | |
|---|---|---|
| 16.  Citibank admits that it has control over the Blocked Assets listed in Ex. 6 to the Smith Decl.<br><br>*See Ex. 26 to Smith Decl.* | Undisputed to the extent that Citi has blocked the Blocked Assets and has maintained them in a separate account designated ▮▮▮▮.  Citi denies that it has control over the Blocked Assets to the extent that it may not release or transfer those assets to any party without an Order from this Court and/or a license from OFAC.<br><br>*Smith Decl., Ex. 11.* | Defendant does not dispute the allegations.  Defendant's qualification does not raise a material issue of fact.  There is no disputed issue of material fact. |
| 17.  The New York Banks filed Interpleader Complaints against the following Commercial third parties:<br><br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br><br>*See Exs. 23-27 to Smith Decl.* | Undisputed, except that, as set forth above, Citi lacks information sufficient to respond to the redacted portion of this assertion of undisputed material fact. | Defendant does not dispute the allegations.  There is no disputed issue of material fact. |
| 18.  SG asserted counterclaims against the | Citi lacks information sufficient to respond to this | Defendant does not dispute the allegations.  There is no |

| | | |
|---|---|---|
| Levins in its January 21, 2010 interpleader complaint, and the Levins filed an answer to the counterclaims on January 21, 2010.<br><br>*See Exs. 23, 28 to Smith Decl.* | assertion of undisputed material fact. | disputed issue of material fact. |
| 25. Some of the other Iranian Judgment Creditors are pursuing assets unrelated to this action. Those assets are known as the "Clearstream Assets." The Levins are not seeking the "Clearstream Assets" in this action.<br><br>*See Ex. 44 to Smith Decl.* | Undisputed. By Order of this Court dated June 10, 2010, the Clearstream Assets are excluded from the scope of Phase One Assets.<br><br>*Smith Decl., Ex. 44.* | Defendant admits the fact is undisputed. There is no disputed issue of material fact. |
| 27. On June 22, 2009, within ninety (90) days of service of the writs of execution, Plaintiffs filed their complaint.<br><br>*See Smith Decl. ¶ 3 and Ex. 62 thereto.* | Undisputed, except that according to the return of service, the writ of execution addressed to Citi was served on May 25, 2010.<br><br>*Smith Decl., Ex. 20.* | Defendant admits the fact is undisputed. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |
| 28. On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Acosta Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority.<br><br>*See Smith Decl. ¶ 58 and Ex. 56 thereto.* | Undisputed, except that a genuine issue of fact and law exists as to whether theAcosta Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | Defendant admits the fact is undisputed. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |

| | | |
|---|---|---|
| 29. On March 12, 2010, BNY responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Greenbaum Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority.<br><br>*See Smith Decl. ¶ 59 and Ex. 57 thereto.* | Undisputed, except that a genuine issue of fact and law exists as to whether the Greenbaum Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | Defendant admits the fact is undisputed. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |
| 30. On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Rubin Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority.<br><br>*See Smith Decl. ¶ 68 and Ex. 58 thereto.* | Undisputed, except that a genuine issue of fact and law exists as to whether the Rubin Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | Defendant admits the fact is undisputed. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |
| 31. On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Bonk and Valore Judgment Creditors served on them and which formed the basis for the New York Banks' Joint | Undisputed, except that a genuine issue of fact and law exists as to whether the Bonk and Valore Judgment Creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | Defendant admits the fact is undisputed. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |

| | | |
|---|---|---|
| Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority.<br><br>*See Smith Decl. ¶ 61 and Ex. 59 thereto.* | | |
| 32. On March 12, 2010, Citibank responded to document requests served by the Levins on January 26, 2010 and produced documents which they stated the Silvia, Brown and Bland Judgment Creditors served on them and which formed the basis for the New York Banks' Joint Interpleader Complaint. None of these documents establish a right in preference to the Levins' priority.<br><br>*See Smith Decl. ¶ 62 and Ex. 60 thereto.* | Undisputed, except that a genuine issue of fact and law exists as to whether the Silvia, Brown and Bland Judgment creditors or the Levins or neither of them have priority to all or some of the assets in Phase 1. Citi takes no position on this issue. | Defendant admits the fact is undisputed. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |
| 34. ▇▇▇▇ claims an interest in one account at SG and further claims that neither Iran nor its agencies and instrumentalities have any connection to that one SG account, saying that "neither the Islamic Republic of Iran, nor any Iranian owned or controlled entity, has any ownership or other interest in the funds." ▇▇▇▇ does not have a right in preference to the Levins' priority.<br><br>*See Ex. 50 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 35. ▇▇▇▇ has twice petitioned OFAC | Citi lacks information sufficient to respond to this | Defendant does not dispute the allegations. There is no |

