UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,      :        09 Civ. 5900 (RPP)

             Plaintiffs,             :

            -against-            :

BANK OF NEW YORK, et al.,            :

            Defendants.         :
-------------------------------------------------------------x

## MEMORANDUM OF LAW OF THE BANK OF NEW YORK MELLON IN SUPPORT OF MOTION FOR <u>LEAVE TO FILE AN ADDITIONAL THIRD-PARTY COMPLAINT</u>

LEVI LUBARSKY & FEIGENBAUM LLP
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
Tel. No. (212) 308-6100
Fax No. (212) 308-8830

*Attorneys for Defendant The Bank of New York Mellon*

**MEMORANDUM OF LAW OF THE BANK OF NEW
YORK MELLON IN SUPPORT OF MOTION FOR
<u>LEAVE TO FILE AN ADDITIONAL THIRD-PARTY COMPLAINT</u>**

Defendant The Bank of New York Mellon ("BNY Mellon") submits this memorandum of law, together with the accompanying Declaration of J. Kelley Nevling, Jr. executed on December 8, 2010 ("Nevling Dec."), in support of its motion for leave to file an additional third-party complaint against the entity identified in the Nevling Declaration as "Party B." BNY Mellon is making this motion at this time because Party B has just notified BNY Mellon of its position that it is the beneficiary of one of the wire transfers involved in Phase 1 of this proceeding, and hence in the pending summary judgment motions. BNY Mellon had previously understood that the beneficiary was a different entity.

This motion should be granted because BNY Mellon should be permitted to interplead all parties to the blocked wire transfers at issue in this case who have affirmatively asserted claims to the proceeds of any of those wire transfers, in order to protect itself from competing claims to those assets and the risk of inconsistent obligations. That is the very purpose for which the device of interpleader was developed, and this is a clear example of the kind of case where a party should be permitted to pursue that remedy. BNY Mellon has brought on this motion promptly after learning that Party B claims to own the proceeds of a blocked wire transfer involved in this Phase 1 of this case, which BNY Mellon previously believed did not involve Party B. Granting such relief to BNY Mellon would affect only one of the numerous blocked assets involved in the pending summary judgment motions, and it would involve only minimal delay even as to that asset, so it will not prevent the expeditious resolution of those motions.

<u>The Pertinent Facts</u>

The relevant facts are set forth in the Nevling Declaration and need not be repeated here.

<u>Argument</u>

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a third-party plaintiff "must, by motion, obtain the court's leave [to file] . . . a third-party complaint more than ten days after serving the original answer."  "Timely motions for leave to implead non-parties should be freely granted to promote [judicial] efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Falcone v. MarineMax, Inc.*, 659 F. Supp. 2d 394, 401 (E.D.N.Y. 2009), quoting from *Fashion-In-Prints, Inc. v. Salon, Marrow & Dyckman L.L.P.*, Case No. 97 Civ. 340, 1999 WL 5002149, at *6 (S.D.N.Y. July 15, 1999).  Mere "delay, standing alone, is an insufficient basis to deny leave to amend a pleading," although it may be considered with other factors. *State of New York v. Solvent Chemical Co.*, 179 F.R.D. 90, 94 (W.D.N.Y. 1998).

This Court has already granted Defendants leave to file third-party complaints in this proceeding in an order dated January 11, 2010, and has permitted additional third-party complaints to be served in orders entered on March 18 and May 26, 2010 (Nevling Dec. ¶¶ 4-5).  The Court granted such relief because it recognized that the defendant banks should be allowed to protect themselves, by bringing actions for interpleader relief, from being caught in the crossfire between different parties or groups of parties who were asserting claims to the same assets.  Indeed, that is the very purpose of the interpleader procedure, which exists to protect a stakeholder against "[p]ersons

with claims that may expose a [party] to double or multiple liability." Rule 22, Federal Rules of Civil Procedure. Such relief is available to BNY Mellon not only under Rule 22, but also pursuant to federal statutory interpleader (28 U.S.C. §§ 1335 and 2361), New York Banking Law § 134, subd. 6, and New York CPLR § 1006. In addition, CPLR § 5239 provides that at any time "[prior] to the application of property or debt . . . to the satisfaction of a judgment," "any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt." The same rationale that led this Court to grant BNY Mellon the right to pursue interpleader claims and CPLR § 5239 claims by filing third-party complaints at earlier stages of this proceeding justifies granting similar relief to BNY Mellon with respect to Party B.

The proposed relief will not result in any meaningful delay of this proceeding. This Court has already determined to divide this case into phases so that it could promptly determine the parties' rights to a limited number of contested funds and accounts while deferring consideration of others for a later date, thereby recognizing that it is not essential to rule on the parties' competing claims to all of the Blocked Assets at the same time. Summary judgment motions and cross-motions have already been fully briefed and argued with respect to all of the blocked funds designated as Phase 1 Assets, and as to all but one of those assets, the Court can continue to consider and decide those motions on the same schedule as before, since Party B is only claiming an interest in the proceeds of one of the blocked wire transfers in Phase 1. Even as to that Phase 1 Asset, moreover, the delay should be minimal, because BNY Mellon can promptly serve Party B by mail, as permitted by the law of the country where it is incorporated, and Party B

will then be required to respond to the third-party complaint within twenty-one days, in accordance with Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, or forfeit its rights (Nevling Dec. ¶ 16).

Another consideration mentioned in the case law is whether the proposed third-party complaint states an unmeritorious claim, but that is not a concern in this case. There can be no doubt that Party B's letter of November 22, 2010 asserts a claim to the proceeds of one of the blocked wire transfers involved in Phase 1 of this action, which is all that is required to assert a valid claim for interpleader relief in a situation where the plaintiffs and certain third-party defendants have also asserted claims to those proceeds.

<u>Conclusion</u>

For the reasons set forth above and in the Nevling Declaration, BNY Mellon's motion for leave to file a third-party complaint against Party B should be granted.

Dated: New York, New York
      December 9, 2010

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
      Howard B. Levi, Esq.
      J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
Tel. No. (212) 308-6100
Fax No. (212) 308-8830

*Attorneys for Defendant The Bank of New York Mellon*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| JEFFREY LEVIN and DR. LUCILLE LEVIN, | : | Civil Action No. 09 Civ. 5900 (RPP) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | **DECLARATION OF SERVICE** |
| Defendants. | : | |

-------------------------------------------------------------x

J. KELLEY NEVLING, JR. hereby declares under penalty of perjury as follows:

1.     I am over eighteen years of age and am not a party to this action.  I am a resident of the State of New York.

2.     On December 9, 2010, I served the annexed Memorandum of Law of The Bank of New York Mellon in Support of Motion for Leave to File an Additional third-Party Complaint dated December 9, 2010, in unredacted form, upon the attorneys for the parties identified on the annexed service list by depositing true copies thereof, in sealed postpaid envelopes addressed to each of those attorneys at the address reflected on the annexed service list, into an official mail depositary under the custody of the United States Postal Service within the State of New York.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York on December 9, 2010.

_____
J. Kelley Nevling, Jr.

## <u>SERVICE LIST</u>

Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA 90017
Attention: Suzelle M. Smith, Esq.

Attorneys for Plaintiffs

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038
Attention: James L. Bernard, Esq.

Attorneys for Third-Party Defendants Steven
M. Greenbaum, et al. and Carlos Acosta, et al.

DLA Piper LLP
6225 Smith Avenue
Baltimore, MD  21209
Attention: Richard M. Kremen, Esq. or
    Dale K. Cathell, Esq.

Attorneys for Third-Party Defendants
Estate of Michael Heiser, et al.