UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :     Case No. 09 Civ. 5900 (RPP)

                Plaintiffs,    :

-against-    :

BANK OF NEW YORK, JPMORGAN    :     **STIPULATION**
CHASE, SOCIETE GENERALE and          **AND ORDER**
CITIBANK,    :

                Defendants.    :
---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/11

      It is hereby stipulated, by and between Plaintiffs and the undersigned Defendants, as follows:

      1.    JPMorgan Chase Bank, N.A. served an answer to the plaintiffs' complaint in this proceeding on October 23, 2009 asserting that its legal name is JPMorgan Chase Bank, N.A. JPMorgan Chase & Co. and JP Morgan Chase Bank, N.A. agree that any references in any pleading, writ of execution, ruling, or order directed to JPMorgan Chase which involve the Blocked Assets which are at issue in this matter, shall be deemed to have been made to both of JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. at the time they were made and shall be binding on both of JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; any judgment entered in this matter shall be binding on both of JPMorgan Chase & Co. and JP Morgan Chase Bank, N.A.; and Plaintiffs do not need to file an amended complaint or any other pleading or writ of execution. Plaintiffs are relying on the information supplied by JPMorgan Chase & Co. and JPMorgan Chase

10:P2396002.doc

Bank, N.A. that one or both of these entities, and no other parent, subsidiary or affiliated entity with another name, are holding the blocked assets identified on pages 16 and 17 of Exhibit D to the complaint in this proceeding and the other blocked assets identified by JPMorgan Chase Bank, N.A. in response to plaintiffs' information subpoena dated September 28, 2009. No entity other than JPMorgan Chase & Co. or JPMorgan Chase Bank, N.A., the name of which begins with the words "JPMorgan Chase," shall be deemed to be a defendant in this proceeding or a party hereto. JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. shall both, as parties to this proceeding, be bound by and have the benefit of any order or judgment entered in this proceeding.

2.  The Bank of New York Mellon served an answer to the plaintiffs' complaint in this proceeding on October 23, 2009 asserting that its legal name is The Bank of New York Mellon. The Bank of New York Mellon agrees that any references in any pleading, writ of execution, ruling, or order directed to Bank of New York which involve the Blocked Assets which are at issue in this matter, shall be deemed to have been made to The Bank of New York Mellon at the time they were made and shall be binding on The Bank of New York Mellon; any judgment entered in this matter shall be binding on The Bank of New York Mellon; and Plaintiffs do not need to file an amended complaint or any other pleading or writ of execution. Plaintiffs are relying on the information supplied by The Bank of New York Mellon that this entity and no other parent, subsidiary or affiliated entity with another name, is holding the blocked assets identified on page 6 of Exhibit D to the complaint in this proceeding and the other blocked assets identified by The Bank of New York Mellon in response to plaintiffs'

information subpoena dated September 28, 2009. No entity other than The Bank of New York Mellon, the name of which contains the phrase "Bank of New York," shall be deemed to be a defendant in this proceeding or a party hereto. The Bank of New York Mellon shall, as a party to this proceeding, be bound by and have the benefit of any order or judgment entered in this proceeding.

3. Citibank, N.A. served an answer to the plaintiffs' complaint in this proceeding on October 23, 2009, asserting that its legal name is Citibank, N.A. Citibank, N.A. agrees that any references in any pleading, writ of execution, ruling, or order directed to Citibank which involve the Blocked Assets which are at issue in this matter, shall be deemed to have been made to Citibank, N.A. at the time they were made and shall be binding on Citibank, N.A.; any judgment entered in this matter shall be binding on Citibank, N.A.; and Plaintiffs do not need to file an amended complaint or any other pleading or writ of execution. Plaintiffs are relying on the information supplied by Citibank, N.A. that this entity and no other parent, subsidiary or affiliated entity with another name, is holding the blocked assets identified on pages 8 to 10 of Exhibit D to the complaint in this proceeding and the other blocked assets identified by Citibank, N.A. in response to plaintiffs' information subpoena dated September 28, 2009. No entity other than Citibank, N.A., the name of which begins with the words "Citibank," shall be deemed to be a defendant in this proceeding or a party hereto. Citibank, N.A. shall, as a

party to this proceeding, be bound by and have the benefit of any order or judgment entered in this proceeding.

Respectfully Submitted,

HOWARTH & SMITH

Dated: 12/22/10, Los Angeles, CA

*[signature]*
Suzelle M. Smith
523 West Sixth Street, Suite 728
Los Angeles, CA 90014
Tel. No. (213) 955-9400

Attorneys for Plaintiffs/Judgment Creditors

LEVI LUBARSKY & FEIGENBAUM LLP

Dated: January 11, 2011, New York, NY

*[signatures]*
Howard B. Levi, Esq.
J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100

Attorneys for Defendants The Bank of New York Mellon, sued herein as "Bank of New York," and JPMorgan Chase Bank, N.A., sued herein as "JP Morgan Chase"

Dated: 1·10·2011, New York, NY

DAVIS WRIGHT TREMAINE LLP

*Sharon Sch—*

Sharon L. Schneier, Esq.
Christopher Robinson, Esq.
1633 Broadway
New York, New York 10019
(212) 489-8230

Attorneys for Defendant Citibank, N.A.,
sued herein as "Citibank"

## ORDER

Based on the agreement and stipulation of the Parties, and good cause appearing therefor, the Court hereby enters this Order pursuant to the terms of the above Stipulation.

SO ORDERED.

DATED: January __12__, 2011          _____
                                      Hon. Robert P. Patterson, Jr.
                                      United States District Judge
                                      Southern District of New York

# LEVI LUBARSKY & FEIGENBAUM LLP

ATTORNEYS AT LAW
1185 AVENUE OF THE AMERICAS
17TH FLOOR
NEW YORK, NEW YORK 10036

TEL. (212) 308-6100
FAX (212) 308-8830
WWW.LLF-LAW.COM

January 11, 2011

**VIA FACSIMILE TO (212) 805-7917**

Hon. Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: Levin v. Bank of New York, Case No. 09 Civ. 5900 (RPP) (S.D.N.Y.)

Dear Judge Patterson:

   We represent defendants and third-party plaintiffs The Bank of New York Mellon and JPMorgan Chase Bank, N.A. in the above-referenced proceeding.

   I am enclosing a stipulation that is intended to make technical corrections in the names of certain of the defendants as set forth in the complaint, in order to address such matters as changes in those parties' names and to ensure that the defendants are the parties that are actually holding the funds at issue in this proceeding. This is appropriate so that any judgment entered in the case will bind or benefit the proper parties. Counsel for plaintiffs and counsel for all of the defendants affected by the order have executed the stipulation.

   We respectfully request that the Court so order this stipulation.

           Respectfully submitted,

           J. Kelley Nevling, Jr.

cc: All counsel (by e-mail)