

HOWARTH & SMITH
ATTORNEYS AT LAW
523 WEST SIXTH STREET
SUITE 728
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 955-9400
FAX: (213) 622-0791
www.howarth-smith.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/11
```

SUZELLE M. SMITH

February 10, 2011

SSmith@howarth-smith.com
Direct Line: (213) 955-9400 Ext. 111

**VIA FACSIMILE**
(212) 805-7917

Honorable Robert P. Patterson, Jr.
U.S. District Court for the
Southern District of New York
500 Pearl St., Courtroom 24A
New York, NY 10007-1312

      Re: *Jeremy Levin, et al. v. Bank of New York, et al. al., Case No. 09 CV 5900*

Dear Judge Patterson:

      This will respond to the letter of Mr. James Bernard of February 8, 2011, regarding the hearing dates for the Levins' Motions for 1292(b) Certification of the Court's January 20, 2011 Order, entered on January 28, 2011, filed on February 1, 2011 and for a Stay of the Court's Order Pending Appeal, filed on February 7, 2011. Mr. Bernard informs the Court that the date currently set for a hearing on the 1292(b) certification, namely February 15, 2011, cuts short his time to file a response and asks the Court to vacate this date. Mr. Bernard also informs the Court that the date the Levins requested for a hearing (if the Court requires oral argument) on the Motion for a Stay of February 22, 2011 would not give him enough time to file a response (and give the Levins time to reply) before the hearing. Therefore, Mr. Bernard asks the Court to hear both motions on an unspecified date, after March 7, 2011.

      The Levins did not intentionally request hearing dates that would cut short any party's right to file a response to their pending motions, and apologize for an error in counting the days. The Court is well aware of the urgency involved in seeking resolution of this case, due to the Levins' age, Mr. Levin's leukemia and the number of years which this matter and the underlying case against the state sponsor of terrorism, the Islamic Republic of Iran, have consumed. The Levins waive any reply briefs on either motion

11:L7475002.doc

Honorable Robert P. Patterson, Jr.
February 10, 2011
Page 2

and also will submit on their papers without a hearing, if the Court will allow. It should be pointed out, however, that the Court has the power under Federal Rule of Appellate Procedure 5, to certify its January 28, 2011 Order under FRCP 1292(b), on its own motion, even without the input of any party or any noticed motion.[1]

However, if the Court wishes to consolidate the timing for both motions, the Levins do not object to that, again urging the Court to act as swiftly as possible. Counsel for the Levins has requested permission to appear by telephone at any required hearing. Counsel is not only in Los Angeles, but has a major, multi party, trial starting in Los Angeles on March 15, 2011. The numerous expert depositions (including experts from out of state) in that case, the pretrial hearings and motions for summary judgment are all scheduled in the coming weeks. Counsel will be able to appear at any hearing with much greater flexibility, if the appearance can be made by phone, and again counsel requests the Court to so allow.

Since the Levins waive any reply briefs, it appears that a hearing could be scheduled as early as February 28, 2011, on which date Counsel for the Levins could appear by telephone.

Respectfully,

Suzelle M. Smith
Counsel for Plaintiffs

SMS:cf

*See attached typewritten Memo Endorsement*

---

[1] While the Levins seek 1292(b) certification of the January 28, 2011 Order, they also believe that the Order is immediately appealable under the practical finality doctrine, as they set forth in their Motion for Certification. *S.E.C. v. Credit Bancorp., Ltd.*, 297 F.3d 127 (2nd Cir. 2002). Since time is of the essence, the Levins will proceed to perfect their appeal without further delay and also will file a Motion for Expedited Treatment under Federal Rule of Appellate Procedure 2 based on age and illness, among other grounds. This Court maintains jurisdiction to decide the Motions for a Stay and 1292(b) certification even after notice of appeal is filed. *See, e.g., Ivor B. Clark Co. Inc., v. Hogan*, 296 F. Supp. 407, 409 (S.D.N.Y. 1969)("It appears beyond question that a district court has the power to grant a stay of its own order pending the determination of an appeal therefrom."); *see also Rakovich v. Wade*, 834 F. 2d 673, 674 (7th Cir. 1987)("the trial court reserves the power to make orders to preserve the status quo while the appeal is pending."); *Phoenix Global Ventures, LLC v. Phoenix Hotel Associates, Ltd.*, 04 CIV. 4991, 2004 WL 2734562 (S.D.N.Y. Nov. 29, 2004) and *see* FRAP 5(a); 28 U.S.C.A. 1292(b).

11-L7475002.doc

Honorable Robert P. Patterson, Jr.
February 10, 2011
Page 3

cc:     Howard Levi, Esq. (by email)
        J. Kelley Nevling, Jr., Esq. (by email)
        Sharon L. Schnaeier, Esq. (by email)
        Mark G. Hanchet Esq. (by email)
        Christopher J. Houpt, Esq. (by email)
        Curtis Campbell Mechling, Esq. (by email)
        Jeremy Sage Rosof, Esq. (by email)
        Noel J. Nudelman, Esq. (by email)
        Dale K. Cathell, Esq. (by email)
        David B. Misler, Esq. (by email)
        Richard M. Kremen, Esq. (by email)
        Cary Brian Samowitz, Esq. (by email)
        Liviu Vogel, Esq. (by email)
        Petek Gunay, Esq. (by email)

11:L7475002.doc

Case:   Levin v. Bank of New York, et al.
Index No.   09 Civ. 5900 (RPP)

**MEMO ENDORSEMENT READS:**

Application granted.

The hearing will be held 2/28/11 @ 2 PM.  Canceled hearing dates: 2/15/11 and 2/22/11.

So Ordered.

*Robert P. Patterson, Jr., U.S.D.J., 2/14/11*