UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE LEVIN,

                    Plaintiffs,                         Case No. 09-Civ.-5900 (RPP)

v.

BANK OF NEW YORK, et al.,

                    Defendants.
-----------------------------------------------------------x
THE BANK OF NEW YORK MELLON, et al.,

                  Third-Party Plaintiffs,

v.

STEVEN M. GREENBAUM, et al.,

                  Third-Party Defendants.
-----------------------------------------------------------x

**GREENBAUM AND ACOSTA JUDGMENT CREDITORS'
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR 28 U.S.C. § 1292(B) CERTIFICATION OF
THE COURT'S OPINION AND ORDER DATED JANUARY 20, 2011**

STROOCK & STROOCK & LAVAN LLP

Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

*Attorneys for Greenbaum and Acosta Judgment Creditors*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

BACKGROUND ....................................................................................................................2

    I.        The Parties' Partial Summary Judgment Motions ....................................................2

    II.       The Court's January 20, 2011 Opinion and Order....................................................3

    III.      The Levins' Instant Motion For 28 U.S.C. § 1292(b)
               Certification ..............................................................................................................4

ARGUMENT
CERTIFICATION OF THE OPINION AND ORDER
PURSUANT TO 28 U.S.C. §1292(b) WOULD BE IMPROPER BECAUSE
NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS
WITH REGARD TO THE ISSUE SOUGHT TO BE CERTIFIED ......................................4

    I.        Standard for Certification Pursuant to 28 U.S.C. §1292(b)......................................4

    II.       There Exists No Substantial Ground for Difference of
               Opinion ith Regard to the Requirement for a 28 U.S.C.
               §1610(c) Order.........................................................................................................5

CONCLUSION.......................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

American Telephone & Telegraph Co. v. North American Industries of New York, Inc.,
    783 F. Supp. 810 (S.D.N.Y. 1992) ........................................................................................8

Chamarac Properties, Inc. v. Pike,
    No. 86 Civ. 7919 (KMW), 1994 WL 410902 (S.D.N.Y. Aug. 3, 1994) ...............................7

Consub Delaware LLC v. Schahin Engenharia Limitada,
    476 F. Supp. 2d 305 (S.D.N.Y. 2007)....................................................................................6

Ferrostaal Metals Corp. v. S.S. Lash Pacifico,
    652 F. Supp. 420 (S.D.N.Y 1987) ........................................................................................8

First City Texas-Houston, N.A. v. Rafidain Bank,
    197 F.R.D. 250 (S.D.N.Y 2000) ...........................................................................................8

Flor v. BOT Fin. Corp.,
    79 F.3d 281 (2d Cir. 1996)....................................................................................................7

Gadsby & Hannah v. Socialist Republic of Romania,
    698 F. Supp. 483 (S.D.N.Y 1988) ........................................................................................8

Hausler v. JP Morgan Chase Bank, N.A.,
    Case No. 09 Civ. 10289 (VM), (S.D.N.Y.) (Order dated Sept. 21, 2010)..............................7

Koehler v. Bank of Bermuda Ltd.,
    101 F.3d 863 (2d Cir. 1996)..................................................................................................7

Matter of MTBE Products Liability Litigation,
    399 F. Supp. 2d 320 (S.D.N.Y. 2005)................................................................................6, 9

Matter of Parmalat Securities Litigation,
    599 F. Supp. 2d 535 (S.D.N.Y. 2009)................................................................................5, 6

Matter of South African Apartheid Litigation,
    624 F. Supp. 2d 336 (S.D.N.Y. 2009)................................................................................4, 5

Moll v. US Life Title Ins. Co. of New York,
    86 Civ. 4271 (PKL), 1987 WL 10026 (S.D.N.Y. April 21, 1987) ........................................9

Ralph Oldsmobile, Inc. v. General Motors Corp.,
    99 Civ. 4567 (AGS), 2001 WL 55729 (S.D.N.Y. Jan. 23, 2001) ......................................5, 9

Weber v. U.S.,
    484 F.3d 154 (2d Cir. 2007)...........................................................................................4, 5, 7

Williston v. Feliz,
　　410 F. Supp. 2d 274 (S.D.N.Y. 2006)..................................................................................5, 7

**STATUTES**

28 U.S.C. § 1292(b) ............................................................................................................. passim

28 U.S.C. §1610(c) .............................................................................................................. passim

**OTHER AUTHORITIES**

H.R.Rep. No. 1487, 94th Cong., 2d Sess. 30, reprinted in 1976 U.S.Code Cong. &
　　Admin.News 6604, 6629 ........................................................................................................8

