UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,     :     Case No. 09 Civ. 5900 (RPP)

          Plaintiffs,     :

          -against-     :

BANK OF NEW YORK, JPMORGAN     :
CHASE, SOCIETE GENERALE and
CITIBANK,     :

          Defendants.     :
----------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,     :

          Third-Party Plaintiffs,     :

          -against-     :

STEVEN M. GREENBAUM, et al.,     :

          Third-Party Defendants.     :
----------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,     :

          Third-Party Plaintiffs,     :

          -against-     :

THE ESTATE OF JAMES SYLVIA and     :
LYNNE MICHOL SPENCER, et al.,
     :

          Third-Party Defendants.     
----------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,     :

          Third-Party Plaintiffs,     :

          -against-     :

ESTATE OF MICHAEL HEISER, et al.,

               Third-Party Defendants.    :

------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,           :

               Third-Party Plaintiff,    :

           -against-           :

[REDACTED], et al.,               :

               Third-Party Defendants.    :

------------------------------------------------------------x

|  |  |
|---|---|
| CITIBANK, N.A.,           : | **DECLARATION OF J.** |
|  | **KELLEY NEVLING, JR.** |
|      Third-Party Plaintiff,   : | **WITH RESPECT TO** |
|  | **PLAINTIFFS' MOTIONS** |
|        -against-     : | **FOR A 28 U.S.C. §1292(b)** |
|  | **CERTIFICATION OR A** |
| [REDACTED], et al.,       : | **STAY PENDING APPEAL** |
|      Third-Party Defendants.   : |  |

------------------------------------------------------------x

      J. KELLEY NEVLING, JR. declares under penalty of perjury as follows:

      1.     I am an attorney duly admitted to practice law in this Court and am Of Counsel to the firm of Levi Lubarsky & Feigenbaum LLP, the attorneys of record for defendant and third-party plaintiff JPMorgan Chase Bank, N.A. and defendant JPMorgan Chase & Co. (collectively, "JPMorgan") in the above-captioned proceedings.  I make this declaration in response to plaintiffs' motions for leave to appeal pursuant to 28 U.S.C. § 1292(b) and for a stay pending appeal.  The statements made by me in this declaration are based on my personal knowledge, opinions and documents on file in this action or information and documents furnished to me by JPMorgan.

2.    Plaintiffs Jeremy and Lucille Levin (the "Levins"), who have recovered a judgment against, inter alia, the Islamic Republic of Iran ("Iran"), made a motion in this action on June 13, 2010 for partial summary judgment directing the defendant banks to turn over to the Levins immediately certain funds being held by the defendants in blocked accounts, but their motion was denied by the Court in an opinion dated January 20, 2011 (the "Opinion").  The Court granted instead the cross-motion made on September 13, 2010 by two groups of third-party defendants (the "Greenbaum and Acosta judgment creditors") who were also judgment creditors of Iran, and ordered defendants JPMorgan and Citibank, N.A. ("Citi") to turn over to those groups of judgment creditors certain of the blocked funds held by those defendants.  The Levins are now seeking leave to take an immediate appeal from this decision to the Court of Appeals for the Second Circuit, either pursuant to an order entered under 28 U.S.C. § 1292(b) or by obtaining the entry of a judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (these Rules will hereinafter be cited as "Rule _") from which an appeal can then be taken.

3.    Either a Rule 54(b) judgment or an order pursuant to 28 U.S.C. § 1292(b) would permit plaintiffs to take an immediate appeal, but the entry of a Rule 54(b) judgment would have other useful consequences as well.  Unlike a section 1292(b) order, a Rule 54(b) judgment would permit the Greenbaum and Acosta judgment creditors to begin satisfying their judgments against Iran promptly from the funds that have been awarded to them, rather than having to wait until Phase Two and perhaps later phases of this action have been litigated.  A Rule 54(b) judgment could also provide for the discharge of JPMorgan and Citi from liability to other judgment creditors of Iran, and

from liability to the originators, beneficiaries and other parties to blocked wire transfers, with respect to the funds that JPMorgan and Citibank have been ordered to turn over to the Greenbaum and Acosta judgment creditors.  This discharge order, moreover, would be embodied in a final judgment that would be res judicata and not subject to modification.  A Rule 54(b) judgment thus offers substantial advantages over an interim appeal pursuant to 28 U.S.C. § 1292(b).

        3.      The Levins have expressed concern that under a Rule 54(b) judgment JPMorgan and Citi would be compelled to turn over the proceeds of the blocked wire transfers in their possession to the Greenbaum and Acosta judgment creditors before the Levins' appeal could be heard.  This concern, however, can be addressed by an order staying the turnover of the funds pending appeal, and the Levins have therefore asked the Court for such a stay.  A stay would not only protect the Levins' rights in the event that their appeal is successful, but it would also protect JPMorgan and Citi from the risk of being required to turn over funds to the Greenbaum and Acosta judgment creditors under a Rule 54(b) judgment that is later determined to be invalid and vacated on appeal.  For this reason JPMorgan also supports the entry of a stay pending appeal.  Such a stay will not expose the Greenbaum and Acosta judgment creditors to any risk, because the funds that are the subject of the Court's Opinion are being held in blocked accounts, as required by regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department, and cannot be disbursed except pursuant to a license issued by OFAC or an order of a court of competent jurisdiction.

