UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE LEVIN,        :
                                            :
              Plaintiffs,                   :    Case No. 09-Civ.-5900 (RPP)
                                            :
v.                                          :
                                            :
BANK OF NEW YORK, et al.,                   :
                                            :
              Defendants.                   :
-------------------------------------------------------X
THE BANK OF NEW YORK MELLON, et            :
al.,                                        :
                                            :
              Third-Party Plaintiffs,       :
                                            :
v.                                          :
                                            :
STEVEN M. GREENBAUM, et al.,                :
                                            :
              Third-Party Defendants.       :
-------------------------------------------------------x

## GREENBAUM AND ACOSTA JUDGMENT CREDITORS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A STAY OF THE COURT'S JANUARY 20, 2011 ORDER PENDING APPEAL

STROOCK & STROOCK & LAVAN LLP

Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
180 Maiden Lane
New York, New York 10038-4982
(212) 806-5400

*Attorneys for Greenbaum and Acosta Judgment Creditors*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ...................................................................................................................... 1

    I.      The Court's January 20, 2011 Opinion and Order.................................................... 1

    II.     The Levins' Motion for Certification to Appeal and Instant Motion for a Stay of the Opinion and Order ............................................................ 2

ARGUMENT ............................................................................................................................ 3

A STAY OF THE OPINION AND ORDER WOULD BE IMPROPER .................................. 3

    I.      Standard for the Imposition of a Stay ...................................................................... 3

    II.     The Levins Have Failed to Demonstrate any Irreparable Injury ........................................................................................................................ 5

    III.    The Levins Have Failed to Demonstrate any Likelihood of Success on Appeal .................................................................................................. 6

    IV.    A Stay Would Substantially Harm the Greenbaum and Acosta Judgment Creditors ........................................................................................ 9

    V.     The Public Interest Weighs Against the Imposition of a Stay ...................................................................................................................... 10

CONCLUSION ....................................................................................................................... 11

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

Barclays Capital Inc. v. Theflyonthewall.com,
    700 F.Supp.2d 310 (S.D.N.Y. 2010)..................................................................................3

Centauri Shipping Ltd. v. Western Bulk Carriers KS,
    528 F.Supp.2d 186 (S.D.N.Y. 2007)................................................................................3, 4

Cohen v. Metropolitan Life Insurance Co.,
    No. 00 Civ. 6112 (LTS) (FM), 2007 WL 4208979 (S.D.N.Y. Nov. 21, 2007) .........................7

Conkright v. Frommert,
    129 S.Ct. 1861 (2009)........................................................................................................5

Cordius Trust v. Kummerfeld,
    No. 99 Civ. 3200 (DLC), 2010 WL 234823 (S.D.N.Y. Jan. 21 2010) ....................................10

CRP/Extell Parcel I, L.P. v. Cuomo,
    394 Fed. Appx. 779, 2010 WL 3784214 (2d Cir. Sept. 30, 2010).....................................4, 5, 6

Everspeed Enterprises Limited Pte. Ltd. v. Skaarup Fortune Shipping Ltd.,
    No. 09 Civ. 1319 (LBS), 2010 WL 1541420 (S.D.N.Y. Apr. 15, 2010)................................10

Ferrostaal Metals Corp. v. S.S. Lash Pacifico,
    652 F. Supp. 420 (S.D.N.Y 1987) ......................................................................................8

First City Texas-Houston, N.A. v. Rafidain Bank,
    197 F.R.D. 250 (S.D.N.Y 2000) ........................................................................................8

Ford v. Reynolds,
    316 F.3d 351 (2d Cir. 2003)...............................................................................................6

Gadsby & Hannah v. Socialist Republic of Romania,
    698 F. Supp. 483 (S.D.N.Y 1988) ......................................................................................8

Gesualdi v. Laws Construction Corp.,
    No. 09 Civ. 1067 (DLC), 2010 WL 5185067 (S.D.N.Y. Dec. 22, 2010) ....................... passim

