UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JEREMY LEVIN and DR. LUCILLE LEVIN,

      Plaintiffs,    :  Case No. 09 Civ. 5900 (RPP)

    -against-

BANK OF NEW YORK, JPMORGAN
CHASE, SOCIETE GENERALE and   :
CITIBANK,

      Defendants.
------------------------------------------------------------- x
THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE BANK, N.A.,    :
SOCIÉTÉ GÉNÉRALE and
CITIBANK, N.A.,

      Third-Party Plaintiffs, :

    -against-      :

STEVEN M. GREENBAUM, STEVEN M. :
GREENBAUM (as administrator of the estate
of JUDITH GREENBAUM), ALAN D.  :
HAYMAN, SHIRLEE HAYMAN, et al.,

      Third-Party Defendants.
------------------------------------------------------------- x

**GREENBAUM JUDGMENT CREDITORS'**
**AMENDED ANSWER TO THIRD-PARTY COMPLAINT AND COUNTERCLAIMS**

Third-Party Defendants Steven M. Greenbaum (sued individually and as administrator of the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors"), by their undersigned counsel, for their answer to the Third-Party Complaint Against the United States and Plaintiffs in Other Actions Against Iran of Third-Party Plaintiffs The Bank of New York Mellon, JPMorgan Chase Bank, N.A., Société Générale and Citibank, N.A. (the "Third-Party Complaint"), allege as follows:

Nature of the Proceedings

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint, except admit that the Greenbaum Judgment Creditors have brought lawsuits and obtained judgments against Iran based on its participation in or responsibility for acts of terrorism and have asserted claims to, or rights with respect to, assets that belong to Iran and/or its agents or instrumentalities.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint.

## The Parties

A. <u>The Third-Party Plaintiffs</u>

    6. Admit, upon information and belief, the allegations contained in paragraph 6 of the Third-Party Complaint.

    7. Admit, upon information and belief, the allegations contained in paragraph 7 of the Third-Party Complaint.

    8. Admit, upon information and belief, the allegations contained in paragraph 8 of the Third-Party Complaint.

    9. Admit, upon information and belief, the allegations contained in paragraph 9 of the Third-Party Complaint.

B. <u>The Third-Party Defendants</u>

a. <u>Plaintiffs in Other Actions Against Iran</u>

    10. Admit the allegations contained in paragraph 10 of the Third-Party Complaint.

    11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint.

    12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint.

    13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint.

    14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint.

    15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint.

b. <u>The United States of America</u>

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint, except admit that the United States has promulgated the regulations referred to therein.

Jurisdiction and Venue

17. Paragraph 17 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Greenbaum Judgment Creditors deny the allegations.

18. Paragraph 18 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Greenbaum Judgment Creditors deny the allegations.

Factual Background

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint, except admit that the Greenbaum Judgment Creditors have asserted an interest in, claim to or right to assets that may belong to Iran and/or its instrumentalities or agents.

24. Admit the allegations contained in paragraph 24 of the Third-Party Complaint, and aver that the Greenbaum Judgment Creditors have also delivered to the U.S. Marshal for the Southern District of New York writs of execution for service upon one or more of the Third-Party Plaintiffs with respect to assets belonging to Iranian entities.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint.

## FIRST CLAIM FOR RELIEF

33. The Greenbaum Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 32 as if fully set forth herein.

34. Paragraph 34 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Greenbaum Judgment Creditors deny the allegations.

35. Paragraph 35 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Greenbaum Judgment Creditors deny the allegations.

## SECOND CLAIM FOR RELIEF

36. The Greenbaum Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 35 as if fully set forth herein.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third-Party Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Complaint.

39. Paragraph 39 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Greenbaum Judgment Creditors deny the allegations.

## THIRD CLAIM FOR RELIEF

40. The Greenbaum Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 32, 34, 35 and 37 through 39 as if fully set forth herein.

41. Paragraph 41 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Greenbaum Judgment Creditors deny the allegations.

## AFFIRMATIVE DEFENSES

42.     The Greenbaum Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

## AMENDED COUNTERCLAIMS

43.     By and for their Amended Counterclaims against certain Third-Party Plaintiffs in the underlying action, the Greenbaum Judgment Creditors allege as follows:

### Parties

44.     The Greenbaum Judgment Creditors are judgment creditors in a case entitled <u>Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et al.</u>, Civil Action No. 02-2148 (RCL) (D.D.C.).

