UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>    Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, and CITIBANK,<br><br>    Defendants.<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE and CITIBANK, N.A.,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>STEVEN GREENBAUM et al.,<br><br>    Third-Party Defendants. | **Civil Action No. 09-cv-5900 (RPP)** |

### ANSWER OF SOCIÉTÉ GÉNÉRALE TO COUNTERCLAIMS OF <u>GREENBAUM JUDGMENT CREDITORS</u>

Third-party plaintiff Société Générale, by its attorneys, Mayer Brown LLP, as its answer to the counterclaims asserted by third-party defendants Steven M. Greenbaum *et al.* (the "Greenbaum Parties") in their Amended Answer dated March 7, 2011, states as follows:

1. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

2. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

3. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

4. Société Générale admits the allegations in Paragraph 47.

5. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

6. Société Générale denies the allegations in Paragraph 49 and refers all questions of law to the Court.

7. Société Générale denies the allegations in Paragraph 50 and refers all questions of law to the Court.

8. Société Générale denies knowledge or information sufficient to respond to the allegations in Paragraph 51.

9. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

10. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

11. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

12. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

13. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

14. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

15. Société Générale denies knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

16. Société Générale denies the allegations in Paragraph 59 as they relate to Société Générale, and otherwise denies knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 59.

17. Société Générale denies the allegations in Paragraph 60, except states that the Third-Party Complaint speaks for itself.

18. Société Générale denies the allegations in Paragraph 61 and refers all questions of law to the Court.

## First Counterclaim

19. Société Générale repeats and realleges its answers to Paragraphs 44 through 61 as if set forth herein.

20. Société Générale denies the allegations in Paragraph 63 and refers all questions of law to the Court.

21. Société Générale denies the allegations in Paragraph 64 and refers all questions of law to the Court.

22. Société Générale denies the allegations in Paragraph 65, except admits that it holds certain assets in which Iran (as defined in Paragraph 51 of the Counterclaim) may have an interest.

23. Société Générale denies the allegations in Paragraph 66 and refers all questions of law to the Court.

<u>Second Counterclaim</u>

24. Société Générale repeats its responses to Paragraphs 44 through 67 as if set forth herein.

25. Société Générale admits that Paragraph 68 contains a partial quotation from 116 Stat. 2322 and refers all questions of law to the Court.

26. Société Générale denies the allegations in Paragraph 69 and refers all questions of law to the Court.

27. Société Générale denies the allegations in Paragraph 70 and refers all questions of law to the Court.

28. Société Générale denies the allegations in Paragraph 71 and refers all questions of law to the Court.

29. Société Générale denies the allegations in Paragraph 72 and refers all questions of law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

30. The Greenbaum Parties have no legal interest in any blocked assets held at Société Générale.

**SECOND AFFIRMATIVE DEFENSE**

31. To the extent that the Greenbaum Parties do have an interest in assets held at Société Générale, other persons may have interests that are superior to any rights of the Greenbaum Parties.

### THIRD AFFIRMATIVE DEFENSE

32. To the extent that persons other than the Greenbaum Parties have interests of any kind in any assets that are the subject of this dispute, those persons are indispensable parties.

### FOURTH AFFIRMATIVE DEFENSE

33. To the extent that the assets belonging to Iran and its agencies or instrumentalities that are in the possession of the counterclaim defendants exceed the amount necessary to satisfy the Greenbaum Parties' judgment, this Court should allocate the amounts to be turned over to each of the defendants and determine from which accounts the funds should be debited in such a way that Société Générale is not required to turn over more than its allocable share.

### RESERVATION OF RIGHTS

Société Générale reserves its right to supplement this, its answer to counterclaims, with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having responded to the counterclaims and asserted affirmative defenses, Société Générale respectfully requests that this Court enter an order as requested in the Third-Party Complaint and dismissing the counterclaims with prejudice, and granting Société Générale any additional equitable and other relief that the Court deems just and proper under the circumstances.

Dated: New York, New York
      March 18, 2011

                    MAYER BROWN LLP

By:   /s/ Mark G. Hanchet
      Mark G. Hanchet
      Christopher J. Houpt
      1675 Broadway
      New York, New York  10019
      (212) 506-2500

      *Attorneys for Defendant and Interpleader Plaintiff Société Générale*