UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>      Plaintiffs,<br><br>-v-<br><br>BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,<br><br>      Defendants.<br>_____<br><br>THE BANK OF NEW YORK MELLON,<br><br>      Third-Party Plaintiff,<br><br>-v-<br><br><br>_____<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>      Third-Party Plaintiff,<br><br>-v-<br><br><br><br>CAPTION CONTINUED ON NEXT PAGE | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION PER ORDER DATED JANUARY 21, 2010)<br><br>Civ. No. 09 CV 5900 (RPP) (MHD)<br><br>**PLAINTIFFS JEREMY LEVIN AND DR. LUCILLE LEVIN'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE BY PROPOSED INTERVENOR ATTORNEY JAY GLENN** |

11:P2437002.doc

SOCIETE GENERALE,

        Third-Party Plaintiff,

   -v-



_____

CITIBANK, N.A.,

        Third-Party Plaintiff,

   -v-



_____

THE BANK OF NEW YORK MELLON, JPMORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A.,

        Third-Party Plaintiffs,

   -v-

STEVEN M. GREENBAUM, et al.

        Third-Party Defendants.

Civ. No. 09 CV 5900 (RPP) (MHD)

CAPTION CONTINUED ON NEXT PAGE

11:P2437002.doc

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A., <br><br>    Third-Party Plaintiffs, <br><br> -v- <br><br>THE ESTATE OF JAMES SILVIA AND LYNNE MICHOL SPENCER, et al., <br><br>    Third-Party Defendants. | Civ. No. 09 CV 5900 (RPP) |

**PLAINTIFFS JEREMY LEVIN AND DR. LUCILLE LEVIN'S OPPOSITION TO MOTION FOR LEAVE TO INTERVENE BY <u>PROPOSED INTERVENOR ATTORNEY JAY GLENN</u>**

On March 15, 2011, putative intervenor attorney Jay Glenn filed a notice of motion and memorandum of law in support of his request to intervene as a matter of right under Federal Rule of Civil Procedure 24 in this collection matter brought by Plaintiffs, 28 U.S.C. § 1605(a)(7) judgment holders and victims of terrorism.  The Court has entered a 54(b) Decision and Judgment which is currently on appeal.  *See* District Court's Opinion and Amended Order of March 4, 2011; *see also  Levin v. Bank of New York et al.*,  2nd Cir. Docket No. 11-623.  The Court has also entered a stay until the appeal is resolved.  *Id.*

Attorney Glenn states that he is an attorney for Third Party Defendants, Petersons, who were served with an interpleader complaint by Defendants.  *See* Glenn's March 15,

11:P2437002.doc               1

2011 Motion to Intervene. The Petersons answered the Third Party Complaint on June 18, 2010 represented by Salon Marrow Dyckman Newman & Brody LLP. *See* Petersons' Answer to Third-Party Complaint Filed on June 18, 2010. The Petersons did not oppose the Levins Motion for Summary Judgment and Turnover of Phase One assets argued on September 29, 2010, the subject of the pending appeal. *See* District Court's Opinion and Amended Order of March 4, 2011.

Attorney Glenn makes his motion to intervene as a party in this action based on the arguments that he has an interest in the action based on a charging lien for attorneys' fees against the Petersons, that his interest may be impaired by the disposition of the assets in this action, that Petersons' counsel is ineffective and will not protect his interest, and that he acted as soon as he discovered this action. In short, apparently, attorney Glenn has had a falling out with his co-counsel, the Peterson clients or both. Attorney Glenn does not represent that he is a victim of terrorism or that he has any claim against the assets at issue under any of the federal statutes at issue, including the Foreign Sovereign Immunities Act ("FSIA") or any of the New York state statutes allowing collection on Blocked Assets under the Terrorism Risk Insurance Act ("TRIA") located in New York.

In order to be an intervenor as of right under Federal Rule of Civil Procedure 24, one must "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest in not protected adequately by the parties to the action." *See Kalinski v. Bacot*, 320 F.2d 291, 300 (2d Cir. 2003). Attorney Glenn is not a victim of

11:P2437002.doc                                   2

terrorism, does not have a claim against any of the assets at stake here, and is not among the parties that the court allowed to be interplead as having a possible interest in the assets here. *See* District Court's Order of January 11, 2010. The Court has refused to consolidate even other purported actions involving claims made by some Third Party Defendants against assets of the Islamic Republic of Iran, not at issue here, in order not to increase the complexity of this matter. *See* District Court's Order of June 10, 2010.

Attorney Jay Glenn seeks to introduce a contractual, state law dispute among counsel for the Petersons, and perhaps the Petersons, into the Levins' FSIA collection action on Blocked Assets of a terrorist state. This unrelated state law contract issue should be brought, if at all, as a separate action in a proper forum. The Levins are ill and elderly. The district court has specifically recognized this and so found in its justification for its entry of an immediately appealable 54(b) judgment. *See* pg. 38 of District Court's Opinion and Amended Order of March 4, 2011. Glenn is not a proper intervener and it would prejudice the Levins to have this unrelated dispute among the Petersons' counsel be made a part of this action, creating collateral issues and further possibility for delay in collecting their judgment the Petersons are represented by counsel in this matter. Glenn has no independent interest in the assets and is not a proper intervenor. The Levins object to attorney Glenn's motion to intervene.

If the Petersons want to substitute counsel, they should file a notice of substitution. If Glenn has a claim against counsel for the Petersons or the Petersons, he should bring that claim against them in a separate action. The Petersons have not opposed the Levins' motion for partial summary judgment. The Court's Order of June 10, 2010 states that no

other cases will be consolidated into this case.  *See* District Court's Order of June 10, 2010.

      For the foregoing reasons, Glenn's motion to intervene should be denied.

Dated:  March 25, 2011                      HOWARTH & SMITH

                                   By:   /s/Suzelle M. Smith
                                           Suzelle M. Smith
                                           Don Howarth
                                           523 West Sixth Street, Suite 728
                                           Los Angeles, California  90014
                                           (213) 955-9400
                                           ssmith@howarth-smith.com

                                           *Attorneys for Plaintiffs*
                                           *Jeremy Levin and Dr. Lucille Levin*