UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------ x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :

                Plaintiffs,    :

        - against -    :

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE, and
CITIBANK,    :

                Defendants.    :

------------------------------------------------------ x

THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE BANK, N.A., SOCIETE
GENERALE and CITIBANK, N.A.,    :

           Third-Party Plaintiffs,    :

        - against -    :

STEVEN M. GREENBAUM, STEVEN M.
GREENBAUM (as administrator of the estate of    :
JUDITH GREENBAUM), ALAN D.
HAYMAN, SHIRLEE HAYMAN, *et al.*,    :

           Third-Party Defendants.    :

------------------------------------------------------ x

Case No. 09 Civ. 5900 (RPP)

**CITIBANK, N.A.'S ANSWER TO
AMENDED COUNTERCLAIMS
OF THIRD-PARTY DEFENDANTS
STEVEN M. GREENBAUM,
ET AL.**

        Defendant/Third-Party Plaintiff Citibank, N.A. ("Citi"), by its undersigned attorneys, Davis

Wright Tremaine LLP, submits its answer to the amended counterclaims asserted by third-party

defendants Steven M. Greenbaum, et al., (the "Greenbaum Judgment Creditors") and states as

follows (with paragraph numbers commencing with the first paragraph of the counterclaims):

<u>**COUNTERCLAIMS**</u>

        43.     States that the allegations contained in Paragraph 43 constitute legal conclusions  as

to which no response is required, except that, if a response is required, denies knowledge and

information sufficient to form a belief as to the truth of the allegations therein.

**PARTIES**

44.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 44, except states that a judgment was entered in the case entitled *Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-2148 (RCL) (D.D.C.).

45.     Admits the allegations in Paragraph 45.

46.     Admits the allegations in Paragraph 46.

47.     Admits the allegations in Paragraph 47.

48.     Admits the allegations in Paragraph 48.

**JURISDICTION AND VENUE**

49.     States that the allegations contained in Paragraph 49 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

50.     States that the allegations contained in Paragraph 50 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

**ALLEGATIONS COMMON TO ALL COUNTERCLAIMS**

51.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51, except admits on information and belief that the Greenbaum Judgment Creditors obtained a judgment pursuant to 28 U.S.C. § 1605A in the amount of $19,879,923.00 against judgment debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ('MOIS") (the "Greenbaum Judgment").

52.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 54, except admits that on or about February 3, 2009, Citi served on counsel for the Greenbaum Judgment Creditors its Objections and Responses to Information Subpoena and refers to that document for a true and complete recitation of the contents thereof.

55.      Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55.

56.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

57.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57, except admits that Citi was served on or about April 15, 2010 with a writ of execution with respect to the Acosta Judgment Creditors and refers to that writ for a true and complete recitation of the contents thereof.

58.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and refers to the Third-Party Complaint for a true and complete recitation of the contents thereof.

61.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

## FIRST COUNTERCLAIM

62.     Citi incorporates its responses to paragraphs 43 through 61 as though fully set forth herein.

63.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63, except admits that the Greenbaum Judgment Creditors obtained the Greenbaum Judgment.

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65, except admits that Citi holds certain assets blocked pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury and refers to those Orders and regulations for a true and complete recitation of the contents thereof.

66.     States that the allegations contained in Paragraph 66 constitute legal conclusions as to which no response is required, and refers to the statutes and rules cited in Paragraph 66 for a true and complete recitation of the contents thereof.

## SECOND COUNTERCLAIM

67.     Citi incorporates its responses to paragraphs 43 through 66 as though fully set forth herein.

68.     Admits that the language cited in Paragraph 68 appears in the Section 201(a) of the Terrorism Risk Insurance Act and refers to that Section of that Act for a true and complete recitation of the contents thereof.

69.     States that the allegations contained in Paragraph 69 constitute legal conclusions  as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

70.     States that the allegations contained in Paragraph 70 constitute legal conclusions  as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

71.     States that the allegations contained in Paragraph 71 constitute legal conclusions  as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

72.     States that the allegations contained in Paragraph 72 constitute legal conclusions  as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Acosta Judgment Creditors as counterclaim plaintiffs, Citi asserts the following affirmative and other defenses with respect to the Complaint.

