UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,   :   09 Civ. 5900 (RPP) (MDH)

          Plaintiffs,   :

   -against-   :

BANK OF NEW YORK, et al.,   :

          Defendants.   :
-------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,   :

      Third-Party Plaintiffs,   :

   -against-   :    **ANSWER OF THE BANK OF NEW YORK MELLON TO AMENDED COUNTERCLAIMS OF GREENBAUM THIRD-PARTY DEFENDANTS**

STEVEN M. GREENBAUM, et al.,   :

      Third-Party Defendants.   :
-------------------------------------------------------------x

      Defendant and third-party plaintiff The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the amended counterclaims (the "Counterclaims") asserted by third-party defendants Steven M. Greenbaum (individually and as Administrator of the Estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (the "Greenbaum Parties") in their amended answer dated March 4, 2011 to the third-party complaint against them, states as follows:

      1.    To the extent that paragraph 43 of the Counterclaims sets forth allegations that require a response from BNY Mellon, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except to the extent indicated below.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Counterclaims.

3. Admits the allegations of paragraph 45 of the Counterclaims.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Counterclaims.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Counterclaims.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Counterclaims.

7. In response to paragraph 49 of the Counterclaims, admits that this Court has subject matter jurisdiction over the Counterclaims pursuant to the statutes cited in paragraph 49.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Counterclaims except does not dispute that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Counterclaims.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Counterclaims excepts admits that BNY Mellon was served with a restraining notice and an information subpoena dated December 11, 2008 by counsel purportedly acting for the Greenbaum Parties, admits that BNY Mellon was served with another restraining notice and another information

subpoena dated December 18, 2008 by counsel purportedly acting for the Greenbaum Parties, admits that both restraining notices have expired, admits that BNY Mellon responded to the information subpoena dated December 11, 2008 and the information subpoena dated December 18, 2008, denies that paragraph 52 of the Counterclaims correctly describes the nature and contents of BNY Mellon's responses to those information subpoenas and refers to its responses for the full contents thereof.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Counterclaims.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Counterclaims.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Counterclaims.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Counterclaims.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Counterclaims except admits that on February 17, 2011, a writ of execution with respect to a judgment entered in favor of the Greenbaum Parties against the Islamic Republic of Iran, et al., was delivered to BNY Mellon.

18. Denies each and every allegation set forth in paragraph 60 of the complaint except admits that it purports to characterize the allegations of the third-party complaint interposed by BNY Mellon et al. against the Greenbaum Parties et al. and refers to that third-party complaint for a full and accurate statement of the contents thereof.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Counterclaims.

20. In response to paragraph 62 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 19 of this Answer as if set forth here in full.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Counterclaims.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Counterclaims.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Counterclaims.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth paragraph 66 of the Counterclaims.

25. In response to paragraph 67 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 24 of this Answer as if set forth here in full.

26. To the extent that BNY Mellon is required to respond to paragraph 68 of the Counterclaims, which purports to set forth conclusions of law, denies those

allegations except admits that paragraph 68 quotes selectively from section 201(a) of the Terrorism Risk Insurance Act of 2002, printed following 28 U.S.C. § 1610 ("TRIA"), and refers to the full text of the statute for its terms and provisions.

27. To the extent that BNY Mellon is required to respond to paragraph 69 of the Counterclaims, which purports to set forth a conclusion of law, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Counterclaims.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Counterclaims.

30. To the extent that BNY Mellon is required to respond to paragraph 72 of the Counterclaims, which purports to set forth conclusions of law, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

BNY Mellon, without assuming the burden of proof for those matters upon which the Greenbaum Parties bear such burden, for its affirmative defenses and objections in point of law, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

31. Persons and entities ("persons") other than the Islamic Republic of Iran or the Iranian Ministry of Information and Security (collectively, "Iran"), or Iran's agencies and instrumentalities, including persons who were parties to or participants in

wire transfers that were blocked pursuant to regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and for which BNY Mellon is holding the proceeds and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by BNY Mellon that are the subject of the Counterclaims that may be superior to the rights of the Greenbaum Parties, if any, to have execution against such funds and assets to satisfy the alleged judgment referred to in paragraph 51 of the Counterclaims (the "Judgment"). *See, e.g., Allied Maritime, Inc. Descatrade SA*, 620 F.3d 70 (2d Cir. 2010); *Export-Import Bank v. Asia Pulp & Paper Co.*, 609 F.3d 111 (2d Cir. 2010); *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). But see *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525 (S.D.N.Y. 2010).

