UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEREMY LEVIN AND DR. LUCILLE LEVIN,       :
:
    Plaintiffs,                                          :
                                                                     : Case No. 09-Civ-5900 (RPP)
v.                                                                :
:
BANK OF NEW YORK, *et al.*,                   :
:
    Defendants.                                      :
-------------------------------------------------------------x
THE BANK OF NEW YORK MELLON, *et al.* :
:
    Third-Party Plaintiffs,                        :
:                **ANSWER TO THIRD-PARTY**
v.                                                                : **COMPLAINT AGAINST OTHER**
:                **JUDGMENT CREDITORS OF**
STEVEN M. GREENBAUM, *et al.*,           : **IRAN, PLAINTIFFS SUING**
:                **IRAN AND WIRE TRANSFER**
    Third-Party Defendants.                    : **PARTIES**
-------------------------------------------------------------x
THE BANK OF NEW YORK MELLON,         :
:
    Third-Party Plaintiff,                         :
:
v.                                                                :
:
JEREMY LEVIN, *et al.*,                             :
:
    Third-Party Defendants.                    :
-------------------------------------------------------------x

        The Estate of Michael Heiser, *et al.* (the "Heisers")[1], by their undersigned counsel, for

their answer to the Third-Party Complaint against other Judgment Creditors of Iran, Plaintiffs

---

[1] The Heisers are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus;

Suing Iran and Wire Transfer Parties (the "Third-Party Complaint") filed by The Bank of New York Mellon (the "Bank"), allege as follows:

## Nature of the Proceedings

1. Paragraph 1 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that the statutory references contained in paragraph 1 of the Third-Party Complaint speak for themselves. The Heisers further state that the Greenbaum and Acosta's amended counterclaims speak for themselves and therefore, no response is required. To the extent that the allegations contained in paragraph 1 differ from the statements contained in the Greenbaum and Acosta's amended counterclaims and the text of the statutory references, such allegations are denied. The Heisers admit that the Bank holds funds blocked pursuant to regulations promulgated by the Office of Foreign Assets Control. Answering further, the Heisers assert that they have claims to and interests in these blocked funds that are superior to the Greenbaums and Acostas. Except to the extent specifically admitted herein, the Heisers deny the remaining allegations contained in paragraph 1 of the Third-Party Complaint.

---

(32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

### The Third-Party Plaintiff

2. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint; accordingly, such allegations are denied.

### The Third-Party Defendant Judgment Creditors/Plaintiffs

3. The Heisers admit the allegations contained in paragraph 3 of the Third-Party Complaint.

4. The Heisers admit the allegations contained in paragraph 4 of the Third-Party Complaint.

5. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint; accordingly, such allegations are denied.

6. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint; accordingly, such allegations are denied.

7. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint; accordingly, such allegations are denied.

8. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint; accordingly, such allegations are denied.

9. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint; accordingly, such allegations are denied.

### The Wire Transfer Third-Party Defendants

10. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint; accordingly, such allegations are denied.

11. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint; accordingly, such allegations are denied.

12. The Heisers deny the allegations contained in paragraph 12 of the Third-Party Complaint and state that, upon information and belief,

    is a bank, domiciled and headquartered in             with offices at

13. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint; accordingly, such allegations are denied.

14. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint; accordingly, such allegations are denied.

15. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint; accordingly, such allegations are denied.

16. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint; accordingly, such allegations are denied.

17. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint; accordingly, such allegations are denied.

18. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint; accordingly, such allegations are denied.

19. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint; accordingly, such allegations are denied.

20. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint; accordingly, such allegations are denied.

21. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint; accordingly, such allegations are denied.

22. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint; accordingly, such allegations are denied.

23. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint; accordingly, such allegations are denied.

24. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint; accordingly, such allegations are denied.

25. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint; accordingly, such allegations are denied.

26. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint; accordingly, such allegations are denied.

27. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint; accordingly, such allegations are denied.

28. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint; accordingly, such allegations are denied.

29. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint; accordingly, such allegations are denied.

30. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint; accordingly, such allegations are denied.

31. The Heisers admit the allegations contained in paragraph 31 of the Third-Party Complaint.

32. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint; accordingly, such allegations are denied.

33. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Third-Party Complaint; accordingly, such allegations are denied.

34. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Complaint; accordingly, such allegations are denied.

35. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Third-Party Complaint; accordingly, such allegations are denied.

36. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third-Party Complaint; accordingly, such allegations are denied.

37. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third-Party Complaint; accordingly, such allegations are denied.

38.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Complaint; accordingly, such allegations are denied.

39.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third-Party Complaint; accordingly, such allegations are denied.

### Jurisdiction and Venue

40.     Paragraph 40 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint; accordingly, such allegations are denied.

41.     Paragraph 41 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response a required, the Heisers deny that the property that is the subject of the action is situated exclusively and/or solely in the Southern District of New York. As to the remaining allegations, to the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Third-Party Complaint; accordingly, such allegations are denied.

### Factual Background

42.     The Heisers admit that the Levin Judgment Creditors brought a turnover proceeding in this Court. The Heisers further state that the Levin Judgment Creditors' Complaint speaks for itself and therefore no response is required. To the extent that the allegations contained in paragraph 42 differ from the statements contained in the Levin Judgment Creditors' Complaint, such allegations are denied.

43. The Heisers admit that the parties referenced in paragraph 43 of the Third-Party Complaint filed answers in the Levin Turnover Proceeding, which answers speak for themselves and therefore no response is required. To the extent that the allegations contained in paragraph 43 differ from the statements contained in the answers, such allegations are denied.

