UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Plaintiffs,

     -v-

BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK,

        Defendants.

---

THE BANK OF NEW YORK MELLON, et al.

        Third-Party Plaintiffs,

     -v-

STEVEN M. GREENBAUM, et al.,

        Third-Party Defendants.

---

THE BANK OF NEW YORK MELLON,

        Third-Party Plaintiff,

     -v-

JEREMY LEVIN, DR. LUCILLE LEVIN, et al.,

        Third-Party Defendants.

---

(FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION PER ORDER DATED JANUARY  21, 2010)

Civ. No. 09 CV 5900 (RPP) (MHD)

**PLAINTIFFS AND THIRD-PARTY DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN'S ANSWER AND COUNTERCLAIM TO JPMORGAN CHASE BANK, N.A.'S THIRD-PARTY COMPLAINT AGAINST OTHER JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN AND WIRE TRANSFER PARTIES**

Plaintiffs and Third-Party Defendants, Mr. Jeremy Levin and Dr. Lucille Levin ("Levins"), by their undersigned attorneys, allege as follows for their answer to JPMorgan Chase Bank, N.A.'s ("JPMorgan") Third Party Complaint Against Other Judgment Creditors of Iran, Plaintiffs Suing Iran And Wire Transfer Parties:

<u>Nature of Proceedings</u>

1.      Answering the allegations of paragraph 1, the Levins deny each and every allegation in paragraph 1 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

<u>Third-Party Plaintiff</u>

2.      Answering the allegations of paragraph 2, the Levins deny each and every allegation in paragraph 2 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

<u>Third-Party Defendant Judgment Creditors/Plaintiffs</u>

3.      Answering the allegations of paragraph 3, the Levins deny each and every allegation in paragraph 3 except as is herein specifically admitted, qualified, or answered. The Levins admit the allegations contained in paragraph 3, except for the allegations that the Levins are citizens of the State of California.  The Levins are citizens of the state of Alabama.

/ / /

/ / /

4.      Answering the allegations of paragraph 4, the Levins deny each and every allegation in paragraph 4 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

5.      Answering the allegations of paragraph 5, the Levins deny each and every allegation in paragraph 5 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint.

6.      Answering the allegations of paragraph 6, the Levins deny each and every allegation in paragraph 6 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint.

7.      Answering the allegations of paragraph 7, the Levins deny each and every allegation in paragraph 7 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

8.      Answering the allegations of paragraph 8, the Levins deny each and every allegation in paragraph 8 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9.      Answering the allegations of paragraph 9, the Levins deny each and every

allegation in paragraph 9 except as is herein specifically admitted, qualified, or answered. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

<u>The Wire Transfer Third-Party Defendants</u>

10.     Answering the allegations of paragraph 10, the Levins deny each and every allegation in paragraph 10 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 10.

11.     Answering the allegations of paragraph 11, the Levins deny each and every allegation in paragraph 11 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 11.

12.     Answering the allegations of paragraph 12, the Levins deny each and every allegation in paragraph 12 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 12.

13.     Answering the allegations of paragraph 13, the Levins deny each and every allegation in paragraph 13 except as is herein specifically admitted, qualified, or answered. The Levins admit the allegations contained in paragraph 13.

14.     Answering the allegations of paragraph 14, the Levins deny each and every allegation in paragraph 14 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 14.

15.     Answering the allegations of paragraph 15, the Levins deny each and every allegation in paragraph 15 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 15.

16.    Answering the allegations of paragraph 16, the Levins deny each and every allegation in paragraph 16 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 16.

17.    Answering the allegations of paragraph 17, the Levins deny each and every allegation in paragraph 17 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 17.

18.    Answering the allegations of paragraph 18, the Levins deny each and every allegation in paragraph 18 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 18.

19.    Answering the allegations of paragraph 19, the Levins deny each and every allegation in paragraph 19 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 19.

20.    Answering the allegations of paragraph 20, the Levins deny each and every allegation in paragraph 20 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 20.

21.    Answering the allegations of paragraph 21, the Levins deny each and every allegation in paragraph 21 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 21.

22.    Answering the allegations of paragraph 22, the Levins deny each and every allegation in paragraph 22 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 22.

