| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | FILED UNDER SEAL |
|---|---|
| ------------------------------------------------------------x | |
| JEREMY LEVIN and DR. LUCILLE LEVIN,    : | Case No. 09 Civ. 5900 (RPP) |
| Plaintiffs,    : | |
| -against-    : | |
| BANK OF NEW YORK, JPMORGAN<br>CHASE, SOCIETE GENERALE and<br>CITIBANK,    : | |
| Defendants.    : | |
| ------------------------------------------------------------x | |
| THE BANK OF NEW YORK MELLON, et al.,    : | **JOINT MOTION OF<br>JUDGMENT CREDITORS OF<br>IRAN FOR PARTIAL FINAL<br>JUDGMENT ON CONSENT<br>DIRECTING TURNOVER OF<br>FUNDS AND DISCHARGING<br>THE GARNISHEE BANKS<br>FROM LIABILITY** |
| Third-Party Plaintiffs,    : | |
| -against-    : | |
| STEVEN M. GREENBAUM, et al.,    : | |
| Third-Party Defendants.    : | |
| ------------------------------------------------------------x | |
| THE BANK OF NEW YORK MELLON, et al.,    : | |
| Third-Party Plaintiffs,    : | |
| -against-    : | |
| THE ESTATE OF JAMES SYLVIA and<br>LYNNE MICHOL SPENCER, et al.,    : | |
| Third-Party Defendants.    : | |
| ------------------------------------------------------------x | |

```
-----------------------------------------------------------x
THE BANK OF NEW YORK MELLON, et al.,        :

                Third-Party Plaintiffs,     :

        -against-                           :

ESTATE OF MICHAEL HEISER, et al.,

                Third-Party Defendants.     :
-----------------------------------------------------------x
JPMORGAN CHASE BANK, N.A.,                  :

                Third-Party Plaintiff,      :

        -against-                           :

███████████████████████████, et al.,        :

                Third-Party Defendants.     :
-----------------------------------------------------------x
CITIBANK, N.A.,                             :

                Third-Party Plaintiff,      :

        -against-                           :

██████████, et al.,                         :

                Third-Party Defendants.     :
-----------------------------------------------------------x
SOCIETE GENERALE,                           :

                Third-Party Plaintiff,      :

        -against-                           :

████████████████████████,                   :

                Third-Party Cross-Claim     :
                Defendant, and
```

|  ███████████, et al.,                    :

                Third-Party Defendants.    :
------------------------------------------x

THE BANK OF NEW YORK MELLON,              :

                Third-Party Plaintiff,    :

        -against-                          :

███████████████, et al.,                  :

                Third-Party Defendants.   :
------------------------------------------x

      Judgment Creditors, Jeremy Levin and Dr. Lucille Levin (collectively, the "Levins"), the Greenbaum Judgment Creditors, the Acosta Judgment Creditors (collectively, the "Greenbaum and Acosta Judgment Creditors"), and the Estate of Michael Heiser, *et al.* (the "Heiser Judgment Creditors," and together with the Levins and the Greenbaum and Acosta Judgment Creditors the "Movants"), by their respective undersigned counsel, hereby move for the entry of a partial final judgment on consent directing turnover of funds and discharging the garnishee banks, JPMorgan Chase Bank, N.A. ("JPMorgan"), Citibank, N.A. ("Citibank"), The Bank of New York Mellon ("BNYM"), and Societe Generale ("SoGen," and together with JPMorgan, Citibank and BNYM, the "Banks") from liability.

      The Movants have reached an agreement that resolves the priority disputes among them with respect to the blocked assets held by the Banks. By this Motion, the Movants are requesting that the Court enter a partial final judgment on consent directing the Banks turnover the blocked assets set forth on Exhibit A (the "Phase One Assets"), hereto, and which formed the basis of the Motion for Partial Summary Judgment filed by the Levins on July 13, 2010. The factual findings and legal conclusions necessary for the relief requested herein have already been established by

the prior filings of the parties and the Court's March 4, 2011 Opinion and Order, *Levin v. Bank of New York*, 2011 WL 812032 (S.D.N.Y. Mar. 4, 2011).

