UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :

       Plaintiffs,    :

       -against-    :

BANK OF NEW YORK, JPMORGAN    :
CHASE, SOCIETE GENERALE and
CITIBANK,    :

       Defendants.    :
-------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,    :

       Third-Party Plaintiffs,    :

       -against-    :

STEVEN M. GREENBAUM, et al.,    :

       Third-Party Defendants.    :
-------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,    :

       Third-Party Plaintiffs,    :

       -against-    :

THE ESTATE OF JAMES SYLVIA and    :
LYNNE MICHOL SPENCER, et al.,

       :

       Third-Party Defendants.
-------------------------------------------------------------x

Case No. 09 Civ. 5900 (RPP)

(FILED PARTIALLY UNDER
SEAL DUE TO CONFIDENTIAL
INFORMATION PER ORDER
DATED JANUARY 21, 2010)

**LOCAL RULE 56.1
SEPARATE STATEMENT OF
UNDISPUTED FACTS**

SUBMITTED IN SUPPORT OF
THE LEVIN PLAINTIFFS' AND
THE GREENBAUM, ACOSTA
AND HEISER JUDGMENT
CREDITORS' JOINT MOTION
FOR PARTIAL SUMMARY
JUDGMENT AND TURNOVER
OF PHASE ONE ASSETS

---------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,    :

        Third-Party Plaintiffs,    :

      -against-    :

ESTATE OF MICHAEL HEISER, et al.,    :

        Third-Party Defendants.    :

---------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,    :

        Third-Party Plaintiff,    :

      -against-    :

██████████████████████ et al.,    :

        Third-Party Defendants.    :

---------------------------------------------------------------x

CITIBANK, N.A.,    :

        Third-Party Plaintiff,    :

      -against-    :

██████████ et al.,    :

        Third-Party Defendants.    :

---------------------------------------------------------------x

SOCIETE GENERALE,    :

        Third-Party Plaintiff,    :

      -against-    :

████████████████████    :

        Third-Party Cross-Claim    :
        Defendant, and

████████ et al.,                        :

       Third-Party Defendants.    :
------------------------------------------------------------x

THE BANK OF NEW YORK MELLON,             :

       Third-Party Plaintiff,     :

     -against-                    :

████████████████                        :

       Third-Party Defendants.    :
------------------------------------------------------------x

Pursuant to Local Rule 56.1, plaintiffs-judgment creditors Jeremy Levin and Dr. Lucille Levin (collectively, the "Levins"), third-party defendants-judgment creditors Steven M. Greenbaum, on behalf of himself individually and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum, deceased, Alan D. Hayman, and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors") and Carlos Acosta, Maria Acosta, Irving Franklin, Estate of Irma Franklin, Sonya Kahane, Cipporah Kaplan, Tova Ettinger, Baruch Kahane, Ethel Griffin as Administrator of Binyamin Kahane's Estate, and Rabbi Norman Kahane (collectively, the "Acosta Judgment Creditors") (together with the Acosta Judgment Creditors, the "Greenbaum and Acosta Judgment Creditors"), and third-party defendants-judgment creditors the Estate of Michael Heiser, *et al.* (the "Heiser Judgment Creditors") (together with the Levins and the Greenbaum and Acosta Judgment Creditors, "Movants") submit the following statement of undisputed material facts, together with reference to supporting evidence, in support of Movants' joint motion for partial summary judgment and turnover with respect to the Phase One Assets, as that term is hereinafter defined, held by defendants-third-party plaintiffs the Bank of New York Mellon ("BNYM") and Societe Generale ("SoGen").

