UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | Case No. 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

-------------------------------------------------------------x

AND RELATED THIRD-PARTY PROCEEDINGS
-------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
JPMORGAN CHASE AND THE BANK OF NEW YORK
MELLON'S CROSS-MOTION FOR A DISCHARGE ORDER
<u>AND RECOVERY OF ATTORNEYS' FEES AND EXPENSES</u>**

Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
Tel. No. (212) 308-6100
Facsimile No. (212) 308-8830

*Attorneys for Defendants and Third-Party Plaintiffs JPMorgan Chase & Co.,
JPMorgan Chase Bank, N.A., and The Bank of New York Mellon*

**MEMORANDUM OF LAW IN SUPPORT OF
JPMORGAN CHASE AND THE BANK OF NEW YORK
MELLON'S CROSS-MOTION FOR A DISCHARGE ORDER
AND RECOVERY OF ATTORNEYS' FEES AND EXPENSES**

Defendants and Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (together, "JPMorgan") and The Bank of New York Mellon ("BNY Mellon") (the "Cross-Moving Parties") submit this memorandum of law, together with the declaration of J. Kelley Nevling, Jr. executed on June 17, 2011 (the "Nevling Declaration"), in support of their motion that in the event and to the extent that this Court determines to award any of the JPM Phase 1 Assets or the BNYM Phase 1 Assets (using those terms as they are defined in the Nevling Declaration) to the plaintiffs or any of the third-party defendants in these proceedings, for the entry of a judgment in the form of Exhibit A to the Nevling Declaration, (1) discharging the Cross-Moving Parties from liability to other parties with respect to any of the JPM Phase 1 Asset or the BNYM Phase 1 Assets that may be awarded to any judgment creditor of the Islamic Republic of Iran, (2) making provision for the award to the Cross-Moving Parties of the reasonable attorneys' fees and disbursements incurred by them in connection with the third-party proceedings for interpleader relief that they have commenced in connection with these proceedings, as provided in Exhibit A, and (3) incorporating the other modifications made by Exhibit A.

ARGUMENT

I

**THIS COURT SHOULD ENTER AN ORDER
DISCHARGING THE CROSS-MOVING PARTIES FROM
LIABILITY TO ANY PERSON WITH RESPECT TO AMOUNTS
TURNED OVER TO SATISFY ANY JUDGMENT AGAINST IRAN**

The Cross-Moving Parties have commenced a number of interpleader actions against other judgment creditors of the Islamic Republic of Iran and various persons who were parties to or participants in the blocked wire transfers that give rise to the JPM Phase 1 Asset and the BNYM Phase 1 Assets. These actions were based on various provisions of federal and state law[1] including Rule 22 ("rule interpleader," authorizing the use of interpleader by a party exposed to a risk of "double or multiple liability"), 28 U.S.C. §§ 1335 and 2361 ("statutory interpleader," authorizing a court, in a case where there is minimal diversity among the interpleaded parties, to "discharge [the] plaintiff [in the interpleader action] from further liability," issue a permanent injunction "against instituting or prosecuting any other proceeding affecting the property at issue" and "make all appropriate orders to enforce its judgment"), N.Y. Banking Law § 134, subd. 6 ("In all actions against any bank . . . to recover for moneys on deposit therewith," court may join all potential claimants to the funds in question as "parties defendant thereto . . . [and] determine the rights and interests of the several parties . . . in and to such funds"); CPLR § 1006(f) (In an interpleader action, the "stakeholder may move for an order discharging him from liability in whole or in part to any party").

In interpleader proceedings that are properly commenced under these statutes, the courts routinely enter orders discharging the interpleading party from

---

[1] Under Rule 69, proceedings in aid of execution on a judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

2

liability at such time as the funds are awarded to the proper claimants. *See*, *e.g.*, *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953) (affirming a district court decision that "discharged the [interpleading party] from liability" in Rule 22 interpleader action). Such orders have been entered in interpleader actions brought in conjunction with turnover proceedings based on TRIA § 201(a) to enforce judgments against state sponsors of terrorism. *See*; *e.g.*, *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 541-42 (S.D.N.Y. 2010); *Weininger v. Castro*, 462 F. Supp. 2d 457, 503 (S.D.N.Y. 2006) (In action under TRIA § 201(a) to enforce a judgment against Cuba, a bank that brought a Rule 22 interpleader action was entitled to be "fully discharged . . . from any and all deposit obligations or other liabilities" to adverse claimants); *Daliberti v. J.P. Morgan Chase & Co.*, 02 Civ. 7642, 9773 and 10157 (JES), 2003 WL 340734 (S.D.N.Y. 2003) (In action based on TRIA § 201(a) to enforce a judgment against Iraq, Court "discharged [the interpleading bank] pursuant to CPLR § 5209 to the full extent permitted by law or equity . . . , from any and all obligations or liability to the Republic of Iraq . . . or to any other person, including the United States, with respect to the funds turned over pursuant hereto"). The final order entered in the *Weininger* case not only granted the bank stakeholder in that action, which was JPMorgan Chase Bank, N.A., a discharge from liability, but also "restrained and enjoined [the interpleaded defendants] from instituting or prosecuting any claim or action against JPM Chase . . . in any jurisdiction arising from or relating to any claim to the blocked assets" turned over to the plaintiffs. *Id*. at 503.

