UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :

        Plaintiffs,  :

    -against-  :

BANK OF NEW YORK, JPMORGAN  :
CHASE, SOCIETE GENERALE and
CITIBANK,  :

        Defendants.  :
-------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,  :

        Third-Party Plaintiffs,  :

    -against-  :

STEVEN M. GREENBAUM, et al.,  :

        Third-Party Defendants.  :
-------------------------------------------------------------x

THE BANK OF NEW YORK MELLON, et al.,  :

        Third-Party Plaintiffs,  :

    -against-  :

ESTATE OF MICHAEL HEISER, et al.,  :

        Third-Party Defendants.  :
-------------------------------------------------------------x

Case No. 09 Civ. 5900 (RPP)



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/29/11

[PROPOSED] ORDER
GOVERNING PRODUCTION
OF SUPPLEMENTAL
ACCOUNT INFORMATION
IN CONNECTION WITH
TURNOVER OF
ADDITIONAL ASSETS

    WHEREAS, the judgment creditors known in these proceedings as the Greenbaum, Acosta, and Heiser Judgment Creditors, and the Levin Plaintiffs (collectively, the "Judgment Creditors") seek supplemental information from defendants and third-party plaintiffs The Bank

-1-

of New York Mellon, JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., Citibank, N.A., and Societe Generale (collectively, the "Garnishee Banks") concerning certain assets held by the Garnishee Banks in addition to the assets previously identified herein as the "Phase One Assets;"

IT IS HEREBY ORDERED:

1. The Garnishee Banks shall, within fourteen (14) calendar days of the date of this Order, provide written disclosure to counsel for the Judgment Creditors of each and every Blocked Wire Transfer and/or Blocked Account totaling more than $5,000.00 that is held by each of the Garnishee Banks and not included in the Phase One Assets.[1] For each Blocked Wire Transfer identified, the Garnishee Banks shall provide the total amount of the transfer as well as the full name and address (if known) of the (a) originator, (b) originating bank, (c) beneficiary, (d) beneficiary bank, and (e) intermediary bank. For each Blocked Account identified, the Garnishee Banks shall provide the current balance of the account as well as the full name and address (if known) of the (a) account holder, (b) depositor, (c) beneficiary, (d) and/or any other relevant identifying information. Notwithstanding the foregoing, for any Blocked Wire Transfer or Blocked Account which is purportedly located outside of the United States, the Garnishee Banks shall only be required to disclose within fourteen (14) calendar days of the date of this Order, (i) the identity of the legal entity holding the Blocked Wire Transfer or Blocked Account, (ii) the country where the Garnishee Bank purports the Blocked Wire Transfer or Blocked

---

[1] For purpose of this Order, "Blocked Wire Transfers" and "Blocked Accounts" shall include any and all electronic funds transfers, wire transfers, or similar electronic transfer of monies, and accounts which have been blocked by the Garnishee Banks pursuant to, *inter alia*, regulations implemented by the Office of Foreign Assets Control, including, but not limited to, the Iranian Transactions Regulations, 31 C.F.R. Part 560, the Nonproliferation of Weapons of Mass Destruction and/or Specially Designated Global Terrorist Programs, and/or any other U.S. Governmental program or regulation, including but not limited to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), Executive Order 13382 of June 25, 2007, or any other proclamation, order, regulation, or license issued pursuant thereto, due to a nexus with Iran

-2-

Account is being held, and (iii) the applicable law(s) or regulation(s) (both United States and foreign) by which the Blocked Wire Transfer or Blocked Account is being blocked or frozen.

2. The Garnishee Banks shall, within fourteen (14) days of the date of this Order, provide written disclosure to counsel for the Judgment Creditors of (i) what, if any, third-party interpleader action has been filed by any of the Garnishee Banks with respect to the assets identified pursuant to paragraph 1 of this Order, as well as the status of such action(s), and (ii) any other notice provided by the Garnishee Banks to any of the entities and/or individuals identified pursuant to paragraph 1 as the originators, beneficiaries, originating banks, intermediary banks, beneficiary banks, account holders, depositors, and/or any other entity or individual.

3. Nothing in this Order shall preclude the Judgment Creditors from subsequently seeking supplemental discovery concerning these proceedings, including supplemental discovery related to any Blocked Wire Transfer or Blocked Account purportedly located outside of the United States.

SO ORDERED.

Dated: New York, New York
       June 28, 2011

United States District Judge