UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,

                    Plaintiffs,

           -against-

BANK OF NEW YORK, JPMORGAN
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK,

                   Defendants.

----------------------------------------------------------x

SOCIÉTÉ GÉNÉRALE,

           Defendant and
           Interpleader Plaintiff,

           -against-

██████████████████, STEVEN GREENBAUM, *et
al.*, CARLOS ACOSTA, *et al.*, THE ESTATE
OF MICHAEL HEISER, *et al.*, and
DEBORAH D. PETERSON, *et al.*,

           Interpleader Third-Party
           Defendants.

----------------------------------------------------------x

Case No. 09 Civ. 5900 (RPP)

(FILED PARTIALLY UNDER SEAL
DUE TO CONFIDENTIAL
INFORMATION PER ORDER DATED
JANUARY 21, 2010)

## GREENBAUM JUDGMENT CREDITORS' ANSWER TO SOCIÉTÉ GÉNÉRALE'S THIRD-PARTY COMPLAINT AND COUNTERCLAIMS

Third-Party Defendants Steven M. Greenbaum (sued individually and as administrator of

the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the

"Greenbaum Judgment Creditors"), by their undersigned attorneys, for their answer to Société

Générale's ("SoGen") Interpleader Complaint (the "Third-Party Complaint"), allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint.

<u>Jurisdiction and Venue</u>

2.      Paragraph 2 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum Judgment Creditors admit the allegations contained therein.

3.      Paragraph 3 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum Judgment Creditors admit the allegations contained therein.

<u>The Parties</u>

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third-Party Complaint.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third-Party Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third-Party Complaint.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third-Party Complaint.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third-Party Complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Complaint.

13.     Paragraph 13 requires no response.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third-Party Complaint.

15.     Admit the allegations contained in Paragraph 15 of the Third-Party Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Third-Party Complaint.

19.     Paragraph 19 requires no response.

<u>The Accounts</u>

20.     Admit, upon information and belief, the allegations contained in Paragraph 20 of the Third-Party Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third-Party Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third-Party Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third-Party Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third-Party Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third-Party Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint.

<u>The Dispute</u>

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third-Party Complaint, except admit that the Greenbaum Judgment Creditors, as judgment creditors of the Islamic Republic of Iran ("Iran"), have asserted claims that they are entitled to certain funds in SoGen's possession, custody or control that have been blocked pursuant to federal regulations and in which Iran and/or certain agencies and instrumentalities of Iran possess an interest (the "SoGen Blocked Assets").

29.     Paragraph 29 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum Judgment Creditors deny the allegations contained therein.

30.     Paragraph 30 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum Judgment Creditors deny the allegations contained therein.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint.

<u>First Claim for Relief</u>

33.     Paragraph 33 of the Third-Party Complaint repeats and realleges each and every allegation set forth in Paragraphs 1 through 32 of the Third-Party Complaint, and hence no response is required.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Complaint, except admit that the Greenbaum Judgment Creditors claim a priority interest in the SoGen Blocked Assets that supersedes all other interests therein of other parties to these proceedings.

35.     Paragraph 35 of the Third-Party Complaint states conclusions of law as to which no response is required.

36.     Paragraph 36 of the Third-Party Complaint states conclusions of law as to which no response is required.

<u>Second Claim for Relief</u>

37.     Paragraph 37 of the Third-Party Complaint repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 of the Third-Party Complaint, and hence no response is required.

38.     Paragraph 38 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Greenbaum Judgment Creditors aver that the language of CPLR § 5239 speaks for itself.

39.     Paragraph 39 of the Third-Party Complaint states conclusions of law as to which no response is required.

AFFIRMATIVE DEFENSES

40.     The Greenbaum Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

COUNTERCLAIMS

41.     By and for their Counterclaims against Third-Party Plaintiff SoGen in these proceedings, the Greenbaum Judgment Creditors allege as follows:

Parties

42.     The Greenbaum Judgment Creditors are judgment creditors in a case entitled Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et al., Civil Action No. 02-2148 (RCL) (D.D.C.).

43.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant SoGen is a French banking institution that has an office and a branch in the County and State of New York.

Jurisdiction and Venue

44.     This Court has subject matter jurisdiction over the claims sets forth herein pursuant to 28 U.S.C. § 1331, because they arise under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1601 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction,

since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. § 1331 and 1963.

