UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE LEVIN,

      Plaintiffs,     Case No. 09 Civ. 5900 (RPP)

  -against-        (FILED PARTIALLY UNDER SEAL
             DUE TO CONFIDENTIAL
BANK OF NEW YORK, JPMORGAN   INFORMATION PER ORDER DATED
CHASE, SOCIÉTÉ GÉNÉRALE and    JANUARY 21, 2010)
CITIBANK,

      Defendants.
----------------------------------------------------------------x
SOCIÉTÉ GÉNÉRALE,

    Defendant and
    Interpleader Plaintiff,

  -against-

████████████████████████████

████████████████████████████, STEVEN GREENBAUM, *et al.*, CARLOS ACOSTA, *et al.*, THE ESTATE OF MICHAEL HEISER, *et al.*, and DEBORAH D. PETERSON, *et al.*,

    Interpleader Third-Party
    Defendants.

----------------------------------------------------------------x

**ACOSTA JUDGMENT CREDITORS' ANSWER TO SOCIÉTÉ GÉNÉRALE'S
THIRD-PARTY COMPLAINT AND COUNTERCLAIMS**

  Third-Party Defendants Carlos Acosta, Maria Acosta, Tova Ettinger, Irving Franklin (on his own behalf and as Administrator of the Estate of the late Irma Franklin), Baruch Kahane, Libby Kahane, Ethel J. Griffin (as Administratrix of the Estate of the late Binyamin Kahane), Norman Kahane (on his own behalf and as Executor of the Estate of the late Sonia Kahane), and

Ciporah Kaplan (collectively, the "Acosta Judgment Creditors"), by their undersigned attorneys, for their answer to Société Générale's ("SoGen") Interpleader Complaint (the "Third-Party Complaint"), allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Third-Party Complaint.

## Jurisdiction and Venue

2. Paragraph 2 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Acosta Judgment Creditors admit the allegations contained therein.

3. Paragraph 3 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Acosta Judgment Creditors admit the allegations contained therein.

## The Parties

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Third-Party Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Third-Party Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Third-Party Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third-Party Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third-Party Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third-Party Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Complaint.

13. Paragraph 13 requires no response.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third-Party Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Third-Party Complaint.

16. Admit the allegations contained in Paragraph 16 of the Third-Party Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Third-Party Complaint.

19. Paragraph 19 requires no response.

### The Accounts

20. Admit, upon information and belief, the allegations contained in Paragraph 20 of the Third-Party Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third-Party Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third-Party Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third-Party Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third-Party Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third-Party Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint.

## The Dispute

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third-Party Complaint, except admit that the Acosta Judgment Creditors, as judgment creditors of the Islamic Republic of Iran ("Iran"), have asserted claims that they are entitled to certain funds in SoGen's possession, custody or control that have been blocked pursuant to federal regulations and in which Iran and/or certain agencies and instrumentalities of Iran possess an interest (the "SoGen Blocked Assets").

29. Paragraph 29 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Acosta Judgment Creditors deny the allegations contained therein.

30. Paragraph 30 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Acosta Judgment Creditors deny the allegations contained therein.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint.

### First Claim for Relief

33. Paragraph 33 of the Third-Party Complaint repeats and realleges each and every allegation set forth in Paragraphs 1 through 32 of the Third-Party Complaint, and hence no response is required.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Complaint, except admit that the Acosta Judgment Creditors claim a priority interest in the SoGen Blocked Assets that supersedes all other interests therein of other parties to these proceedings.

35. Paragraph 35 of the Third-Party Complaint states conclusions of law as to which no response is required.

36. Paragraph 36 of the Third-Party Complaint states conclusions of law as to which no response is required.

### Second Claim for Relief

37. Paragraph 37 of the Third-Party Complaint repeats and realleges each and every allegation set forth in Paragraphs 1 through 36 of the Third-Party Complaint, and hence no response is required.

38.     Paragraph 38 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Acosta Judgment Creditors aver that the language of CPLR § 5239 speaks for itself.

39.     Paragraph 39 of the Third-Party Complaint states conclusions of law as to which no response is required.

## AFFIRMATIVE DEFENSES

40.     The Acosta Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

## COUNTERCLAIMS

41.     By and for their Counterclaims against Third-Party Plaintiff SoGen in these proceedings, the Acosta Judgment Creditors allege as follows:

### Parties

42.     The Acosta Judgment Creditors are judgment creditors in a case entitled Acosta, et al. v. Islamic Republic of Iran, et al., Civil Action No. 06-745 (RCL) (D.D.C.).

43.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant SoGen is a French banking institution that has an office and a branch in the County and State of New York.

