UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE
LEVIN,

              Plaintiffs,
      -against-

BANK OF NEW YORK, JPMORGAN
CHASE, SOCIETE GENERALE and
CITIBANK

              Defendants
      -against-
-------------------------------------------------------x
JAMES OWENS, GARY ROBERT
OWENS, BARBARA GOFF, FRANK B.
PRESSLEY, JR., YASEMIN B.
PRESSLEY, DAVID A. PRESSLEY,
THOMAS C. PRESSLEY, MICHAEL F.
PRESSLEY, BERK F. PRESSLEY, JON B.
PRESSLEY, MARC Y. PRESSLEY,
SUNDUS BUYUK, MONTINE BOWEN,
FRANK PRESSLEY, SR., BAHAR
BUYUK, SERPIL BUYUK, TULAY
BUYUK, AHMET BUYUK, DOROTHY
WILLARD, ELLEN MARIE BOMER,
DONALD BOMER, MICHAEL JAMES
CORMIER, ANDREW JOHN WILLIAM
CORMIER, ALEXANDER RAIN
CORMIER, PATRICIA FEORE, CYLDE
M. HIRN, ALICE M. HIRN, PATRICIA K.
FAST, INEZ P. HIRN, JOYCE REED,
WORLEY LEE REED, CHERYL L.
BLOOD, BRET W. REED, RUTH ANN
WHITESIDE, LORIE GULICK, PAM
WILLIAMS, FLOSSIE VARNEY, LINDA
JANE WHITESIDE LESLIE, LYDIA
SPARKS, HOWARD SPARKS, TABITHA
CARTER, HOWARD SPARKS, JR.,
MICHAEL RAY SPARKS, GARY O.
SPIERS, VICTORIA Q. SPIERS,
VICTORIA J. SPIERS, JULITA A.
QUALICIO, RIZWAN KHALIQ, JENNY
CHRISTINA LOVBLOM., JUDITH
ABASI MWILA (Personal Representative

              Civil Action No. 09 Civ. 5900 (RPP)

of the Estate of Abbas William Mwila), WILLIAM ABASI MWILA, EDINA ABASI MWILA, HAPINESS ABASI MWILA, DONTE AKILI MWAIPAPE, DONTI AKILI MWAIPAPE, VICTORIA DONTI MWAIPAPE, ELISHA DONTI MWAIPAPE, JOSEPH DONTI MWAIPAPE, DEBORA DONTI MWAIPAPE, NKO DONTI MWAIPAPE, MONICA AKILI, AKILIMUSUPAPE, VALENTINE MATHEW KATUNDA, ABELLA VALENTINE KATUNDA, VENTA VALENTINE MATHEW KATUNDA, DESIDERY VALENTINE MATHEW KATUNDA, VEIDIANA VALENTINE KATUNDA, DIANA VALENTINE KATUNDA, EDWINE VALENTINE MATHEW KATUNDA, ANGELINA METHEW FELIX, EDWARD MATHEW RUTAHESHELWA, ELIZABETH MATHEW RUTAHESHELWA, ANGELINA MATHEW RUTAHESHELWA, HAPPINESS MATHEW RUTAHESHELWA, ERIC MATHEW RUTAHESHELWA, ENOC MATHEW RUTAHESHELWA, ANGELINA MATHEW-FERIX, MATHEW FERIX, SAMUEL THOMAS MARCUS, CECILIA SAMUEL MARCUS, CORONELLA SAMUEL MARCUS, HANUNI RAMADHANI NDANGE  (personal Representative of the Estate of Yusuf Shamte Ndange),  ABDU YUSUPH SHAMTE NDANGE, JUMA YUSUPH SHAMTE NDANGE, MWAJABU YUSUPH SHAMTE NDANGE, ALLI KINDAMBA NG'OMBE. PAULINA MBWANILWA NG'OMBE, MOHAMED ALLI NG'OMBE, KINDAMBA ALLI NG'OMBE, SHABANI SAIDI MTULYA (Personal Representative of the Estate of Mtendeje Rajabu Mtuyla), ABDUL SHABANI MTUYLA, SAIDI SHABANI MTUYLA, ADABETH SAID NANG'OKO (Personal Representative of the Estate of

