UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | Case No. 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK, | : : | |
| Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| SOCIETE GENERALE | : | **ANSWER OF THE ESTATE OF MICHAEL HEISER, ET AL. TO INTERPLEADER COMPLAINT FILED BY SOCIETE GENERALE AND COUNTERCLAIM** |
| Third-Party Plaintiff, | : | |
| -against- | : | |
| STEVEN M. GREENBAUM, et al., | : | |
| Third-Party Defendants. | : | |

------------------------------------------------------------x

The Estate of Michael Heiser, *et al.* (the "Heisers")[1], by their undersigned counsel, for their answer to the Interpleader Complaint (the "Third-Party Complaint") filed by defendant and third-party plaintiff Société Générale (the "Bank"), allege as follows:

---

[1] The Heisers are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51)

Nature of the Proceedings

1.     Paragraph 1 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Heisers deny the allegations contained in paragraph 1 of the Third-Party Complaint.

*Jurisdiction and Venue*

2.     Paragraph 2 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Heisers state that the statutory references contained in paragraph 2 of the Third-Party Complaint speak for themselves.

3.     Paragraph 3 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Heisers state that the statutory references contained in paragraph 3 of the Third-Party Complaint speak for themselves.

*The Parties*

4.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the 4 allegations contained in paragraph 4 of the Third-Party Complaint; accordingly, such allegations are denied.

5.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint; accordingly, such allegations are denied.

---

the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

6. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint; accordingly, such allegations are denied.

7. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint; accordingly, such allegations are denied.

8. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint; accordingly, such allegations are denied.

9. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint; accordingly, such allegations are denied.

10. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint; accordingly, such allegations are denied.

11. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint; accordingly, such allegations are denied.

12. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint; accordingly, such allegations are denied.

13. Paragraph 13 of the Third-Party Complaint requires no responsive pleading.

14. The Heisers admit the allegations contained in paragraph 14 of the Third-Party Complaint.

15. The Heisers admit the allegations contained in paragraph 15 of the Third-Party Complaint.

16. The Heisers admit the allegations contained in paragraph 16 of the Third-Party Complaint.

17. The Heisers admit the allegations contained in paragraph 17 of the Third-Party Complaint.

18. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint; accordingly, such allegations are denied.

19. Paragraph 19 of the Third-Party Complaint requires no responsive pleading.

*The Accounts*

20. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint; accordingly, such allegations are denied.

21. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint; accordingly, such allegations are denied.

22. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint; accordingly, such allegations are denied.

23. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint; accordingly, such allegations are denied.

24. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint; accordingly, such allegations are denied.

25. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint; accordingly, such allegations are denied.

26. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint; accordingly, such allegations are denied.

27. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint; accordingly, such allegations are denied.

*The Dispute*

28. The Heisers admit that they have asserted claims to the SG Blocked Funds. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Third-Party Complaint; accordingly, such allegations are denied.

29. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint; accordingly, such allegations are denied.

30. Paragraph 30 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 30 of the Third-Party Complaint.

31. Paragraph 31 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint; accordingly, such allegations are denied.

32. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint; accordingly, such allegations are denied.

## FIRST CLAIM FOR RELIEF

33. Paragraph 33 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraph 1 through 32 of the Third-Party Complaint as if fully set forth in this paragraph.

34. The Plaintiffs' claims speak for themselves and therefore no response is required. Moreover, to the extent the allegations in paragraph 34 of the Third-Party Complaint state conclusions of law, no response is required. To the extent a response is required, the Heisers state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Complaint; accordingly, such allegations are denied.

35. Paragraph 35 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 35 of the Third-Party Complaint.

36. Paragraph 36 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 36 of the Third-Party Complaint.

## SECOND CLAIM FOR RELIEF

37. Paragraph 37 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraph 1 through 36 of the Third-Party Complaint as if fully set forth in this paragraph.

38. Paragraph 38 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that CPLR § 5239 speaks for itself and therefore no response is required. To the extent that the allegations contained in paragraph 38 differ from the text of CPLR § 5239, such allegations are denied.

