UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEREMEY LEVIN AND DR. LUCILLE LEVIN,           :

                Plaintiffs,                          Case No. 09 Civ 5900(RPP)

          -against-                                     :

BANK OF NEW YORK, JP MORGAN CHASE
SOCIETE GENERALE and CITIBANK,                 :

                Defendants.            :
------------------------------------------------------------x
CITIBANK, N.A.                                 :

                Third-Party Complainter,     :

          -against-                                     :

THE ESTATE OF ANTHONY K. BROWN et al.         :

and                                            :

THE ESTATE OF STEPHEN BLAND, et al.           :

                Third Party Defendants.     :
------------------------------------------------------------x

**BROWN PLAINTIFFS AND BLAND PLAINTIFFS
ANSWER TO CITIBANK, N.A. THIRD PARTY COMPLAINT WITH RESPECT TO
PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN
OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S
SEPTEMBER 16, 2011 ORDER**

      Third-Party Defendants Joseph A. Barile, Angela E. Barile, Michael Barile, Andrea Ciarla, Ann Marie Moore, Angela Yoak, John Becker, The Estate of Anthony Brown, Vara Brown, John Brown, Sulba Brown, Rowel Brown, Marvine McBride, LaJuana Smith, Rodney E. Burns, Jeannie Scaggs, Eugene Burns, David Burns, Daniel Cuddeback, Jr., John R. Cuddeback, Daniel Cuddeback, Sr., Barbara Cuddeback, Robert Dean, Michael Episcopo, Randy Gaddo,

Peter Gaddo, Timothy Gaddo, Louise Gaddo Blatter, The Estate of William R. Gaines, Jr., Michael A. Gaines, Carolyn Spears, Mark Spears, James S. Spears, William R. Gaines, Sr., Evelyn Sue Spears Elliot, Carol Weaver, The Estate of Virgel Hamilton, Gloria Hamilton, Bruce Hastings, Maynard Hodges, Kathy Hodges, Mary Jean Hodges, Loretta Brown, Cindy Holmes, Shana Saul, Daniel Joy, Sean Kirkpatrick, Daniel Kremer, Joseph T. Kremer, Jacqueline Stahrr, The Estate of Christine Kremer, The Estate of Thomas Kremer, The Estate of David A. Lewis, Betty Lewis, Jerry L. Lewis, Scott M. Lewis, Paul Martinez, Sr., Teresa Gunther, Esther Martinez Parks, Alphonso Martinez, Daniel Martinez, Michael Martinez, Paul Martinez, Jr, Tomasita L. Martinez, Susanne Yeoman, John Opatovsky, The Estate of Jeffrey Bruce Owen, Steven G. Owen, Jean Givens Owen, The Estate of Michael Lee Page, Albert Page, Janet Page, Joyce Clifford, David Penosky, Joseph Penosky, Christian R. Rauch, Leonard Paul Tice, The Estate of Burton Wherland, Sarah Wherland, Gregory Wherland, Kimmy Wherland, Charles F. West, Charles H. West, Rick West and Sharon Davis ( hereinafter "Brown Plaintiffs-Third Party Defendants") and Alan C. Anderson, Michael Anderson, Thelma Anderson, Stephen Boyd Bland, Estate of Frank Bland, Ruth Ann Bland, James Bland, Estate of Laura Virginia Copeland, Sidney Decker, Ida Decker, Dudley Decker, Johnnie Decker, Carolyn Mudd, Ronald Duplanty, Estate of Sean F. Estler, Keith Estler, Louis Estler, Jr., Mary Ellen Estler, Estate of Benjamin E. Fuller, Elaine Allen, Ernest C. Fuller, John Gibson, Holly Gibson, Maurice Gibson, Estate of Michael Hastings, Joyce Hastings, Estate of Paul Hein, Christopher Hein, Jo Ann Hein, Karen Hein-Sullivan, Victor J. Hein, Jacqueline M. Kunysz, Estate of John Hendrickson, John Hendrickson, Tyson Hendrickson, Deborah Ryan, Estate of Bruce Hollingshead, Melinda Hollingshead, Renard Manley, Estate of Michael Robert Massman, Nicole Gomez, Angela Massman, Kristopher Massman, Lydia Massman, Patricia Lou Smith, Estate of Louis Melendez,

