UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, JP MORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A.,<br><br>*Defendants*.<br><br>CITIBANK, N.A.<br><br>*Third-Party Plaintiff*,<br>-v-<br><br>STEVEN M. GREENBAUM et al.,<br><br>*Third-Party Defendants*. | Case No. 09 CIV 5900 (RPP) |

**ANSWER BY THIRD-PARTY DEFENDANTS VALORE ET AL.
TO CITIBANK N.A.'S THIRD-PARTY COMPLAINT WITH RESPECT TO
PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND
PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE
WITH THE COURT'S SEPTEMBER 16, 2011 ORDER AND COUNTERCLAIMS**

Third-Party Defendants Terance J. Valore; Angel Alvarado; Geraldo Alvarado; Grisselle Alvarado; Luis Alvarado; Luisa Alvarado; Maria Alvarado; Marta Alvarado; Minerva Alvarado; Pedro Alvarado, Jr.; Yolanda Alvarado; Zoraida Alvarado; Dennis Jack Anderson; Lolita M. Arnold; Estate of Moses Arnold, Jr.; Cheryl Bass; Estate Of David L. Battle; Lisa Ann Beck; Betty J. Bolen; Keith Edwin Bolen; Neale Scott Bolen; Sheldon H. Bolen; Catherine Bonk; John Bonk, Sr.; Kevin Bonk; Thomas Bonk; Edward J. Brooks; Patricia A. Brooks; Timothy Brooks;

1

Marion DiGiovanni; Sherry Lynn Fiedler; Marilou Fluegel; Robert Fluegel; Thomas A. Fluegel; Wanda Ford; Evans Hairston; Felicia Hairston; Julia Bell Hairston; Bennie Harris; Michael Harris; Rose Harris; Estate of Matilde Hernandez, Jr.; Henry Durban Hukill; Mark Andrew Hukill; Matthew Scott Hukill; Melissa Hukill; Meredith Ann Hukill; Mitchell Charles Hukill; Monte Hukill; Virginia Ellen Hukill; Catherine Bonk Hunt; Storm Jones; Penni Joyce; Carl Arnold Kirkwood, Jr.; Carl Kirkwood, Sr.; Jeff Kirkwood; Shirley Kirkwood; Sharla M. Korz; Patricia Kronenbitter; Betty Laise; Bill Laise; Kris Laise; Bill Macroglou; James Macroglou; Lorraine Macroglou; Kathy McDonald; Edward Joseph McDonough; Edward W. McDonough; Sean McDonough; Estate of John Muffler; Marcy Lynn Parson; Donald R. Pontillo; Douglas Pontillo; Deborah Spencer Rhosto; Estate of Luis Rotondo; Estate of Rose Rotondo; Estate of Phyllis Santoserre; Don Selbe; Eloise F. Selbe; James Selbe; John E. Selbe; Estate of James Silvia; Anna Marie Simpson; Larry H. Simpson, Sr.; Renee Eileen Simpson; Robert Simpson; Belinda Skarka; Lynne Michol Spencer; Allison Thompson; Isaline Thompson; Johnny Thompson; Willy G. Thompson; Deborah True; Andres Alvarado Tull; Estate of John Jay Tishmack; Janice Valore; Orlando M. Valore, Jr.; Orlando Michael Valore, Sr.; Estate of Leonard Warren Walker; Estate of Walter Emerson Wint, Jr.; Sally Jo Wirick; Estate of James Yarber (collectively, the "Valore Judgment Creditors"), by their undersigned attorneys, for their answer and counterclaims to Citibank N.A.'s Third-Party Complaint with Respect to Phase Two Assets Against Judgment Holders and Plaintiffs in Other Actions Against Iran in Accordance with the Court's September 16, 2011 Order, dated September 21, 2011 (the "Third-Party Complaint") filed by Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), allege as follows:

### **Nature of the Proceedings**

1. Paragraph 1 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required. To the extent there are allegations of fact in paragraph 1, the Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations; except admit that the Valore Judgment Creditors claim a right and interest in the assets at issue in this action (the "Turnover Proceeding") commenced by plaintiffs Jeremy Levin, *et al.* (the "Levin Plaintiffs").

2. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint, except admit that the Valore Judgment Creditors claim a right and interest in the assets at issue in the Turnover Proceeding (the "Restrained Assets"), and that this claim has equal or greater priority to the claims of all other parties with respect to the Restrained Assets.

3. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint, except admit that the Valore Judgment Creditors claim a right and interest in the Restrained Assets, and that this claim has equal or greater priority to the claims of all other parties with respect to the Restrained Assets.

### **Jurisdiction and Venue**

4. Paragraph 4 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the statutes and regulations cited in paragraph 4 for a true recitation of their contents.

5. Paragraph 5 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the statutes and regulations cited in paragraph 5 for a true recitation of their contents.

### The Third-Party Plaintiff

6. The Valore Judgment Creditors admit, upon information and belief, the allegations contained in paragraph 6 of the Third-Party Complaint.

### The Third-Party Defendants

7. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

8. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

10. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

11. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint.

12. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint.

13. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint.

14. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint.

15. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint.

16. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint.

17. The Valore Judgment Creditors admit the allegations contained in paragraph 17 of the Third-Party Complaint.

18. The Valore Judgment Creditors admit the allegations contained in paragraph 18 of the Third-Party Complaint, and state that default judgment was entered against the defendants in *Bonk, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-1273 (RCL) (D.D.C.) on March 31, 2010.

19. The Valore Judgment Creditors admit the allegations contained in paragraph 19 of the Third-Party Complaint, and state that default judgment was entered against the defendants in *Re Estate of James Silvia, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-750 (RCL) (D.D.C.) on March 31, 2010.

20. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint.

21. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint.

## The Turnover Proceeding

22. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint.

23. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint,

and refer to the complaint filed by the Levin Plaintiffs that is referred to in paragraph 23 of the Third-Party Complaint for a true recitation of its contents.

24. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint, and refer to the complaint filed by the Levin Plaintiffs that is referred to in paragraph 24 of the Third-Party Complaint for a true recitation of its contents.

25. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint.

26. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint.

### Phase One of the Turnover Proceeding

27. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint, except admit that Citibank served Third-Party Interpleader complaints on the Bonk Plaintiffs, the Valore Plaintiffs and the Silvia Plaintiffs.

28. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint.

29. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint, except admit that the Bonk Plaintiffs, the Valore Plaintiffs and the Silvia Plaintiffs served answers in this proceeding.

30. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint.

**Phase Two of the Turnover Proceeding**

31.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint.

32.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint.

33.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Third-Party Complaint.

34.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Complaint.

35.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Third-Party Complaint.

36.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third-Party Complaint.

37.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Third-Party Complaint.

38.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Complaint.

39.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third-Party Complaint.

40.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint.

41.     The Valore Judgment Creditors admit the allegations contained in paragraph 41 of the Third-Party Complaint.

42. The Valore Judgment Creditors admit the allegations contained in paragraph 42 of the Third-Party Complaint.

43. The Valore Judgment Creditors admit the allegations contained in paragraph 43 of the Third-Party Complaint.

44. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Third-Party Complaint.

45. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third-Party Complaint.

**First Claim for Relief**

46. The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 45 of this Answer to the same extent as if those allegations were set forth here in full.

47. Paragraph 47 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the New York Civil Practice Law and Rules for a true recitation of their contents.

48. Paragraph 48 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

**Second Claim for Relief**

49. The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 48 of this Answer to the same extent as if those allegations were set forth here in full.

50. The Valore Judgment Creditors admit that they have claims to the Restrained Assets that are equal to or take priority over the claims of all other parties, but otherwise state

that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Third-Party Complaint.

51. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Third-Party Petition.

52. Paragraph 52 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the statutes and regulations cited in paragraph 52 for a true recitation of their contents.

### Third Claim for Relief

53. The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 52 of this Answer to the same extent as if those allegations were set forth here in full.

54. Paragraph 54 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

55. The Valore Judgment Plaintiffs assert that Citibank has failed to state facts sufficient to constitute a claim or cause of action against the Valore Judgment Plaintiffs.

