UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Plaintiffs,

- v -

BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE, and CITIBANK,

        Defendants.

Case No. 09 CV 5900 (RPP) (MHD)

------------------------------------------------------------------

THE BANK OF NEW YORK MELLON,

        Third-Party Plaintiff,

- v -

STEVEN M. GREENBAUM, *et al.*,

        Third-Party Defendants.

**CITIBANK, N.A.'S ANSWER TO COUNTERCLAIMS ASSERTED BY PLAINTIFFS JEREMY LEVIN AND DR. LUCILLE LEVIN**

------------------------------------------------------------------

JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiff,

- v -

STEVEN M. GREENBAUM, *et al.*,

        Third-Party Defendants.

------------------------------------------------------------------

SOCIETE GENERALE,

        Third-Party Plaintiff,

- v -

STEVEN M. GREENBAUM, *et al.*,

        Third-Party Defendants.

CAPTION CONTINUED ON NEXT PAGE

```
------------------------------------------------------  :
CITIBANK, N.A.,                                         :
                                                        :
                        Third-Party Plaintiff,          :
                                                        :
          - v -                                         :
                                                        :
DEBORAH H. PETERSON, et al.,                            :
                                                        :
                        Third-Party Defendants.         :
------------------------------------------------------ x
```

Defendant/Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to third-party respondents' Jeremy Levin and Dr. Lucille Levin (the "Levin Judgment Creditors") counterclaims and alleges as follows:

Paragraphs 1-71 pertain to the Levin Judgment Creditor's answer to Citibank's Third-Party Complaint and therefore do not require a response.

## ANSWERS TO COUNTERCLAIMS AGAINST CITIBANK

72.   To the extent that the counterclaims by Levin Judgment Creditors in paragraphs 72-89 (the "Counterclaim Paragraphs") are alleged against parties in this proceeding other than Citibank, Citibank is not required to respond thereto.

73.   Repeats and realleges its responses to the June 26, 2009 Complaint set forth in Citibank's Answer with Affirmative Defenses, dated October 23, 2009, as if fully set forth herein.

74.   Lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged in Counterclaim Paragraph 74, and refers to the authorities, judgments and orders stated therein for a true and complete recitation of the contents therein.

75. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged in Counterclaim Paragraph 75, and refers to the March 4, 2011 Order for a true and complete recitation of the contents therein.

76. States that the allegations in Counterclaim Paragraph 76 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged therein.

77. States that the allegations in Counterclaim Paragraph 77 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the other allegations alleged therein, except admits that the Levin Judgment Creditors initiated this action on or about June 26, 2009.

78. Admits the allegations contained in Counterclaim Paragraph 78, except states that the Greenbaum and Acosta Judgment Creditors, the Peterson Judgment Creditors, and the Heiser Judgment Creditors, were not the only judgment creditors and lien holders to appear in the proceedings and file answers to interpleader complaints filed by the defendant banks.

79. Admits the allegations contained in Counterclaim Paragraph 79 and refers to the March 4, 2011 Order and to the cited Motions for Partial Summary Judgment for a true and complete recitation of the contents therein.

80. Admits the allegations contained in Counterclaim Paragraph 80, and refers to the January 20, 2011 and March 4, 2011 Orders for a true and complete recitation of the contents therein.

81. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged in Counterclaim Paragraph 81, except admits that the Levin Judgment Creditors appealed from the Summary Judgment Order, and that the Levin Judgment Creditors, the Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors purport to have entered into a Cooperation Agreement, which was approved by this Court.

82. Admits the allegations contained in Counterclaim Paragraph 82, except lacks knowledge and information sufficient to form a belief as to the truth of allegations that the June 21, 2011 Judgment and Order partially satisfied the Levin Judgment Creditor's judgment in the amount of $3,304,071.55 or that there remains an uncollected amount of $25,503,647.45, plus interest on their judgment.

83. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged in Counterclaim Paragraph 83, except admits that a writ of execution on behalf of the Levin Judgment Creditors was served on Citibank on or about September 2, 2011 and refers to the writ for a true and complete recitation of the contents therein.

84. States that the allegations in Counterclaim Paragraph 84 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged therein.

85. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations alleged in Counterclaim Paragraph 85, except states that the Levin Judgment Creditors obtained a judgment against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guard Corp in the action *Levin v. Islamic Republic of Iran*, 259 F.Supp.2d 1 (D.D.C. 2007).

86. States that the allegations in Counterclaim Paragraph 86 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the other allegations alleged therein.

87. States that the allegations in Counterclaim Paragraph 87 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the other allegations alleged therein.

88. States that the allegations in Counterclaim Paragraph 88 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the other allegations alleged therein.

89. States that the allegations in Counterclaim Paragraph 89 constitute legal conclusions as to which no response is required, but to the extent a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the other allegations alleged therein.

### CROSSCLAIM AGAINST PETERSON JUDGMENT CREDITORS

Paragraphs 90-95 of the Answer and Counterclaims allege a cross-claim against the Peterson Judgment Creditors and therefore Citibank is not required to respond thereto.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Levin Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims.

Citibank incorporates its responses to Counterclaim Paragraphs 72 through 89 as though fully set forth herein.

### FOR ITS FIRST AFFIRMATIVE DEFENSE

Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this third-party proceeding ("Phase 2 Blocked Assets") which may be superior to the rights of the Levin Judgment Creditors to enforce their judgment against the Phase 2 Blocked Assets.

### FOR ITS SECOND AFFIRMATIVE DEFENSE

The Phase 2 Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action. In accordance with the Court's September 16, 2011 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Phase 2 Blocked Assets.

### FOR ITS THIRD AFFIRMATIVE DEFENSE

The Phase 2 Blocked Assets sought by the Levin Judgment Creditors include wire transfers that were routed through Citi as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC. Citi simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations. Because under New York law, wire funds in the temporary possession of

Citi as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

### FOR ITS FOURTH AFFIRMATIVE DEFENSE

To the extent the Levin Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

### FOR ITS FIFTH AFFIRMATIVE DEFENSE

To the extent that the Levin Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Levin Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

### FOR ITS SIXTH AFFIRMATIVE DEFENSE

The Levin Judgment Creditors' counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently before Judge Barbara S. Jones, in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1)     determining its rights and the rights of the Levin Judgment Creditors and of all other third-party defendants in the Phase 2 Blocked Assets;

(2)     determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Levin Judgment Creditors, and the service of same by the interpled Judgment Creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

(3)     determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Levin Judgment Creditors or the Phase 2 Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)     determining whether and to what extent each of the Phase 2 Blocked Assets is subject to execution to satisfy the Levin Judgment Creditor's judgment;

(5)     discharging Citibank from any and all liability to the Levin Judgment Creditors, and any other persons who may have claims to, or an interest in, any Phase 2 Blocked Assets that are turned over to the Levin Judgment Creditors or any other third-party defendant to satisfy the Levin Judgment Creditor's judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6)     restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Phase 2 Blocked Assets;

(7)     awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8)     awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
       October18, 2011

>Respectfully submitted,
>
>DAVIS WRIGHT TREMAINE LLP
>
>By: _____
>        Sharon L. Schneier
>        Christopher Robinson
>
>1633 Broadway – 27th floor
>New York, New York 10019
>(212) 489-8230
>
>*Attorneys for Defendant/Third-Party Plaintiff/Counterclaim Defendant Citibank, N.A.*