UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE
LEVIN,

               Plaintiffs,

        -against-

BANK OF NEW YORK, JPMORGAN
CHASE, SOCIETE GENERALE and
CITIBANK

               Defendants

        -against-
-----------------------------------------------------x
JAMES OWENS, GARY ROBERT
OWENS, BARBARA GOFF, FRANK B.
PRESSLEY, JR., YASEMIN B.
PRESSLEY, DAVID A. PRESSLEY,
THOMAS C. PRESSLEY, MICHAEL F.
PRESSLEY, BERK F. PRESSLEY, JON B.
PRESSLEY, MARC Y. PRESSLEY,
SUNDUS BUYUK, MONTINE BOWEN,
FRANK PRESSLEY, SR., BAHAR
BUYUK, SERPIL BUYUK, TULAY
BUYUK, AHMET BUYUK, DOROTHY
WILLARD, ELLEN MARIE BOMER,
DONALD BOMER, MICHAEL JAMES
CORMIER, ANDREW JOHN WILLIAM
CORMIER, ALEXANDER RAIN
CORMIER, PATRICIA FEORE, CYLDE
M. HIRN, ALICE M. HIRN, PATRICIA K.
FAST, INEZ P. HIRN, JOYCE REED,
WORLEY LEE REED, CHERYL L.
BLOOD, BRET W. REED, RUTH ANN
WHITESIDE, LORIE GULICK, PAM
WILLIAMS, FLOSSIE VARNEY, LINDA
JANE WHITESIDE LESLIE, LYDIA
SPARKS, HOWARD SPARKS, TABITHA
CARTER, HOWARD SPARKS, JR.,
MICHAEL RAY SPARKS, GARY O.
SPIERS, VICTORIA Q. SPIERS,
VICTORIA J. SPIERS, JULITA A.
QUALICIO, RIZWAN KHALIQ, JENNY
CHRISTINA LOVBLOM., JUDITH
ABASI MWILA (Personal Representative

Civil Action No. 09 Civ. 5900 (RPP)

of the Estate of Abbas William Mwila),
WILLIAM ABASI MWILA, EDINA
ABASI MWILA, HAPINESS ABASI
MWILA, DONTE AKILI MWAIPAPE,
DONTI AKILI MWAIPAPE, VICTORIA
DONTI MWAIPAPE, ELISHA DONTI
MWAIPAPE, JOSEPH DONTI
MWAIPAPE, DEBORA DONTI
MWAIPAPE, NKO DONTI MWAIPAPE,
MONICA AKILI, AKILIMUSUPAPE,
VALENTINE MATHEW KATUNDA,
ABELLA VALENTINE KATUNDA,
VENTA VALENTINE MATHEW
KATUNDA, DESIDERY VALENTINE
MATHEW KATUNDA, VEIDIANA
VALENTINE KATUNDA, DIANA
VALENTINE KATUNDA, EDWINE
VALENTINE MATHEW KATUNDA,
ANGELINA METHEW FELIX, EDWARD
MATHEW RUTAHESHELWA,
ELIZABETH MATHEW
RUTAHESHELWA, ANGELINA
MATHEW RUTAHESHELWA,
HAPPINESS MATHEW
RUTAHESHELWA, ERIC MATHEW
RUTAHESHELWA, ENOC MATHEW
RUTAHESHELWA, ANGELINA
MATHEW-FERIX, MATHEW FERIX,
SAMUEL THOMAS MARCUS, CECILIA
SAMUEL MARCUS, CORONELLA
SAMUEL MARCUS, HANUNI
RAMADHANI NDANGE  (personal
Representative of the Estate of Yusuf
Shamte Ndange),  ABDU YUSUPH
SHAMTE NDANGE, JUMA YUSUPH
SHAMTE NDANGE, MWAJABU
YUSUPH SHAMTE NDANGE, ALLI
KINDAMBA NG'OMBE. PAULINA
MBWANILWA NG'OMBE, MOHAMED
ALLI NG'OMBE, KINDAMBA ALLI
NG'OMBE, SHABANI SAIDI MTULYA
(Personal Representative of the Estate of
Mtendeje Rajabu Mtuyla), ABDUL
SHABANI SHABANI MTUYLA, SAIDI SHABANI
MTUYLA, ADABETH SAID NANG'OKO
(Personal Representative of the Estate of

Rogath Saidi Saidi), VERONICA ALOIS
SAIDI, JOHN ROGATH SAIDI, DANIEL
ROGATH SAIDI, SELINA ROGATH
SAIDI, IDIFONCE ROGATH SAIDI,
AISHA MAWAZO, KULWA
RAMADHANI (Personal Representative of
the Estate of Dotio Ramadhani), KASSIM
RAMADHANI, RENEMA RAMADHANI,
UPEMDO RAMADHANI, MAJALIWA
RAMADHANI,   and WENGO
RAMADHANI.
   Third-Party Defendants
-----------------------------------------------------x

**OWENS THIRD-PARTY DEFENDANTS' ANSWER TO THIRD-PARTY COMPLAINT ALLEGING CLAIMS IN THE NATURE OF THE SOCIETE GENERALE INTERPLEADER WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S SEPTEMBER 16, 2011 ORDER**

