UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------- x

JEREMY LEVIN and DR. LUCILLE LEVIN,

            Plaintiffs,

- v -

BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE, and CITIBANK,

            Defendants.

-------------------------------------------------------------

CITIBANK, N.A.,

            Third-Party Plaintiff,

- v -

JAMES OWENS, *et al.*,

            Third-Party Defendants.

------------------------------------------------------------- x

Case No. 09 CV 5900 (RPP) (MHD)

**CITIBANK, N.A.'S ANSWER TO COUNTERCLAIMS ASSERTED BY PLAINTIFFS STEVEN M. GREENBAUM WITH RESPECT TO PHASE TWO BLOCKED ASSETS**

Defendant/Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to third-party respondents the Steven M. Greenbaum (sued individually and as administrator of the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (the "Greenbaum Judgment Creditors") Counterclaims and alleges as follows:

Paragraphs 1-55 pertain of the Greenbaum Judgment Creditor's answer to Citibank's Third-Party Complaint and therefore do not require a response.

### ANSWERS TO COUNTERCLAIMS AGAINST CITIBANK

56.    States that the allegations contained in Paragraph 56 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## Parties

57. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57, except states that a judgment was entered in the case entitled *Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-2148 (RCL) (D.D.C.).

58. Admits the allegations contained in Paragraph 58.

## Jurisdiction and Venue

59. States that the allegations contained in Paragraph 59 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

60. States that the allegations contained in Paragraph 60 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## Allegations Common to All Counterclaims

61. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61, except admits on information and belief that the Greenbaum Judgment Creditors obtained a judgment in the amount of $19,879,023.00 against judgment debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") (the "Greenbaum Judgment").

62. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and refers to the December 14, 2009 Order for a true and complete recitation of the contents therein.

63. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and refers to the writ of execution for a true and complete recitation of the contents therein.

64. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and refers to the amended writ of execution for a true and complete recitation of the contents therein, except admits that an amended writ of execution was served on Citibank on or about April 15, 2010.

65. Admits the allegations contained in Paragraph 65, and refers to the cited answer and amended answer for a true and complete recitation of the contents therein.

66. Admits the allegations contained in Paragraph 66, and refers to the cited Orders for a true and complete recitation of the contents therein.

67. Admits the allegations contained in Paragraph 67, except states that a corrected order was entered on July 11, 2011 and refers to the two Orders for a true and complete recitation of the contents therein.

68. Admits the allegations contained in Paragraph 68, and refers to the Order of September 16, 2011 for a true and complete recitation of the contents therein.

69. Admits that the Third-Party Complaint alleges that Citibank remains in possession of numerous blocked assets, but lacks information sufficient to form a belief as the truth of the rest of the allegations contained in Paragraph 69, and refers to the Third-Party Complaint for a true and complete recitation of the contents therein.

70. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 70.

### First Counterclaim

71. Citibank incorporates its responses to paragraphs 57 through 70 as though fully set forth herein.

72. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 72, except admits that the Greenbaum Judgment Creditors obtained the Greenbaum Judgment.

73. States that the allegations contained in Paragraph 73 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

74. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74, except admits that Citibank holds certain assets blocked pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury and refers to those orders and regulations for a true and complete recitation of the contents thereof.

75. States that the allegations contained in Paragraph 75 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

76. States that the allegations contained in Paragraph 76 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to the statutes and rules cited in Paragraph 76 for a true and complete recitation of the contents thereof.

### Second Counterclaim

77. Citibank incorporates its responses to paragraphs 57 through 70 as though fully set forth herein.

78. Admits that the language cited in Paragraph 78 appears in the Section 201(a) of the Terrorism Risk Insurance Act and refers to that Section of that Act for a true and complete recitation of the contents thereof.

79. States that the allegations contained in Paragraph 79 constitute legal conclusions as to which no response is required, except to the extent a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

80. States that the allegations contained in Paragraph 80 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

81. States that the allegations contained in Paragraph 81 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

82. States that the allegations contained in Paragraph 82 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

83. States that the allegations contained in Paragraph 83 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

84. States that the allegations contained in Paragraph 84 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Greenbaum Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims. Citibank incorporates its responses to Counterclaim Paragraphs 56 through 84 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this third-party proceeding ("Phase 2 Blocked Assets") which may be superior to the rights of the Greenbaum Judgment Creditors to enforce their judgment against the Phase 2 Blocked Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

The Phase 2 Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action. In accordance with the Court's September 16, 2011 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Phase 2 Blocked Assets.

