UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>       Plaintiffs,<br><br>    v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, and CITIBANK,<br><br>       Defendants. | **Civil Action No. 09-cv-5900 (RPP)** |
| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE and CITIBANK, N.A.,<br><br>       Third-Party Plaintiffs,<br><br>    v.<br><br>STEVEN GREENBAUM et al.,<br><br>       Third-Party Defendants. | |

## ANSWER OF SOCIÉTÉ GÉNÉRALE TO COUNTERCLAIMS OF GREENBAUM JUDGMENT CREDITORS

Third-party plaintiff Société Générale, by its attorneys, Mayer Brown LLP, as its answer to the counterclaims asserted by third-party defendants Steven Greenbaum *et al.* (the "Greenbaum Parties") in their Answer and Counterclaims dated October 11, 2011, states as follows:

1. Société Générale admits the allegations contained in Paragraph 41.

2. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and refers all questions of law to the Court.

3. Société Générale admits the allegations contained in Paragraph 43.

4. Société Générale denies the allegations contained in Paragraph 44 and refers all questions of law to the Court.

5. Société Générale denies the allegations contained in Paragraph 45 and refers all questions of law to the Court.

6. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

7. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

8. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, except admits that a document titled "Writ of Execution" was served on Société Générale on or about February 17, 2011.

9. Société Générale denies the allegations contained in Paragraph 49, except admits that the Greenbaum Parties filed an Answer and Counterclaims on April 15, 2010 and refers the Court to the Answer and Counterclaims for its contents and further admits that the Greenbaum Parties filed an Amended Answer and Counterclaims on March 7, 2011 and refers the Court to the Amended Answer and Counterclaims for its contents.

10. Société Générale denies the allegations contained in Paragraph 50, except refers the Court to its January 20, 2011 Order and March 4, 2011 Order for their contents.

11. Société Générale denies the allegations contained in Paragraph 51, except admits the allegations contained in the second sentence of Paragraph 51 and refers the Court to its June 21, 2011 Order for its contents.

12. Société Générale denies the allegations contained in Paragraph 52, except admits the allegations contained in the second sentence of Paragraph 52 and refers the Court to its September 16, 2011 Order for its contents.

13. Société Générale denies the allegations contained in Paragraph 53, except admits that certain blocked assets held at SG have been designated for inclusion in Phase Two of this proceeding and refers the Court to the Third-Party Complaint for its contents.

14. Société Générale denies the allegations contained in Paragraph 54 and refers all questions of law to the Court.

First Counterclaim

15. Société Générale repeats and realleges every response contained in Paragraphs 1 through 14 as if fully set forth herein.

16. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 and refers all questions of law to the Court.

17. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 and refers all questions of law to the Court.

18. Société Générale denies the allegations contained in Paragraph 58, except admits that certain blocked assets held at SG have been designated for inclusion in Phase Two of this proceeding.

19. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and refers all questions of law to the Court.

20. Société Générale denies the allegations contained in Paragraph 60 and refers all questions of law to the Court.

Second Counterclaim

21. Société Générale repeats and realleges every response contained in Paragraphs 1 through 14 as if fully set forth herein.

22. Société Générale denies the allegations contained in Paragraph 62, except admits that Paragraph 62 contains a partial quotation from TRIA and refers the Court to TRIA for its contents.

23. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and refers all questions of law to the Court.

24. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and refers all questions of law to the Court.

25. Société Générale denies the allegations contained in Paragraph 65 and refers all questions of law to the Court.

26. Société Générale denies the allegations contained in Paragraph 66, except admits that certain blocked assets held at SG have been designated for inclusion in Phase Two of this proceeding.

27. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and refers all questions of law to the Court.

28. Société Générale denies the allegations contained in Paragraph 68 and refers all questions of law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

29. The Greenbaum Parties have no legal interest in any blocked assets held at Société Générale.

**SECOND AFFIRMATIVE DEFENSE**

30. To the extent that the Greenbaum Parties do have an interest in blocked assets held at Société Générale, other persons may have interests that are superior to any rights of the Greenbaum Parties.

**THIRD AFFIRMATIVE DEFENSE**

31. To the extent that persons other than the Greenbaum Parties have interests of any kind in any blocked assets that are the subject of this dispute, those persons are indispensable parties.

**FOURTH AFFIRMATIVE DEFENSE**

32. To the extent that the blocked assets belonging to Iran and its agencies or instrumentalities that are in the possession of the counterclaim defendants exceed the amount necessary to satisfy the Greenbaum Parties' judgment, this Court should allocate the amounts to be turned over to each of the defendants and determine from which accounts the funds should be debited in such a way that Société Générale is not required to turn over more than its allocable share.

**FIFTH AFFIRMATIVE DEFENSE**

33. Société Générale is entitled to collect the reasonable costs and attorneys' fees incurred in this action from the corpus of the disputed funds.

**RESERVATION OF RIGHTS**

Société Générale reserves its right to supplement its answer with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having responded to the counterclaims and asserted affirmative defenses, Société Générale respectfully requests that this Court enter an order as requested in the Third-Party Complaint and dismissing the counterclaims with prejudice, and granting Société Générale any such additional equitable and other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
October 31, 2011

                MAYER BROWN LLP

By: /s/ Mark G. Hanchet
Mark G. Hanchet
Christopher J. Houpt
1675 Broadway
New York, New York 10019
(212) 506-2500

*Attorneys for Defendant and Interpleader Plaintiff Société Générale*