UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>      Plaintiffs,<br><br>  v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, and CITIBANK,<br><br>      Defendants. | |
| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE and CITIBANK, N.A.,<br><br>      Third-Party Plaintiffs,<br><br>  v.<br><br>STEVEN GREENBAUM et al.,<br><br>      Third-Party Defendants. | **Civil Action No. 09-cv-5900 (RPP)** |

### ANSWER OF SOCIÉTÉ GÉNÉRALE TO COUNTERCLAIM OF HEISER JUDGMENT CREDITORS

Third-party plaintiff Société Générale, by its attorneys, Mayer Brown LLP, as its answer to the counterclaim asserted by third-party defendants the Estate of Michael Heiser et al. (the "Heiser Parties") in their Answer and Counterclaim dated October 11, 2011, states as follows:

1. Société Générale admits the allegations contained in Paragraph 40.

2. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

3. Société Générale denies the allegations contained in Paragraph 42, except admits that Société Générale is a bank headquartered in Paris, France, with a branch located in the City and State of New York.

4. Société Générale denies the allegations contained in Paragraph 43 and refers all questions of law to the Court.

5. Société Générale denies the allegations contained in Paragraph 44 and refers all questions of law to the Court.

6. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

7. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

8. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

9. Société Générale denies the allegations contained in Paragraph 48, except refers the Court to its August 25, 2011 Order for its contents.

10. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

11. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 and refers all questions of law to the Court.

12. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 and refers all questions of law to the Court.

13. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 and refers all questions of law to the Court.

14. Société Générale denies the allegations contained in Paragraph 53, except admits that Paragraph 53 contains a partial quotation from TRIA and refers the Court to TRIA for its contents.

15. Société Générale denies the allegations contained in Paragraph 54 and refers all questions of law to the Court.

16. Société Générale denies the allegations contained in Paragraph 55, except admits that certain blocked assets held at SG have been designated for inclusion in Phase Two of this proceeding.

17. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56.

18. Société Générale denies the allegations contained in Paragraph 57, except admits that a document titled "Writ of Execution" was served on Société Générale on or about January 3, 2011.

19. Société Générale denies the allegations contained in Paragraph 58, except admits that the Heiser Parties filed a document titled "Petition for Turnover Order Pursuant to Fed. R. Civ. P. 69 and N.Y.C.P.L.R. §§ 5225 & 5227" on February 14, 2011.

20. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

21. Société Générale denies the allegations contained in Paragraph 60 and refers all questions of law to the Court.

## Counterclaim

22. Société Générale repeats and realleges every response contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 and refers all questions of law to the Court.

24. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and refers all questions of law to the Court.

25. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and refers all questions of law to the Court.

26. Société Générale denies the allegations contained in Paragraph 65, except admits that certain blocked assets held at SG have been designated for inclusion in Phase Two of this proceeding.

27. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and refers all questions of law to the Court.

28. Société Générale denies the allegations contained in Paragraph 67 and refers all questions of law to the Court.

**FIRST AFFIRMATIVE DEFENSE**

29. The Heiser Parties have no legal interest in any blocked assets held at Société Générale.

**SECOND AFFIRMATIVE DEFENSE**

30. To the extent that the Heiser Parties do have an interest in blocked assets held at Société Générale, other persons may have interests that are superior to any rights of the Heiser Parties.

**THIRD AFFIRMATIVE DEFENSE**

31. To the extent that persons other than the Heiser Parties have interests of any kind in any blocked assets that are the subject of this dispute, those persons are indispensable parties.

**FOURTH AFFIRMATIVE DEFENSE**

32. To the extent that the blocked assets belonging to Iran and its agencies or instrumentalities that are in the possession of the counterclaim defendants exceed the amount necessary to satisfy the Heiser Parties' judgment, this Court should allocate the amounts to be turned over to each of the defendants and determine from which accounts the funds should be debited in such a way that Société Générale is not required to turn over more than its allocable share.

**FIFTH AFFIRMATIVE DEFENSE**

33. Société Générale is entitled to collect the reasonable costs and attorneys' fees incurred in this action from the corpus of the disputed funds.

**RESERVATION OF RIGHTS**

Société Générale reserves its right to supplement its answer with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having responded to the counterclaim and asserted affirmative defenses, Société Générale respectfully requests that this Court enter an order as requested in the Third-Party Complaint and dismissing the counterclaim with prejudice, and granting Société Générale any such additional equitable and other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
October 31, 2011

                                MAYER BROWN LLP

                       By:   /s/ Mark G. Hanchet
                                Mark G. Hanchet
                                Christopher J. Houpt
                                1675 Broadway
                                New York, New York  10019
                                (212) 506-2500

                                *Attorneys for Defendant and Interpleader Plaintiff Société Générale*