UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,       :        09 Civ. 5900 (RPP) (MHD)

                Plaintiffs,       :

      -against-       :

BANK OF NEW YORK, et al.,       :

                Defendants.       :
------------------------------------------------------------x

THE BANK OF NEW YORK MELLON,       :

         Third-Party Plaintiff,       :        **ANSWER OF JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A., TO LEVIN CROSSCLAIM**

      -against-       :

STEVEN M. GREENBAUM, et al.,       :

         Third-Party Defendants.       :
------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A.,       :

         Third-Party Plaintiff,       :

      -against-       :

STEVEN M. GREENBAUM, et al.,       :

         Third-Party Defendants.       :
------------------------------------------------------------x

SOCIÉTÉ GÉNÉRALE,       :

         Third-Party Plaintiff,       :

      -against-       :

STEVEN M. GREENBAUM, et al.,       :

         Third-Party Defendants.       :

```
-----------------------------------------------------------x
CITIBANK, N.A.,                                            :
                Third-Party Plaintiff,                     :
        -against-                                          :
DEBORAH D. PETERSON, et al.,                               :
                Third-Party Defendants.                    :
-----------------------------------------------------------x
```

    Defendants, Third-Party Plaintiffs and Crossclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, as their answer to the Crossclaim (the "Crossclaim") asserted by Plaintiffs, Third-Party Defendants and Crossclaim Plaintiffs Jeremy Levin and Dr. Lucille Levin (the "Levins") in their answer dated October 5, 2011 to the third-party complaint filed by Citibank, N.A. dated September 21, 2011, state as follows:

    1.  To the extent that paragraph 72 of the Crossclaim sets forth allegations that require a response from JPMorgan, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except to the extent indicated below.

    2.  In response to paragraph 73 of the Crossclaim, repeat and reallege each and every allegation set forth in JPMCB's answer dated October 23, 2009 to the Levins' complaint dated June 26, 2009, as if set forth here in full.

    3.  To the extent that JPMorgan is required to respond to paragraph 74 of the Crossclaim, which purports in part to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Crossclaim.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Crossclaim except admit that JPMorgan has provided information to the Levins, in response to discovery requests and orders, about funds that JPMorgan is holding in blocked accounts and refer to JPMorgan's responses to those discovery requests and orders for the information provided to the Levins at those times.

6. To the extent that JPMorgan is required to respond to paragraph 77 of the Crossclaim, which purports in part to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admit that the Levins filed this proceeding in the United States District Court for the Southern District of New York (the "Court) on June 26, 2009 and refer to the Levins' complaint for a full statement of the relief sought therein.

7. Admit the allegations of paragraph 78 of the Crossclaim.

8. Admit the allegations of the first sentence of paragraph 79 of the Crossclaim. Deny each and every allegation set forth in the second sentence of paragraph 79 of the Crossclaim except admit that Steven M. Greenbaum, et al., Carlos Acosta, et al. and the Estate of Michael Heiser, et al., each made motions for partial summary judgment in this proceeding in September of 2010 and refer to their motion papers for the relief sought in those motions.

9. Deny each and every allegation set forth in paragraph 80 of the Crossclaim except admit that the Court entered an opinion and order dated January 20,

2011, later modified on March 4, 2011 (the "March 4 Order") that decided the motions for partial summary judgment made in this proceeding in July and September of 2010 and refer to the March 4 Order for its terms and provisions.

      10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Crossclaim except admit that the Levins filed a notice of appeal from the Court's opinion and order dated January 20, 2011, before it was modified on March 4, 2011.

      11.    Deny each and every allegation set forth in paragraph 82 of the Crossclaim except admit that on or about June 7, 2011, some or all of the parties who had made motions for partial summary judgment in July and September 2010 made new motions for partial summary judgment, and that the Court entered an opinion and order dated June 21, 2011, later modified on July 11, 2011 (the "July 11 Order"), with respect to the motions made on or about June 7, 2011, refer to the motion papers in support of those motions for the relief sought by the motions, refer to the July 11 Order for the terms and provisions thereof and deny knowledge or information sufficient to form a belief as to the extent to which the alleged judgment in favor of the Levins has been satisfied or remains unsatisfied.

