UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :   09 Civ. 5900 (RPP) (MHD)

            Plaintiffs,  :

      -against-  :

BANK OF NEW YORK, et al.,  :

            Defendants.  :
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN  :
CHASE BANK, N.A.,
                :   **ANSWER OF**
           Third-Party Plaintiffs,   **THE BANK OF NEW**
                :   **YORK MELLON TO**
      -against-   **COUNTERCLAIM OF**
                :   **HEISER THIRD-**
STEVEN M. GREENBAUM, et al.,   **PARTY DEFENDANTS**

                :
           Third-Party Defendants.
------------------------------------------------------------x

       Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the Counterclaim (the "Counterclaim") asserted by Third-Party Defendants and Counterclaim Plaintiffs the Estate of Michael Heiser, et al., (the "Heiser Parties") in their answer dated October 6, 2011 to the Amended and Supplemental Third-Party Complaint of BNY Mellon dated September 21, 2011 ("BNY Mellon's September 21, 2011 Third-Party Complaint"), states as follows:

       1.    To the extent that paragraph 112 of the Counterclaim sets forth allegations that require a response from BNY Mellon, denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein except to the extent indicated below.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Counterclaim.

3.  Admits the allegations of paragraph 114 of the Counterclaim.

4.  In response to paragraph 115 of the Counterclaim, admits that this Court has subject matter jurisdiction over the Counterclaim pursuant to, inter alia, the statutes cited in the first sentence of paragraph 115.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Counterclaim except do not dispute that the Southern District of New York is a proper venue for the adjudication of the Counterclaim.

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Counterclaim.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Counterclaim.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Counterclaim.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Counterclaim.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Counterclaim.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Counterclaim.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Counterclaim.

13. To the extent that BNY Mellon is required to respond to paragraph 124 of the Counterclaim, which consists in part of purported conclusions of law, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admits that the Islamic Republic of Iran is a foreign state.

14. To the extent that BNY Mellon is required to respond to paragraph 125 of the Counterclaim, which purports to set forth conclusions of law, denies each and every allegation of paragraph 125 except admits that section 1610(g) of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. § 1610(g), is a federal statute and refers to the statute for its terms and provisions.

15. To the extent that BNY Mellon is required to respond to paragraph 126 of the Counterclaim, which purports to set forth conclusions of law, denies each and every allegation of paragraph 126 except admits that it quotes selectively from section 201(a) of the Terrorism Risk Insurance Act of 2002, codified following 28 U.S.C. § 1610 ("TRIA"), and refers to the full text of the statute for its terms and provisions.

16. To the extent that BNY Mellon is required to respond to paragraph 127 of the Counterclaim, which purports to set forth conclusions of law, denies each and every allegation of paragraph 127 except admits that TRIA § 201 is a federal statute and refers to the statute for its terms and provisions.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Counterclaim except admits that BNY Mellon is holding the blocked funds and assets identified in Exhibit N to BNY Mellon's September 21, 2011 Third-Party Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 of the Counterclaim.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Counterclaim except admits that on or about May 3, 2010, BNY Mellon received a copy of a writ of garnishment issued by the United States District Court for the District of Maryland that related to a judgment against the Islamic Republic of Iran, et al.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Counterclaim.

22. Denies the allegations of paragraph 133 of the Counterclaim.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 of the Counterclaim.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Counterclaim.

25. In response to paragraph 136 of the Counterclaim, repeats and realleges the allegations set forth in paragraphs 1 through 22 of this Answer as if set forth here in full.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Counterclaim.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Counterclaim.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Counterclaim.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Counterclaim except admits that BNY Mellon is holding the blocked funds and assets identified in Exhibit N to BNY Mellon's September 21, 2011 Third-Party Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Counterclaim.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Counterclaim.

AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

BNY Mellon, without assuming the burden of proof for those matters upon which the Heiser Parties bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

FIRST AFFIRMATIVE DEFENSE/OBJECTION

32. Persons and entities ("persons") other than the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps (collectively, "Iran"), or Iran's agencies and instrumentalities, including persons who were parties to or participants in wire transfers

that were blocked pursuant to regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department for which BNY Mellon is holding the proceeds and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by BNY Mellon that are the subject of the Counterclaim that may be superior to the rights of the Heiser Parties, if any, to have execution against such funds and assets to satisfy the alleged judgment or judgments referred to in paragraph 117 of the Counterclaim (the "Judgment").

<u>SECOND AFFIRMATIVE DEFENSE/OBJECTION</u>

33.   Persons other than the Heiser Parties, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in blocked wire transfers for which BNY Mellon is holding the proceeds, Iran, persons alleged to be agencies or instrumentalities of Iran and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claim, may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule _") or applicable provisions of state law (and properly subject to interpleader under Rule 22) and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights.

## THIRD AFFIRMATIVE DEFENSE/OBJECTION

34. The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, the Heiser Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or FSIA § 1610(g), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

## FOURTH AFFIRMATIVE DEFENSE/OBJECTION

35. If the Judgment was entered on default, the Heiser Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by section 1608 of the FSIA in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

## FIFTH AFFIRMATIVE DEFENSE/OBJECTION

36. In order to comply with the requirements of CPLR §§ 5225(b) and 5227 and Rule 69, the Heiser Parties must meet their burden of proof that a copy of the Counterclaim has been served on Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Counterclaim, in

7

the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

### SIXTH AFFIRMATIVE DEFENSE/OBJECTION

37.   The Heiser Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on BNY Mellon and authorize the Heiser Parties to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc*, 1997 WL 811474, at *3.

### SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

38.   The Heiser Parties can execute on assets in the possession or custody of BNY Mellon pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

39.   The Heiser Parties can execute on property in the possession or custody of BNY Mellon pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

### NINTH AFFIRMATIVE DEFENSE/OBJECTION

40. Sections 1609 and 1610 of the FSIA limit the Heiser Parties to enforcing the Judgment against property in the United States.

### TENTH AFFIRMATIVE DEFENSE/OBJECTION

41. Nothing in this Answer shall constitute a waiver of any rights of set-off that BNY Mellon may have against any party, person or entity.

### ELEVENTH AFFIRMATIVE DEFENSE/OBJECTION

42. To the extent that the value of the property, funds and assets held by BNY Mellon, and by the other Defendants and other parties against which the Heiser Parties have brought other judgment enforcement proceedings, that is lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by BNY Mellon, the other Defendants and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that is being required to turn over funds or assets and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon requests the entry of a judgment in this proceeding

(1) Dismissing the Counterclaim in its entirety as against The Bank of New York Mellon;

9

  (2) Awarding to The Bank of New York Mellon its costs and expenses in this proceeding, including reasonable attorneys' fees; and

  (3) Granting such other and further relief to The Bank of New York Mellon as may be just and proper.

Dated: New York, New York
   November 2, 2011

           LEVI LUBARSKY & FEIGENBAUM LLP

          By: _____
            Howard B. Levi
            Richard F. Lubarsky
            J. Kelley Nevling, Jr.
          1185 Avenue of the Americas, 17th Floor
          New York, NY 10036
          Tel. No. (212) 308-6100
          E-mail address hlevi@llf-law.com or knevling@llf-law.com

          *Attorneys for Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon*