UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

-----------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | |
| Third-Party Plaintiff, | : | **ANSWER OF THE BANK OF NEW YORK MELLON TO COUNTERCLAIMS OF GREENBAUM THIRD-PARTY DEFENDANTS** |
| -against- | : | |
| STEVEN M. GREENBAUM, et al., | : | |
| Third-Party Defendants. | : | |

-----------------------------------------------------------x

Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the Counterclaims (the "Counterclaims") asserted by Third-Party Defendants and Counterclaim Plaintiffs Steven M. Greenbaum (sued individually and as administrator of the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (the "Greenbaum Parties") in their answer dated October 6, 2011 to the third-party complaint filed by BNY Mellon dated September 21, 2011, states as follows:

      1.    To the extent that paragraph 113 of the Counterclaims sets forth allegations that require a response from BNY Mellon, denies knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein except to the extent indicated below.

2.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Counterclaims.

3.   Admits the allegations of paragraph 115 of the Counterclaims.

4.   In response to paragraph 116 of the Counterclaims, admits that this Court has subject matter jurisdiction over the Counterclaims pursuant to, inter alia, the statutes cited in the first sentence of paragraph 116.

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Counterclaims except denies that the property of BNY Mellon that is the subject of this proceeding is located in this district and does not dispute that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Counterclaims.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Counterclaims.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Counterclaims except admits that a writ of execution with respect to a judgment entered in favor of the Greenbaum Parties against the Islamic Republic of Iran, et al., was received by BNY Mellon on February 17, 2011.

9.   Denies each and every allegation set forth in paragraph 121 of the Counterclaims except admits that on April 15, 2010, the Greenbaum Parties filed an answer, with counterclaims, to the third-party complaint filed by defendants (collectively, the "Defendants") on December 31, 2009 and that that on March 7, 2011, the Greenbaum Parties filed an amended answer thereto, with amended counterclaims, and refers to their answer and amended answer for the contents thereof and the relief sought therein.

10.   Denies each and every allegation set forth in paragraph 122 of the Counterclaims except admits that in an order dated January 20, 2011, as modified on March 4, 2011, the United States District Court for the Southern District of New York (the "Court") granted the Greenbaum Parties' and certain other parties' cross-motion for summary judgment with respect to certain blocked assets allegedly being held by Defendants other than BNY Mellon.

11.   Denies each and every allegation set forth in paragraph 123 of the Counterclaims except admits that in an order dated June 21, 2011 (the "June 21 Order"), later modified on July 11, 2011, the Court granted a joint motion for summary judgment made by the Greenbaum Parties and other parties to this proceeding, refers to that order for its terms and provisions and admits that in July 2011 BNY Mellon turned over a sum of money to the United States Marshal's Service for the Southern District of New York in order to comply with the terms of the June 21 Order.

12.   Denies each and every allegation set forth in paragraph 124 of the Counterclaims except admits that on September 16, 2011, the Court entered an order (the "September 16 Order") authorizing BNY Mellon and the other Defendants to file and serve additional third-party complaints, refers to that order for its terms and provisions,

and admits that on and after September 21, 2011 BNY Mellon filed its Amended and Supplemental Third-Party Complaint dated September 21, 2011 (the "Third-Party Complaint") and served it on certain third-party defendants in compliance with the requirements of the September 16 Order.

13. Denies each and every allegation set forth in paragraph 125 of the Counterclaims except admits that the Third-Party Complaint alleges that BNY Mellon is possession of certain funds that have been blocked pursuant to regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and refers to the Third-Party Complaint for its contents.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Counterclaims.

15. In response to paragraph 127 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 14 of this Answer as if set forth here in full.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 of the Counterclaims.

17. Denies each and every allegation set forth in paragraph 129 of the Counterclaims.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Counterclaims.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Counterclaims.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Counterclaims.

21. In response to paragraph 133 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 14 of this Answer as if set forth here in full.

22. To the extent that BNY Mellon is required to respond to paragraph 134 of the Counterclaims, which purports to set forth conclusions of law, denies those allegations except admits that paragraph 134 quotes selectively from section 201(a) of the Terrorism Risk Insurance Act of 2002, codified following 28 U.S.C. § 1610 ("TRIA"), and refers to the full text of the statute for its terms and provisions.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Counterclaims.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Counterclaims.

