UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>  Plaintiffs,<br><br>v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, and CITIBANK,<br><br>  Defendants. | **Civil Action No. 09-cv-5900 (RPP)** |
| THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE and CITIBANK, N.A.,<br><br>  Third-Party Plaintiffs,<br><br>v.<br><br>STEVEN GREENBAUM et al.,<br><br>  Third-Party Defendants. | |

### ANSWER OF SOCIÉTÉ GÉNÉRALE TO CROSSCLAIMS OF <u>VALORE JUDGMENT CREDITORS</u>

Third-party plaintiff Société Générale, by its attorneys, Mayer Brown LLP, as its answer to the crossclaims asserted by third-party defendants Terance J. Valore et al. (the "Valore Parties") in their Answer, Counterclaims, and Crossclaims dated October 25, 2011, states as follows:

1. Société Générale admits the allegations contained in Paragraph 121.

2. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and refers all questions of law to the Court.

3. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123.

4. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124.

5. Société Générale admits the allegations contained in Paragraph 125.

6. Société Générale denies the allegations contained in Paragraph 126 and refers all questions of law to the Court.

7. Société Générale denies the allegations contained in Paragraph 127 and refers all questions of law to the Court.

8. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128.

9. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129.

10. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130.

11. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131.

12. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

13. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

14. Société Générale denies the allegations contained in Paragraph 134, except admits that certain blocked assets held at Société Générale have been designated for inclusion in Phase Two of this proceeding and refers the Court to the Third-Party Complaint for its contents.

15. Société Générale denies the allegations contained in Paragraph 135, except admits that certain blocked assets held at Société Générale have been designated for inclusion in Phase Two of this proceeding.

First Counterclaim

16. Société Générale repeats and realleges every response contained in Paragraphs 1 through 15 as if fully set forth herein.

17. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 and refers all questions of law to the Court.

18. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 and refers all questions of law to the Court.

19. Société Générale denies the allegations contained in Paragraph 139, except admits that certain blocked assets held at Société Générale have been designated for inclusion in Phase Two of this proceeding.

20. Société Générale denies the allegations contained in Paragraph 140 and refers all questions of law to the Court.

Second Counterclaim

21. Société Générale repeats and realleges every response contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Société Générale denies the allegations contained in Paragraph 142, except admits that Paragraph 142 contains a partial quotation from the TRIA and refers the Court to the TRIA for its contents.

23. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 and refers all questions of law to the Court.

24. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 and refers all questions of law to the Court.

25. Société Générale denies the allegations contained in Paragraph 145 and refers all questions of law to the Court.

26. Société Générale denies the allegations contained in Paragraph 146 and refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

27. The Valore Parties have no legal interest in any blocked assets held at Société Générale.

## SECOND AFFIRMATIVE DEFENSE

28. To the extent that the Valore Parties do have an interest in blocked assets held at Société Générale, other persons may have interests that are superior to any rights of the Valore Parties.

## THIRD AFFIRMATIVE DEFENSE

29. To the extent that persons other than the Valore Parties have interests of any kind in any blocked assets that are the subject of this dispute, those persons are indispensable parties.

## FOURTH AFFIRMATIVE DEFENSE

30. To the extent that the blocked assets belonging to Iran and its agencies or instrumentalities that are in the possession of the counterclaim defendants exceed the amount necessary to satisfy the Valore Parties' judgment, this Court should allocate the amounts to be turned over to each of the defendants and determine from which accounts the funds should be debited in such a way that Société Générale is not required to turn over more than its allocable share.

## FIFTH AFFIRMATIVE DEFENSE

31. Société Générale is entitled to collect the reasonable costs and attorneys' fees incurred in this action from the corpus of the disputed funds.

## RESERVATION OF RIGHTS

Société Générale reserves its right to supplement its answer with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having responded to the crossclaims and asserted affirmative defenses, Société Générale respectfully requests that this Court enter an order as requested in the Third-Party Complaint and dismissing the crossclaims with prejudice, and granting Société Générale any such additional equitable and other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
November 17, 2011

                              MAYER BROWN LLP

                    By:    /s/ Mark G. Hanchet
                           Mark G. Hanchet
                           Christopher J. Houpt
                           1675 Broadway
                           New York, New York  10019
                           (212) 506-2500

                           *Attorneys for Defendant and Interpleader Plaintiff Société Générale*