UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., | : | |
| | : | **ANSWER OF JPMORGAN CHASE &** |
| Third-Party Plaintiffs, | : | **CO. AND JPMORGAN** |
| -against- | : | **CHASE BANK, N.A., TO** |
| | : | **COUNTERCLAIMS OF** |
| STEVEN M. GREENBAUM, et al., | : | **VALORE THIRD-** |
| | : | **PARTY DEFENDANTS** |
| Third-Party Defendants. | | |

------------------------------------------------------------x

        Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, as their answer to the Counterclaims (the "Counterclaims") asserted by Third-Party Defendants and Counterclaim Plaintiffs Terance J. Valore, et al. (the "Valore Parties") in their answer dated October 25, 2011 to JPMorgan's Amended and Supplemental Third-Party Complaint dated September 21, 2011 ("JPMorgan's September 21, 2011 Third-Party Complaint"), state as follows:

        1.    To the extent that paragraph 184 of the Counterclaims sets forth allegations that require a response from JPMorgan, deny knowledge or information

sufficient to form a belief as to the truth of the allegations set forth therein except to the extent indicated below.

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 185 of the Counterclaims.

3.  Admit the allegations of paragraph 186 of the Counterclaims.

4.  Admit the allegations of paragraph 187 of the Counterclaims.

5.  In response to paragraph 188 of the Counterclaims, admit that this Court has subject matter jurisdiction over the Counterclaims pursuant to, inter alia, the statutes cited in the first sentence of paragraph 188.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 189 of the Counterclaims except do not dispute that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the Counterclaims.

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 191 of the Counterclaims.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 192 of the Counterclaims.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 193 of the Counterclaims.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 194 of the Counterclaims.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 195 of the Counterclaims.

13. Deny each and every allegation set forth in paragraph 196 of the Counterclaims except admit that JPMorgan's September 21, 2011 Third-Party Complaint alleges that JPMorgan is in possession of certain funds that have been blocked pursuant to regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and refer to that Third-Party Complaint for its contents.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 197 of the Counterclaims.

15. In response to paragraph 198 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 14 of this Answer as if set forth here in full.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 199 of the Counterclaims.

17. Deny each and every allegation set forth in paragraph 200 of the Counterclaims.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 201 of the Counterclaims.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 202 of the Counterclaims.

20. In response to paragraph 203 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 19 of this Answer as if set forth here in full.

21. To the extent that JPMorgan is required to respond to paragraph 204 of the Counterclaims, which purports to set forth conclusions of law, deny those allegations except admit that paragraph 204 quotes selectively from section 201(a) of the Terrorism Risk Insurance Act of 2002, codified following 28 U.S.C. § 1610 ("TRIA"), and refer to the full text of the statute for its terms and provisions.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 205 of the Counterclaims.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 206 of the Counterclaims.

24. To the extent that JPMorgan is required to respond to paragraph 207 of the Counterclaims, which purports to set forth a conclusion of law, deny each and every allegation set forth in paragraph 207 except admit that paragraph 207 purports to paraphrase TRIA § 201(a) and refer to the full text of the statute for its terms and provisions.

25. To the extent that JPMorgan is required to respond to paragraph 208 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

JPMorgan, without assuming the burden of proof for those matters upon which the Valore Parties bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

4

## FIRST AFFIRMATIVE DEFENSE/OBJECTION

26. Persons and entities ("persons") other than the Islamic Republic of Iran and the Iranian Ministry of Information and Security (collectively, "Iran"), or Iran's agencies and instrumentalities, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in wire transfers that were blocked pursuant to OFAC regulations for which JPMorgan is holding the proceeds and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by JPMorgan that are the subject of the Counterclaims that may be superior to the rights of the Valore Parties, if any, to have execution against such funds and assets to satisfy the alleged judgment or judgments referred to in paragraphs 185 and 190 of the Counterclaims (the "Judgment").

## SECOND AFFIRMATIVE DEFENSE/OBJECTION

27. Persons other than the Valore Parties, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in blocked wire transfers for which JPMorgan is holding the proceeds, Iran, persons alleged to be agencies or instrumentalities of Iran and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claim, may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule _") or applicable provisions of state law (and properly subject to interpleader under Rule 22) and may have the right to receive notice

of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights.

### THIRD AFFIRMATIVE DEFENSE/OBJECTION

28.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, the Valore Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g) (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder.  *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

### FOURTH AFFIRMATIVE DEFENSE/OBJECTION

29.     If the Judgment was entered on default, the Valore Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by section 1608 of the FSIA in order to comply with FSIA § 1608(e).  *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

FIFTH AFFIRMATIVE DEFENSE/OBJECTION

30. In order to comply with the requirements of CPLR §§ 5225(b) and 5227 and Rule 69, the Valore Parties must meet their burden of proof that a copy of the Counterclaims has been served on Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Counterclaims, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

SIXTH AFFIRMATIVE DEFENSE/OBJECTION

31. The Valore Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Valore Parties to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc*, 1997 WL 811474, at *3.

SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

32. The Valore Parties can execute on assets in the possession or custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

33. The Valore Parties can execute on property in the possession or custody of JPMorgan pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

### NINTH AFFIRMATIVE DEFENSE/OBJECTION

34. Sections 1609 and 1610 of the FSIA limit the Valore Parties to enforcing the Judgment against property in the United States.

### TENTH AFFIRMATIVE DEFENSE/OBJECTION

35. Nothing in this Answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

### ELEVENTH AFFIRMATIVE DEFENSE/OBJECTION

36. To the extent that the value of the property, funds and assets held by JPMorgan, and by the other Defendants and other parties against which the Valore Parties have brought other judgment enforcement proceedings, that is lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other Defendants and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that is being required to turn over funds or

assets and no other affected person is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment in this proceeding

(1) Dismissing the Counterclaims in their entirety as against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.;

(2) Awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as may be just and proper.

Dated: New York, New York
       November 28, 2011

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
    Howard B. Levi
    Richard F. Lubarsky
    J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail address hlevi@llf-law.com or
knevling@llf-law.com

*Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*