FREEHILL HOGAN & MAHAR, LLP
Attorneys for ███████████████
80 Pine Street, 24th Floor
New York, New York 10005
(212) 425-1900 / fax: (212) 425-1900
Gina M. Venezia
Edward J. Carlson


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Plaintiffs,<br><br>- against -<br><br>BANK OF NEW YORK, JPMORGAN CHASE,<br>SOCIETE GENERALE and CITIBANK<br><br>Defendants | 09-CV-5900 (RPP) (MHD)<br><br>**FILED UNDER SEAL** |
| THE BANK OF NEW YORK MELLON<br><br>Third-Party Plaintiff,<br><br>- against - .<br><br>████████████████████ , *et al.*<br><br>Third-Party Defendants | ANSWER TO ADDITIONAL<br>AMENDED AND SUPPLEMENTAL<br>THIRD-PARTY COMPLAINT OF THE<br>BANK OF NEW YORK MELLON<br><u>AGAINST WIRE TRANSFER PARTIES<br>WITH COUNTERCLAIMS AND<br>CROSSCLAIMS</u> |

Third-Party Defendant ████████████████████████ ("████████"), by

its undersigned attorneys Freehill, Hogan & Mahar LLP, submits its Answer to the Additional

Amended and Supplemental Third-Party Complaint of the Bank of New York Mellon against

Wire Transfer Parties ("Additional Third-Party Complaint") and Crossclaims/Counterclaims, and alleges as follows:

Nature of the Proceedings

1.    Admits ████████ has been named a Third-Party Defendant in the Additional Third-Party Complaint and that ████████, as the originator of four blocked wire transfers, has a claim to and/or interest in the blocked funds.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Additional Third-Party Complaint.

2.    Admits that ████████ asserts a claim to funds at issue in this proceeding and appears to assert its rights with respect to those funds. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.    Admits that ████████ now appears to assert its interest in funds involved in this proceeding. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Additional Third-Party Complaint.

The Third-Party Plaintiffs

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Additional Third-Party Complaint.

The Third-Party Defendants

5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5-29 of the Additional Third-Party Complaint.

6.    Admits the allegations contained in Paragraph 30 of the Additional Third-Party Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31-70 of the Additional Third-Party Complaint.

8.    Paragraph 71 of the Additional Third-Party Complaint states conclusions of law to which no response is required. To the extent a response is required, ▇▇▇▇▇▇ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## Jurisdiction and Venue

9.    Paragraph 72 of the Additional Third-Party Complaint states conclusions of law to which no response is required. To the extent a response is required, ▇▇▇▇▇▇ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 except to admit that it makes claim to the funds held by Third-Party Plaintiff.

10.    Paragraph 73 of the Additional Third-Party Complaint states conclusions of law to which no response is required. To the extent a response is required, ▇▇▇▇▇▇ admits that the blocked funds that are subject of this action are situated here.

## Factual Background

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 74-99 of the Additional Third-Party Complaint.

12.    With respect to the allegations of Paragraph 100, ▇▇▇▇▇▇ denies that the blocked wire transfers related to it have any sort of nexus with or relationship to Iran and alleges that those funds were blocked due to mistaken identity. ▇▇▇▇▇▇ denies knowledge or information sufficient to form a belief as to the truth of all remaining allegations in Paragraph 100.

13.     With respect to the allegations contained in Paragraph 101, ██████████ admits only that it is identified as a third-party defendant in Paragraph 30 of the Additional Third-Party Complaint and avers that it possesses an interest in, right in, or claim to the proceeds of four blocked wire transfers set forth in Exhibit G that is superior to the rights of any other person(s), including, but not limited to, the Settling Parties and/or any of the Iran Claimants. ██████ ██████ denies knowledge or information sufficient to form a belief as to the truth of all remaining allegations of Paragraph 101.

14.     With respect to the allegations in Paragraph 102, ██████████ admits that it, as the originator of four blocked wire transfers, is a wire transfer party. ██████████ avers that it is not an agency or instrumentality of Iran, that none of the parties to the four blocked wire transfers is an agency or instrumentality of Iran, that the four blocked wire transfers are not property of Iran or any juridical entity directly or indirectly owned by Iran, and that ██████ ██████ possesses claims to and rights in the four blocked wire transfers that are superior to the rights of any other person(s), including, but not limited to, the Settling Parties and/or any of the Iran Claimants.

