UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE LEVIN,   :
                                      :
                 Plaintiffs,          :
                                      :   Case No. 09 Civ. 5900 (RPP)
        -against-                     :
                                      :
BANK OF NEW YORK, JP MORGAN CHASE,    :   **FILED UNDER SEAL**
SOCIETE GENERALE and CITIBANK,        :
                                      :
                 Defendants.          :
------------------------------------------------------------x
CITIBANK, N.A.,                       :
                                      :
                                      :   **CITIBANK N.A.'S ANSWER TO**
                 Third-Party Plaintiff,:  **COUNTERCLAIMS ASSERTED**
                                      :   **BY** ▮▮▮▮▮▮▮▮▮▮
        -against-                     :   ▮▮▮▮▮▮▮▮▮▮
                                      :
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                  :
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮                  :
▮▮▮▮▮▮ ISLAMIC REPUBLIC OF IRAN,      :
IRANIAN MINISTRY OF INFORMATION       :
AND SECURITY, IRANIAN ISLAMIC         :
REVOLUTIONARY GUARD CORP., JEREMY     :
LEVIN AND DR. LUCILLE LEVIN,          :
                                      :
                 Third-Party Defendants.:
------------------------------------------------------------x

Defendant, Third-Party Plaintiff and Counterclaim Defendant Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to the counterclaims asserted by Third-Party Defendant ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ and alleges as follows:

Paragraphs 1-61 pertain to ▮▮▮▮▮ answer to Citibank's Third-Party Complaint and therefore do not require a response.

## ANSWERS TO COUNTERCLAIMS AGAINST CITIBANK

62. States that the allegations contained in Paragraph 62 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

63. Admits, upon information and belief, the allegations contained in the first sentence of Paragraph 63 and denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence thereof.

64. Admits the allegations contained in Paragraph 64.

65. States that the allegations contained in Paragraph 65 constitute legal conclusions as to which no response is required, except that, if a response is required, admits the allegations contained therein.

66. States that the allegations contained in Paragraph 66 constitute legal conclusions as to which no response is required, except that, if a response is required, admits the allegations contained therein.

67. Admits, upon information and belief, the allegations contained in Paragraph 67.

68. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

69. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and refers to the invoice cited in that paragraph for a true and complete recitation of the contents thereof.

70. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70.

71. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, except admits that Exhibit B to the ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ purports to document a wire transfer of ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and refers to that document for a true and complete recitation of the contents thereof.

72. Admits that, pursuant to an Executive Order or regulations administered by OFAC, Citibank blocks certain wire transfers that are routed through Citibank as an intermediary bank. Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations.

### First Counterclaim

73. Citibank incorporates its responses to paragraphs 62 through 72 as though fully set forth herein.

74. States that the allegations contained in Paragraph 74 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

75. States that the allegations contained in Paragraph 75 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

76. States that the allegations contained in Paragraph 76 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

77. States that the allegations contained in Paragraph 77 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## Second Counterclaim

78. Citibank incorporates its responses to paragraphs 62 through 77 as though fully set forth herein.

79. States that the allegations contained in Paragraph 79 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

80. States that the allegations contained in Paragraph 80 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on ███ as Counterclaim Plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims.

### FOR ITS FIRST AFFIRMATIVE DEFENSE

Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the ███ which may be superior to the rights of ███ including other parties to the ███ wire transfer.

### FOR ITS SECOND AFFIRMATIVE DEFENSE

The ███ may be subject to competing claims by holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on

Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action. In accordance with the Court's September 16, 2011 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the ▮▮▮▮▮.

### FOR ITS THIRD AFFIRMATIVE DEFENSE

The ▮▮▮▮▮ constitute a wire transfer that was routed through Citibank as an intermediary bank but that could not be completed because it was blocked pursuant to an Executive Order or regulations administered by OFAC. Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations. Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

### FOR ITS FOURTH AFFIRMATIVE DEFENSE

To the extent ▮▮▮▮▮ seeks assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1) determining its rights and the rights of ▓ the other parties to the ▓ wire transfer, and of all other third-party defendants in the ▓;

(2) determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on ▓ and the other parties to the ▓ wire transfer, and the service of same by the judgment creditors on Iran, constitutes good and sufficient service under CPLR § 5239, the FSIA, and any other applicable provision of law;

(3) determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over ▓ or the ▓ sufficient to determine the parties' rights with respect to such assets;

(4) determining whether and to what extent the ▓ are subject to execution to satisfy the any of the judgment creditors' judgments;

(5) discharging Citibank from any and all liability to ▓ and any other persons who may have claims to, or an interest in, the ▓ that are turned over to ▓ to any of the other parties to the ▓ wire transfer, or to any third-party judgment creditor to satisfy their judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6) restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the ▓

(7) awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
December 12, 2011

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *[signature]*
Sharon L. Schneier
Christopher Robinson

1633 Broadway – 27th floor
New York, New York 10019
(212) 489-8230

*Attorneys for Defendant, Third-Party Plaintiff/Counterclaim Defendant Citibank, N.A.*