UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

    *Plaintiffs,*

--*against*--

BANK OF NEW YORK, JPMORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK,

    *Defendants.*

SOCIÉTÉ GÉNÉRALE,

    *Third-Party Plaintiffs,*

--*against*—

[REDACTED] STEVEN GREENBAUM *et al.*, CARLOS ACOSTA *et al.*, and DEBORAH D. PETERSON *et al.*,

    *Third-Party Defendants.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/11

Case No. 09 Civ. 5900 (RPP)

FILED UNDER SEAL
CONTAINS CONFIDENTIAL
MATERIAL SUBJECT
TO A PROTECTIVE ORDER

STIPULATION, ORDER AND
JUDGMENT OF DISMISSAL

## STIPULATION, ORDER AND JUDGMENT OF DISMISSAL

WHEREAS plaintiffs Jeremy and Lucille Levin ("Plaintiffs" or the "Levins") commenced this judgment enforcement proceeding pursuant to CPLR § 5225(a) on June 26, 2009 against the Defendants ("Defendants"), in order to seek the turnover to Plaintiffs of certain funds held by Defendants, including deposit accounts and the proceeds of wire transfers that had been blocked by Defendants pursuant to Executive Orders issued by the President of the United States and regulations issued and administered by the Office of Foreign Assets Control ("OFAC") of the United States Department of Treasury, in an amount sufficient to satisfy a judgment (the "Levin Judgment") entered in Plaintiffs'

favor in an action entitled *Jeremy Levin, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 05-2494 (GKO), brought in the United States District Court for the District of Columbia;

WHEREAS in an order dated January 11, 2011, the Court authorized the filing by the Defendants of third-party complaints and divided this proceeding into phases;

WHEREAS on January 4, 2010, Defendants filed a third-party complaint (the "January 4, 2010 Third-Party Complaint") against various judgment creditors of the Islamic Republic of Iran, including all of the persons who had recovered a judgment against the Islamic Republic of Iran in the case entitled *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 01-2094 (RCL) (D.D.C.), a complete list of whom is set forth in Exhibit A to that third-party complaint (the "Peterson Judgment Creditors");

WHEREAS the Court thereafter entered orders on June 3, 2010, June 10, 2010, and June 28, 2010, limiting the scope of this action and making it clear that certain assets known as the "Clearstream Assets," that are held by a company known as Clearstream Banking S.A., and that are involved in the action entitled *Peterson, et al. v. Islamic Republic of Iran, et al.,* 10 Civ. 4518 (BSJ) (S.D.N.Y.) (which action was formerly pending in this Court under Docket No. 18 Misc. 302), and which assets do not include any assets or funds held by Defendant Société Générale ("SoGen"), are not involved in this proceeding;

WHEREAS the Peterson Judgment Creditors filed an answer to the January 4, 2010 Third-Party Complaint with counterclaims (the "Peterson Counterclaims") on June

18, 2010 and an amended answer with amended counterclaims (the "Peterson Amended Counterclaims") on July 8, 2010;

WHEREAS thereafter SoGen filed its Amended and Supplemental Third-Party Complaint dated September 27, 2011 (the "SoGen Phase 2 Third-Party Complaint") and duly served it upon the Peterson Judgment Creditors, but the Peterson Judgment Creditors have not yet answered the SoGen Phase 2 Third-Party Complaint;

WHEREAS the SoGen Phase 2 Third-Party Complaint seeks relief consisting inter alia of an order of the Court determining the rights of the third-party defendants named in the SoGen Phase 2 Third-Party Complaint with respect to three blocked assets (the "SoGen Phase 2 Assets"), two of which consist of proceeds of blocked wire transfers and one of which consists of a balance in a blocked deposit account, that are being held by SoGen in blocked accounts;

WHEREAS the Peterson Judgment Creditors now wish to relinquish their claims to the SoGen Phase 2 Assets in order to avoid the expense and inconvenience of further participation in this proceeding;

IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED as follows:

1. Any and all claims, rights and/or interests that the Peterson Judgment Creditors ever had, now have or may hereafter have in, to or with respect to the SoGen Phase 2 Assets are hereby terminated and extinguished with prejudice.

2. Any and all writs of execution, writs of garnishment, levies and restraining notices and other judgment creditor process issued by any court, attorney, marshal or other person or governmental agency or entity, whether or not served on SoGen,

181347                                    3

including any property executions served by City Marshal Gregg E. Bienstock on SoGen, are hereby withdrawn, vacated, terminated and extinguished to the extent, but solely to the extent, that they relate or pertain to the SoGen Phase 2 Assets.

3. Any and all counterclaims asserted by Peterson Judgment Creditors in their amended answer with amended counterclaims filed on July 8, 2010 in response to the January 4, 2010 Third-Party Complaint (the "Peterson Counterclaims") are hereby dismissed without prejudice, except that the Peterson Counterclaims are dismissed with prejudice, as provided in Paragraphs 1 and 5 hereof, to the extent that they purport to assert claims to or rights or interests in the SoGen Phase 2 Assets.

4. This Stipulation and Order does not dismiss, terminate, extinguish, release or discharge any of the Peterson Judgment Creditors' claims to or rights with respect to the Clearstream Assets, none of which are held by SoGen, and all such rights and claims are hereby preserved.

5. SoGen is hereby discharged and released from any liability or obligation of any kind whatsoever to any of the Peterson Judgment Creditors with respect to the SoGen Phase 2 Assets.

6. This Stipulation, Order and Judgment constitutes a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to the Peterson Judgment Creditors' claims to and rights in the SoGen 2 Assets, which are discrete and separate claims, and there is no just reason for delay in the entry of judgment with respect thereto.

7. In the event that there are further proceedings in this proceeding with respect to funds or assets held by SoGen other than the SoGen Phase 2 Assets, the Peterson

181347                                         4

Judgment Creditors agree that they may be served with any further or additional third-party summons, third-party complaint or other pleading or process in this proceeding by delivery of such pleading to Salon Marrow Dyckman Newman & Broudy LLP, at the address for that firm set forth below, Attention Liviu Vogel, Esq., with a copy to James P. Bonner of the law firm Stone Bonner & Rocco LLP located at 260 Madison Avenue, 17th Floor, New York, New York 10016, by mail or Federal Express, and the Peterson Judgment Creditors agree that such service shall be good and sufficient service, and shall suffice to bring them back into this case as third-party defendants, and they hereby waive any and all defenses relating to the form, manner, adequacy or sufficiency of such service of process upon them.

Dated: ~~November~~ December 2, 2011

MAYER BROWN LLP

By: _____
Mark G. Hanchet
Christopher J. Houpt
1675 Broadway
New York, New York 10019
Tel. No. (212) 506-2500

*Attorneys for Defendant and Third-Party Plaintiff Société Générale*

Dated: ~~November~~ December 2, 2011

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

By: _____
Liviu Vogel
292 Madison Avenue
New York, New York 10017
(212) 661-7100

*Attorneys for Third-Party Defendants Deborah D. Peterson, et al.*

SO ORDERED ON December 9 2011

_____
Hon. Robert P. Patterson, U.S.D.J.

181347

6