```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------X
JEREMY LEVIN and DR. LUCILLE LEVIN,

            Plaintiffs,

    -against-

BANK OF NEW YORK, JPMORGAN CHASE,
SOCIÉTÉ GÉNÉRALE, and CITIBANK,

           Defendants.

---------------------------------X
SOCIÉTÉ GÉNÉRALE,

           Third Party-Plaintiff,

    -against-

[REDACTED PARTIES], FLAMINGO
INTERNATIONAL SA, DEUTSCHE BANK
TRUST CO. AMERICAS, BANK MELLAT
TURKEY, VESTEL ELEKTRONIK SANAYI VE
TICARET A.S., STEVEN GREENBAUM et al.,
CARLOS ACOSTA et al., THE ESTATE OF
MICHAEL HEISER et al. and DEBORAH D.
PETERSON et al.,

           Third Party
           Defendants.

---------------------------------X

Case No. 09 Civ. 5900 (RPP)

STIPULATION, ORDER, AND JUDGMENT

    WHEREAS, on November 25, 2011, Third Party Plaintiff Société Générale ("SG") served an Interpleader Complaint on certain Third Party Defendants including Deutsche Bank Trust Company Americas ("DBTCA"); and

    WHEREAS, the claims asserted against DBTCA in the Interpleader Complaint relate to a certain wire transfer allegedly sent by the Romanian Bank for Development, as originating bank,

on behalf of Flamingo International SA, the originator, for payment to DBTCA, for the account of Bank Mellat (Istanbul), in favor of "Vestel Turkey"; and

WHEREAS, the wire was allegedly blocked by SG, acting as intermediary bank, before it reached DBTCA, and subsequently deposited by SG in an account numbered 971165 with a value, as of June 30, 2010, of $68,890 (the "Blocked Wire"); and

WHEREAS, Deutsche Bank has advised SG that it has no claim to or interest in the Blocked Wire; and

WHEREAS, SG has or will notify other potential claimants to the Blocked Wire of this proceeding by serving the Interpleader Complaint upon them; and

WHEREAS, SG is a neutral stakeholder and takes no position on who is entitled to the Blocked Wire; and

WHEREAS, Deutsche Bank and SG (the "Parties") wish to mutually resolve, expeditiously and with finality, the Interpleader Complaint as to each of them;

NOW THEREFORE, it is stipulated and agreed, ordered, and adjudged as follows:

1. DBTCA agrees, now and forever, to forego any claim against SG with regard to the Blocked Wire and to release and discharge SG from any liability to DBTCA with regard to the Blocked Wire.

2. DBTCA has no objection to the entry of an order by the Court awarding the Blocked Wire to another party and/or discharging SG from any liability with respect to the Blocked Wire and agrees not to contest the validity of any such order in any future proceeding relating to the Blocked Wire.

3. The Parties shall not seek to recover from each other any costs, expenses, or attorneys' fees incurred in connection with this Stipulation, Order, and Judgment or the Interpleader Complaint.

4. As of the Effective Date, this Stipulation, Order, and Judgment shall become an enforceable and binding agreement and its terms shall be governed and construed solely by New York law, without regard to New York's choice of law rules.

5. This Stipulation, Order, and Judgment constitutes a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, dismissing the claims by SG against DBTCA with prejudice, and there is no just reason for delay in the entry of judgment with respect thereto.

| COVINGTON & BURLING LLP | MAYER BROWN LLP |
|---|---|
| By: _____<br>Mark P. Gimbel | By: _____<br>Mark G. Hanchet<br>Christopher J. Houpt |
| The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>(212) 841-1000 | 1675 Broadway<br>New York, New York 10019 |
| *Attorneys for Third Party Defendant*<br>*Deutsche Bank Trust Company Americas* | *Attorneys for Third Party Plaintiff*<br>*Société Générale* |
| Dated: New York, New York<br>December 16, 2011 | Dated: New York, New York<br>December 16, 2011 |

SO ORDERED:

_____
Hon. Robert P. Patterson, U.S.D.J.

12/16/11

3