UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,     :     09 Civ. 5900 (RPP) (MHD)

                Plaintiffs,     :

        -against-     :

BANK OF NEW YORK, JP MORGAN     :
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK,     :

                Defendants.     :
------------------------------------------------------------x

THE BANK OF NEW YORK MELLON,     :
                                                  **ANSWER TO**
        Third-Party Plaintiff,     :     **ADDITIONAL AMENDED**
                                                  **AND SUPPLEMENTAL**
        -against-     :     **THIRD-PARTY**
                                                  **COMPLAINT OF THE**
UNITED OVERSEAS BANK     :     **BANK OF NEW YORK**
LIMITED, et al.,            **MELLON AGAINST WIRE**
                                                  :     **TRANSFER PARTIES**
        Third-Party Defendants.
------------------------------------------------------------x

        Third-Party Defendant United Overseas Bank Limited ("UOB"), by its undersigned attorneys Arnold & Porter LLP, states as follows for its Answer to the Additional Amended and Supplemental Third-Party Complaint of the Bank of New York Mellon ("BNY Mellon") against Wire Transfer Parties (the "Complaint"):

<u>Nature of the Proceeding</u>

        1.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except admits that BNY Mellon has filed the Complaint as alleged and named UOB as a Third-Party Defendant.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 2 and 3 of the Complaint.

### The Third-Party Plaintiffs

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

### The Third-Party Defendants

4. Has no basis to either admit or deny the allegations contained in Paragraphs 5 through 28 and 30 through 67 of the Complaint, since those allegations were redacted in the version of the Complaint served on UOB.

5. Admits the allegation contained in Paragraph 29 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 68 through 71 of the Complaint.

### Jurisdiction and Venue

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 72 and 73 of the Complaint.

### Factual Background

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 74 through 100 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint, except admits that UOB was an originator's remission bank for four blocked wire transfers described in Exhibit G to the Complaint (the "Relevant Blocked Assets"), but states that UOB has no interest in, rights in, or claims to the Relevant Blocked Assets, except those interests, rights, and

claims arising under section 4A-402 of the New York Uniform Commercial Code ("UCC").

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint, and states that UOB has no claims to or rights with respect to the Relevant Blocked Assets, except those claims and rights arising under section 4A-402 of the UCC.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, and states that UOB has no interest in the Relevant Blocked Assets, except those interests arising under section 4A-402 of the UCC.

Answer to First Claim of Relief

12.   UOB respectfully repeats and realleges its responses set forth in Paragraphs 1 through 11 above as though fully set forth herein.

13.   Paragraph 105 of the Complaint states conclusions of law to which no response is required. To the extent a response is required, UOB admits that the quoted language is contained in CPLR § 5239.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint.

Answer to Second Claim of Relief

15.   UOB respectfully repeats and realleges its responses set forth in Paragraphs 1 through 14 above as though fully set forth herein.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 108 through 110 of the Complaint.

<u>Answer to Third Claim of Relief</u>

17. UOB respectfully repeats and realleges its responses set forth in Paragraphs 1 through 16 above as though fully set forth herein.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Complaint.

WHEREFORE, UOB respectfully requests judgment dismissing the Additional Amended and Supplemental Third-Party Complaint of BNY Mellon as against it, discharging UOB from any and all liability towards BNY Mellon with respect to the Relevant Blocked Assets, and awarding UOB its costs and expenses in this proceeding, including reasonable attorneys' fees, and such other and further relief as may be just and proper.

Dated: New York, New York
December 22, 2011

                              ARNOLD & PORTER LLP

                              By:  /s/ Baruch Weiss
                                      Baruch Weiss

                              555 Twelfth Street, NW
                              Washington, DC  20004-1206
                              Telephone: (202) 942-5000
                              E-mail: baruch.weiss@aporter.com

                              *Attorney for Interpleader Third-Party*
                              *Defendant United Overseas Bank Limited*

## AFFIRMATION OF SERVICE

       I hereby certify that on December 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF**

ARNOLD & PORTER LLP

/s/ Baruch Weiss
Baruch Weiss
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
E-Mail:  baruch.weiss@aporter.com