UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | Case No. 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK, | : | |
| Defendants. | : | |

---------------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | **ANSWER OF THE ESTATE OF MICHAEL HEISER, ET AL. TO COUNTERCLAIMS AND CROSSCLAIMS OF** ▮▮▮▮▮▮▮▮▮▮ |
| Third-Party Plaintiff, | : | |
| -against- | : | |
| STEVEN M. GREENBAUM, et al., | : | |
| Third-Party Defendants. | : | |

---------------------------------------------------------------x

The Estate of Michael Heiser, *et al.* (the "Heisers")[1], by their undersigned counsel, for their answer to the Crossclaims and Counterclaims filed by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (collectively, the "Crossclaims"), allege as follows:

---

[1] The Heisers are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51)

## CROSSCLAIMS AND COUNTERCLAIMS

1.  Paragraph 1 of the Crossclaims states conclusions of law as to which no response is required.

2.  Paragraph 2 of the Crossclaims states conclusions of law as to which no response is required.

3.  The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Crossclaims; accordingly, such allegations are denied.

4.  Whether or not ▬▬▬▬ is an agency or instrumentality of Iran is a conclusion of law as to which no response is required. The Heisers further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Crossclaims; accordingly, such allegations are denied.

5.  The Heisers admit the allegations contained in paragraph 5 of the Crossclaims.

6.  The Heisers admit that they are citizens and residents of the United States. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Crossclaims; accordingly, such allegations are denied.

7.  The Heisers admit that ▬▬▬▬ was a party to certain wire transfers that are the subject of this action. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Crossclaims; accordingly, such allegations are denied.

---

the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

8. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims; accordingly, such allegations are denied.

9. To the extent the allegations in paragraph 9 of the Crossclaims concern the Specially Designated National ("SDN") list, that list speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Crossclaims; accordingly, such allegations are denied.

10. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims; accordingly, such allegations are denied.

11. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Crossclaims; accordingly, such allegations are denied.

12. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims; accordingly, such allegations are denied.

### First Crossclaim and Counterclaim

13. Paragraph 13 of the Crossclaims requires no responsive pleading. To the extent a response is required, the Heisers repeat and reallege their responses to paragraphs 1-12.

14. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Crossclaims; accordingly, such allegations are denied.

15. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Crossclaims; accordingly, such allegations are denied.

16. Paragraph 16 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Crossclaims; accordingly, such allegations are denied.

17. Paragraph 17 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Crossclaims; accordingly, such allegations are denied.

## **Second Crossclaim and Counterclaim**

18. Paragraph 18 of the Crossclaims requires no responsive pleading.

19. Paragraph 19 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Crossclaims; accordingly, such allegations are denied.

20. Paragraph 20 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Crossclaims; accordingly, such allegations are denied.

## DEFENSES

### First Defense

The Heisers' claims are superior to ███████████ and any other claimants as a matter of law by virtue of service of their writs of execution and the initiation of a turnover action in accordance with N.Y. C.P.L.R. §§ 5225 and 5227.

### Second Defense

███████████'s claims are barred by res judicata and/or collateral estoppel.

### Third Defense

███████████'s claims are barred by waiver.

### Fourth Defense

███████████'s claims of other parties to this action are barred by unjust enrichment.

### Fifth Defense

███████████'s claims are barred by laches.

The Heisers reserve the right to assert additional affirmative defenses and/or counterclaims or cross-claims that may become apparent after additional discovery or otherwise.

WHEREFORE, the Heisers respectfully demand judgment in their favor and against ███████:

(i)   dismissing the Crossclaims; and

(ii)  awarding such other and further relief as this Court deems to be necessary and just.

Dated: New York, New York
December 27, 2011

      /s/ Barbara L. Seniawski
Cary B. Samowitz
Barbara L. Seniawski
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
Telephone:  212-335-4500
Facsimile:  212-884-4501
cary.samowitz@dlapiper.com
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone:  410-580-3000
Facsimile:  410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of Michael Heiser, et al.*