UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | **FILE UNDER SEAL** |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON, | : | **ANSWER OF THE BANK OF NEW YORK MELLON TO COUNTERCLAIMS OF THIRD-PARTY DEFENDANT** [REDACTED] |
| Third-Party Plaintiff, | : | |
| -against- | : | |
| [REDACTED], et al., | : | |
| Third-Party Defendants. | : | |

------------------------------------------------------------x

Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its answer to the Cross-Claims and Counterclaims (the "Counterclaims") asserted by Third-Party Defendant and Counterclaim Plaintiff [REDACTED] ("Claimant") in its answer dated December 2, 2011 ("Claimant's Answer") to BNY Mellon's Additional Amended and Supplemental Third-Party Complaint dated October 6, 2011 ("BNY Mellon's October 6, 2011 Third-Party Complaint"), states as follows:

1. To the extent that paragraphs 1 through 8 of the Affirmative Defenses set forth in Claimant's Answer require a response from BNY Mellon, denies

knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

2. Admits the allegations of the first sentence of paragraph 1 of the Counterclaims and denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of that paragraph.

3. Denies each and every allegation set forth in paragraph 2 of the Counterclaims, but does not dispute that that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Counterclaims.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Counterclaims.

6. Admits the allegations of paragraph 5 of the Counterclaims.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaims.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Counterclaims except admits that BNY Mellon was designated to act as an intermediary bank in certain blocked wire transfers that are involved in Phase 2 of the first above-captioned proceeding and refers to Exhibit G to BNY Mellon's October 6, 2011 Third-Party Complaint for a summary of the information available to BNY Mellon with regard to those wire transfers.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Counterclaims except admits that BNY Mellon blocked the wire transfers that are described in Exhibit G to BNY Mellon's October 6, 2011 Third-Party Complaint because those wire transfers appeared to involve parties that, insofar as BNY Mellon could determine from the information available to it, had been designated as Specially Designated Nationals on a list (the "SDN list") promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Counterclaims.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Counterclaims.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Counterclaims.

14. In response to paragraph 13 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 13 of this Answer as if set forth here in full.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Counterclaims.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Counterclaims.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Counterclaims except admits

that Claimant's Answer purports to set forth crossclaims and counterclaims pursuant to section 5239 of the New York Civil Practice Law and Rules.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Counterclaims.

19. In response to paragraph 18 of the Counterclaims, repeats and realleges the allegations set forth in paragraphs 1 through 18 of this Answer as if set forth here in full.

20. To the extent that BNY Mellon is required to respond to paragraph 19 of the Counterclaims, which purports to set forth conclusions of law, denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admits that paragraph 19 purports to characterize this Court's authority under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and refers to that statute and rule for their terms and provisions.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Counterclaims.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

BNY Mellon, without assuming the burden of proof for those matters upon which Claimant bears such burden, for its affirmative defenses and objections in point of law, alleges as follows:

## FIRST AFFIRMATIVE DEFENSE/OBJECTION

22. The proceeds of blocked wire transfers that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including the Claimant, except pursuant to a license issued by OFAC permitting such transfer or a final

4

judgment entered by a court pursuant to section 201 of the Terrorism Risk Insurance Act of 2002, reprinted following 28 U.S.C. § 1610, or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g).

WHEREFORE Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon requests the entry of a judgment in this proceeding

(1) Dismissing the Counterclaims in their entirety as against The Bank of New York Mellon;

(2) Awarding to The Bank of New York Mellon its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to The Bank of New York Mellon as may be just and proper.

Dated: New York, New York
January 5, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By: /s/ J. Kelley Nevling
Howard B. Levi
Richard F. Lubarsky
J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail address hlevi@llf-law.com or
knevling@llf-law.com

*Attorneys for Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon*