UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :   09 Civ. 5900 (RPP) (MHD)

        Plaintiffs,  :   ~~TO BE FILED UNDER SEAL~~

  -against-  :

BANK OF NEW YORK, JP MORGAN  :
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK,  :

        Defendants.  :
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN  :
CHASE BANK, N.A.,
  :
        Third-Party Plaintiffs,
  :
  -against-     STIPULATION,
  :   ORDER AND
[REDACTED], [REDACTED], et al.,     JUDGMENT
  :   OF DISMISSAL

        Third-Party Defendants.
------------------------------------------------------------x

      WHEREAS this turnover proceeding was commenced by plaintiffs Jeremy and Lucille Levin (the "Levins") on June 26, 2009, by filing their complaint with this Court, in order to enforce a judgment entered in the Levins' favor against the Islamic Republic of Iran and certain related parties (collectively, "Iran"); and

      WHEREAS pursuant to orders entered in this proceeding on September 16 and October 5, 2011, defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") were given leave to serve and file a third-party complaint in this proceeding against various parties that were involved in or may have an

interest in or a claim to the proceeds of certain blocked wire transfers and blocked deposit accounts that were blocked by JPMorgan and are being held by JPMorgan pursuant to Executive Orders issued by the President of the United States and regulations promulgated by the Office of Foreign Assets Control of the United States Treasury Department and that have been designated for inclusion in Phase 2 of this proceeding (the "JPMorgan Phase 2 Assets"); and

WHEREAS the JPMorgan Phase 2 Blocked Assets include the funds involved in one blocked wire transfer, which is accurately described in Schedule A to this Stipulation, Order and Judgment (hereinafter referred to as "this Judgment"), in which ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, acted as the originator (the "Relevant Blocked Asset"); and

WHEREAS JPMorgan thereafter filed a third-party complaint in this proceeding dated October 6, 2011 (the "October 6, 2011 JPM Third-Party Complaint") that named ▮▮▮▮▮▮▮ as a third-party defendant; and

WHEREAS ▮▮▮▮▮▮▮ acknowledges that it has received a copy of the October 6, 2011 JPM Third-Party Complaint and hereby submits to the jurisdiction of this Court to the extent necessary for the entry of this Judgment; and

WHEREAS ▮▮▮▮▮▮▮ now wishes to relinquish and surrender any claims or interest it might have in or to the Relevant Blocked Asset and to be dismissed as a party to this proceeding in order to avoid the expense and inconvenience of continuing to participate in this proceeding; and

WHEREAS the undersigned law firm of Blank Rome LLP hereby represents and warrants that it is acting as counsel for ▮▮▮▮▮▮▮ in connection with this

2

proceeding and that it is authorized to agree to the terms of this Judgment and to relinquish and surrender [...] claims and rights to the Relevant Blocked Asset as provided herein;

IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED as follows:

1. Any and all claims, rights and/or interests that [...] ever had, now has or may hereafter have in, to or with respect to the Relevant Blocked Asset are hereby relinquished, surrendered, terminated and extinguished with prejudice, [...] covenants and agrees not to assert a claim against JPMorgan with respect to the Relevant Blocked Asset in any court or tribunal anywhere in the world, and JPMorgan is hereby discharged and released from any liability or obligation of any kind whatsoever to [...] with respect to the Relevant Blocked Asset.

2. [...] has no objection to the entry of an order by the Court awarding the Relevant Blocked Asset to another party and/or discharging JPMorgan from liability with respect to the Relevant Blocked Asset and agrees not to contest the validity of any such order in any future proceeding.

3. This Judgment constitutes a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to [...] claims to and rights, if any, in the Relevant Blocked Asset, which are discrete and separate claims, and there is no just reason for delay in the entry of judgment with respect thereto.

4. This Judgment relates solely to the Relevant Blocked Asset and is not applicable to any other assets that may be held by JPMorgan in which [...] may

3

have an interest, and all of ▓▓▓▓ and JPMorgan's rights with respect to any other such assets are expressly reserved.

