Docket



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY LEVIN and DR. LUCILLE LEVIN,

                              Plaintiffs,

           -against-

BANK OF NEW YORK, JPMORGAN
CHASE, SOCIETE GENERALE and
CITIBANK

                            Defendants.

CITIBANK, N.A.,

               Third Party Plaintiff,

           -against-

███████████████████ et al,

             Third Party Defendant.

---

Case No.  09 Civ. 5900 (RPP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/12

---

**ANSWER BY THIRD-PARTY DEFENDANT ██████████████ TO
CITIBANK N.A.'S THIRD-PARTY COMPLAINT WITH RESPECT TO
PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND
PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE
WITH THE COURT'S SEPTEMBER 16, 2011 ORDER AND COUNTERCLAIMS**

        ██████████████ ("██"), by its undersigned attorney, for their answer and

counterclaims to Citibank N.A.'s Third-Party Complaint with Respect to Phase Two Assets

Against Judgment Holders and Plaintiffs in Other Actions Against Iran in Accordance with the

Court's September 16, 2011 Order, dated September 21, 2011 (the "Third-Party Complaint")

filed by Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), allege as follows:

1

## Nature of the Proceedings

1.      Paragraph 1 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required. To the extent there are allegations of fact in paragraph 1, ▇▇ lacks knowledge or information sufficient to form a belief as to the truth of the allegations; except admit that ▇▇ claim a right and interest in the assets at issue in this action (the "Turnover Proceeding") commenced by plaintiffs Jeremy Levin, et al. (the "Levin Plaintiffs").

2.      ▇▇ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint, except admit that the ▇▇ claims a right and interest in the assets at issue in the Turnover Proceeding (the "Restrained Assets"), and that this claim has equal or greater priority to the claims of all other parties with respect to the Restrained Assets.

3.      ▇▇ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint, except admit that ▇▇ claim a right and interest in the Restrained Assets, and that this claim has equal or greater priority to the claims of all other parties with respect to the Restrained Assets.

4.      ▇▇ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

## Jurisdiction and Venue

5.      Paragraph 5 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and ▇▇ refers to the statutes and regulations cited in paragraph 4 for a true recitation of their contents.

6.      Paragraph 6 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and ▇▇ refers to the statutes and regulations cited in paragraph 6 for a true recitation of their contents.

**The Third-Party Plaintiff**

7.    admits, upon information and belief, the allegations contained in paragraph 7 of the Third-Party Complaint.

**The Third-Party Defendants**

8.   lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9.   lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

10.   lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

11.   makes no response to paragraph 11 of the Third-Party Complaint as it is redacted.

12.   makes no response to paragraph 12 of the Third-Party Complaint as it is redacted.

13.   makes no response to paragraph 13 of the Third-Party Complaint as it is redacted.

14.   makes no response to paragraph 14 of the Third-Party Complaint as it is redacted.

15.   makes no response to paragraph 15 of the Third-Party Complaint as it is redacted.

16.   makes no response to paragraph 16 of the Third-Party Complaint as it is redacted.

17.   makes no response to paragraph 17 of the Third-Party Complaint as it is redacted.

18.   makes no response to paragraph 18 of the Third-Party Complaint as it is redacted.

3

19.   ███ makes no response to paragraph 19 of the Third-Party Complaint as it is redacted.

20.   ███ makes no response to paragraph 20 of the Third-Party Complaint as it is redacted.

21.   ███ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint, except admit that ███ is a corporation existing under the laws of Iran with its principal place of business is Tehran.

22.   ███ makes no response to paragraph 22 of the Third-Party Complaint as it is redacted.

23.   ███ makes no response to paragraph 23 of the Third-Party Complaint as it is redacted.

24.   ███ makes no response to paragraph 24 of the Third-Party Complaint as it is redacted.

25.   ███ makes no response to paragraph 25 of the Third-Party Complaint as it is redacted.

26.   ███ makes no response to paragraph 26 of the Third-Party Complaint as it is redacted.

27.   ███ makes no response to paragraph 27 of the Third-Party Complaint as it is redacted.

28.   ███ makes no response to paragraph 28 of the Third-Party Complaint as it is redacted.

29.   ███ makes no response to paragraph 29 of the Third-Party Complaint as it is redacted.

30.   ███ makes no response to paragraph 30 of the Third-Party Complaint as it is redacted.

31.   ████ makes no response to paragraph 31 of the Third-Party Complaint as it is redacted.

32.   ████ makes no response to paragraph 32 of the Third-Party Complaint as it is redacted.

33.   ████ makes no response to paragraph 33 of the Third-Party Complaint as it is redacted.

34.   ████ makes no response to paragraph 34 of the Third-Party Complaint as it is redacted.

