FREEHILL HOGAN & MAHAR, LLP
Attorneys for █████████████
80 Pine Street, 24th Floor
New York, New York 10005
(212) 425-1900 / fax: (212) 425-1900
Gina M. Venezia
Edward J. Carlson

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Plaintiffs,<br><br>- against -<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK<br><br>Defendants | 09-CV-5900 (RPP) (MHD)<br><br>**FILED UNDER SEAL** |
| THE BANK OF NEW YORK MELLON<br><br>Third-Party Plaintiff,<br><br>- against -<br><br>████████████, *et al.*<br><br>Third-Party Defendants | THIRD-PARTY DEFENDANT ████<br>████ ANSWER TO JEREMY LEVIN AND DR. LUCILLE LEVIN'S <u>COUNTERCLAIM</u> |

Third-Party Defendant ██████████████████ ("██████"), by its undersigned attorneys Freehill, Hogan & Mahar LLP, submits its Answer to Jeremy Levin and Dr. Lucille Levin's Counterclaim against ████████ ("the Levin Counterclaim"), and alleges as follows:

1

380446.1

## ANSWER TO THE LEVIN COUNTERCLAIM

Subject to and without waiver of any of its defenses and allegations stated herein or in the previously filed Answer with Counterclaims and Crossclaims, ▆▆▆▆▆▆ alleges upon information and belief as follows:

1. Paragraph 41 of the Levin Counterclaim states conclusions of law to which no response is required. To the extent a response is required, ▆▆▆▆▆▆ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

2. Paragraph 42 of the Levin Counterclaim states conclusions of law to which no response is required. To the extent a response is required, ▆▆▆▆▆▆ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

3. ▆▆▆▆▆▆ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Levin Counterclaim. ▆▆▆▆▆▆ further avers that none of its property is available for collection by the Levins, or any other party or parties to this litigation, because ▆▆▆▆▆▆ is not an Iranian Defendant as that term is defined in the Levin Counterclaim and its property is not "Iranian Assets."

4. Paragraph 44 of the Levin Counterclaim states conclusions of law to which no response is required. To the extent a response is required, ▆▆▆▆▆▆ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

380446.1

5. ▬▬▬▬ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45.

6. ▬▬▬▬ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46.

7. ▬▬▬▬ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

8. ▬▬▬▬ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 except avers the following: it possesses assets that are the subject of this litigation; none of the Iranian Defendants has, have, or had any nexus or interest in these assets; and, as such, ▬▬▬▬'s assets shall not be distributed in satisfaction of any award made by this Court.

9. ▬▬▬▬ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

10. ▬▬▬▬ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

11. As for the allegations set forth in Paragraph 51, ▬▬▬▬ admits that its assets have been erroneously restrained at New York Banks due to mistaken identity, which mistaken identity was recently rectified by U.S. Treasury's Office of Foreign Assets Control via the removal of the name "▬▬▬▬" from the list of Specially Designated Nationals. ▬▬▬▬ further avers that a "nexus with" or "relationship to" the country of Iran is an insufficient basis upon which to satisfy an award against the Iranian Defendants.

380446.1

12. ▓▓▓▓▓ denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

13. Paragraph 53 states conclusions of law to which no response is required. ▓▓▓▓▓ further avers that satisfaction of any award against the Iranian Defendants with its assets would be improper.

14. Paragraph 54 states conclusions of law to which no response is required.

15. Paragraph 55 states conclusions of law to which no response is required. ▓▓▓▓▓ further avers that its assets were restrained due to a case of mistaken identity, which has now been corrected by OFAC. Thus, any attempt to satisfy the judgments against the Iran Defendants with ▓▓▓▓▓'s assets would be improper.

16. Paragraph 56 states conclusions of law to which no response is required. ▓▓▓▓▓ further avers that Plaintiffs are not entitled to enforce their judgments against assets in which the Iran Defendants have neither a direct nor indirect interest.

WHEREFORE, ▓▓▓▓▓ respectfully requests entry of judgment against Levin Plaintiffs:

(1) Determining that its ownership interest in the assets that are the subject of this proceeding is superior to the rights of the Levins, and all judgment creditors, to enforce their judgments against those assets;

(2) Determining that ▓▓▓▓▓ assets that are the subject of this proceeding shall not be subject to execution to satisfy the judgments against Iran;

(3) Determining that pursuant to CPLR 5239, ▓▓▓▓▓ possesses an interest in the restrained assets that is superior to any and all parties to this litigation;

4

380446.1

(4) Determining that the Levin Plaintiffs shall not satisfy their judgment against these funds on account of OFAC removing the name ▮▮▮▮ from the SDN list, which was initially listed as an SDN due to mistaken identity;

(5) Declaring that ▮▮▮▮ holds the true interest in the restrained assets that is superior to any and all parties to this litigation such that the funds should be returned accordingly;

(6) Restraining and enjoining all parties to this action, or any of their agents or instrumentalities, from instituting or prosecuting any claim or action against ▮▮▮▮ in any jurisdiction arising from or relating to the assets that are the subject of this proceeding;

(7) Awarding ▮▮▮▮ its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) Awarding to ▮▮▮▮ such other and further relief as may be just and proper.

Dated: New York, NY
January 27, 2012

        Respectfully submitted,
        FREEHILL, HOGAN AND MAHAR LLP

        /s/ Gina M. Venezia
        Gina M. Venezia
        Edward J. Carlson
        80 Pine St., 24th Floor
        New York, New York 10005
        (212) 425-1900

        *Attorneys for Third-Party Defendant*
        ▮▮▮▮

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all attorneys of record. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below service list in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notice of Electronic Filing.

**VIA CM/ECF**

/s/ Gina M. Venezia
Gina M. Venezia

380446.1