UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
JEREMY LEVIN and DR. LUCILLE LEVIN,    :    09-CV-5900 (RPP) (MHD)
:
    Plaintiffs,    :
:
- against -    :
:
BANK OF NEW YORK, JPMORGAN CHASE,    :
SOCIETE GENERALE and CITIBANK    :
:
    Defendants.    :
:
:
---------------------------------------------------------------x

---------------------------------------------------------------x
:
CITIBANK, N.A.    :
:
    Third-Party Plaintiff,    :
:
- against -    :
:
███████████████████████████    :
:
    Third-Party Defendants.    :
:
:
---------------------------------------------------------------x

**ANSWER BY THIRD-PARTY DEFENDANT ███████████████████████████
TO CITIBANK N.A.'S THIRD-PARTY COMPLAINT AGAINST
ACCOUNT HOLDERS AND WIRE TRANSFER PARTIES WITH RESPECT TO
PHASE TWO ASSETS IN ACCORDANCE WITH THE
<u>COURT'S SEPTEMEBER 16, 2011 ORDER AND COUNTERCLAIMS</u>**

████████████████████████ ("Third-Party Defendant"), by and through its undersigned attorneys, upon knowledge with respect to its own acts, and upon information or belief with respect to the acts of others, answers Citibank N.A.'s ("Citibank") Third-Party Complaint Against Account Holders and Wire Transfer Parties with Respect to Phase Two Assets in Accordance with the Court's September 16, 2011 Order (the "Third-Party Complaint"), dated September 21, 2011, as follows:

### Nature of the Proceedings

1. Paragraph 1 of the Third-Party Complaint does not contain any allegations of fact and/or states conclusions of law to which no response is required. To the extent there are allegations of fact in paragraph 1, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

2. Paragraph 2 of the Third-Party Complaint does not contain any allegations of fact and/or states conclusions of law to which no response is required. To the extent there are allegations of fact in paragraph 2, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Third-Party Defendant admits that its interest in the blocked assets at issue in the Third-Party Complaint is superior to the interest of Plaintiffs, other judgment creditors, Third-Party Plaintiff and other parties to this case. Paragraph 3 of the Third-Party Complaint otherwise does not contain any allegations of fact and/or states conclusions of law to which no response is required. To the extent there are other allegations of fact in paragraph 3, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Third-Party Complaint.

4.      Paragraph 4 of the Third-Party Complaint does not contain any allegations of fact and/or states conclusions of law to which no response is required.  To the extent there are allegations of fact in paragraph 4, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Third-Party Complaint.

### Jurisdiction and Venue

5.      Paragraph 5 of the Third-Party Complaint does not contain any allegations of fact and/or states conclusions of law to which no response is required.  To the extent there are allegations of fact in paragraph 5, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint.

6.      Paragraph 6 of the Third-Party Complaint does not contain any allegations of fact and/or states conclusions of law to which no response is required.  To the extent there are allegations of fact in paragraph 6, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint.

### The Third-Party Plaintiff

7.      Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint.

### Third Party Defendants

8.      Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9.      Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Third-Party Defendant admits it is a society organized and existing under the laws of Malaysia with its principal place of business in Kuala Lumpur, Malaysia. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Third-Party Complaint.

12.-39. Third-Party Defendant makes no response to paragraphs 12-39 of the Third-Party Complaint as these paragraphs are redacted.

## The Turnover Proceeding

40. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint.

41. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Third-Party Complaint.

42. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Third-Party Complaint.

43. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Third-Party Complaint.

44. Third-Party Defendant denies that the blocked assets at issue in the Third-Party Complaint are assets of Iran or an agency or instrumentality of Iran. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of the Third-Party Complaint.

## Phase One of the Turnover Proceeding

45. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third-Party Complaint.

46. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Third-Party Complaint.

47. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Third-Party Complaint.

### Phase Two of the Turnover Proceeding

48. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Third-Party Complaint.

49. Third-Party Defendant admits its interest in the blocked assets at issue in the Third-Party Complaint is superior to the interest of Plaintiffs, other judgment creditors, Third-Party Plaintiff and other parties to this case. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Third-Party Complaint.

### For The Claims of Citibank in the Nature of Interpleader

### First Claim For Relief

50. Third-Party Defendant repeats and realleges each and every allegation set forth in paragraphs 1 through 49 of this Answer to the same extent as if those allegations were set forth here in full.

51. Paragraph 51 of the Third-Party Complaint does not contain any allegations of fact and/or states conclusions of law to which no response is required. To the extent there are allegations of fact in paragraph 51, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Third-Party Complaint.

52. Paragraph 52 of the Third-Party Complaint does not contain any allegation of fact and/or states conclusions of law to which no response is required. To the extent there are

allegations of fact in paragraph 52, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Third-Party Complaint.

## Second Claim for Relief

53. Third-Party Defendant repeats and realleges each and every allegation set forth in paragraphs 1 through 49 of this Answer to the same extent as if those allegations were set forth here in full.

54. Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Third-Party Complaint.

55. Paragraph 55 of the Third-Party Complaint does not contain any allegation of fact and/or states conclusions of law to which no response is required. To the extent there are allegations of fact in paragraph 55, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Third-Party Complaint.

56. Paragraph 56 of the Third-Party Complaint does not contain any allegation of fact and/or states conclusions of law to which no response is required. To the extent there are allegations of fact in paragraph 56, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Third-Party Complaint.

