BROWN GAVALAS & FROMM LLP
Attorneys for Third-Party Defendant
███████████████

355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEREMY LEVIN and DR. LUCILLE LEVIN,

                *Plaintiffs,*

    -against-

BANK OF NEW YORK, JP MORGAN CHASE,
SOCIETE GENERALE and CITIBANK.

                *Defendants.*
-----------------------------------------------------------X
JPMORGAN CHASE & CO. and JPMORGAN
CHASE BANK, N.A.,

                *Third-Party Plaintiffs,*

    -against-

[REDACTED NAMES], ISLAMIC REPUBLIC OF
IRAN, IRANIAN MINISTRY OF INFORMATION
AND SECURITY, and IRANIAN ISLAMIC
REVOLUTIONARY GUARD CORPS, ALSO
KNOWN AS IRANIAN REVOLUTIONARY
GUARD CORPS,

                *Third-Party Defendants.*
-----------------------------------------------------------X

No. 09 Civ. 5900 (RPP)(MHD)

**FILED UNDER SEAL**

███████ **ANSWER TO
ADDITIONAL AMENDED
AND SUPPLEMENTAL
THIRD-PARTY COMPLAINT
OF JPMORGAN CHASE
PARTIES AGAINST
WIRE TRANSFER AND
ACCOUNT PARTIES
WITH COUNTERCLAIMS
AND CROSS-CLAIMS**

    Third-party defendant ███████████████████████████, by its attorneys, Brown Gavalas & Fromm LLP, as and for its answer to the Additional Amended and Supplemental Third-Party Complaint of JPMorgan Chase Parties ("JPMorgan") Against Wire Transfer and Account Parties (the "Third-Party Complaint"), alleges, upon information and

belief, as follows:

## Nature of the Proceedings

1. ▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 1 of the Third-Party Complaint, except admits that ▮ has a claim or interest in funds that are involved in this proceeding.

2. ▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 2 of the Third-Party Complaint, except admits that ▮ has a claim or interest in funds that are involved in this proceeding.

3. ▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 3 of the Third-Party Complaint, except admits that ▮ has a claim or interest in funds that are involved in this proceeding.

## The Third-Party Plaintiffs

4. ▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 4 of the Third-Party Complaint.

5. ▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 5 of the Third-Party Complaint, except admits that JPMCB has an office and/or branch in the County and State of New York.

## The Third-Party Defendants

6. Paragraphs 6 through 76 of the Third-Party Complaint have been redacted and therefore no response is required. To the extent a response is required, ▮ denies knowledge or information sufficient to form a belief about the allegations asserted therein.

7. ▮ denies the allegations set forth in paragraph 77 of the Third-Party Complaint, except admits that the ▮ is a foreign central bank and an instrumentality of ▮

2

███████████████ as defined by the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. ("FSIA").

8. Paragraphs 78 through 128 of the Third-Party Complaint have been redacted and therefore no response is required. To the extent a response is required, ███ denies knowledge or information sufficient to form a belief about the allegations asserted therein.

9. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 129 of the Third-Party Complaint.

10. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 130 of the Third-Party Complaint.

11. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 131 of the Third-Party Complaint.

12. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 132 of the Third-Party Complaint.

## Jurisdiction and Venue

13. ███ denies the allegations contained in paragraph 133 of the Third-Party Complaint and specifically denies that the Court has subject matter jurisdiction over this action because ███ is an instrumentality of a foreign state under the FSIA.

14. ███ denies the allegations contained in paragraph 134 of the Third-Party Complaint and specifically denies that venue is properly set in this judicial district because ███ is an instrumentality of a foreign state under the FSIA.

## Factual Background

15. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 135 of the Third-Party Complaint.

16. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 136 of the Third-Party Complaint.

17. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 137 of the Third-Party Complaint.

18. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 138 of the Third-Party Complaint.

19. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 139 of the Third-Party Complaint.

20. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 140 of the Third-Party Complaint.

21. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 141 of the Third-Party Complaint.

22. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 142 of the Third-Party Complaint.

23. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 143 of the Third-Party Complaint.

24. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 144 of the Third-Party Complaint.

25. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 145 of the Third-Party Complaint.

