UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JEREMY LEVIN and DR. LUCILLE LEVIN,    :

                      Plaintiffs,    :    Case No. 09 Civ. 5900 (RPP) (MHD)

                      -against-    :    **FILED PARTIALLY UNDER SEAL**
                                                                               **DUE TO CONFIDENTIAL**
BANK OF NEW YORK, JPMORGAN    :    **INFORMATION SUBJECT TO**
CHASE, SOCIETE GENERALE and           **PROTECTIVE ORDER**
CITIBANK,

                      Defendants.    :
------------------------------------------------------------ x
JPMORGAN CHASE & CO. and
JPMORGAN CHASE BANK, N.A.,    :

                Third-Party Petitioner,    :

                -against-    :

[REDACTED] *et al.*    :

              Third-Party Defendants.    :
------------------------------------------------------------ x

## GREENBAUM AND ACOSTA JUDGMENT CREDITORS' JOINT ANSWER TO THIRD-PARTY DEFENDANT [REDACTED] CROSSCLAIMS

Third-Party Defendants Steven M. Greenbaum (sued individually and as administrator of the estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors"), Carlos Acosta, Maria Acosta, Tova Ettinger, Irving Franklin (on his own behalf and as Administrator of the Estate of the late Irma Franklin), Baruch Kahane, Libby Kahane (on her own behalf and as Administratrix of the Estate of the late Meir Kahane), Ethel J. Griffin (as Administratrix of the Estate of the late Binyamin Kahane), Norman Kahane (on his own behalf and as Executor of the Estate of the late Sonia Kahane), and Ciporah Kaplan (collectively, the "Acosta Judgment Creditors", and together with the Greenbaum Judgment Creditors, the "Greenbaum and Acosta Judgment Creditors"), by their undersigned attorneys, for

their joint answer to third-party defendant ███████████████ ("████") crossclaims against all parties to the above-captioned action seeking turnover of certain funds in which ████ claims an interest (the "Crossclaims"), allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

2. Admit, upon information and belief, the allegations contained in paragraph 2 of the Crossclaims.

3. Admit, upon information and belief, the allegations contained in paragraph 3 of the Crossclaims.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Crossclaims, except admit that the Greenbaum and Acosta Judgment Creditors have asserted counterclaims in this action against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") seeking the turnover of certain assets that are being held by JPMorgan in this district and in which Iran and/or certain agencies or instrumentalities of Iran possess an ownership interest (the "JPM Blocked Assets").

5. Paragraph 5 of the Crossclaims states conclusions of law as to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims, except aver, upon information and belief, that ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████ (the "Subject Blocked Wire Transfer") and ████████ ███████████████████████████ were parties to, or otherwise involved in, that transaction.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims, except aver, upon information and belief, that ███████████████████████████████████████████████ have been, and remain to this day, designated by the United States Department of the Treasury's Office of Foreign Assets Control ("OFAC") as entities owned and/or controlled by the Islamic Republic of Iran ("Iran") and as proliferators of weapons of mass destruction and, as a result of such designations, as well as Executive Orders 13382 and 13559 and related OFAC regulations, all property and interests in property of ███████████████████████████████ ███████████████████ that are in the United States and/or come within the possession or control of any United States person or entity, including JPMorgan, are blocked.

11. Deny, upon information and belief, the allegations contained in paragraph 11 of the Crossclaims, aver, upon information and belief, that additional OFAC regulations not cited therein, including, but not limited to, 31 C.F.R. Parts 560 and 561, may also be relevant to a determination of the Crossclaims, and refer to the language of all such regulatory provisions for a true and complete recitation of the contents thereof.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required, and except to the extent it alleges tha[REDACTED] has no property interest in the Subject Blocked Wire Transfer or other interest that is subject to attachment or execution, which allegation is, upon information and belief, denied.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Crossclaims, except admit that the Greenbaum and Acosta Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking turnover of the JPM Blocked Assets, including, but not limited to, the Subject Blocked Wire Transfer, in satisfaction of their respective judgments against Iran.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Crossclaims, except admit that the Greenbaum and

Acosta Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking turnover of the JPM Blocked Assets, including, but not limited to, the Subject Blocked Wire Transfer, pursuant to 28 U.S.C. § 1610 and § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), codified as a note thereto, and refer to the language of those statutory provisions for a true and complete recitation of the contents thereof.

### First Crossclaim
### (Declaratory Judgment)

19.  No response is required of paragraph 19, which repeats and realleges paragraphs 1 through 18 of the Crossclaims.

20.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required. To the extent a response is required, the Greenbaum and Acosta Judgment Creditors deny, upon information and belief, that the Subject Blocked Wire Transfer constitutes property of ▇ that is "held for its own account" and immune from attachment or execution pursuant to 28 U.S.C. § 1611.

21.  Paragraph 21 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Greenbaum and Acosta Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the Subject Blocked Wire Transfer.

22.  Deny, upon information and belief, the allegations contained in paragraph 22 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

23.  Paragraph 23 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Greenbaum and Acosta Judgment

Creditors deny, upon information and belief, the allegations contained therein and refer to the language of the statutory provisions cited therein for a true and complete recitation of the contents thereof.

24. Deny, upon information and belief, the allegations contained in paragraph 24 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required.

25. Paragraph 25 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Greenbaum and Acosta Judgment Creditors deny, upon information and belief, the allegations contained therein.

## Second Crossclaim
### (Return of Attached Funds)

26. No response is required of paragraph 26, which repeats and realleges paragraphs 1 through 25 of the Crossclaims.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Crossclaims, except to the extent such paragraph states conclusions of law as to which no response is required, and except to the extent it alleges that the Subject Blocked Wire Transfer is "▇▇▇ property held for its own account," which allegation is, upon information and belief, denied.

28. Paragraph 28 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Greenbaum and Acosta Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the Subject Blocked Wire Transfer.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Crossclaims, except to the extent such paragraph

states conclusions of law as to which no response is required, and except to the extent it alleges that the Government of Iran and its agencies and instrumentalities have no property or other interest in the Subject Blocked Wire Transfer that is subject to blocking under OFAC regulations, which allegation is, upon information and belief, denied.

30. Paragraph 30 of the Crossclaims states conclusions of law as to which no response is required. To the extent a response is required, the Greenbaum and Acosta Judgment Creditors deny, upon information and belief, the allegations contained therein.

## RESERVATION OF RIGHTS

31. The Greenbaum and Acosta Judgment Creditors reserve the right to assert any affirmative defenses, as well as any additional counterclaims and/or crossclaims, that may become apparent after additional discovery or otherwise.

WHEREFORE, the Greenbaum and Acosta Judgment Creditors respectfully demand judgment dismissing the Crossclaims against them and awarding the relief sought in their respective answers to the JPMorgan Parties' Amended and Supplemental Third-Party Complaint and counterclaims, dated October 6, 2011.

Dated: New York, New York
March 12, 2012

STROOCK & STROOCK & LAVAN LLP

By: ____/s/____
Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
Judy Peacock Goodwin
180 Maiden Lane
New York, New York 10038
(212) 806-5400

*Attorneys for the Greenbaum and Acosta Judgment Creditors*