UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :

        Plaintiffs,  :

        -against-  :

BANK OF NEW YORK, JPMORGAN  :
CHASE, SOCIETE GENERALE and
CITIBANK,  :

        Defendants.  :
------------------------------------------------------------x

THE BANK OF NEW YORK MELLON,  :

        Third-Party Plaintiff,  :

        -against-  :

STEVEN M. GREENBAUM, et al.,  :

        Third-Party Defendants.  :
------------------------------------------------------------x

**FILED UNDER SEAL DUE TO CONFIDENTIALITY ORDER**

Case No. 09 Civ. 5900 (RPP) (MHD)

**ANSWER OF THE ESTATE OF MICHAEL HEISER, ET AL. TO COUNTERCLAIMS AND CROSSCLAIMS OF THE [REDACTED]**

The Estate of Michael Heiser, *et al.* (the "Heisers")[1], by their undersigned counsel, for their answer to the Counterclaims and Crossclaims filed by the **[REDACTED]** ("**[REDACTED]**") (collectively, the "Crossclaims"), allege as follows:

---

[1] The Heisers are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51)

## CROSSCLAIMS AND COUNTERCLAIMS

Parties

1. Paragraph 1 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims; accordingly, such allegations are denied.

2. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Crossclaims; accordingly, such allegations are denied.

3. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Crossclaims; accordingly, such allegations are denied.

4. The Heisers admit that they have asserted claims against JPMorgan in these proceedings, which claims speak for themselves. Whether or not **[REDACTED]** has an interest in certain funds is a conclusion of law as to which no response is required; accordingly, such allegations are denied. The Heisers further state that they lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Crossclaims; accordingly, such allegations are denied.

---

the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59) Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

### Jurisdiction

5. Paragraph 5 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.

### Background Facts

6. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims; accordingly, such allegations are denied.

7. Paragraph 7 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims; accordingly, such allegations are denied.

8. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims; accordingly, such allegations are denied.

9. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims; accordingly, such allegations are denied.

10. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims; accordingly, such allegations are denied.

11. The OFAC regulations cited in paragraph 11 speak for themselves and, therefore, no response is required; accordingly, such allegations are denied.

12. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims; accordingly, such allegations are denied.

13. To the extent that the allegations in paragraph 13 of the Crossclaims concern the SDN List, that list speaks for itself and, therefore, no response is required; accordingly, such allegations are denied. The remaining allegations in paragraph 13 of the Crossclaims state conclusions of law as to which no response is required; accordingly, such allegations are denied. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Crossclaims; accordingly, such allegations are denied.

14. To the extent that the allegations in paragraph 14 of the Crossclaims concern the SDN List, that list speaks for itself and, therefore, no response is required; accordingly, such allegations are denied. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Crossclaims; accordingly, such allegations are denied.

15. The Heisers lack knowledge or information sufficient to form a belief as to the truth of whether or not the Export Development Bank of Iran was designated as the beneficiary bank in the **[REDACTED]** Wire Transfer. The Heisers deny the remaining allegations contained in paragraph 15 of the Crossclaims.

16. Paragraph 16 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied. To the extent a response is required, the Heisers lack knowledge or information sufficient to form a belief as to the truth of

17. The Heisers admit that they have asserted claims against JPMorgan seeking a turnover of, *inter alia*, the **[REDACTED]** Wire Transfer, which claims speak for themselves. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 of the Crossclaims; accordingly, such allegations are denied.

18. The Heisers admit that they have asserted claims against JPMorgan seeking a turnover of, *inter alia*, the **[REDACTED]** Wire Transfer, which claims speak for themselves. Moreover, the statutory references set forth in paragraph 18 of the Crossclaims speak for themselves and no response is required; accordingly, such allegations are denied. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Crossclaims; accordingly, such allegations are denied.

**AS AND FOR A FIRST COUNTERCLAIM AND CROSSCLAIM**
**(Declaratory Judgment)**

19. Paragraph 19 of the Crossclaims requires no responsive pleading. To the extent a response is required, the Heisers repeat and reallege their responses to paragraphs 1-18.

20. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 20 of the Crossclaims; accordingly, such allegations are denied. The second sentence of paragraph 20 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.

21. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Crossclaims; accordingly, such allegations are denied.

22. The Heisers deny the allegations contained in paragraph 22 of the Crossclaims.

23. Paragraph 23 of the Crossclaims states conclusions of law as to which no response is required; accordingly, such allegations are denied.

24. The Heisers deny the allegations contained in paragraph 24 of the Crossclaims.

25. The Heisers deny the allegations contained in paragraph 25 of the Crossclaims.

### AS AND FOR A SECOND COUNTERCLAIM AND CROSSCLAIM
(Return of Attached Funds)

26. Paragraph 26 of the Crossclaims requires no responsive pleading. To the extent a response is required, the Heisers repeat and reallege their responses to paragraphs 1-25.

27. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations that "**[REDACTED]**" accordingly, such allegation is denied. The Heisers deny the remainder of paragraph 27 of the Crossclaims.

28. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Crossclaims; accordingly, such allegations are denied.

29. The Heisers deny the allegations contained in paragraph 29 of the Crossclaims.

30. The Heisers deny the allegations contained in paragraph 30 of the Crossclaims.

## DEFENSES

### First Defense

The Heisers' claims are superior to **[REDACTED]** and any other claimants as a matter of law by virtue of service of their writs of execution and the initiation of a turnover action in accordance with N.Y. C.P.L.R. §§ 5225 and 5227.

### Second Defense

**[REDACTED]**'s claims are barred by res judicata and/or collateral estoppel.

### Third Defense

**[REDACTED]**'s claims are barred by waiver.

### Fourth Defense

**[REDACTED]**'s claims of other parties to this action are barred by unjust enrichment.

### Fifth Defense

**[REDACTED]**'s claims are barred by laches.

The Heisers reserve the right to assert additional affirmative defenses and/or counterclaims or cross-claims that may become apparent after additional discovery or otherwise.

WHEREFORE, the Heisers respectfully demand judgment in their favor and against **[REDACTED]**:

(i)   dismissing the Crossclaims; and

(ii)  awarding such other and further relief as this Court deems to be necessary and just.

Dated: New York, New York
       March 12, 2012                            /s/ Barbara L. Seniawski
                                                 Barbara L. Seniawski
                                                 DLA Piper LLP (US)
                                                 1251 Avenue of the Americas
                                                 New York, New York  10020-1104

Telephone: 212-335-4500
Facsimile: 212-884-4501
barbara.seniawski@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone: 410-580-3000
Facsimile: 410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of Michael Heiser, et al.*