UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,          :          09 Civ. 5900 (RPP) (MHD)

                Plaintiffs,                      :

             -against-                          :

BANK OF NEW YORK, et al.,                     :

              Defendants.                     :
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN             :
CHASE BANK, N.A.,                                        **ANSWER OF**
                                              :          **JPMORGAN CHASE &**
                                                         **CO. AND JPMORGAN**
        Third-Party Plaintiffs,            :          **CHASE BANK, N.A., TO**
                                                         **COUNTERCLAIMS**
         -against-                      :          **OF THIRD-PARTY**
                                                         **DEFENDANT** ▬▬▬▬
STEVEN M. GREENBAUM, et al.,                  :          ▬▬▬▬▬▬▬▬

        Third-Party Defendants.            :
------------------------------------------------------------x

        Defendants, Third-Party Plaintiffs and Counterclaim Defendants

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively,

"JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, as their answer to

the Counterclaims and Cross-Claims (the "Counterclaims") asserted by Third-Party

Defendant ▬▬▬▬▬▬▬▬ ("Party X") in its answer (the "Answer") dated

February 16, 2012 to JPMorgan's Additional Amended and Supplemental Third-Party

Complaint dated October 6, 2011 ("JPMorgan's October 6, Third-Party Complaint"),

state as follows:

        1.      To the extent that the Counterclaims incorporate by reference the

Affirmative Defenses set forth in Party X's Answer, and to the extent that JPMorgan is

required to respond to the allegations contained in the Affirmative Defenses, which purport to set forth conclusions of law, deny each and every allegation contained in the Affirmative Defenses.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Counterclaims.

3.      Admit the allegations of paragraph 2 of the Counterclaims.

4.      Admit the allegations of paragraph 3 of the Counterclaims except that it would be more accurate to allege that JPMorgan Chase Bank, N.A. has its main office (as set forth in its Articles of Association) in the State of Ohio.

5.      Deny each and every allegation set forth in paragraph 4 of the Counterclaims except admit that many of the persons identified as Claimants in the second sentence of this paragraph have asserted claims or counterclaims against JPMorgan in this proceeding and deny knowledge or knowledge or information sufficient to form a belief as to the truth of the allegations that Party X has an interest in the funds that certain of the Claimants are seeking to have turned over to them.

6.      Do not dispute the allegations of paragraph 5 of the Counterclaims.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Counterclaims except admit that Party X maintains a U.S. dollar account at JPMorgan Chase Bank, N.A.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Counterclaims.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Counterclaims.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Counterclaims.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Counterclaims except that admit that in or about September of 2009, JPMorgan blocked a wire transfer that appeared to involve or relate in some way to Party X, based on information suggesting that ██████ ████████████ ("Party Y") was the beneficiary's bank in the wire transfer and JPMCB's understanding that Party Y was included in a list (the "SDN List") promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department of entities whose transactions are subject to blocking under OFAC regulations, specifically 31 C.F.R. Part 544.

12.     To the extent that JPMorgan is required to respond to paragraph 11 of the Counterclaims, which purports to set forth conclusions of law, deny each and every allegation of paragraph 11 except admit that paragraph 11 purports to quote selectively from 31 C.F.R. Parts 544, 594 and 595 and refer to those regulations for their complete terms and provisions.

13.     Deny each and every allegation of paragraph 12 of the Counterclaims except admit that JPMorgan is required by OFAC blocking regulations to block any wire transfer that involves or refers to an entity on the SDN List and that JPMorgan complies with OFAC blocking regulations.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Counterclaims except state that insofar as JPMorgan is aware, Party X is not on the SDN List.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Counterclaims except admit that insofar as JPMorgan is aware, the entity named in paragraph 14 of the Counterclaims is not on the SDN List.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Counterclaims except admit that it is JPMorgan's understanding, based on information available to it, that Party Y had been designated as the beneficiary's bank in the wire transfer referred to in paragraph 11 above.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Counterclaims.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Counterclaims except admit that many of the persons identified as Claimants in the second sentence of paragraph 4 of the Counterclaims have asserted claims or counterclaims against JPMorgan in this proceeding.

