UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE BANK OF NEW YORK MELLON, JP MORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A.,<br><br>*Defendants*. | Case No. 09 CIV 5900 (RPP)<br><br>**FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER** |
| JP MORGAN CHASE & CO. and JP MORGAN CHASE, N.A.,<br><br>*Third-Party Plaintiffs*,<br>-v-<br><br>███████████████ *et al.*,<br><br>*Third-Party Defendants*. | |

**ANSWER BY THIRD-PARTY DEFENDANTS VALORE ET AL. TO THE CROSSCLAIMS OF THIRD-PARTY DEFENDANT** ███████████

Third-Party Defendants Terance J. Valore; Angel Alvarado; Geraldo Alvarado; Grisselle Alvarado; Luis Alvarado; Luisa Alvarado; Maria Alvarado; Marta Alvarado; Minerva Alvarado; Pedro Alvarado, Jr.; Yolanda Alvarado; Zoraida Alvarado; Dennis Jack Anderson; Lolita M. Arnold; Estate of Moses Arnold, Jr.; Cheryl Bass; Estate Of David L. Battle; Lisa Ann Beck; Betty J. Bolen; Keith Edwin Bolen; Neale Scott Bolen; Sheldon H. Bolen; Catherine Bonk; John Bonk, Sr.; Kevin Bonk; Thomas Bonk; Edward J. Brooks; Patricia A. Brooks; Timothy Brooks; Marion DiGiovanni; Sherry Lynn Fiedler; Marilou Fluegel; Robert Fluegel; Thomas A. Fluegel;

1

Wanda Ford; Evans Hairston; Felicia Hairston; Julia Bell Hairston; Bennie Harris; Michael Harris; Rose Harris; Estate of Matilde Hernandez, Jr.; Henry Durban Hukill; Mark Andrew Hukill; Matthew Scott Hukill; Melissa Hukill; Meredith Ann Hukill; Mitchell Charles Hukill; Monte Hukill; Virginia Ellen Hukill; Catherine Bonk Hunt; Storm Jones; Penni Joyce; Carl Arnold Kirkwood, Jr.; Carl Kirkwood, Sr.; Jeff Kirkwood; Shirley Kirkwood; Sharla M. Korz; Patricia Kronenbitter; Betty Laise; Bill Laise; Kris Laise; Bill Macroglou; James Macroglou; Lorraine Macroglou; Kathy McDonald; Edward Joseph McDonough; Edward W. McDonough; Sean McDonough; Estate of John Muffler; Marcy Lynn Parson; Donald R. Pontillo; Douglas Pontillo; Deborah Spencer Rhosto; Estate of Luis Rotondo; Estate of Rose Rotondo; Estate of Phyllis Santoserre; Don Selbe; Eloise F. Selbe; James Selbe; John E. Selbe; Estate of James Silvia; Anna Marie Simpson; Larry H. Simpson, Sr.; Renee Eileen Simpson; Robert Simpson; Belinda Skarka; Lynne Michol Spencer; Allison Thompson; Isaline Thompson; Johnny Thompson; Willy G. Thompson; Deborah True; Andres Alvarado Tull; Estate of John Jay Tishmack; Janice Valore; Orlando M. Valore, Jr.; Orlando Michael Valore, Sr.; Estate of Leonard Warren Walker; Estate of Walter Emerson Wint, Jr.; Sally Jo Wirick; Estate of James Yarber (collectively, the "Valore Judgment Creditors"), by their undersigned attorneys, for their answer to the Crossclaims against all parties in the above-captioned action that are seeking turnover of certain funds (the "Crossclaims"), filed by Third-Party Defendant ▮▮▮▮▮ ("▮▮▮▮"), allege as follows:

**Parties**

1. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

2. The Valore Judgment Creditors admit, upon information and belief, the allegations contained in paragraph 2 of the Crossclaims.

3. The Valore Judgment Creditors admit, upon information and belief, the allegations contained in paragraph 3 of the Crossclaims.

4. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Crossclaims, except admit that the Valore Judgment Creditors have asserted counterclaims in this action against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") seeking the turnover of certain assets being held by JPMorgan in which the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS") and/or their agencies, instrumentalities or alter egos have an interest (the "Restrained Assets").

## Jurisdiction

5. Paragraph 5 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

## Background Facts

6. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Crossclaims.

7. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

8. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Crossclaims.

9. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Crossclaims.

10. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Crossclaims.

11. Paragraph 11 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the regulations cited in paragraph 11 for a true recitation of their contents.

12. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Crossclaims.

13. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

14. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

15. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required, and except to the extent that it alleges that ████████████████████████ has no property interest in the ████████████████ or other interest that is subject to attachment or execution, which allegation is, upon information and belief, denied.

16.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

17.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Crossclaims, except admit that the Valore Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking the turnover of the Restrained Assets, including, but not limited to, the ▮▮▮▮▮▮▮▮▮▮, in order to satisfy their judgment against Iran.

18.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Crossclaims, except admit that the Valore Judgment Creditors have asserted counterclaims in this action against JPMorgan seeking the turnover of the Restrained Assets, including, but not limited to, the ▮▮▮▮▮▮▮▮▮▮, pursuant to 28 U.S.C. § 1610 and §201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), and further refer to the statutes cited in paragraph 18 for a true recitation of their contents.

## As and For a First Counterclaim and Crossclaim

19.     The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 18 of this Answer to the same extent as if those allegations were set forth here in full.

20.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.  To the extent a response is required, the Valore Judgment Creditors deny, upon information and

belief, that the ██████████ constitutes property of ███ that is "held for its own account" and immune from attachment or execution pursuant to 28 U.S.C. § 1611.

21.     The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required. To the extent a response is required, the Valore Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the ████████ ████.

22.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 22 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

23.     Paragraph 23 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Valore Judgment Creditors further refer to the statutes cited in paragraph 23 for a true recitation of their contents.

24.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 24 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

25.     The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 25 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

## Second Crossclaim

26. The Valore Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 25 of this Answer to the same extent as if those allegations were set forth here in full.

27. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required. To the extent a response is required, the Valore Judgment Creditors deny, upon information and belief, that the ▌ constitutes property of ▌ that is "held for its own account" and immune from attachment or execution pursuant to 28 U.S.C. § 1611.

28. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required. To the extent a response is required, the Valore Judgment Creditors aver, upon information and belief, that 28 U.S.C. § 1611 is inapplicable to the claims at issue concerning the ▌ ▌.

29. The Valore Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required, and except to the extent that it alleges that the Government of Iran and its agencies and instrumentalities have no property or other interest in the ▌ that is subject to blocking under OFAC regulations, which allegation is, upon information and belief, denied.

30. The Valore Judgment Creditors deny, upon information and belief, the allegations contained in paragraph 30 of the Crossclaims, except to the extent that it states conclusions of law as to which a response is not required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

31. The Valore Judgment Creditors assert that ▮ is barred from recovery on its claims under the doctrines of unclean hands, unjust enrichment, failure to mitigate, and/or assumption of risk.

### Second Affirmative Defense

32. The Valore Judgment Creditors' claims to the Restrained Assets have equal or greater priority than the claims of all other parties to this action.

### Third Affirmative Defense

33. The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action to the extent that these other parties have premised their claims upon writs of execution and other legal process that are faulty, defective and/or void as a matter of law.

### Fourth Affirmative Defense

34. The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action under the doctrines of estoppel, equitable estoppel, and laches.

### Fifth Affirmative Defense

35. The Valore Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to

this action to the extent that those other parties have waived any claims against the Valore Judgment Creditors or any right to the turnover of the Restrained Assets.

## Reservation of Rights

36. The Valore Judgment Creditors reserve the right to assert additional affirmative defenses and/or counterclaims or crossclaims that may become apparent after additional discovery or otherwise.

**WHEREFORE**, the Valore Judgment Creditors respectfully demand judgment in their favor against Third-Party Defendant ███:

    (i)    dismissing the Crossclaims against them; and

    (ii)    awarding such other and further relief as the Court deems appropriate.

Dated: New York, New York  
       March 22, 2012

Respectfully submitted,

   ___/s/ *Keith M. Fleischman*___  
Keith M. Fleischman  
FLEISCHMAN LAW FIRM  
565 Fifth Avenue, Seventh Floor  
New York, New York 10017  
Telephone: (212) 880-9571  
Fax: (917) 591-5245  
Email: keith@fleischmanlawfirm.com

*Attorneys for the Valore Judgment Creditors*

9