BROWN GAVALAS & FROMM LLP
Attorneys for Third-Party Defendant
████████████████████████

355 Lexington Avenue
New York, New York 10017
Tel: (212) 983-8500
Fax: (212) 983-5946

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JEREMY LEVIN and DR. LUCILLE LEVIN,

        *Plaintiffs,*

   -against-

BANK OF NEW YORK, JP MORGAN CHASE,
SOCIETE GENERALE and CITIBANK.

        *Defendants.*
-------------------------------------------------------------X
JPMORGAN CHASE & CO. and JPMORGAN
CHASE BANK, N.A.,

        *Third-Party Plaintiffs,*

   -against-

[REDACTED NAMES], ISLAMIC REPUBLIC OF
IRAN, IRANIAN MINISTRY OF INFORMATION
AND SECURITY, and IRANIAN ISLAMIC
REVOLUTIONARY GUARD CORPS, ALSO
KNOWN AS IRANIAN REVOLUTIONARY
GUARD CORPS,

        *Third-Party Defendants.*
-------------------------------------------------------------X

No. 09 Civ. 5900 (RPP)(MHD)

**FILED UNDER SEAL**

█████ **ANSWER TO
COUNTERCLAIM OF
JEREMY LEVIN AND
DR. LUCILLE LEVIN**

      Third-party defendant ████████████████████████, by its attorneys, Brown Gavalas & Fromm LLP, as and for its answer to the Counterclaim (the "Counterclaim") of Jeremy Levin and Dr. Lucille Levin (the "Levin Plaintiffs"), alleges, upon information and belief, as follows:

1.  Paragraph 49 of the Counterclaim contains no statement of law or fact that requires a response. To the extent a response is required, ▆ denies the allegations set forth in paragraph 49 of the Counterclaim.

2.  With respect to Paragraph 50 of the Counterclaim, ▆ denies the allegations contained in the Levin Plaintiffs' June 26, 2009 Complaint filed in this matter to the extent such allegations assert that the Levin Plaintiffs are entitled to funds in which ▆ has an interest.

3.  ▆ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 51 of the Counterclaim.

4.  ▆ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 52 of the Counterclaim.

5.  ▆ denies the allegations set forth in paragraph 53 of the Counterclaim, except admits that JPMorgan holds and restrains certain funds in which ▆ has an interest, which funds JPMorgan claims are blocked pursuant to OFAC regulations.

6.  ▆ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 54 of the Counterclaim.

7.  ▆ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 55 of the Counterclaim, except admits that JPMorgan Chase filed a Third-Party Complaint naming ▆ as a Third-Party Defendant in this action. ▆ refers the Court to JPMorgan's Third-Party Complaint, dated October 6, 2011, and the allegations contained therein, as well as ▆ Answer to same, dated February 16, 2012, and the allegations and defenses contained therein.

8.  ▆ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 56 of the Counterclaim.

9. ▉ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 57 of the Counterclaim.

10. ▉ denies that any funds in which ▉ has an interest are governed by the Cooperation Agreement, but, except as so denied, ▉ denies knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 58 of the Counterclaim.

11. ▉ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 59 of the Counterclaim.

12. ▉ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 60 of the Counterclaim.

13. ▉ denies the allegations set forth in paragraph 61 of the Counterclaim, except ▉ admits that JPMorgan holds and restrains certain funds in which ▉ has an interest.

14. ▉ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 62 of the Counterclaim.

15. ▉ denies that any funds in which ▉ has an interest are held for the benefit of Iranian Defendants, but except as so denied, ▉ denies knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 63 of the Counterclaim.

16. Paragraph 64 of the Counterclaim states conclusions of law to which no response is required. To the extent a response is required, ▉ denies the allegations contained in paragraph 64 of the Counterclaim to the extent they relate to funds in which ▉ has an interest.

17. ▉ denies that the Levin Plaintiffs are entitled to a judgment ordering JPMorgan to convey, assign, and pay to them any funds in which ▉ has an interest, and ▉ further denies that any funds in which ▉ has an interest are Iranian Assets that have been

determined by OFAC to have an apparent connection to Iran and in which Iran has an interest, but except as so denied, ▮ denies knowledge or information sufficient to form a belief about the remaining allegations set forth in paragraph 65 of the Counterclaim.

18. ▮ denies that the Levin Plaintiffs are entitled to enforce their judgment against any funds in which ▮ has an interest, but except as admitted, ▮ denies knowledge or information sufficient to form a belief about the allegations set forth in paragraph 66 of the Counterclaim.

19. ▮ denies the allegations set forth in the "Wherefore" paragraphs of the Counterclaim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

▮ incorporates by reference each of the affirmative defenses set forth in its Answer to JPMorgan's Third-Party Complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim for which relief may be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred by the doctrines of waiver, estoppel, and laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

▮, as an instrumentality of a foreign state, is entitled to immunity pursuant to the FSIA.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The Levin Plaintiffs' claims are barred by the principles of sovereign immunity, international comity, and abstention.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

███ assets are not subject to execution or attachment because ███ is a foreign central bank within the meaning of the FSIA, and particularly 28 U.S.C. § 1611, and the subject funds were property of the ███ held for its own account.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Counterclaim should be dismissed because the subject funds are not property or interests in property of the Government of Iran or its agencies or instrumentalities.

### ADDITIONAL AFFIRMATIVE DEFENSES

███ intends to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and ███ reserves the right to amend this Answer to assert such defenses.

**WHEREFORE**, ███ respectfully requests that the Court enter judgment:

(a) dismissing the Counterclaim,

(b) declaring that Jeremy Levin and Dr. Lucille Levin, and all other claimants in this action, are not entitled to turnover of the ███ Wire Transfer;

(c) directing JPMorgan to return the ███ Wire Transfer funds to the JPMorgan Account;

(d) awarding ███ its costs, expenses, and attorneys' fees; and

(e) granting ▮ such further and different relief as the Court deems just and proper.

Dated: New York, New York
March 29, 2012

>Respectfully submitted,
>
>BROWN GAVALAS & FROMM LLP
>Attorneys for Third-Party Defendant
>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
>
>By:     s/ David H. Fromm
>     David H. Fromm (DF-9334)
>     Patrick R. O'Mea (PO-0424)
>     355 Lexington Avenue
>     New York, New York 10017
>     (212) 983-8500