UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>        Plaintiffs,<br><br>   v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, and CITIBANK,<br><br>        Defendants.<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE and CITIBANK, N.A.,<br><br>        Third-Party Plaintiffs,<br><br>   v.<br><br>STEVEN GREENBAUM et al.,<br><br>        Third-Party Defendants. | **Civil Action No. 09-cv-5900 (RPP)** |

**ANSWER OF SOCIÉTÉ GÉNÉRALE TO COUNTERCLAIM OF
<u>LEVIN JUDGMENT CREDITORS</u>**

Third-party plaintiff Société Générale, by its attorneys, Mayer Brown LLP, as its answer to the counterclaim asserted by third-party defendants Jeremy Levin and Dr. Lucille Levin (the "Levins") in their Answer, dated April 18, 2012, to Société Générale's Second Amended Interpleader Complaint and Counterclaim states as follows:

1. Société Générale admits the allegations contained in Paragraph 59.

2. Société Générale repeats and realleges every response contained in its November 3, 2009 Answer filed in this matter as if fully set forth herein.

3. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, except refers all questions of law to the Court and refers to the referenced documents for their contents.

4. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62.

5. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, except admits that it has identified certain assets that are blocked pursuant to Treasury Department regulations regarding Iran.

6. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, except admits that the Levins initiated an action in this Court.

7. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, except admits that it filed an Interpleader Complaint against the Levins and various other parties, and admits the allegations contained in the second sentence of Paragraph 65.

8. Société Générale denies the allegations contained in Paragraph 66, except admits that the Levins filed a Motion for Partial Summary Judgment on July 13, 2010 and refers the Court to the Motion for Partial Summary Judgment for its contents.

9. Société Générale denies the allegations contained in Paragraph 67, except refers the Court to its January 20, 2011 Order and March 4, 2011 Order for their contents.

10. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.

11. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, except refers the Court to the June 7, 2011 Joint Motion for Partial Summary Judgment and its June 21, 2011 Rule 54(b) Judgment and Order for their contents.

12. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, except admits that a document titled "Writ of Execution" was served on Société Générale on or about September 8, 2011.

13. Société Générale denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, except admits that it has identified certain assets, listed in Exhibit B to the Levins' Answer and Counterclaim, that are blocked pursuant to Treasury Department regulations regarding Iran.

14. Société Générale denies the allegations contained in Paragraph 72 and refers all questions of law to the Court.

15. Société Générale denies the allegations contained in Paragraph 73 and refers all questions of law to the Court.

16. Société Générale denies the allegations contained in Paragraph 74 and refers all questions of law to the Court.

17. Société Générale denies the allegations contained in Paragraph 75 and refers all questions of law to the Court.

18. Société Générale denies the allegations contained in Paragraph 76, refers to 31 CFR § 595.203 for its contents, and refers all questions of law to the Court.

19. Société Générale denies the allegations contained in Paragraph 77 and refers all questions of law to the Court.

### FIRST AFFIRMATIVE DEFENSE

20. The Levins have no legal interest in any blocked assets held at Société Générale.

### SECOND AFFIRMATIVE DEFENSE

21. To the extent that the Levins do have an interest in blocked assets held at Société Générale, other persons may have interests that are superior to any rights of the Levins.

### THIRD AFFIRMATIVE DEFENSE

22. To the extent that persons other than the Levins have interests of any kind in any blocked assets that are the subject of this dispute, those persons are indispensable parties.

### FOURTH AFFIRMATIVE DEFENSE

23. To the extent that the blocked assets belonging to Iran and its agencies or instrumentalities that are in the possession of the counterclaim defendants exceed the amount necessary to satisfy the Levins' judgment, this Court should allocate the amounts to be turned over to each of the defendants and determine from which accounts the funds should be debited in such a way that Société Générale is not required to turn over more than its allocable share.

### FIFTH AFFIRMATIVE DEFENSE

24. Société Générale is entitled to collect the reasonable costs and attorneys' fees incurred in this action from the corpus of the disputed funds.

### RESERVATION OF RIGHTS

Société Générale reserves its right to supplement its answer with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having responded to the counterclaim and asserted affirmative defenses, Société Générale respectfully requests that this Court enter an order as requested in the Third-Party Complaint and dismissing the counterclaim with prejudice, and granting Société Générale any such additional equitable and other relief as the Court deems just and proper under the circumstances.

Dated: New York, New York
May 9, 2012

                       MAYER BROWN LLP

By:   /s/ Mark G. Hanchet
      Mark G. Hanchet
      Christopher J. Houpt
      1675 Broadway
      New York, New York 10019
      (212) 506-2500

*Attorneys for Defendant and Interpleader Plaintiff Société Générale*