UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
JEREMY LEVIN and DR. LUCILLE LEVINE,    :

        *Plaintiffs*,    :

    -*against*-    :

BANK OF NEW YORK, JPMORGAN CHASE,    :
SOCIETE GÉNÉRALE and CITIBANK,    :

        *Defendants*,    :
----------------------------------------x
    ███████████    :

        *Third-Party Plaintiff*,    :

    -*against*-    :

    ███████████    :

        *Third Party Defendant*.    :
----------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/12

Case No. 09 Civ. 5900 (RPP)

STIPULATION, ORDER AND
JUDGMENT OF DISMISSAL

<u>STIPULATION ORDER AND JUDGMENT OF DISMISSAL</u>

    WHEREAS this judgment enforcement proceeding was commenced by plaintiffs Jeremy and Lucille Levin (the "Levins") on June 26, 2009, by filing their complaint with this Court, in order to enforce a judgment entered in the Levins' favor against the Islamic Republic of Iran and certain related parties (collectively and together, "Iran"), in order to seek turnover to plaintiffs of certain funds held by defendants;

    WHEREAS pursuant to order of the Court issued September 16, 2011, defendant and third-party plaintiff ███████████ was given leave to file and serve third-party complaints in this proceeding against parties that were or may have been involved, or may have

1

an interest in or claim to the proceeds of certain blocked wire transfers and blocked deposit accounts that were blocked ▇ and are being held ▇ pursuant to Executive Orders issued by the President of the United States and regulations promulgated by the Office of Foreign Assets Control of the United States Treasury Department, which such funds relevant hereto were designated ▇, and are depicted in ▇ ▇;

  WHEREAS ▇ has filed and served a third-party complaint in this proceeding on or about September 21, 2011 (the "Third-Party Complaint"), therein naming ▇ ▇ as a third-party defendant.

  WHEREAS ▇ acknowledges receipt of the Third-Party Complaint and hereby acknowledges submission to the jurisdiction of this Court to the extent needed for entry of this Stipulation and Order;

  WHEREAS ▇ now seeks (1) to relinquish and surrender any claims or interest it might have in the assets identified in the first entry appearing ▇ entitled ▇ attached to the Third-Party Complaint ▇ that is the subject of the action at bar and (2) to be dismissed as a party hereto, in order to avoid the expense and inconvenience of continuing to participate in this proceeding; and

  WHEREAS the undersigned law firm of Rottenberg Lipman Rich, P.C., hereby represents and warrants that it is acting as counsel for ▇ in connection with this matter, and that it is authorized to agree to the terms of this Stipulation and Order and thereby being authorized to relinquish and surrender ▇ claims and rights to ▇ ▇;

2

IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED as follows:

1. Any and all claims, rights and/or interests that ▮▮▮ ever had, now has or may hereafter have in, to or with respect to ▮▮▮ are hereby relinquished, surrendered, terminated and extinguished with prejudice.

2. ▮▮▮ agrees not to assert a claim against ▮▮▮ regarding ▮▮▮ Blocked Asset in any tribunal or court, regardless of jurisdiction, whether domestic or foreign, and so releases and discharges ▮▮▮ from any liability or obligation of any kind to ▮▮▮ regarding the ▮▮▮.

3. ▮▮▮ warrants it has no objection to the entry of an order or judgment by the Court awarding ▮▮▮ to another party and/or discharging ▮▮▮ from liability with respect to such ▮▮▮.

4. ▮▮▮ is hereby dismissed without prejudice, pursuant to this Stipulation and Order, as a party to this action, and this paragraph does not and will not limit, restrict or affect the validity and effectiveness of the remaining provisions of this Stipulation and Order or the relief that is, may or will be granted ▮▮▮.

5. This Stipulation and Order relates only to ▮▮▮ here at issue, and is without prejudice and not applicable to any other assets that may be held ▮▮▮. ▮▮▮ rights, if any, to such other funds and assets are hereby expressly preserved.

3

6. Nothing in this Stipulation and Order constitutes an admission of any action by █████ █████ regarding the █████████████, █████████████ █████ any wrongdoing or malcompliance in any form regarding any such applicable laws, rules or regulations.

7. If further proceeding in this action occur with respect to funds or assets held by █ other than █████████████ here at issue, █████ agrees that it may be served with further or additional third-party summons, third-party complaint or other pleading or process by delivery of such to Rottenberg Lipman Rich, P.C., locatable at 369 Lexington Avenue, 16th Floor, New York, New York 10017, Attention: Thomas E. Chase, Esq., by mail or Federal Express, and such service will be good and sufficient service, and shall suffice to bring them back into this case as a third-party defendant, and it hereby waives any and all defenses relating to the form, manner, adequacy or sufficiency of such service of process upon it. However, this agreement is without prejudice to any and all other defenses █████ may have, including personal jurisdiction, which are all hereby reserved.

8. █████ shall not be entitled to recover costs, expenses or attorney's fees in connection with the Third-Party Complaint or proceedings directly related thereto. █ shall not be entitled to seek recovery of costs, expenses or attorney's fees from █████ with respect to this proceeding, the Third Party Complaint, or related proceedings thereto. █ may seek to recover such costs, expenses or attorney's fees that do or may relate to █████ solely from the funds held or formerly held by Citi that constitute or are █████████████ █████████████████████████

9. As of the date of entry when this Stipulation and Order is so ordered, it shall become a binding and enforceable agreement, and its validity, terms, and provisions are

4

subject to application, construction and interpretation under the laws of the State of New York.

Dated: April 30, 2012
      New York, New York

ROTTENBERG LIPMAN RICH, P.C.

By: _____
Thomas E. Chase, Esq.
Alexander F. Spilberg, Esq.

369 Lexington Avenue, 16th Floor
New York, New York 10017
Tel. (212) 661 – 3080

*Attorneys for* █████████████████

Dated: April 30, 2012
      New York, New York

DAVIS WRIGHT TREMAINE LLP

By: _____
Sharon L. Schneier, Esq.
Christopher Robinson, Esq.

1633 Broadway
New York, New York 10019
Tel. (212) 489 – 8230

*Attorneys for* █████████████████

SO ORDERED ON May 9, 2012

_____
Hon. Robert P. Patterson, U.S.D.J.

5