UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

-----------------------------------------------------------------x

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, et al., | : |
| | : |
| Third-Party Plaintiffs, | : |
| -against- | : |
| STEVEN M. GREENBAUM, et al., | : |
| Third-Party Defendants. | : |

-----------------------------------------------------------------x

### MEMORANDUM OF LAW OF JPMORGAN CHASE PARTIES AND THE BANK OF NEW YORK MELLON INS UPPORT OF MOTION FOR LEAVE TO FILE AN ADDITIONAL THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. (these two parties will be referred to collectively as "JPMorgan") and The Bank of New York Mellon ("BNY Mellon") submit this memorandum of law and the declaration of J. Kelley Nevling, Jr. executed on May 14, 2012 ("Nevling Declaration" or "Nevling Dec.") in support of their motion for leave to file an additional third-party complaint in this proceeding.

This motion is made necessary because certain additional groups of judgment creditors of Iran have recently taken steps to enforce their judgments by

seeking the turnover of funds held in blocked accounts by JPMorgan, BNY Mellon and the other defendants in this proceeding or advising me of their intention to do so. JPMorgan and BNY Mellon therefore seek leave of Court to interplead these additional judgment creditors into this proceeding, just as they have been given leave to interplead other judgment creditors several times in the past.

## Statement of the Facts

The facts pertinent to this motion are set forth in the Nevling Declaration. As that declaration reflects, defendants have already been granted leave on three occasions to interplead thirteen different groups of judgment creditors of the Islamic Republic of Iran ("Iran"), or plaintiffs who have brought suit to obtain a judgment against Iran, into this proceeding. The rationale in each case has been that all of the parties who are looking to enforce judgments against Iran by executing on the limited amount of money held by the defendants in blocked accounts should be brought before this Court in a single legal proceeding and required to present their claims to this Court. In that way the same Court can sort through the conflicting claims and determine which judgment creditors have achieved priority and are entitled to the turnover of any such assets. This is the fairest way of resolving their conflicting claims of many different judgment creditors of Iran. The concentration of all such litigation in this proceeding also protects the defendants from the cost of having to litigate the same issues in several cases, whether in New York or Illinois, and from the risk of inconsistent rulings and multiple liability in those cases.

Argument

The right of a party in the position of JPMorgan or BNY Mellon to seek relief by commencing an interpleader proceeding is well established. Rule 22 of the Federal Rules of Civil Procedure states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead," and also recognizes that "a defendant exposed to similar liability may seek interpleader through a crossclaim or counterclaim." While the Rule was drafted to make it clear that interpleader relief may be sought by filing an independent action for interpleader relief, and JPMorgan and BNY Mellon could certainly file such a separate action then seek to consolidate it with this case, it would be simpler and faster to let them, seek interpleader relief by way of a third-party complaint, particularly since other similar third-party proceedings are already pending in the context of this matter.

The purpose and rationale of the interpleader device is set forth as follows in the case of *Weininger v. Castro*, 462 F. Supp. 2d 457, 500 (S.D.N.Y. 2006):

> "Rooted in equity, interpleader is a handy tool to protect a stakeholder from multiple liability and the vexation of defending multiple claims to the same fund." *Washington Elec. Coop., v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993). "[W]hat triggers interpleader is 'a real and reasonable fear of double liability or vexatious, conflicting claims.'" *Id.* (*quoting Indianapolis Colts v. Mayor of Baltimore*, 741 F.2d 954, 957 (7th Cir. 1984, *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985)). Accordingly, under Rule 22, interpleader is proper if the party requesting it "is or may be exposed to double or multiple liability." Fed.R.Civ.P 22(1); *Washington Elec. Coop.*, 985 F.2d at 679. As a remedial joinder device, interpleader is to be liberally construed. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967); *6247 Atlas Corp. v. Marine Ins. Co.*, 155 F.R.D. 454, 461 (S.D.N.Y. 1994) (both rule and statutory interpleader should be liberally construed).
>
> Interpleader "prevents the stakeholder from being obliged to determine at his peril which claimant has the better claim, and when the

3

stakeholder has no interest in the fund, forces the claimants to contest what essentially is a controversy between them without embroiling the stakeholder in the litigation over the merits of the respective claims." 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1702 at 534 (3d ed. 2001). Thus, Rule 22 "is designed to insulate a stakeholder from contradictory judgments and multiple liability and to relieve a stakeholder from having to determine which claim among several is meritorious." *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 33 (S.D.N.Y. 1992).

