**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEIN, | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | |
| -against- | THIRD-PARTY DEFENDANT BENNETTS' ANSWER TO SUPPLEMENTAL THIRD-PARTY COMPLAINT AGAINST MURPHY AND BENNETT JUDGMENT CREDITORS AND COUNTERCLAIMS |
| BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK | |
| Defendants, | |

---

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., THE BANK OF NEW YORK MELLON and SOCIÉTÉ GÉNÉRALE

Third-Party Plaintiffs

-against-

ELIZABETH MURPHY (Individually and as Administratrix of the Estate of Terrence Rich), ESTATE OF TERRENCE RICH, BRYAN HARRIS, ARMANDO J. YBARRA, JOHN E. L'HEUREUX, JANE L'HEUREUX, MARY E. WELLS, MICHAEL BENNETT (Individually and as Co-Administrator of the Estate of Marla Ann Bennett), LINDA BENNETT (Individually and as Co-Administrator of the Estate of Marla Ann Bennett), ESTATE OF MARLA ANNE BENNETT and LISA BENNETT,

Judgment Creditors

---

1

Come now Michael and Linda Bennett, individually and as co-administrators of the Estate of Marla Bennett, and on behalf of the Estate of Marla Bennett and Lisa Bennett (the "Bennett Judgment Creditors") by their undersigned counsel, for their answer to the Supplemental Third-Party Complaint against Murphy and the Bennett Judgment Creditors (the "Third-Party Complaint") and allege as follows:

### Nature of the Proceedings

1. Admit that Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. ("J.P. Morgan"), The Bank of New York Mellon ("BNY Mellon"), and Société Générale ("SG")(collectively the "Stakeholders") are holding Iranian funds in blocked accounts pursuant to various laws and regulations. Admit that the Bennett Judgment Creditors seek turnover of certain of these funds in order to satisfy their judgment against the Islamic Republic of Iran and the Iranian Ministry of Information and Security. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Third-Party Complaint. Therefore, the remaining allegations are denied.

### The Third Party Plaintiffs

2. Admit, upon information and belief, the allegations contained in paragraph 2 of the Third-Party Complaint.

3. Admit, upon information and belief, the allegations contained in paragraph 3 of the Third-Party Complaint.

4. Admit, upon information and belief, the allegations contained in paragraph 4 of the Third-Party Complaint.

5. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 of the Third-Party Complaint. Therefore such allegations are denied.

6. Admit the allegations contained in paragraph 6 of the Third-Party Complaint.

## Jurisdiction

7. Paragraph 7 of the Third-Party Complaint states conclusions of law as to which the Bennett Judgment Creditors are not required to answer.  To the extent they are required to answer, the allegations are denied.

8. Paragraph 8 of the Third-Party Complaint states conclusions of law as to which the Bennett Judgment Creditors are not required to answer. To the extent they are required to answer, the allegations are denied.

## Common Factual Allegations

9. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint. Therefore, such allegations are denied.

10. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint. Therefore, such allegations are denied.

11. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint. Therefore, such allegations are denied.

12. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint. Therefore, such allegations are denied.

13. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint. Therefore, such allegations are denied.

14. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint. Therefore, such allegations are denied.

15. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint. Therefore, such allegations are denied.

16. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Third-Party Complaint. Therefore, such allegations are denied.

17. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Third-Party Complaint. Therefore, such allegations are denied.

18. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint. Therefore, such allegations are denied.

19. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint. Therefore, such allegations are denied.

20. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint. Therefore, such allegations are denied.

21. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint. Therefore, such allegations are denied.

22. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint. Therefore, such allegations are denied.

23. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint. Therefore, such allegations are denied.

24. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint. Therefore, such allegations are denied.

25. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint. Therefore, such allegations are denied.

26. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint. Therefore, such allegations are denied.

27. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint. Therefore, such allegations are denied.

28. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint. Therefore, such allegations are denied.

29. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint. Therefore, such allegations are denied.

30. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint. Therefore, such allegations are denied.

31. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint. Therefore, such allegations are denied.

32. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint. Therefore, such allegations are denied.

33. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Third-Party Complaint. Therefore, such allegations are denied.

34. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Complaint. Therefore, such allegations are denied.

35. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Third-Party Complaint. Therefore, such allegations are denied.

36. Admit the allegations contained in paragraph 36 of the Third-Party Complaint.

37. Admit the allegations contained in paragraph 37 of the Third-Party Complaint.

38. Admit the allegations contained in paragraph 38 of the Third-Party Complaint.

39. Admit the allegations contained in paragraph 39 of the Third-Party Complaint.

40. Admit the allegations contained in paragraph 40 of the Third-Party Complaint.

41. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 of the Third-Party Complaint. Therefore, such allegations are denied.

42. Admit the allegations contained in paragraph 42.

43. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 of the Third-Party Complaint. Therefore, such allegations are denied.

44. Admit the allegations contained in paragraph 44 of the Third-Party Complaint.

45. Admit the allegations contained in paragraph 45 of the Third-Party Complaint.

46. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Third-Party Complaint. Therefore, such allegations are denied.

47. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 of the Third-Party Complaint. Therefore, such allegations are denied.

48. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 of the Third-Party Complaint. Therefore, such allegations are denied.

### **First Claim for Relief**

49. The Bennett Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 48 as if fully set forth herein.

50. Paragraph 50 of the Third-Party Complaint states conclusions of law as to which the Bennett Judgment Creditors are not required to answer. To the extent they are required to answer, the allegations are denied.

51. Paragraph 51 of the Third-Party Complaint states conclusions of law as to which the Bennett Judgment Creditors are not required to answer. To the extent they are required to answer, the allegations are denied.

52. Paragraph 52 of the Third-Party Complaint states conclusions of law as to which the Bennett Judgment Creditors are not required to answer. To the extent they are required to answer, the allegations are denied.

**Second Claim for Relief**

53. The Bennett Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 52 as if fully set forth herein.

53. Admit that the Bennett Judgment Creditors have a priority claim to the Blocked Assets but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Third-Party Complaint. Therefore, the remaining allegations are denied.

54. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54 of the Third-Party Complaint. Therefore, such allegations are denied.

55. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55. of the Third-Party Complaint. Therefore, such allegations are denied.

**Third Claim for Relief**

56. The Bennett Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 55 as if fully set forth herein.

57. Paragraph 57 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Bennett Judgment Creditors deny the allegations.

**Fourth Claim for Relief**

58. The Bennett Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 57 as if fully set forth herein.

59. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 59 of the Third-Party Complaint. Therefore, such allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Bennett Judgment Creditors have priority over all other judgment debtors as a matter of law as to Iranian assets held by JPMorgan, blocked after June, 2011.

### SECOND DEFENSE

The Bennett Judgment Creditors incorporate their counterclaims asserted herein by reference.

### THIRD DEFENSE

The Bennett Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after discovery or otherwise.

WHEREFORE, the Bennett Judgment Creditors respectfully request that the Court:

a. Enter judgment in their favor and against the Third-Party Plaintiff JPMorgan;

b. Order turnover of Iranian assets blocked after June 11, 2011 held by JPMorgan;

c. Dismiss the Third-Party Complaint with prejudice;

d. Award costs and such other relief as the Court deems appropriate.

## COUNTERCLAIMS

60. By and for their Counterclaims against certain Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. the Bennett Judgment Creditors allege as follows:

## PARTIES

61. The Bennett Judgment Creditors are judgment creditors in the case *Michael Bennett, et al., vs. Islamic Republic of Iran, et al.* Civil Action No. 03-1486 (RCL).

62. Upon information and belief, Third-Party Plaintiff and Counterclaim-Defendant JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

## Jurisdiction and Venue

63. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, because this action arises under the laws and treaties of the United States including the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 *et seq*. (the "FSIA") and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322(2002)("TRIA"). This Court further has jurisdiction pursuant to 28 U.S.C. § 1367 because this action arises out of an action already before the Court over which the Court has jurisdiction. Since this is an action to enforce a federal judgment registered in this Court, subject-matter jurisdiction also arises from the Court's ancillary enforcement jurisdiction pursuant to 28 U.S.C. §§ 1331, 1963.

## Venue

64. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that the Bennett Judgment Creditors' Counterclaims seek to enforce a judgment and attach funds that are located in this district. Further the Counterclaims seek to enforce a judgment that has been registered in this judicial district. Since this is an action to enforce a federal

judgment registered in this Court, venue also arises from the Court's ancillary enforcement jurisdiction pursuant to 28 U.S.C. §§ 1331, 1963.

## Allegations Common to All Counterclaims

65. The Bennett Judgment Creditors were awarded a judgment of $12,904,548.00 (the "Judgment") on August 30, 2007 in the United States District Court for the District of Columbia against Judgment Debtors Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS) pursuant to 28 U.S.C. § 1605(a)(7). That judgment remains unsatisfied to date. The Judgment arises out of the death of Marla Ann Bennett during a terrorist attack at the Hebrew University of Jerusalem on July 31, 2002. Marla was a 24 year old graduate of the University of California at Berkeley who planned to be a teacher of Tanach (Hebrew Bible). She was a graduate student working on her master's degree in Judaic studies at the Pardes Institute of Jewish Studies in Berkeley and a participant in its Melton Center for Jewish Education program at the Hebrew University of Jerusalem at the time of her death. On July 31, 2002 Marla was killed when a nail-studded bomb placed in the cafeteria where she was eating by an agent of Hamas exploded in the crowded cafeteria. Her face was blown off and she suffered horribly. A liability finding was made in D.C. District Court that the attack by Hamas was carried out under the direction and supervision of Iran and MOIS.

66. The Bennett Judgment Creditors registered their Judgment in this Court, the Southern District of New York, on February 15, 2011. (*Michael Bennett, et al. v. The Islamic Republic of Iran*, 2011 mc 35).

