UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

--------------------------------------------------------------- x

JEREMY LEVIN and DR. LUCILLE LEVIN,          :     Case No.: 09 Civ 5900 (MHD)

                Plaintiffs,                              :

              v.                                         :

BANK OF NEW YORK, etc., et. al.                 :

                Defendants.                            :

                                                     :

--------------------------------------------------------------- 

J. P. MORGAN CHASE & CO., etc. et al.          :

              Third-Party Plaintiffs,          :

              v.                                         :

ELIZABETH MURPHY, etc., et al.,                 :

              Third-Party Defendants.       :     **ANSWER OF ELIZABETH MURPHY, et al., to CITIBANK N.A.'s SUPPLMENTAL THIRD-PARTY COMPLAINT**

                                                     :

--------------------------------------------------------------- 

      Come now Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John

L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris

(hereinafter "Murphy Judgment Creditors"), and for their Answer to the Supplemental

Third Party Complaint of Citibank N.A. state as follows:

1.      Answering paragraph 1 of the Supplemental Third Party Complaint, Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris (hereinafter "Murphy Judgment Creditors") are without information or belief sufficient either to admit or deny the allegations of paragraph 1, and therefore deny all such allegations.

2.      Answering paragraph 2 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors admit that there have been other lawsuits against the Islamic Republic of Iran based on its participation in or responsibility for alleged acts of terrorism, and that some persons have recovered judgments or obtained liens against Iran. The Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the remaining allegations of paragraph 2, and therefore deny all such allegations.

3.      Answering paragraph 3 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors admit that they caused to be served a writ of execution on Citibank on or about January 9, 2012 and May 8, 2012.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 3, and therefore deny all such allegations.

4.      Answering paragraph 4 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors state that paragraph 4 consists solely of legal conclusions to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors admit that this Court has subject matter jurisdiction over this matter. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 4, and therefore deny all such allegations.

5.      Admitted.

6.      Murphy Judgment Creditors admit the allegations of paragraph 6, on information and belief.

7.      Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 7, and therefore deny all such allegations.

8.      Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 8, and therefore deny all such allegations.

9.      Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 9, and therefore deny all such allegations.

10.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 10, and therefore deny all such allegations.

11.     Answering paragraph 11 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors deny that the judgment entered in their favor was solely by default, and aver that the judgment entered by default was based on proof of liability and damages in conformity with the Foreign Sovereign Immunities Act, _____.  The Murphy Judgment Creditors admit the remaining allegations of paragraph 11.

12.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 12, and therefore deny all such allegations.

13.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 13, and therefore deny all such allegations.

14.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 14, and therefore deny all such allegations.

15.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 15, and therefore deny all such allegations.

16.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 16, and therefore deny all such allegations.

17.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 17, and therefore deny all such allegations.

18.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 18, and therefore deny all such allegations.

19.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 19, and therefore deny all such allegations.

20.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 20, and therefore deny all such allegations.

21.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 21, and therefore deny all such allegations.

22.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 22, and therefore deny all such allegations.

23.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 23, and therefore deny all such allegations.

24.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 24, and therefore deny all such allegations.

25.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 25, and therefore deny all such allegations.

26.     Murphy Judgment Creditors admit that Writs of Execution were served on their behalf, as alleged.

27.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 27, and therefore deny all such allegations.

## Answer to First Claim for Relief

28.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 27 of the Supplemental Third-Party Complaint in response to the repetition of those allegations in paragraph 28.

29.     Answering paragraph 4 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors state that paragraph 4 consists solely of legal conclusions to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 29, and therefore deny all such allegations.

30.     Murphy Judgment Creditors aver that paragraph 30 contains only conclusions of law to which no response is required, but to the extent a response is required, Murphy Judgment Creditors admit that Third Party Petitioner is entitled to a judgment declaring that the rights of all parties before the court asserting claims against the "Phase Two Blocked Assets."

### Answer to Second Claim for Relief

31.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 30 of this Supplemental Third-Party Petition in response to the repetition of those allegations in paragraph 31.

32.     Murphy Judgment Creditors admit that they may contend that their right to execution on assets in which Iran has an interest take priority over the claims of certain other judgment creditors, pending discovery in this action.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 32, and on that basis deny such allegations.

