UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

    Plaintiffs,

-against-

BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK,

    Defendants.

---

CITIBANK, N.A.,

    Third-Party Plaintiff,

-against-

ANNA BEER, HARRY BEER, ESTATE OF ALAN BEER, ESTELLE CARROL, PHYLLIS MAISEL, JASON KIRSCHENBAUM, ISABELLE KIRSCHENBAUM, ESTATE OF MARTIN KIRSCHENBAUM, DANIELLE TEITLEBAUM, DAVID KIRSCHENBAUM, JOSHUA KIRSCHENBAUM, ELIZABETH MURPHY, ARMANDO YBARRA, ESTATE OF TERRANCE RICH, JOHN L'HEUREUX, KERRY L'HEUREUX, JANE L'HEUREUX, MARY WELLS, and BRYAN HARRIS,

    Third-Party Defendants.

Case No. 09 Civ. 5900 (RPP)

[RECEIVED JUN 26 2012 U.S.D.C. S.D.N.Y. CASHIERS stamp]

**CITIBANK N.A.'S SUPPLEMENTAL THIRD-PARTY COMPLAINT
WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS
AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH
THE COURT'S MAY 25, 2012 ORDER**

Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its attorneys Davis Wright Tremaine LLP, as its third-party complaint in accordance with the Court's May 25, 2012 Order, alleges as follows:

## Nature of the Proceedings

1. Citibank has brought this supplemental third-party proceeding pursuant to section 5239 of the New York Civil Practice Law and Rules ("CPLR"), Rule 22 of the Federal Rules of Civil Procedure ("FRCP"), 12 U.S.C. § 632 (Edge Act), section 134 of the New York Banking Law and CPLR § 1006, in order to give notice to and seek a determination from the Court as to the rights, if any, of the additional claimants denominated herein as Supplemental Third-Party Defendants and other interested parties with respect to certain funds being held by the Third-Party Plaintiff in blocked accounts, as required by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury. These blocked funds include both assets held in blocked deposit accounts and the proceeds of blocked wire transfers.

2. Many other persons have brought lawsuits against the Islamic Republic of Iran ("Iran") based on its participation in or responsibility for alleged acts of terrorism, and some such persons have recovered judgments or obtained liens against Iran. Some of these judgment creditors and plaintiffs in such other actions purport to assert claims to, or rights with respect to, assets that belong to Iran or may be used to satisfy these judgments and claims against Iran, including the same blocked assets that are the subject of this proceeding.

3. Citibank has been served with various documents by the Supplemental Third-Party Defendants in which they purport to assert an interest in, claim to or right to, assets that may belong to Iran or any of its alleged agencies and instrumentalities. In accordance with the

Court's September 16, 2011 and May 25, 2012 Orders, Citibank seeks to give notice to such third parties so that they may have an opportunity to participate and be heard on their claims, if any, and to avoid the risk of inconsistent judgments and double or multiple liabilities.

### Jurisdiction and Venue

4.  This Court has subject matter jurisdiction over this proceeding pursuant to 12 U.S.C. § 632, because Citibank is a national bank and it arises out of transactions involving international or foreign banking, and under 28 U.S.C § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 et seq. (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, that they form part of the same case or controversy.

5.  Upon information and belief, venue of this special proceeding is properly set in this judicial district pursuant to 28 U.S.C. § 1391(a) and (b) because the Turnover Proceeding seeks to enforce a judgment that has been filed in this judicial district and the property that is the subject of this proceeding is located in this district. Upon information and belief, venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgment that the Turnover Proceeding seeks to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

### The Third-Party Plaintiff

6.  Defendant and Third-Party Plaintiff Citibank, N.A is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

### The Third-Party Defendants

7.      Upon information and belief, Plaintiffs are the parties described below in Paragraph 12 herein.

8.      Upon information and belief, the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp. are the judgment debtors in the Judgment described below in Paragraph 12 herein.

