UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------------------------------x
JEREMY LEVIN and DR. LUCILLE LEVIN,   : Case No.: 09 Civ 5900 (MHD)
:
        Plaintiffs,   :
:
   v.   :
:
BANK OF NEW YORK, etc., et. al.   :
:
        Defendants.   :
:
:
---------------------------------------------------------------
:
J. P. MORGAN CHASE & CO., etc. et al.   :
:
       Third-Party Plaintiffs,   :
:
   v.   :
:
ELIZABETH MURPHY, etc., et al.,   :
:   **ANSWER OF ELIZABETH**
       Third-Party Defendants.   :   **MURPHY, et al., to**
:   **SUPPLMENTAL THIRD-PARTY**
:   **COMPLAINT of J. P. MORGAN**
:   **CHASE & CO, J. P. MORGAN**
:   **CHASE BANK, THE BANK OF**
:   **NEW YORK MELLON, and**
:   **SOCIETE GENERALE**
:
:
:
:
---------------------------------------------------------------

     Come now Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John

L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris

(hereinafter "Murphy Judgment Creditors"), and for their Answer to the Supplemental

Third Party Complaint of J. P. MORGAN CHASE & CO, J. P. MORGAN CHASE

BANK, THE BANK OF NEW YORK MELLON, and SOCIETE GENERALE, state as

follows:

1.      Answering paragraph 1 of the Supplemental Third Party Complaint, Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris (hereinafter "Murphy Judgment Creditors") state that paragraph 1 consists solely of legal conclusions and/or prefatory matter to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors admit that they are seeking to have certain funds turned over to them in order to satisfy their judgments against the Islamic Republic of Iran and/or the Iranian Ministry of Information and Security (1st sentence).  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 1, and therefore deny all such allegations.

2.      Answering paragraph 2 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 2, and therefore deny all such allegations.

3.      Answering paragraph 3 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 3, and therefore deny all such allegations.

4.      Answering paragraph 4 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 4, and therefore deny all such allegations.

5.      Answering paragraph 5 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors admit such allegations, and aver, further, that the judgment was entered also against the Iranian Ministry of Information and Security.

      6.      Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 6, and therefore deny all such allegations.

      7.      Answering paragraph 7 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors state that paragraph 7 consists solely of legal conclusions to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors admit that this Court has subject matter jurisdiction over this matter.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 7, and therefore deny all such allegations.

      8.      Murphy Judgment Creditors admit the allegations of paragraph 8.

      9.      Answering paragraph 9 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 9, and therefore deny all such allegations.

      10.      Answering paragraph 10 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 10, and therefore deny all such allegations.

      11.      Answering paragraph 11 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without

information or belief sufficient either to admit or deny the allegations of paragraph 11, and therefore deny all such allegations.

12. Answering paragraph 12 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 12, and therefore deny all such allegations.

13. Answering paragraph 13 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 13, and therefore deny all such allegations.

14. Answering paragraph 14 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 14, and therefore deny all such allegations.

15. Answering paragraph 15 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 15, and therefore deny all such allegations.

16. Answering paragraph 16 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for

themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 16, and therefore deny all such allegations.

17. Answering paragraph 17 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 17, and therefore deny all such allegations.

18. Answering paragraph 18 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 18, and therefore deny all such allegations.

19. Answering paragraph 19 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 19, and therefore deny all such allegations.

20. Answering paragraph 20 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the order, pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 20, and therefore deny all such allegations.

21. Answering paragraph 21 of the Supplemental Third Party Complaint, are without information or belief sufficient either to admit or deny the allegations of paragraph 21, and therefore deny all such allegations.

22. Answering paragraph 22 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 22, and therefore deny all such allegations.

23. Answering paragraph 23 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 23, and therefore deny all such allegations.

24. Answering paragraph 24 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 24, and therefore deny all such allegations.

25. Answering paragraph 25 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 25, and therefore deny all such allegations.

26. Answering paragraph 26 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 26, and therefore deny all such allegations.

