UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,      :      09 Civ. 5900 (RPP) (MHD)

             Plaintiffs,      :

        -against-      :

BANK OF NEW YORK, JP MORGAN      :
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK,      :

           Defendants.      :
----------------------------------------------------------------x

JPMORGAN CHASE & CO., JPMORGAN      :
CHASE BANK, N.A., THE BANK OF NEW
YORK MELLON and SOCIÉTÉ GÉNÉRALE,      :

        Third-Party Plaintiffs,      :

        -against-      :

ELIZABETH MURPHY (Individually      :
and as Administratrix of the Estate of
Terrence Rich), ESTATE OF TERRENCE      :
RICH, BRYAN HARRIS, ARMANDO J.
YBARRA, JOHN E. L'HEUREUX,      :
JANE L'HEUREUX, KERRY M.
L'HEUREUX, MARY E. WELLS,      :
MICHAEL BENNETT (Individually
and as Co-Administrator of the Estate of      :
Marla Ann Bennett), LINDA BENNETT
(Individually and as Co-Administrator of      :
the Estate of Marla Ann Bennett), ESTATE
OF MARLA ANN BENNETT and LISA      :
BENNETT,

           :

        Third-Party Defendants.
----------------------------------------------------------------x

**ANSWER OF JPMORGAN
CHASE & CO. AND
JPMORGAN CHASE
BANK, N.A. TO
BENNETT JUDGMENT
CREDITORS'
<u>COUNTERCLAIMS</u>**

     Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan

Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their

attorneys, Levi Lubarsky & Feigenbaum LLP, as their answer to the Counterclaims (the "Counterclaims") asserted by Third-Party Defendants and Counterclaim Plaintiffs Michael and Linda Bennett, individually and as co-administrators of the Estate of Marla Bennett, and on behalf of the Estate of Marla Bennett, and Lisa Bennett (the "Bennett Judgment Creditors") in their answer dated July 6, 2012 to the Supplemental Third-Party Complaint Against Murphy and Bennett Judgment Creditors dated June 15, 2012, filed by JPMorgan, et al. (the "June 15, 2012 Third-Party Complaint"), state as follows:

1.      To the extent that paragraph 60 of the Counterclaims sets forth allegations that require a response from JPMorgan, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein except to the extent indicated below.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Counterclaims.

3.      Deny each and every allegation set forth in paragraph 62 of the Counterclaims except admit that JPMCB is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the State of Ohio that has offices and branches in the County and State of New York and admit that JPMorgan Chase & Co. has offices in the County and State of New York.

4.      In response to the allegations of paragraph 63 of the Counterclaims, admit that this Court has subject matter jurisdiction over the Counterclaims pursuant to, inter alia, the statutes cited in paragraph 63.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences of paragraph 64 of the

Counterclaims but do not dispute that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Counterclaims.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Counterclaims.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Counterclaims.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Counterclaims.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Counterclaims except admit that a writ of execution with respect to a judgment purportedly entered in favor of Michael Bennett, et al. against the Islamic Republic of Iran, et al., was received by JPMorgan on or about June 4, 2012.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Counterclaims except admit that JPMorgan is holding certain funds in blocked accounts, as alleged in the June 15, 2012 Third Party Complaint, and refer to the allegations of the June 15, 2012 Third-Party Complaint for further information as to the matters set forth therein.

12.      Deny each and every allegation set forth in paragraph 71 of the Counterclaims except admit that JPMorgan is holding certain funds in blocked accounts, as alleged in the June 15, 2012 Third Party Complaint, and refer to the allegations of the June 15, 2012 Third-Party Complaint for further information as to the matters set forth therein.

3

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first paragraph numbered 72 of the Counterclaims.

14.     In response to the second paragraph numbered 72 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 13 of this Answer as if set forth here in full.

15.     To the extent that JPMorgan is required to respond to paragraph 73 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

16.     To the extent that JPMorgan is required to respond to paragraph 74 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

17.     Deny each and every allegation set forth in paragraph 75 of the Counterclaims except admit that JPMorgan is holding certain funds in blocked accounts, as alleged in the June 15, 2012 Third Party Complaint, and refer to the allegations of the June 15, 2012 Third-Party Complaint for further information as to the matters set forth therein.

18.     To the extent that JPMorgan is required to respond to paragraph 76 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Counterclaims except admit that the Counterclaims seek the relief that is requested therein.

20.     In response to the paragraph 78 of the Counterclaims, repeat and reallege the allegations set forth in paragraphs 1 through 19 of this Answer as if set forth here in full.

21.     To the extent that JPMorgan is required to respond to paragraph 79 of the Counterclaims, which purports to set forth conclusions of law, deny each and every allegation set forth therein except admit that paragraph 79 quotes selectively from section 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), reprinted following 28 U.S.C. § 1610 ("TRIA"), and refer to the full text of the statute for its terms and provisions.

