UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,   :   Case No. 09 Civ. 5900 (RPP)

               Plaintiffs,   :

               -against-   :

BANK OF NEW YORK, et al.,   :

               Defendants.   :
------------------------------------------------------------x

JPMORGAN CHASE & CO., and JPMORGAN   :
CHASE BANK, N.A.,
                  :   **DECLARATION OF**
             Third-Party Plaintiff,     **SERVICE OF THIRD-**
                  :   **PARTY COMPLAINT**
             -against-     **ON VALORE THIRD-**
                  :   **PARTY DEFENDANTS**

STEVEN M. GREENBAUM, et al.,

                  :

             Third-Party Defendants.
------------------------------------------------------------x

       J. KELLEY NEVLING, JR. hereby declares under penalty of perjury as follows:

       1.    I am an attorney admitted to practice law before the courts of the State of New York and this Court, and I am Of Counsel to Levi Lubarsky & Feigenbaum LLP ("LLF"), the attorneys for defendants and third-party plaintiffs JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. in the above-referenced proceedings. I am over eighteen years of age, not a party to this proceeding and a resident of the State of New York.

       2.    On September 26, 2011, I served (a) the Amended and Supplemental Third-Party Complaint of JPMorgan Chase Parties Against Other Judgment Creditors of Iran, Plaintiffs Suing Iran and Wire Transfer Parties dated September 21, 2011, with Exhibits A through N (paragraphs 17 through 140 of the third-party complaint having been appropriately redacted and Exhibit N having been redacted in its entirety) (the "September 21, 2011 Third-Party Complaint"), together with (b) a copy of the original complaint of plaintiffs Jeremy and Lucille Levin in this proceeding, with Exhibits A through E (paragraph 21 of the complaint and Exhibits D and E having been appropriately redacted), and (c) a copy of the Amended Scheduling Order (I) Authorizing Additional Pleadings and (II) Governing and Scheduling Further

Proceedings in Connection with Phase 2 entered on September 16, 2011 (the "Phase 2 Scheduling Order") (items (a) through (c) will hereinafter be referred to as the "Service Documents"), upon the parties identified in the September 21, 2011 Third-Party Complaint as the Valore Judgment Creditors (the "Valore Parties") by delivering true copies thereof, enclosed in sealed Express Mail envelopes, to an employee of the United States Postal Service ("USPS") at the post office underneath Rockefeller Center, within the State of New York, for delivery via Express Mail to the following attorneys who represented one or more of the Valore Parties, at their addresses set forth below, and paying the postage charges for Express Mail delivery:

> Annie P. Kaplan, Esq.
> Fay Kaplan Law, P.A.
> 777 Sixth St. NW, Suite 410
> Washington, DC  20001
>
> Thomas Fortune Fay, Esq.
> Fay Kaplan Law, P.A..
> 777 Sixth St. NW, Suite 410
> Washington, DC  20001
>
> Noel J. Nudelman, Esq.
> Heideman Nudelman & Kalik, PC
> 1146 19th Street, NW, 5th Fl
> Washington, DC  20036
>
> Joseph Peter Drennan, Esq.
> 218 North Lee Street, 3rd Fl.
> Alexandria, VA  22314.

The Service Documents served on Mr. Nudelman, unlike the ones served on Ms. Kaplan, Mr. Fay and Mr. Drennan, were complete and unredacted, because Mr. Nudelman, unlike the others, had previously signed an agreement to adhere to and be bound by a protective order so ordered in this case on or about October 26, 2009, as amended, that required him to preserve the confidentiality of the redacted information.

       3.       The envelopes sent to Mr. Fay and Mr. Drennan also included a third-party summons addressed to third-party defendants Estate of Moses Arnold, Jr., et al. (the "Arnold Summons"), a copy of which is annexed hereto as Exhibit 1.

       4.       The USPS envelope addressed to Ms. Kaplan was assigned label number EI 124619374 US by the USPS, and I later went to the USPS web site and obtained confirmation that the envelope had been delivered to the addressee at 11:20 A.M. on September 27, 2011 and signed for by Joe Fay. A copy of the stamped USPS label for this envelope, reflecting the label number, and of the delivery confirmation for the envelope with that label number is annexed hereto as Exhibit 2.

2

5.  The USPS envelope addressed to Mr. Fay was assigned label number EI 124619365 US by the USPS, and I later went to the USPS web site and obtained confirmation that the envelope had been delivered to the addressee at 11:20 A.M. on September 27, 2011 and signed for by Joe Fay. A copy of the stamped USPS label for this envelope, reflecting the label number, and of the delivery confirmation for the envelope with that label number is annexed hereto as Exhibit 3.

6.  The USPS envelope addressed to Mr. Nudelman was assigned label number EI 124619391 US by the USPS, and I later went to the USPS web site and obtained confirmation that the envelope had been delivered to the addressee at 1:30 P.M. on September 27, 2011 and signed for by Elena Segura. A copy of the stamped USPS label for this envelope, reflecting the label number, and of the delivery confirmation for the envelope with that label number is annexed hereto as Exhibit 4.

