UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Plaintiffs,<br><br>-v-<br><br>BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,<br><br>Defendants.<br><br>THE BANK OF NEW YORK MELLON,<br><br>Third-Party Plaintiff,<br><br>-v-<br><br>STEVEN M. GREENBAUM, et al.<br><br>Third-Party Defendants.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>Third-Party Plaintiff,<br><br>-v-<br><br>STEVEN M. GREENBAUM, et al.<br><br>Third-Party Defendants. | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER)<br><br>Civ. No. 09 CV 5900 (RPP) (MHD)<br><br>**DECLARATION OF**<br>**CURTIS C. MECHLING**<br><br>IN SUPPORT OF JUDGMENT CREDITORS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT ON CLAIMS FOR TURNOVER OF PHASE TWO BLOCKED ASSETS |

CAPTION CONTINUED ON NEXT PAGE

| | |
|---|---|
| SOCIETE GENERALE,<br><br>        Third-Party Plaintiff,<br><br>    -v-<br><br>■■■■■■, et al.,<br><br>        Third-Party Defendants.<br><hr><br>CITIBANK, N.A.,<br><br>        Third-Party Plaintiff,<br><br>    -v-<br><br>LEVIN, et al.<br><br>        Third-Party Defendants. | Civ. No. 09 CV 5900 (RPP) (MHD) |

       CURTIS C. MECHLING, under penalty of perjury, declares:

    1.    I am a member of the law firm of Stroock & Stroock & Lavan LLP, counsel for third-party defendants and counterclaim plaintiffs Steven M. Greenbaum (on his own behalf and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum), Alan D. Hayman, and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors"); and third-party defendants and counterclaim plaintiffs Carlos Acosta, Maria Acosta, Tova Ettinger, the Estate of Irving Franklin, the Estate of Irma Franklin, Baruch Kahane, Libby Kahane (on her own behalf and as Administratrix of the Estate of Meir Kahane), Ethel J. Griffin (as Administratrix of the Estate of Binyamin Kahane), Norman Kahane (on his own behalf and as Executor of the Estate of Sonia Kahane), and Ciporah Kaplan (collectively, the "Acosta Judgment Creditors," and together with the Greenbaum Judgment Creditors, the "Greenbaum and Acosta Judgment Creditors"), in the

above-captioned action. I submit this Declaration in support of a joint motion being made on behalf of the Greenbaum and Acosta Judgment Creditors, plaintiffs Jeremy and Dr. Lucille Levin (together, the "Levins"), and third-party defendants and counterclaim plaintiffs the Estate of Michael Heiser, *et al.* (the "Heiser Judgment Creditors") (collectively, "Movants" or the "Judgment Creditors") for an Order granting them partial summary judgment and turnover with respect to the Phase Two Blocked Assets (as that term is hereinafter defined) held by defendants and third-party plaintiffs Citibank, N.A. ("Citibank"), The Bank of New York Mellon ("BNYM"), JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (together, "JPMorgan") and Societe Generale ("SoGen," and collectively with Citibank, BNYM, and JPMorgan, the "New York Banks" or "Garnishees"). The facts stated below are based on my personal knowledge or my review of and/or familiarity with prior filings and proceedings in this action.

2. Attached as **Exhibit 1** to my declaration is a true and correct copy of the September 16, 2011, Amended Scheduling Order (I) Authorizing Additional Pleadings and (II) Governing and Scheduling Further Proceedings in Connection with Phase Two (the "Phase Two Scheduling Order") entered by the Court in this proceeding, which is a public record.

3. Attached as **Exhibit 2** to my declaration is a true and correct copy of the August 16, 2011, Order Directing the Clerk to Issue Writs of Execution in Satisfaction of 28 U.S.C. § 1610(c) entered by this Court in the matter styled *Levin v. Islamic Republic of Iran*, Case No. 11-mc-00283 (P1) (SDNY) (ECF Dkt. No. 5), which is a public record.

4. Attached as **Exhibit 3** to my declaration is a true and correct copy of the writ of execution delivered by the Levins to the United States Marshals Service for the Southern District of New York (the "U.S. Marshal").

5.  Attached, collectively, as **Exhibit 4** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levy of the Levins' writ of execution (Exhibit 3 to my declaration) on the Garnishees.

6.  Attached as **Exhibit 5** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated December 14, 2009, permitting the Greenbaum Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by Citibank in this District.

7.  Attached as **Exhibit 6** to my declaration is a true and correct copy of a writ of execution obtained by the Greenbaum Judgment Creditors from the Clerk of the Court on December 21, 2009, and delivered to the U.S. Marshal that same day for levy upon Citibank.

