UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------- x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :

                Plaintiffs,  :

           - v -  :  Case No. 09 CV 5900 (RPP) (MHD)

BANK OF NEW YORK, JPMORGAN CHASE,  :
SOCIETE GENERALE, and CITIBANK,  :

                Defendants.  :

------------------------------------------------------------- :

CITIBANK, N.A.,  :  **CITIBANK, N.A.'S ANSWER TO**
    :  **AMENDED COUNTERCLAIMS**
            Third-Party Plaintiff,  :  **ASSERTED BY THE ESTATE OF**
    :  **MICHAEL HEISER JUDGMENT**
           - v -  :  **CREDITORS WITH RESPECT TO**
    :  **PHASE TWO BLOCKED ASSETS**
STEVEN M. GREENBAUM, *et al.*,  :

            Third-Party Defendants.  :

------------------------------------------------------------- x

      Defendant, Third-Party Plaintiff and Counterclaim Defendant Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to the Amended Counterclaims asserted by Third-Party Defendant the Estate of Michael Heiser, *et al.* (the "Heiser Judgment Creditors") and alleges as follows:

      Paragraphs 1-54 pertain of the Heiser Judgment Creditors' answer to Citibank's Third-Party Complaint and therefore do not require a response.

### ANSWERS TO AMENDED COUNTERCLAIMS AGAINST CITIBANK

      55.    States that the allegations contained in Paragraph 55 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

**Parties**

56.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56, except states, on information and belief, that a judgment was entered in the case entitled *Heiser v. Iran,* Case No. 00-CV-2329 (RCL) (D.D.C.), and in the case entitled *Campbell v. Iran*, Case No. 01-CV-2104 (RCL) (D.D.C), the Heiser Judgment Creditors obtained a total judgment in the amount of $591,089,966.00 against judgment debtors the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC") (the "Heiser Judgment").

57.     Admits the allegations contained in Paragraph 57.

**Jurisdiction and Venue**

58.     States that the allegations contained in Paragraph 58 constitute legal conclusions as to which no response is required, except that if a response is required, admits that claims relating to the blocked funds and assets which were blocked by Citibank pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury and are identified in Exhibit A to Citibank's September 21, 2011 Third-Party Complaint Against Account Holders and Wire Transfer Parties with Respect to Phase Two Assets in Accordance with the Court's September 16, 2011 Order (the "Phase Two Blocked Assets"), and the assets associated with four wire transfers blocked by Citibank pursuant to the same orders and regulations since July 1, 2011 (the "Supplemental Phase Two Blocked Assets"), are related to the original turnover petition.

59.     States that the allegations contained in Paragraph 59 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and

information sufficient to form a belief as to the truth of the allegations therein except admits that venue is proper in this district.

## Facts

60. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60, except states, on information and belief, that the Heiser Judgment consists of a judgment in the amount of $254,431,903.00 and a judgment in the amount of $336,658,063.00.

61. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and refers to the February 7, 2008 Order for a true and complete recitation of the contents thereof.

62. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and refers to the May 10, 2010 Order for a true and complete recitation of the contents thereof.

63. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and refers to the August 25, 2011 Order for a true and complete recitation of the contents thereof.

64. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and refers to the May 25, 2012 Order for a true and complete recitation of the contents thereof.

## Enforcement of the Judgment

65. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and refers to the cited registration for a true and complete recitation of the contents thereof.

66. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and refers to the cited registrations for a true and complete recitation of the contents thereof.

67. States that the allegations contained in Paragraph 67 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

68. States that the allegations contained in Paragraph 68 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to the cited statutes for a true and complete recitation of the contents thereof.

69. States that the allegations contained in Paragraph 69 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

70. States that the allegations contained in Paragraph 70 constitute legal conclusions as to which no response is required and refers to Section 201(a) of the Terrorism Risk Insurance Act ("TRIA") for a true and complete recitation of the contents thereof.

71. States that the allegations contained in Paragraph 71 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein and refers to Section 201 of TRIA for a true and complete recitation of the contents thereof.

72. States that the allegations contained in Paragraph 72 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that Citibank is holding the Phase Two Blocked Assets and the Supplemental Phase Two Blocked

Assets in which Iran, its agencies or instrumentalities may have an interest, direct or indirect, and states that, to the extent the definition of "Iranian Assets" herein purports to include the assets described in Citibank's Seventh Affirmative Defense set forth below, such assets are not before the Court and hence are barred from execution in this proceeding.

73.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

74.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 74, except admits that a writ of garnishment issued by the United States District Court for the District of Maryland was served on Citibank on or about September 1, 2010, and refers to the writ of garnishment for a true and complete recitation of the contents thereof.

75.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and refers to the writs of execution for a true and complete recitation of the contents thereof.

