UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | Case No. 09 Civ. 5900 (RPP) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, et al., | : | |
| Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE & CO., et al., | : | **RESPONSE OF DEFENDANTS JPMORGAN CHASE &** |
| Third-Party Plaintiffs, | : | **CO. AND JPMORGAN CHASE BANK, N.A. TO THE** |
| -against- | : | **LEVINS' AND THE GREENBAUM, ACOSTA** |
| STEVEN M. GREENBAUM, et al., | : | **AND HEISER THIRD-PARTY DEFENDANTS'** |
| Third-Party Defendants. | : | **RULE 56.1 STATEMENT** |

------------------------------------------------------------x

Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, as their response to the Local Rule 56.1 Separate Statement of Undisputed Facts of Plaintiffs Jeremy and Lucille Levin (the "Levins") and Third-Party Defendants Steven M. Greenbaum, et al. (the "Greenbaum Parties"), Carlos Acosta, et al. (the "Acosta Parties") and Estate of Michael Heiser, et al. (the "Heiser Parties") (all such Plaintiffs and Third-Party Defendants collectively, the "Moving Parties") dated August 29, 2012 (the "Rule 56.1 Statement"), states as follows:

    1.    JPMorgan admit the truth of the allegations set forth in paragraph 1 of the Rule 56.1 Statement.

2. JPMorgan lack sufficient information to admit or deny the truth of the allegations of paragraph 2 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations (see Rule 56(c) of the Federal Rules of Civil Procedure), except that they admit that as of June 26, 2009, and as of today, JPMorgan was and is holding blocked assets in interest-bearing accounts, as required by blocking regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury, including but not limited to 31 C.F.R. Part 595.

3. JPMorgan admit the truth of the allegations set forth in paragraph 3 of the Rule 56.1 Statement.

4. JPMorgan admit the truth of the allegations set forth in paragraph 4 of the Rule 56.1 Statement.

5. JPMorgan admit the truth of the allegations set forth in paragraph 5 of the Rule 56.1 Statement.

6. JPMorgan lack sufficient information to admit or deny the truth of the allegations of paragraph 6 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that on or about July 12, 2011, in compliance with the Court's Order Governing Production of Supplemental Account Information in Connection with Turnover of Additional Assets entered on June 29, 2011 (the "Supplemental Discovery Order"), JPMorgan produced to the Moving Parties certain schedules and information, and refer to the schedules and documents produced for the Moving Parties at that time for their contents.

7. JPMorgan deny the allegations of paragraph 7 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that on or about September 16, 2011, the Court entered its Amended Scheduling Order (I) Authorizing Additional Pleadings and (II) Governing and Scheduling Further Proceedings in Connection with Phase Two (the "Phase 2 Scheduling Order"), and refer to that order for its terms and provisions.

8. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 8 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that on September 16, 2011, the Court so ordered the Phase 2 Scheduling Order, that on or about October 5, 2011, the Court entered its Supplemental Phase 2 Scheduling Order, that these orders require the Moving Parties to perform certain acts and bear certain costs in connection with the translation and service of the third-party complaints filed by JPMorgan (all of which costs JPMorgan could otherwise have recovered from the Moving Parties as costs and attorneys' fees in connection with their interpleader claims) and that, except with respect to certain provisions, the Moving Parties agreed to the entry of these orders.

9. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 9 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that on September 21, 2011 and October 6, 2011,

JPMorgan filed third-party complaints in this proceeding and refer to those third-party complaints for their contents.

   10. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 10 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

   11. JPMorgan admit the truth of the allegations of paragraph 11 of the Rule 56.1 Statement.

   12. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 12 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that the Greenbaum Parties, the Acosta Parties, and the Heiser Parties have each filed separate answers to the Amended and Supplemental Third-Party Complaint filed by JPMorgan under seal in this proceeding on September 21, 2011, that their answers contain counterclaims against JPMorgan and that the Heiser Parties have filed an amended answer to that third-party complaint with an amended counterclaim, and refer to those pleadings for their contents.

