UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :   Case No. 09 Civ. 5900 (RPP)

               Plaintiffs,  :

    -against-  :

BANK OF NEW YORK, et al.,  :

               Defendants.  :
-----------------------------------------------------------x

THE BANK OF NEW YORK MELLON,  :   **RESPONSE OF DEFENDANT THE BANK OF NEW YORK MELLON TO THE LEVINS' AND THE GREENBAUM, ACOSTA AND HEISER THIRD-PARTY DEFENDANTS' RULE 56.1 STATEMENT**

        Third-Party Plaintiff,  :

    -against-  :

STEVEN M. GREENBAUM, et al.,  :

        Third-Party Defendants.  :
-----------------------------------------------------------x

       Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon ("BNY Mellon"), by its attorneys, Levi Lubarsky & Feigenbaum LLP, as its response to the Local Rule 56.1 Separate Statement of Undisputed Facts of Plaintiffs Jeremy and Lucille Levin (the "Levins") and Third-Party Defendants Steven M. Greenbaum, et al. (the "Greenbaum Parties"), Carlos Acosta, et al. (the "Acosta Parties") and Estate of Michael Heiser, et al. (the "Heiser Parties") (all such Plaintiffs and Third-Party Defendants collectively, the "Moving Parties") dated August 29, 2012 (the "Rule 56.1 Statement"), states as follows:

       1.    BNY Mellon admits the truth of the allegations set forth in paragraph 1 of the Rule 56.1 Statement.

2.  BNY Mellon lacks sufficient information to admit or deny the truth of the allegations of paragraph 2 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations (see Rule 56(c) of the Federal Rules of Civil Procedure), except that it admits that as of June 26, 2009, and as of today, BNY Mellon was and is holding blocked assets in an interest-bearing account, as required by blocking regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury, including but not limited to 31 C.F.R. Part 595.

3.  BNY Mellon admits the truth of the allegations set forth in paragraph 3 of the Rule 56.1 Statement.

4.  BNY Mellon admits the truth of the allegations set forth in paragraph 4 of the Rule 56.1 Statement.

5.  BNY Mellon admits the truth of the allegations set forth in paragraph 5 of the Rule 56.1 Statement.

6.  BNY Mellon lacks sufficient information to admit or deny the truth of the allegations of paragraph 6 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on or about July 12, 2012, in compliance with the Court's Order Governing Production of Supplemental Account Information in Connection with Turnover of Additional Assets entered on June 29, 2012 (the "Supplemental Discovery Order"), BNY Mellon produced to the Moving Parties certain schedules and information, and refers to the schedules and documents produced for the Moving Parties at that time for their contents.

7.     BNY Mellon denies the allegations of paragraph 7 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on or about September 16, 2011, the Court entered its Amended Scheduling Order (I) Authorizing Additional Pleadings and (II) Governing and Scheduling Further Proceedings in Connection with Phase Two (the "Phase 2 Scheduling Order"), and refers to that order for its terms and provisions.

8.     BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 8 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on September 16, 2011, the Court so ordered the Phase 2 Scheduling Order, that on or about October 5, 2011, the Court entered its Supplemental Phase 2 Scheduling Order, that these orders require the Moving Parties to perform certain acts and bear certain costs in connection with the translation and service of the third-party complaints filed by BNY Mellon (all of which costs BNY Mellon could otherwise have recovered from the Moving Parties as costs and attorneys' fees in connection with their interpleader claims) and that the Moving Parties agreed, except with respect to certain provisions, to the entry of these orders.

9.     BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 9 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on September 21, 2011 and October 6, 2011, BNY

Mellon filed third-party complaints in this proceeding and refers to those third-party complaints for their contents.

10. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 10 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

11. BNY Mellon admits the truth of the allegations of paragraph 11 of the Rule 56.1 Statement.

12. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 12 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that the Greenbaum Parties, the Acosta Parties and the Heiser Parties have each filed separate answers to the Amended and Supplemental Third-Party Complaint filed by BNY Mellon under seal in this proceeding on September 21, 2011 and that their answers contain counterclaims against BNY Mellon, and refers to those pleadings for their contents.

13. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 13 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that counsel for the Moving Parties have served BNY Mellon's Additional Amended and Supplemental Third-Party Complaint dated October 6, 2011 on numerous parties named as Third-Party Defendants in that pleading and have

prepared proofs of service reflecting the service made on those Third-Party Defendants, and refers to those proofs of service for their contents.

14. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 14 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations. The allegations of paragraph 14 are directed, not at BNY Mellon, but at other third-party defendants to this proceeding who are judgment creditors of the Islamic Republic of Iran or are have filed suit to recover judgment against it, and so it is immaterial what position BNY Mellon takes with respect to these allegations.

15. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 15 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

16. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 16 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

17. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 17 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

18. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 18 of the Rule 56.1 Statement, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

19. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 19 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

20. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 20 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

21. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 21 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on September 2, 2011, a document purporting to be a writ of execution on behalf of the Levins was delivered to BNY Mellon.

22. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 22 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it denies that the alleged judgment referred to in paragraph 22 is entirely unsatisfied, inasmuch as it was satisfied in part, upon information and belief, in Phase 1 of this proceeding.

23. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 23 of the Rule 56.1 Statement, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

24. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 24 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on or about February 17, 2011, a document purporting to be a writ of execution on behalf of the Greenbaum Parties was delivered to BNY Mellon.

25. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 25 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

26. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 26 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

27. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 27 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that on or about January 21, 2011, a document purporting to be a writ of execution on behalf of the Acosta Parties was delivered to BNY Mellon.

28. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 28 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

29. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 29 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

30. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 30 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

31. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 31 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it denies that any such writ of execution was served on it on January 3, 2011, but admits that in or about the latter part of January 2011, a document purporting to be a writ of execution on behalf of the Heiser Parties was delivered to BNY Mellon.

32. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 32 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

33. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 33 of the Rule 56.1 Statement – in part because the term "Phase 2 Blocked Assets" is not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that it is holding the funds and assets that it has disclosed to the Moving Parties in response to the order of this Court entered on or about June 29, 2011 and various discovery requests, except to the extent that those funds and assets have been released in accordance with licenses issued by OFAC.

34. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 34 of the Rule 56.1 Statement – in part because the term "Phase 2 Blocked Assets" is not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

35. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 35 of the Rule 56.1 Statement – in part because the term "Phase 2 Blocked Assets" is not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except as noted herein. In response to the first sentence of paragraph 35, BNY Mellon admits that it has filed third-party complaints in this proceeding against a number of individuals and entities, and so is a third-party plaintiff in this proceeding. In response to the second sentence of paragraph 35, BNY Mellon admits that it has blocked various wire transfers, deposit accounts and other funds, assets and property, including the funds, assets and property identified in Exhibit 25 to the moving declaration

of Curtis C. Mechling executed on August 29, 2012 ("Exhibit 25"), it admits that it is holding such funds, assets and property in blocked accounts, except to the extent that those funds, assets and property have been released in accordance with licenses issued by OFAC, and it admits that interest has at all times been accrued in all of those blocked accounts at interest rates that are "commercially reasonable," as that term is used in applicable OFAC regulations, including but not limited to 31 C.F.R. § 595.203.

36. In response to paragraph 36 of the Rule 56.1 Statement, BNY Mellon considers it more accurate to state that the Phase 2 Scheduling Order gave BNY Mellon and the other defendants the right to file third-party complaints against certain persons and entities specified therein and to refer to that order for its terms and provisions.

37. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 37 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

38. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 38 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that it has filed various third-party complaints in this proceeding, including its Amended and Supplemental Third-Party Complaint dated September 21, 2011 and its Amended and Supplemental Third-Party Complaint dated June 15, 2012, and refers to those pleadings for their contents and for the names of the third-party defendants sued in those pleadings.

