

# KOBRE & KIM LLP

1919 M STREET, NW
WASHINGTON, DC 20036
WWW.KOBREKIM.COM

TEL +1 202 664 1900
FAX +1 202 664 1920

NEW YORK
LONDON
HONG KONG
WASHINGTON DC
MIAMI
CAYMAN ISLANDS
BVI

October 19, 2012

**BY FACSIMILE**

The Honorable Robert P. Patterson
United States District Judge
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2550
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/12

Re: **Levin v. Bank of New York, et al.**
Case No. 09 Civ. 5900

Dear Judge Patterson:

We represent third-party defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in the above-referenced action. On October 11, 2012, we requested by letter a brief extension of ▓▓▓▓▓ partial summary judgment opposition deadline in order to confer adequately with our overseas client. The Court granted ▓▓▓▓▓ application that same day, and extended ▓▓▓▓▓ deadline to October 19, 2012.

Since October 11, in addition to conferring with our client, we have called the Office of Foreign Assets Control of the U.S. Department of Treasury (OFAC) on several occasions to discuss ▓▓▓▓▓ pending application. For a number of reasons ▓▓▓▓▓ is not in a position to file papers in opposition to partial summary judgment at this time. We note, though, that the key legal points compelling denial of summary judgment are already before the Court, via the memoranda of law filed by a name-redacted third-party defendant, docket no. 798, and by JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. and The Bank of New York Mellon (together the "Banks"), docket no. 804:

- Intervening decisions handed down since the *Levin I* unopposed summary judgment order, 09 CV 5900 (RPP), 2011 WL 812032 (S.D.N.Y. Mar. 4, 2011) ("*Levin I*"), make clear that only property belonging to a terrorist party may be turned over to judgment creditors under the TRIA or FSIA. *See Bd. of Trustees of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 131 S. Ct. 2188 (2011); *Ruth Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 11 CIV. 3283

The Honorable Robert P. Patterson
October 19, 2012
Page 2

        (DLC), 2011 WL 6155987 (S.D.N.Y. Dec. 7, 2011); *Estate of Heiser v. Islamic Republic of Iran*, 00-CV-2329 (RCL), 2012 WL 3776705 (D.D.C. Aug. 31, 2012).

- Intervening decisions have also demonstated that neither the TRIA nor FSIA preempt state law regarding any mid-stream EFT intended beneficiary's lack of ownership interest in the funds. As pointed out by the Banks, analyzing New York law and controlling Second Circuit precedent, the same logic underlying an EFT intended beneficiary's lack of ownership of mid-stream EFT funds, also forecloses any ownership interest in the EFT by the intended beneficiary's bank.

- The Government—through papers signed by the U.S. Department of Justice, U.S. Department of State, and OFAC, and referenced in this action by the Banks—asserts that only property owned by a terrorist party may be turned over to judgment creditors. *See* docket no. 804, citing *Hausler v. JPMorgan Chase Bank, N.A.*, No. 12-1264, Dkt. No. 133 (2d Cir. July 9, 2012). While it has taken no position on the TRIA's potential preemption of state property law, the Government also has disclaimed the reasoning in *Hausler v. JPMorgan Chase Bank, N.A.*, 845 F. Supp. 2d 553 (S.D.N.Y. 2012) asserting federal preemption, and urged that federal common law address any concern that the application of state law could create confusion in the enforcement of the TRIA.

- The Banks, which take no position on the instant summary judgment motion, have also noted that the very issues on which this motion turns will soon be decided by the Court of Appeals.

███████ joins in the applicable portions of docket nos. 798 and 804, and urges the Court to adopt the reasoning of the *Calderon-Cardona* and *Heiser* courts' opinions cited therein.

      We are hopeful that OFAC will rule on our pending application in the near term, and we will promptly notify the Court of OFAC's decision once available. But, if summary judgment were to be granted against ███████, we may at a future date timely move for a stay of any turnover order or the execution thereof, to prevent funds released by or set to be released by OFAC from being erroneously turned over to the plaintiff judgment creditors, which would necessitate time-consuming litigation to restore the funds to ███████.

The Honorable Robert P. Patterson
October 19, 2012
Page 3

      Please find enclosed a redacted copy of this letter, which will be served on all counsel of record consist with the Court's rules of practice, and which, if the Court so orders, may be entered on the case docket.

      Respectfully submitted,

Eric J. Snyder
+1 202 664 1904

Scott McCulloch
+1 202 664 1943

Encl.

cc:     Counsel to Citibank N.A. (by electronic mail)
        Counsel to the Greenbaum and Acosta judgment creditors (by electronic mail)
        Counsel to the Levin judgment creditors (by electronic mail)
        Counsel to the Heiser judgment creditors (by electronic mail)
        All Counsel of Record (redacted version by electronic mail)