```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/24/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,   :   09 Civ. 5900 (RPP) (MHD)

                Plaintiffs,   :

      -against-   :

BANK OF NEW YORK, JP MORGAN   :
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK,   :

                Defendants.   :
------------------------------------------------------------x

CITIBANK, N.A.,

            Third-Party Plaintiffs,   :

      -against-   :   REDACTED

      **REDACTED**, et   :   **STIPULATION, ORDER AND JUDGMENT OF DISMISSAL**
al.,

           Third-Party Defendants.   :
------------------------------------------------------------x

        WHEREAS this turnover proceeding was commenced by plaintiffs Jeremy and Lucille Levin (the "Levins") on June 26, 2009, by filing their complaint with this Court, in order to enforce a judgment entered in the Levins' favor against the Islamic Republic of Iran and certain related parties (collectively, "Iran"); and

        WHEREAS pursuant to orders entered in this proceeding on September 16, defendant Citibank, N.A. were given leave to serve and file a third-party complaint in this proceeding against various parties that were involved in or may have an interest in or a claim to the proceeds of certain blocked wire transfers and blocked deposit accounts that were blocked and are being held by Citibank pursuant to Executive Orders issued by

the President of the United States and regulations promulgated by the Office of Foreign Assets Control of the United States Treasury Department and that have been designated for inclusion in Phase 2 of this proceeding (the "Citibank Phase 2 Assets"); and

WHEREAS Citibank thereafter filed a third-party complaint in this proceeding dated September 21, 2011 (the "September 21, 2011 Citibank Third-Party Complaint") that named REDACTED (hereinafter referred to as "Company"), as a third-party defendant; and

WHEREAS the Citibank Phase 2 Blocked Assets include the funds involved in one blocked wire transfer, which is accurately described on Schedule A to the Citibank Third-Party Complaint and in Schedule A to this Stipulation, Order and Judgment (hereinafter sometimes referred to as "this Judgment"), in which Company was designated to be the beneficiary (the "Relevant Blocked Asset"); and

WHEREAS Company acknowledges that it has been duly served with the September 21, 2011 Citibank Third-Party Complaint and hereby submits to the jurisdiction of the Court to the extent necessary for the entry of this Judgment; and

WHEREAS Company states that it is not an agency or instrumentality of the Islamic Republic of Iran and is not owned or controlled or majority owned, either directly or indirectly, by the Islamic Republic of Iran; and

WHEREAS Company now wishes to relinquish and surrender any claims or interest it may have in or to the Relevant Blocked Asset and to be dismissed as a party to this proceeding in order to avoid the expense and inconvenience of continuing to participate in this proceeding; and

WHEREAS the undersigned Kamran Parandian, Esq. of the Law Offices of Kamran Parandian hereby represents and warrants that he is acting as counsel for Company in connection with this proceeding and that he is authorized to agree to the terms of this Stipulation, Order and Judgment on Company's behalf and to relinquish and surrender Company's claims and rights to the Relevant Blocked Asset as provided herein;

IT IS HEREBY STIPULATED AND AGREED, ORDERED AND ADJUDGED as follows:

1. Any and all claims, rights and/or interests that Company ever had, now has or may hereafter have in, to or with respect to the Relevant Blocked Asset are hereby relinquished, surrendered, terminated and extinguished with prejudice, Company covenants and agrees not to assert a claim against Citibank with respect to the Relevant Blocked Asset in any court or tribunal anywhere in the world, and Citibank is hereby discharged and released from any liability or obligation of any kind whatsoever to Company with respect to the Relevant Blocked Asset.

2. Company has no objection to the entry of an order by the Court awarding some or all of the Citibank Phase 2 Assets to another party or parties and discharging Citibank from liability with respect to the Citibank Phase 2 Assets and agrees not to contest the validity of any such order in any future proceedings.

3. In light of the provisions of the first two paragraphs of this Judgment, Company is dismissed without prejudice as a party to this proceeding, provided however that nothing in this paragraph shall limit, restrict or affect in any way the validity and effectiveness of paragraphs 1, 2, 5, 6 and 7 of this Judgment or the relief granted to Citibank in paragraphs 1 and 2 of this Judgment. Such dismissal shall also not

release, discharge, terminate or limit Citibank rights, if any, against Company with respect to any money, property, funds or assets other than the Relevant Blocked Asset.

4.   This Judgment constitutes a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to Company's claims to and rights, if any, in the Relevant Blocked Asset, which are discrete and separate claims, and there is no just reason for delay in the entry of judgment with respect thereto.

5.   In the event that there are further proceedings in this proceeding with respect to funds or assets held by Citibank other than the Citibank Phase 2 Assets, Company agrees that it may be served with any further or additional third-party summons, third-party complaint or other pleading or process in this proceeding by delivery of such pleading by Federal Express or UPS to the Law Offices of Kamran Parandian, at the address for that office set forth below, Attention Kamran Parandian, Esq., with a copy sent by Federal Express, DHL or other courier service to   REDACTED
REDACTED
REDACTED   and that such service shall be good and sufficient service, and shall suffice to bring Company into this case as a third-party defendant, and Company hereby waives any and all defenses relating to the form, manner, adequacy or sufficiency of such service of process upon it.

6.   Nothing in this Judgment shall limit, restrict, alter or affect the right of Citibank to recover its attorneys' fees in Phase 2 or any other phase or part of this proceeding.

7.   As of the date when this Stipulation, Order and Judgment is so ordered, it shall become an enforceable and binding agreement, and its terms and

provisions, interpretation and validity shall be governed by the law of the State of New York applicable to contracts made and to be performed entirely within the State of New York, without regard to New York's choice of law rules.

Dated: New York, New York
October __15__, 2012

                        LAW OFFICE OF KAMRAN PARANDIAN

By: _____
       Kamran Parandian, Esq.
1 Barker Avenue, Suite 425
White Plains, NY 10601
Tel. No. (914) 793-2626
E-mail: kp@parandianlaw.com

*Attorney for Third-Party Defendant* REDACTED REDACTED

DAVIS WRIGHT TREMAINE LLP

By: _____
       Sharon L. Schneier, Esq.
       Christopher Robinson, Esq.
1633 Broadway
New York, NY 10019
Tel. No. (212) 489-8230
E-mail addresses: sharonschneier@dwt.com
or ChrisRobinson@dwt.com

*Attorneys for Defendant and Third-Party Plaintiff Citibank, N.A.*

A redacted copy of the stipulation and order should be filed ECF pg.

SO ORDERED ON OCTOBER __15__, 2012: *RPP*

_____
United States District Judge

5