UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,    :

        Plaintiffs,    :

       -against-    :

BANK OF NEW YORK, JPMORGAN    :
CHASE, SOCIETE GENERALE and
CITIBANK,    :

       Defendants.    :

----------------------------------------------------------------x

JPMORGAN CHASE BANK, N.A., et al.,    :

      Third-Party Plaintiffs,    :

       -against-    :

STEVEN M. GREENBAUM, et al.,    :

      Third-Party Defendants.    :

----------------------------------------------------------------x

Case No. 09 Civ. 5900 (RPP) (MHD)

**ANSWER OF THE ESTATE OF MICHAEL HEISER, ET AL. TO AMENDED ANSWER OF JPMORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED AND SUPPLEMENTAL THIRD-PARTY COMPLAINT AGAINST JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE TRANSFER PARTIES (PHASE 3)**

The Estate of Michael Heiser, *et al.* (the "Heisers")[1], by their undersigned counsel, for

their answer to the Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of

---

[1] The Heisers are (1) the Estate of Michael Heiser, deceased; (2) Gary Heiser; (3) Francis Heiser; (4) the Estate of Leland Timothy Haun, deceased; (5) Ibis S. Haun; (6) Milagritos Perez-Dalis; (7) Senator Haun; (8) the Estate of Justin R. Wood, deceased; (9) Richard W. Wood; (10) Kathleen M. Wood; (11) Shawn M. Wood; (12) the Estate of Earl F. Cartrette, Jr., deceased; (13) Denise M. Eichstaedt; (14) Anthony W. Cartrette; (15) Lewis W. Cartrette; (16) the Estate of Brian McVeigh, deceased; (17) Sandra M. Wetmore; (18) James V. Wetmore; (19) the Estate of Millard D. Campbell, deceased; (20) Marie R. Campbell; (21) Bessie A. Campbell; (22) the Estate of Kevin J. Johnson, deceased; (23) Shyrl L. Johnson; (24) Che G. Colson; (25) Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson; (26) Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson; (27) Laura E. Johnson; (28) Bruce Johnson; (29) the Estate of Joseph E. Rimkus, deceased; (30) Bridget Brooks; (31) James R. Rimkus; (32) Anne M. Rimkus; (33) the Estate of Brent E. Marthaler, deceased; (34) Katie L. Marthaler; (35) Sharon Marthaler; (36) Herman C. Marthaler III; (37) Matthew Marthaler; (38) Kirk Marthaler; (39) the Estate of Thanh Van Nguyen, deceased; (40) Christopher R. Nguyen; (41) the Estate of Joshua E. Woody, deceased; (42) Dawn Woody; (43) Bernadine R. Beekman; (44) George M. Beekman; (45) Tracy M. Smith; (46) Jonica L. Woody; (47) Timothy Woody; (48) the Estate of Peter J. Morgera, deceased; (49) Michael Morgera; (50) Thomas Morgera; (51) the Estate of Kendall Kitson, Jr., deceased; (52) Nancy R. Kitson; (53) Kendall K. Kitson; (54) Steve K. Kitson; (55) Nancy A. Kitson; (56) the Estate of Christopher Adams, deceased; (57) Catherine Adams; (58) John E. Adams; (59)

Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third-Party Complaint against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3) (the "Third-Party Complaint") filed by defendants and third-party plaintiffs JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, the "Bank"), allege as follows:

## Nature of the Proceedings

44.     Paragraph 44 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that the statutory references contained in paragraph 44 of the Third-Party Complaint speak for themselves. The Heisers state that Exhibit A to the Third-Party Complaint speaks for itself and so no response is required. The Heiser further admit that the Bank acknowledges it is holding blocked assets and claims it is holding these blocked assets pursuant to regulations promulgated by the Office of Foreign Assets Control ("OFAC"). Answering further, the Heisers assert that they have claims to and interests in these blocked funds that are superior to the Bank and all other third-party defendants named in the Third-Party Complaint. Except to the extent specifically admitted herein, the Heisers deny the remaining allegations contained in paragraph 44 of the Third-Party Complaint.

