**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEREMY LEVIN and DR. LUCILLE LEVIN,      09 Civ. 5900 (RPP) (MHD)

               Plaintiffs,

               -against-

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK

               Defendants,

JUDGMENT CREDITOR/THIRD-PARTY
DEFENDANTS MICHAEL & LINDA BENNETT, ET.
AL'S ANSWER TO J.P. MORGAN'S
AMENDED AND SUPPLEMENTAL THIRD-PARTY
COMPLAINT AGAINST JUDGMENT
CREDITORS OF IRAN, ET. AL. WITH
COUNTERCLAIMS

-----------------------------------------------------------

JPMORGAN CHASE & CO., JPMORGAN
CHASE BANK, N.A.,

               Third-Party Plaintiffs

               -against-

STEVEN M. GREENBAUM, et al.,

               Third-Party Defendants.

-----------------------------------------------------------

JPMORGAN CHASE & CO., JPMORGAN
CHASE BANK, N.A.,

               Third-Party Plaintiffs

               -against-

JEREMY LEVIN, et al.,

               Third-Party Defendants.

-----------------------------------------------------------

1

Come now Third-Party Defendant/Judgment Creditors Michael and Linda Bennett,

Individually and as Co-Administrators of the Estate of Marla Bennett, and Lisa Bennett,

("Bennett Judgment Creditors") by their undersigned counsel, and for their answer to the

Amended and Supplemental Third-Party Complaint Against Judgment Creditors of Iran,

Plaintiffs Suing Iran, and Account And Wire Transfer Parties (Phase 3) of JPMorgan Chase &

Co. and JPMorgan Chase Bank, N.A. ("JPMorgan") and allege as follows:

## ANSWER

### Nature of the Counterclaims/Third-Party Claims

44. Admit, upon information and belief, the allegations contained in paragraph 44 of the Amended and Supplemental Third-Party Complaint.

45. Admit, upon information and belief, the allegations contained in paragraph 45 of the Amended and Supplemental Third-Party Complaint.

46. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended and Supplemental Third-Party Complaint. Therefore such allegations are denied.

47. Paragraph 47 contains conclusions of law to which the Bennett Judgment Creditors are not required to answer. To the extent they are required to answer the allegations are denied.

48. Admit, upon information and belief, the allegations contained in paragraph 48 of the Amended and Supplemental Third-Party Complaint.

49. Admit, upon information and belief, the allegations contained in paragraph 49 of the Amended and Supplemental Third-Party Complaint.

### The Counterclaim Defendants

50. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended and Supplemental Third-Party Complaint. Therefore such allegations are denied.

### The Third-Party Defendant Judgment Creditors/Plaintiffs Suing Iran

51. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

52. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 of the Amended and Supplemental Third-Party Complaint. Therefore such allegations are denied.

53. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 of the Third-Party Complaint. Therefore, such allegations are denied.

54. Admit, upon information and belief, the allegations contained in Paragraph 54 of the Amended and Supplemental Third-Party Complaint.

55. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

56. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

57. Admit, upon information and belief, the allegations contained in paragraph 57 of the Amended and Supplemental Third-Party Complaint.

58. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 58 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

59. Admit, upon information and belief, the allegations contained in Paragraph 59 of the Amended and Supplemental Third-Party Complaint.

60. Admit, upon information and belief, the allegations contained in Paragraph 60 of the Amended and Supplemental Third-Party Complaint.

61. Admit, upon information and belief, the allegations contained in Paragraph 61 of the Amended and Supplemental Third-Party Complaint.

62. Admit, upon information and belief, the allegations contained in paragraph 62 of the Amended and Supplemental Third-Party Complaint.

63. Admit, upon information and belief, the allegations contained in paragraph 63 of the Amended and Supplemental Third-Party Complaint.

64. Admit, upon information and belief, the allegations contained in paragraph 64 of the Amended and Supplemental Third-Party Complaint.

### The Account Party and Wire Transfer Third-Party Defendants

65. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 65 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

66. Admit, upon information and belief, the allegations contained in paragraph 66 of the Amended and Supplemental Third-Party Complaint.

67. Admit, upon information and belief, the allegations contained in paragraph 67 of the Amended and Supplemental Third-Party Complaint.

68. Admit, upon information and belief, the allegations contained in paragraph 68 of the Amended and Supplemental Third-Party Complaint.

69. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 69 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

70. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 70 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

71. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

### Islamic Republic of Iran

72. Admit, upon information and belief, the allegations contained in paragraph 72 of the Amended and Supplemental Third-Party Complaint.