| | | |
|---|---|---|
| to release funds held by SG to it as the entity having a right to the funds and OFAC has denied both petitions.<br><br>*See Ex. 53 to Smith Decl.* | assertion of undisputed material fact. | disputed issue of material fact. |
| 36. ▮▮▮▮▮ claims that neither Iran nor agencies or instrumentalities have any connection to accounts in which it has a connection, saying that neither the "Islamic Republic of Iran, nor any Iranian owned or controlled entity has any ownership or other interest in the proceeds of the wire transfers." ▮▮▮ has also petitioned OFAC to release the funds. ▮▮▮▮▮ does not have a right in preference to the Levins' priority.<br><br>*See Ex. 51 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 37. ▮▮▮ is itself an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 32; see also Ex. 32 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 38. The United States of America is not making any claims to the Blocked Assets and an order has been entered dismissing them.<br><br>*See Ex. 54 to Smith Decl.* | Although an order has been entered dismissing the United States as a party to this dispute, dismissal is without prejudice and it remains to be seen whether the United States of America will make any claims to the Blocked Assets or otherwise intervene.<br><br>*Smith Decl., Ex. 54* | Defendants do not dispute the allegations. Defendant's qualification does not raise a material issue of fact. There is no disputed issue of material fact. |

| | | |
|---|---|---|
| 43. Pursuant to Executive Order 13382 of June 29, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters" ("E.O. 13382") and at the direction of OFAC, SG blocked an account of ▓▓▓▓▓ whose originator was ▓▓▓▓▓<br><br>*See Exs. 2, 3, and 23 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 44. ▓▓▓▓▓ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 24* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 45. Pursuant to E.O. 13382 and at the direction of OFAC, SG blocked an account of ▓▓▓▓▓ whose originator was ▓▓▓▓▓<br><br>*See Exs. 2, 3, and 23 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 46. ▓▓▓▓▓ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 34.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 47. Pursuant to E.O. 13382 and at the direction of OFAC, Bank of New York blocked an account of ▓▓▓▓▓ whose beneficiary was ▓▓▓▓▓<br><br>*See Exs. 2, 4, and 24 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |

| | | |
|---|---|---|
| 48. ▮▮▮▮▮ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 21.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 49. Pursuant to E.O. 13382 and at the direction of OFAC, Bank of New York blocked an account of ▮▮▮▮▮ whose beneficiary was ▮▮▮▮▮ ▮▮▮▮▮<br><br>*See Exs. 2, 4 and 24 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 50. ▮▮▮▮▮ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 29* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 51. Pursuant to E.O. 13382 and at the direction of OFAC, Bank of New York blocked an account of ▮▮▮▮▮ whose beneficiary was ▮▮▮▮▮ ▮▮▮▮▮<br><br>*See Exs. 2, 4 and 24 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 52. ▮▮▮▮▮ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 22* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
| 53. Pursuant E.O. 13382 and at the direction of OFAC, JPMorgan blocked an account of ▮▮▮▮▮ whose beneficiary was ▮▮▮▮▮ ▮▮▮▮▮<br><br>*See Exs. 2, 5 and 25 to Smith Decl.* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |

| 54. ▇▇▇▇▇▇▇ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 27* | Citi lacks information sufficient to respond to this assertion of undisputed material fact. | Defendant does not dispute the allegations. There is no disputed issue of material fact. |
|---|---|---|
| 56. ▇▇▇▇▇▇▇ is an agency or instrumentality of Iran.<br><br>*See Clawson Aff. ¶ 28* | Refers the Court to the Clawson Affidavit, ¶ 28.<br><br>*Clawson Aff., ¶ 28* | Defendant does not dispute the fact. Defendant does not offer any evidence to support that there is any factual issue about whether the entities set forth in Clawson Affidavit are agencies and instrumentalities of Iran under TRIA. |

Dated: September 27, 2010                    HOWARTH & SMITH

                                             By:     /s/Suzelle M. Smith_____
                                                     Suzelle M. Smith
                                                       Don Howarth
                                                       523 West sixth Street, Suite 728
                                                       Los Angeles, California  90014
                                                       ssmith@howarth-smith.com

                                                       *Attorneys for Plaintiffs*