Third-party defendants Steven M. Greenbaum, on behalf of himself individually and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum, deceased, Alan D. Hayman, and Shirlee Hayman (the "Greenbaum Judgment Creditors"), and Carlos Acosta, Maria Acosta, Irving Franklin, Estate of Irma Franklin, Sonya Kahane, Cipporah Kaplan, Tova Ettinger, Baruch Kahane, Ethel Griffin as Administrator of Binyamin Kahane's Estate, and Rabbi Norman Kahane (the "Acosta Judgment Creditors") (collectively, the "Greenbaum and Acosta Judgment Creditors"), submit this memorandum of law in opposition to plaintiffs Jeremy Levin and Lucille Levin's (the "Levins") motion for 28 U.S.C. § 1292(b) certification of the Court's Opinion and Order dated January 20, 2011 (the "Opinion and Order").

## PRELIMINARY STATEMENT

Plaintiffs Jeremy Levin and Lucille Levin (the "Levins") move pursuant to 28 U.S.C. § 1292(b) for certification to immediately appeal from the Opinion and Order with respect to the issue that they characterize as:

> Whether a court issued [as opposed to <u>court ordered</u>] writ of execution is sufficient to establish priority under current 28 U.S.C. § 1610 (Foreign Sovereign Immunities Act or FSIA), including the note thereto (Terrorist Risk Insurance Act or TRIA), for a 28 U.S.C. § 1605(a)(7) judgment specifically seeking to levy on assets set forth in TRIA and/or 28 U.S.C. § 1610(f)(1)(a).

Memorandum of Law in Support of Plaintiffs' Motion for 28 U.S.C. § 1292(b) Certification ("Levin Mem.") at 4 (emphasis in original). Contrary to the Levins' arguments, there is nothing difficult or obscure about this issue. The simple fact of the matter is that the Foreign Sovereign Immunities Act ("FSIA") plainly states that, <u>"[n]o [such] attachment or execution … shall be permitted until the court has ordered such attachment and execution"</u> after having made certain required determinations. 28 U.S.C. §1610(c) (emphasis added). The Levins admit they failed to comply with this requirement of FSIA. The Levins' remorseful disagreement with the plain language of the statute cannot create grounds for §1292(b) certification and an immediate appeal.

Certification pursuant to 28 U.S.C. §1292(b) for the immediate appeal of an order that is not otherwise appealable is only proper where such order (1) involves a "controlling question of law," (2) as to which there is "substantial ground for difference of opinion," and (3) from which an immediate appeal may "materially advance the ultimate termination of the litigation." Even assuming, *arguendo*, that the Levins can meet the other requirements of §1292(b), they have utterly failed to demonstrate any ground for a difference of opinion on the issue, much less a substantial ground. This statutory requisite is only satisfied where the party seeking certification can demonstrate substantial doubt as to the correctness of the district court's order from which an appeal is sought. Having failed to present any new arguments or authorities on the question at issue, and instead relying only upon arguments previously considered and rejected by the Court on summary judgment, the Levins have failed to carry this burden. Accordingly, their motion for certification pursuant to 28 U.S.C. § 1292(b) must be denied.

## BACKGROUND

### I. The Parties' Partial Summary Judgment Motions

On July 13, 2010, the Levins filed a motion seeking partial summary judgment and a turnover order as to each of the four garnishee New York banks, The Bank of New York Mellon ("BNYM"), JPMorgan Chase Bank, N.A. ("JPM"), Societe Generale ("SG") and Citibank, N.A. ("Citibank"), and seeking summary judgment as to the interpleader complaint of SG and partial summary judgment as to all other third-party defendants with respect to the Phase One Assets (as defined heretofore in this action).

On September 13, 2010, the Greenbaum and Acosta Judgment Creditors filed both an opposition to the Levins' motion for partial summary judgment and a cross-motion for partial summary judgment and turnover order with respect to the Phase One Assets held by JPM and Citibank. The Greenbaum and Acosta Judgment Creditors opposed the Levins' partial summary

judgment motion on the grounds that the Levins had failed to secure a court order as required by 28 U.S.C. §1610(c), and that therefore the executions upon which the Levins based all of their claims were invalid.[1] Unlike the Levins, the Greenbaum and Acosta Judgment Creditors based their cross-motion for partial summary judgment upon writs of execution that issued pursuant to an order of this Court which complied with 28 U.S.C. §1610(c).[2]