4.      Annexed hereto as Exhibit A is a proposed form of Rule 54(b) judgment that includes provisions for the discharge of JPMorgan and for a stay pending appeal.  Drafts of this form of judgment have been circulated to counsel for all parties who have appeared in this action, and their comments have been incorporated into this draft.  I believe that this proposed judgment is acceptable in form to counsel for the Greenbaum and Acosta creditors, counsel for Citi, counsel for third-party defendants the Estate of Michael Heiser, et al., and counsel for the only party to one of the blocked wire transfers that filed an answer to JPMorgan's third-party complaint.  I have not received any comments on prior drafts from counsel for the other third-party defendants.  Counsel for the plaintiffs have been unwilling to review the proposed judgment or give us their comments until everyone else has agreed to its terms, but we have notified them that this has occurred and we hope to reach agreement with them as well in the near future.  If we do reach an agreement on a form of judgment that is acceptable to all parties, we will so advise the court and, if appropriate, submit a revised form of proposed judgment to the Court.

5.      The accompanying proposed judgment provides in paragraphs 5 and 6 for the discharge of JPMorgan and Citi from liability to all parties with respect to the funds being turned over to the Greenbaum and Acosta judgment creditors.  The Court has already ruled in its Opinion (p. 37) that such relief is appropriate.  The provisions of paragraphs 5 and 6 are similar to the discharge provisions included in turnover judgments entered by the United States District Court for the Southern District of New York in other cases where banks that had commenced third-party actions in the nature of interpleader were ordered to turn over funds to judgment creditors, pursuant to section 201 of the

Terrorism Risk Insurance Act of 2002, reprinted following 28 U.S.C. § 1610, to satisfy judgments against state sponsors of terrorism. *See, e.g., Weininger v. Castro*, 462 F. Supp. 2d 457, 503 (S.D.N.Y. 2006) (Defendant "JPM Chase shall be fully discharged . . . from any and all deposit obligations or other liabilities . . . and . . . each and every party to this proceeding is hereby restrained and enjoined from instituting or prosecuting any claim or action against JPM Chase . . . arising from or relating to any claim to the blocked assets"); *Daliberti v. J.P. Morgan Chase & Co.*, Index Nos. 02 CV 9773 (JES), 02 CV 7642 (JES) and 02 CV 10157 (JES), 2003 WL 340734, at *2 (S.D.N.Y. Feb. 5, 2003) (Defendant Bank of New York "is discharged . . . to the full extent permitted by law or in equity . . ., from any and all obligations to the Republic of Iraq . . . or to any other person . . . in respect of the funds turned over pursuant hereto"); *Rux v. ABN AMRO Bank, N.V.*, Index No. 08 Civ. 6588 (AKH) (S.D.N.Y. Apr. 14, 2009) (copy of relevant portions of judgment annexed hereto as Exhibit B) ("Respondent Banks are hereby discharged from any and all liability to Petitioners, any and all third-party respondents . . ., any third party claimant or any person or entity with respect to the [funds being turned over to Petitioners]" and "are hereby restrained and enjoined from instituting any future proceedings against the Respondent Banks with respect to the [funds turned over]"). The proposed judgment annexed hereto as Exhibit A also includes various recitations that relate to the basis for granting such relief to JPMorgan and Citi.

6.      The case law with respect to Rule 54(b) provides that in order for a Rule 54(b) judgment to be appropriate, the judgment must dispose of at least one claim in its entirety. The Court's Opinion, however, clearly disposes of the plaintiffs' claim in its entirety, since the Court has held that their writ of execution is invalid. The Opinion also

disposes of all parties' claims to the particular assets that are being awarded to the Greenbaum and Acosta judgment creditors. This prerequisite, therefore, has plainly been satisfied.

7.     The case law also indicates that a Rule 54(b) judgment must recite the reasons why the Court concludes that there is no just reason for delay in the entry of judgment on the claims that have been disposed of by its decision. The last paragraph of the proposed judgment preceding the decretal paragraphs is intended to address this requirement. The Court is free, of course, to modify this paragraph in order to set forth any other reasons why it believes that there is no just reason for delay in this case.

8.     The Levins' motion for leave to appeal under 28 U.S.C. § 1292(b) seeks leave to take an immediate appeal with respect to, inter alia, "the issue of whether a discharge of the Banks holding such assets is proper before the priority has been finally established after appeal." Evidently the Levins are not seeking to review the question of whether a discharge order is proper at some point, but only the question of whether such relief should be granted now. This timing issue, however, is clearly not appropriate for section 1292(b) relief. It is not a "controlling question of law," because it raises an issue only of timing, not of substance. There is no "substantial ground for difference of opinion" about it, because there can be no doubt that the proper time to grant a discharge to the banks with respect to particular property or funds is the moment when they are directed to turn such funds over to a successful judgment creditor. The cases cited above support this conclusion, and the Levins have cited no authority to the contrary. There is also no way that an immediate appeal of this issue could possibly "advance the ultimate termination of the litigation." Hence the standards for issuing a 1292(b) order have

plainly not been met insofar as this aspect of the Levins' motion for leave to appeal is concerned.

9.    In submitting the attached proposed judgment, JPMorgan does not waive any of the contentions or arguments that it raised in opposition to the Levins' and the Greenbaum and Acosta judgment creditors' motions for partial summary judgment, and all of JPMorgan's rights with respect to such matters are expressly reserved.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed in New York, New York on February 18, 2011.

J. Kelley Nevling, Jr.