Harris v. Butler,
    961 F.Supp. 61 (S.D.N.Y. 1997).............................................................................5, 10, 11

Hausler v. JP Morgan Chase Bank, N.A.,
    Case No. 09 Civ. 10289 (VM), Order (S.D.N.Y dated Sept. 21, 2010) ....................................9

Hayes v. City University of New York,
    503 F.Supp. 946 (S.D.N.Y. 1980) ...............................................................................4, 5, 6

Leinster Inter S.A. v. Botley Ltd.,
    No. 09 Civ. 3874 (SHS), 2009 WL 5246211 (S.D.N.Y. Dec. 30, 2009)................................10

Life Insurance Co. of North America V. Camm,
    No. 4:02-CV-0106 ...............................................................................................................10

Malarkey v. Texaco, Inc.,
    794 F.Supp. 1248 (S.D.N.Y. 1992) ..................................................................................4, 7

Matter of Feit & Drexler, Inc.,
    760 F.2d 406 (2d Cir. 1985)....................................................................................................6

Matter of World Trade Center Disaster Site Litigation,
    503 F.3d 167 (2d Cir. 2007).............................................................................................3, 7

Mohammed v. Reno,
    309 F.3d 95 (2d Cir. 2002).....................................................................................................3

Nken v. Holder,
    129 S.Ct. 1749 (2009).................................................................................................3, 4, 6

North American Airlines, Inc. v. International Broth. of Teamsters, AFL-CIO,
    No. 04 CV 9949 (KMK), 2005 WL 926969 (S.D.N.Y. Apr. 19, 2005) ...................................7

Ruckelshaus v. Monsanto Co.,
    463 U.S. 1315 (1983)........................................................................................................4, 6

S.E.C. v. Credit Bancorp, Ltd.,
    No. 99 Civ. 11395 (RWS), 2001 WL 180134 (S.D.N.Y. Feb. 21, 2001)................................9

Sampson v. Murray,
    415 U.S. 61 (1974)..................................................................................................................6

U.S. v. First National City Bank,
    379 U.S. 378 (1965)................................................................................................................6

**STATUTES**

28 U.S.C. §1292(b) ........................................................................................................................2

28 U.S.C. §1610(c) .........................................................................................................2, 7, 8, 9

1976 U.S.Code.................................................................................................................................8

**OTHER AUTHORITIES**

H.R.Rep. No. 1487, 94th................................................................................................................8

The Greenbaum and Acosta Judgment Creditors submit this memorandum of law in opposition to plaintiffs' motion for a stay of the Court's Opinion and Order dated January 20, 2011 (the "Opinion and Order") pending their appeal therefrom.[1]

## PRELIMINARY STATEMENT

To justify the extraordinary relief of a stay pending appeal, the Levins must bear the burden of demonstrating (1) a strong showing that they are likely to succeed on the merits, (2) that they will be irreparably injured absent a stay, (3) that a stay will not substantially injure the other parties interested in the proceeding, and (4) that the public interest favors the imposition of a stay. As demonstrated below, the Levins cannot carry that burden. They have failed to demonstrate any irreparable injury that will be sustained in the absence of a stay, and likewise have failed to offer any support for their alleged likelihood of success on the merits of their appeal. These, alone, are sufficient grounds upon which to deny the Levins' motion. Consideration of the third and fourth factors – the substantial injury a stay will inflict upon the Greenbaum and Acosta Judgment Creditors and the public interest – while unnecessary, only further supports a finding that the Levins have failed to meet their burden. Accordingly, the Levins' motion for a stay should be denied.