45.     Upon information and belief, Third-Party Plaintiff and Counterclaim-Defendant The Bank of New York Mellon ("BNYM") is a bank chartered and operating under the laws of the State of New York with its principal place of business in the State of New York.

46.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant JPMorgan Chase Bank, N.A. ("JPMCB") is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

47.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant Société Générale ("SoGen") is a French banking institution that has an office and a branch in the County and State of New York.

48.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant Citibank, N.A ("Citi") is a national banking association organized and existing under the laws of

the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

### Jurisdiction and Venue

49.  This Court has subject-matter jurisdiction over the claims sets forth herein pursuant to 28 U.S.C. § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1601 *et seq.* (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331 and 1963.

50.  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

### Allegations Common to All Counterclaims

51.  The Greenbaum Judgment Creditors hold an unsatisfied judgment in the amount of $19,879,023.00 (the "Judgment") against judgment debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"). The Judgment arises

from the August 9, 2001 terrorist suicide bombing in Jerusalem, Israel. The attack, which was sponsored by Iran and MOIS, left fifteen people dead, including Judith Greenbaum, a pregnant American woman, and wounded more than one hundred thirty others. The Judgment was registered in the Southern District of New York on December 10, 2008, and a transcript docketed in the New York County Clerk's Office on December 17, 2008.

52. On or about December 11, 2008, and again on or about December 18, 2008, the Greenbaum Judgment Creditors served a restraining notice with information subpoena upon BNYM. BNYM responded to the December 11, 2008 information subpoena in a letter dated December 18, 2008, advising that it had no responsive assets and therefore no restraints had been placed. BNYM responded to the December 18, 2008 subpoena in a response sworn to on January 23, 2009, also advising that it was unable to locate responsive assets.

53. On or about December 11, 2008, and again on or about December 18, 2008, the Greenbaum Judgment Creditors served a restraining notice with information subpoena upon JPMCB. JPMCB responded to the December 11, 2008 information subpoena on December 16, 2008, advising "no records located with information provided." JPMCB responded to the December 18, 2008 subpoena on November 19, 2009, when its counsel sent a letter to counsel for the Greenbaum Judgment Creditors indicating that it might have responsive blocked assets, and by noting "JPMCB does not have a sufficient basis for concluding that any of [these blocked assets] are . . . 'owed to or held for the benefit of' Iran, any of its agencies and instrumentalities or Bank Melli."

54. On or about December 11, 2008, and again on or about December 18, 2008, the Greenbaum Judgment Creditors served a restraining notice with information subpoena upon Citi. Citi issued a letter response on December 27, 2008 advising that "an examination of our records indicates no relationship between Citibank N.A. and the judgment debtors attached." A formal

sworn response and objections followed on February 3, 2009, apparently responding to the December 18, 2008 subpoena. It identified only several thousand dollars blocked pursuant to OFAC regulations.

55. On or about December 14, 2009, the Greenbaum Judgment Creditors obtained an order pursuant to 28 U.S.C. § 1610(c) from Judge Barbara S. Jones of this Court directing the Clerk of Court to issue writs of execution pursuant to 28 U.S.C. § 1610(c) with respect to property of Iran held in this district by Citi.

56. On December 21, 2009, the Greenbaum Judgment Creditors obtained a writ of execution from the Clerk and delivered the writ that day to the U.S. Marshal for the Southern District of New York for service on Citi.

57. On April 5, 2010, the Greenbaum Judgment Creditors obtained from the Clerk of Court an amended writ of execution. This amended writ was delivered to the U.S. Marshal on April 6, 2010 for service on Citi, which was completed by the U.S. Marshal on April 15, 2010.

58. On February 8, 2011, the Greenbaum Judgment Creditors obtained an order pursuant to 28 U.S.C. § 1610(c) from Judge Barbara S. Jones of this Court directing the Clerk of Court to issue writs of execution pursuant to 28 U.S.C. § 1610(c) with respect to property of Iran held in this district by JPMCB, BNYM and SoGen.