73.     Citi incorporates its responses to paragraphs 43 through 72 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

74.     Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets blocked by Citi that are the subject of this action (the "Blocked Assets") which may be superior to the rights of the Acosta Judgment Creditors to enforce their judgment against the Blocked Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

75.     The Blocked Assets sought by Acosta Judgment Creditors in this action include wire transfers that were routed through Citi as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC. Citi simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations.  Because under New York law, wire funds in the temporary possession of Citi as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over.  *See The Shipping Corp. of India Ltd. v. Jaldi Overseas Pte Ltd.*, 585 F.3d 58, 70-71 (2d Cir. 2009), *cert denied*, 2010 U.S. Lexis 2362 (U.S. Mar. 22, 2010).

## FOR ITS THIRD AFFIRMATIVE DEFENSE

76.     The Blocked Assets sought by the Acosta Judgment Creditors in this action may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in *Levin v. Islamic Republic of Iran,* Case No. 05-2494 (D.D.C.); *Peterson v. Islamic Republic of Iran*, Case No. 01-2094, 01-2684 (D.D.C.); *Greenbaum v. Islamic Republic of Iran,* Case No. 02-2148 (D.D.C.); *Rubin v. Islamic Republic of Iran*, Case No.01-1655 (D.D.C.); *Valore v. Islamic Republic of Iran,* Case No. 03-1959 (D.D.C.); *Bonk v. Islamic Republic of Iran*, Case No. 08-1273 (D.D.C.); *Estate of James Silvia v. Islamic Republic of Iran*, Case No. 06-750 (D.D.C.); *Estate of Anthony K. Brown v. Islamic Republic of Iran*, Case No. 08-531 (D.D.C.); and *Estate of Stephen B. Bland v. Islamic Republic of Iran*, Case No. 05-2124 (D.D.C.); *Estate of Michael Heiser v. Islamic Republic of Iran*, Case Nos. 00-2329 and 01-2104 (D.D.C.); *Khaliq v. Republic of Sudan, et al.*, Case No. 08-1273 (D.D.C.); *Owens v. Republic of*

DWT 16775261v1 0067486-000012

*Sudan, et al.*, Case No. 08-1273 (D.D.C.); and *Mwila v. Islamic Republic of Sudan, et al.*, Case No. 08-1377 (D.D.C.). One or more of these judgment holders have already served writs of execution and/or restraining orders on Citi prior to this action and/or have served an answer to the third-party complaint served on them in this action.

## FOR ITS FOURTH AFFIRMATIVE DEFENSE

77.     To the extent the Acosta Judgment Creditors seek assets in this action that are located outside the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States." *See Aurelius Capital Partners, LP v. The Republic of Argentina*, 584 F.3d 120, 129-30 (2d Cir. 2009) ("section 1610(a) . . . authorizes execution against property of a foreign state located in the United States").

## FOR ITS FIFTH AFFIRMATIVE DEFENSE

78.     To the extent that the Acosta Judgment Creditors seek to enforce their rights under TRIA § 201, the Acosta Judgment Creditors must establish all of the elements necessary to obtain relief under that statute.

## FOR ITS SIXTH AFFIRMATIVE DEFENSE

79.     To the extent that the Acosta Judgment Creditors seek to enforce their rights under Section 1605(a) of FSIA, the Acosta Judgment Creditors must establish all of the elements necessary to obtain relief under that statute.

## FOR ITS SEVENTH AFFIRMATIVE DEFENSE

80.     Pursuant to the Weapons of Mass Destruction Proliferators Sanctions Regulations (31 C.F.R. §§ 544.101et seq.) and the Global Terrorism Sanctions Regulations (31 C.F.R. §§ 594.101 et seq.) (collectively the "Regulations"), and designations issued by OFAC thereunder, and the various Executive orders underlying those regulations, Citi is and has been prohibited from

7

transferring any property and assets held in which any person designated under the Regulations has an interest, except pursuant to a license issued by OFAC. Citi therefore seeks a determination from the Court that the Acosta Judgment Creditors can satisfy their judgment against the Islamic Republic of Iran by attaching and obtaining a turnover of assets and/or accounts in which Iran has an interest, directly or indirectly.