## SECOND AFFIRMATIVE DEFENSE/OBJECTION

32.     Persons other than the Greenbaum Parties, including persons who were parties to or participants in blocked wire transfers for which BNY Mellon is holding the proceeds, Iran, persons alleged to be agencies or instrumentalities of Iran and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claim, may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule _") or applicable provisions of state law (and properly subject to interpleader under Rule 22) and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court

enters a judgment that would terminate or otherwise affect their rights. *See, e.g., Nacional Financiera, S.N.C. v. Chase Manhattan Bank, N.A.*, No. 00 Civ. 1571 (JLM), 2003 WL 1878415, at *1 (S.D.N.Y. Apr. 14, 2003) (Judgment creditors of party to misdirected wire transfer were necessary parties in suit to recover proceeds of wire transfer); *Nastro v. D'Onofrio*, 263 F. Supp. 2d 446, 450 (D. Conn. 2003) (In action by judgment creditor to set aside fraudulent transfer, transferee was necessary party); *Johansen v. United States*, 392 F. Supp. 2d 56, 60 (D. Mass. 2005), *aff'd*, 506 F.3d 65 (1st Cir. 2007) (In action to quiet title, lien-holders are necessary parties); *Black v. London Assurance Co.*, 122 F. Supp. 330, 331 (D.S.C. 1954) (In action to foreclose mortgage, judgment creditors of mortgagor are necessary parties); *Roth v. S & H Grossinger, Inc.*, 246 A.D.2d 843, 668 N.Y.S.2d 402 (3d Dep't 1998) (Doctrine of necessary parties applies in turnover proceedings); *Citibank (South Dakota), N.A. v. Island Fed. Credit Union*, 190 Misc. 2d 694, 695, 740 N.Y.S.2d 546, 547 (App. T. 2d Dep't 2001) (In a special proceeding to enforce a judgment, a non-party whose "property rights in . . . [an] account would be substantially affected by a court's determination to turn over funds in the account to the judgment creditor" is a necessary party).

<u>THIRD AFFIRMATIVE DEFENSE/OBJECTION</u>

33. The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, the Greenbaum Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a Court pursuant to TRIA § 201 or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g) (the "FSIA"), after a determination that the party seeking to

7

execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder. *See, e.g.*, 31 C.F.R. § 510.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property or interest in property blocked pursuant to [31 C.F.R.] § 510.201").

FOURTH AFFIRMATIVE DEFENSE/OBJECTION

34. If the Judgment was entered on default, the Greenbaum Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by section 1608 of the FSIA in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

FIFTH AFFIRMATIVE DEFENSE/OBJECTION

35. In order to comply with the requirements of CPLR §§ 5225(b) and 5227 and Rule 69, the Greenbaum Parties must meet their burden of proof that a copy of the Counterclaims has been served on Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Counterclaims, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

SIXTH AFFIRMATIVE DEFENSE/OBJECTION

36. The Greenbaum Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on BNY Mellon and authorize the Greenbaum Parties to execute on the assets that are the subject

of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc*, 1997 WL 811474, at *3.

### SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

37. The Greenbaum Parties can execute on assets in the possession or custody of BNY Mellon pursuant to TRIA § 201(a) solely to the extent of any compensatory damages awarded to them in the Judgment, and only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

38. The Greenbaum Parties can execute on property in the possession or custody of BNY Mellon pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

### NINTH AFFIRMATIVE DEFENSE

39. Sections 1609 and 1610 of the FSIA limit the Greenbaum Parties to enforcing the Judgment against property in the United States.

### TENTH AFFIRMATIVE DEFENSE/OBJECTION

40. Nothing in this Answer shall constitute a waiver of any rights of set-off that BNY Mellon may have against any party, person or entity.

## ELEVENTH AFFIRMATIVE DEFENSE/OBJECTION

41.     To the extent that the value of the property, funds and assets held by BNY Mellon, and by other parties against which the Greenbaum Parties have brought other judgment enforcement proceedings, that is lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by BNY Mellon and by the defendants or respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that is being required to turn over funds or assets and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Defendant and Third-Party Plaintiff The Bank of New York Mellon requests the entry of a judgment in this proceeding

(1)     Dismissing the Counterclaims in their entirety as against The Bank of New York Mellon;

(2)     Awarding to The Bank of New York Mellon its costs and expenses in this proceeding, including reasonable attorneys' fees; and

   (3)  Granting such other and further relief to The Bank of New York Mellon as may be just and proper.

Dated: New York, New York
   April 15, 2011

             LEVI LUBARSKY & FEIGENBAUM LLP

           By: _____
              Howard B. Levi
              J. Kelley Nevling, Jr.
           1185 Avenue of the Americas, 17th Floor
           New York, NY 10036
           Tel. No. (212) 308-6100
           E-mail address hlevi@llf-law.com or
           knevling@llf-law.com

           *Attorneys for Defendant, Third-Party*
           *Plaintiff and Counterclaim Defendant The*
           *Bank of New York Mellon*