44. The Heisers admit that summary judgment motions were made in the Levin Turnover Proceeding which motions speak for themselves and therefore no response is required. To the extent that the allegations contained in paragraph 44 differ from the statements contained in the summary judgment motions, such allegations are denied.

45. The Heisers admit that the Court entered an Order in January 2011. The Heisers state that the Order entered by the Court speaks for itself and therefore no response is required. To the extent that the allegations contained in paragraph 45 differ from the statements contained in the order, such allegations are denied.

46. The Heisers admit that in March 2011 the Greenbaum Judgment Creditors and Acosta Judgment Creditors filed amended counterclaims in the Levin Turnover Proceeding. The amended counterclaims speak for themselves and therefore no response is required. To the extent that the allegations contained in paragraph 46 differ from the statements contained in the Greenbaum Judgment Creditors and Acosta Judgment Creditors' amended counterclaims, such allegations are denied.

47. The Heisers admit that they filed a Petition for Turnover Order Pursuant to Fed. R. Civ. P. 69 and N.Y.C.P.L.R. §§ 5227 & 5227 against the Bank in the case entitled *Estate of Michael Heiser, et al. v. JPMorgan Chase Bank, N.A.*, case no.: 11-Civ-1606 (RPP) (MHD) (S.D.N.Y.). The Heisers state that the Turnover Petition speaks for itself and therefore no

response is required. To the extent that the allegations contained in paragraph 47 differ from the statements contained in the Turnover Petition, such allegations are denied.

48. The Heisers admit the allegations contained in paragraph 48 of the Third-Party Complaint.

49. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Third-Party Complaint; accordingly, such allegations are denied.

50. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Third-Party Complaint; accordingly, such allegations are denied.

51. The Heisers admit that they have taken affirmative steps to enforce their judgment by, *inter alia*, delivering writs of execution to the United States Marshal's Office for the Southern District of New York for service, commencing litigation against the Bank, and serving writs of garnishment from the United States District Court for the District of Maryland on the Bank. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Third-Party Complaint; accordingly, such allegations are denied.

52. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 52 of the Third-Party Complaint; accordingly, such allegations are denied.

53. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 53 of the Third-Party Complaint; accordingly, such allegations are denied. The Heisers further state that Exhibit D to

the Third-Party Complaint speaks for itself and therefore no response is required. To the extent that the allegations contained in paragraph 53 differ from the information contained in Exhibit D to the Third-Party Complaint, such allegations are denied.

54. The Heisers deny the allegations contained in paragraph 54 of the Third-Party Complaint.

55. The Heisers deny the allegations contained in paragraph 55 of the Third-Party Complaint.

First Claim for Relief

56. Paragraph 56 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraph 1 through 55 of the Third-Party Complaint as if fully set forth in this paragraph.

57. Paragraph 57 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that CPLR § 5239 speaks for itself and therefore no response is required. To the extent that the allegations contained in paragraph 57 differ from the text of CPLR § 529, such allegations are denied.

58. The Heisers deny the allegations contained in paragraph 58 of the Third-Party Complaint.

Second Claim for Relief

59. Paragraph 59 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraph 1 through 58 of the Third-Party Complaint as if fully set forth in this paragraph.

60. The Heisers state that the Greenbaum Judgment Creditors and the Acosta Judgment Creditors' claims speak for themselves, and therefore no response is required. To the

extent that the allegations contained in paragraph 57 differ from the content of the Greenbaum Judgment Creditors and the Acosta Judgment Creditors' claims, such allegations are denied. Answering further, the Heisers assert that they have claims to and rights in all of the BNYM Blocked Assets that take priority over the Greenbaum Judgment Creditors and the Acosta Judgment Creditors' claims to those assets. The Heisers deny that any of the other Third-Party Defendants in this proceeding have claims to or rights in some or all of the BNYM Blocked Assets that take priority over the Heisers. Except to the extent specifically admitted herein, the remaining allegations contained in paragraph 60 of the Third-Party Complaint are denied.

61. The Heisers deny the allegations contained in paragraph 61 of the Third-Party Complaint.

62. Paragraph 62 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 62 of the Third-Party Complaint.

### Third Claim for Relief

63. Paragraph 63 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraph 1 through 62 of the Third-Party Complaint as if fully set forth in this paragraph.

64. The Heisers deny the allegations contained in paragraph 64 of the Third-Party Complaint.

## DEFENSES

### First Defense

The Heisers' claims are superior to the Bank and any other claimants as a matter of law by virtue of service of their writs of execution and the initiation of a turnover action in accordance with N.Y. C.P.L.R. §§ 5225 and 5227 prior to any other claimants.

### Two Defense

The writs of other parties to this matter are defective and/or void as a matter of law.

### Three Defense

The Bank's claims and the claims of other parties to this action are barred by res judicata and/or collateral estoppel.

### .Fourth Defense

The Bank's claims and the claims of other parties to this action are barred by waiver.

### Five Defense

The Bank's claims and the claims of other parties to this action are barred by unjust enrichment.

### Sixth Defense

The Bank's claims and the claims of other parties to this action are barred by laches.

### Seventh Defense

The Bank's claims and the claims of other parties to this action are barred because the Bank has not suffered and/or will not suffer any damages.

The Heisers reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

WHEREFORE, the Heisers respectfully demand judgment in their favor and against the Bank:

(a) dismissing the Third-Party Complaint; and

(b) granting such further relief as the Court deems just and proper.

Dated: New York, New York
May 20, 2011

/s/
_____
Cary B. Samowitz
Barbara L. Seniawski
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: 212-335-4500
Facsimile: 212-884-4501
cary.samowitz@dlapiper.com
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone: 410-580-3000
Facsimile: 410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of Michael Heiser, et al.*