/ / /

23.     Answering the allegations of paragraph 23, the Levins deny each and every allegation in paragraph 23 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 23.

24.     Answering the allegations of paragraph 24, the Levins deny each and every allegation in paragraph 24 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 24.

25.     Answering the allegations of paragraph 25, the Levins deny each and every allegation in paragraph 25 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 25.

26.     Answering the allegations of paragraph 26, the Levins deny each and every allegation in paragraph 26 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 26.

27.     Answering the allegations of paragraph 27, the Levins deny each and every allegation in paragraph 27 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 27.

28.     Answering the allegations of paragraph 28, the Levins deny each and every allegation in paragraph 28 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 28.

29.     Answering the allegations of paragraph 29, the Levins deny each and every allegation in paragraph 29 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 29.

/ / /

30.     Answering the allegations of paragraph 30, the Levins deny each and every allegation in paragraph 30 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 30.

31.     Answering the allegations of paragraph 31, the Levins deny each and every allegation in paragraph 31 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 31.

32.     Answering the allegations of paragraph 32, the Levins deny each and every allegation in paragraph 32 except as is herein specifically admitted, qualified, or answered. The Levins admit the allegations contained in paragraph 32.

33.     Answering the allegations of paragraph 33, the Levins deny each and every allegation in paragraph 33 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 33.

34.     Answering the allegations of paragraph 34, the Levins deny each and every allegation in paragraph 34 except as is herein specifically admitted, qualified, or answered. The Levins admit the allegations contained in paragraph 34.

35.     Answering the allegations of paragraph 35, the Levins deny each and every allegation in paragraph 35 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 35.

36.     Answering the allegations of paragraph 36, the Levins deny each and every allegation in paragraph 36 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 36.

/ / /

37.     Answering the allegations of paragraph 37, the Levins deny each and every allegation in paragraph 37 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 37.

38.     Answering the allegations of paragraph 38, the Levins deny each and every allegation in paragraph 38 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 38.

39.     Answering the allegations of paragraph 39, the Levins deny each and every allegation in paragraph 39 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 39.

40.     Answering the allegations of paragraph 40, the Levins deny each and every allegation in paragraph 40 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 40.

41.     Answering the allegations of paragraph 41, the Levins deny each and every allegation in paragraph 41 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 41.

42.     Answering the allegations of paragraph 42, the Levins deny each and every allegation in paragraph 42 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 42.

43.     Answering the allegations of paragraph 43, the Levins deny each and every allegation in paragraph 43 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 43.

/ / /

44.     Answering the allegations of paragraph 44, the Levins deny each and every allegation in paragraph 44 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 44.

45.     Answering the allegations of paragraph 45, the Levins deny each and every allegation in paragraph 45 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 45.

46.     Answering the allegations of paragraph 46, the Levins deny each and every allegation in paragraph 46 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 46.

47.     Answering the allegations of paragraph 47, the Levins deny each and every allegation in paragraph 47 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 47.

48.     Answering the allegations of paragraph 48, the Levins deny each and every allegation in paragraph 48 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 48.

49.     Answering the allegations of paragraph 49, the Levins deny each and every allegation in paragraph 49 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 49.

50.     Answering the allegations of paragraph 50, the Levins deny each and every allegation in paragraph 50 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 50.

/ / /

51.     Answering the allegations of paragraph 51, the Levins deny each and every allegation in paragraph 51 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 51.

52.     Answering the allegations of paragraph 52, the Levins deny each and every allegation in paragraph 52 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 52.

53.     Answering the allegations of paragraph 53, the Levins deny each and every allegation in paragraph 53 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 53.

54.     Answering the allegations of paragraph 54, the Levins deny each and every allegation in paragraph 54 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 54.

55.     Answering the allegations of paragraph 55, the Levins deny each and every allegation in paragraph 55 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 55.

56.     Answering the allegations of paragraph 56, the Levins deny each and every allegation in paragraph 56 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 56.

57.     Answering the allegations of paragraph 57, the Levins deny each and every allegation in paragraph 57 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 57.

/ / /

58.     Answering the allegations of paragraph 58, the Levins deny each and every allegation in paragraph 58 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 58.