In support hereof, the Movants state as follows:

### Background

1.  This case previously came before the Court on a Complaint filed by the Levins on June 26, 2009 for a turnover of certain assets held by the Banks.

2.  Thereafter, the Banks initiated third-party complaints against other judgment creditors of the Islamic Republic of Iran and parties whom the Banks asserted may have an interest in the Phase One Assets.

3.  On July 13, 2010, the Levins filed the Levin Summary Judgment Motion seeking a turnover of the Phase One Assets.

4.  On September 13, 2010, the Heiser Judgment Creditors opposed the Levin Summary Judgment Motion and cross-moved for summary judgment with respect to the Phase One Assets held by BNYM.

5.  On September 13, 2010, the Greenbaum and Acosta Judgment Creditors also opposed the Levin Summary Judgment Motion and cross-moved for summary judgment with respect to the Phase One Assets held by JPMorgan and Citibank.

### Service upon Third-Parties

6.  ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████ (collectively, the "BNYM Phase One Third-Party Defendants"), among others,

were made third-party defendants to this action in a third-party complaint filed by The Bank of New York Mellon ("BNYM") herein on December 31, 2009, and the BNYM Phase One Third-Party Defendants were duly served with the third-party summons and third-party complaint but either did not file or serve answers thereto, or appeared and asserted no claims to the BNYM Phase One Assets (as defined below), and the BNYM Phase One Third-Party Defendants became subject to this Court's *in personam* and *in rem* jurisdiction for purposes of this Judgment by reason of the location in New York State of the BNYM Phase One Assets (as defined below), as that term is hereinafter defined, and none of the BNYM Phase One Third-Party Defendants made motions for summary judgment or opposed the summary judgment motions made by the Levin Plaintiffs, the Heiser Judgment Creditors or the Greenbaum and Acosta Judgment Creditors.

7. ███████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████ (collectively, the "Societe Generale Phase One Third-Party Defendants"), among others, were made third-party defendants to this action in a third-party complaint filed by SoGen on December 31, 2009, and the Societe Generale Phase One Third-Party Defendants were duly served with the third-party summons and third-party complaint but either did not file or serve answers thereto, or appeared and asserted no claims to the Societe Generale Phase One Assets (as defined below), and the Societe Generale Phase One Third-Party Defendants became subject to this Court's *in personam* and *in rem* jurisdiction for purposes of this Judgment by reason of the location in New York State of the Societe Generale Phase One Assets (as defined below), as that term is hereinafter defined, and none of the Societe Generale Phase One Third-Party Defendants made motions for summary judgment or opposed

the summary judgment motions made by the Levin Plaintiffs, the Heiser Judgment Creditors or the Greenbaum and Acosta Judgment Creditors.

8. ███████████████ ("Party A"), ██████████ ("Party B") and ████████ ("Party C") (these three entities collectively, the "JPM Phase One Third-Party Defendants"), among others, were made third-party defendants to this action in a third-party complaint filed by JPMorgan herein on January 4, 2010, and Party B and Party C having been duly served with the third-party summons and third-party complaint but not having filed or served answers thereto, and Party A interposed an answer and appeared in this proceeding "for the limited purpose of stating that it makes no claim to the funds that are the subject of the Turnover Proceeding," which limited appearance is sufficient to empower this Court to grant the relief provided for herein against Party A, and the JPM Phase One Third-Party Defendants having become subject to this Court's *in personam* and *in rem* jurisdiction for purposes of this Judgment by reason of the proper service of process upon Party B and Party C, Party A's limited appearance and disclaimer of rights and the location of the JPM Phase One Asset, as that term is hereinafter defined, in New York State, and none of the JPM Phase One Third-Party Defendants made motions for summary judgment or opposed the summary judgment motions made by the Levin Plaintiffs, the Heiser Judgment Creditors or the Greenbaum and Acosta Judgment Creditors.