**ISSUE 1:** **MOVANTS POSSESS A COLLECTIVE PRIORITY INTEREST IN THE BLOCKED ASSETS HELD BY BNYM AND SOGEN AND ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT AND TURNOVER OF SUCH ASSETS IN SATISFACTION OF THEIR JUDGMENTS PURSUANT TO 28 U.S.C. §1610, §201 OF THE TERRORISM RISK INSURANCE ACT ("TRIA"), CODIFIED AS A NOTE TO §1610, AND N.Y. C.P.L.R. §§5225 AND 5227.**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On February 6, 2008, after a full trial, the United States District court for the District of Columbia entered judgment in favor of the Levins and against the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS") and the Iranian Islamic Revolutionary Guard Corp ("IRGC") (collectively referred to as the "Iranian Judgment Debtors") pursuant to 28 U.S.C. §1605(a)(7). The judgment is for $28,807,719.00 in compensatory damages. | *See* Ex. 13 to the Declaration of Suzelle Smith ("Smith Decl."). *See also Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1, (D.D.C. 2007). |
| 2. The Levins registered their judgment in the United States District Court for the Southern District of New York on April 20, 2009. | *See* Ex. 15 to Smith Decl. |
| 3. The Levins served the Iranian Judgment Debtors with their judgment on October 14, 2008 through the court and diplomatic channels. | *See* Ex. 16 to Smith Decl. |
| 4. On June 19, 2009, the Levins delivered writs of execution obtained from the Clerk of the Court of the Southern District of New York to the United States Marshals Service for the Southern District of New York (the "U.S. Marshal") for service on defendants-third-party plaintiffs BNYM, SoGen, Citibank, N.A. ("Citibank") and JPMorgan Chase Bank, N.A. ("JPMorgan") (collectively, the "Garnishee Banks"). The U.S. Marshal subsequently served the Garnishee Banks with the Levins' writs. | *See* Exs. 17-20 to Smith Decl. |

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 5.      On June 26, 2009, the Levins filed their turnover complaint against the Garnishee Banks in this Court. | *See* Ex. 62 to Smith Decl. |
| 6.      By Order dated January 11, 2010, the Court authorized the Garnishee Banks to serve third-party interpleader complaints with respect to the Blocked Assets.  Certain of the Blocked Assets were identified by the Levins and the Garnishee Banks as being appropriate for turnover proceedings in what has been identified and referred to as Phase One of this litigation (the "Phase One Assets"). The Garnishee Banks thereafter filed and served multiple third-party complaints against additional judgment creditors of Iran and other parties believed to have an interest in the Blocked Assets, including, but not limited to, the Phase One Assets, in order to determine whether any of these parties held priority interests in such assets as compared to the Levins. | *See* January 11, 2010 Order, Docket No. 33; Ex. 12 to Smith Decl. |
| 7.      The following entities are agencies and instrumentalities or alter egos of Iran: ████████████████ ████████████████ ████████████████ ████████████████ ████████████ ██████████ | *See* Clawson Aff. ¶¶ 21-34; Opinion and Order, January 28, 2011, Docket No. 323 (the "Opinion and Order") at 34-37; 31 C.F.R. §450.304. |
| 8.      On December 31, 2009 and December 15, 2010, BNYM filed and duly served third-party summons and complaints interpleading as third-party defendants ████████ ██████████ | *See* Ex. 24 to Smith Decl.; See Opinion and Order at 8. |

---
[1] Although defendant third-party plaintiff BNYM previously asserted that there were issues of facts as to whether third-party defendant ████████ is, in fact, an agency or instrumentality of Iran, ████ ██████ has failed to appear in this action and dispute such allegation or contest any of the claims made to the BNYM Blocked Assets.  Moreover, in the expert opinion of Dr. Clawson, ████████████ is an agency or instrumentality of Iran.  *See* Clawson Aff. ¶¶ 21-34.