3

The Cross-Moving Parties have therefore established their right to a discharge order to the extent that any judgment creditors of the Islamic Republic of Iran are awarded any of the JPM Phase 1 Asset or the BNYM Phase 1 Assets.

## II

## THE CROSS-MOVING PARTIES ARE ENTITLED TO RECOVER THEIR COSTS AND ATTORNEYS' FEES INCURRED IN CONNECTION WITH THEIR INTERPLEADER ACTIONS

It is also well established that a party that institutes an interpleader action has the right to recover its costs and attorneys' fees. *See, e.g.*, *Septembertide Publishing, B.V. v. Stein & Day Publishing, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989) ("A disinterested stakeholder who asserts interpleader is entitled to be awarded costs and attorney's fees"); *A/S Krediit Pank v. Chase Manhattan Bank*, 303 F.2d 648, 649 (2d Cir. 1962) ("[A] defendant properly invoking interpleader is entitled to costs and attorneys' fees"); *Hausler*, 740 F. Supp. 2d at 452 ("Respondents [defendant banks in turnover proceeding to enforce a judgment against the Republic of Cuba by executing on blocked funds held by the banks] will be entitled to submit an application for reasonable attorneys' fees and costs"); *Weininger*, 462 F. Supp.2d 501-02 (In an action to enforce a judgment under TRIA § 201(a), bank that commenced third-party interpleader action was directed to submit an application for costs and attorneys' fees). The Court in *Weininger* observed that "[a]ttorneys' fees and costs are generally awarded to a disinterested stakeholder who has 'expended time and money participating in a dispute not of [its] own making." *Id*. at 501, quoting from *Fidelity Brokerage Services, LLC v. Bank of China*, 192 F. Supp. 2d 173, 183 (S.D.N.Y. 2002).

4

For these reasons the Cross-Moving Parties respectfully request that any judgment entered by the Court include the provisions for the determination of attorneys' fees that are set forth in paragraph 13 of the proposed modified judgment annexed as Exhibit A to the Nevling Declaration.

## Conclusion

For the reasons set forth above, it is respectfully submitted that any judgment entered by this Court that awards any of the JPM Phase 1 Asset or the BNYM Phase 1 Asset to any judgment creditor of the Islamic Republic of Iran should be in the form of the modified proposed judgment included as Exhibit A to the Nevling Declaration.

Dated: New York, New York
       June 17, 2011

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
    J. Kelley Nevling, Jr., Esq.
    1185 Avenue of the Americas, 17th Floor
    New York, NY 10036
    Tel. No. (212) 308-6100
    E-mail Address: knevling@llf-law.com

*Attorneys for Defendants and Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and The Bank of New York Mellon*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JEFFREY LEVIN and DR. LUCILLE LEVIN,          :     Civil Action No. 09 Civ. 5900
                                                    (RPP)
        Plaintiffs,                           :

       -against-                                   :

BANK OF NEW YORK, et al.,                     :

        Defendants.                           :
----------------------------------------------------------------x

AND RELATED THIRD-PARTY PROCEEDINGS          **DECLARATION OF SERVICE**
----------------------------------------------------------------x

        J. KELLEY NEVLING, JR. hereby declares under penalty of perjury as follows:

        1.    I am over eighteen years of age and am not a party to this action. I am a resident of the State of New York.

        2.    On June 17, 2011, I served the annexed Memorandum of Law in Support of JPMorgan Chase and The Bank of New York Mellon's Motion for a Discharge Order and Recovery of Attorneys' Fees and Expenses dated June 17, 2011, in unredacted form, upon the attorneys for the parties identified on the annexed service list by depositing true copies thereof, in sealed postpaid envelopes addressed to each of those attorneys at the address reflected on the annexed service list, into an official mail depositary under the custody of the United States Postal Service within the State of New York.

        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on June 17, 2011.

                                                _____
                                                 J. Kelley Nevling, Jr.

## SERVICE LIST

Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA 90017
Attention: Suzelle M. Smith, Esq.

Attorneys for Plaintiffs and Third-Party
Defendants Jeremy Levin and Dr. Lucille Levin

Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Attention: Curtis C. Mechling, Esq.

Attorneys for Third-Party Defendants Steven
M. Greenbaum, et al. and Carlos Acosta, et al.

DLA Piper LLP
6225 Smith Avenue
Baltimore, MD 21209
Attention: Richard M. Kremen, Esq.

Attorneys for Third-Party Defendants
Estate of Michael Heiser, et al.

Salon Marrow Dyckman Newman & Broudy LLP
292 Madison Avenue
New York, NY 10017
Attention: Liviu Vogel, Esq.

Attorneys for Third-Party Defendants
Deborah D. Peterson, et al.