45.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district.  Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

Allegations Common to All Counterclaims

46.     The Greenbaum Judgment Creditors hold a judgment entered pursuant to 28 U.S.C. § 1605(a)(7) in the amount of $19,879,023.00 (the "Judgment") against judgment debtors Iran and the Iranian Ministry of Information and Security ("MOIS").  The Judgment arises from the August 9, 2001 terrorist suicide bombing in Jerusalem, Israel.  The attack, which was sponsored by Iran and MOIS, left fifteen people dead, including Judith Greenbaum, a pregnant American woman, and wounded more than one hundred thirty others.  The Judgment was registered in the Southern District of New York on December 10, 2008, and a transcript docketed in the New York County Clerk's Office on December 17, 2008.

47.     On February 8, 2011, the Greenbaum Judgment Creditors obtained an order pursuant to 28 U.S.C. § 1610(c) from Judge Barbara S. Jones of this Court directing the Clerk of Court to issue writs of execution pursuant to 28 U.S.C. § 1610(c) with respect to property of Iran held in this district by SoGen.

48.     On February 9, 2011, the Greenbaum Judgment Creditors obtained a writ of execution from the Clerk of Court and delivered the writ that day to the United States Marshal

for the Southern District of New York for service upon SoGen, which service was completed by the United States Marshal on February 17, 2011.

49.     On April 15, 2010, the Greenbaum Judgment Creditors filed an answer to the third-party complaint of The Bank of New York Mellon, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., SoGen, and Citibank, N.A. (collectively, the "Defendant Banks") that was filed in Phase One of these proceedings (the "Phase One Third-Party Complaint"). In their answer to the Phase One Third-Party Complaint, the Greenbaum Judgment Creditors counterclaimed for the turnover of blocked assets and other property in the Defendant Banks' possession that belonged to, was owed to, or held for the benefit of Iran and/or any of its agencies or instrumentalities. On March 7, 2011, the Greenbaum Judgment Creditors filed amended counterclaims seeking substantially the same relief, including the turnover of the SoGen Blocked Assets.

50.     By Order Dated January 20, 2011, and later modified on March 4, 2011, the Court granted the Greenbaum Judgment Creditors' and the Acosta Judgment Creditors' joint cross-motion for partial summary judgment and turnover with respect to certain of the blocked assets held by the Defendant Banks that had been designated for inclusion in Phase One of these proceedings.

51.     By Order and Judgment dated June 21, 2011, the Court granted the joint motion for summary judgment of the Levin plaintiffs and the Greenbaum, Acosta and Heiser Judgment Creditors (collectively, the "Cooperating Judgment Creditors"), which Order disposed of the remainder of the blocked assets that had been designated for inclusion in Phase One of these proceedings (the "Phase One Blocked Assets) by directing that all Phase One Blocked Assets be turned over by the Defendant Banks to the Cooperating Judgment Creditors. Accordingly, SoGen turned over the Phase One Blocked Assets in its possession (the "SoGen Phase One

Assets") to the United States Marshal for delivery to the Cooperating Judgment Creditors in July 2011.

52.    On September 16, 2011, the Court entered an Order authorizing the Defendant Banks, including SoGen, to file and serve additional third-party complaints with respect to additional blocked assets in their possession, custody or control that had been designated for inclusion in Phase Two of these Proceedings. Pursuant to the Court's September 16th Order, SoGen filed and served the Third-Party Complaint.

53.    The Third-Party Complaint alleges that Third-Party Plaintiff and Counterclaim Defendant SoGen remains in possession of several blocked assets. Upon information and belief, these blocked assets belong to, are owed to, or are held for the benefit of Iran and/or certain of its agencies or instrumentalities and on such basis have been designated for inclusion in Phase Two of these Proceedings (the "SoGen Phase Two Assets").

54.    By reason of the foregoing and by virtue of having properly obtained a writ of execution and levied such writ against the SoGen Blocked Assets, and having timely perfected such levy by the filing of counterclaims to the Phase One Third-Party Complaint for the turnover of the SoGen Blocked Assets, the Greenbaum Judgment Creditors secured a priority interest in such assets, including, but not limited to, the SoGen Phase Two Assets, that supersedes any and all other claims thereto by other parties to these proceedings.

<u>First Counterclaim</u>

55.    The Greenbaum Judgment Creditors repeat and reallege paragraphs 42 through 54 as if fully set forth herein.

56.    The Greenbaum Judgment Creditors are judgment creditors of Iran and MOIS.

57.     Pursuant to 28 U.S.C. § 1610, the Greenbaum Judgment Creditors are entitled to enforce their judgment against all assets located in the United States in which Iran and MOIS have an interest.