### Jurisdiction and Venue

44.     This Court has subject matter jurisdiction over the claims sets forth herein pursuant to 28 U.S.C. § 1331, because they arise under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1601 *et seq.* (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover

Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. § 1331 and 1963.

45.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

## Allegations Common to All Counterclaims

46.    The Acosta Judgment Creditors hold a judgment entered pursuant to 28 U.S.C. § 1605A in the amount of $350,172,000.00 (the "Judgment") against judgment debtors Iran and the Iranian Ministry of Information and Security ("MOIS"). The Judgment arises from the assassination of Rabbi Meier Kahane and the shooting of Irving Franklin and U.S. Postal Police Officer Carlos Acosta on November 5, 1990, in New York. Rabbi Meier Kahane was killed and Irving Franklin and Carlos Acosta were seriously wounded by El Sayyid Nosair. Nosair was and is a member of Al-Gam'aa Islamiyah, a terrorist organization headed by Sheik Omar Ahmad Ali Abdel Rahman and sponsored by Iran and MOIS.

47.    The Acosta Judgment Creditors registered the Judgment in the Southern District of New York on December 1, 2008, and a transcript was docketed in the New York County Clerk's Office on December 24, 2008.

48. On January 3, 2011, the Acosta Judgment Creditors obtained an order pursuant to 28 U.S.C. § 1610(c) from Judge Barbara S. Jones of this Court directing the Clerk of Court to issue writs of execution pursuant to 28 U.S.C. § 1610(c) with respect to property of Iran held in this district by SoGen.

49. On January 4, 2011, the Acosta Judgment Creditors obtained a writ of execution from the Clerk of Court, which they delivered to the United States Marshal for the Southern District of New York on January 6, 2011 for service upon SoGen, which service was completed by the United States Marshal on January 21, 2011.

50. On April 15, 2010, the Acosta Judgment Creditors filed an answer to the third-party complaint of The Bank of New York Mellon, JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., SoGen, and Citibank, N.A. (collectively, the "Defendant Banks") that was filed in Phase One of these proceedings (the "Phase One Third-Party Complaint"). In their answer to the Phase One Third-Party Complaint, the Acosta Judgment Creditors counterclaimed for the turnover of blocked assets and other property in the Defendant Banks' possession that belonged to, was owed to, or held for the benefit of Iran and/or any of its agencies or instrumentalities. On March 7, 2011, the Acosta Judgment Creditors filed amended counterclaims seeking substantially the same relief, including the turnover of the SoGen Blocked Assets.

51. By Order Dated January 20, 2011, and later modified on March 4, 2011, the Court granted the Greenbaum Judgment Creditors' and the Acosta Judgment Creditors' joint cross-motion for partial summary judgment and turnover with respect to certain of the blocked assets held by the Defendant Banks that had been designated for inclusion in Phase One of these proceedings.

52. By Order and Judgment dated June 21, 2011, the Court granted the joint motion for summary judgment of the Levin plaintiffs and the Greenbaum, Acosta and Heiser Judgment

Creditors (collectively, the "Cooperating Judgment Creditors"), which Order disposed of the remainder of the blocked assets that had been designated for inclusion in Phase One of these proceedings (the "Phase One Blocked Assets) by directing that all Phase One Blocked Assets be turned over by the Defendant Banks to the Cooperating Judgment Creditors. Accordingly, SoGen turned over the Phase One Blocked Assets in its possession (the "SoGen Phase One Assets") to the United States Marshal for delivery to the Cooperating Judgment Creditors in July 2011.

53.     On September 16, 2011, the Court entered an Order authorizing the Defendant Banks, including SoGen, to file and serve additional third-party complaints with respect to additional blocked assets in their possession, custody or control that had been designated for inclusion in Phase Two of these Proceedings. Pursuant to the Court's September 16th Order, SoGen filed and served the Third-Party Complaint.

54.     The Third-Party Complaint alleges that Third-Party Plaintiff and Counterclaim Defendant SoGen remains in possession of several blocked assets. Upon information and belief, these blocked assets belong to, are owed to, or are held for the benefit of Iran and/or certain of its agencies or instrumentalities and on such basis have been designated for inclusion in Phase Two of these Proceedings (the "SoGen Phase Two Assets").

55.     By reason of the foregoing and by virtue of having been the first in time to properly obtain a writ of execution and levy it against the SoGen Blocked Assets, and having timely perfected such levy by the filing of counterclaims to the Phase One Third-Party Complaint for the turnover of the SoGen Blocked Assets, the Acosta Judgment Creditors secured a priority interest in such assets, including, but not limited to, the SoGen Phase Two Assets, that supersedes any and all other claims thereto by other parties to these proceedings.