Rogath Saidi Saidi), VERONICA ALOIS SAIDI, JOHN ROGATH SAIDI, DANIEL ROGATH SAIDI, SELINA ROGATH SAIDI, IDIFONCE ROGATH SAIDI, AISHA MAWAZO, KULWA RAMADHANI (Personal Representative of the Estate of Dotio Ramadhani), KASSIM RAMADHANI, RENEMA RAMADHANI, UPEMDO RAMADHANI, MAJALIWA RAMADHANI,   and WENGO RAMADHANI.
   Third-Party Defendants
------------------------------------------------------x

**OWENS THIRD-PARTY DEFENDANTS' ANSWER TO THIRD-PARTY COMPLAINT ALLEGING CLAIMS IN THE NATURE OF THE CITIBANK INTERPLEADER WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S SEPTEMBER 16, 2011 ORDER**

Third-Party Defendants James Owens, Gary Robert Owens, Barbara Goff, Frank B. Pressley, Jr., Yasemin B. Pressley, David A. Pressley, Thomas C. Pressley, Michael F. Pressley, Berk F. Pressley, Jon B. Pressley, Marc Y. Pressley, Sundus Buyuk, Montine Bowen, Frank Pressley, Sr., Bahar Buyuk, Serpil Buyuk, Tulay Buyuk, Ahmet Buyuk, Dorothy Willard, Ellen Marie Bomer, Donald Bomer, Michael James Cormier, Andrew John William Cormier, Alexander Rain Cormier, Patricia Feore, Cylde M. Hirn, Alice M. Hirn, Patricia K. Fast, Inez P. Hirn, Joyce Reed, Worley Lee Reed, Cheryl L. Blood, Bret W. Reed, Ruth Ann Whiteside, Lorie Gulick, Pam Williams, Flossie Varney, Linda Jane Whiteside Leslie, Lydia Sparks, Howard Sparks, Tabitha Carter, Howard Sparks, Jr., Michael Ray Sparks, Gary O. Spiers, Victoria Q. Spiers, Victoria J. Spiers, Julita A. Qualicio, Judith Abasi Mwila (Personal Representative of the Estate of Abbas William Mwila), William Abasi Mwila, Edina Abasi Mwila, Hapiness Abasi Mwila, Donte Akili Mwaipape, Donti Akili Mwaipape, Victoria Donti Mwaipape, Elisha Donti Mwaipape, Joseph Donti Mwaipape, Debora Donti Mwaipape, Nko Donti Mwaipape, Monica Akili, Akilimusupape, Valentine Mathew Katunda, Abella Valentine Katunda, Venta Valentine Mathew Katunda, Desidery Valentine Mathew Katunda, Veidiana Valentine Katunda, Diana Valentine Katunda, Edwine Valentine Mathew Katunda, Angelina Methew Felix, Edward Mathew Rutaheshelwa, Elizabeth Mathew Rutaheshelwa, Angelina Mathew Rutaheshelwa, Happiness Mathew Rutaheshelwa, Eric Mathew Rutaheshelwa, Enoc Mathew Rutaheshelwa, Angelina Mathew-Ferix, Mathew Ferix, Samuel Thomas Marcus, Cecilia Samuel Marcus, Coronella Samuel Marcus, Hanuni Ramadhani Ndange  (Personal Representative of the Estate of