39. Paragraph 39 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 39 of the Third-Party Complaint.

## DEFENSES

### First Defense

The Heisers' claims are superior to the Bank and any other claimants as a matter of law by virtue of service of their writs of execution and the initiation of a turnover action in accordance with N.Y. C.P.L.R. §§ 5225 and 5227 prior to any other claimants.

### Second Defense

The writs of certain parties to this matter are defective and/or void as a matter of law.

### Third Defense

The Bank's claims and the claims of other parties to this action are barred by res judicata and/or collateral estoppel.

### Fourth Defense

The Bank's claims and the claims of other parties to this action are barred by waiver.

### Fifth Defense

The Bank's claims and the claims of other parties to this action are barred by unjust enrichment.

### Sixth Defense

The Bank's claims and the claims of other parties to this action are barred by laches.

### Seventh Defense

The Bank's claims and the claims of other parties to this action are barred because the Bank has not suffered and/or will not suffer any damages.

The Heisers reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

WHEREFORE, the Heisers respectfully demand judgment in their favor and against the Bank:

(a) dismissing the Third-Party Complaint; and

(b) granting such further relief as the Court deems just and proper.

### COUNTERCLAIM

40. By and for their counterclaim against the Bank, the Heisers allege as follows:

### Parties

41. The Heisers, all citizens of the United States residing in the United States, are family members and the personal representatives of the estates of seventeen of the nineteen U.S.

Air Force officers and airmen killed in the June 25, 1996 terrorist bombing of the Khobar Towers in Khobar, Saudi Arabia in consolidated cases before the United States District Court for the District of Columbia captioned *Heiser v. Iran* (Case No. 00-CV-2329 RCL) and *Campbell v. Iran* (Case No. 01-CV-2104 RCL).  The Heisers are judgment creditors who hold a total unsatisfied judgment pursuant to 28 U.S.C. § 1605A, in the amount of $591,089,966.00, plus post-judgment interest at the legal rate, against judgment debtors the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps. (collectively, "Iran").

42. Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant Société Générale is a bank, domiciled and headquartered in the State of New York.

## Jurisdiction and Venue

43. This Court has subject-matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States, in particular, 28 U.S.C. §§ 1601, *et seq.* (the "FSIA"), the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of the this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy.  This Court also has jurisdiction over this matter pursuant to its inherent ancillary jurisdiction to enforce the judgments registered in this district pursuant to 28 U.S.C. §§ 1331 and 1963.

44. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial

district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to N.Y. C.P.L.R. § 5221(A), subd. 4, because the judgment that these counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

**Facts**

45. The Heisers hold an unsatisfied judgment under 28 U.S.C. § 1605A against Iran in the total amount of $591,089,966.00, plus post-judgment interest at the legal rate. The judgment is comprised of two parts: (1) a judgment dated December 22, 2006 in the amount of $254,431,903.00 (the "December 2006 Judgment") and (2) a supplemental judgment dated September 30, 2009, in the amount of $336,658,063.00 (the "September 2009 Judgment") (together, the "Judgment").

46. On February 7, 2008, the United States District Court for the District of Columbia entered an order pursuant to 28 U.S.C. § 1610(c), authorizing the Heisers to pursue attachment in aid of execution of the December 2006 Judgment.

47. On May 10, 2010, the United States District Court for the District of Columbia entered an order pursuant to 28 U.S.C. § 1610(c), authorizing the Heisers to pursue attachment in aid of execution of the September 2009 Judgment.

48. On August 25, 2011, the Heisers obtained an order from this Court pursuant to 28 U.S.C. § 1610(c), authorizing the Heisers to pursue attachment in aid of execution of the December 2006 Judgment and September 2009 Judgment.

**Enforcement of the Judgment**

49. On September 8, 2008, the Heisers registered the December 2006 Judgment with this Court pursuant to 28 U.S.C. § 1963, under case number M18-302, judgment number

08,1562.  In addition, on December 8, 2010, the Heisers registered the September 2009 Judgment with this Court pursuant to 28 U.S.C. § 1963, under case number 10-MC-00005, judgment number 10,2146.

50. The Heisers hold the Judgment under 28 U.S.C. § 1605A, thereby entitling the Heisers to enforce the Judgment in accordance with 28 U.S.C. § 1610, *et seq.*, and TRIA § 201.