Zaida Melendez, Douglas Jason Melendez, Johnny Melendez, Johnny Melendez, Jr., Estate of Michael Mercer, Sarah Mercer, Samuel Palmer, Robin Nicely, Estate of Juan C. Rodriguez, Louisa Puntonet, Robert Rucker, Estate of Billy San Pedro, Cesar San Pedro, Sila V. San Pedro, Guillermo San Pedro, Javier San Pedro, Thurnell Shields, Emanuel Simmons, Estate of James Surch, Patty Barnett, Will Surch, Bradley Ulick, Jeanette Dougherty, Marilyn Peterson, Estate of Eric Walker, Tena Walker-Jones, Ronald E. Walker, Ronald Walker, Jr. Galen Weber, Estate of Obrian Weekes, Anson Edmond, Arnold Edmond, Hazel Edmond, Wendy Edmond, Faith Weekes,  Ianthe Weekes, Keith Weekes, Meta Weekes, Estate of Dennis Lloyd West, Kathy West, Estate of John Weyl, Kelly Bachlor, Robin Brock, Morgan W. Rowan, Sharon J. Rowan and Nelson Weyl (hereinafter "Bland Plaintiffs-Third Party Defendants"), by their undersigned attorneys for their Answer to the Defendant Citibank, N.A.'s and Third-Party Complaint Against Plaintiffs In Other Actions Against Iran allege as follows:

Nature of the Proceedings

1. Paragraph 1 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third-Party Complaint, except admit that the Bland Plaintiffs-Third Party Defendants, Brown Plaintiffs-Third Party Defendants and Silvia Plaintiffs all have brought lawsuits against Iran and asserted liens against the assets of Iran based on its participation in or responsibility for alleged acts of terrorism.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

### Jurisdiction and Venue

4. Paragraph 4 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

5. Paragraph 5 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

### The Third-Party Plaintiff

6. Admit.

### The Third Party Defendants

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third-Party Complaint and therefore on that basis deny each and every allegation

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

17. Admit.

18. Admit, except state that a default judgment as to liability and damages has been entered against Iran and other defendants on behalf of the Bonk Plaintiffs.

19. Admit, except state that a default judgment as to liability and damages has been entered against Iran and other defendants on behalf of the Silvia Plaintiffs.

20. Admit, except state that a default judgment as to liability has been entered against Iran and other defendants on behalf of the Brown Plaintiffs.

21. Admit, except state that a default judgment as to liability has been entered against Iran and other defendants on behalf of the Bland Plaintiffs.

## The Turnover Proceeding

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third-Party Complaint and therefore on that basis deny each and every allegation

### Phase One of the Turnover Proceeding

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Third-Party Complaint and therefore on that basis deny each and every allegation except admit same with regards to the allegations which relate to the Silvia Plaintiffs, Brown Plaintiffs and Bland Plaintiffs.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Third-Party Complaint and therefore on that basis deny each and every allegation, except to admit that the Bonk, Valore, Silvia, Bland and Brown Third Party Defendants filed Answers in the Phase One Turnover Proceeding.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

### Phase Two of the Turnover Proceeding

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

41. Admit the allegations in paragraph 41 of the Third-Party Complaint.

42. Admit the allegations in paragraph 42 of the Third-Party Complaint.

43. Admit the allegations in paragraph 43 of the Third-Party Complaint.

44. Admit the allegations in paragraph 44 of the Third-Party Complaint.

45. Admit the allegations in paragraph 45 of the Third-Party Complaint.

For the Claims of Citibank in the Nature of the Interpleader

First Claim for Relief

46. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants repeat and reallege each and every response contained in paragraph 1 through 45 as if fully set forth herein.

47. Paragraph 47 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

48. Paragraph 48 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

Second Claim for Relief

49. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants repeat and reallege each and every response contained in paragraph 1 through 48 as if fully set forth herein.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

52. Paragraph 52 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

Third Claim For Relief

53. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants repeat and reallege each and every response contained in paragraph 1 through 52 as if fully set forth herein.

54. Paragraph 54 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants deny the allegations.

AFFIRMATIVE DEFENSES

55. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of insufficient service of process.

56. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of laches.

57. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of estoppel.

58. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of failure to state a claim, as Citibank has not stated facts sufficient to constitute a claim or cause of action against the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants.

59. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of waiver.

60. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of failure to mitigate

61. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of unclean hands.

62. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of unjust enrichment

63. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of lack of damages, as Citibank has not and will not suffer any injury or damage as a result of action taken by Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants.

64. Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of other causes in that any damages Citibank did suffer

were caused by independent, intervening events unrelated to the Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants.

65. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of *in pari delecto*.

66. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants assert the affirmative defense of assumption of the risk.

67. The Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

Dated: October 12, 2011

                    HEIDEMAN NUDELMAN & KALIK, P.C.

                    ___/s/Noel J. Nudelman_____

                    Noel J. Nudelman
                    1146 19th St. N.W., 5th Floor
                    Washington, D.C. 20036
                    Telephone:  202-463-1818
                    Facsimile:  202-463-2999

                    *Attorneys for the Brown Plaintiffs-Third Party Defendants and Bland Plaintiffs-Third Party Defendants*