### Second Affirmative Defense

56. The Valore Judgment Creditors assert that Citibank is barred from recovery on its claims under the doctrines of unclean hands, unjust enrichment, failure to mitigate, and/or assumption of risk.

### Third Affirmative Defense

57. The Valore Judgment Creditors assert that Citibank is barred from recovery on its claims because Citibank has not and will not suffer any injury or damage as a result of action taken by the Valore Judgment Creditors.

### Fourth Affirmative Defense

58. The Valore Judgment Creditors assert that Citibank is barred from recovery on its claims because any damages Citibank did suffer were caused by independent, intervening, and/or superseding events beyond the control and unrelated to any conduct of the Valore Judgment Creditors.

### Fifth Affirmative Defense

59. The Valore Judgment Creditors' claims to the Restrained Assets have equal or greater priority than the claims of all other parties to this action.

### Sixth Affirmative Defense

60. The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action to the extent that these other parties have premised their claims upon writs of execution and other legal processes that are faulty, defective and/or void as a matter of law.

### Seventh Affirmative Defense

61. The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action under the doctrines of estoppel, equitable estoppel, and laches.

### Eighth Affirmative Defense

62. The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to

this action to the extent that those other parties have waived any claims against the Valore Judgment Creditors or any right to the turnover of the Restrained Assets.

### Reservation of Rights

63. The Valore Judgment Creditors reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

### COUNTERCLAIMS

64. By and for their Counterclaims against Third-Party Plaintiff Citibank, N.A. ("Citibank") in the underlying action, the Valore Judgment Creditors allege as follows:

### Parties

65. The Valore Judgment Creditors are judgment creditors in the following consolidated actions: *Valore, et al. v. Islamic Republic of Iran, et al.,* No. 03-cv-1959 (RCL) (D.D.C.); *Arnold, et al. v. Islamic Republic of Iran, et al.,* No. 06-cv-516 (RCL) (D.D.C.); *Spencer, et al., v. Islamic Republic of Iran, et al.,* No. 06-cv-750 (RCL) (D.D.C.); and *Bonk, et al. v. Islamic Republic of Iran, et al.,* No. 08-cv-1273 (RCL) (D.D.C.) (collectively, the "Valore Actions").

66. Upon information and belief, Third-Party Plaintiff and Counterclaim-Defendant Citibank is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

### Jurisdiction and Venue

67. This Court has subject-matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 *et seq.* (the

11

"FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the Turnover Proceeding), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331, 1963.

68. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221 (a), subd. 4, because the judgment that the Counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

<b><u>Allegations Common to All Counterclaims</u></b>

69. The Valore Judgment Creditors hold an unsatisfied judgment in the amount of $1,290,291,092.00, comprising $290,291,092.00 in compensatory damages and $1,000,000,000.00 in punitive damages (the "Judgment"), against judgment debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS"). The Judgment arises from the October 23, 1983 terrorist bombing in Beirut, Lebanon, which killed 241 American servicemen and injured many others.

70. On March 31, 2010, Judge Royce C. Lamberth of the United States District Court for the District of Columbia entered judgment in the Valore Actions in favor of plaintiffs, the

Valore Judgment Creditors. On September 20, 2010, Judge Lamberth entered a Revised Order and Judgment, identical to the original Order and Judgment with respect to dismissals, amounts awarded and apportionment, confirming that the Valore Judgment Creditors are eligible to recover under 28 U.S.C. § 1605A(c).

71. On June 8, 2011, Judge Lamberth entered an Order pursuant to 28 U.S.C. § 1610(c) finding that a reasonable period of time had elapsed following the entry of judgment, and permitting attachment and execution upon the Judgment.

72. On July 5, 2011, the Valore Judgment Creditors registered the Judgment with the United States District Court for the Southern District of New York.