Third-Party Defendants James Owens, Gary Robert Owens, Barbara Goff, Frank B. Pressley, Jr., Yasemin B. Pressley, David A. Pressley, Thomas C. Pressley, Michael F. Pressley, Berk F. Pressley, Jon B. Pressley, Marc Y. Pressley, Sundus Buyuk, Montine Bowen, Frank Pressley, Sr., Bahar Buyuk, Serpil Buyuk, Tulay Buyuk, Ahmet Buyuk, Dorothy Willard, Ellen Marie Bomer, Donald Bomer, Michael James Cormier, Andrew John William Cormier, Alexander Rain Cormier, Patricia Feore, Cylde M. Hirn, Alice M. Hirn, Patricia K. Fast, Inez P. Hirn, Joyce Reed, Worley Lee Reed, Cheryl L. Blood, Bret W. Reed, Ruth Ann Whiteside, Lorie Gulick, Pam Williams, Flossie Varney, Linda Jane Whiteside Leslie, Lydia Sparks, Howard Sparks, Tabitha Carter, Howard Sparks, Jr., Michael Ray Sparks, Gary O. Spiers, Victoria Q. Spiers, Victoria J. Spiers, Julita A. Qualicio, Judith Abasi Mwila (Personal Representative of the Estate of Abbas William Mwila), William Abasi Mwila, Edina Abasi Mwila, Hapiness Abasi Mwila, Donte Akili Mwaipape, Donti Akili Mwaipape, Victoria Donti Mwaipape, Elisha Donti Mwaipape, Joseph Donti Mwaipape, Debora Donti Mwaipape, Nko Donti Mwaipape, Monica Akili, Akilimusupape, Valentine Mathew Katunda, Abella Valentine Katunda, Venta Valentine Mathew Katunda, Desidery Valentine Mathew Katunda, Veidiana Valentine Katunda, Diana Valentine Katunda, Edwine Valentine Mathew Katunda, Angelina Methew Felix, Edward Mathew Rutaheshelwa, Elizabeth Mathew Rutaheshelwa, Angelina Mathew Rutaheshelwa, Happiness Mathew Rutaheshelwa, Eric Mathew Rutaheshelwa, Enoc Mathew Rutaheshelwa, Angelina Mathew-Ferix, Mathew Ferix, Samuel Thomas Marcus, Cecilia Samuel Marcus, Coronella Samuel Marcus, Hanuni Ramadhani Ndange  (Personal Representative of the Estate of

4

Yusuf Shamte Ndange),  Abdu Yusuph Shamte Ndange, Juma Yusuph Shamte Ndange,

Mwajabu Yusuph Shamte Ndange, Alli Kindamba Ng'ombe. Paulina Mbwanilwa Ng'ombe,

Mohamed Alli Ng'ombe, Kindamba Alli Ng'ombe, Shabani Saidi Mtulya (Personal

Representative of the Estate of Mtendeje Rajabu Mtuyla), Abdul Shabani Mtuyla, Saidi Shabani

Mtuyla, Adabeth Said Nang'oko  (Personal Representative of the Estate of Rogath Saidi Saidi),

Veronica Alois Saidi, John Rogath Saidi, Daniel Rogath Saidi, Selina Rogath Saidi, Idifonce

Rogath Saidi, Aisha Mawazo, Kulwa Ramadhani (Personal Representative of the Estate o Dotio

Ramadhani), Kassim Ramadhani, Renema Ramadhani, Upemdo Ramadhani, Majaliwa

Ramadhani, Wengo Ramadhani, Rizwan Khaliq and Jenny Christina Lovblom, (collectively the

"Owens Third-Party Defendants") by their undersigned attorneys, for their answer to the Third-

Party Complaint Alleging Claims in the Nature of Interpleader against Bank of New York

Mellon, allege as follows:

Interpleader Complaint

1.  Deny knowledge or information sufficient to form a belief as to the truth of the

    allegations contained in paragraph 1 of the Third-Party Complaint.

Jurisdiction and Venue

2.  Paragraph 2 of the Third-Party Interpleader states conclusions of law to which no

    response is required, and to the extent a response is required, the Owens Third-Party

    Defendants deny the allegations.

3.  Paragraph 3 of the Third-Party Interpleader states conclusions of law to which no

    response is required, and to the extent a response is required, the Owens Third-Party

    Defendants deny the allegations.

<u>The Parties</u>

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint.

<u>The Accounts</u>

20. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 20.

21. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 21, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 21.

22. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 22, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 22.

23. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 23, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 23.

24. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 24, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 24.

25. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 25, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 25.

26. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 26, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 26.

27. The Owens Third-Party Defendants cannot neither admit nor deny any of the allegations contained in paragraph 27, if a response is required the Owens Third-Party Defendants deny any allegations contained in paragraph 27.

<u>The Dispute</u>

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint.

<u>First Claim for Relief</u>

33. The Owens Third-Party Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 32 of this Third-Party Answer to the Interpleader Complaint to the same extent as if those allegations were set forth here in full.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Third-Party Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third-Party Complaint.

<u>Second Claim for Relief</u>

37. The Owens Third-Party Defendants repeat and reallege each and every allegation set forth in paragraphs 1 through 36 of this Third-Party Answer to the Interpleader Complaint to the same extent as if those allegations were set forth here in full.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third-Party Complaint.

<u>AFFIRMATIVE DEFENSES</u>

40. The Owens Third-Party Defendants reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

**Date: October 24, 2011**

**Respectfully submitted,**

 **/s/   *Annie P. Kaplan, Esq.*     **
**Annie P. Kaplan**
**NY Bar No. APK2222**
**Fay Kaplan Law, PA**
**777 Sixth Street, NW**
**Suite 410**
**Washington, DC 20001**
**(202)-589-1300**
**Fax: (202)-589-1721**
**Email: annie.kaplan@gmail.com**