## FOR ITS THIRD AFFIRMATIVE DEFENSE

The Phase 2 Blocked Assets sought by the Greenbaum Judgment Creditors include wire transfers that were routed through Citibank as an intermediary bank but that could not be

completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC. Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations. Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

### FOR ITS FOURTH AFFIRMATIVE DEFENSE

To the extent the Greenbaum Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

### FOR ITS FIFTH AFFIRMATIVE DEFENSE

To the extent that the Greenbaum Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Greenbaum Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

### FOR ITS SIXTH AFFIRMATIVE DEFENSE

The Greenbaum Judgment Creditors' counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently before Judge Barbara S.

Jones, in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1) determining its rights and the rights of the Greenbaum Judgment Creditors and of all other third-party defendants in the Phase 2 Blocked Assets;

(2) determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Greenbaum Judgment Creditors, and the service of same by the judgment creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

(3) determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Greenbaum Judgment Creditors or the Phase 2 Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4) determining whether and to what extent each of the Phase 2 Blocked Assets is subject to execution to satisfy the Greenbaum Judgment Creditor's judgment;

(5) discharging Citibank from any and all liability to the Greenbaum Judgment Creditors, and any other persons who may have claims to, or an interest in, any Phase 2 Blocked Assets that are turned over to the Greenbaum Judgment Creditors or any other third-party defendant to satisfy the Greenbaum Judgment Creditor's judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6) restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Phase 2 Blocked Assets;

(7) awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
October 25, 2011

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP

        By:_____
           Sharon L. Schneier
           Christopher Robinson

        1633 Broadway – 27th floor
        New York, New York 10019
        (212) 489-8230

        *Attorneys for Defendant/Third-Party*
        *Plaintiff/Counterclaim Defendant Citibank, N.A.*

(6)   restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Phase 2 Blocked Assets;

(7)   awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8)   awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
       October 25, 2011

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
Sharon L. Schneier
Christopher Robinson

1633 Broadway – 27th floor
New York, New York 10019
(212) 489-8230

*Attorneys for Defendant/Third-Party Plaintiff/Counterclaim Defendant Citibank, N.A.*

## CERTIFICATE OF SERVICE

  I, Megan C. Duffy, hereby certify that on the 25th day of October, 2011, I caused to be served by ECF, a true and correct copy of the accompanying CITIBANK, N.A.'S ANSWER TO COUNTERCLAIMS ASSERTED BY STEVEN M. GREENBAUM WITH RESPECT TO PHASE TWO BLOCKED ASSETS upon the following:

| | |
|---|---|
| Don Howarth, Esq.<br>Suzelle M. Smith, Esq.<br>Kathryn Lee Crawford, Esq.<br>Howarth and Smith (LA)<br>523 West Sixth Street, Suite 728<br>Los Angeles, CA 90014<br>(213) 955-9400<br>dhowarth@howarth-smith.com<br>ssmith@howarth-smith.com<br><br>**Kathryn Lee Crawford**<br>Schwarcz Rimberg Boyd & Rader, LLP<br>115 Broadway, Suite 302<br>New York, CA 10066<br>(212) 697-3250<br>(212) 227-4533 (fax)<br>lboyd@srbr-law.com<br><br>*Counsel for Jeremy and Dr. Levin* | **Petek Gunay**<br>Liviu Vogel, Esq.<br>Salon Marrow Dyckman Newman Broudy LLP<br>292 Madison Ave, 6th floor<br>New York, NY 10017<br>(646) 843 1927<br>(646) 843 1928 (fax)<br>pgunay@salonmarrow.com<br>lvogel@salonmarrow.com<br><br>*Counsel for Deborah D. Peterson* |
| Curtis Campbell Mechling, Esq.<br>James Bernard, Esq.<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038<br>(212) 806-5400<br>cmechling@stroock.com<br>jbernard@stroock.com<br><br>*Counsel for Steven M. Greenbaum and Carlos Acosta* | Anne Pennock Kaplan, Esq.<br>Fay Kaplan Law, PA<br>777 Sixth Street, NW, Suite 410<br>Washington, D.C. 20001<br>202-589-1300<br>annie.kaplan@gmail.com<br><br>*Counsel for Catherine Bonk, James Owens and Terence J. Valore* |
| Barbara L. Seniawski, Esq.<br>DLA Piper LLP<br>1251 Avenue of the Americas<br>New York, NY 10020<br>(212) 335-4934<br>Barbara.seniawski@dlapiper.com<br><br>Richard Kremen, Esq. | Robert J. Tolchin, Esq.<br>225 Broadway, 24th Floor, New York, NY 10007<br>(212) 227-2181<br>rjt@tolchinlaw.com<br><br>*Counsel for Jenny Rubin* |