      12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Crossclaim except admit that a writ of execution with respect to a judgment entered in favor of the Levins against the Islamic Republic of Iran, et al., was received by JPMorgan on or about September 2, 2011.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Crossclaim.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Crossclaim.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Crossclaim.

16. To the extent that JPMorgan is required to respond to paragraph 87 of the Crossclaim, which purports to set forth conclusions of law, deny each and every allegation set forth therein.

17. To the extent that JPMorgan is required to respond to paragraph 88 of the Crossclaim, which purports to set forth conclusions of law, deny each and every allegation set forth therein.

18. To the extent that JPMorgan is required to respond to paragraph 89 of the Crossclaim, which purports to set forth conclusions of law, deny each and every allegation set forth therein.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

JPMorgan, without assuming the burden of proof for those matters upon which the Levins bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

## FIRST AFFIRMATIVE DEFENSE/OBJECTION

19. Persons and entities ("persons") other than the Islamic Republic of Iran, the Iranian Ministry of Information and Security or the Iranian Islamic Revolutionary Guard Corp (collectively, "Iran"), or Iran's agencies and instrumentalities,

including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in wire transfers that were blocked pursuant to regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department for which JPMorgan is holding the proceeds and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by JPMorgan that are the subject of the Crossclaim that may be superior to the rights of the Levins, if any, to have execution against such funds and assets to satisfy the alleged judgment or judgments referred to in paragraph 74 of the Crossclaim (the "Judgment").

## SECOND AFFIRMATIVE DEFENSE/OBJECTION

20.     Persons other than the Levins, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in blocked wire transfers for which JPMorgan is holding the proceeds, Iran, persons alleged to be agencies or instrumentalities of Iran and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claim, may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule _") or applicable provisions of state law (and properly subject to interpleader under Rule 22) and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights.

## THIRD AFFIRMATIVE DEFENSE/OBJECTION

21. The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, the Levins, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to section 201(a) of the Terrorism Risk Insurance Act of 2002, codified in a note to 28 U.S.C. § 1610 ("TRIA"), or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g) (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

## FOURTH AFFIRMATIVE DEFENSE/OBJECTION

22. If the Judgment was entered on default, the Levins must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by section 1608 of the FSIA in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

## FIFTH AFFIRMATIVE DEFENSE/OBJECTION

23. In order to comply with the requirements of CPLR §§ 5225(b) and 5227 and Rule 69, the Levins must meet their burden of proof that a copy of the

Crossclaim has been served on Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Crossclaim, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

### SIXTH AFFIRMATIVE DEFENSE/OBJECTION

24. The Levins must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Levins to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc*, 1997 WL 811474, at *3.

### SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

25. The Levins can execute on assets in the possession or custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

26. The Levins can execute on property in the possession or custody of JPMorgan pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

NINTH AFFIRMATIVE DEFENSE/OBJECTION

27.     Sections 1609 and 1610 of the FSIA limit the Levins to enforcing the Judgment against property in the United States.

TENTH AFFIRMATIVE DEFENSE/OBJECTION

28.     Nothing in this Answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

ELEVENTH AFFIRMATIVE DEFENSE/OBJECTION

29.     To the extent that the value of the property, funds and assets held by JPMorgan, and by the other Defendants and other parties against which the Levins have brought other judgment enforcement proceedings, that is lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other Defendants and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that is being required to turn over funds or assets and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Defendants, Third-Party Plaintiffs and Crossclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment in this proceeding

(1)     Dismissing the Crossclaim in its entirety as against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.;

  (2) Awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. their costs and expenses in this proceeding, including reasonable attorneys' fees; and

  (3) Granting such other and further relief to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as may be just and proper.

Dated: New York, New York
   November 2, 2011

           LEVI LUBARSKY & FEIGENBAUM LLP

         By: _____
           Howard B. Levi
           Richard F. Lubarsky
           J. Kelley Nevling, Jr.
         1185 Avenue of the Americas, 17th Floor
         New York, NY 10036
         Tel. No. (212) 308-6100
         E-mail address hlevi@llf-law.com or
         knevling@llf-law.com

         *Attorneys for Defendants, Third-Party*
         *Plaintiffs and Crossclaim Defendants*
         *JPMorgan Chase & Co. and JPMorgan*
         *Chase Bank, N.A.*