25. To the extent that BNY Mellon is required to respond to paragraph 137 of the Counterclaims, which purports to set forth a conclusion of law, denies each and every allegation set forth in paragraph 137 except admits that paragraph 137 purports to paraphrase TRIA § 201(a) and refers to the full text of the statute for its terms and provisions.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Counterclaims.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Counterclaims.

28. To the extent that BNY Mellon is required to respond to paragraph 140 of the Counterclaims, which purports to set forth conclusions of law, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

BNY Mellon, without assuming the burden of proof for those matters upon which the Greenbaum Parties bear such burden, for its affirmative defenses and objections in point of law, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE/OBJECTION

29. Persons and entities ("persons") other than the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively, "Iran"), or Iran's agencies and instrumentalities, including persons who were parties to or participants in wire transfers that were blocked pursuant to OFAC regulations for which BNY Mellon is holding the proceeds and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by BNY Mellon that are the subject of the Counterclaims that may be superior to the rights of the Greenbaum Parties, if any, to have execution against such funds and assets to satisfy the alleged judgment or judgments referred to in paragraph 114 of the Counterclaims (the "Judgment").

## SECOND AFFIRMATIVE DEFENSE/OBJECTION

30. Persons other than the Greenbaum Parties, including persons who were parties to or participants in blocked wire transfers for which BNY Mellon is holding

the proceeds, Iran, persons alleged to be agencies or instrumentalities of Iran and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claim, may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule _") or applicable provisions of state law (and properly subject to interpleader under Rule 22) and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights.

THIRD AFFIRMATIVE DEFENSE/OBJECTION

31.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, the Greenbaum Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g) (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

FOURTH AFFIRMATIVE DEFENSE/OBJECTION

32. If the Judgment was entered on default, the Greenbaum Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by section 1608 of the FSIA in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

FIFTH AFFIRMATIVE DEFENSE/OBJECTION

33. In order to comply with the requirements of CPLR §§ 5225(b) and 5227 and Rule 69, the Greenbaum Parties must meet their burden of proof that a copy of the Counterclaims has been served on Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Counterclaims, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

SIXTH AFFIRMATIVE DEFENSE/OBJECTION

34. The Greenbaum Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on BNY Mellon and authorize the Greenbaum Parties to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc*, 1997 WL 811474, at *3.

SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

35. The Greenbaum Parties can execute on assets in the possession or custody of BNY Mellon pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

36. The Greenbaum Parties can execute on property in the possession or custody of BNY Mellon pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

NINTH AFFIRMATIVE DEFENSE/OBJECTION

37. Sections 1609 and 1610 of the FSIA limit the Greenbaum Parties to enforcing the Judgment against property in the United States.

TENTH AFFIRMATIVE DEFENSE/OBJECTION

38. Nothing in this Answer shall constitute a waiver of any rights of set-off that BNY Mellon may have against any party, person or entity.

ELEVENTH AFFIRMATIVE DEFENSE/OBJECTION

39. To the extent that the value of the property, funds and assets held by BNY Mellon, and by the other Defendants and other parties against which the Greenbaum Parties have brought other judgment enforcement proceedings, that is

lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by BNY Mellon, the other Defendants and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that is being required to turn over funds or assets and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon requests the entry of a judgment in this proceeding

(1) Dismissing the Counterclaims in their entirety as against The Bank of New York Mellon;

(2) Awarding to The Bank of New York Mellon its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to The Bank of New York Mellon as may be just and proper.

Dated: New York, New York
November 2, 2011

          LEVI LUBARSKY & FEIGENBAUM LLP

        By: /s/ J. Kelley Nevling
          Howard B. Levi
          Richard F. Lubarsky
          J. Kelley Nevling, Jr.
       1185 Avenue of the Americas, 17th Floor
       New York, NY 10036
       Tel. No. (212) 308-6100
       E-mail address hlevi@llf-law.com or
       knevling@llf-law.com

       *Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants The Bank of New York Mellon*