15.     With respect to Paragraph 103, ██████████ admits that it is a wire transfer party and avers that it possesses sufficient interest in BNYM Phase 2 Assets to have standing to contend that its funds are not subject to execution to satisfy the judgments or claims of any of the Iran claimants.

<u>Answer to First Claim of Relief</u>

16.     ██████████ repeats and realleges its responses set forth in paragraphs 1 through 15 above as though fully set forth herein.

17.     Paragraph 105 of the Additional Third-Party Complaint states conclusions of law to which no response is required.  To the extent a response is required, ███████ admits that the quoted language is contained in CPLR §5239.

18.     Paragraph 106 of the Additional Third-Party Complaint states conclusions of law to which no response is required.  To the extent a response is required, ███████ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Additional Third-Party Complaint.

Answer to Second Claim for Relief

19.     ███████ repeats and realleges its responses set forth in paragraphs 1 through 18 above as though fully set forth herein.

20.     With respect to the allegations set forth in Paragraph 108, ███████ admits that it has been named a third-party defendant in this proceeding and further avers that it possesses a claim to and/or rights in funds identified as BNYM Phase 2 assets, that ███ ███'s claim to and/or rights in funds identified as BNYM Phase 2 assets take priority over the Settling Parties' and other Iran Claimants' claims to or rights therein, and that neither the Settling Parties nor other Iran Claimants are entitled to execute on funds belonging to ███ ███.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Additional Third-Party Complaint.

22.     Paragraph 110 of the Additional Third-Party Complaint states conclusions of law to which no response is required.  To the extent a response is required, ███████ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Additional Third-Party Complaint.

Answer to Third Claim for Relief

23.     ██████████ repeats and realleges its responses set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Paragraph 112 of the Additional Third-Party Complaint states conclusions of law to which no response is required. To the extent a response is required, ██████████ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Additional Third-Party Complaint.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests with the Settling Parties, other Iran Claimants, and/or the Third-Party Plaintiff, ██████████ asserts the following affirmative and other defenses with respect to the Additional Third-Party Complaint.

1.     ██████████ possesses an ownership interest in assets that are the subject of this proceeding that is superior to the rights of the Settling Parties and/or other Iran Claimants to enforce their judgment(s) against those assets.

2.     ██████████ is not an agency or instrumentality of the Government of Iran.

3.     ██████████ is not a terrorist party as defined under the Terrorism Risk Insurance Act, 28 USC § 1610 note ("TRIA").

4.     ██████████ is not owned or controlled, either directly or indirectly, by the Government of Iran or by any agency or instrumentality of the Government of Iran

5.     Neither the Government of Iran, nor any of its ministries, agencies or instrumentalities, possesses an ownership interest (either direct or indirect) in the asset that is the subject of this proceeding.

6.      The Settling Parties and/or other Iran Claimants lack a prima facie basis for their efforts to take possession of the four blocked wire transfers.

7.      The four blocked wire transfers were blocked as a result of mistaken identity, which has now been corrected by OFAC.

8.      ████████████ reserves the right to amend this answer if and once additional information is obtained through discovery.

## CROSSCLAIMS AND COUNTERCLAIMS

Subject to and without waiver of any of its defenses and allegations stated herein, and for its Crossclaims against the Settling Parties' and other Iran Claimants, and its Counterclaims against BNYMellon, ████████████ alleges upon information and belief as follows:

1.      This Court possesses subject-matter jurisdiction over the crossclaims/counterclaims set forth herein pursuant to 28 U.S.C. §1367 because the matters at issue are so related to the above-captioned proceeding that these crossclaims/counterclaims arise within the original jurisdiction of the Court and form part of the same case and controversy. Additionally, subject matter jurisdiction exists under 28 U.S.C. §1332.

2.      Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) because the property that is the subject of this action is located within this district.

3.      ████████████ is a corporation organized and existing under Singapore law with its principal place of business in Singapore.

4.      ████████████ is not an agency or instrumentality of Iran and is not owned, directly or indirectly, by Iran or any of its agencies or instrumentalities.

5.      Counterclaim Defendant BNYMellon is, upon information and belief, a New York banking organization with its principal place of business in New York.

377344.2                                                 7

6.     Crossclaim Defendants the Settling Parties and Iran Claimants[1] are, upon information and belief, citizens and residents of one of the States of the United States.

7.     ██████████ is the originator/remitter of four wire transfers that were initiated in November/December 2008 and that are the subject of this action.