5. Nothing in this Judgment constitutes an admission that any actions that may have been taken by ▓▓▓▓ with respect to the Relevant Blocked Asset or any transactions related thereto were not in compliance with all applicable laws and regulations or in any way improper.

6. In the event that there are further proceedings in this proceeding with respect to funds or assets held by JPMorgan other than the Relevant Blocked Asset, ▓▓▓▓ agrees that it may be served with any further or additional third-party summons, third-party complaint or other pleading or process in this proceeding by delivery of such pleading to Blank Rome LLP, at the address for that firm set forth below, Attention Richard V. Singleton II, Esq., with a copy sent by Federal Express or DHL to ▓▓▓▓ at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓, and that such service shall be good and sufficient service, and shall suffice to bring it back into this case as a third-party defendant, and it hereby waives any and all defenses relating to the form, manner, adequacy or sufficiency of such service of process upon it.

7. Nothing in this Stipulation, Order and Judgment shall limit, restrict, alter or affect the right of JPMorgan to recover its attorneys' fees, costs and expenses in Phase 2 or any other phase or part of this proceeding from the Phase 2 Blocked Assets, including the Relevant Blocked Asset, or from any other money, property, funds or assets held by BNY Mellon at any time, or its right to recover such attorneys' fees and expenses from any party other than ▓▓▓▓.

4

8. ████ shall not be entitled to recover any costs or expenses in connection with the October 6, 2011 JPM Third-Party Complaint. JPMorgan reserves its rights to recover its costs and expenses in connection with the October 6, 2011 JPM Third-Party Complaint to the extent set forth in paragraph 7 of this Judgment.

9. As of the date when this Judgment is so ordered, it shall become an enforceable and binding agreement, and its terms and provisions, interpretation and validity shall be governed by the law of the State of New York applicable to contracts made and to be performed entirely within the State of New York, without regard to New York's choice of law rules.

Dated: New York, New York
       January 11, 2012

BLANK ROME LLP

By: _____
    Richard V. Singleton II
    The Chrysler Building
    405 Lexington Avenue
    New York, NY 10174-0208
    Tel. No. (212) 885-5166
    E-mail: RSingleton@BlankRome.com

*Attorneys for* ████

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
Howard B. Levi
Richard F. Lubarsky
J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail addresses: hlevi@llf-law.com or
knevling@llf-law.com

*Attorneys for Defendants and Third-Party
Plaintiffs JPMorgan Chase & Co. and
JPMorgan Chase Bank, N.A.*

SO ORDERED ON JANUARY _17_, 2012:

_____
United States District Judge

6

## SCHEDULE A

The records of JPMorgan Chase & Co. and/or JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") indicate that you were a party to or may have an interest in or have asserted a claim to the proceeds of the following wire transfer that was routed through JPMorgan as an intermediary bank but was halted by it because the wire transfer was subject to blocking regulations issued by the Office of Foreign Assets Control of the Department of the Treasury of the United States of America:



The proceeds of this wire transfer are being held by JPMorgan in a blocked account. They are included among the JPM Phase 2 Assets that are described in the third-party complaint to which this Schedule A is attached. As described in the accompanying third-party complaint, various parties who have obtained a judgment against the Islamic Republic of Iran, or who have brought suit to obtain such a judgment, are trying to seize the funds in this blocked account in order to satisfy their judgment against the Islamic Republic of Iran, or are seeking to impose a lien on this account until they can obtain such a judgment. The basis for their claims appears to be that such funds are blocked assets of the Islamic Republic of Iran or one or more of its agencies and instrumentalities, within the meaning of Section 201(a) of the Terrorism Risk Insurance Act of 2002, or are property of the Islamic Republic of Iran or one or more of its agencies and instrumentalities, or in which they have an interest, within the meaning of Section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g).