35.   ████ makes no response to paragraph 35 of the Third-Party Complaint as it is redacted.

36.   ████ makes no response to paragraph 36 of the Third-Party Complaint as it is redacted.

37.   ████ makes no response to paragraph 37 of the Third-Party Complaint as it is redacted.

38.   ████ makes no response to paragraph 38 of the Third-Party Complaint as it is redacted.

39.   ████ makes no response to paragraph 39 of the Third-Party Complaint as it is redacted.

### The Turnover Proceeding

40.   ████ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint.

41.   ████ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Third-Party Complaint.

42.   ████ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Third-Party Complaint.

43.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Third-Party Complaint.

44.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Third-Party Complaint.

## Phase One of the Turnover Proceeding

45.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third-Party Complaint, except admit that Citibank served a Third-Party Interpleader complaint on ██ .

46.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Third-Party Complaint.

47.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Third-Party Complaint.

## Phase Two of the Turnover Proceeding

48.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Third-Party Complaint, except admit that a partially redacted list is attached as Exhibit A to the Third-Party Complaint and contains a blocked wire transfer from ██████ to ██ whereby the ordering bank was Citibank and the beneficiary bank was ██████ .

49.   ██ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Third-Party Complaint.

## First Claim for Relief

50.   ██ repeats and realleges each and every allegation set forth in paragraphs 1 through 49 of this Answer to the same extent as if those allegations were set forth here in full.

51.   Paragraph 51 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and ██ further refers to the New York Civil Practice Law and Rules for a true recitation of their contents.

52.    Paragraph 52 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

### Second Claim for Relief

53.     repeats and realleges each and every allegation set forth in paragraphs 1 through 53 of this Answer to the same extent as if those allegations were set forth here in full.

54.    ███ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Third-Party Complaint, except admit that ███ has claims to the Phase Two Blocked Assets that are equal to or take priority over the claims of all other parties

55.    ███ lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Third-Party Complaint.

56.    Paragraph 56 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and ███ further refers to the statutes and regulations cited in paragraph 56 for a true recitation of their contents.

### Third Claim for Relief

57.    ███ repeats and realleges each and every allegation set forth in paragraphs 1 through 57 of this Answer to the same extent as if those allegations were set forth here in full.

58.    Paragraph 58 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

### AFFIRMATIVE DEFENSES

59.    ███-Third Party Defendant asserts the affirmative defense of insufficient service of process.

60.    ███ asserts that Citibank has failed to state facts sufficient to constitute a claim or cause of action against ███.

61.    ███-Third Party Defendant asserts the affirmative defense of laches.

62.    ███-Third Party Defendant asserts the affirmative defense of estoppel.

63.     ███-Third Party Defendant asserts the affirmative defense of waiver.

64.     ███-Third Party Defendant asserts that Citibank is barred from recovery on its claims under the doctrines of unclean hands, unjust enrichment, failure to mitigate, and/or assumption of risk.

65.     ███-Third Party Defendant asserts that Citibank is barred from recovery on its claims because Citibank has not and will not suffer any injury or damage as a result of action taken by ███.

66.     ███-Third Party Defendant asserts that Citibank is barred from recovery on its claims because any damages Citibank did suffer were caused by independent, intervening events beyond the control and unrelated to any conduct of ███.

67.     ███-Third Party Defendant asserts the affirmative defense of assumption of the risk.

68.     ███-Third Party Defendant reserves the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.


Dated: January 15, 2011                    Respectfully submitted,

                                           /s/ Kamran Parandian

                                           _____

                                           Kamran Parandian
                                           LAW OFFICES OF KAMRAN PARANDIAN
                                           1 Barker Avenue, 4th Floor
                                           White Plains, New York 10601
                                           Tel: (914) 793-2626
                                           Fax: (914) 239-4678
                                           Email: kp@parandianlaw.com


8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>                                          Plaintiffs,<br><br>                  -against-<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK<br><br>                                          Defendants. | Case No.  09 Civ. 5900 (RPP)<br><br>**RULE 7.1 STATEMENT** |
| CITIBANK, N.A.,<br><br>                  Third Party Plaintiff,<br><br>                  -against-<br><br>██████████████ et al,<br><br>                  Third Party Defendant. | |

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal the undersigned counsel for Third-Party Defendant ████████████ does certify that said Third Party Defendant has no parent corporation, nor does any publicly held corporation hold a 10% or greater interest in them.

1

Dated: January 15, 2011

Respectfully submitted,

/s/ Kamran Parandian

_____

Kamran Parandian
LAW OFFICES OF KAMRAN PARANDIAN
1 Barker Avenue, 4th Floor
White Plains, New York 10601
Tel: (914) 793-2626
Fax: (914) 239-4678
Email: kp@parandianlaw.com

2