## Third Claim for Relief

57. Third-Party Defendant repeats and realleges each and every allegation set forth in paragraph 1 through 49 of this Answer to the same extent as if those allegations were set forth here in full.

58. Third-Party Defendant admits its interest in the blocked assets at issue in the

Third-Party Complaint is superior to the interest of Plaintiffs, other judgment creditors, Third-Party Plaintiff and other parties to this case. Third-Party Defendant denies that service of the Third-Party Complaint was good or sufficient. Third-Party Defendant denies that the Court has personal jurisdiction over it. Third-Party Defendant denies that Third-Party Plaintiff is entitled to a judgment of costs, expenses and attorneys' fees from Third-Party Defendant. Paragraph 58 of the Third-Party Complaint otherwise does not contain any allegation of fact and/or states conclusions of law to which no response is required. To the extent there are allegations of fact in paragraph 58, Third-Party Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Third-Party Complaint.

## **AFFIRMATIVE DEFENSES**

Without in any way admitting any of the allegations of the Third-Party Complaint and without admitting or suggesting that Third-Party Defendant bears the burden of proof of establishing any fact or proposition where the burden is properly imposed on others, as separate and independent affirmative defenses, Third-Party Defendant asserts as follows, and reserves its right to assert additional defenses that may be revealed as the case progresses:

1. Third-Party Defendant asserts that the Court has no personal jurisdiction over Third-Party Defendant.

2. Third-Party Defendant asserts the affirmative defense of insufficient service of process.

3. Third-Party Defendant asserts that Citibank has failed to state facts sufficient to state a claim or cause of action against Third-Party Defendant.

4. Third-Party Defendant asserts the affirmative defense of laches, estoppel and/or

waiver.

5. Third-Party Defendant asserts that Citibank is barred from recovery on its claims under the doctrines of unclean hands, unjust enrichment, failure to mitigate, abandonment and/or assumption of risk.

6. Third-Party Defendant asserts that Citibank is barred from recovery on its claims because Citibank has not and will not suffer any injury or damage as a result of action taken by Third-Party Defendant.

7. Third-Party Defendant asserts that Citibank is barred from recovery on its claims because any damages Citibank did suffer were caused by independent, intervening events beyond the control and unrelated to any conduct of Third-Party Defendant.

8. Third-Party Defendant asserts that Citibank is barred from recovery on its claims because the transfer of money (the blocked assets at issue in the Third-Party Complaint) was non-commercial in nature and non-commercial remittances are exempt from the Iranian Transactions Regulations and the International Emergency Economic Powers Act.

9. Third-Party Defendant asserts that the blocked assets at issue in the Third-Party Complaint represent funds that were intended for projects or activities in or related to Iran that are designed to directly benefit the Iranian people and that are not in furtherance of Iranian military, industrial or technological infrastructure or potential. The purpose of the transfer of the blocked assets at issue in the Third-Party Complaint is not intended to be prohibited by the Iranian Transactions Regulations or the International Emergency Economic Powers Act.

10. Third-Party Defendant possesses an interest in the blocked assets at issue in the Third-Party Complaint that is superior to the interest of Plaintiffs, other judgment creditors, Third-Party Plaintiff and other parties to this case.

11. Neither Third-Party Defendant nor the intended beneficiary of the transfer of the

blocked assets at issue in the Third-Party Complaint is a terrorist party, an agency or instrumentality of the Government of Iran.

12. Neither Third-Party Defendant nor the intended beneficiary of the transfer of the blocked assets at issue in the Third-Party Complaint is owned or controlled, either directly or indirectly, by the Government of Iran or by any agency or instrumentality of the Government of Iran.

13. Neither the Government of Iran, nor any of its ministries, agencies or instrumentalities, possesses an ownership interest (either direct or indirect) in the blocked assets at issue in the Third-Party Complaint.

14. Third-Party Defendant is not in privity with Third-Party Plaintiff, Plaintiffs or other judgment creditors.

15. Third-Party Plaintiff has no right to recover attorneys' fees against Third-Party Defendant.

16. Third-Party Defendant reserves the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

## RESERVATION OF RIGHTS

Third-Party Defendant hereby gives notice that it lacks knowledge or information sufficient to form a belief as to the truth of certain allegations contained in the Third-Party Complaint, or specific knowledge of actions on the part of Citibank, Defendants or other persons. Until Third-Party Defendant avails itself of its right to discovery, it cannot be determined whether all of the above-stated Affirmative Defenses will be asserted at trial or whether Third-Party Defendant may have additional defenses. Third-Party Defendant hereby reserves the right to assert additional affirmative defenses as may become known to it during the course of discovery.

WHEREFORE, Third-Party Defendant respectfully requests judgment in favor of Third-Party Defendant, dismissal of Third-Party Plaintiff's claim and such other and further relief as the Court deems just and proper.

Dated: February 16, 2012
       New York, New York

                                          Respectfully submitted,

                                          ███████████████████

                                          By its attorneys,

                                          KOBRE & KIM LLP

                                          By: /s/ Eric J. Snyder
                                          Eric J. Snyder (ES-6813)
                                          800 Third Avenue
                                          New York, New York 10022
                                          Tel: (212) 488-1200
                                          Fax: (212) 488-1220
                                          eric.snyder@kobrekim.com