26. ▇ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 146 of the Third-Party Complaint.

27. ▇ denies knowledge or information sufficient to form a belief about the

allegations set forth in paragraph 147 of the Third-Party Complaint.

28. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 148 of the Third-Party Complaint.

29. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 149 of the Third-Party Complaint.

30. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 150 of the Third-Party Complaint.

31. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 151 of the Third-Party Complaint.

32. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 152 of the Third-Party Complaint.

33. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 153 of the Third-Party Complaint.

34. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 154 of the Third-Party Complaint.

35. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 155 of the Third-Party Complaint.

36. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 156 of the Third-Party Complaint.

37. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 157 of the Third-Party Complaint.

38. ■ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 158 of the Third-Party Complaint.

39. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 159 of the Third-Party Complaint.

40. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 160 of the Third-Party Complaint.

41. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 161 of the Third-Party Complaint, except admits that it has a claim or interest in funds that are involved in this proceeding.

42. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 162 of the Third-Party Complaint, except admits that it has a claim or interest in funds that are designated in Exhibit G to the Third-Party Complaint.

43. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 163 of the Third-Party Complaint, except admits that (i) ███ is not an agency or instrumentality of Iran; (ii) none of the parties to the wire transfer in which ███ has an interest is an agency or instrumentality of Iran; (iii) none of the assets in which ███ has an interest are property of Iran or any juridical entity directly or indirectly owned by Iran; (iv) any interest of ███ in assets are superior to the rights of any other person who may claim an interest in such assets; and/or (v) for other reasons, ███ has a claim or rights with respect to some of the JPM Phase 2 Assets that are superior to the rights of the Settling Parties to seize those assets to satisfy their judgments against Iran, or to the rights of any of the Iran Claimants to execute on the JPM Phase 2 Assets in which ███ has an interest.

44. ███ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 164 of the Third-Party Complaint, except admits that ███ has a sufficient interest in some of the JPM Phase 2 Assets that it has standing to contend that some

of the JPM Phase 2 Assets are not subject to execution to satisfy the judgments or claims of any of the Iran Claimants.

### First Claim for Relief

45. With respect to paragraph 165 of the Third-Party Complaint, ▬ repeats and re-alleges each and every answer set forth in paragraphs 1 through 164 of this Answer to the same extent as if those answers were set forth here in full.

46. Paragraph 166 of the Third-Party Complaint contains a statement of law as to which no response is required. To the extent that a response is required, ▬ denies knowledge or information sufficient to form a belief about the allegations contained in paragraph 166.

47. ▬ denies the allegations set forth in paragraph 167 of the Third-Party Complaint.

### Second Claim for Relief

48. With respect to paragraph 168 of the Third-Party Complaint, ▬ repeats and re-alleges each and every answer set forth in paragraphs 1 through 167 of this Answer to the same extent as if those answers were set forth here in full.

49. ▬ denies the allegations set forth in paragraph 169 of the Third-Party Complaint, except admits that ▬ has claims to or rights in some of the JPM Phase 2 Assets that take priority over the Settling Parties' claims to or rights therein, or that ▬ can establish that the Settling Parties or others of the Iran Claimants are not entitled to execute on some of the JPM Phase 2 Assets.

50. ▬ denies the allegations set forth in paragraph 170 of the Third-Party Complaint.

51. ▬ denies the allegations set forth in paragraph 171 of the Third-Party

Complaint.

### Third Claim for Relief

52. With respect to paragraph 172 of the Third-Party Complaint, ███ repeats and re-alleges each and every answer set forth in paragraphs 1 through 171 of this Answer to the same extent as if those answers were set forth here in full.

53. ███ denies the allegations set forth in paragraph 173 of the Third-Party Complaint.

54. ███ denies the allegations set forth in the "Wherefore" clauses of the Third-Party Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

JPMorgan's claims are barred by the doctrines of waiver, estoppel, and laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

JPMorgan is not the real party in interest and, therefore, JPMorgan has no claim against ███.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

JPMorgan lacks standing to bring the present suit.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

JPMorgan has failed to join necessary and indispensable parties to this suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

███, as an instrumentality of a foreign state, is entitled to immunity pursuant to the FSIA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

JPMorgan's claims are barred by the principles of sovereign immunity, international comity, and abstention.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

[REDACTED] assets are not subject to execution or attachment because [REDACTED] is a foreign central bank within the meaning of the FSIA, and particularly 28 U.S.C. § 1611, and the subject funds were property of the [REDACTED] held for its own account.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

JPMorgan's claims should be dismissed because the subject funds are not property or interests in property of the Government of Iran or its agencies or instrumentalities.