19.     To the extent that JPMorgan is required to respond to paragraph 18 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admit that section 201(a) of the Terrorism Risk Insurance Act of 2002, reprinted following 28 U.S.C. § 1610 ("TRIA") and section 1610 of the Foreign Sovereign Immunities Act of 1976 (the "FSIA"), 28 U.S.C. § 1610, are federal statutes and refer to the statutes for their terms and provisions.

20.     In response to paragraph 19 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 19 of this Answer as if set forth here in full.

21.     To the extent that JPMorgan is required to respond to paragraph 20 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except admit that FSIA § 1611 is a federal statute and refer to the statute for their terms and provisions.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Counterclaims.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Counterclaims.

24.     To the extent that JPMorgan is required to respond to paragraph 23 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

25.     To the extent that JPMorgan is required to respond to paragraph 24 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

26.     To the extent that JPMorgan is required to respond to paragraph 25 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

27.     In response to paragraph 26 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 25 of this Answer as if set forth here in full.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Counterclaims, except admit that FSIA § 1611 is a federal statute and refer to the statute for their terms and provisions.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Counterclaims.

30.     To the extent that JPMorgan is required to respond to paragraph 29 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

<u>AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW</u>

JPMorgan, without assuming the burden of proof for those matters upon which Party X bears such burden, for their affirmative defenses and objections in point of law, allege as follows:

<u>FIRST AFFIRMATIVE DEFENSE/OBJECTION</u>

31.     JPMorgan lacks sufficient information about the transaction alleged in the Counterclaims to make a determination as to whether FSIA § 1611(b)(1), which provides that "the property of a foreign central bank or monetary authority held for its own account" are in most circumstances immune from execution, would apply in this instance, and so takes no position on that issue.

<u>SECOND AFFIRMATIVE DEFENSE/OBJECTION</u>

32.     There is authority to the effect that the proceeds of a blocked wire transfer being held by an intermediary bank are not subject to execution under TRIA § 201 or FSIA § 1610 to satisfy a judgment against a foreign state.  *See Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 11 Civ. 3283 (DLC), 2011 WL 6155987, *8-*14 (S.D.N.Y. Dec. 7, 2011), appeal pending; *but see Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525 (S.D.N.Y. 2010); *Levin v. Bank of New York*, 09 CV 5900 (RPP), 2011 WL 812032, at *18 (S.D.N.Y. Mar. 4, 2011); *Hausler v. JPMorgan Chase Bank, N.A.*, 09 Civ. 10289 (VM), 2012 WL 601034, *8-*10 (S.D.N.Y. Feb. 22, 2012).

<u>THIRD AFFIRMATIVE DEFENSE/OBJECTION</u>

33.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including, without limitation, Party X, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or FSIA § 1610(g), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are subject to execution thereunder.  *See*, *e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

WHEREFORE Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment in this proceeding

(1)     Determining the respective rights and obligations of JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Party X, all of the persons identified as Claimants in paragraph 4 of the Counterclaims and all other persons and entities in the proceeds of the blocked wire transfer that is referred to in the Counterclaims;

(2)     Awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3)     Granting such other and further relief to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as may be just and proper.

Dated: New York, New York
        March 16, 2012

                              LEVI LUBARSKY & FEIGENBAUM LLP


                              By: _____
                                    Howard B. Levi
                                    Richard F. Lubarsky
                                    J. Kelley Nevling, Jr.
                              1185 Avenue of the Americas, 17th Floor
                              New York, NY 10036
                              Tel. No. (212) 308-6100
                              E-mail address hlevi@llf-law.com or
                              knevling@llf-law.com

                              *Attorneys for Defendants, Third-Party
                              Plaintiffs and Counterclaim Defendants
                              JPMorgan Chase & Co. and JPMorgan
                              Chase Bank, N.A.*