Another form of interpleader relief, known as statutory interpleader as opposed to rule interpleader, is available pursuant to 28 U.S.C. §§ 1335 and 2361. Statutory interpleader normally requires that the funds be paid into Court, but where that is not possible, because, for example, the funds are being held in blocked accounts, that requirement would presumably be excused. To the extent that state procedural law is applicable because of Rule 69 of the Federal Rules of Civil Procedure, it should be noted that New York Civil Practice Law and Rules ("CPLR") § 1006 authorizes interpleader proceedings and that New York Banking Law § 134, subd. 6, makes another form of interpleader available to banks named as defendants in litigation. CPLR § 5239 also provides the movants with a statutory procedure for determining the rights and claims of competing claimants in a judgment enforcement context.

In interpleader proceedings that are properly commenced under Rule 22 or other applicable statutes, the courts routinely enter orders discharging the interpleading party from liability at such time as the funds are awarded to the proper claimant. *See, e.g.*, *John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953 (2d Cir. 1953) (affirming a district court decision that "discharged the [interpleading party] from liability" in a Rule 22 interpleader action). Such orders are appropriate and have been entered in this case and in other interpleader actions brought in conjunction with turnover

proceedings to enforce judgments against foreign nations that had been held liable for acts of terrorism. *See; e.g.*, *Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *2, *21 (S.D.N.Y. Mar. 4, 2011) ("On January 11, 2010, this Court entered an Order authorizing Third-Party Interpleader Complaints . . . . [Having filed such complaints, third-party plaintiffs] Citibank and JP Morgan are ordered to turnover the above identified assets . . . and are hereby released from claims as to those assets asserted by other parties"); *Hausler v. JP Morgan Chase Bank, N.A.*, 740 F. Supp. 2d 525, 541 (S.D.N.Y. 2010) ("[A]t the end of the day, . . . assuming Hausler were to prevail, by judgment of a federal court . . . Respondents will be discharged from this action and amply protected from liability to third parties," because they "will . . . have the opportunity to seek discharge in interpleader"); *Weininger v. Castro*, 462 F. Supp. 2d 457, 503 (S.D.N.Y. 2006) (In action under section 201(a) of the Terrorism Risk Insurance Act of 2002, reprinted following 28 U.S.C. § 1610 ["TRIA"], to enforce a judgment against Cuba, a bank that brought a Rule 22 interpleader action was entitled to be "fully discharged . . . from any and all deposit obligations or other liabilities" to adverse claimants); *Daliberti v. J.P. Morgan Chase & Co.*, 02 Civ. 7642, 9773 and 10157 (JES), 2003 WL 340734 (S.D.N.Y. 2003) (In action based on TRIA § 201(a) to enforce a judgment against Iraq, Court "discharged [the interpleading bank] pursuant to CPLR § 5209 to the full extent permitted by law or equity . . . , from any and all obligations or liability to the Republic of Iraq . . . or to any other person, including the United States, with respect to the funds turned over pursuant hereto"). The final order entered in the *Weininger* case not only granted the bank stakeholder in that action a discharge from liability, but also "restrained and enjoined [the interpleaded defendants] from instituting

or prosecuting any claim or action against JPM Chase . . . in any jurisdiction arising from or relating to any claim to the blocked assets" turned over to the plaintiffs. *Id*. at 503.

The situation in this case falls squarely within the scope of these cases authorizing interpleader relief, and so JPMorgan and BNY Mellon should be permitted to seek such relief by filing a third-party complaint against the judgment creditors of Iran described in the Nevling Declaration as the Murphy Judgment Creditors and the Bennett Judgment Creditors.

## Conclusion

For the reasons set forth above and in the Nevling Declaration, JPMorgan's and BNY Mellon's motion for leave to file a third-party complaint against the Murphy Judgment Creditors and the Bennett Judgment Creditors should be granted.

Dated: New York, New York
      May 21, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail Address: knevling@llf-law.com

*Attorneys for Defendants and Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and The Bank of New York Mellon*