67. The Bennett Judgment Creditors filed a motion for an order pursuant to 28 U.S.C. § 1610(c) on August 19, 2011. The order was granted on August 31, 2011.

68. On May 31, 2012 the Bennett Judgment Creditors obtained a writ of execution from the Clerk of the Court for JPMorgan. The writ of execution was delivered to the U.S. Marshal on May 31, 2012 for service on JPMorgan.

69. The writ of execution was served on JPMorgan on June 4, 2012.

70. Upon information and belief, JPMorgan is holding Iranian funds in blocked accounts, "as required by Presidential Executive Orders or regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury that apply to, inter alia, entities that may be agencies or instrumentalities of, or owned or controlled directly or indirectly by, Iran and that have been designated by OFAC as subject to such regulations." Third-Party Complaint, pgs 2-3, paragraph 1. Upon information and belief these assets include both the proceeds of blocked wire transfers and assets held in blocked accounts.

71. Specifically upon information and belief JPMorgan is holding "additional Blocked Assets, including assets blocked after June 2011, that are not included in the Phase 2 Assets." Third-Party Complaint, pg. 22, paragraph 42. (Referring to the Phase 2 Assets of the underlying *Levin* litigation.

72. Upon information and belief these assets are owed to or held for the benefit of Iran or its agencies and instrumentalities including MOIS.

### First Counterclaim

72. The Bennett Judgment Creditors repeat and reallege paragraphs 60-71 as if set forth herein.

73. The Bennett Judgment Creditors hold a valid judgment against Iran and MOIS.

13

74. The Bennett Judgment Creditors are entitled to enforce their judgment against all assets in which Iran and MOIS have an interest, direct or indirect, within the United States.

75. Upon information and belief, Counterclaim Defendant JPMorgan is holding such Iranian assets blocked after June 2011 which JPMorgan has designated in their Third-Party Complaint as not part of the Phase 2 Assets in the underlying *Levin* case.

76. The Bennett Judgment Creditors have priority over all other judgment creditors involved in this litigation as to the Iranian assets held by JPMorgan blocked after June 2011.

77. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605(a)(7), 1605A, 1606 and 1610, Fed.R.Civ.P. 69 and N.Y.C.P.L.R.§§ 5225(b) and 5227, the Bennett Judgment Creditors seek an order ordering the turnover of Iranian assets in the amount not to exceed $12,904,548.00 plus interest, from Counterclaim Defendant JPMorgan from Iranian assets blocked by JPMorgan after June 2011.

## Second Counterclaim

78. The Bennett Judgment Creditors repeat and reallege paragraphs 60-77 as if set forth herein.

79. Section 201 of TRIA provides that the blocked assets of any terrorist party or its agency or instrumentality not immune under section 1605(a)(7) of the United States Code "shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable." Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

14

80. The Bennett Judgment Creditors obtained their Judgment pursuant to section 1605(a)(7) under which statute Iran and MOIS were and are still not immune.

81. Iran is and was at the time that Marla Bennett was murdered at the Hebrew University of Jerusalem designated a state sponsor of terrorism. Therefore, their judgment was entered against a "terrorist party" as defined in § 201 of TRIA. Bennett v. Islamic Republic of Iran, 03 CV 1486 (RCL). (MOIS is also a "terrorist party" as an agency or instrumentality of Iran.

81. The blocked assets held by JPMorgan blocked after June, 2011 are subject to execution or attachment in aid of enforcement of the Bennett Judgment pursuant to § 201 of TRIA.

82. The Bennett Judgment Creditors have priority as to all other Judgment Creditors as to these specific funds.

82. The Bennett Judgment Creditors are therefore entitled to an order pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA ordering the turnover of Iranian assets in the amount not to exceed $12,904,548.00 plus interest, from Counterclaim Defendant JPMorgan from Iranian assets blocked by JPMorgan after June 2011.

WHEREFORE, the Bennett Judgment Creditors respectfully request judgment against Counterclaim JPMorgan:

(i) on the First Claim for Relief, ordering Counterclaim Defendant JPMorgan to turn over blocked Iranian assets blocked by JPMorgan after June, 2011, or otherwise pay a sum of money not exceeding $12, 904,548.00, plus post-judgment interest to the Bennett Judgment Creditors;

15

(ii) on the Second Claim for Relief, ordering Counterclaim Defendant JPMorgan to turn over blocked Iranian assets blocked by JPMorgan after June, 2011, or otherwise pay a sum of money not exceeding $12, 904,548.00, plus post-judgment interest to the Bennett Judgment Creditors;

(iii) Award the Bennett Judgment Creditors their costs and disbursements of this action.

Dated: July 6, 2012               LAW OFFICES OF CARL E. PERSON

                                  BY: /s/_____
                                      Carl E. Person
                                      225 East 36th St. #3A
                                      New York, New York
                                      (212) 307-4444

                                      Counsel for the Bennett Judgment Creditors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of July, 2012 a copy of the foregoing was served upon all counsel of record through ECF.

                                  /s/_____
                                      Carl E. Person

16