33.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 33, and on that basis deny such allegations.

34.     Murphy Judgment Creditors aver that paragraph 34 contains only conclusions of law to which no response is required, but to the extent a response is

required, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 34, and on that basis deny such allegations.

### Answer to Third Claim for Relief

35.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 34 of the Supplemental Third-Party Complaint in response to the repetition of those allegations in paragraph 35.

36.     Murphy Judgment Creditors aver that paragraph 36 contains only conclusions of law to which no response is required, but to the extent a response is required, Murphy Judgment Creditors admit that Third Party Petitioner is entitled to a judgment declaring that the rights of the Murphy Judgment Creditors in the Restrained/Blocked Assets are superior to those of Citibank, and other parties as discovery in this action may disclose.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 36, and on that basis deny such allegations.

### AFFIRMATIVE DEFENSES

1.  Citibank is barred from recovering any affirmative relief against Murphy Judgment Creditors by its failure to mitigate its alleged damages or other loss, and/or by voluntarily causing such damages or other loss, which were avoidable and which it had a duty to avoid.

2.  The Murphy Judgment Creditors reserve the right to allege any other affirmative defenses for which a basis is identified through discovery, further investigation, or otherwise.

WHEREFORE, the Murphy Judgment Creditors respectfully request:

(1)     judgment determining that their rights in the Restrained/Blocked Assets are superior to those of Citibank, and other parties, according to proof;

(2)     judgment determining that the Restrained/Blocked Assets are subject to execution or turnover to satisfy the Judgment of the Murphy Judgment Creditors against Iran, according to proof;

(3)     judgment determining that the judgment entered against each Judgment Debtor by default, in favor of the Murphy Judgment Creditors, and that (i) a copy of such default judgment was sent to each Judgment Debtor in a manner provided for service by 28 U.S.C. §§1608(a) and (e), (ii) the the Murphy Judgment Creditors served each Judgment Debtor in accordance with 28 U.S.C. §1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the Judgment Debtors under 28 U.S.C. §1608(e);

(4)     an award of costs and expenses in this proceeding, including reasonable attorneys' fees to the extent allowed by applicable law;

(5)     an order authorizing discovery of Citibank, N.A. and other parties by the Murphy Judgment Creditors;

(6)     leave to amend this answer, and/or to file appropriate counterclaims, cross-claims, or third party complaints if the basis for such claims is disclosed following discovery; and

(7)     awarding the Murphy Judgment Creditors such other and further relief as may be just and proper.

Respectfully submitted,


_/s/ Steven Barentzen_____
Steven Barentzen (N.Y. Bar #2770147)
1575 Eye Street, NW, Suite 300
Washington DC  20005
Tel. (202) 289-4333
Fax. (202) 289-8450
E-mail  steven@barentzenlaw.com

*Attorney for Third Party Defendants the Murphy Judgment Creditors: Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris*


_/s/  John W. Karr_____
John W. Karr
KARR & ALLISON, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, DC 20036
Tel. (202) 331-7600
Fax. (202) 618-6211
E-mail  jwkarr@msn.com

*Pending admission pro hac vice*

**Certificate of Service**

I certify under penalty of perjury that on July 17, 2012, I served a copy of the foregoing motion on the interested parties through the Electronic Case Filing system, to:

Sharon L. Schneier, Esq.
Christopher Robinson, Esq.                      Liviu Vogel, Esq.
DAVIS WRIGHT TREMAINE LLP                       SALON, MARROW et al.
1633 Broadway                                   292 Madison Ave., 6th Floor
New York, New York 10019                        New York, NY  10017

*Counsel for Defendant and*                     *Counsel for Peterson, et al.*
*Third-Party Plaintiff Citibank, N.A.*

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA  90014

*Counsel for Levin, et al.*

and such other parties as are registered to receive electronic service in this case.

           /s/ Steven Barentzen
         Steven Barentzen

         *Attorney for Third Party Defendants the*
         *Murphy Judgment Creditors: Elizabeth*
         *Murphy, Armando Ybarra, Estate of*
         *Terrance Rich, John L'Heureux, Kerry*
         *L'Heureux, Jane L'Heureux, Mary Wells,*
         *and Bryan Harris*