9.      Upon information and belief, Supplemental Third-Party Defendants Anna Beer, Harry Beer (sued individually and as administrator of the Estate of Alan Beer), Estelle Carroll, and Phyllis Maisel (the "Beer Judgment Creditors") were plaintiffs in actions entitled *Beer, et al. v. Islamic Republic of Iran, et al.*, Civil Action Nos. 06-473 and 08-1807 (RCL) (D.D.C.), who were awarded damages in these actions totaling $313,000,000 based on judgments entered by default against Iran and other defendants. The Beer Judgment Creditors served restraining notices and writs of execution upon Citibank on or about April 12, 2012, with respect to Iran or its agencies or instrumentalities ("Iranian Entities").

10.     Upon information and belief, Supplemental Third-Party Defendants Jason Kirschenbaum, Isabelle Kirschenbaum, the Estate of Martin Kirschenbaum, Danielle Teitlebaum, David Kirschenbaum, and Joshua Kirschenbaum (the "Kirschenbaum Judgment Creditors") were plaintiffs in actions entitled *Kirschenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action Nos. 03-1708 and 08-1814 (RCL) (D.D.C.), who were awarded damages totaling $313,750,000 based on judgments entered by default against Iran and other defendants. The Kirschenbaum Judgment Creditors served writs of execution with respect to Iranian Entities upon Citibank on or about April 12, 2012.

11.     Upon information and belief, Supplemental Third-Party Defendants Elizabeth Murphy, Armando Ybarra, the Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane

L'Heureux, Mary Wells, and Bryan Harris (the "Murphy Judgment Creditors") were plaintiffs in an action entitled *Murphy, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-596 (RCL) (D.D.C.), who were awarded damages totaling $93,168,141.60 based on a judgment entered by default against Iran and other defendants. The Murphy Judgment Creditors served writs of execution upon Citibank with respect to Iranian Entities on or about January 9, 2012 and May 8, 2012.

### The Turnover Proceeding

12.   Upon information and belief, Jeremy and Lucille Levin (the "Levin Judgment Creditors"), the plaintiffs in the Turnover Proceeding, were previously the plaintiffs in an action entitled *Jeremy Levin, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-2494 (GKO), which was brought in the United States District Court for the District of Columbia (the "D.C. Court") in 2005. On or about February 6, 2008, the D.C. Court entered a default judgment in favor of the Levins and against the Islamic Republic of Iran, the Iranian Ministry of Information and Security (MOIS), and the Iranian Islamic Revolutionary Guard Corp. (IRGC) in that action in the amount of $28,807,719 (the "Judgment").

13.   The Judgment was registered with this Court on or about April 20, 2009, and the complaint in the Turnover Proceeding alleges that on June 19, 2009, the Levin Judgment Creditors caused a writ of execution with respect to the Judgment to be delivered to the United States Marshal's Office for the Southern District of New York. On or about September 1, 2011, the United States Marshal's Office for the Southern District of New York served a further writ of execution with respect to the Judgment on Citibank on behalf of the Levin Judgment Creditors.

14.   On or about June 26, 2009, Plaintiffs commenced the Turnover Proceeding against the Defendant banks. The complaint in the Turnover Proceeding seeks the entry of an Order directing the Defendant banks to turn over to the Levin Judgment Creditors the following

assets: (a) the funds held by the Defendant banks in deposit accounts that have been blocked by the Defendant banks pursuant to Executive Orders issued by the President of the United States and regulations issued and administered by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury; and (b) the proceeds of wire transfers that were routed through one of the Defendant banks but halted by them pursuant to Executive Orders issued by the President of the United States and OFAC regulations (hereinafter the funds in blocked deposit accounts and the proceeds of blocked wire transfers that are the subject of the Turnover Proceeding will be referred to as the "Blocked Assets").[1] Upon information and belief, some of the Blocked Assets were disclosed to the Levin Judgment Creditors by OFAC in response to a subpoena served on OFAC in September 2008. A copy of the complaint in the Turnover Proceeding (except for Exhibits D and E, which contains confidential information that is subject to a confidentiality stipulation and Order in this action) is being served on all Supplemental Third-Party Defendants with this Supplemental Third-Party Complaint.

15. Upon information and belief, the Levin Judgment Creditors served a copy of the Complaint in the Turnover Proceeding on Iran in accordance with the procedures set forth in the FSIA. Iran did not appear in the Turnover Proceeding.