27. Answering paragraph 27 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 27, and therefore deny all such allegations.

28. Answering paragraph 28 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 28, and therefore deny all such allegations.

29. Answering paragraph 29 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 29, and therefore deny all such allegations.

30. Answering paragraph 30 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without

information or belief sufficient either to admit or deny the allegations of paragraph 30, and therefore deny all such allegations.

31. Answering paragraph 31 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 31, and therefore deny all such allegations.

32. Answering paragraph 32 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 32, and therefore deny all such allegations.

33. Answering paragraph 33 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 33, and therefore deny all such allegations.

34. Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 34, and therefore deny all such allegations.

35. Answering paragraph 35 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without

information or belief sufficient either to admit or deny the allegations of paragraph 35, and therefore deny all such allegations.

36. Answering paragraph 36 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 36, and therefore deny all such allegations.

37. Answering paragraph 37 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 37, and therefore deny all such allegations.

38. Answering paragraph 38 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 38, and therefore deny all such allegations.

39. Answering paragraph 39 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 39, and therefore deny all such allegations.

40. Answering paragraph 40 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for

themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 40, and therefore deny all such allegations.

41.     Answering paragraph 41 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 41, and therefore deny all such allegations.

42.     Answering paragraph 42 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors aver that Third Party Plaintiffs JPMorgan and BNY Mellon admit holding assets that may be assets of Iran, in addition to the Phase 2 assets.  Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 42, and therefore deny all such allegations.

43.     Murphy Judgment Creditors admit the allegations of paragraph 43 save for the characterization "many" in describing other banks on which a writ of execution was served, as to which Murphy Judgment Creditors are without information or belief sufficient either to admit or deny, and which they therefore deny.

44.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 44, and therefore deny all such allegations.

45.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 45, and therefore deny all such allegations.

46. Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 46, and therefore deny all such allegations.

47. Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 47, and therefore deny all such allegations.

48. Answering paragraph 48 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors state that paragraph 48 consists solely of legal conclusions to which a response is not required. To the extent a response is required, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 48, and therefore deny all such allegations.

### Answer to First Claim for Relief

49. Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 48 of the Supplemental Third-Party Complaint in response to the repetition of those allegations in paragraph 49.

50. Answering paragraph 50 of the Supplemental Third Party Complaint, the Murphy Judgment Creditors state that paragraph 50 consists solely of legal conclusions to which a response is not required. To the extent a response is required, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 50, and therefore deny all such allegations.

51. Murphy Judgment Creditors aver that paragraph 51 contains only conclusions of law to which no response is required, but to the extent a response is required, the Murphy Judgment Creditors are without information or belief sufficient

11

either to admit or deny the allegations of paragraph 51, and therefore deny all such allegations.

### Answer to Second Claim for Relief

52. Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 51 of this Supplemental Third-Party Petition in response to the repetition of those allegations in paragraph 52.

53. Murphy Judgment Creditors admit that they may have claims to or rights in the alleged Blocked Assets that may take priority over the claims of certain other judgment creditors, pending discovery in this action. Expect as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 53, and on that basis deny such allegations.

54. Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 54, and on that basis deny such allegations.

55. Murphy Judgment Creditors aver that paragraph 55 contains only conclusions of law to which no response is required, but to the extent a response is required, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 55, and on that basis deny such allegations.

### Answer to Third Claim for Relief

56. Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 48, 50, 51 and 53 through 55 of the Supplemental Third-Party Complaint in response to the repetition of those allegations in paragraph 56.

57. Murphy Judgment Creditors deny the allegations of paragraph 57.

**Answer to Fourth Claim for Relief**

58. Murphy Judgment Creditors repeat and reallege their responses to paragraphs 1 through 48, 50, and 53 through 55 of the Supplemental Third-Party Complaint in response to the repetition of those allegations in paragraph 58.