22.     To the extent that JPMorgan is required to respond to paragraph 80 of the Counterclaims, which purports in part to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

23.     To the extent that JPMorgan is required to respond to paragraph 81 of the Counterclaims, which purports in part to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

24.     To the extent that JPMorgan is required to respond to the first paragraph numbered 82 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

25.     To the extent that JPMorgan is required to respond to the second paragraph numbered 82 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

JPMorgan, without assuming the burden of proof for those matters upon which the Bennett Judgment Creditors bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

FIRST AFFIRMATIVE DEFENSE/OBJECTION

26.   Persons and entities ("persons") other than the Islamic Republic of Iran or the Iranian Ministry of Information and Security (collectively, "Iran"), or Iran's agencies and instrumentalities, including persons who were the owners, named holders or beneficial owners of blocked deposit accounts or parties to or participants in wire transfers that were blocked pursuant to regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department for which JPMorgan is holding the proceeds and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of process or notice of their claims, may have ownership or other interests in part or all of the funds and assets held by JPMorgan that are the subject of the Counterclaims that may be superior to the rights of the Bennett Judgment Creditors, if any, to have execution against such funds and assets to satisfy the alleged judgment or judgments referred to in paragraph 65 of the Counterclaims (the "Judgment").

SECOND AFFIRMATIVE DEFENSE/OBJECTION

27.   Persons other than the Bennett Judgment Creditors, including persons who were the owners, named holders, or beneficial owners of blocked deposit accounts or parties to or participants in blocked wire transfers for which JPMorgan is holding the proceeds, Iran, persons alleged to be agencies or instrumentalities of Iran, and other persons who have obtained or are seeking judgments against Iran who have served writs of execution or other forms of

process or notice of their claim, may be required parties or indispensable parties to this

proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are

cited as "Rule __") or applicable provisions of state law (and properly subject to interpleader

under Rule 22) and may have the right to receive notice of these proceedings and an opportunity

to be heard before this Court enters a judgment that would terminate or otherwise affect their

rights.

THIRD AFFIRMATIVE DEFENSE/OBJECTION

28.     The proceeds of blocked wire transfers and funds in deposit accounts that

have been blocked pursuant to OFAC regulations cannot be transferred to any person, including,

without limitation, the Bennett Judgment Creditors, except pursuant to a license issued by OFAC

permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201(a) or

section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g) (the

"FSIA"), after a determination that the party seeking to execute on such assets has established all

of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g) and that such assets are

subject to execution thereunder. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to

this part, any . . . execution, garnishment or other judicial process is null and void with respect to

any property in which, on or since the effective date, there existed an interest of a person whose

property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a)").

FOURTH AFFIRMATIVE DEFENSE/OBJECTION

29.     If the Judgment was entered on default, the Bennett Judgment Creditors

must meet their burden of proof that a copy of the Judgment was served on each of the judgment

debtors in the manner required by section 1608 of the FSIA in order to comply with FSIA §

7

1608(e).  *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV.

9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

FIFTH AFFIRMATIVE DEFENSE/OBJECTION

30.    In order to comply with the requirements of CPLR §§ 5225(b) and 5227

and Rule 69, the Bennett Judgment Creditors must meet their burden of proof that a copy of the

Counterclaims has been served on Iran, and on any agency or instrumentality of Iran that has an

interest in the property, debts, or assets that are the subject of the Counterclaim, in the manner

required by FSIA § 1608.  *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

SIXTH AFFIRMATIVE DEFENSE/OBJECTION

31.    The Bennett Judgment Creditors must meet their burden of proof that they

have complied in all respects with the requirements of FSIA § 1610(c), including the

requirements that a court must approve in advance any writ of execution served on JPMorgan

and authorize the Bennett Judgment Creditors to execute on the assets that are the subject of their

writ.  *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11

(S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc,* 1997 WL 811474, at *3.

SEVENTH AFFIRMATIVE DEFENSE/OBJECTION

32.    The Bennett Judgment Creditors can execute on assets in the possession or

custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to

all of the requirements of TRIA § 201(a), including the requirement that the property, debt or

asset to be levied on is a "blocked asse[t] of . . . [a] terrorist party (including . . . any agency or

instrumentality of that terrorist party)."

EIGHTH AFFIRMATIVE DEFENSE/OBJECTION

33.     The Bennett Judgment Creditors can execute on property in the possession or custody of JPMorgan pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

NINTH AFFIRMATIVE DEFENSE/OBJECTION

34.     Sections 1609 and 1610 of the FSIA limit the Bennett Judgment Creditors to enforcing the Judgment against property in the United States.

TENTH AFFIRMATIVE DEFENSE/OBJECTION

35.     Nothing in this Answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

ELEVENTH AFFIRMATIVE DEFENSE/OBJECTION

36.     To the extent that the value of the property, funds, and assets held by JPMorgan, and by the other Defendants and other parties against which the Bennett Judgment Creditors have brought other judgment enforcement proceedings, that is lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other Defendants and the defendants and respondents in such other proceedings and determine which property, funds, and assets held by or for which persons should be turned over, in such a way that none of the parties that is being required to turn over funds or assets and no other affected person is required to turn

over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment in this proceeding:

(1) Dismissing the Counterclaims in their entirety as against JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.;

(2) Awarding to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. as may be just and proper.

Dated: New York, New York
  July 30, 2012

LEVI LUBARSKY & FEIGENBAUM LLP


By: _____
  Howard B. Levi
  J. Kelley Nevling, Jr.
  1185 Avenue of the Americas, 17th Floor
  New York, NY 10036
  Tel. No. (212) 308-6100
  E-mail address hlevi@llf-law.com or
  knevling@llf-law.com

*Attorneys for Defendants, Third-Party Plaintiffs and*
*Counterclaim Defendants JPMorgan Chase & Co.*
*and JPMorgan Chase Bank, N.A.*