7.  The USPS envelope addressed to Mr. Drennan was assigned label number EI 124619330 US by the USPS, and I later went to the USPS web site and obtained confirmation that the envelope had been delivered to the addressee at 11:44 A.M. on September 27, 2011 and signed for by Kevin Blinn. A copy of the stamped USPS label for this envelope, reflecting the label number, and of the delivery confirmation for the envelope with that label number is annexed hereto as Exhibit 5.

8.  I also served the September 21, 2011 Third-Party Complaint and certain other documents upon the Valore Parties by e-mail by (a) sending an e-mail on September 22, 2011 to Mr. Nudelman, at his e-mail address of njnudelman@hnklaw.com, with unredacted copies of the September 21, 2011 Third-Party Complaint and exhibits attached, and (b) sending an e-mail on September 26, 2011, with attachments consisting of the September 21, 2011 Third-Party Complaint and exhibits, redacted as described in paragraph 1, together with the Phase 2 Scheduling Order and the Arnold Summons, to Ms. Kaplan, at her e-mail addresses of annie.kaplan@faykaplanlaw.com and annie.kaplan@gmail.com, to Mr. Fay, at his e-mail addresses of Thomas.fay@faykaplanlaw.com and thomasfay@aol.com, and to Mr. Drennan, at his e-mail address of joseph@josephpeterdrennan.com. Copies of these e-mails are annexed hereto as Exhibit 6. My e-mail system notifies me if an e-mail that I send is undeliverable, but I did not receive e-mail notice that any of the e-mails addressed to these persons at these addresses was undeliverable, so the e-mails must have been successfully sent to and received by them.

9.  The Valore Parties are persons who were awarded money damages in the Revised Order and Judgment filed on September 20, 2010 (Docket No. 71) (the "*Valore* Judgment") in an action entitled *Terance J. Valore, et al. against Islamic Republic of Iran, et al.*, Case No. 03-CV-1959-RCL (D.D.C.) (the "*Valore* Action"). That judgment was entered in favor of certain persons who had been plaintiffs in the *Valore* Action for some time as well as others who had been plaintiffs in three other actions that were consolidated with the *Valore* Action on or about March 30, 2010, to wit, *Lolita M. Arnold, et al. against Islamic Republic of Iran, et al.*, Case No. 06-CV-0516-RCL (D.D.C.) (the "*Arnold* Action"), *Lynne Michol Spencer, et al. against Islamic*

*Republic of Iran, et al.*, Case No. 06-CV-0750-RCL (D.D.C.) (the "*Spencer* Action") and *Catherine Bonk, et al. against Islamic Republic of Iran, et al.*, Case No. 08-CV-1273-RCL (D.D.C.) (the "*Bonk* Action").

10. Mr. Drennan and Mr. Fay are listed on the docket in the *Valore* Action as counsel for all plaintiffs. Mr. Fay and Mr. Drennan are the only attorneys listed on the docket in the *Arnold* Action as counsel for plaintiffs. Mr. Fay and Mr. Nudelman are listed on the docket in the *Spencer* Action as counsel for all plaintiffs, and Mr. Fay is listed on the docket in the *Bonk* Action as one of the counsel for all plaintiffs.

11. On April 20, 2010, Mr. Nudelman filed a Notice of Appearance (Docket No. 152) in this proceeding on behalf of, among other persons, the Estate of James Silvia and Lynne Michol Silvia, the only plaintiffs in the *Spencer* Action who were awarded money damages in the *Valore* Judgment. On June 11, 2010, Ms. Kaplan filed a Notice of Appearance (Docket No. 192) in this proceeding on behalf of all but four or five of the plaintiffs in the *Valore* Action (prior to consolidation) and all of the plaintiffs in the *Bonk* Action who were awarded money damages in the *Valore* Judgment.

12. On September 28, 2011, Keith M. Fleischman, Esq. of the Fleischman Law Firm filed Notices of Appearance (Docket Nos. 431 and 432) in this proceeding on behalf of all of the plaintiffs in the *Arnold* Action and the *Spencer* Action, and most of the plaintiffs in the *Valore* Action (prior to consolidation) and the *Bonk* Action, who were awarded money damages in the *Valore* Judgment. As of September 28, 2011, therefore, either Ms. Kaplan or Mr. Fleischman or both had appeared in this action on behalf of everyone who was awarded money damages in the *Valore* Judgment.

13. Upon information and belief, on October 3, 2011, after Mr. Fleischman appeared in this action on behalf of the judgment creditors in the Valore Action, he was served with the Service Documents by mail, using the Express Mail service of the USPS, by Amanda Himmelstoss, a paralegal employed by the firm of Levi Lubarsky & Feigenbaum LLP. A copy of her declaration of service regarding this service is annexed hereto as Exhibit 7.

14. It is my understanding that service in the manner described above constituted good and sufficient service of the Service Documents on the Valore Parties pursuant to Rules 4 and 5(b) of the Federal Rules of Civil Procedure and the provisions of the Phase 2 Scheduling Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on August 10, 2012.

_____
J. Kelley Nevling, Jr.