8.  Attached as **Exhibit 7** to my declaration is a true and correct copy of an amended writ of execution obtained by the Greenbaum Judgment Creditors from the Clerk of the Court on April 5, 2010, and delivered to the U.S. Marshal on April 6, 2010. As the writ reflects, the U.S. Marshal levied by service of the amended writ of execution on Citibank on April 15, 2010.

9.  Attached as **Exhibit 8** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated February 8, 2011, permitting the Greenbaum Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by BNYM, JPMorgan, and SoGen in this District.

10.  Attached as **Exhibit 9** to my declaration is a true and correct copy of a writ of execution obtained by the Greenbaum Judgment Creditors from the Clerk of the Court on February 9, 2011 and delivered to the U.S. Marshal that same day for levy upon BNYM, JPMorgan and SoGen.

11. Attached, collectively, as **Exhibit 10** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Greenbaum Judgment Creditors' writ of execution (Exhibit 9 to my declaration) on BNYM, JPMorgan, and SoGen.

12. Attached are **Exhibit 11** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated December 14, 2009, permitting the Acosta Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by Citibank and JPMorgan in this District.

13. Attached as **Exhibit 12** to my declaration are true and correct copies of writs of execution obtained by the Acosta Judgment Creditors from the Clerk of the Court on December 21, 2009, and delivered to the U.S. Marshal that same day for levy upon Citibank and JPMorgan.

14. Attached as **Exhibit 13** to my declaration are true and correct copies of amended writs of execution obtained by the Acosta Judgment Creditors from the Clerk of the Court on April 5, 2010, and delivered to the U.S. Marshal on April 6, 2010.  As the writs reflect, the U.S. Marshal levied by service of the amended writs of execution on Citibank and JPMorgan on April 15, 2010.

15. Attached are **Exhibit 14** to my declaration is a true and correct copy of the Order of this Court (Jones, J.), dated January 3, 2011, permitting the Acosta Judgment Creditors to obtain a writ of execution to levy against certain property of Iran held by BNYM and SoGen in this District.

16. Attached as **Exhibit 15** to my declaration are true and correct copies of writs of execution obtained by the Acosta Judgment Creditors from the Clerk of the Court on January 4, 2011, and delivered to the U.S. Marshal on January 5, 2011, for levy upon BNYM and SoGen.

17.     Attached as **Exhibit 16** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Acosta Judgment Creditors' writs of execution (Exhibit 15 to my declaration) on BNYM and SoGen.

18.     Attached as **Exhibit 17** to my declaration is a true and correct copy of the February 7, 2008, Order entered by the United States District Court for the District of Columbia in the matter styled, *Heiser v. Islamic Republic of Iran*, Case Nos. 00-2329 and 01-2104 (D.D.C.) (RCL), which is a public record.

19.     Attached as **Exhibit 18** to my declaration is a true and correct copy of the May 10, 2010, Order entered by the United States District Court for the District of Columbia in the matter styled, *Heiser v. Islamic Republic of Iran*, Case Nos. 00-2329 and 01-2104 (D.D.C.) (RCL), which is a public record.

20.     Attached as **Exhibit 19** to my declaration is a true and correct copy of the August 25, 2011, Order Granting *Ex Parte* Application Pursuant to 28 U.S.C. § 1610(c) for Issuance of Writs of Execution entered by this Court in the matter styled *Estate of Michael Heiser v. Islamic Republic of Iran*, Case No. 10-mc-00005-P1 (SDNY) (ECF Dkt. No. 7), which is a public record.

21.     Attached as **Exhibit 20** to my declaration are true and correct copies of the writs of execution, without exhibits, that the Heiser Judgment Creditors delivered to the U.S. Marshal on December 10, 2010, for service upon the Garnishees.

22.     Attached as **Exhibit 21** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Heiser Judgment Creditors' writs of execution (Exhibit 20 to my declaration) on the Garnishees.

23. Attached as **Exhibit 22** to my declaration is a true and correct copy of the writ of execution, without exhibits, that the Heiser Judgment Creditors delivered to the U.S. Marshal on September 6, 2011, for service upon the Garnishees.

24. Attached as **Exhibit 23** to my declaration are true and correct copies of the U.S. Marshal returns evidencing levies of the Heiser Judgment Creditors' writ of execution (Exhibit 22 to my declaration) on the Garnishees.

25. Attached as **Exhibit 24** to my declaration is a summary chart, prepared by Movants, identifying the Citibank Phase Two Blocked Assets and, for each of the Citibank Phase Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by Citibank as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

26. Attached as **Exhibit 25** to my declaration is a summary chart, prepared by Movants, identifying the BNYM Phase Two Blocked Assets and, for each of the BNYM Phase Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by BNYM as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

27. Attached as **Exhibit 26** to my declaration is a summary chart, prepared by Movants, identifying the JPMorgan Phase Two Blocked Assets and, for each of the JPMorgan Phase Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by JPMorgan as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

28. Attached as **Exhibit 27** to my declaration is a summary chart, prepared by Movants, identifying the SoGen Phase Two Blocked Assets and, for each of the SoGen Phase

Two Blocked Assets, (1) the amount of the blocked asset, (2) the Commercial Third-Party Defendants identified by SoGen as having an interest in the blocked asset, and (3) the nature of any answer or response filed by the Commercial Third-Party Defendants.

29.     Attached as **Exhibit 28** to my declaration is a true and correct copy of the July 6, 2012, letter from William P. Fritzlen, Attorney Adviser Overseas Citizens Services, Office of Legal Affairs for the United States Department of State, to the Clerk of the Court of the United States District Court for the Southern District of New York confirming that copies of the BNYM Third-Party Complaint, JPMorgan Third-Party Complaint, and Citibank Third-Party Complaint, summonses thereupon and notices of suit, along with copies of the foregoing translated into Farsi, were served upon defendants the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Revolutionary Guard Corps ("IRGC") by delivery of the same to the Iranian Ministry of Foreign Affairs with the assistance of the Foreign Interests Section of the Embassy of Switzerland in Tehran, under cover of diplomatic notes numbers 1020-IE, 1021-IE, and 1021-IE dated May 15, 2012, and delivered May 16, 2012. Pursuant to 28 U.S.C. § 1608(c), service of process upon Iran, MOIS, and IRGC was therefore effected on May 9, 2012, when the United States Department of State transmitted a diplomatic pouch containing, *inter alia*, the above-referenced summonses, third-party complaints and notices of suit to the Swiss Ministry of Foreign Affairs in Bern for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran, for service upon Iran, MOIS and IRGC.

30.     Attached as **Exhibit 29** to my declaration is a true and correct copy of the Second Amended Interpleader Complaint, dated March 28, 2012, and filed under seal in this proceeding by SoGen.

31. Attached as **Exhibit 30** to my declaration is a true and correct copy of the Supplemental Phase Two Scheduling Order entered by the Court on October 5, 2011.

32. In accordance with the Phase Two Scheduling Order, Orders of this Court dated January 25, 2010, June 2, 2010, and other relevant Orders of the Court, the Judgment Creditors served the Commercial-Third Party Defendants identified in Exhibits 24-27 to this declaration. Affidavits of such service have been filed with the Court under seal, and copies of the same were provided to counsel for JPMorgan, BNYM, Citibank, and SoGen, respectively

33. The proceedings in this matter were previously divided by the Court into different phases. "Phase One" of these proceedings resulted in the Court's entry of an Order awarding the turnover of a subset of blocked assets held by the Garnishees (the "Phase One Blocked Assets"), along with accrued interest on those assets, to the Judgment Creditors. *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 412) (the "Phase One Turnover Order").

34. On June 29, 2011, the Court entered its Order Governing Production of Supplemental Account Information in Connection with Turnover of Additional Assets (the "Supplemental Discovery Order"). In accordance with the Supplemental Discovery Order, the Garnishees produced to the Judgment Creditors lists identifying, *inter alia*, additional blocked assets held by the Garnishees, which include the Phase Two Blocked Assets.

35. The Garnishees have affirmatively disclaimed any interest in, or right to, the Phase Two Blocked Assets, and instead claim to be disinterested stakeholders in this action.

36. Based upon my review of the pleadings and other filings in this matter, there appears to be no evidence of any Commercial Third-Party Defendant having ever petitioned OFAC for the release of any of the Phase Two Blocked Assets, all of which remain blocked pursuant to, *inter alia*, OFAC regulations.

37. Based upon my review of the pleadings and other filings in this matter, it appears the Rubin Judgment Creditors and Weinstein Judgment Creditors have failed to answer or otherwise respond to any of the third-party complaints filed by the New York Banks with regard to the Phase Two Blocked Assets.

38. The Judgment Creditors have entered into a confidential settlement agreement resolving their dispute regarding priority of claims, as between them, to the Phase Two Blocked Assets at issue in this matter and providing for the distribution of such assets in accordance with applicable law.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      August 29, 2012

                                                /s/ Curtis C. Mechling
                                                  Curtis C. Mechling