76.     Admits that on or about January 3, 2011 and January 26, 2011, the U.S. Marshal levied writs upon Citibank, and refers to the writs for a true and complete recitation of the contents thereof.

77.     Admits that on or about March 8, 2011, the Heiser Judgment Creditors filed a Petition for Turnover Order in the action styled *Estate of Michael Heiser et al. v. Citibank, N.A.*, Case no.: 11-CV-1598 (RPP) (MHD), which has been transferred to Judge Patterson, and pursuant to a Stipulation entered into between the parties has been stayed, and refers to the cited Petition for Turnover for a true and complete recitation of the contents thereof.

78.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 78.

79.     Admits the allegations contained in Paragraph 79.

80. Admits the allegations contained in Paragraph 80.

81. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 81 and refers to the writs of execution for a true and complete recitation of the contents thereof.

82. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 82.

83. States that the allegations contained in Paragraph 83 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and further states that, to the extent this paragraph purports to include the assets described in Citibank's Seventh Affirmative Defense set forth below, such assets are not before the Court and hence are barred from execution in this proceeding.

## Counterclaim

84. Citibank incorporates its responses to paragraphs 55 through 83 as though fully set forth herein.

85. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 85, except admits that the Heiser Judgment Creditors obtained the Heiser Judgment.

86. States that the allegations contained in Paragraph 86 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

87. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

88.     States that the allegations contained in Paragraph 88 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that Citibank is holding the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets in which Iran, its agencies or instrumentalities may have an interest, direct or indirect.

89.     States that the allegations contained in Paragraph 89 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

90.     States that the allegations contained in Paragraph 90 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except states that, to the extent this paragraph purports to include the assets described in Citibank's Seventh Affirmative Defense set forth below, such assets are not before the Court and hence are barred from execution in this proceeding.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Heiser Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims and amended counterclaims. Citibank incorporates its responses to Amended Counterclaim Paragraphs 55 through 90 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this supplemental third-party proceeding (the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets)

which may be superior to the rights of the Heiser Judgment Creditors to enforce their judgment against the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

The Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action. In accordance with the Court's September 16, 2011 Order and as directed by Judge Patterson in the hearing held on August 16, 2012, Citibank has interpled or shall interplead such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets.

## FOR ITS THIRD AFFIRMATIVE DEFENSE

The Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets sought by the Heiser Judgment Creditors include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC. Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations. Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010). *See also Calderon-Cardona v. J.P. Morgan Chase*

*Bank, N.A.*, 12-1264(L); 12-1272 (2nd Cir. pending). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase One Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase One Assets, dated July 11, 2011.

### FOR ITS FOURTH AFFIRMATIVE DEFENSE

To the extent the Heiser Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

### FOR ITS FIFTH AFFIRMATIVE DEFENSE

To the extent that the Heiser Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Heiser Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

### FOR ITS SIXTH AFFIRMATIVE DEFENSE

The Heiser Judgment Creditors' counterclaims and amended counterclaims are barred by the doctrine of law of the case to the extent that those counterclaims and amended counterclaims are based on writs issued by the Maryland District Court, which writs this Court has ruled are invalid with respect to blocked assets located in New York.

### FOR ITS SEVENTH AFFIRMATIVE DEFENSE

The Heiser Judgment Creditors' counterclaims and amended counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently before Judge Barbara S. Jones, and Magistrate Judge Gabriel W. Gorenstein in the proceeding captioned

*Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.). The Heiser Judgment Creditors are third-party respondents in the Peterson proceeding and, to the extent the definition of "Iranian Assets" in paragraph 72 of the amended counterclaims purports to include the assets at issue in the Peterson proceeding, such assets are not before the Court and hence are barred from execution in this case.

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1)  determining its rights and the rights of the Heiser Judgment Creditors and of all other third-party defendants in the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets;

(2)  determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Heiser Judgment Creditors, and the service of same by the judgment creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

(3)  determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Heiser Judgment Creditors or the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)  determining whether and to what extent each of the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets is subject to execution to satisfy the Heiser Judgment Creditors' judgment;

(5)  discharging Citibank from any and all liability to the Heiser Judgment Creditors, and any other persons who may have claims to, or an interest in, any Phase Two Blocked Assets or Supplemental Phase Two Blocked Assets that are turned over to the Heiser Judgment Creditors or any other third-party defendant to satisfy the Heiser Judgment Creditors' judgment or any other

judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6) restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Phase Two Blocked Assets and the Supplemental Phase Two Blocked Assets;

(7) awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
August 31, 2012

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: *Sharon Schneier* (signature)
Sharon L. Schneier
Christopher Robinson

1633 Broadway – 27th floor
New York, New York 10019
(212) 489-8230

*Attorneys for Defendant/Third-Party Plaintiff/Counterclaim Defendant Citibank, N.A.*