   13. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 13 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that counsel for the Moving Parties have served JPMorgan's Additional Amended and Supplemental Third-Party Complaint dated October 6, 2011, on numerous parties named as Third-Party Defendants in that pleading

and have prepared proofs of service reflecting the service made on those Third-Party Defendants, and refer to those proofs of service for their contents.

    14. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 14 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations. The allegations of paragraph 14 are directed, not at JPMorgan, but at other third-party defendants to this proceeding who are judgment creditors of the Islamic Republic of Iran or are have filed suit to recover judgment against it, and so it is immaterial what position JPMorgan takes with respect to these allegations.

    15. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 15 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

    16. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 16 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

    17. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 17 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

    18. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 18 of the Rule 56.1 Statement, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

19. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 19 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

20. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 20 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

21. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 21 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that in or about September 2011 a document purporting to be a writ of execution on behalf of the Levins was delivered to JPMorgan.

22. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 22 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they deny that the alleged judgment referred to in paragraph 22 is entirely unsatisfied, inasmuch as it was satisfied in part, upon information and belief, in Phase 1 of this proceeding.

23. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 23 of the Rule 56.1 Statement, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

24. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 24 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that on or about February 17, 2011 a document purporting to be a writ of execution on behalf of the Greenbaum Parties was delivered to JPMorgan.

25. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 25 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that in or about April 2010 a document purporting to be a writ of execution on behalf of the Acosta Parties was delivered to JPMorgan.

26. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 26 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

27. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 27 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

28. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 28 of the Rule 56.1 Statement, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

29. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 29 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

30. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 30 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

31. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 31 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that in or about January 2011 a document purporting to be a writ of execution on behalf of the Heiser Parties was delivered to JPMorgan.

32. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 32 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that on or about June 4, 2012 a document dated May 29, 2012, purporting to be a writ of execution on behalf of the Heiser Parties, was delivered to JPMorgan.

33. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 33 of the Rule 56.1 Statement – in part because the term "Phase

2 Blocked Assets" is not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that they are holding the blocked funds and assets that they have disclosed to the Moving Parties in response to the Supplemental Discovery Order or in response to other discovery requests, except to the extent that those funds and assets have been released in accordance with licenses issued by OFAC.

34. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 34 of the Rule 56.1 Statement – in part because the term "Phase 2 Blocked Assets" is not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

35. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 35 of the Rule 56.1 Statement – in part because the term "Phase 2 Blocked Assets" is not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except as noted herein. In response to the first sentence of paragraph 35, JPMorgan admit that they have filed third-party complaints in this proceeding against a number of individuals and entities, and so are third-party plaintiffs in this proceeding. In response to the second sentence of paragraph 35, JPMorgan admit that they have blocked various wire transfers, deposit accounts and other funds, assets and property, including the funds, assets and property identified in Exhibit 26 to the moving declaration of Curtis C. Mechling executed on August 29, 2012 (Exhibit 26"), they admit that they are holding such funds, assets and property in blocked accounts, except to the extent that

those funds, assets and property have been released in accordance with licenses issued by OFAC, and they admit that interest has at all times been accrued in all of those blocked accounts at interest rates that are "commercially reasonable," as that term is used in applicable OFAC regulations, including but not limited to 31 C.F.R. § 595.203.

36. In response to paragraph 36 of the Rule 56.1 Statement, JPMorgan consider it more accurate to state that the Phase 2 Scheduling Order gave JPMorgan and the other defendants the right to file third-party complaints against certain persons and entities specified therein and to refer to that order for its terms and provisions.

37. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 37 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

38. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 38 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that they have filed various third-party complaints in this proceeding, including an Amended and Supplemental Third-Party Complaint dated September 21, 2011 and an Amended and Supplemental Third-Party Complaint dated June 15, 2012, and refer to those pleadings for their contents and for the names of the third-party defendants sued in those pleadings.

39. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 39 of the Rule 56.1 Statement – in part because the terms used in this paragraph are not defined in the Rule 56.1 Statement – and so the Court must

determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that they have properly served their Amended and Supplemental Third-Party Complaint dated September 21, 2011 and their Amended and Supplemental Third-Party Complaint dated June 15, 2012 on all of the persons named as third-party defendants in those third-party complaints who are judgment creditors of the Islamic Republic of Iran or have filed suit to recover judgment against it, including the third-party defendants referred to in their Amended and Supplemental Third-Party Complaint dated September 21, 2011 as the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Weinstein Judgment Creditors, the Owens Plaintiffs, the Valore Judgment Creditors, the Brown Plaintiffs and the Bland Plaintiffs and the persons referred to in their Amended and Supplemental Third-Party Complaint dated June 15, 2012 as the Murphy Judgment Creditors and the Bennett Judgment Creditors.

40. JPMorgan deny the allegations of paragraph 40 of the Rule 56.1 Statement, in part because the term "Peterson Judgment Creditors" is not defined in the Rule 56.1 Statement, in part because December 12, 2012, is a date in the future, but JPMorgan admit that on December 12, 2011, this Court entered a Stipulation, Order and Judgment (the "Peterson Phase 2 Judgment") (Docket No. 561 in this proceeding) dismissing with prejudice the claims of the Peterson Judgment Creditors, as that term is defined in the Peterson Phase 2 Judgment, to the JPMorgan Phase 2 Assets, as that term is defined in the Peterson Phase 2 Judgment.

41. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 41 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these

allegations, but they admit that counsel for JPMorgan has never received an answer to their Amended and Supplemental Third-Party Complaint dated September 21, 2011 from the Rubin Judgment Creditors or the Weinstein Judgment Creditors (using those terms throughout this paragraph as they are defined in that pleading), and it appears that neither the Rubin Judgment Creditors nor the Weinstein Judgment Creditors has filed an answer to that pleading.

42. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 42 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that the answers filed to JPMorgan's Amended and Supplemental Third-Party Complaint dated September 21, 2011 by the Brown Plaintiffs, the Bland Plaintiffs and the Owens Plaintiffs (using those terms throughout this paragraph as they are defined in that pleading) and the answer filed to JPMorgan's Amended and Supplemental Third-Party Complaint dated June 15, 2012 by the Murphy Judgment Creditors (using that term as it is defined in that pleading) did not allege counterclaims against JPMorgan.

43. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 43 of the Rule 56.1 Statement – in part because the Rule 56.1 Statement does not define the term "Phase Two Blocked Assets"– and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that the Bennett Judgment Creditors (using that term as it is defined in the third-party complaint referred to later in this paragraph) filed an answer to JPMorgan's Amended and Supplemental Third-Party Complaint dated June

15, 2012 and that their answer contained counterclaims against JPMorgan and refer to those counterclaims for their contents.

44.  JPMorgan lack sufficient information to admit or deny the allegations of paragraph 44 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that the Valore Judgment Creditors (using that term as it is defined in the third-party complaint referred to later in this paragraph) filed an answer to JPMorgan's Amended and Supplemental Third-Party Complaint dated September 21, 2011 and that their answer contained counterclaims against JPMorgan that were based, inter alia, on a writ of execution allegedly delivered to the United States Marshal for the Southern District of New York on October 5, 2011.

45.  JPMorgan lack sufficient information to admit or deny the allegations of paragraph 45 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

46.  JPMorgan lack sufficient information to admit or deny the allegations of paragraph 46 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

47.  JPMorgan lack sufficient information to admit or deny the allegations of paragraph 47 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

48. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 48 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

49. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 49 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

50. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 50 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

51. JPMorgan admit the truth of the allegations in paragraph 51 of the Rule 56.1 Statement.

52. JPMorgan admit the truth of the allegations in paragraph 52 of the Rule 56.1 Statement.

53. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 53 of the Rule 56.1 Statement, in part because key language has

been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

54. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 54 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit the truth of the allegations as to the parties identified in sub-paragraphs (c) through (*l*).

55. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 55 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

56. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 56 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

57. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 57 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

58. In response to paragraph 58 of the Rule 56.1 Statement, JPMorgan admit that the Third-Party Defendant referred to in this paragraph filed an answer to JPMorgan's Additional Amended and Supplemental Third-Party Complaint dated October 6, 2011 and refer to that answer for its contents.

59. JPMorgan admit the truth of the allegations of paragraph 59 of the Rule 56.1 Statement.

60. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 60 of the Rule 56.1 Statement, in part because they do not have access to pleadings filed under seal and do not know what pleadings may have been served on the Court or other parties but not on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

61. JPMorgan make no response to the allegations of paragraph 61 of the Rule 56.1 Statement.

62. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 62 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that the Islamic Republic of Iran was designated as a state sponsor of terrorism by the Secretary of the Treasury of the United States in 1984 and is still so designated today.

63. JPMorgan deny the allegations of paragraph 63 of the Rule 56.1 Statement except admit that this Court previously determined, in its opinion in *Levin v. Bank of New York*, 09 Civ. 5900 (RPP) (MHD), 2011 WL 812032, at *16 (S.D.N.Y.),

that the Islamic Republic of Iran has been designated as a state sponsor of terrorism and is therefore a "terrorist party" within the meaning of section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (reprinted following 28 U.S.C. § 1610) ("TRIA").

64. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 64 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that all of the blocked assets, funds and property referred to in Exhibit 26 were blocked by JPMorgan pursuant to OFAC Regulations set forth in 31 C.F.R. Parts 544, 594 or 595.

65. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 65 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

66. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 66 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on JPMorgan, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

67. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 67 of the Rule 56.1 Statement, in part because key language has been blocked out of paragraph 66 in the copy served on JPMorgan, and so the Court must

determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

68. In response to paragraph 68 of the Rule 56.1 Statement, JPMorgan admit that this Court determined in a decision issued in January 2011 that the proceeds of wire transfers held by an intermediary bank are subject to execution under TRIA § 201, but note that the Court's ruling was entered before the United States Supreme Court handed down its decision in *Board of Trustees of the Leland Stanford Junior University v. Roche Molecular Systems, Inc.*, 131 S. Ct. 2188, 2196 (2011), and that two of the three courts to rule on this issue since the date of that decision have concluded that wire transfer proceeds held by an intermediary bank are not subject to execution under TRIA § 201 or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g). *See Estate of Heiser v. Islamic Republic of Iran*, 00 CV 2329 (RCL), 2012 WL 3776705 (D.D.C. Aug. 31, 2012); *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 11 Civ. 3283, 2011 WL 6155987 (S.D.N.Y. Dec. 7, 2011). *But see Hausler v. JPMorgan Chase Bank, N.A.*, 845 F. Supp. 2d 553 (S.D.N.Y. 2012).

69. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 69 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that they admit that an order was entered in this case, at the request of the United States of America, dismissing it as a third-party defendant in this proceeding, and that the United States of America has not filed a pleading in this proceeding that asserts a claim to the blocked funds, assets and property referred to in Exhibit 26.

70. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 70 of the Rule 56.1 Statement, because the Moving Parties have refused to show their alleged settlement agreement to anyone, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

71. JPMorgan deny the allegations of paragraph 71 of the Rule 56.1 Statement.

72. JPMorgan lack sufficient information to admit or deny the allegations of paragraph 72 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

Dated: New York, New York
       October 15, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
    Howard B. Levi, Esq.
    J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail Address: knevling@llf-law.con

*Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*