39.     BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 39 of the Rule 56.1 Statement – in part because the terms used in this paragraph are not defined in the Rule 56.1 Statement – and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that it has properly served its Amended and Supplemental Third-Party Complaint dated September 21, 2011 on all of the persons named as third-party defendants in those third-party complaints who are judgment creditors of the Islamic Republic of Iran or have filed suit to recover judgment against it, including the third-party defendants referred to in its Amended and Supplemental Third-Party Complaint dated September 21, 2011 as the Peterson Judgment Creditors, the Rubin Judgment Creditors, the Weinstein Judgment Creditors, the Owens Plaintiffs, the Valore Judgment Creditors, the Brown Plaintiffs and the Bland Plaintiffs and the persons referred to in its Amended and Supplemental Third-Party Complaint dated June 15, 2012 as the Murphy Judgment Creditors and the Bennett Judgment Creditors.

40.     BNY Mellon denies the allegations of paragraph 40 of the Rule 56.1 Statement, in part because the term "Peterson Judgment Creditors" is not defined in the Rule 56.1 Statement, in part because December 12, 2012, is a date in the future, but BNY Mellon admits that on December 12, 2011, this Court entered a Stipulation, Order and Judgment (the "Peterson Phase 2 Judgment") (Docket No. 562 in this proceeding) dismissing with prejudice the claims of the Peterson Judgment Creditors, as that term is defined in the Peterson Phase 2 Judgment, to the BNY Mellon Phase 2 Assets, as that term is defined in the Peterson Phase 2 Judgment.

41. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 41 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, but it admits that counsel for BNY Mellon has never received an answer to their Amended and Supplemental Third-Party Complaint dated September 21, 2011 from the Rubin Judgment Creditors or the Weinstein Judgment Creditors (using those terms throughout this paragraph as they are defined in that pleading), and it appears that neither the Rubin Judgment Creditors nor the Weinstein Judgment Creditors has filed an answer to that pleading.

42. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 42 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that the answers filed to BNY Mellon's Amended and Supplemental Third-Party Complaint dated September 21, 2011 by the Brown Plaintiffs, the Bland Plaintiffs and the Owens Plaintiffs (using those terms throughout this paragraph as they are defined in that pleading) and the answer filed to BNY Mellon's Amended and Supplemental Third-Party Complaint dated June 15, 2012 by the Murphy Judgment Creditors (using that term as it is defined in that pleading) did not allege counterclaims against BNY Mellon.

43. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 43 of the Rule 56.1 Statement – in part because the Rule 56.1 Statement does not define the term "Phase Two Blocked Assets"– and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to

these allegations, except that it admits that the Bennett Judgment Creditors (using that term as it is defined in the third-party complaint referred to later in this paragraph) filed an answer to BNY Mellon's Amended and Supplemental Third-Party Complaint dated June 15, 2012 and that their answer contained counterclaims against BNY Mellon and refers to those counterclaims for their contents.

44.    BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 44 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that the Valore Judgment Creditors (using that term as it is defined in the third-party complaint referred to later in this paragraph) filed an answer to BNY Mellon's Amended and Supplemental Third-Party Complaint dated September 21, 2011 and that their answer contained counterclaims against BNY Mellon that were based, inter alia, on a writ of execution allegedly delivered to the United States Marshal for the Southern District of New York on October 5, 2011.

45.    BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 45 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

46.    BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 46 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

47. BNY Mellon admits the allegations of paragraph 47 of the Rule 56.1 Statement.

48. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 48 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

49. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 49 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

50. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 50 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

51. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 51 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

52. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 52 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

53. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 53 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that the parties identified in sub-paragraphs (b), (c) and (d) of this paragraph have filed answers to BNY Mellon's Additional Amended and Supplemental Third-Party Complaint dated October 6, 2011 or submitted written responses to that pleading which state that they make no claim to the blocked assets held by BNY Mellon that were disclosed to them in Exhibit G to that pleading.

54. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 54 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

55. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 55 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

56. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 56 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

57. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 57 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that Citibank was named as a third-party defendant in BNY Mellon's Amended and Supplemental Third-Party Complaint dated September 21, 2011 and that it filed an answer to that pleading and refers to that answer for its contents.

58. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 58 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

59. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 59 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

60. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 60 of the Rule 56.1 Statement, in part because they do not have access to pleadings filed under seal and do not know what pleadings may have been served on the Court or other parties but not on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

61. BNY Mellon makes no response to the allegations of paragraph 61 of the Rule 56.1 Statement.

62. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 62 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that the Islamic Republic of Iran was designated as a state sponsor of terrorism by the Secretary of the Treasury of the United States in 1984 and is still so designated today.

63. BNY Mellon denies the allegations of paragraph 63 of the Rule 56.1 Statement except that admits that this Court previously determined, in its opinion in *Levin v. Bank of New York*, 09 Civ. 5900 (RPP) (MHD), 2011 WL 812032, at *16 (S.D.N.Y.), that the Islamic Republic of Iran has been designated as a state sponsor of terrorism and is therefore a "terrorist party" within the meaning of section 201 of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (reprinted following 28 U.S.C. § 1610) ("TRIA").

64. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 64 of the Rule 56.1 Statement, and so the Court must determine

whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that all of the blocked assets, funds and property referred to in Exhibit 25 were blocked by BNY Mellon pursuant to OFAC Regulations set forth in 31 C.F.R. Parts 544, 594 or 595.

65. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 65 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

66. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 66 of the Rule 56.1 Statement, in part because key language has been blocked out on the copy served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

67. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 67 of the Rule 56.1 Statement, in part because key language has been blocked out in the copy of paragraph 66 of the Rule 56.1 Statement that was served on BNY Mellon, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

68. In response to paragraph 68 of the Rule 56.1 Statement, BNY Mellon admits that this Court determined in a decision issued in January 2011 that the proceeds of wire transfers held by an intermediary bank are subject to execution under TRIA § 201, but it notes that the Court's ruling was entered before the United States Supreme Court handed down its decision in *Board of Trustees of the Leland Stanford*

18

*Junior University v. Roche Molecular Systems, Inc.*, 131 S. Ct. 2188, 2196 (2011), and that two of the three courts to rule on this issue after the date of that decision have concluded that wire transfer proceeds held by an intermediary bank are not subject to execution under TRIA § 201 or section 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1610(g). *See Estate of Heiser v. Islamic Republic of Iran*, 00 CV 2329 (RCL), 2012 WL 3776705 (D.D.C. Aug. 31, 2012); *Calderon-Cardona v. BNY Mellon Chase Bank, N.A.*, 11 Civ. 3283, 2011 WL 6155987 (S.D.N.Y. Dec. 7, 2011). *But see Hausler v. BNY Mellon Chase Bank, N.A.*, 845 F. Supp. 2d 553 (S.D.N.Y. 2012).

69. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 69 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations, except that it admits that an order was entered in this case, at the request of the United States of America, dismissing it as a third-party defendant in this proceeding, and that the United States of America has not filed a pleading in this proceeding that asserts a claim to the blocked funds, assets and property referred to in Exhibit 25.

70. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 70 of the Rule 56.1 Statement, because the Moving Parties have refused to show their alleged settlement agreement to anyone, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

71. BNY Mellon denies the allegations of paragraph 71 of the Rule 56.1 Statement.

72. BNY Mellon lacks sufficient information to admit or deny the allegations of paragraph 72 of the Rule 56.1 Statement, and so the Court must determine whether the Moving Parties have satisfied their burden of proof with respect to these allegations.

Dated: New York, New York
October 15, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By: _____
Howard B. Levi, Esq.
J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Tel. No. (212) 308-6100
E-mail Address: knevling@llf-law.con

*Attorneys for Defendant, Third-Party Plaintiff and Counterclaim Defendant The Bank of New York Mellon*