45.     The Heisers admit that they have filed an Amended Counterclaim against the Bank which Amended Counterclaim speaks for itself and therefore no further response is required. Exhibits A and I to the Third-Party Complaint also speak for themselves. The Heisers admit that they have notified JPMorgan and the Court that they intend to seek a turnover of the

---

Patrick D. Adams; (60) Michael T. Adams; (61) Daniel Adams; (62) Mary Young; (63) Elizabeth Wolf; (64) William Adams; (65) the Estate of Christopher Lester, deceased; (66) Cecil H. Lester; (67) Judy Lester; (68) Cecil H. Lester, Jr.; (69) Jessica F. Lester; (70) the Estate of Jeremy A. Taylor, deceased; (71) Lawrence E. Taylor; (72) Vickie L. Taylor; (73) Starlina D. Taylor; (74) the Estate of Patrick P. Fennig, deceased; (75) Thaddeus C. Fennig; (76) Catherine Fennig; (77) Paul D. Fennig; and (78) Mark Fennig.

JPM Phase 3 Assets identified in Exhibit A. The Heisers deny the remaining allegations contained in paragraph 45 of the Third-Party Complaint.

46.    The Heisers' claims to the JPM Phase 3 Assets speak for themselves, and therefore, no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Third-Party Complaint; accordingly, such allegations are denied.

47.    To the extent that the allegations contained in paragraph 47 state conclusions of law, no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Third-Party Complaint; accordingly, such allegations are denied.

### The Counterclaim/Third-Party Plaintiffs

48.    The Heisers admit the allegations contained in paragraph 48 of the Third-Party Complaint.

49.    The Heisers admit the allegations contained in paragraph 49 of the Third-Party Complaint.

### The Third-Party Defendant Judgment Creditors/Plaintiffs

50.    The judgment referenced in paragraph 50 of the Third-Party Complaint speaks for itself and therefore no response is required. The Heisers admit the remaining allegations contained in paragraph 50 of the Third-Party Complaint.

### The Third-Party Defendant Judgment Creditors/Plaintiffs Suing Iran

51.    The judgment referenced in paragraph 51 of the Third-Party Complaint speaks for itself and therefore no response is required. The Heisers lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Third-Party Complaint; accordingly, such allegations are denied.

52.     The judgment referenced in paragraph 52 of the Third-Party Complaint speaks for itself and therefore no response is required.  The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Third-Party Complaint; accordingly, such allegations are denied.

53.     The judgment referenced in paragraph 53 of the Third-Party Complaint speaks for itself and therefore no response is required.  The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Third-Party Complaint; accordingly, such allegations are denied.

54.     The judgment referenced in paragraph 54 of the Third-Party Complaint and attached as Exhibit B thereto speaks for itself and therefore no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Third-Party Complaint; accordingly, such allegations are denied.

55.     The judgment referenced in paragraph 55 of the Third-Party Complaint speaks for itself and therefore no response is required.  The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Third-Party Complaint; accordingly, such allegations are denied.

56.     The judgment referenced in paragraph 56 of the Third-Party Complaint speaks for itself and therefore no response is required.  The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Third-Party Complaint; accordingly, such allegations are denied.

57.     To the extent the allegations in paragraph 57 concern a judgment and a Revised Order and Judgment entered on September 20, 2010, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Third-Party Complaint; accordingly, such allegations are denied.

58.     The judgment referenced in paragraph 58 of the Third-Party Complaint speaks for itself and therefore no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Third-Party Complaint; accordingly, such allegations are denied.

59.     The judgment referenced in paragraph 59 of the Third-Party Complaint speaks for itself and therefore no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Third-Party Complaint; accordingly, such allegations are denied.

60.     To the extent the allegations in paragraph 60 concern a judgment entered on July 3, 2012 and attached as Exhibit D to the Third-Party Complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Third-Party Complaint; accordingly, such allegations are denied.

61.     To the extent the allegations in paragraph 61 concern a judgment entered on December 21, 2011 and attached as Exhibit E to the Third-Party Complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Third-Party Complaint; accordingly, such allegations are denied.

62.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Third-Party Complaint; accordingly, such allegations are denied.

63.     The caption of the Fourth Amended Complaint referenced in paragraph 63 and purportedly attached as Exhibit F to the Third-Party Complaint speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Third-Party Complaint; accordingly, such allegations are denied.

64.     The caption of the complaint referenced in paragraph 64 and purportedly attached as Exhibit F to the Third-Party Complaint speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the Third-Party Complaint; accordingly, such allegations are denied.

The Account Party and Wire Transfer Third-Party Defendants

65.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Third-Party Complaint; accordingly, such allegations are denied.

66.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Third-Party Complaint; accordingly, such allegations are denied.

67.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Third-Party Complaint; accordingly, such allegations are denied.

68.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Third-Party Complaint; accordingly, such allegations are denied.

69.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Third-Party Complaint; accordingly, such allegations are denied.

70.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Third-Party Complaint; accordingly, such allegations are denied.

71.     The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Third-Party Complaint; accordingly, such allegations are denied.

### Islamic Republic of Iran

72.     The Heisers admit the allegations contained in paragraph 72 of the Third-Party Complaint.

73.     The Heisers admit the allegations contained in paragraph 73 of the Third-Party Complaint.

74.     The Heisers admit the allegations contained in paragraph 74 of the Third-Party Complaint.

## Jurisdiction and Venue

75.     Paragraph 75 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that the statutory references contained in paragraph 75 of the Third-Party Complaint speak for themselves.

76.     Paragraph 76 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that the statutory references and documents referred to in paragraph 76 of the Third-Party Complaint speak for themselves.

## Factual Background

77.     To the extent the allegations in paragraph 77 concern a complaint filed by the Levins, that documents speaks for itself and no response is required. To the extent that the allegations contained in paragraph 77 state conclusions of law, no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the Third-Party Complaint; accordingly, such allegations are denied.

78.     To the extent the allegations in paragraph 78 of the Third-Party Complaint concern a third-party complaint filed by the Bank and answers and counterclaims filed by certain judgment creditors, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Third-Party Complaint; accordingly, such allegations are denied.

79.     To the extent the allegations in paragraph 79 of the Third-Party Complaint concern counterclaims and amended counterclaims filed by the Heisers, those documents speak

for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 79 of the Third-Party Complaint; accordingly, such allegations are denied.

80. To the extent the allegations in paragraph 80 concern a writ of garnishment from the United States District Court for the District of Maryland (the "MD District Court"), an order entered by the MD District Court dated March 31, 2011, an answer filed by the Bank in the MD District Court, a response filed by the Heisers in the MD District Court, and a stay order (Docket No. 104), those documents speaks for themselves. The Heisers admit the remaining allegations in paragraph 80 of the Third-Party Complaint.

81. To the extent the allegations in paragraph 81 of the Third-Party Complaint concern counterclaims and amended counterclaims filed by the Greenbaum Judgment Creditors, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Third-Party Complaint; accordingly, such allegations are denied.

82. To the extent the allegations in paragraph 82 of the Third-Party Complaint concern counterclaims and amended counterclaims filed by the Acosta Judgment Creditors, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Third-Party Complaint; accordingly, such allegations are denied.

83. To the extent the allegations in paragraph 83 of the Third-Party Complaint concern counterclaims and amended counterclaims filed by the Peterson Judgment Creditors, a writ of execution, and a judgment, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 83 of the Third-Party Complaint; accordingly, such allegations are denied.

84.     To the extent the allegations in paragraph 84 of the Third-Party Complaint concern writs of execution and an answer, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Third-Party Complaint; accordingly, such allegations are denied.

85.     To the extent the allegations in paragraph 85 of the Third-Party Complaint concern Notices of Pending Action Pursuant to FSIA § 1605A(g) and answers, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 85 of the Third-Party Complaint; accordingly, such allegations are denied.

86.     To the extent the allegations in paragraph 86 of the Third-Party Complaint concern a Notice of Pending Action Pursuant to FSIA § 1605A(g) and answer, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 86 of the Third-Party Complaint; accordingly, such allegations are denied.

87.     To the extent the allegations in paragraph 87 of the Third-Party Complaint concern a Notice of Pending Action Pursuant to FSIA § 1605A(g) and answer, those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 87 of the Third-Party Complaint; accordingly, such allegations are denied.

88.     To the extent the allegations in paragraph 88 of the Third-Party Complaint concern a Notice of Pending Action Pursuant to FSIA § 1605A(g), that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Third-Party Complaint; accordingly, such allegations are denied.

89.     To the extent the allegations in paragraph 89 of the Third-Party Complaint concern a motion for partial summary judgment filed by the Levin Judgment Creditors and cross-motions filed by the Heisers and Greenbaum Judgment Creditors and Acosta Judgment Creditors, those documents speak for themselves and no response is required. The Heisers admit that they filed a cross-motion for partial summary judgment, which document speaks for itself. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 89 of the Third-Party Complaint; accordingly, such allegations are denied.

90.     To the extent the allegations in paragraph 90 of the Third-Party Complaint concern an Order entered by this Court (as later modified), those documents speak for themselves and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 90 of the Third-Party Complaint; accordingly, such allegations are denied.

91.     The Heisers admit that the Levins took an immediate appeal from the Summary Judgment Order and later withdrew their appeal. The Heisers admit that a settlement was reached among the Levin Judgment Creditors, the Greenbaum Judgment Creditors, and the Acosta Judgment Creditors. The Heisers deny the remaining allegations contained in paragraph 91 of the Third-Party Complaint.

92.     To the extent the allegations in paragraph 92 concern a turnover petition filed against the Bank by the Heisers in this Court, that document speaks for itself, and no response is required. The Heisers admit that the proceeding referenced in paragraph 92 of the Third-Party Complaint has been stayed pursuant to a stipulation and order, which document speaks for itself. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 92 of the Third-Party Complaint; accordingly, such allegations are denied.

93.     To the extent the allegations in paragraph 93 of Third-Party Complaint concern a joint motion for summary judgment and order dated June 21, 2011 as modified on July 11, 2011, those documents speak for themselves and no response is required. The Heisers admit the remaining allegations contained in paragraph 93 of the Third-Party Complaint.

94.     The Heisers admit that they have sought a turnover of additional blocked assets held by the Bank. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 94 of the Third-Party Complaint; accordingly, such allegations are denied.

95.     To the extent the allegations in paragraph 95 of the Third-Party Complaint concern an additional Third-Party Complaint filed by the Bank, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 95 of the Third-Party Complaint; accordingly, such allegations are denied.

96.     To the extent the allegations in paragraph 96 of the Third-Party Complaint concern an answer and cross-claims to an amended third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Third-Party Complaint; accordingly, such allegations are denied.

97. To the extent the allegations in paragraph 97 of the Third-Party Complaint concern an answer and counterclaims to an additional third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 97 of the Third-Party Complaint; accordingly, such allegations are denied.

98. To the extent the allegations in paragraph 98 of the Third-Party Complaint concern an answer and counterclaims to an additional third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 98 of the Third-Party Complaint; accordingly, such allegations are denied.

99. The Heisers admit that they filed an answer and counterclaims, which document speaks for itself, and therefore no further response is required. The Heisers deny the remaining allegations contained in paragraph 99.

100. To the extent the allegations in paragraph 100 of the Third-Party Complaint concern an answer and cross-claims to an additional third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 100 of the Third-Party Complaint; accordingly, such allegations are denied.

101. To the extent the allegations in paragraph 101 of the Third-Party Complaint concern an answer to an additional third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 101 of the Third-Party Complaint; accordingly, such allegations are denied.

102.    To the extent the allegations in paragraph 102 of the Third-Party Complaint concern an answer to an additional third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 102 of the Third-Party Complaint; accordingly, such allegations are denied.

103.    To the extent the allegations in paragraph 103 of the Third-Party Complaint concern a stipulation, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 103 of the Third-Party Complaint; accordingly, such allegations are denied.

104.    The Heisers admit the allegations contained in paragraph 104 of the Third-Party Complaint.

105.    To the extent the allegations in paragraph 105 of the Third-Party Complaint concern a judgment, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 105 of the Third-Party Complaint; accordingly, such allegations are denied.

106.    To the extent the allegations in paragraph 106 of the Third-Party Complaint concern Additional Third-Party Complaints (as defined in the Third-Party Complaint) filed by the Bank and answers and some counterclaims filed by other third parties, those documents speak for themselves. The Heisers lack knowledge or information sufficient to form a belief as

14

to the truth of the remaining allegations contained in paragraph 106 of the Third-Party Complaint; accordingly, such allegations are denied.

107.   The Heisers admit that the Settling Parties made a motion for partial summary judgment in August 2012, which document speaks for itself. The Heisers further admit that a hearing is scheduled before this Court on November 13, 2012. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 107 of the Third-Party Complaint; accordingly, such allegations are denied.

108.   The Heisers admit that the Bank has stated it is still holding blocked funds that were blocked pursuant to OFAC regulations.   The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 108 of the Third-Party Complaint; accordingly, such allegations are denied.

109.   The Heisers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Third-Party Complaint; accordingly, such allegations are denied.

110.   To the extent the allegations in paragraph 110 of the Third-Party Complaint concern a supplemental third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 110 of the Third-Party Complaint; accordingly, such allegations are denied.

111.   To the extent the allegations in paragraph 111 of the Third-Party Complaint concern an answer and counterclaims to a 2012 third-party complaint, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in paragraph 111 of the Third-Party Complaint; accordingly, such allegations are denied.

112. To the extent the allegations in paragraph 112 of the Third-Party Complaint concern an answer, that document speaks for itself and no response is required. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 112 of the Third-Party Complaint; accordingly, such allegations are denied.

113. The Heisers admit that the Court granted the Heisers permission to file an amended counterclaim against Citibank, N.A. and the Bank. Answering further, the Heisers state that the Court's decision speaks for itself. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 113 of the Third-Party Complaint; accordingly, such allegations are denied.

114. The Heisers admit that they filed an answer and amended counterclaim on August 17, 2012, which document speaks for itself and therefore no response is required. Answering further, the Heisers state that Exhibit I to the Third-Party Complaint speaks for itself.

115. The Heisers admit that attached to the Third-Party Complaint is an Exhibit A. Answering further, the Heisers state that Exhibit A to the Third-Party Complaint speaks for itself. To the extent that the allegations in paragraph 115 differ from the representations made at the proceedings before the Court, the Heisers deny the allegations of paragraph 115. The Heisers lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 115 of the Third-Party Complaint; accordingly, such allegations are denied.

116.    Paragraph 116 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 116 of the Third-Party Complaint.

117.    Paragraph 117 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 117 of the Third-Party Complaint.

118.    Paragraph 118 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 118 of the Third-Party Complaint.

119.    Paragraph 119 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 119 of the Third-Party Complaint.

### First Counterclaim/Claim for Relief

120.    Paragraph 120 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraphs 44 through 119 of the Third-Party Complaint as if fully set forth in this paragraph.

121.    Paragraph 121 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers state that CPLR § 5239 speaks for itself and therefore no response is required. To the extent that the allegations contained in paragraph 121 differ from the text of CPLR § 5239, such allegations are denied.

122.    Paragraph 122 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 122 of the Third-Party Complaint.

Second Counterclaim/Claim for Relief

123.    Paragraph 123 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraphs 44 through 122 of the Third-Party Complaint as if fully set forth in this paragraph.

124.    The Heisers admit that they are making a claim to the JPM Phase 3 Assets. The Heisers deny the remaining allegations in Paragraph 124 of the Third-Party Complaint.

125.    Paragraph 125 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 125 of the Third-Party Complaint.

126.    Paragraph 126 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 126 of the Third-Party Complaint.

Third Counterclaim/Claim for Relief

127.    Paragraph 127 requires no responsive pleading. The Heisers repeat and reallege their responses to paragraphs 44 through 126 of the Third-Party Complaint as if fully set forth in this paragraph.

128.    Paragraph 128 of the Third-Party Complaint states conclusions of law as to which no response is required. To the extent a response is required, the Heisers deny the allegations contained in paragraph 128 of the Third-Party Complaint.

Fourth Counterclaim/Claim for Relief

129.   Paragraph 129 requires no responsive pleading.  The Heisers repeat and reallege their responses to paragraphs 44 through 128 of the Third-Party Complaint as if fully set forth in this paragraph.

130.   Paragraph 130 of the Third-Party Complaint states conclusions of law as to which no response is required.  To the extent a response is required, the Heisers deny the allegations contained in paragraph 130 of the Third-Party Complaint.

## DEFENSES

### First Defense

The Heisers' claims are superior to the Bank and any other claimants as a matter of law by virtue of service of their writs of execution and the initiation of a turnover action in accordance with N.Y. C.P.L.R. §§ 5225 and 5227 prior to any other claimants.

### Second Defense

The writs of various competing claimants in this matter are defective and/or void as a matter of law.

### Third Defense

The Bank's claims and the claims of other parties to this action are barred by res judicata and/or collateral estoppel.

### Fourth Defense

The Bank's claims and the claims of other parties to this action are barred by waiver.

### Fifth Defense

The Bank's claims and the claims of other parties to this action are barred by unjust enrichment.

### Sixth Defense

The Bank's claims and the claims of other parties to this action are barred by laches.

### Seventh Defense

The Bank's claims and the claims of other parties to this action are barred because the Bank has not suffered and/or will not suffer any damages.

The Heisers reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

WHEREFORE, the Heisers respectfully demand judgment in their favor and against the Bank:

(a)     dismissing the Third-Party Complaint; and

(b)     granting such further relief as the Court deems just and proper.

Dated: New York, New York
      November 2, 2012

Timothy Birnbaum
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
Telephone: 212-335-4618
Facsimile: 212-335-4501
Timothy.birnbaum@dlapiper.com

and

Richard M. Kremen (Md. Fed. Bar No. 00532)
Dale K. Cathell (Md. Fed. Bar No. 26924)
David B. Misler (Md. Fed. Bar No. 28828)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
Telephone: 410-580-3000
Facsimile: 410-580-3001
richard.kremen@dlapiper.com
dale.cathell@dlapiper.com
david.misler@dlapiper.com

*Attorneys for the Estate of Michael Heiser, et al.*