73. Admit, upon information and belief, the allegations contained in paragraph 73, of the Amended and Supplemental Third-Party Complaint.

74. Admit, upon information and belief, the allegations contained in paragraph 74 of the Amended and Supplemental Third-Party Complaint.

### Jurisdiction and Venue

75. Paragraph 75 contains conclusions of law to which the Bennett Judgment Creditors are not required to answer. To the extent that they are required to answer, the allegations are denied.

76. Paragraph 76 contains conclusions of law to which the Bennett Judgment Creditors are not required to respond. To the extent they are required to answer, the allegations are denied.

### Common Factual Allegations

77. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of the

Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

78. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

79. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 79 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

80. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 80 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

81. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 81 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

82. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 82 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

83. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 83 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

84. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 84 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

85. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 85 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

86. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 86 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

87. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 87 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

88. Admit, upon information and belief, the allegations contained in paragraph 88 of the Amended and Supplemental Third-Party Complaint.

89. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 89 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

90. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

91. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 91 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

92. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 92 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

93. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 93 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

94. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 94 of the

Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

95. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 95 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

96. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 96 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

97. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 97 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

98. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 98 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

99. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 99 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

100.     The Bennett Judgment Creditors are without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph

100 of the Amended and Supplemental Third-Party Complaint. Therefore, such

allegations are denied.

101.     The Bennett Judgment Creditors are without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph

101 of the Amended and Supplemental Third-Party Complaint. Therefore, such

allegations are denied.

102.     Admit, upon information and belief, the allegations contained in paragraph

102 of the Amended and Supplemental Third-Party Complaint.

103.     Admit, upon information and belief, the allegations contained in paragraph

103 of the Amended and Supplemental Third-Party Complaint.

104.     The Bennett Judgment Creditors are without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph

104 of the Amended and Supplemental Third-Party Complaint. Therefore, such

allegations are denied.

105.     The Bennett Judgment Creditors are without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph

105 of the Amended and Supplemental Third-Party Complaint. Therefore, such

allegations are denied.

106.     The Bennett Judgment Creditors are without sufficient knowledge or

information to form a belief as to the truth of the allegations contained in paragraph

106 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

107.     The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 107 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

108.     Admit, upon information and belief, the allegations contained in paragraph 108 of the Amended and Supplemental Third-Party Complaint.

109.     The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 109 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

110.     Admit, upon information and belief, the allegations contained in paragraph 110 of the Amended and Supplemental Third-Party Complaint.

111.     Admit, upon information and belief, the allegations contained in paragraph 111 of the Amended and Supplemental Third-Party Complaint.

112.     Admit, upon information and belief, the allegations contained in paragraph 112 of the Amended and Supplemental Third-Party Complaint.

113.     Admit, upon information and belief, the allegations contained in paragraph 113 of the Amended and Supplemental Third-Party Complaint.

114.     The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph

114 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

115.    The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 115 of the Amended and Supplemental Third-Party Complaint. Therefore, such allegations are denied.

116.    Admit, upon information and belief, the allegations contained in Paragraph 116 of the Amended and Supplemental Third-Party Complaint but contend that the Bennett Judgment Creditors have priority.

117.    Deny, upon information and belief, that any of the assets in question are not subject to execution or that any entity has standing to so assert.

118.    This paragraph states legal conclusions for which the Bennett Judgment Creditors are not required to answer. To the extent that they are required to answer they deny the allegations.

119.    This paragraph states legal conclusions for which the Bennett Judgment Creditors are not required to answer. To the extent that they are required to answer they deny the allegations.

### First Counterclaim/Claim for Relief

120.    The Bennett Judgment Creditors repeat and reallege each and every answer set forth in paragraphs 44 through 119 to the same extent as if those answers were set forth here in full.

121.     This paragraph states legal conclusions for which the Bennett Judgment Creditors are not required to answer. To the extent that they are required to answer they deny the allegations.

122.     This paragraph states legal conclusions for which the Bennett Judgment Creditors are not required to answer. To the extent that they are required to answer they deny the allegations.

<strong><u>Second Counterclaim for Relief</u></strong>

123.     The Bennett Judgment Creditors repeat and re-allege each and every answer set forth in paragraphs 44-122 above to the same extent as if those answers were set forth here in full.

124.     Admit, upon information and belief, the allegations contained in paragraph 124 of the Amended and Supplemental Third-Party Complaint and contend that the Bennett Judgment Creditors have priority.

125.     Admit, upon information and belief, the allegations contained in paragraph 125 of the Amended and Supplemental Third-Party Complaint.

126.     This paragraph states legal conclusions to which the Bennett Judgment Creditors are not required to answer. To the extent they are required to answer the allegations are denied.

<strong><u>Third Counterclaim/Claim for Relief</u></strong>

127.     The Bennett Judgment Creditors repeat and reallege their answers to paragraphs 44-126 above to the same extent as if those answers were set forth here in full.

128.     This paragraph sets forth legal conclusions to which the Bennett Judgment

Creditors are not required to respond. To the extent they are required to respond

the allegations are denied.

### Fourth Counterclaim/Claim for Relief

129.     The Bennett Judgment Creditors repeat and reallege each and every answer

set forth in paragraphs 44 through 128 above to the same extent as if those answers

were set forth here in full.

130.     This paragraph sets forth legal conclusions to which the Bennett Judgment

Creditors are not required to respond. To the extent they are required to respond

the allegations are denied.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Bennett Judgment Creditors have priority over all other judgment debtors as a

matter of law as to Iranian assets held by JPMorgan, blocked after June, 2011, those

being the Phase 3 assets.

### SECOND DEFENSE

The Bennett Judgment Creditors incorporate their counterclaims asserted herein by

reference.

## THIRD DEFENSE

The Bennett Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after discovery or otherwise.

WHEREFORE, the Bennett Judgment Creditors respectfully request that the Court:

a. Enter judgment in their favor and against the Third-Party Plaintiff JPMorgan;

b. Order turnover of Iranian assets blocked after June 11, 2011 held by JPMorgan, those being the Phase 3 assets;

c. Dismiss the Third-Party Complaint with prejudice;

d. Award costs and such other relief as the Court deems appropriate.

## COUNTERCLAIMS

131. By and for their Counterclaims against certain Third-Party Plaintiffs JPMorgan Chase & Co., JPMorgan Chase Bank, N.A. the Bennett Judgment Creditors allege as follows:

## PARTIES

132. The Bennett Judgment Creditors are judgment creditors in the case *Michael Bennett, et al., vs. Islamic Republic of Iran, et al.* Civil Action No. 03-1486 (RCL).

133. Upon information and belief, Third-Party Plaintiff and Counterclaim-Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMorgan") is a national banking association organized and existing under the laws of the United States of

America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

## Jurisdiction and Venue

134. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, because this action arises under the laws and treaties of the United States including the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 *et seq.* (the "FSIA") and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322(2002)("TRIA"). This Court further has jurisdiction pursuant to 28 U.S.C. § 1367 because this action arises out of an action already before the Court over which the Court has jurisdiction. Since this is an action to enforce a federal judgment registered in this Court, subject-matter jurisdiction also arises from the Court's ancillary enforcement jurisdiction pursuant to 28 U.S.C. §§ 1331, 1963.

## Venue

135. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that the Bennett Judgment Creditors' Counterclaims seek to enforce a judgment and attach funds that are located in this district. Further the Counterclaims seek to enforce a judgment that has been registered in this judicial district. Since this is an action to enforce a federal judgment registered in this Court, venue also arises from the Court's ancillary enforcement jurisdiction pursuant to 28 U.S.C. §§ 1331, 1963.

## Allegations Common to All Counterclaims

17

136. The Bennett Judgment Creditors were awarded a judgment of $12,904,548.00 (the "Judgment") on August 30, 2007 in the United States District Court for the District of Columbia against Judgment Debtors Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS) pursuant to 28 U.S.C. § 1605(a)(7). That judgment remains unsatisfied to date. The Judgment arises out of the death of Marla Ann Bennett during a terrorist attack at the Hebrew University of Jerusalem on July 31, 2002. Marla was a 24 year old graduate of the University of California at Berkeley who planned to be a teacher of Tanach (Hebrew Bible). She was a graduate student working on her master's degree in Judaic studies at the Pardes Institute of Jewish Studies in Berkeley and a participant in its Melton Center for Jewish Education program at the Hebrew University of Jerusalem at the time of her death. On July 31, 2002 Marla was killed when a nail-studded bomb placed in the cafeteria where she was eating by an agent of Hamas exploded in the crowded cafeteria. Her face was blown off and she suffered horribly. A liability finding was made in D.C. District Court that the attack by Hamas was carried out under the direction and supervision of Iran and MOIS.

137. The Bennett Judgment Creditors registered their Judgment in this Court, the Southern District of New York, on February 15, 2011. (*Michael Bennett, et al. v. The Islamic Republic of Iran*, 2011 mc 35).

138. The Bennett Judgment Creditors filed a motion for an order to enforce their judgment pursuant to 28 U.S.C. § 1610(c ) on August 19, 2011. The order was granted on August 31, 2011.

139. On May 31, 2012 the Bennett Judgment Creditors obtained a writ of execution from the Clerk of the Court for JPMorgan. The writ of execution was delivered to the U.S. Marshal on May 31, 2012 for service on JPMorgan.

140. The writ of execution was served on JPMorgan on June 4, 2012.

141. Upon information and belief, JPMorgan is holding Iranian funds in blocked accounts, as required by Presidential Executive Orders or regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury that apply to, inter alia, entities that may be agencies or instrumentalities of, or owned or controlled directly or indirectly by, Iran and that have been designated by OFAC as subject to such regulations. Upon information and belief these assets include both the proceeds of blocked wire transfers and assets held in blocked accounts.

142. Specifically upon information and belief JPMorgan is holding Blocked Assets, including assets blocked after June 2011, that are described as "Phase 3 Assets." See: Amended and Supplemental Third-Party Complaint, Paragraph 44

143. Upon information and belief these assets are owed to or held for the benefit of Iran or its agencies and instrumentalities including MOIS.

## First Counterclaim

144. The Bennett Judgment Creditors repeat and reallege paragraphs 131-143 as if set forth herein.

145. The Bennett Judgment Creditors hold a valid judgment against Iran and MOIS.

19

146.  The Bennett Judgment Creditors are entitled to enforce their judgment against all assets in which Iran and MOIS have an interest, direct or indirect, within the United States.

147.  Upon information and belief, Counterclaim Defendant JPMorgan is holding such Iranian assets blocked after June 2011, which JPMorgan has designated in their Third-Party Complaint as "Phase 3 Assets."

148.  The Bennett Judgment Creditors have priority over all other judgment creditors involved in this litigation as to the Iranian assets held by JPMorgan blocked after June 2011, or the Phase 3 assets.

149.  By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605(a)(7), 1605A, 1606 and 1610, Fed.R.Civ.P. 69 and N.Y.C.P.L.R.§§ 5225(b) and 5227, the Bennett Judgment Creditors seek an order ordering the turnover of Iranian assets in the amount not to exceed $12,904,548.00 plus interest, from Counterclaim Defendant JPMorgan from Iranian assets blocked by JPMorgan after June 2011, those assets being the Phase 3 assets.

## Second Counterclaim

150. The Bennett Judgment Creditors repeat and reallege paragraphs 131-149 as if set forth herein.

151. Section 201 of TRIA provides that the blocked assets of any terrorist party or its agency or instrumentality  not immune under section 1605(a)(7) of the United States Code "shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has

been adjudged liable." Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

152. The Bennett Judgment Creditors obtained their Judgment pursuant to section 1605(a)(7) under which statute Iran and MOIS were and are still not immune.

153. Iran is and was at the time that Marla Bennett was murdered at the Hebrew University of Jerusalem designated a state sponsor of terrorism. Therefore, their judgment was entered against a "terrorist party" as defined in § 201 of TRIA. Bennett v. Islamic Republic of Iran, 03 CV 1486 (RCL). (MOIS is also a "terrorist party" as an agency or instrumentality of Iran.)

154. The blocked assets held by JPMorgan blocked after June, 2011, the Phase 3 assets, are subject to execution or attachment in aid of enforcement of the Bennett Judgment.

155. The Bennett Judgment Creditors have priority as to all other Judgment Creditors as to these specific funds.

156. The Bennett Judgment Creditors are therefore entitled to an order pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA and the Foreign Sovereign Immunities Act ordering the turnover of Iranian assets in the amount not to exceed $12,904,548.00 plus interest, from Counterclaim Defendant JPMorgan from Iranian assets blocked by JPMorgan after June 2011, those being the Phase 3 assets.

WHEREFORE, the Bennett Judgment Creditors respectfully request judgment against Counterclaim defendants JPMorgan.

    WHEREFORE, the Bennett Judgment Creditors respectfully request that the Court:

a. Enter judgment in their favor and against the Third-Party Plaintiff/Third-Party Counter Claimant JPMorgan;

b. Order turnover of Iranian assets blocked after June 11, 2011, the Phase 3 Assets, held by JPMorgan;

c. Dismiss the Amended and Supplemental Third-Party Complaint with prejudice;

d. Award costs and such other relief as the Court deems appropriate.

Dated: November 5, 2012        LAW OFFICES OF BOND & NORMAN, PLLC

BY: /s/

Ferris R. Bond
777 6th St. NW #410
Washington, DC 20001
(202) 423-3859

Counsel for the Bennett Judgment Creditors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of November, 2012 a copy of the foregoing was served upon all counsel of record through ECF.

/s/

Ferris R. Bond