II.     **The Court's January 20, 2011 Opinion and Order**

In its Opinion and Order, the Court denied the Levins' motion for partial summary judgment, holding, among other things, that the Levins were required to obtain a court order pursuant to 28 U.S.C. § 1610(c) prior to executing against any of the Phase One Assets. Having failed to secure such an order, the writs upon which the Levins based all their claims were invalid and thus unable to establish priority of interest over any party that had properly executed upon a valid, court-ordered writ. The Court further held that the Greenbaum and Acosta Judgment Creditors had, in fact, properly obtained a court order pursuant to § 1610(c) prior to executing against the Phase One Assets held by Citibank and JPM and, by virtue of so executing, had established their priority as to those assets. Accordingly, the Court granted the Greenbaum and Acosta Judgment Creditors' motion for partial summary judgment and a turnover order with respect to the Phase One Assets held by Citibank and JPM.

---

[1] Contrary to the assertion made by the Levins, the Greenbaum and Acosta Judgment Creditors' opposition to the Levins' motion for partial summary judgment pertained to all of the Levins' claims, not merely their claims with respect to certain accounts, such as those held by JPM and Citibank. See Levin Mem. at. 2. That the Greenbaum and Acosta Judgment Creditors did not cross-move with respect to certain other Phase One Assets – such as those held by SG or BNYM – has no bearing on the substance of their opposition to the Levins' motion, which attacked the basis for all of the Levins' claims.

[2] On September 13, 2010, the Heiser Judgment Creditors also filed an opposition to the Levins' motion and a cross-motion for partial summary judgment and turnover order with respect to the Phase One Assets held by BNYM. Like the Greenbaum and Acosta Judgment Creditors, the Heisers' opposition to the Levins' motion centered on the Levins' failure to secure a court order pursuant to 28 U.S.C. § 1610(c) prior to executing against the Phase One Assets. The Heiser Judgment Creditors' cross motion was denied on grounds unrelated to the instant motion.

**III.     The Levins' Instant Motion For 28 U.S.C. § 1292(b) Certification**

The Levins now move pursuant to 28 U.S.C. §1292(b) for certification to immediately appeal from the Opinion and Order, specifically with respect to the issue of whether 28 U.S.C. §1610(c) requires judgment creditors holding a §1605(a)(7) judgment to obtain a court order authorizing them to execute upon the property of a foreign sovereign or instrumentality, including the blocked assets of such foreign sovereign or instrumentality, prior to actually undertaking any such execution pursuant to §1610 and the Terrorist Risk Insurance Act ("TRIA").[3] For the reasons discussed below, the Levins' motion should be denied.

## ARGUMENT

### CERTIFICATION OF THE OPINION AND ORDER PURSUANT TO 28 U.S.C. §1292(b) WOULD BE IMPROPER BECAUSE NO SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION EXISTS WITH REGARD TO THE ISSUE SOUGHT TO BE CERTIFIED

**I.     Standard for Certification Pursuant to 28 U.S.C. §1292(b)**

Certification pursuant to 28 U.S.C. §1292(b) provides a rare exception to the final judgment rule prohibiting piecemeal appeals, and is only proper upon a showing that the interlocutory order to be appealed from (1) "involves a controlling question of law," (2) over which "there is substantial ground for difference of opinion," and (3) from which an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b); see, e.g., Weber v. U.S., 484 F.3d 154, 159 (2d Cir. 2007). The burden rests upon the party seeking § 1292(b) certification to demonstrate the existence of all three of the above factors, which courts apply conjunctively, not disjunctively. See Matter of South African

---

[3] The Levins also appear to be moving for certification with respect to the issue of whether a discharge of JPM and Citibank with respect to the Phase One Assets held by those banks is proper before the priority issue concerning the requisite need for a § 1610(c) order has been determined upon appeal. See Levin Mem. at 4. However, other than a passing reference to this issue, the Levins make no further mention of, nor proffer any support for, certification of the discharge issue and thus the Levins have failed to carry their burden that this issue warrants certification pursuant to 28 U.S.C. § 1292(b). See, e.g., Weber v. U.S., 484 F.3d 154, 159 (2d Cir. 2007).

Apartheid Litigation, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009); Williston v. Feliz, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006); Ralph Oldsmobile, Inc. v. General Motors Corp., 99 Civ. 4567 (AGS), 2001 WL 55729, at *3 (S.D.N.Y. Jan. 23, 2001). Where a party fails to demonstrate any one of the three §1292(b) factors, certification under the statute is improper. See id.

Moreover, even where a party seeking certification can show all three of the above factors, that party also has the additional burden of showing "exceptional circumstances" to overcome the general aversion to piecemeal litigation and to show that the circumstances warrant a departure from the basic policy of postponing appellate review until after entry of a final judgment. See Williston v. Feliz, 410 F. Supp. 2d at 276; Matter of Parmalat Securities Litigation, 599 F. Supp. 2d 535, 537 (S.D.N.Y. 2009) ("[n]ot every order that satisfies [the three-prong] standard, however, should be certified. Determination of when certification should be granted, assuming satisfaction of the Section 1292(b) criteria, is committed to the discretion of the district court."). The Levins have not, and cannot, proffer any such showing here.

II.  **There Exists No Substantial Ground for Difference of Opinion With Regard to the Requirement for a 28 U.S.C. §1610(c) Order**

The second statutory requirement for certification pursuant to §1292(b) requires the Levins to establish the existence of a "substantial ground for difference of opinion" as to the question of law at issue. 28 U.S.C. §1292(b). To meet this burden, the Levins must demonstrate "substantial doubt" that this Court's order was correct. See, e.g., Williston v. Feliz, 410 F. Supp. 2d at 277; Ralph Oldsmobile Inc., 2001 WL 55729, at *3 Such doubt exists only where the movant is able to show substantial conflicting authority on the issue sought to be certified, not simply by virtue of the issue being one of first impression. See Weber v. U.S., 484 F.3d at 159 n.4, citing Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) ("The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate

-5-

a substantial ground for difference of opinion."); Matter of Parmalat Securities Litigation, 599 F.Supp.2d at 537 ("The fact that the question tendered…is, in a technical sense, one of first impression is not dispositive…in the absence of persuasive authority to the contrary, the Court does not regard the question as one as to which there is significant room for disagreement."); Matter of MTBE Products Liab. Litig., 399 F. Supp. 2d 320, 322 (S.D.N.Y. 2005) (same).

Here, the Levins have failed to proffer any conflicting authority (let alone substantial conflicting authority) on the issue of whether a §1610(c) court order must be obtained before a judgment creditor may lawfully execute upon the property of a foreign sovereign or instrumentality, including the blocked assets of such foreign sovereign or instrumentality, pursuant to §1610 and TRIA. Rather, the Levins merely recycle the same arguments that were rejected by the Court on summary judgment, additionally noting only that the question at issue is one of first impression and "not one without particular difficulty." Levin Mem. at 7. The only authority referenced by the Levins on this point is Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F. Supp. 2d 305 (S.D.N.Y. 2007), which they cite for the proposition that a substantial ground for difference of opinion exists where the issue is both (1) particularly difficult and (2) one of first impression for the Second Circuit. See Levin Mem. at 7. However, the court in Consub Delaware LLC went on hold that "[a] mere claim that a district court's decision is incorrect does not suffice to establish substantial ground for a difference of opinion." 476 F. Supp. 2d at 309-10. Moreover, that case is wholly distinguishable in that the party seeking § 1292(b) certification was able to demonstrate a substantial ground for difference of opinion by citing recent Second Circuit law calling into question the authority upon which the district court had based its decision and order. See id. at 310.

Consub Delaware LLC is also distinguishable from the instant matter in that the application of the plain language of 28 U.S.C. §1610(c) is hardly a novel issue for this Court.

Indeed, this Court has previously found §1610(c)'s court order requirement to apply in the context of executions against blocked assets under §1610 and TRIA. See Hausler v. JP Morgan Chase Bank, N.A., Case No. 09 Civ. 10289 (VM), Order (S.D.N.Y dated Sept. 21, 2010) (ordering turnover of blocked assets pursuant to TRIA upon finding that judgment creditors had obtained 28 U.S.C. §1610(c) court order for the issuance of the writ of execution at issue, among other things). Moreover, the Levins provide no support for their bald characterization of the issue sought to be certified as "difficult" other than the fact that the Court rejected their arguments. This approach is wholly without merit. See Flor v. BOT Fin. Corp., 79 F.3d at 284, supra; Chamarac Properties, Inc. v. Pike, No. 86 Civ. 7919 (KMW), 1994 WL 410902, at *2 (S.D.N.Y. Aug. 3, 1994) (holding plaintiff had not met its burden under the second prong of §1292(b) where it claimed the Court's interpretation of the legal issue was controversial, but cited no decision reflecting a contrary interpretation).

As the court held in Williston v. Feliz:

> Simply because a question of law has not been authoritatively addressed, however, does not make the question ground for a substantial difference of opinion…. Nor for that matter, does the fact that the parties themselves disagree as to the interpretation of persuasive authority constitute 'a difference of opinion' sufficient to warrant certification. Assuming, arguendo, that the issue…presented here[ ] is 'difficult,' certification under §1292(b) is not intended as a vehicle to provide early review of difficult rulings in hard cases. The district court must analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is 'substantial doubt' that the district court's order was correct.

410 F. Supp. 2d at 277 (internal citations omitted). Indeed, "§1292(b) was not meant to substitute an appellate court's judgment for that of the trial court," Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996), or to serve as a vehicle to provide early review of difficult rulings in hard cases. Chamarac Properties, Inc., 1994 WL 410902, at *2; see also Weber v. U.S., 484 F.3d at 159, fn. 3 ("Congress did not intend 28 U.S.C. §1292(b) to serve an

-7-

error-correction function."). As the court held in Chamarac Properties, Inc., "[s]imply because the issues presented in the [order sought to be appealed from]… may have involved difficult questions of law does not cast substantial doubt upon that decision, nor otherwise make it appropriate for interlocutory appeal." 1994 WL 410902, at *2; see also American Telephone & Telegraph Co. v. North American Industries of New York, Inc., 783 F. Supp. 810, 815 (S.D.N.Y. 1992) (holding that although the movant's argument had not been explicitly rejected in any case disclosed by argument or research, that did not mean that a difference of opinion about it is 'substantial' as opposed to merely metaphysical).

In its 38-page Opinion and Order, this Court based its findings upon extensive authorities interpreting, and legislative history underlying, the FSIA, 28 U.S.C. §1602, et seq., including §1610 and TRIA. The arguments and authorities cited by the Levins were thoroughly considered and expressly rejected upon the Court's comprehensive review of authorities holding §1610(c) to require a court order authorizing any attachment or execution upon property of a foreign sovereign or instrumentality. See, e.g., First City Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 256 (S.D.N.Y 2000); Ferrostaal Metals Corp. v. S.S. Lash Pacifico, 652 F. Supp. 420, 423 (S.D.N.Y 1987); Gadsby & Hannah v. Socialist Republic of Romania, 698 F. Supp. 483, 485 (S.D.N.Y 1988); H.R.Rep. No. 1487, 94th Cong., 2d Sess. 30, reprinted in 1976 U.S.Code Cong. & Admin.News 6604, 6629. As explained by the House Report on the FSIA, cited by the Court on the precise question here at issue:

> In some jurisdictions in the United States, attachment and execution to satisfy a judgment may be had simply by applying to a clerk or a local sheriff. This would not afford sufficient protection to a foreign state. [Section 1610(c)] contemplates that the courts will exercise their discretion in permitting execution.

H.R.Rep. No. 1487, 94th Cong., 2d Sess. 30, reprinted in 1976 U.S.Code Cong. & Admin.News 6604, 6629 (emphasis added). Thus, the Court clearly found ample support for ruling that

§1610(c)'s mandate -- that parties obtain a court order authorizing them to execute against the property of a foreign sovereign or instrumentality prior to actually undertaking such execution -- applies to execution against <u>any</u> property of a foreign sovereign or instrumentality, including blocked assets such as those here at issue. <u>See id</u>.

Accordingly, absent any new controlling or persuasive authority to the contrary, there is no basis upon which to disturb the Court's judgment at this interlocutory juncture. <u>See</u> <u>Matter of MTBE Products Liability Litigation</u>, 399 F. Supp. 2d at 324 (where the moving party only offers arguments that have been rejected by the court on the initial motion, that party has not met the second requirement of §1292(b)); <u>Ralph Oldsmobile Inc.</u>, 2001 WL 55729, at *4 (same); <u>Moll v. US Life Title Ins. Co. of New York</u>, 86 Civ. 4271 (PKL), 1987 WL 10026, at *3 (S.D.N.Y. April 21, 1987) (holding plaintiffs failed to meet their burden where "[i]nstead of offering any additional authority to cast the Court's Order in doubt, plaintiffs reiterate[d] their arguments [that had already considered and rejected by the Court]").

## CONCLUSION

For the reasons set forth above, the Levins' motion for certification of the Court's January 20, 2010 Opinion and Order pursuant to 28 U.S.C. §1292(b) must be denied.

Dated:  New York, New York
        February 18, 2011

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By: _____/s/_____
    Curtis C. Mechling
    James L. Bernard
    Benjamin Weathers-Lowin

180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for the Greenbaum and Acosta Third-Party Defendants*