## BACKGROUND

**I.     The Court's January 20, 2011 Opinion and Order**

In its Opinion and Order, the Court denied the Levins' motion for partial summary judgment, holding, among other things, that the Levins were required to obtain a court order

---

[1] Capitalized terms have the same meanings as ascribed to them in the Opinion and Order.

pursuant to 28 U.S.C. §1610(c) prior to executing against any of the Phase One Assets.[2]  Having failed to secure such an order, the writs upon which the Levins based all their claims were held to be invalid and thus incapable of establishing priority of interest over any party that had properly executed upon a valid, court-ordered writ.  The Court further held that the Greenbaum and Acosta Judgment Creditors had, in contrast, properly obtained a court order pursuant to §1610(c) prior to executing against the Phase One Assets held by JP Morgan and Citibank and, by virtue of so executing, had established their priority as to those assets.  Accordingly, the Court granted the Greenbaum and Acosta Judgment Creditors' motion for partial summary judgment and a turnover order with respect to the Phase One Assets held by JP Morgan and Citibank.

## II. The Levins' Motion for Certification to Appeal and Instant Motion for a Stay of the Opinion and Order

The Levins recently moved the Court for certification pursuant to 28 U.S.C. §1292(b) to immediately appeal from the Opinion and Order, which motion has been opposed by the Greenbaum and Acosta Judgment Creditors, as well as other parties.  The central thrust of the Greenbaum and Acosta Judgment Creditors' opposition to certification pursuant to §1292(b) is that such certification in inappropriate where, as here, the Levins have failed to demonstrate any ground for difference of opinion regarding the rulings contained in the Opinion and Order.

The Levins have also made the instant motion for a stay of the Opinion and Order pending their appeal.  This puts the cart before the horse, however, as the Levins' motion for §1292(b) certification is still pending and, as other parties contend, improper.  Pendency of the Levins' motion for §1292(b) certification notwithstanding, for the reasons discussed below, the Levins' motion for a stay should nevertheless be denied.

---

[2]  Contrary to the assertion made by the Levins, the Opinion and Order is not confined to the Phase One Assets held by JP Morgan and Citibank, but rather it disposes of <u>all</u> of the Levins' claims as they pertain to <u>any</u> assets. See Memorandum of Law in Support of Plaintiffs' Motion For a Stay ("Levin Mem.") at 1.

**ARGUMENT**

**A STAY OF THE OPINION AND ORDER WOULD BE IMPROPER**

**I.      Standard for the Imposition of a Stay**

A stay is not a matter of right, but rather an extraordinary remedy that will only be granted in limited circumstances.  See Nken v. Holder, 129 S.Ct. 1749, 1760 (2009); Gesualdi v. Laws Const. Corp., No. 09 Civ. 1067 (DLC), 2010 WL 5185067 at *12 (S.D.N.Y. Dec. 22, 2010); Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F.Supp.2d 186, 190 (S.D.N.Y. 2007).  Whether to issue a stay is a matter of judicial discretion that requires the consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Nken, 129 S.Ct. at 1761; see Matter of World Trade Center Disaster Site Litig., 503 F.3d 167, 170 (2d Cir. 2007); Barclays Capital Inc. v. Theflyonthewall.com, 700 F.Supp.2d 310, 349 (S.D.N.Y.  2010).  As the party requesting this extraordinary form of relief, the Levins bear the burden of showing that a weighing of these four traditional factors justify the Court's issuance of a stay.  Nken, 129 S.Ct. at 1761; Gesualdi, 2010 WL 5185067 at *12 (S.D.N.Y. Dec. 22, 2010).

With regard to the weighing of the above four factors, the Second Circuit has noted that "the degree to which a factor must be present varies with the strength of the other factors." Matter of World Trade Center Disaster Site Litig., 503 F.3d at 170; see Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) (finding merit in the District of Columbia Circuit's balancing of stay factors); Centauri Shipping Ltd., 528 F.Supp.2d at 189 ("the Court treats these factors somewhat like a sliding scale") (internal citations omitted).  Thus, for example, the probability of success

on the merits that must be demonstrated is inversely proportional to the amount of irreparable injury the moving party will suffer absent a stay.  See id.; Gesualdi, 2010 WL 5185067 at *13.

However, the United States Supreme Court has recently made clear that the first two factors – a strong showing that the Levins are likely to succeed on the merits and that they will be irreparably injured absent a stay – are the "most critical" for purposes of this judicial analysis, and that it is insufficient only to demonstrate a mere possibility of success on the merits or the mere possibility of irreparable harm.  See Nken, 129 S.Ct. at 1761 (holding the "possibility" standard to be too lenient for issuance of a stay); Gesualdi, 2010 WL 5185067 at *13 ("Simply showing some possibility of irreparable injury fails to satisfy the second factor.") (citing Nken, 129 S.Ct. at 1761).  Rather, a strong showing of the moving party's likelihood of success on the merits must be made, as well as a showing of actual and imminent irreparable harm in the absence of a stay.  See id.; CRP/Extell Parcel I, L.P. v. Cuomo, 394 Fed. Appx. 779, 782, 2010 WL 3784214 at *3 (2d Cir. Sept. 30, 2010); see also Malarkey v. Texaco, Inc., 794 F.Supp. 1248, 1250 (S.D.N.Y. 1992) ("The requirement of irreparable harm is 'applied more stringently…on motions for stays pending appeal….  After judgment is entered, the propriety of the injury…has been judicially determined, and its imposition without further delay is surely more acceptable than prior to judgment.'") (internal citations omitted); Hayes v. City Univ. of N.Y., 503 F.Supp. 946, 964 (S.D.N.Y. 1980) (same).

Where, as here, the party requesting a stay fails to satisfy the first two factors, a stay must be denied.  See, e.g., Nken, 129 S.Ct. at 1761-62.  Moreover, where such party fails to demonstrate irreparable injury, a stay must be denied notwithstanding any likelihood of success on the merits.  See Ruckelshaus v. Monsanto Co., 463 U.S. 1315, 1317 (1983) ("An applicant's likelihood of success on the merits need not be considered, however, if the applicant fails to show irreparable injury from the denial of a stay."); Gesualdi, 2010 WL 5185067 at *13 (same);

Hayes, 503 F.Supp. at 964 (showing of irreparable harm is a prerequisite to issuance of a stay in the Second Circuit).

## II.     The Levins Have Failed to Demonstrate any Irreparable Injury

The Levins have not demonstrated, nor can they demonstrate, irreparable injury in the absence of a stay of the Opinion and Order.  On this point, the Levins merely allege that if JP Morgan and Citibank turn over their Phase One Assets to the Greenbaum and Acosta Judgment Creditors pursuant to the Opinion and Order, the Levins will "have no idea where [such money] may then be dispersed."  Levin Mem. at 10.  Other than this empty speculation about possible dissipation of assets, however, the Levins have failed to specify how, if at all, they would be harmed – let alone irreparably injured – absent a stay.

Such failure to specifically allege any actual and imminent injury is ample reason, without more, to deny their motion for a stay.  See Gesualdi, 2010 WL 5185067 at *14 (denying stay and holding that, even if defendant's arguments had merit, it provided no evidence in support of its assertions of irreparable harm); Harris v. Butler, 961 F.Supp. 61, 63 (S.D.N.Y. 1997) (rejecting defendants' contention of irreparable harm where the record was devoid of any evidence supporting the allegation that plaintiff would be unlikely to refund monies if defendants succeeded on appeal).

Moreover, it is firmly established that the mere likelihood of monetary injury absent a stay does not constitute irreparable injury.  See Conkright v. Frommert, 129 S.Ct. 1861, 1862 (2009) (denying request for stay and holding that speculative trouble recouping dispersed funds, absent impossibility of such recoupment, is insufficient to constitute irreparable harm); CRP/Extell Parcel I, L.P., 394 Fed. Appx. at 782 (same); Hayes, 503 F.Supp. at 964 (same). Indeed, courts have repeatedly held that irreparable harm must be actual and imminent rather than speculative in nature, and that purely monetary damages do not constitute irreparable injury.

See, e.g., Sampson v. Murray, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [to show irreparable harm]."); CRP/Extell Parcel I, L.P., 394 Fed. Appx. at 781; Ford v. Reynolds, 316 F.3d 351, 355 (2d Cir. 2003).[3]

Thus, the Levins have failed to demonstrate any actual and imminent harm that would befall them absent a stay, let alone any injury that is non-monetary in nature. The Levins' bald assertion that "[t]he second stay factor – irreparable harm in the absence of a stay – strongly favors granting a stay here," Levin Mem. at 9, is thus unsustainable, and their motion for a stay must be denied. See Ruckelshaus, 463 U.S. at 1317; Gesualdi, 2010 WL 5185067 at *13; Hayes, 503 F.Supp. at 964.

### III.    The Levins Have Failed to Demonstrate any Likelihood of Success on Appeal

The Levins have also failed to make a strong showing that they are likely to succeed on the merits of their appeal. Contrary to the Levins' assertions, the United States Supreme Court made clear in Nken that a mere "possibility" of success on the merits is too lenient of a standard to be applied in the context of a stay motion. 129 S.Ct. at 1761; cf. Levin Mem. at 5 (claiming that a party seeking a stay pending appeal should be required to show only that its arguments raise a substantial possibility, although less than a likelihood, of success). Indeed, in Nken, the Supreme Court expressly ruled that the standard to be applied is whether the movant has made a "<u>strong</u> showing that he is <u>likely</u> to succeed on the merits." Id. (emphasis added). Similarly, under the balancing test adopted by the Second Circuit, an extremely strong showing on this

---

[3] The Levins cite several cases to contradict the well-established Second Circuit precedent that purely monetary damages cannot constitute irreparable injury. See, e.g., U.S. v. First Nat'l City Bank, 379 U.S. 378, 385 (1965); Matter of Feit & Drexler, Inc., 760 F.2d 406, 416 (2d Cir. 1985). However, these cases are inapposite because they all concern circumstances in which a debtor's bad faith acts triggered an exception to the general rule. In the Matter of Feit & Drexler, Inc., for example, the Second Circuit upheld a preliminary injunction preventing a party's transfer of property where that party had engaged in "numerous and substantial efforts to hide and secrete assets" 760 F.2d at 416 (internal citations omitted). No such allegations against the Greenbaum and Acosta Judgment Creditors has been, or could be, made in the post-judgment context of the instant matter.

factor would be required by the Levins given their failure to demonstrate any irreparable harm under the second factor. See, e.g., Matter of World Trade Center Disaster Site Litig., 503 F.3d at 170; Gesualdi, 2010 WL 5185067 at *13. The Levins have not met this burden.

In support of their motion for a stay of the Opinion and Order, the Levins do little more than recycle the same arguments that were considered and rejected by the Court on motion by the parties for partial summary judgment. See Levin Mem. at 6-9. In so doing, they fail to proffer any new or contrary authority on the issue of whether 28 U.S.C. §1610(c) requires that a court order be obtained before a judgment creditor may lawfully execute upon the blocked assets of a foreign sovereign or instrumentality – the main issue underlying the Levins' challenge to the Opinion and Order. Such mere repetition of arguments already considered by the Court is insufficient to substantiate a likelihood of success on the merits. See Cohen v. Metropolitan Life Ins. Co., No. 00 Civ. 6112 (LTS) (FM), 2007 WL 4208979 at *1 (S.D.N.Y. Nov. 21, 2007) (holding that defendant's proffer of "mere reargumentation of its briefing on the summary judgment motion" failed to substantiate any likelihood of reversal on appeal); North American Airlines, Inc. v. Int'l Broth. of Teamsters, AFL-CIO, No. 04 CV 9949 (KMK), 2005 WL 926969 at * 1 (S.D.N.Y. Apr. 19, 2005) ("Mere repetition of arguments previously considered and rejected cannot be characterized as a 'strong showing' of likelihood of success on the merits.") (internal citations omitted); Malarkey v. Texaco, Inc., 794 F.Supp. 1248, 1250 (S.D.N.Y. 1992) (holding defendant had failed to make a strong showing that it was likely to succeed on the merits where it simply repeated objections and arguments that already had been previously considered and rejected by the court in the rulings sought to be challenged).

The arguments previously raised by the Levins were not persuasive before, and they are certainly no more persuasive now. Interpretation of the FSIA, including the application of the plain language of 28 U.S.C. §1610(c), hardly presents novel subject matter for this Court.

Indeed, the Court's 38-page Opinion and Order from which the Levins seek to appeal thoroughly considered and explicitly rejected each of the Levins' arguments and what little (if any) authority such arguments were premised upon.  In so ruling, the Court relied upon extensive authorities interpreting, and legislative history underlying, the FSIA, including § 1610 and TRIA.  Such authorities and legislative history make clear that §1610(c) requires a court order authorizing any attachment or execution upon the property of a foreign sovereign or instrumentality.  See, e.g., First City Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 256 (S.D.N.Y 2000); Ferrostaal Metals Corp. v. S.S. Lash Pacifico, 652 F. Supp. 420, 423 (S.D.N.Y 1987); Gadsby & Hannah v. Socialist Republic of Romania, 698 F. Supp. 483, 485 (S.D.N.Y 1988); H.R.Rep. No. 1487,  94th Cong., 2d Sess. 30, reprinted in 1976 U.S.Code Cong. & Admin.News 6604, 6629.  As explained by the House Report on the FSIA, cited by the Court on the precise question here at issue:

> In some jurisdictions in the United States, attachment and execution to satisfy a judgment may be had simply by applying to a clerk or a local sheriff.  This would not afford sufficient protection to a foreign state.  [Section 1610(c)] contemplates that the courts will exercise their discretion in permitting execution.

H.R.Rep. No. 1487,  94th Cong., 2d Sess. 30, reprinted in 1976 U.S.Code Cong. & Admin.News 6604, 6629 (emphasis added).  Thus, the Court found ample support for ruling that §1610(c) requires a court order authorizing any attachment or execution against the property of a foreign sovereign or instrumentality, even the blocked assets of such foreign sovereign or instrumentality.  See id; First City Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 256 (S.D.N.Y 2000); Ferrostaal Metals Corp. v. S.S. Lash Pacifico, 652 F. Supp. 420, 423 (S.D.N.Y 1987); Gadsby & Hannah v. Socialist Republic of Romania, 698 F. Supp. 483, 485 (S.D.N.Y 1988).

Indeed, the Levins <u>concede</u> that §1610(a) and (b) "clearly define a larger group of assets, <u>all those within the United States</u>," while TRIA and §1610(f)(1)(a) merely define a "smaller subset of [those] assets." See Levin Mem. at 8 (emphasis added). It logically follows that §1610(c), which mandates that "<u>no attachment or execution referred to in subsection (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution</u>," (emphasis added) must also apply with equal force to the attachment or execution of blocked assets pursuant to TRIA and/or §1610(f)(1)(a). Moreover, this Court has previously applied §1610(c) in precisely this context of executions against blocked assets. See <u>Hausler v. JP Morgan Chase Bank, N.A.</u>, Case No. 09 Civ. 10289 (VM), Order (S.D.N.Y dated Sept. 21, 2010) (ordering turnover of blocked assets pursuant to TRIA upon finding that judgment creditors had obtained 28 U.S.C. §1610(c) court order for the issuance of the writ of execution at issue, among other things).

Thus, absent any new controlling or persuasive authority to the contrary, the Levins have failed to demonstrate any likelihood of success on the merits of their appeal, and their motion for a stay pending such appeal ought to therefore be denied. See <u>S.E.C. v. Credit Bancorp, Ltd.</u>, No. 99 Civ. 11395 (RWS), 2001 WL 180134 at *2 (S.D.N.Y. Feb. 21, 2001) (holding plaintiff had failed to show a likelihood of success where the court's conclusions had found ample precedential support and plaintiff had merely re-raised previously considered issues he would like to put before the Court of Appeals).

**IV.**     **<u>A Stay Would Substantially Harm the Greenbaum and Acosta Judgment Creditors</u>**

Although this factor need not be considered in light of the Levins' failure to demonstrate irreparable harm and/or any likelihood of their success on the merits, consideration of the harm a stay of the Opinion and Order would pose to the Greenbaum and Acosta Judgment Creditors weighs further against the issuance of such a stay. The requested stay would deprive the

-9-

Greenbaum and Acosta Judgment Creditors of the right to exercise their judicially determined property interest in the Phase One Assets held by JP Morgan and Citibank and to invest and allocate such funds as they see fit. Such deprivation, while not rising to the bar of "irreparable injury," has been recognized by this Court as constituting the type of "substantial injury" to the non-moving party that justifies tipping the balance of the stay factors further in such non-moving party's favor. See Leinster Inter S.A. v. Botley Ltd., No. 09 Civ. 3874 (SHS), 2009 WL 5246211, at *1 (S.D.N.Y. Dec. 30, 2009) (holding that the restraint of defendant's funds caused harm weighing against the issuance of a stay); Everspeed Ent. Limited Pte. Ltd. v. Skaarup Fortune Shipping Ltd., No. 09 Civ. 1319 (LBS), 2010 WL 1541420 (S.D.N.Y. Apr. 15, 2010) (same); Harris, 961 F.Supp. at 63 (same). It is of no consequence that the funds may continue to be maintained in interest bearing accounts, as the harm here stems from the restraint on the Greenbaum and Acosta Judgment Creditors' access to such funds. See id.; cf. Levin Mem. at 11.[4] Accordingly, this factor weighs against the issuance of a stay.

## V.     The Public Interest Weighs Against the Imposition of a Stay

Where a judgment creditor has been found to have complied with all necessary federal and New York procedures in a years-long effort to enforce their judgment, this Court has held that there is an "overwhelmingly strong public interest in seeing that the judgments…are finally – if only partially-satisfied." Cordius Trust v. Kummerfeld, No. 99 Civ. 3200 (DLC), 2010 WL 234823 at *2 (S.D.N.Y. Jan. 21 2010). And as the Levins have themselves emphasized, "it is in the public interest that frozen and blocked assets be available to the proper payee in accordance

---

[4]   The Levins cite Life Ins. Co. of N. Am. V. Camm, No. 4:02-CV-0106 DFH-WGH, 2007 WL 2492384 at *1 (S.D. Ind. Aug. 29, 2007), seemingly for the proposition that a stay pending appeal would be appropriate and not pose a risk of dissipation of assets to the Greenbaum and Acosta Judgment Creditors because "[in] an interpleader case, the court has the disputed funds already in its possession so that all parties are protected from [such] risk." Id.; Levin Mem. at 5. It remains uncontroverted, however, that the assets at issue in this matter have not been transferred to the Court's custody, and instead remain in the hands of the private litigant third-party plaintiff banks.

-10-

with the law." Levin Mem. at 12. Assuming this to be true, this factor disfavors a stay, as it has already been judicially determined that the Greenbaum and Acosta Judgment Creditors are entitled to the turnover of the assets at issue. See Harris, 961 F.Supp. at 63 (holding that while the public interest may not have had any direct interest in the dispute between the parties, "every citizen derivatively benefits from the swift resolution of all litigation"). Because a stay will have the effect of delaying due execution of the Court's Opinion and Order, the public interest weighs against the imposition of a stay of the Opinion and Order. Accordingly, the Motion for Stay should be denied.

## CONCLUSION

For the reasons set forth above, the Levins' motion for a stay of the Court's January 20, 2010 Opinion and Order pending appeal should be denied.

Dated:  New York, New York  
        February 24, 2011

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By: _____/s/_____  
      Curtis C. Mechling  
      James L. Bernard  
      Benjamin Weathers-Lowin

      180 Maiden Lane  
      New York, New York 10038  
      (212) 806-5400

*Attorneys for the Greenbaum and Acosta Judgment Creditors*