59. On February 9, 2011, the Greenbaum Judgment Creditors obtained a writ of execution from the Clerk of Court and delivered the writ that day to the U.S. Marshal for the Southern District of New York for service on JPMCB, BNYM and SoGen, which was completed by the U.S. Marshal on February 17, 2011.

60. The Third-Party Complaint alleges that the Third-Party Plaintiffs, including the Counterclaim Defendants herein, are holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by

the United States Department of the Treasury. The Third-Party Plaintiffs, including the Counterclaim Defendants, allege that these blocked funds include both assets held in blocked deposit accounts and the proceeds of blocked wire transfers.

61. Upon information and belief, these blocked funds, in whole or in part, belong or are owed to or held for the benefit of Iran or its agencies and instrumentalities (the "Iranian Blocked Assets").

First Counterclaim

62. The Greenbaum Judgment Creditors repeat and reallege paragraphs 44 through 61 as if set forth herein.

63. The Greenbaum Judgment Creditors are judgment creditors of Iran and MOIS.

64. The Greenbaum Judgment Creditors are entitled to enforce their judgment against all assets in which Iran and MOIS have an interest, direct or indirect, within the United States.

65. Upon information and belief, the Counterclaim Defendants hold such assets, including, but not necessarily limited to the "Iranian Blocked Assets."

66. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605(a)(7), 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Greenbaum Judgment Creditors are entitled to a turnover of personal and, if applicable, real property with a value of, or to otherwise receive payment of a sum of money not exceeding, $19,879,023.00, plus post-judgment interest, from Counterclaim Defendants BNYM, JPMCB, SoGen and Citi.

Second Counterclaim

67. The Greenbaum Judgment Creditors repeat and reallege paragraphs 44 through 66 as if set forth herein.

68. Section 201 of TRIA provides in relevant part that:

> Notwithstanding any other provision of law ... in every case in
> which a person has obtained a judgment against a terrorist party on

> a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

69. The Greenbaum Judgment Creditors obtained their Judgment on a claim for which Iran was not immune under 28 U.S.C. § 1605(a)(7).

70. Iran is, and was at the time of the attack that took Ms. Greenbaum's life, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA. <u>Greenbaum v. Islamic Republic of Iran</u>, 451 F. Supp. 2d 90, 101 (D.D.C. 2006) (citing 31 C.F.R. § 596.201 (2001)). The same is true of MOIS. "As to defendant MOIS, it is treated as the state of Iran itself, and thus the same determinations apply to its conduct." <u>Id.</u>

71. Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

72. The Greenbaum Judgment Creditors are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, conveying, assigning and directing the turnover by the Counterclaim Defendants to the Greenbaum Judgment Creditors in satisfaction of their Judgment of all blocked assets in their possession, custody or control owed to or held for the benefit of Iran and or MOIS.

WHEREFORE, the Greenbaum Judgment Creditors respectfully demand judgment against Counterclaim Defendants:

    (i) on the First Counterclaim, requiring Counterclaim Defendants BNYM, JPMCB, SoGen and Citi to turn over property with a value of, or otherwise pay a sum of money not exceeding, $19,879,023.00, plus post-judgment interest, to the Greenbaum Judgment Creditors from personal and, if applicable, real property held by Counterclaim Defendants BNYM, JPMCB, SoGen and Citi;

    (ii) on the Second Counterclaim, ordering the conveyance and assignment and directing the turnover to the Greenbaum Judgment Creditors in satisfaction of their Judgment of all blocked assets in the Counterclaim Defendants' possession, custody or control owed to or held for the benefit of Iran and/or MOIS, in an amount not exceeding $19,879,023.00, plus post-judgment interest; and

    (iii) awarding the Greenbaum Judgment Creditors the costs and disbursements of this action.

Dated: New York, New York
   March 4, 2011

STROOCK & STROOCK & LAVAN LLP

By: _____/s/_____
  Curtis C. Mechling
  James L. Bernard
  Jeremy S. Rosof
  Benjamin Weathers-Lowin

  180 Maiden Lane
  New York, New York 10038
  (212) 806-5400
  Attorneys for the Greenbaum
  Judgment Creditors