WHEREFORE, Citibank N.A. "Citi" respectfully requests the entry of judgment:

(1)     determining its rights and the rights of the Acosta Judgment Creditors and of all other defendants and third-party defendants in the Blocked Assets;

(2)     determining that the service made by third-party plaintiffs of the third-party complaint, the third-party summons and other relevant documents on the Acosta Judgment Creditors constitutes good and sufficient service under CPLR §5239 and any other applicable provision of law;

(3)     determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Acosta Judgment Creditors or the Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)     determining whether and to what extent each of the Blocked Assets is subject to execution to satisfy the Levins judgment and/or the Acosta Judgment;

(5)     discharging Citi from any and all liability to the Acosta Judgment Creditors, and any other persons who may have claims to, or an interest in, any blocked assets that are turned over to the Levins, the Acosta Judgment Creditors or any other third-party defendant to satisfy the Levins judgment or the Acosta Judgment or any other judgment against Iran;

(6)     awarding to Citi its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(7)     awarding to Citi such other and further relief as may be just and proper.

Dated: New York, New York
       March 29, 2011

DAVIS WRIGHT TREMAINE LLP

By: _____

       Sharon L. Schneier
       Christopher J. Robinson
       1633 Broadway
       New York, New York 10019
       (212) 489-8230
       *Attorneys for Defendant/Third-Party*
       *Plaintiff Citibank, N.A.*

## CERTIFICATE OF SERVICE

I, Megan Duffy, hereby certify that on the 29th day of March, 2011, I caused to be served by

ECF, a true and correct copy of the accompanying Citibank, N.A.'s Answer to Amended

Counterclaims of Third-Party Defendants Steven M. Greenbaum, et al., dated March 29, 2011, upon

the following:

Don Howarth
Suzelle M. Smith
Kathryn Lee Crawford
Howarth and Smith (LA)
523 West Sixth Street, Suite 728
Los Angeles, CA 90014
nkhoury@howarth-smith.com
ssmith@howarth-smith.com

Curtis Campbell Mechling
Jeremy Sage Rosof
James L. Bernard
Benjamin Weathers-Lowin
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
emechling@stroock.com
jrosof@stroock.com

Mark Hanchet
Christopher James Houpt
Mayer Brown LLP
1675 Broadway
New York, NY 10019
mhanchet@mayerbrown.com
choupt@mayerbrown.com

George Michael Chalos
Kerri Marie D'Ambrosio
Chalos & Co., P.C.
123 South Street
Oyster Bay, NY 11771
gms@chaloslaw.com

Howard B. Levi
J. Kelley Nevling, Jr.
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas
17th Floor
New York, NY 10036
hlevi@llf-law.com
knevling@llf-law.com

Noel J. Nudelman
Heidemann Nudelman and Kalik, PC
1146 19th Street, NW
5th Floor
Washington, DC 20036
njnudelman@hnklaw.com
trkalik@hnklaw.com

George F. Hritz
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
george.hritz@hoganlovells.com
marie.ferrara@hoganlovells.com
tu.nguyen@hoganlovells.com

Jeffrey Lance Nagel
Terry Alan Myers
Gibbons P.C. (NY)
One Pennsylvania Plaza
37th Floor
New York, NY 10119
tmyers@gibbonslaw.com
ckaplan@gibbonslaw.com
jnagel@gibbonslaw.com
lduignan@gibbonslaw.com
psaso@gibbonslaw.com

Liviu Vogel
Salon Marrow Dyckman Newman Broudy LLP
292 Madison Avenue
6th Floor
New York, NY  10017
lvogel@salonmarrow.com

John Joseph Hay
Salans
620 Fifth Avenue
New York, NY  10020
jhay@salans.com
cblackwell@salans.com
dgerlach@salans.com
apabona@salans.com

Jonathan G. Kortmansky
Sullivan & Worcester LLP
1290 Avenue of the Americas
New York, NY  10104
Jkortmansky@sandw.com
mstein@sandw.com
rlombardo@sandw.com
fvelie@sandw.com

Robert Joseph Tolchin
225 Broadway
24th Floor
New York, NY  10007
rjt@tolchin.com

Cary B. Samowitz
DLA Piper LLP (US)
1251 Avenue of the Amercias
27th Floor
New York, NY  10020-1104
Cary.samowitz@dlapiper.com

Richard M. Kremen
Dale K. Cathell
David B. Misler
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD  21209
Richard.kremen@dlapiper.com
Dale.cathell@dlapiper.com
David.misler@dlapiper.com

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Megan C. Duffy

Sworn to before me this
29th of March 2011

_____
Notary Public
LINDA G. MOSCHETTI
Notary Public, State of New York
No. 01MO4723235
Qualified in Bronx County
Term Expires August 31, 2014

11

DWT 16775261v1 0067486-000012