59.     The Levins admit the allegations contained in paragraph 59.

<u>Jurisdiction and Venue</u>

60.     Paragraph 60 of the Third-Party Complaint states conclusions of law as to which no response is required.

61.     Paragraph 61 of the Third-Party Complaint states conclusions of law as to which no response is required.

<u>Factual Background</u>

62.     Answering the allegations of paragraph 62, the Levins deny each and every allegation in paragraph 62 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 62, except deny that Iranian assets are subject to execution only under FSIA § 1610(g) and TRIA § 201(a).

63.     Answering the allegations of paragraph 63, the Levins deny each and every allegation in paragraph 63 except as is herein specifically admitted, qualified, or answered.  The Levins admit the allegations contained in paragraph 63.

64.     Answering the allegations of paragraph 64, the Levins deny each and every allegation in paragraph 64 except as is herein specifically admitted, qualified, or answered. The Levins admit the allegations contained in paragraph 64.

65.     Answering the allegations of paragraph 65, the Levins deny each and every

allegation in paragraph 65 except as is herein specifically admitted, qualified, or answered. The Levins admit the allegations contained in paragraph 65.

66.     Answering the allegations of paragraph 66, the Levins deny each and every allegation in paragraph 66 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Third-Party Complaint.

67.     Answering the allegations of paragraph 67, the Levins deny each and every allegation in paragraph 67 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Third-Party Complaint.

68.     Answering the allegations of paragraph 68, the Levins deny each and every allegation in paragraph 68 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Third-Party Complaint.

69.     Answering the allegations of paragraph 69, the Levins deny each and every allegation in paragraph 69 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Third-Party Complaint.

70.     Answering the allegations of paragraph 70, the Levins deny each and every allegation in paragraph 70 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Third-Party Complaint.

71.     Answering the allegations of paragraph 71, the Levins deny each and every allegation in paragraph 71 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Third-Party Complaint, although admit that the Levins have taken affirmative steps to enforce their judgment by delivering writs of execution to the United States Marshal's Office for the Southern District of New York and have commenced litigation against JPMorgan.

72.     Answering the allegations of paragraph 72, the Levins deny each and every allegation in paragraph 72 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Third-Party Complaint.

73.     Answering the allegations of paragraph 73, the Levins deny each and every allegation in paragraph 73 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Third-Party Complaint.

74.     Answering the allegations of paragraph 74, the Levins deny each and every allegation in paragraph 74 except as is herein specifically admitted, qualified, or answered.  The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Third-Party Complaint.

<u>First Claim for Relief</u>

75.     The Levins repeat and reallege each and every response contained in Paragraph 1 through 74 as if fully set forth herein.

76.     Paragraph 76 of the Third-Party Complaint states conclusions of law as to which no response is required.

77.     Paragraph 77 of the Third-Party Complaint states conclusions of law as to which no response is required.

Second Claim for Relief

78.     The Levins repeat and reallege each and every response contained in Paragraph 1 through 74 as if fully set forth herein.

79.     Paragraph 79 of the Third-Party Complaint states conclusions of law as to which no response is required.

80.     Paragraph 80 of the Third-Party Complaint states conclusions of law as to which no response is required.

81.     Paragraph 81 of the Third-Party Complaint states conclusions of law as to which no response is required.

Third Claim for Relief

82.     The Levins repeat and reallege each and every response contained in Paragraph 1 through 74, 76, 77 and 79 through 81 as if fully set forth herein.

83.     Paragraph 83 of the Third-Party Complaint states conclusions of law as to which no response is required.

Affirmative Defenses

84.     The Levins reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

<u>Counterclaim</u>

85.     The Levins repeat and reallege every allegation contained in their June 26, 2009 complaint filed in this matter as if fully set forth herein.

86.     Based on acts of torture suffered at the hands of the Islamic Republic of Iran and its agencies and instrumentalities ("Iranian Defendants"), the Levins filed a suit against the Iranian Defendants under FSIA, including in particular 28 U.S.C. § 1605(a)(7).  After a trial in the United States District Court for the District of Columbia, on February 6, 2008, the Levins obtained a compensatory judgment in the amount of $28,807,719 based on findings made by the Honorable Gladys Kessler.  After judgment was entered in the United States District Court, the Levins on October 14, 2008 served the Iranian Defendants with their judgment through diplomatic channels.

87.     The Levins obtained information from the Office of Foreign Asset Control ("OFAC") by subpoena that OFAC had blocked assets between January 1, 2007 and June 30, 2008 in accounts held by the New York Banks because the Iranian Defendants had an interest in such assets ("Blocked Assets").

88.     After obtaining the information on the Blocked Assets, the Levins followed 28 U.S.C. § 1610(f)(1)(A), TRIA § 201, and New York state law, specifically CPLR §§ 5225(b), 5323, 5230, and 5234(b).  They obtained court issued writs on May 26, 2009 and delivered them to the U.S. Marshall for service on the New York Banks on June 19, 2009.  On June 26, 2009, they initiated an action in the United States District Court for the Southern District of New York to collect on their judgment under § 1610(f)(1)(A) and TRIA § 201.

89.     On December 22, 2009, pursuant to the United States District Court, Southern District of New York Foreign Mailing Procedures and § 1608(b)(3)(B), the Levins sent the Clerk of the Court of the United States District Court for the Southern District of New York the complaint in this collection action, filed in New York, the notice of judgment debtor, affidavits from translators stating their qualifications and that the translations are accurate, and instructions to the Clerk to serve each of the Iranian Defendants and all originators and beneficiaries of the Blocked Assets.

90.     The assets the Levins seek in order to satisfy their 28 U.S.C. § 1605(a)(7) judgment are solely and exclusively Blocked Assets of Iranian Defendants governed by 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201.  The Levins do not seek to levy on any assets that are not Blocked Assets.  The requirements of 28 U.S.C. § 1610(c) do not apply to 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201, nor do they apply to 28 U.S.C. § 1605(a)(7) judgments, with 28 U.S.C. § 1605(a)(7) having been removed from the current version of the statute.

91.     The Levins further allege that since June 30, 2008, JPMorgan has blocked additional assets due to their nexus with The Islamic Repbulic of Iran ("Iran") which are identified in Ex. D to JPMorgan's Third-Party Complaint, and the Levins are entitled to a turnover order on these newly blocked assets.

92.     Plaintiffs are judgment creditors of Iran.

93.     Plaintiffs are entitled to enforce their judgment against all assets in which Iran has an interest, direct or indirect, within the United States jurisdiction.

94.     The assets held by JPMorgan and set forth either in Ex. D attached to the Levins' Complaint or Ex. D attached to JPMorgan's Third Party Complaint are Iranian Assets, which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest.

95.     The Levins are entitled to a judgment pursuant to C.P.L.R. § 5225 ordering JPMorgan to convey, assign, and pay to the Levins in satisfaction of their judgment against Iran all right, title, interest, and money in the identified bank accounts set forth either in Ex. D of the Levins' Complaint or Exhibit D of JPMorgan's Third-Party Complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Levins demand a judgment entered in their favor and against JPMorgan and an order conveying, assigning and directing the payment to the Levins in satisfaction of their judgment all right, title, interest and money in the listed bank accounts in possession of JPMorgan, including specifically:

At least the amount held by JPMorgan and set forth either in Exhibit D of the Levins' Complaint and/or in Exhibit D to JPMorgan's Third-Party Complaint and/or any Blocked Assets of the Judgment Debtors including but not limited also  to their agencies and instrumentalities and any entity under their control, which accounts are held by JPMorgan or may come into JPMorgan or any of its branches, until such time as the Levins' judgment is fully satisfied, plus any accrued interest from funds blocked and/or reported to OFAC.

Dated:  May 23, 2011     HOWARTH & SMITH

       By: /s/Suzelle M. Smith
         Suzelle M. Smith
         Don Howarth
         523 West Sixth Street, Suite 728
         Los Angeles, California  90014
         (213) 955-9400
         ssmith@howarth-smith.com

         *Attorneys for Plaintiffs and Third-Party*
         *Defendants*
         *Jeremy Levin and Dr. Lucille Levin*