9. ████████████████████████████████████████████████████████████████████████████ (collectively, the "Citi Phase One Third-Party Defendants"), among others, were made third-party defendants to this action in a third-party complaint filed by defendant Citibank, N.A. ("Citi") herein on January 4, 2010, and the Citi Phase One Third-Party Defendants were duly served with the third-party

summons and third-party complaint but did not file or serve answers thereto, and the Citi Phase One Third-Party Defendants became subject to this Court's *in personam* and *in rem* jurisdiction for purposes of this Judgment by reason of the location in New York State of the Citi Phase One Assets, as that term is hereinafter defined, and none of the Citi Phase One Third-Party Defendants made motions for summary judgment or opposed the summary judgment motions made by the Levin Plaintiffs, the Heiser Judgment Creditors or the Greenbaum and Acosta Judgment Creditors.

10. Other judgment creditors of the Islamic Republic of Iran or persons pursuing legal proceedings against the Islamic Republic of Iran were made third-party defendants to this proceeding in third-party complaints filed by the Banks on January 4, 2010 and March 22, 2010, which third-party complaints named as third-party defendants the persons identified in those third-party complaints as the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Valore Plaintiffs, the Bonk Plaintiffs, the Silvia Plaintiffs, the Brown Plaintiffs and the Bland Plaintiffs (collectively, the "Litigant Third-Party Defendants"), and all of the Litigant Third-Party Defendants filed answers or amended answers that did not raise and therefore waived any defenses of insufficient process, insufficient service of process or lack of personal jurisdiction and thus consented to this Court's jurisdiction, and none of the Litigant Third-Party Defendants made motions for summary judgment or opposed the summary judgment motions made by the Levins, the Heiser Judgment Creditors or the Greenbaum and Acosta Judgment Creditors.

### The Court's January 20, 2011 Opinion and Order

11. On January 20, 2011, the Court issued an Opinion and Order (the "Opinion and Order"), denying the Levin Motion for Summary Judgment and the Heiser Judgment Creditors' motion for partial summary judgment, granting the Greenbaum and Acosta Judgment Creditors'

motion for partial summary judgment and a turnover order as to the Citi Phase One Assets and the JPM Phase One Assets, as hereinafter defined, and releasing JPMorgan Chase & Co. and JPMorgan (these two entities collectively, "JPMorgan") and Citi from claims as to those assets asserted by other parties.

12.     Thereafter, on March 4, 2011, the Court issued an Opinion and Amended Order ("Opinion and Amended Order"), for substantially the identical relief as the original Opinion and Order, but also including a new section entitled partial final judgment as further described below. *See Levin v. Bank of New York*, 2011 WL 812032 (S.D.N.Y. Mar. 4, 2011).

13.     The Court determined that the judgment debtor Islamic Republic of Iran ("Iran") is a state sponsor of terrorism within the meaning of section 1605A of the Foreign Sovereign Immunity Act of 1976 ("FSIA"), 28 U.S.C. § 1605A, and that execution may therefore be had pursuant to FSIA § 1610, 28 U.S.C. § 1610, against the Citi Phase One Assets and the JPM Phase One Asset, using those terms as they are hereinafter defined.

14.     The Court found in the Opinion and Amended Order that the Greenbaum and Acosta Judgment Creditors hold a priority interest in, and are entitled to a turnover order as to, the Phase One Assets held by Citibank, which assets consist of the following proceeds from wire transfers or deposit accounts, blocked pursuant to blocking regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department, which are being held in account ▮▮▮▮▮ ▮▮▮▮▮: (1) the proceeds of an electronic funds transfer ("EFT") in the amount of $▮▮▮▮▮ as of June 30, 2009, that was originated by ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮ and designated ▮▮▮▮▮▮▮▮▮▮▮▮, as the originator's bank, ▮▮▮▮▮▮▮ as the beneficiary and ▮▮▮▮▮▮ as the beneficiary's bank; (2) an inactive correspondent account associated with ▮▮▮▮▮▮, in which there was a balance

of $▮▮▮ as of June 30, 2009; (3) an inactive correspondent account associated with ▮▮▮ ▮▮▮, in which there was a balance of $▮▮▮ as of June 30, 2009; and (4) an inactive correspondent account associated with ▮▮▮, in which there was a balance of $▮▮▮ as of June 30, 2009 (collectively, the "Citi Phase One Assets").

15.   The Court also found that the Acosta Judgment Creditors hold a priority interest in, and are entitled to a turnover order as to, the Phase One Assets held by JPMorgan, which consist of the proceeds of a wire transfer in the amount of $▮▮▮, involving the JPM Phase One Third-Party Defendants as parties, that was blocked by JPMorgan on January 17, 2008 pursuant to blocking regulations issued by OFAC, which are being held in account number ▮▮▮ (the "JPMorgan Phase One Asset").

16.   The Court, thereafter, entered a partial final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to the validity of the Levins' claims to the Phase One Assets, the validity of the Greenbaum and Acosta Judgment Creditors' claims to the Citibank Phase One Assets and the JPMorgan Phase One Asset, and with respect to the claims of any party to or the rights of any party in the Citibank Phase One Assets or the JPMorgan Phase One Asset and staying certain further proceedings pending appeal by the Levin Plaintiffs from said partial final judgment on condition that a notice of appeal be filed in a timely fashion (the "Stay").

## The Second Circuit Appeal

17.   The Levins noticed an appeal on February 10, 2011 and perfected said appeal by filing their opening brief on April 5, 2011.

### The Phase One Assets Held by BNYM and SoGen

18. There remain, in addition to the JPMorgan Phase One Assets and Citi Phase One Assets, other Phase One Assets at (1) BNYM, account numbers ███████████, ███████████, and ███████████ involving the BNYM Third-Party Defendants as parties (the "BNYM Phase One Assets") and (2) SoGen, account numbers ████ and ████ involving the Societe Generale Third-Party Defendants as parties (the "Societe Generale Phase One Assets") (collectively, the "Remaining Phase One Assets"), which assets consist of the proceeds of EFTs blocked pursuant to blocking regulations issued by OFAC as to which the Court has not yet made a determination as to disposition.

19. The Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors have caused the United States Marshal's Service for the Southern District of New York (the "Marshals Service") to levy against the Remaining Phase One Assets by service upon BNYM and SoGen writs of execution, which were court-ordered pursuant to 28 U.S.C. § 1610.

20. The Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors have each filed turnover actions in accordance with N.Y. C.P.L.R. §§ 5225 & 5227 within the prescribed time period, in order to obtain a turnover of, *inter alia*, the BNYM Phase One Assets and the Societe Generale Phase One Assets. On February 14, 2011, the Heiser Judgment Creditors filed a petition for turnover against BNYM and SoGen in the matter styled *Estate of Michael Heiser, et al. v. The Bank of New York Mellon, et al.*, civ. no. 11-998 (RPP) (MHD) (S.D.N.Y.). On March 7, 2011, the Greenbaum and Acosta Judgment filed amended counterclaims in this action seeking a turnover against, *inter alia*, BNYM and SoGen. *See* Dkt Nos. 344-45.

## Relief Requested

21. The Movants have resolved their disputes regarding priority over the Phase One Assets and reached a settlement as to the distribution of proceeds therefrom, which is more fully set forth in a confidential settlement agreement among the parties (the "Settlement Agreement").

22. Pursuant to the terms of the Settlement Agreement, the Movants are jointly requesting that the Court lift the Stay so as to implement and effectuate the relief sought herein.

23. By this joint Motion, the Movants are jointly requesting the relief herein and consenting to the Court entering the relief requested. For purposes of this Motion only, the Movants have jointly agreed to rely upon the Greenbaum and Acosta Judgment Creditors writs that were served on the Banks and are the subject of the March 7, 2011 amended counterclaims. If the Court declines to grant the relief requested herein, the consents granted by the Heiser Judgment Creditors and the Levins as to the Greenbaum and Acosta Judgment Creditors' priority over the Phase One Assets (and any additional assets held by the Banks) shall be withdrawn and any claims to priority or other challenges shall not be deemed waived.

### I.   Turnover of Citi Phase One Assets and JPMorgan Phase One Asset

24. As set forth in the Opinion and Amended Order, this Court has already held that the Greenbaum and Acosta Judgment Creditors hold a priority interest in and are entitled to a turnover of the Citi Phase One Assets and that the Acosta Judgment Creditors are entitled to a turnover of the JPMorgan Phase One Asset. *See* Opinion and Amended Order, *Levin*, 2011 WL 812032, at *21.

25. Subject to the Court entering a turnover order as to all the Phase One Assets (including the Remaining Phase One Assets), the Movants request that the Court Order Citibank to turnover the Citi Phase One Assets, plus accrued interest to date, to the Marshals Service, to

be paid over by the Marshals Service to counsel for the Greenbaum and Acosta Judgment Creditors, within fifteen (15) days thereafter for further distribution pursuant to the terms of the Settlement Agreement.

26. In addition, subject to the Court entering a turnover order as to all the Phase One Assets (including the Remaining Phase One Assets), the Movants request that the Court Order JPMorgan to turn over the JPMorgan Phase One Asset, plus accrued interest to date, to the Marshals Service, to be paid over by the Marshals Service to counsel for the Greenbaum and Acosta Judgment Creditors, within fifteen (15) days thereafter for further distribution pursuant to the terms of the Settlement Agreement.

## II. The Remaining Phase One Assets

27. This Court found that the Banks filed interpleader complaints against, *inter alia*, the BNYM Third-Party Defendants and the SoGen Third-Party Defendants and none have asserted a claim to the Remaining Phase One Assets. *See* Opinion and Amended Order, *Levin*, 2011 WL 812032, at * 4 (S.D.N.Y. Mar. 4, 2011).

28. Therefore, any claims that the BNYM Third-Party Defendants and the SoGen Third-Party Defendants may have asserted in the Remaining Phase One Assets are forfeited. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (noting that interpleader defendants' failure to answer third-party complaint creates a default and expedites its conclusion); *Wells Fargo Bank, N.A. v. Magellan Owners Ass'n*, 2010 WL 3789327, *4 (D. Ariz. Sept. 22, 2010) ("In general, where a stakeholder is served with process but then fails to appear and make claim to interpleaded funds, the stakeholder waives his rights to the funds making them available for equitable redistribution to the other stakeholders."); *General Accident Group v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984) ("The failure of a named

interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted."); *State Farm Mut. Auto. Ins. Co. v. Wagnon*, 959 F.2d 245, 1992 WL 64883, *1 (10th Cir. Mar. 30, 1992) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue."); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984).

29. The Court has before it the legal and factual information necessary to enter a judgment as to the Remaining Phase One Assets which comprise the BNYM Phase One Assets and the Societe Generale Phase One Assets.

30. As set forth in the Court's Opinion and Amended Order, and the Levin Summary Judgment Motion, which arguments and supporting documents, including the Affidavit of Dr. Patrick Clawson (the "Clawson Affidavit")[1], are incorporated herein, the Remaining Phase One Assets are subject to execution and turnover pursuant to 28 U.S.C. § 1610(g), § 201 of the Terrorism Risk Insurance Act ("TRIA"), and N.Y. C.P.L.R. § 5225(b).

31. This Court has already held that EFTs that have been frozen by OFAC due to a nexus with the Government of Iran are subject to attachment under, *inter alia*, 28 U.S.C. §§ 1610(f)(1), (g) and TRIA. *See* Opinion and Amended Order, 2011 WL 812032, at *14-18 (S.D.N.Y. Mar. 4, 2011).

32. Moreover, the Court's conclusion that the Citi Phase One Assets and JPMorgan Phase One Assets are subject to turnover in accordance with N.Y. C.P.L.R. § 5225(b), as required by Fed. R. Civ. P. 69, was based upon the determination that the entities whose assets have been blocked are agencies and instrumentalities of Iran, and are entitled to possession of

---

[1] *See* Affidavit of Dr. Patrick Clawson, February 24, 2010 [Dkt. No. 233].
44887274.1                                      13

these funds but for the blocked nature of these accounts. *See* Opinion and Amended Order, 2011 WL 812032, at *19-20. The same conclusion applies to the Remaining Phase One Assets.

33. With respect to the BNYM Phase One Assets, this Court has already held that ▇▇▇ and ▇▇▇ are agencies and instrumentalities of Iran who's blocked assets are subject to turnover under TRIA. *See* Opinion and Order, pp. 35-37 (unredacted version). In reaching its determination, the Court, relied upon the Clawson Affidavit. *See* Opinion and Amended Order, 2011 WL 812032, at *19-20 (citing the Clawson Affidavit ¶¶ 21, 22, 23, 27). Therefore, there is no dispute that the BNYM Phase One Assets referenced by account numbers ▇▇▇ (▇▇▇) and ▇▇▇ (▇▇▇) are subject to execution and turnover under TRIA. Likewise, there is no dispute that the Societe Generale Phase One Asset referenced by account number ▇▇▇ (▇▇▇) is subject to execution and turnover under TRIA.

34. The other two accounts that comprise the Remaining Phase One Assets are also subject to execution and turnover as blocked EFTs in which agencies and instrumentalities of Iran have an interest.

35. In Dr. Clawson's expert opinion, ▇▇▇, which was a party to one of EFTs comprising the BNYM Phase One Assets (account number ▇▇▇), is an agency and instrumentality of Iran. Clawson Affidavit ¶ 29.

36. Likewise, in Dr. Clawson's expert opinion, ▇▇▇, which was a party to one of EFTs comprising the Societe General Phase One Assets (account number ▇▇▇), is an agency and instrumentality of Iran. Clawson Affidavit ¶ 24.

37. Moreover, all of the entities who were parties to the blocked EFTs have either failed to answer the third-party complaints filed by BNYM and SoGen or asserted no claim to

the Remaining Phase One Assets and, as set forth above, have thereby forfeited any claim to the Remaining Phase One Assets. No one has disputed that ████████, ████████, ████████, ████████, and ████████ are agencies or instrumentalities of Iran. Therefore, the Remaining Phase One Assets are blocked accounts subject to TRIA. *See* Opinion and Amended Order, 2011 WL 812032, at *20.

38. Based on the foregoing, the Remaining Phase One Assets are subject to execution and turnover in favor of the Movants in accordance with 28 U.S.C. § 1610(g), TRIA and N.Y. C.P.L.R. § 5225(b), as the blocked assets of agencies and instrumentalities of Iran and the Movants are entitled to judgment as a matter of law against the Banks in partial satisfaction of their judgment.

39. Therefore, the Movants request that the Court Order BNYM to turnover the BNYM Phase One Assets, plus accrued interest to date, to the Marshals Service, to be paid over by the Marshals Service to counsel for the Greenbaum and Acosta Judgment Creditors, within fifteen (15) days thereafter for further distribution pursuant to the terms of the Settlement Agreement.

40. The Movants also request that the Court Order SoGen to turnover the Societe Generale Phase One Assets, plus accrued interest to date, to the Marshals Service, to be paid over by the Marshals Service to counsel for the Greenbaum and Acosta Judgment Creditors, within fifteen (15) days thereafter for further distribution pursuant to the terms of the Settlement Agreement.

### III. Discharge and Release of the Banks and Preservation of Banks' Right to Apply for Fees and Costs

41. Upon turnover by Citibank, JPMorgan, BNYM and SoGen to the Marshals Service of the Citi Phase One Assets, the JPMorgan Phase One Asset, the BNYM Phase One

Assets and the Societe Generale Phase One Assets, Citi, JPMorgan, BNYM and SoGen, the Movants request that the Court discharge and release from all liability and obligation of any nature to the Levins, the Heiser Judgment Creditors, the Greenbaum and Acosta Judgment Creditors, the Litigant Third-Party Defendants, the JPM Phase One Third-Party Defendants, the Citi Phase One Third-Party Defendants and any other person or entity with respect to the Citi Phase One Assets, the JPMorgan Phase One Asset, the BNYM Phase One Assets and the Societe Generale Phase One Assets. *See, e.g.*, N.Y. C.P.L.R. § 1006(f); NY Banking Law § 134.

42.     Moreover, by this Motion, without conceding that Banks are entitled to any attorneys' fees or costs unless and until Movants' judgments are fully satisfied, Movants do not seek to preclude Citibank, JPMorgan, BNYM or SoGen, as parties that have brought interpleader actions, from making an application for their reasonable attorneys' fees and expenses from amounts awarded to any party to this proceeding and made subject to execution pursuant to FSIA § 1610, *et seq.* or TRIA, whether in Phase One of this proceeding or subsequently. Movants expressly preserve and do not waive any of their rights with respect to any applications for attorneys' fee and expenses filed by the Banks, including the right to oppose, in whole or in part, any such application by Citibank, JPMorgan, BNYM and SoGen.

43.     The Movants are submitting herewith, the form of a proposed partial final judgment on consent directing turnover of funds and discharging the Banks from liability (the "Proposed Judgment").

WHEREFORE, the Levins, the Heiser Judgment Creditors, and the Greenbaum and Acosta Judgment Creditors, jointly, respectfully request that the Court enter the attach Proposed Judgment:

A.     Granting the Motion;

B.   Entering the Proposed Judgment; and

C.   Granting such further relief as the Court deems just and proper.

Dated: New York, New York  
       May 27, 2011

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By: _____/s/_____  
     Curtis C. Mechling  
     James L. Bernard  
     Benjamin Weathers-Lowin

180 Maiden Lane  
New York, New York 10038  
(212) 806-5400

*Attorneys for the Greenbaum and Acosta Judgment Creditors*

Dated: New York, New York  
       May 27, 2011

_____/s/_____  
Cary B. Samowitz  
Barbara L. Seniawski  
DLA Piper LLP (US)  
1251 Avenue of the Americas, 27th Floor  
New York, New York 10020-1104  
Telephone: 212-335-4500  
Facsimile: 212-884-4501  
cary.samowitz@dlapiper.com  
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)

44887274.1                                        17

                                      Dale K. Cathell (Md. Fed. Bar No. 26924)
                                      David B. Misler (Md. Fed. Bar No. 28828)
                                      DLA Piper LLP (US)
                                      6225 Smith Ave.
                                      Baltimore, MD 21209
                                      Telephone: 410-580-3000
                                      Facsimile: 410-580-3001
                                      richard.kremen@dlapiper.com
                                      dale.cathell@dlapiper.com
                                      david.misler@dlapiper.com

                                      *Attorneys for the Heiser Judgment Creditors*

Dated: Los Angeles, California        HOWARTH & SMITH
       May 27, 2011

                                        By:   /s/ _____
                                                Suzelle M. Smith
                                                Don Howarth
                                                523 West Sixth Street, Suite 728
                                                Los Angeles, California 90014
                                                (213) 955-9400
                                                ssmith@howarth-smith.com

                                                *Attorney for the Levins*

# EXHIBIT A

**REDACTED PURSUANT TO COURT'S ORDERS DATED**

**OCTOBER 27, 2009, JANUARY 11, 2010, AND AUGUST 6, 2010,**