-5-

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| ██████████████ ██████████████ █████████ ██████████ ██████████ ████████ (collectively, the "BNYM Commercial Third-Party Defendants"), among others. The BNYM Commercial Third-Party Defendants all either failed to file or serve answers to the third-party complaint or appeared and asserted no claims to the Blocked Assets held by BNYM (the "BNYM Blocked Assets"). | |
| 9.      On December 31, 2009, SoGen filed and duly served a third-party summons complaint interpleading as third-party defendants ██████████ ██████████ ██████████ ███████ (collectively, the "SoGen Commercial Third-Party Defendants"), among others. With the exception of ██████████ the SoGen Commercial Third-Party Defendants all either failed to file or serve answers to the third-party complaint, or appeared and asserted no claims to the Blocked Assets being held by SoGen (the "SoGen Blocked Assets"). | *See* Exs. 23, 50 to Smith Decl.; Opinion and Order at 8; Ex. 26 to Declaration of James L. Bernard ("Bernard Decl."). |
| 10.     The Levins delivered to the Clerk of the Court for the Southern District of New York the complaint in this case for service on the Iranian Judgment Debtors and the originators and beneficiaries of the funds at issue on November 25, 2009 and December 22, 2009. | *See* Exs. 21, 39-45, 52, 63 to Smith Decl. |
| 11.     On February 19, 2010, the Garnishee | *See* Exs. 29, 38, 39 to Smith Decl.; Exs. 10, |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Banks duly served the Greenbaum and Acosta Judgment Creditors with a third-party complaint, dated December 31, 2009, interpleading them as third-party defendants in this action. The Greenbaum and Acosta Judgment Creditors filed answers to the third-party complaint and counterclaims for turnover of the Blocked Assets held by the Garnishee Banks on April 15, 2010, and duly served their counterclaims upon all parties to this action as well as Iran and MOIS. | 20 to Bernard Decl. |
| 12.     The Greenbaum Judgment Creditors hold an unsatisfied judgment against Iran and MOIS in the amount of $19,879,023, issued by the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1605(a)(7). The Greenbaum Judgment Creditors duly served their judgment upon Iran and MOIS and registered their judgment in the Southern District of New York on December 17, 2008. | *See* Exs. 3, 4, 5, 6 to Bernard Decl.; Opinion and Order at 5. |
| 13.     On December 14, 2009, the Greenbaum Judgment Creditors obtained an Order pursuant to 28 U.S.C. §1610(c) from Judge Barbara S. Jones of the District Court for the Southern District of New York, directing the Clerk of the Court to issue writs of execution with respect to certain property of Iran held in this district by Citibank, including, but not limited to, the Citibank Phase One Assets. On December 21, 2009, the Greenbaum Judgment Creditors obtained a writ of execution from the Clerk of the Court pursuant to the December 14, 2009 Order and delivered the writ that day to the U.S. Marshal for service on Citibank. On April 5, 2010, the Greenbaum Judgment Creditors obtained an amended writ of execution from the Clerk of the Court, which was delivered to the U.S. Marshal for service upon Citibank on April 6, 2010, which service was completed on April | *See* Exs. 7, 8, 9, 10 to Bernard Decl.; Opinion and Order at 5-6. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 15, 2010. | |
| 14.     On February 8, 2011, the Greenbaum Judgment Creditors obtained an Order pursuant to 28 U.S.C. §1610(c) from Judge Barbara S. Jones of the District Court for the Southern District of New York, directing the Clerk of the Court to issue writs of execution with respect to property of Iran held in this district by BNYM and SoGen, including, but not limited to, the Phase One Assets held by BNYM and SoGen.  On February 9, 2011, the Greenbaum Judgment Creditors obtained a writ of execution from the Clerk of the Court pursuant to the February 8, 2011 Order and delivered the writs that day to the U.S. Marshal for service upon BNYM and SoGen, which service was completed on February 17, 2011. | *See* Greenbaum Judgment Creditors' Amended Answer to Third-Party Complaint and Counterclaims ("Greenbaum Amended Answer and Counterclaims") (Docket no. 344) at ¶¶ 58, 59. |
| 15.     The Acosta Judgment Creditors hold an unsatisfied judgment against Iran and MOIS in the amount of $350,172,000, issued by the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1605A.  The Acosta Judgment Creditors duly served their judgment upon Iran and MOIS and registered their judgment in the Southern District of New York on December 1, 2008. | *See* Exs. 11, 12, 14 to Bernard Decl.; Opinion and Order at 6. |
| 16.     On December 14, 2009, the Acosta Judgment Creditors obtained an Order pursuant to 28 U.S.C. §1610(c) from Judge Barbara S. Jones of the District Court for the Southern District of New York, directing the Clerk of the Court to issue writs of execution with respect to certain property of Iran held in this district by Citibank and JPMorgan, including, but not limited to, the Phase One Assets held by Citibank and JPMorgan.  On December 21, 2009, the Acosta Judgment Creditors obtained a writ of execution from | *See* Exs. 15, 16, 17, 18, 19, 20 to Bernard Decl.; Opinion and Order at 6. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| the Clerk of the Court pursuant to the December 11, 2009 Order and delivered the writ that day to the U.S. Marshal for service on Citibank. On April 5, 2010, the Acosta Judgment Creditors obtained an amended writ of execution from the Clerk of the Court, which was delivered to the U.S. Marshal for service upon Citibank and JPMorgan on April 6, 2010, which service was completed on April 15, 2010. | |
| 17.    On January 3, 2011, the Acosta Judgment Creditors obtained an Order pursuant to 28 U.S.C. §1610(c) from Judge Barbara S. Jones of the District Court for the Southern District of New York, directing the Clerk of the Court to issue writs of execution with respect to property of Iran held in this district by BNYM and SoGen, including, but not limited to, the Phase One Assets held by BNYM and SoGen. On January 4, 2011, the Acosta Judgment Creditors obtained a writ of execution from the Clerk of the Court pursuant to the January 3, 2011 Order and delivered the writs that day to the U.S. Marshal for service upon BNYM and SoGen, which service was completed on January 21, 2011. | *See* Acosta Judgment Creditors' Amended Answer to Third-Party Complaint and Counterclaims ("Acosta Amended Answer and Counterclaims") (Docket no. 345) at ¶¶ 56, 57. |
| 18.    Pursuant to the Court's March 4, 2011 Order, entered upon agreement and stipulation, the Greenbaum and Acosta Judgment Creditors filed and duly served amended answers to the third-party complaint and counterclaims for the turnover of the Blocked Assets, which asserted their respective original first counterclaims – previously asserted only against BNYM, JPMorgan and Citibank – against SoGen, as well. The Greenbaum and Acosta Judgment Creditors then duly served notice of their amended counterclaims on all parties to this | *See* Greenbaum Amended Answer and Counterclaims; Acosta Amended Answer and Counterclaims |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| action, as well as Iran and MOIS. | |
| 19.    On June 1, 2010, the Garnishee Banks served the Heiser Judgment Creditors with a third-party complaint, dated May 27, 2010, interpleading them as third-party defendants in this action.  The Heiser Judgment Creditors filed an answer to the third-party complaint and counterclaims for turnover of the Blocked Assts on June 15, 2010, and an amended answer and counterclaims on July 6, 2010. | *See* Ex. 37 to Smith Decl. |
| 20.    On February 7, 2008 and May 10, 2010, the Heiser Judgment Creditors obtained Orders from the United States District Court for the District of Columbia authorizing them to execute upon their judgment against Iran. | *See* Declaration of David B. Misler, dated June 7, 2011 (the "Misler Decl."), ¶¶ 2-6. |
| 21.    On December 8, 2010, the Heiser Judgment Creditors obtained writs of execution from the Clerk of this Court, which they subsequently delivered to the U.S. Marshal on December 10, 2010 for service upon BNYM, SoGen, Citibank and JPMorgan. | *See* Misler Decl.. at ¶¶ 8-9, Ex. 7. |
| 22.    On January 3, 2011, the U.S. Marshal levied the Heiser Judgment Creditors' writs upon BNYM and Citibank. | *See* Misler Decl. at ¶¶ 10, 13, Exs. 8, 11. |
| 23.    On January 4, 2011, the U.S. Marshal levied the Heiser Judgment Creditors' writs upon SoGen. | *See* Misler Decl. at ¶ 11, Ex. 9. |
| 24.    On January 28, 2011, the U.S. Marshal levied the Heiser Judgment Creditors' writs of execution upon JPMorgan. | *See* Misler Decl. ¶ 12, Ex. 10. |
| 25.    On February 14, 2011, the Heiser Judgment Creditors filed a petition for turnover against BNYM and SoGen in the matter styled *Estate of Michael Heiser, et al. v. The Bank of New York Mellon, et al.*, Case | *See* Case No. 11-cv-0998 (RPP) (MHD) (S.D.N.Y.). |

| UNDISPUTED<br>MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| No. 11-cv-0998 (RPP) (MHD) (S.D.N.Y.). | |
| 26.      In addition to the Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors, numerous other judgment creditors of Iran and/or persons pursuing legal proceedings against Iran were made third-party defendants to this proceeding and served with additional third-party complaints filed by the Garnishee Banks, including persons identified in those third-party complaints as the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Valore Plaintiffs, the Bonk Plaintiffs, the Silvia Plaintiffs, the Brown Plaintiffs and the Bland Plaintiffs (collectively, the "Other Third-Party Defendant Litigants"). | *See* Exs. 29-37 to Smith Decl.; Opinion and Order at 7-8. |
| 27.      The Peterson Judgment Creditors filed an answer to the third party complaints and filed counterclaims against the New York Banks on June 18, 2010. | *See* Ex. 40 to Smith Decl. |
| 28.      The Rubin Judgment Creditors filed an answer to the third party complaints and filed counterclaims against the New York Banks on April 19, 2010. | *See* Ex. 41 to Smith Decl. |
| 29.      The Bonk, Valore, Silvia, Bland and Brown Judgment Creditors filed answers to the third party complaints and counterclaimed against the New York Banks on April 20, 2010. | *See* Exs. 42, 43 to Smith Decl. |
| 30.      The Peterson Judgment Creditors have stated by their counsel that they are withdrawing their claims to the Phase One assets. | *See* Ex. 21 to the Bernard Decl. |
| 31.      There is no evidence that the Rubin Judgment Creditors' writ of execution was Court-ordered pursuant to 28 U.S.C. § 1610(c). | *See* Ex. 41 to the Smith Decl; Opinion and Order at 23. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 32.     Nor is there any evidence that the Rubin Judgment Creditors took steps to perfect their lien, if any, after the U.S. Marshal was served on October 10, 2008. | *See* Exs. 41 & 58 to the Smith Decl. |
| 33.     The Brown, Bland, and Silvia third-party defendants apparently base their claims to priority with respect to the Phase One assets on docketed notices of *lis pendens* rather than on Writs of Execution. | *See* Exs. 37, 43, 60 to Smith Decl. |
| 34.     The Bonk and Valore third-party defendants have not made any claims to the Phase One assets and state that they intend to file a motion requesting a dismissal of the interpleader complaint file against them. | *See* Ex. 42 to Smith Decl.; Exs. 22-25 to Bernard Decl. |
| 35.     The Garnishee Banks all maintain that they are disinterested stakeholders with respect to the Phase One assets and, in this capacity, have interpled third-party-defendant commercial entities and judgment creditors. | *See* Exs. 26-30 to Smith Decl. |
| 36.     ▮▮▮▮▮▮▮▮▮ was the only third-party-defendant commercial entity to have appeared and made a claim to any of the Phase One assets. However, in a Stipulation so-ordered and filed on July 26, 2010, ▮▮▮▮▮ disclaimed any interest and was dismissed without prejudice from the Interpleader Action.. | *See* Ex. 50 to Smith Decl.; Ex. 26 to Bernard Decl. |
| 37.     All of the Other Third-Party Defendant Litigants filed answers or amended answers that did not raise – and therefore waived -- any defenses of insufficient process, insufficient service of process or lack of personal jurisdiction. | *See* Exs. 40-43 to Smith Decl. |
| 38.     As of December 15, 2010, The Garnishee Banks had served all the interplead parties with respect to the Phase One Assets. In addition to the Greenbaum and Acosta Judgment Creditors and the Heiser Judgment | *See* Exs. 23, 24, 29-37, 38, 39, 50 to Smith Decl.; Exs. 10, 20, 26, 37 to Bernard Decl.; Opinion and Order at 7-8. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Creditors, only ███████████ and the Other Third-Party Litigants have appeared to contest the turnover of the Phase One funds. | |
| 39.   ███████████████████ ███████████████ filed an Answer on March 22, 2010 asserting no claims to the funds at issue; ████████ ████████████ filed an Answer on March 8, 2010 asserting no claims to the funds at issue; and ██████████ delivered a letter to counsel and Court on April 30, 2010 stating that they were taking no action in this matter. | *See* Exs. 47-49 to Smith Decl. |
| 40.   SoGen admits that it has control over the SoGen Blocked Assets. | *See* Ex. 23 to Smith Decl. |
| 41.   BNYM admits that it has control over the BNYM Blocked Assets | *See* Ex. 24 to Smith Decl. |
| 42.   The United States of America is not making any claims to the Blocked Assets and an order has been entered dismissing them. | *See* Ex. 54 to Smith Decl. |
| 43.   None of the Other Third-Party Defendant Litigants executed upon the Phase One Assets held by BNYM and SoGen, and none of the BNYM Commercial Third-Party Defendants or SoGen Commercial Third-Party Defendants asserted any claims to such assets. | *See* Opinion and Order at 8. |
| 44.   The Levins, Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors have entered into a confidential settlement agreement resolving their dispute regarding priority, as between them, to the Blocked Assets at issue in this matter and providing for the distribution of proceeds therefrom. | *See* Declaration of Curtis C. Mechling, dated June 7, 2011 ("Mechling Decl."), ¶ 22. |

**ISSUE 2:    THE PHASE ONE ASSETS HELD BY BNYM AND SOGEN ARE
SUBJECT TO ATTACHMENT AND EXECUTION PURSUANT TO 28
U.S.C. §1610 AND TRIA.**

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 45.    Since January 1984, Iran has been designated a "state sponsor of terrorism" pursuant to provisions of the Export Administration Act because of its sustained and unrepentant acts of terrorism against United States civilians, including murder and torture. | *See Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C. Cir. 2004); *see also* 49 Fed. Reg. 47702 (Dec. 6, 1984); *see also Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1, 5 (D.D.C. 2007); *see also* Clawson Decl. ¶ 18. |
| 46.    This Court previously determined that Iran is a "state sponsor of terrorism" within the meaning of §§1605(a)(7) and 1605A of the Foreign Sovereign Immunity Act ("FSIA"), 28 U.S.C. §§1605(a)(7) and 1605A, and a "terrorist party" within the meaning of §201 TRIA, codified as a note to §1610. | *See* Opinion and Order at 29. |
| 47.    The Phase One Assets held by BNYM and SoGen constitute the proceeds of electronic fund transfers ("EFTs") that have been blocked at the direction of OFAC pursuant to a series of regulations serving to effectuate Executive Order 13382 of June 29, 2005, "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters" ("E.O. 13382"). | *See* Exs. 2-4, 23, 24 to Smith Decl.; Opinion and Order at 31. |
| 48.    This Court has determined that the Remaining Phase One Assets' nature as EFTs does not otherwise impede their susceptibility to attachment or execution. | *See* Opinion and Order at 30-33. |
| 49.    Pursuant to E.O. 13382 and at the direction of OFAC, SoGen blocked ██ ████████████████████████ ██████████ | *See* Exs. 2, 3, and 23 to Smith Decl. |

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 50.  ████████ is an agency or instrumentality of Iran. | *See* Clawson Aff. ¶ 24; 31 C.F.R. §560.304. |
| 51.    Pursuant to E.O. 13382 and at the direction of OFAC, SoGen blocked ██ ████████████████████ ██████████ | *See* Exs. 2, 3, and 23 to Smith Decl. |
| 52.  ████████ is an agency or instrumentality of Iran. | *See* Clawson Aff. ¶ 34; 31 C.F.R. §560.304. |
| 53.    Pursuant to E.O. 13382 and at the direction of OFAC, BNYM blocked ██ ████████████████████ ████████ | *See* Exs. 2, 4, and 24 to Smith Decl. |
| 54.  ████████ is an agency or instrumentality of Iran. | See Clawson Aff. ¶ 21; 31 C.F.R. §560.304; Opinion and Order 36-37. |
| 55.    Pursuant to E.O. 13382 and at the direction of OFAC, BNYM blocked ██ ████████████████████ ████████ | *See* Exs. 2, 4 and 24 to Smith Decl. |
| 56.  ████████ is an agency or instrumentality of Iran. | *See* Clawson Aff. ¶ 29. |
| 57.    Pursuant to E.O. 13382 and at the direction of OFAC, BNYM blocked ██ ████████████████████ ████████ | *See* Exs. 2, 4 and 24 to Smith Decl. |
| 58.  ████████ is an agency or instrumentality of Iran. | *See* Clawson Aff. ¶ 22; 31 C.F.R. §560.304; Opinion and Order at 37. |

Dated:  June 7, 2011                    STROOCK & STROOCK & LAVAN LLP

                                        By:   /s/ Curtis C. Mechling
                                              Curtis C. Mechling
                                              James L. Bernard
                                              Benjamin Weathers-Lowin
                                              180 Maiden Lane
                                              New York, New York 10038

(213) 806-5400
*Attorneys for the Greenbaum and Acosta*
*Judgment Creditors*