58.     Upon information and belief, Counterclaim Defendant SoGen holds such assets, including, but not necessarily limited to, the SoGen Phase Two Assets.

59.     The Greenbaum Judgment Creditors possess a priority interest in and claims and rights to the SoGen Blocked Assets, including, but not limited to, the SoGen Phase Two Assets, that supersedes the claimed interests therein of all other parties to these proceedings.

60.     By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605, 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Greenbaum Judgment Creditors are entitled to a turnover of the SoGen Phase Two Assets and/or any other personal and, if applicable, real property belonging to, owed to, or held for the benefit of Iran and/or MOIS, or in which Iran and/or MOIS possess an interest, with a value of or otherwise not exceeding, $19,879,023.00, plus post-judgment interest, from Counterclaim Defendant SoGen in satisfaction of their Judgment.

<u>Second Counterclaim</u>

61.     The Greenbaum Judgment Creditors repeat and reallege paragraphs 42 through 54 as if fully set forth herein.

62.     Section 201 of TRIA provides in relevant part that:

> Notwithstanding any other provision of law ... in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

-10-

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

63.     The Greenbaum Judgment Creditors obtained their Judgment on a claim for which Iran was not immune pursuant to 28 U.S.C. § 1605(a)(7).

64.     Iran is, and was at the time of the attack that that took Ms. Greenbaum's life, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA.  Greenbaum v. Islamic Republic of Iran, 451 F. Supp. 2d 90, 101 (D.D.C. 2006) (citing 31 C.F.R. § 596.201 (2001)).  The same is true of MOIS.  "As to defendant MOIS, it is treated as the state of Iran itself, and thus the same determinations apply to its conduct."  Id.

65.     Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

66.     Counterclaim Defendant SoGen is in possession of blocked funds belonging or owing to or held for the benefit of Iran and/or its agencies and instrumentalities, including, but not limited to, the SoGen Phase Two Assets.

67.     The Greenbaum Judgment Creditors possess a priority interest in and claims and rights to the SoGen Blocked Assets, including, but not limited to, the SoGen Phase Two Assets, that supersedes the claimed interests therein of all other parties to these proceedings.

68.     By reason of the foregoing and pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, the Greenbaum Judgment Creditors are therefore entitled to an order and judgment conveying, assigning and directing the turnover by Counterclaim Defendant SoGen to the Greenbaum Judgment Creditors of all blocked assets in their possession, custody or control that are owed to or held for the benefit of Iran, MOIS and/or any agency or instrumentality of Iran, or in which any such entity possesses an interest, including, but not

limited to, the SoGen Phase Two Assets, with a value of or otherwise not exceeding $19,879,023.00, plus post-judgment interest, in satisfaction of their Judgment.

WHEREFORE, the Greenbaum Judgment Creditors respectfully demand judgment against Counterclaim Defendant SoGen:

(i) on the First Counterclaim, requiring SoGen to turn over the SoGen Phase Two Assets, along with any other property, funds or assets in its possession in which Iran and/or MOIS possess an interest, with a value of, or otherwise not exceeding, $19,879,023.00, plus post-judgment interest, to the Greenbaum Judgment Creditors in satisfaction of their Judgment;

(ii) on the Second Counterclaim, ordering the conveyance and assignment and directing the turnover to the Greenbaum Judgment Creditors of all blocked assets in SoGen's possession, custody or control that are owed to or held for the benefit of Iran, MOIS and/or any agency or instrumentality of Iran, or in which any such entity possesses an interest, including, but not limited to, the SoGen Phase Two Assets, with a value of or in an amount otherwise not exceeding $19,879,023.00, plus post-judgment interest, in satisfaction of their Judgment;

(iii) awarding the Greenbaum Judgment Creditors the costs and disbursements of this action; and

(iv) awarding such other and further relief as the Court finds just and proper.

Dated: New York, New York
      October 11, 2011

STROOCK & STROOCK & LAVAN LLP

By:      /s/
        Curtis C. Mechling
        James L. Bernard
        Benjamin Weathers-Lowin
        180 Maiden Lane
        New York, New York 10038
        (212) 806-5400
        *Attorneys for the Greenbaum*
        *Judgment Creditors*