### First Counterclaim

56. The Acosta Judgment Creditors repeat and reallege paragraphs 42 through 55 as if fully set forth herein.

57. The Acosta Judgment Creditors are judgment creditors of Iran and MOIS.

58. Pursuant to 28 U.S.C. § 1610, the Acosta Judgment Creditors are entitled to enforce their judgment against all assets located in the United States in which Iran and MOIS have an interest, whether direct or indirect.

59. Upon information and belief, Counterclaim Defendant SoGen holds such assets, including, but not necessarily limited to, the SoGen Phase Two Assets.

60. The Acosta Judgment Creditors possess a priority interest in and claims and rights to the SoGen Blocked Assets, including, but not limited to, the SoGen Phase Two Assets, that supersedes the claimed interests therein of all other parties to these proceedings.

61. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Acosta Judgment Creditors are entitled to a turnover of the SoGen Phase Two Assets and/or any other personal and, if applicable, real property belonging to, owed to, or held for the benefit of Iran and/or MOIS, or in which Iran and/or MOIS possess an interest, whether direct or indirect, with a value of or otherwise not exceeding, $350,172,000.00, plus post-judgment interest, from Counterclaim Defendant SoGen in satisfaction of their Judgment.

### Second Counterclaim

62. The Acosta Judgment Creditors repeat and reallege paragraphs 42 through 55 as if fully set forth herein.

63. Section 201 of TRIA provides in relevant part that:

> Notwithstanding any other provision of law ... in every case in
> which a person has obtained a judgment against a terrorist party on

> a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

64. The Acosta Judgment Creditors obtained their Judgment on a claim for which Iran was not immune pursuant to 28 U.S.C. § 1605A, the statutory successor to § 1605(a)(7).

65. Iran is, and was at the time of the attack that took Rabbi Meier Kahane's life and wounded Messrs. Franklin and Acosta, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA. Acosta v. Islamic Republic of Iran, 574 F.Supp.2d 15, 25 (citing 31 C.F.R. § 596.201 (2001)). The same is true of MOIS, which is treated as the state of Iran itself rather than its agent. Accordingly, the same determinations apply to the conduct of MOIS. Id.

66. Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

67. Counterclaim Defendant SoGen is in possession of blocked funds belonging or owing to or held for the benefit of Iran and/or its agencies and instrumentalities, including, but not limited to, the SoGen Phase Two Assets.

68. The Acosta Judgment Creditors possess a priority interest in and claims and rights to the SoGen Blocked Assets, including, but not limited to, the SoGen Phase Two Assets, that supersedes the claimed interests therein of all other parties to these proceedings.

69. By reason of the foregoing and pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, the Acosta Judgment Creditors are therefore entitled to an

order and judgment conveying, assigning and directing the turnover by Counterclaim Defendant SoGen to the Acosta Judgment Creditors of all blocked assets in their possession, custody or control that are owed to or held for the benefit of Iran, MOIS and/or any agency or instrumentality of Iran, or in which any such entity possesses an interest, whether direct or indirect, including, but not limited to, the SoGen Phase Two Assets, with a value of or otherwise not exceeding $50,172,000.00, plus post-judgment interest, in satisfaction of their Judgment.

WHEREFORE, the Acosta Judgment Creditors respectfully demand judgment against Counterclaim Defendant SoGen:

(i) on the First Counterclaim, requiring SoGen to turn over the SoGen Phase Two Assets, along with any other property, funds or assets in its possession in which Iran and/or MOIS possess an interest, whether direct or indirect, with a value of, or otherwise not exceeding, $350,172,000.00, plus post-judgment interest, to the Acosta Judgment Creditors in satisfaction of their Judgment;

(ii) on the Second Counterclaim, ordering the conveyance and assignment and directing the turnover to the Acosta Judgment Creditors of all blocked assets in SoGen's possession, custody or control that are owed to or held for the benefit of Iran, MOIS and/or any agency or instrumentality of Iran, or in which any such entity possesses an interest, whether direct or indirect, including, but not limited to, the SoGen Phase Two Assets, with a value of or in an amount otherwise not exceeding $50,172,000.00, plus post-judgment interest, in satisfaction of their Judgment;

(iii) awarding the Acosta Judgment Creditors the costs and disbursements of this action; and

(iv) awarding such other and further relief as the Court finds just and proper.

Dated: New York, New York                           STROOCK & STROOCK & LAVAN LLP
October 11, 2011

By:    /s/
       Curtis C. Mechling
       James L. Bernard
       Benjamin Weathers-Lowin
       180 Maiden Lane
       New York, New York 10038
       (212) 806-5400
       *Attorneys for the Acosta*
       *Judgment Creditors*