4

Yusuf Shamte Ndange),  Abdu Yusuph Shamte Ndange, Juma Yusuph Shamte Ndange, Mwajabu Yusuph Shamte Ndange, Alli Kindamba Ng'ombe. Paulina Mbwanilwa Ng'ombe, Mohamed Alli Ng'ombe, Kindamba Alli Ng'ombe, Shabani Saidi Mtulya (Personal Representative of the Estate of Mtendeje Rajabu Mtuyla), Abdul Shabani Mtuyla, Saidi Shabani Mtuyla, Adabeth Said Nang'oko  (Personal Representative of the Estate of Rogath Saidi Saidi), Veronica Alois Saidi, John Rogath Saidi, Daniel Rogath Saidi, Selina Rogath Saidi, Idifonce Rogath Saidi, Aisha Mawazo, Kulwa Ramadhani (Personal Representative of the Estate o Dotio Ramadhani), Kassim Ramadhani, Renema Ramadhani, Upemdo Ramadhani, Majaliwa Ramadhani, Wengo Ramadhani, Rizwan Khaliq and Jenny Christina Lovblom, (collectively the "Owens Third-Party Defendants") by their undersigned attorneys, for their answer to the Third-Party Petition Alleging Claims in the Nature of Interpleader against Citibank allege as follows:

Nature of Proceedings

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint.

Jurisdiction and Venue

4. Paragraph 4 of the Third-Party Complaint states conclusions of law to which no response is required, and to the extent a response is required, the Owens Third-Party Defendants deny the allegations.

5. Paragraph 5 of the Third-Party Complaint states conclusions of law to which no response is required, and to the extent a response is required, the Owens Third-Party Defendants deny the allegations.

## The Third-Party Plaintiff

6. Paragraph 6 of the Third-Party Complaint requires no responsive pleading. To the extent a response is required, the Owens Third-Party Defendants deny the allegations.

## The Third-Party Defendants

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

8. Admit based on information and belief the allegations contained in paragraph 8 of the Third-Party Complaint.

9. Admit the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Admit the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Admit the allegations contained in paragraph 11 of the Third-Party Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint.

<u>The Turnover Proceeding</u>

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint.

<u>Phase One of the Turnover Proceeding</u>

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint.

<u>Phase Two of the Turnover Proceeding</u>

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint.

33. Admit based on information and belief the allegations contained in paragraph 33 of the Third-Party Complaint.

34. Admit based on information and belief the allegations contained in paragraph 34 of the Third-Party Complaint.

35. Admit based on information and belief the allegations contained in paragraph 35 of the Third-Party Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third-Party Complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third-Party Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third-Party Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Third-Party Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Third-Party Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Third-Party Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Third-Party Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third-Party Complaint.

<u>For the Claims of Citibank in the Nature of Interpleader</u>

<u>First Claim for Relief</u>

46. The Owens Third-Party Defendants repeat and reallege each and every response contained in paragraphs 1 through 45 as if fully set forth herein.

47. Paragraph 47 of the Third-Party Petition states a conclusion of law to which no response is required, and to the extent a response is required, the Owens Third-Party Defendants deny the allegations.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Third-Party Petition.

## Second Claim for Relief

49. The Owens Third-Party Defendants repeat and reallege each and every response contained in paragraphs 1 through 48 as if fully set forth herein.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Third-Party Petition.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Third-Party Petition.

52. Paragraph 52 of the Third-Party Petition states a conclusion of law to which no response is required, and to the extent a response is required, the Owens Third-Party Defendants deny the allegations.

## Third Claim for Relief

53. The Owens Third-Party Defendants repeat and reallege each and every response contained in paragraphs 1 through 52 as if fully set forth herein.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Third-Party Petition.

AFFIRMATIVE DEFENSES

55. The Owens Third-Party Defendants reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

Date: October 11, 2011								Respectfully submitted,

*/s/ Annie P. Kaplan, Esq.*
**Annie P. Kaplan, Esq.**
**NY Bar No. APK2222**
**Fay Kaplan Law, PA**
**777 Sixth Street, NW**
**Suite 410**
**Washington, DC 20001**
**(202)-589-1300**
**Fax: (202)-589-1721**
**Email: annie.kaplan@gmail.com**