51. The Islamic Republic of Iran, one of the judgment debtors, is a foreign state that is designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)).  Iran is also designated a "state sponsor of terrorism" under 28 U.S.C. §1605A, 1610, *et seq.*, and the Heisers' judgment against Iran, therefore, constitutes a judgment against a "terrorist party" as defined in Section 201(d)(4) of TRIA.

52. Pursuant to 28 U.S.C. § 1610(g), the Heisers are entitled to enforce the Judgment by executing against property of Iran, property of an agency or instrumentality of Iran, and property of separate juridical entities in which Iran has an interest, direct or indirect.  *See* 28 U.S.C. § 1610(g).

53. In addition, Section 201 of TRIA provides in relevant part that:

> Notwithstanding any other provision of law…in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

54. Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

55. Upon information and belief, the Bank is in possession of the SG Blocked Funds (as defined in the Third-Party Complaint) in which Iran, its agencies or instrumentalities and/or alter-egos, and/or separate juridical entities in which Iran has an interest, direct or indirect have an interest.

56. On December 10, 2010, pursuant to N.Y.C.P.L.R. § 5230, as made applicable here by Federal Rule of Civil Procedure 69, the Heisers served writs of execution issued by this Court on the U.S. Marshal.

57. On January 3, 2011 the U.S. Marshal levied the writs upon the Bank.

58. On February 14, 2011, the Heisers filed a *Petition for Turnover Order Pursuant to Fed. R. Civ. P. 69 and N.Y.C.P.L.R. §§ 5225 & 5227*, in the action styled *Estate of Michael Heiser et al. v. The Bank of New York Mellon, et al.*, case no.: 11-cv-998 (RPP) (MHD) (SDNY).

59. On August 26, 2011, pursuant to N.Y.C.P.L.R. § 5230, as made applicable here by Federal Rule of Civil Procedure 69, the Heisers served writs of execution issued by this Court on the U.S. Marshal for levy on, *inter alia*, the Bank.

60. By virtue of, *inter alia*, the delivery of the writs to the U.S. Marshal and subsequent levy of the writs on the Bank, the Heisers established a priority lien in assets held by the Bank in which Iran has interest, including the SG Blocked Funds.

## Counterclaim

61. The Heisers repeat and reallege paragraphs 40 through 60 as if more fully set forth herein.

62. The Heisers are judgment creditors of Iran.

63. The Heisers are entitled to enforce their Judgment against all assets in which Iran and its agencies and instrumentalities have an interest, direct or indirect.

64. The Judgment remains unsatisfied.

65. Upon information and belief, the Bank holds the SG Blocked Funds and other assets in which Iran and its agencies and instrumentalities have an interest, direct or indirect.

66. The Heisers' claims to and rights in the SG Blocked Funds and any other assets held by the Bank in which Iran and its agencies and instrumentalities have an interest, direct or indirect, are superior to any other person or entity, including, but not limited to, the third-party defendants named in the Third-Party Complaint.

67. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, TRIA § 201, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Heisers are entitled to a turnover of personal and, if applicable, real property of Iran, its agencies or instrumentalities, and/or separate juridical entities in which Iran has an interest, direct or indirect, with a value of, or to other receive payment of a sum of money not exceeding $591,089,966.00, plus post-judgment interest, from the Bank.

WHEREFORE, the Heisers respectfully demand judgment against the Bank:

(i) on its Counterclaim requiring the Bank to turnover to the U.S. Marshal all assets in which Iran and/or its agencies or instrumentalities have an interest, in the Bank's possession, custody or control that belong to Iran, its agencies or instrumentalities, and/or separate juridical entities in which Iran has an interest, direct or indirect, including the SG Blocked Funds, in an amount not exceeding $591,089,966.00 plus post-judgment interest; and

(ii) awarding such other and further relief as this Court deems to be necessary and just.

Dated: New York, New York
      October 11, 2011

          /s/ Barbara L. Seniawski
Cary B. Samowitz
Barbara L. Seniawski
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
Telephone:  212-335-4500
Facsimile:  212-884-4501
cary.samowitz@dlapiper.com
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone:  410-580-3000
Facsimile:  410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of Michael Heiser, et al.*