73. The Valore Judgment Creditors have served on Citibank notices pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* with respect to assets belonging to Iran, MOIS, and/or their agencies, instrumentalities or alter egos. Specifically, on or about November 5, 2009, the plaintiffs in *Valore, et al. v. Islamic Republic of Iran, et al.,* No. 03-cv-1959 (RCL) (D.D.C.) and *Bonk, et al. v. Islamic Republic of Iran, et al.,* No. 08-cv-1273 (RCL) (D.D.C.) served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank, and on or about March 3, 2010, the plaintiffs in *Spencer, et al., v. Islamic Republic of Iran, et al.,* No. 06-cv-750 (RCL) (D.D.C.) served a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank.

74. On September 30, 2011, the Valore Judgment Creditors obtained an order pursuant to 28 U.S.C. § 1610(c) from Judge Loretta A. Preska of this Court directing the Clerk of the Court to issue writs of execution pursuant to 28 U.S.C. § 1610(c) with respect to property of the judgment debtors held in this district by several banks, including Citibank.

75. On October 4, 2011, the Valore Judgment Creditors obtained a writ of execution from the Clerk and delivered the writ on October 5, 2011 to the U.S. Marshal for the Southern District of New York for service on several banks, including Citibank.

76. The Third-Party Complaint alleges that the Third-Party Plaintiffs, including Counterclaim Defendant Citibank, are holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury. The Third-Party Plaintiffs, including Counterclaim Defendant Citibank, allege that these blocked funds include both assets held in blocked deposit accounts and the proceeds of blocked wire transfers.

77. Upon information and belief, these blocked funds, in whole or in part, belong or are owed to or held for the benefit of Iran, MOIS, and/or their agencies, instrumentalities or alter egos (the "Iranian Blocked Assets").

### First Counterclaim

78. The Valore Judgment Creditors repeat and reallege paragraphs 65 through 77 as if set forth herein.

79. The Valore Judgment Creditors are judgment creditors of Iran and MOIS.

80. The Valore Judgment Creditors are entitled to enforce their judgment against all assets in which Iran and/or MOIS has an interest, direct or indirect, within the United States.

81. Upon information and belief, Citibank holds such assets, including, but not necessarily limited to, the Iranian Blocked Assets.

82. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Valore Judgment Creditors are entitled to a turnover of personal and, if applicable, real property with a value of, or to

otherwise receive payment of a sum of money not exceeding, $1,290,291,092.00, plus post-judgment interest, from Counterclaim Defendant Citibank.

## Second Counterclaim

83. The Valore Judgment Creditors repeat and reallege paragraphs 65 through 82 as if set forth herein.

84. Section 201 of TRIA provides in relevant part that: Notwithstanding any other provision of law…in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable. Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stal. 2322 (2002), §201(a).

85. The Valore Judgment Creditors obtained their Judgment on a claim for which Iran was not immune pursuant to 28 U.S.C. § 1605A, the statutory successor to 28 U.S.C. § 1605(a)(7).

86. Iran is, and was at the time of the attack upon the American servicemen, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA.

87. Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

88. The Valore Judgment Creditors are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y. C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, conveying, assigning and directing the turnover by the Counterclaim Defendant Citibank to the Valore Judgment Creditors in satisfaction of their Judgment of all blocked assets in their possession, custody or control owed to or held for the benefit of Iran.

**WHEREFORE**, the Valore Judgment Creditors respectfully demand judgment against Counterclaim Defendant Citibank:

(i) requiring Counterclaim Defendant Citibank to turn over property with a value of, or otherwise pay a sum of money not exceeding, $1,290,291,092.00, plus post-judgment interest, to the Valore Judgment Creditors from personal and, if applicable, real property, held by Citibank in which Iran, MOIS, and/or their agencies, instrumentalities or alter egos have an interest, direct or indirect, including, but not necessarily limited to, the Iranian Blocked Assets;

(ii) awarding the Valore Judgment Creditors costs and disbursements in this action; and

(iii) awarding such other relief as the Court deems appropriate.

Dated: New York, New York  
      October 13, 2011

Respectfully submitted,

   /s/ *Keith M. Fleischman*  
Keith M. Fleischman  
FLEISCHMAN LAW FIRM  
565 Fifth Avenue, Seventh Floor  
New York, New York 10017  
Telephone: (212) 880-9571  
Fax: (917) 591-5245  
Email: keith@fleischmanlawfirm.com