DWT 18428104v1 0067486-000015

| | |
|---|---|
| Dale K. Cathell, Esq.<br>DLA Piper LLP<br>6225 Smith Avenue<br>Baltimore, MD 21209<br>(410) 580-4122<br>Dale.cathell@dlapiper.com<br>richard.Kremen@dlapiper.com<br><br>*Counsel for the Estate of Michael Heiser* | |
| James P. Bonner, Esq.<br>Patrick L. Rocco, Esq.<br>Susan Davies, Esq.<br>Stone Bonner & Rocco LLP<br>260 Madison Ave., 15th Floor<br>New York, NY 10016<br>(908) 516-2045<br>jbonner@lawssb.com<br>sdavies@lawssb.com<br>procco@lawssb.com<br><br>Noel J. Nudelman, Esq.<br>Heideman Nudelman and Kalik, PC<br>1146 19th Street, NW<br>5th Floor<br>Washington, DC  20036<br>njnudelman@hnklaw.com<br><br>*Counsel for Estate of Anthony Brown* | Noel J. Nudelman, Esq.<br>Heideman Nudelman and Kalik, PC<br>1146 19th Street, NW<br>5th Floor<br>Washington, DC  20036<br>(202) 463-1818<br>njnudelman@hnklaw.com<br><br>*Counsel for the Estate of Stephen Bland and the Estate of James Sylvia* |
| Keith Fleischman<br>Fleischman Law Firm<br>565 Fifth Avenue, 7th Floor<br>New York, NY 10017<br>Tel: (212) 880-9571<br>Fax: (917) 591-5245<br>keith@fleischmanlawfirm.com<br><br>*Counsel for the Estate of James Sylvia* | Thomas Fortune Fay, Esq.<br>Fay Kaplan Law, PA<br>777 Sixth Street, NW, Suite 410<br>Washington, D.C. 2000<br>(202) 589-1300<br>thomasfay@aol.com<br><br>*Counsel for Judith Abasi Mwila* |
| Jane Carol Norman, Esq.<br>Bond & Norman, PLLC<br>777 Sixth Street, NW, #410<br>Washington, D.C. 20001<br>(202) 536-3051 | **Cary Brian Samowitz**<br>DLA Piper US LLP (NY)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>(212) 335-4500 |

| | |
|---|---|
| jnorman425@aol.com<br><br>Thomas Fortune Fay, Esq.<br>Fay Kaplan Law, PA<br>777 Sixth Street, NW, Suite 410<br>Washington, D.C. 20001<br>(202) 589-1300<br>thomasfay@aol.com<br><br>*Counsel for Rizwan Khaliq* | (212) 335-4501 (fax)<br>cary.samowitz@dlapiper.com<br><br>**Barbara L. Seniawski**<br>DLA Piper US LLP (NY)<br>1251 Avenue of the Americas<br>New York, NY 10020<br>(212)-335-4934<br>(212)-884-8734 (fax)<br>barbara.seniawski@dlapiper.com<br><br>*Counsel for the Estate of Brent Marthaler* |
| Karl Geercken<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br><br>Counsel For The Bank of Tokyo-Mitsubishi UFJ | **Mark Hanchet**<br>**Christopher James Houpt**<br>**Mayer Brown LLP**<br>**1675 Broadway**<br>**New York, NY 10019**<br>**(212)506-2500 x2695**<br>**(212)262-1950 (fax)**<br>mhanchet@mayerbrown.com<br>choupt@mayerbrown.com<br><br>**Counsel for Societe Generale** |
| John Joseph Hay<br>Salans, LLP<br>620 Fifth Avenue<br>New York, NY 10020<br>212 632-5500 x8457<br>212 632-5555 (fax)<br>jhay@salans.com<br><br>Counsel for The International Bank of Azerbaijan-Moscow, LLC | **Howard B. Levi**<br>**J. Kelley Nevling, Jr**<br>**Levi Lubarsky & Feigenbaum LLP**<br>**1185 Avenue of the Americas**<br>**17th Floor**<br>**New York, NY 10036**<br>212-308-6100<br>212-308-8830 (fax)<br>hlevi@llf-law.com<br>knevling@llf-law.com<br><br>**Counsel for Bank of New York Melon** |
| Terry Alan Myers<br>Jeffrey Lance Nagel<br>Gibbons P.C. (NY)<br>One Pennsylvania Plaza, 37th Floor<br>New York, NY 10119<br>(212) 613-2005<br>(212)-554-9670 (fax)<br>tmyers@gibbonslaw.com<br>jnagel@gibbonslaw.com | |

DWT 18428104v1 0067486-000015

| Counsel for Commerzbank AG | |
|---|---|

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

_____
Megan C. Duffy

Sworn to before me this
25h of October, 2011

_____
Notary Public

LINDA G. MOSCHETTI
Notary Public, State of New York
No. 01MO4723235
Qualified in Bronx County
Term Expires August 31, 20 14

DWT 18428104v1 0067486-000015