8.     The four wire transfers were routed through BNYMellon, which acted as the intermediary bank.

9.     BNYMellon blocked the transfers and did not complete the wire transfer transactions because the wire details referred to "████████" and at that time the Specially Designated National ("SDN") list listed "██████████████" as an alias of Islamic Republic of Iran Shipping Lines ("IRISL").

10.    ██████████ has no relationship with IRISL or any other entity on the SDN list, and thus, the funds were blocked due to a case of mistaken identity.

11.    OFAC has recently confirmed that ██████████ has no relationship to IRISL or any other entity on the SDN list and modified the SDN list to remove "████████ ██████."

12.    The funds blocked by BNYMellon should therefore be returned to ██████████ as it is not an SDN, not an alias of IRISL, and not related to Iran or any of its agencies or instrumentalities.

**First Crossclaim and Counterclaim**

13.    ██████████ repeats and realleges paragraphs 1 through 12 as if fully set forth herein.

---

[1] The terms "Settling Parties" and "Iran Claimants" have the same meaning as defined in the Additional Third-Party Complaint.

14.    The four restrained wire transfers are the sole property of ▮▮▮▮▮ and they were restrained due to a case of mistaken identity.

15.    ▮▮▮▮▮ is neither an SDN nor related to IRISL and the name "▮▮▮ ▮▮▮" has been removed from the SDN list.

16.    In light of the above, ▮▮▮▮▮ now crossclaims against the Settling Parties and other Iran Claimants and counterclaims against BNYMellon pursuant to section 5239 of the New York Civil Practice Law and Rules ("CPLR") so that this Court may determine ▮▮▮ ▮▮▮'s rights to and interests in the four blocked wire transfers that are the subject of this litigation, which rights ▮▮▮▮▮ avers are superior to the rights of any and all parties to this litigation.

17.    ▮▮▮▮▮ further avers that under New York law BNYMellon is obliged to refund the four blocked wire transfers with interest to ▮▮▮▮▮, and thus counterclaims against BNYMellon so that this Court may order BNYMellon to fully refund the four blocked wire transfers plus interest to ▮▮▮▮▮.

### Second Crossclaim and Counterclaim

18.    ▮▮▮▮▮ repeats and realleges paragraphs 1 through 16 as if fully set forth herein.

19.    Pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201, this Court possesses authority to issue judgment declaring that neither the Settling Parties, nor the other Iran Claimants, nor BNYMellon, possess a property interest in the four blocked wire transfers and that ▮▮▮▮▮ possesses an interest in the four blocked wire transfers that is superior to the interests of any and all parties to this litigation.

20.  ███████  thus requests this Court to issue judgment declaring the four blocked wire transfers are the sole property of ███████ , that the Settling Parties and Iran Claimants are thus prohibited from taking possession or control of any and/or all of the four funds transfers to satisfy their judgments against Iran, and ordering BNYMellon to unblock the funds and return them to ███████ forthwith.

WHEREFORE, ███████ respectfully requests entry of judgment against the Settling Parties and/or other Iran Claimants and/or BNYMellon:

(1)    Determining that its ownership interest in the assets that are the subject of this proceeding is superior to the rights of the Settling Parties and/or other Iran Claimants to enforce their judgments against those assets;

(2)    Determining that the assets which are the subject of this proceeding shall not be subject to execution to satisfy the judgments of the Settling Parties and/or other Iran Claimants;

(3)    Determining that pursuant to CPLR 5239, ███████ possesses an interest in the restrained assets that is superior to any and all parties to this litigation;

(4)    Determining that BNYMellon is obliged to refund the four blocked wire transfers with interest to ███████ ;

(5)    Declaring that ███████ holds the true interest in the restrained assets that is superior to any and all parties to this litigation such that the funds should be returned accordingly;

(6)    Restraining and enjoining all parties to this action, or any of their agents or instrumentalities, from instituting or prosecuting any claim or action against ███████ in any jurisdiction arising from or relating to the assets that are the subject of this proceeding;

377344.2                                      10

(7)    Awarding ██████████ its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8)    Awarding to ██████████ such other and further relief as may be just and proper.

Dated: New York, NY
December 2, 2011

Respectfully submitted,
FREEHILL, HOGAN AND MAHAR LLP


/s/  Gina M. Venezia
Gina M. Venezia
Edward J. Carlson
80 Pine St., 24th Floor
New York, New York 10005
(212) 425-1900

*Attorneys for Third-Party Defendant*
██████████████████████

377344.2                                   11

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF**

/s/ Gina M. Venezia
Gina M. Venezia