### ADDITIONAL AFFIRMATIVE DEFENSES

[REDACTED] intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and [REDACTED] reserves the right to amend this Answer to assert such defenses.

### COUNTERCLAIMS AND CROSSCLAIMS

[REDACTED], as and for its counterclaims against JPMorgan Chase & Co. and JPMorgan Chase Bank N.A. (together, "JPMorgan") and its cross-claims against all parties to this action that are seeking turnover of funds in which [REDACTED] has an interest ("Claimants"), by and through undersigned counsel, incorporates by reference its Affirmative Defenses set forth above and further states as follows:

Parties

1.   [REDACTED] is an instrumentality of the Government of [REDACTED]. [REDACTED] is the central bank of [REDACTED] and is a foreign central bank within the meaning of 28 U.S.C.

§ 1611(b)(1).

2. Upon information and belief, JPMorgan Chase & Co. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the County and State of New York.

3. Upon information and belief, JPMorgan Chase Bank N.A. is a national banking association organized and existing under the laws of the United States of America, with its main office in the State of Ohio and offices and branches in the County and State of New York.

4. Upon information and belief, Claimants are individuals who have asserted claims or counterclaims against JPMorgan in this action seeking turnover of funds in which ▮ has an interest. Claimants include, but are not necessarily limited to, those persons identified in the Third-Party Complaint as Jeremy and Lucille Levin, the Greenbaum Judgment Creditors, the Acosta Judgment Creditors, the Heiser Judgment Creditors, the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Valore Judgment Creditors, the Weinstein Judgment Creditors, the Brown Plaintiffs, the Bland Plaintiffs, the Khaliq Plaintiffs, the Owens Plaintiffs, and the Mwila Plaintiffs.

## Jurisdiction

5. The Court has jurisdiction over these counterclaims and cross-claims pursuant to 28 U.S.C. § 1367(a).

## Background Facts

6. ▮ maintains a reserve of external assets in the form of a U.S. dollar account at JPMorgan (the "JPMorgan Account"). The money maintained in the JPMorgan Account is part of the reserves of ▮ and is used solely to perform central banking functions.

7. The funds held in the JPMorgan Account are property of ▮ and are held for

■■■ own account within the meaning of 28 U.S.C. § 1611(b)(1).

8. One of the central banking functions performed by ■■■ is to facilitate U.S. dollar fund transfers on behalf of the ■■■ government and agencies and instrumentalities thereof.

9. On or about August 31, 2009, ■■■ was conducting a central bank function by facilitating a wire transfer for an agency or instrumentality of the ■■■ government. Specifically, ■■■ sent a wire transfer on behalf of ■■■ in the amount of ■■■ from the JPMorgan Account to ■■■ account at the ■■■ (the "■■■ Wire Transfer").

10. Upon information and belief, JPMorgan blocked the ■■■ Wire Transfer because the ■■■ or another bank or entity involved or referred to in the wire transfer was named on the List of Specially Designated Nationals (the "SDN List") promulgated by the U.S. Treasury Office of Foreign Assets Control ("OFAC").

11. The relevant OFAC regulations, found at 31 C.F.R. Parts 544, 594, and 595, provide that "[e]xcept as authorized by statutes . . . or otherwise, . . . property and interests in property of [entities named on the SDN List] . . . are blocked and may not be transferred, paid, exported, withdrawn or otherwise dealt in . . . ."

12. Upon information and belief, JPMorgan's practice is to block any wire transfer that involves or refers to an entity on the SDN List, and JPMorgan does not make any determination as to whether the wire transfer is, in fact, property or interests in property of an entity named on the SDN List.

13. ■■■ is an agency or instrumentality of ■■■ and is not named on the SDN List and is not part of the Government of Iran.

14. Upon information and belief, the intended beneficiary of the ■■■ Wire Transfer,

11

███████████████████████████, is not named on the SDN List and is not part of the Government of Iran.

15. Upon information and belief, ███████████████████████████ was designated as the beneficiary bank in the ███ Wire Transfer and has no property interest in the ███ Wire Transfer or other interest that is subject to attachment or execution.

16. ███ has not waived, explicitly or otherwise, any immunity from attachment or execution with respect to the ███ Wire Transfer.

17. Upon information and belief, the Claimants have asserted claims against JPMorgan seeking turnover of the ███ Wire Transfer in order to satisfy various judgments against the Government of Iran.

18. Upon information and belief, Claimants seek turnover of the ███ Wire transfer pursuant to Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") and Sections 1610(f)(1)(A) and (g) of the FSIA, under which alleged victims of terrorism may attempt to satisfy a judgment against a terrorist state from funds that were (1) blocked under OFAC regulations and (2) are property or interests in property of the terrorist state.

## AS AND FOR A FIRST COUNTERCLAIM AND CROSSCLAIM
### (Declaratory Judgment)

19. ███ repeats and re-alleges the allegations set forth in paragraphs 1 through 18 of the Counterclaims as if the same were set forth herein at length.

20. ███ is a foreign central bank and the ███ Wire Transfer is ███ property held for its own account. Therefore, under 28 U.S.C. § 1611, the ███ Wire Transfer is immune from attachment or execution.

21. ███ has not waived the immunity provided by 28 U.S.C. § 1611.

22. Upon information and belief, the Government of Iran and its agencies and

instrumentalities have no property interest in the ███ Wire Transfer or other interest that is subject to attachment or execution.

23.     Under the TRIA and the FSIA, alleged victims of terrorism may only attach or execute judgments against property in which the foreign terrorist government judgment debtor has a property interest or other interest subject to attachment or execution.

24.     Because the ███ Wire Transfer is immune from execution or attachment under 28 U.S.C. § 1611 and because the Government of Iran and its agencies and instrumentalities have no property interest in the ███ Wire Transfer or other interest that is subject to attachment or execution, Claimants cannot attach or execute their judgments against the ███ Wire Transfer.

25.     By reason of the foregoing, ███ is entitled to a declaration that JPMorgan is permanently enjoined from turning over the ███ Wire Transfer to Claimants or any other person or entity seeking turnover of the ███ Wire Transfer.

## AS AND FOR A SECOND COUNTERCLAIM AND CROSSCLAIM
### (Return of Attached Funds)

26.     ███ repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of the Counterclaims as if the same were set forth herein at length.

27.     ███ is a foreign central bank and the ███ Wire Transfer is ███ property held for its own account. Therefore, under 28 U.S.C. § 1611, the ███ Wire Transfer is immune from attachment or blocking by JPMorgan.

28.     ███ has not waived the immunity provided by 28 U.S.C. § 1611.

29.     The Government of Iran and its agencies and instrumentalities were not the originator or beneficiary of the ███ Wire Transfer and, therefore, the Government of Iran and its agencies and instrumentalities have no property or other interest in the ███ Wire Transfer that is subject to blocking under OFAC regulations.

13

30. By reason of the foregoing, ■ is entitled to an Order directing JPMorgan to unblock the ■ Wire Transfer and return the funds to the JPMorgan Account.

**WHEREFORE,** ■ respectfully requests that the Court enter judgment:

(a) dismissing the Third-Party Complaint;

(b) declaring that the Claimants are not entitled to turnover of the ■ Wire Transfer;

(c) directing JPMorgan to return the ■ Wire Transfer funds to the JPMorgan Account;

(d) awarding ■ its costs, expenses, and attorneys' fees; and

(e) granting ■ such further and different relief as the Court deems just and proper.

Dated: New York, New York
February 16, 2012

                              Respectfully submitted,

                              BROWN GAVALAS & FROMM LLP
                              Attorneys for Third-Party Defendant
                              ■

             By:              s/ David H. Fromm
                          David H. Fromm (DF-9334)
                          Patrick R. O'Mea (PO-0424)
                          355 Lexington Avenue
                          New York, New York 10017
                          (212) 983-8500