16. Upon information and belief, the Levin Judgment Creditors contend that the Blocked Assets are subject to execution to satisfy the Judgment because, *inter alia*, they constitute "blocked assets" of Iran, or of an "agency or instrumentality of" Iran, within the meaning of TRIA § 201(a).

---

[1] By Order of June 10, 2010, Judge Patterson excluded the "Clearstream" assets which are the subject of a separate proceeding under the caption *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518, into which all the parties herein have also been interpled.

### Phase One of the Turnover Proceeding

17.   In accordance with the Court's Orders dated January 11, 2010, and March 6, 2010. Defendant banks served Third-Party Interpleader complaints ("Phase One Interpleaders") on the account holders and parties to wire transfers in a group of assets designated the Phase One Blocked Assets and on all such plaintiffs or judgment creditors who had hitherto served one or more of Defendants with some form of writ or lien with respect to such assets, namely plaintiffs and/or judgment holders in the following actions: the Greenbaum Judgment Creditors, the Acosta Judgment Creditors, the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Bonk Plaintiffs, the Valore Plaintiffs, the Silvia Plaintiffs, the Brown Plaintiffs, and the Bland Plaintiffs.

18.   On or about May 28, 2010, pursuant to an Order dated May 26, 2010, Defendants JPMorgan Chase Bank N.A. and The Bank of New York Mellon also filed a Third-Party Complaint against the Heiser Judgment Creditors.

19.   A number of these parties subsequently filed answers and cross-claims in this proceeding, including, the Third-Party Defendants.

20.   On January 20, 2011, as amended March 4, 2011, this Court granted partial summary judgment to the Greenbaum and Acosta Judgment Creditors with respect to the Phase One Blocked Assets. Pursuant to that Order, Defendant banks turned over those assets to counsel for the Greenbaum and Acosta Judgment Creditors, who agreed to share those assets with the Levin Judgment Creditors and the Heiser Judgment Creditors pursuant to a confidential agreement between and among them.

### Phase Two of the Turnover Proceeding

21.   In accordance with the Court's June 28, 2011 Order, Citibank has disclosed to the Third-Party Defendants all Blocked Assets which have been blocked by Citibank between June

30, 2008 and June 30, 2011. The Third-Party Defendants now seek turnover of certain of those assets which have been designated herein as the Phase Two Blocked Assets. Since service of the Phase One Interpleaders, additional plaintiffs and/or lien holders have served notice on Citibank that they may have an interest in the same blocked assets that are the subject of this proceeding.

22.     On September 21, 2011, pursuant to the Court's September 16, 2011 Order, Citibank brought a third-party complaint to join additional plaintiffs and lien holders, and with respect to the Third-Party Defendants who were interpled with respect to the Phase One Blocked Assets, and to obtain a determination as to which of the Third-Party Defendants and which of the judgment holders in various actions against Iran who have asserted claims to or rights with respect to such assets, if any, has priority with respect to the seizure of the Phase Two Blocked Assets to satisfy their judgments or their claims as more fully set forth herein.

23.     Since service of the September 21, 2011 Third-Party Complaint, additional plaintiffs and/or lien holders have served notice on Citibank that they may have an interest in the same blocked assets that are the subject of this proceeding.

24.     On or about April 12, 2012, the Beer Judgment Creditors served restraining notices and writs of execution upon Citibank, with respect to the Iranian Entities.

25.     On or about April 12, 2012, the Kirschenbaum Judgment Creditors served writs of execution upon Citibank with respect to Iranian Entities.

26.     On or about January 9, 2012, and May 8, 2012, the Murphy Judgment Creditors served writs of execution upon Citibank with respect to Iranian Entities.

27.     On May 25, 2012, the Court entered an Order granting Citibank leave to file a supplemental third-party complaint against the Beer Judgment Creditors, the Kirschenbaum Judgment Creditors, and the Murphy Judgment Creditors.

### For The Claims of Citibank in the Nature of Interpleader

### First Claim for Relief

28. Defendant and Third-Party Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 27 of this Supplemental Third-Party Complaint to the same extent as if those allegations were set forth here in full.

29. CPLR § 5239 provides that "[p]rior to the application of property or debt… to the satisfaction of a judgment any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

30. Third-Party Plaintiff is entitled to an order determining the rights, if any, of the parties and the Supplemental Third-Party Defendants in and to the Phase Two Blocked Assets.

### Second Claim for Relief

31. Defendant and Third-Party Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 30 of this Supplemental Third-Party Complaint to the same extent as if those allegations were set forth here in full.

32. The Supplemental Third-Party Defendants are asserting that their claim to execute on the Phase Two Blocked Assets to satisfy their judgments may take priority over any claims thereto by any other person who has a judgment against Iran or an action pending against Iran. Upon information and belief, the Third-Party Defendants have also asserted claims to the Phase Two Blocked Assets that may take priority over the Supplemental Third-Party Defendants' claims to those assets.

33. The Third-Party Plaintiff is thereby exposed to the risk of multiple and inconsistent liability with respect to the Phase Two Blocked Assets.

DWT 19737699v3 0067486-000015

34.     The Third-Party Plaintiff is entitled to interplead all other judgment creditors of Iran or persons pursuing lawsuits against Iran who have asserted claims to the Phase Two Blocked Assets or other assets in which Iran has or may have an interest and obtain a determination by the Court, pursuant to Banking Law § 134, Rule 22 of the FRCP, 28 U.S.C. §§ 1335 and 2361 and CPLR § 1006, of the rights of all interested parties with respect thereto.

### Third Claim for Relief

35.     Defendant and Third-Party Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 of this Supplemental Third-Party Complaint to the same extent as if those allegations were set forth here in full.

36.     By reason of the foregoing, the Third-Party Plaintiff is entitled to a declaratory judgment determining its rights and the rights of each of the Supplemental Third-Party Defendants and others with respect to the Phase Two Blocked Assets.

WHEREFORE, Defendant and Third-Party Plaintiff respectfully requests the entry of a judgment:

(1)     determining its rights and the rights of each of the Third-Party Defendants, Supplemental Third-Party Defendants and other interested parties in the Phase Two Blocked Assets;

(2)     determining that the service made by the Third-Party Plaintiff of this Supplemental Third-Party Complaint, the third-party summonses and other relevant documents constitutes good and sufficient service under CPLR § 5239 and any other applicable provision of law;

(3)     determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Supplemental Third-Party Defendants or the Phase Two Blocked

Assets sufficient to determine the parties' and other interested parties rights with respect to such assets;

(4) determining whether and to what extent each of the Phase Two Blocked Assets is subject to turnover to satisfy the Judgment or any other judgment in favor of any of the Third-Party Defendants or Supplemental Third-Party Defendants against Iran in accordance with the FSIA and TRIA;

(5) determining that, in respect of each judgment entered against each judgment debtor by default, (i) a copy of such default judgment was sent to each Judgment Debtor in a manner provided for service by 28 U.S.C. §§ 1608(a) and (e), (ii) the Plaintiffs served each Judgment Debtor in accordance with 28 U.S.C. §§ 1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the Judgment Debtors under 28 U.S.C. §§ 1608;

(6) discharging the Third-Party Plaintiff from any and all liability to each of the Third-Party Defendants, Supplemental Third-Party Defendants, and to any other persons who may have claims to, or an interest in, any Phase Two Blocked Assets that are turned over to any of the Third-Party Defendants or Supplemental Third-Party Defendants to satisfy any judgment against Iran or any of the judgment debtors;

(7) restraining and enjoining the Judgment Debtors, Third-Party Defendants, Supplemental Third-Party Defendants and any and all parties in this action, or any of their agents or instrumentalities, from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Phase Two Blocked Assets;

(8) awarding to the Third-Party Plaintiff its costs and expenses in this proceeding, including reasonable attorneys' fees; and

DWT 19737699v3 0067486-000015

(9)   awarding to the Third-Party Plaintiff such other and further relief as may be just and proper.


Dated: New York, New York
       June 25, 2012

                                                  DAVIS WRIGHT TREMAINE LLP

                                                  By: _____
                                                     Sharon L. Schneier, Esq.
                                                     Christopher Robinson, Esq.

                                                  1633 Broadway
                                                  New York, New York 10019
                                                  Tel. (212) 489-8230

                                                  *Attorneys for Defendant and Supplemental Third-Party Plaintiff Citibank, N.A.*