59. Murphy Judgment Creditors aver that paragraph 59 contains only conclusions of law to which no response is required, but to the extent a response is required, Murphy Judgment Creditors deny that the Stakeholders are entitled to a declaratory judgment, except after further pleading by the Murphy Judgment Creditors following adequate discovery, and further, deny that the allegations of the Supplemental Third Party Complaint alone are sufficient to support the declaratory judgment prayed for.

**AFFIRMATIVE DEFENSES**

1. The Stakeholders, and each of them, are barred from recovering any affirmative relief against Murphy Judgment Creditors by their failure to mitigate their alleged damages or other loss, and/or by voluntarily causing such damages or other loss, which were avoidable and which it had a duty to avoid.

2. The Murphy Judgment Creditors reserve the right to allege any other affirmative defenses for which a basis is identified through discovery, further investigation, or otherwise.

WHEREFORE, the Murphy Judgment Creditors respectfully request:

(1) judgment determining that their rights in the Restrained/Blocked Assets are superior to those of the Stakeholders, and other parties, according to proof;

(2)     judgment determining that certain of the Blocked Assets are subject to execution or turnover to satisfy the Judgment of the Murphy Judgment Creditors against Iran, according to proof;

(3)     judgment determining that judgment was duly entered against each Judgment Debtor by default, in favor of the Murphy Judgment Creditors, and that (i) a copy of such default judgment was sent to each Judgment Debtor in a manner provided for service by 28 U.S.C. §§1608(a) and (e), (ii) that the Murphy Judgment Creditors served each Judgment Debtor in accordance with 28 U.S.C. §1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the Judgment Debtors under 28 U.S.C. §1608(e);

(4)     an award of costs and expenses in this proceeding, including reasonable attorneys' fees to the extent allowed by applicable law;

(5)     an order authorizing discovery of the Stakeholders, and other parties, by the Murphy Judgment Creditors;

(6)     leave to amend this answer, and/or to file appropriate counterclaims, cross-claims, or third party complaints if the basis for such claims is disclosed following discovery; and

(7) awarding the Murphy Judgment Creditors such other and further relief as may be just and proper.

        Respectfully submitted,

         /s/ Steven Barentzen
        Steven Barentzen (N.Y. Bar #2770147)
        1575 Eye Street, NW, Suite 300
        Washington DC  20005
        Tel. (202) 289-4333
        Fax. (202) 289-8450
        E-mail  steven@barentzenlaw.com

*Attorney for Third Party Defendants the Murphy Judgment Creditors: Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris*

         /s/  John W. Karr
        John W. Karr
        KARR & ALLISON, P.C.
        1250 Connecticut Ave., N.W., Suite 200
        Washington, DC 20036
        Tel. (202) 331-7600
        Fax. (202) 618-6211
        E-mail  jwkarr@msn.com

*Pending admission pro hac vice*

**Certificate of Service**

       I certify under penalty of perjury that on July 20, 2012, I served a copy of the foregoing motion on the interested parties through the Electronic Case Filing system, to:

Howard B. Levi, Esq.
Richard F. Lubarsky, Esq.
J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Fl.
New York, NY 10036

*Counsel for Defendants and Third-Party Plaintiffs JPMorgan Chase etc. et al.*

Mark G. Hanchet, Esq.
Christopher J. Houpt, Esq.
MAYER BROWN LLP
1675 Broadway
New York, NY 10019

*Counsel for Defendant and Third-Party Plaintiff Societe Generale*

Sharon L. Schneier, Esq.
Christopher Robinson, Esq.
DAVIS WRIGHT TREMAINE LLP
1633 Broadway
New York, New York 10019

*Counsel for Defendant and Third-Party Plaintiff Citibank, N.A.*

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA 90014

*Counsel for Levin, et al.*

Liviu Vogel, Esq.
SALON, MARROW et al.
292 Madison Ave., 6th Floor
New York, NY 10017

*Counsel for Peterson, et al.*

and such other parties as are registered to receive electronic service in this case.

                                         /s/ Steven Barentzen
                                         Steven Barentzen

                                         *Attorney for Third Party Defendants the Murphy Judgment Creditors: Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris*