UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
JEREMY LEVIN and DR. LUCILLE LEVIN,          :

                            Plaintiffs,          :          Case No. 09 Civ. 5900 (RPP) (MHD)

                    -against-          :

BANK OF NEW YORK, *et al.*,          :          **GREENBAUM AND ACOSTA
                                                 JUDGMENT CREDITORS'**

                            Defendants.          :          **JOINT ANSWER TO JPMORGAN
                                                 CHASE PARTIES' AMENDED AND**
--------------------------------------------------------          **SUPPLEMENTAL THIRD-PARTY**
JPMORGAN CHASE & CO. and          :          **COMPLAINT AGAINST**
JPMORGAN CHASE BANK, N.A.,          :          **JUDGMENT CREDITORS OF IRAN,
                                                 PLAINTIFFS SUING IRAN, AND**
                                         :          **ACCOUNT AND WIRE TRANSFER**
                    Third-Party Plaintiffs,          :          **PARTIES (PHASE 3) AND**
                                                 **COUNTERCLAIM**
                    -against-          :

STEVEN M. GREENBAUM, *et al.*,          :

                                         :
                    Third-Party Defendants.          :
--------------------------------------------------------          :
JPMORGAN CHASE & CO. and          :
JPMORGAN CHASE BANK, N.A.,          :

                    Third-Party Plaintiffs,          :

                    -against-          :

JEREMY LEVIN, *et al.*,          :

                    Third-Party Defendants.          :
--------------------------------------------------------

     Third-Party Defendants Steven M. Greenbaum (sued individually and as administrator of

the Estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the

"Greenbaum Judgment Creditors"), Carlos Acosta, Maria Acosta, Tova Ettinger, Irving Franklin

(on his own behalf and as Administrator of the Estate of the late Irma Franklin), Baruch Kahane,

Libby Kahane (on her own behalf and as Administratrix of the Estate of the late Meir Kahane),

Ethel J. Griffin (as Administratrix of the Estate of the late Binyamin Kahane), Norman Kahane

(on his own behalf and as Executor of the Estate of the late Sonia Kahane), and Ciporah Kaplan (collectively, the "Acosta Judgment Creditors," and together with the Greenbaum Judgment Creditors, the "Greenbaum and Acosta Judgment Creditors"), by their undersigned attorneys, for their joint answer to defendants and third-party plaintiffs JPMorgan Chase & Co.'s ("JPMCC") and JPMorgan Chase Bank, N.A.'s ("JPMCB," and together with JPMCC, "JPMorgan") Amended and Supplemental Third-Party Complaint Against Judgment Creditors of Iran, Plaintiffs Suing Iran, and Account and Wire Transfer Parties (Phase 3), dated October 10, 2012 (the "Phase 3 Third-Party Complaint"), allege as follows:

<u>Nature of the Counterclaims/Third-Party Claims</u>

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Phase 3 Third-Party Complaint, except to the extent such paragraph states that the assets identified in Exhibit A thereto (the "JPM Phase 3 Assets") are being held by JPMorgan in blocked accounts, and except to the extent such paragraph states conclusions of law, as to which no response is required.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Phase 3 Third-Party Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Phase 3 Third-Party Complaint, except to the extent such paragraph states conclusions of law, as to which no response is required, and except to the extent such paragraph alleges that the Greenbaum and Acosta Judgment Creditors have obtained judgments against the Islamic Republic of Iran ("Iran") based on acts of terrorism and claim interests in the JPM Phase 3 Assets and the right to execute thereupon in satisfaction of their judgments against Iran, which allegations are admitted.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Phase 3 Third-Party Complaint, except to the extent such paragraph states conclusions of law, as to which no response is required.

### The Counterclaim/Third-Party Plaintiffs

48.     Admit, upon information and belief, the allegations contained in Paragraph 48 of the Phase 3 Third-Party Complaint.

49.     Admit, upon information and belief, the allegations contained in paragraph 49 of the Phase 3 Third-Party Complaint.

### The Counterclaim Defendants

50.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Phase 3 Third-Party Complaint.

### The Third-Party Defendant Judgment Creditors/Plaintiffs Suing Iran

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Phase 3 Third-Party Complaint.

52.     Admit the allegations contained in paragraph 52 of the Phase 3 Third-Party Complaint, but aver that third-party defendants Alan D. Hayman and Shirlee Hayman are United States citizens who currently reside in Israel.

53.     Admit the allegations contained in paragraph 53 of the Phase 3 Third-Party Complaint.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Phase 3 Third-Party Complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Phase 3 Third-Party Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Phase 3 Third-Party Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Phase 3 Third-Party Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Phase 3 Third-Party Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Phase 3 Third-Party Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Phase 3 Third-Party Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Phase 3 Third-Party Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Phase 3 Third-Party Complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Phase 3 Third-Party Complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Phase 3 Third-Party Complaint.

<u>The Account Party and Wire Transfer Third-Party Defendants</u>

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Phase 3 Third-Party Complaint.

66.     Admit, upon information and belief, the allegations contained in Paragraph 66 of the Phase 3 Third-Party Complaint.

67.     Admit, upon information and belief, the allegations contained in Paragraph 67 of the Phase 3 Third-Party Complaint.

68.     Admit, upon information and belief, the allegations contained in Paragraph 68 of the Phase 3 Third-Party Complaint.

69.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Phase 3 Third-Party Complaint.

70.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Phase 3 Third-Party Complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Phase 3 Third-Party Complaint.

<u>Islamic Republic of Iran</u>

72.     Admit the allegations contained in paragraph 72 of the Phase 3 Third-Party Complaint.

73.     Admit, upon information and belief, the allegations contained in Paragraph 73 of the Phase 3 Third-Party Complaint.

74.     Admit, upon information and belief, the allegations contained in Paragraph 74 of the Phase 3 Third-Party Complaint.

<u>Jurisdiction and Venue</u>

75.     Paragraph 75 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors admit the allegations contained therein.

76.     Paragraph 76 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors admit the allegations contained therein.

<u>Common Factual Allegations</u>

77.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Phase 3 Third-Party Complaint, except to the extent such paragraph states conclusions of law, as to which no response is required, and refer to  the Levin complaint (Docket No. 70) for a true and complete recitation of the contents thereof.

78.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Phase 3 Third-Party Complaint, except admit that JPMorgan and the other defendants commenced third-party proceedings in Phase 1 of these proceeding in 2010 against, among other third-party defendants, the Greenbaum and Acosta Judgment Creditors, who appeared in these proceedings and filed answers and counterclaims asserting priority interests in certain blocked assets held by the defendants/third-party plaintiffs, including, but not limited to, certain blocked assets held by JPMorgan.

79.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Phase 3 Third-Party Complaint, and refer to  third-party defendants Estate of Michael Heiser, *et al*.'s (the "Heiser Judgment Creditors") amended answer and counterclaim (Docket No. 212) for a true and complete recitation of the contents thereof.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Phase 3 Third-Party Complaint, except to the extent such paragraph states conclusions of law, as to which no response is required, and refer to  the Heiser Judgment Creditors' response to JPMCB's answer in the Maryland district court proceeding, as such pleading appears on the record with this Court in the matter captioned *Estate of Heiser, et al. v. JPMorgan Chase Bank, N.A.*, No. 11 Civ. 2570 (LBS) (DCF) (S.D.N.Y.) (Docket. No. 58), for a true and complete recitation of the contents thereof.

81.     Admit that on or about March 7, 2011, the Greenbaum Judgment Creditors filed an amended answer and amended counterclaims (Docket No. 344) to a third-party complaint served on them in these proceedings, and refer to that pleading for a true and complete recitation of the contents thereof.

82.     Admit that on or about March 7, 2011, the Acosta Judgment Creditors filed an amended answer and amended counterclaims (Docket No. 345) to a third-party complaint served on them in these proceedings, and refer to that pleading for a true and complete recitation of the contents thereof.

83.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Phase 3 Third-Party Complaint, and refer to third-party defendants Deborah D. Peterson, *et al*.'s (the "Peterson Judgment Creditors")  amended answer and amended counterclaims (Docket No. 216) for a true and complete recitation of the contents thereof.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Phase 3 Third-Party Complaint, and refer to third-party defendants Jenny Rubin, *et al*.'s (the "Rubin Judgment Creditors")  April 19, 2010, answer (Docket No. 145) for a true and complete recitation of the contents thereof.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Phase 3 Third-Party Complaint, and refer to third-party defendants Terance J. Valore, *et al*.'s (the "Valore Judgment Creditors") April 20, 2010, answers (Docket Nos. 153 and 155) for a true and complete recitation of the contents thereof.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Phase 3 Third-Party Complaint, and refer to third-

party defendants Estate of Anthony K. Brown, *et al*.'s (the "Brown Judgment Creditors") April 20, 2010, answer (Docket No. 153) for a true and complete recitation of the contents thereof.

87.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Phase 3 Third-Party Complaint, and refer to third-party defendants Estate of Stephen B. Bland, *et al*.'s (the "Bland Judgment Creditors") April 20, 2010, answer (Docket No. 153) for a true and complete recitation of the contents thereof.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Phase 3 Third-Party Complaint.

89.     Admit, upon information and belief, the allegations contained in paragraph 89 of the Phase 3 Third-Party Complaint.

90.     Admit that the Court entered an Order in Phase 1 of these proceedings on January 20, 2011, which Order was later modified by the Court by subsequent Order, dated March 4, 2011 (the "Phase 1 Summary Judgment Order") (Docket No. 342), and refer to the Phase 1 Summary Judgment Order for a true and complete recitation of the contents thereof.

91.     Admit, upon information and belief, that plaintiffs and third-party defendants Jeremy Levin and Dr. Lucille Levin (together, the "Levin Plaintiffs") took an immediate appeal from the Phase 1 Summary Judgment Order and that, while such appeal was pending, the Levin Plaintiffs, the Heiser Judgment Creditors and the Greenbaum and Acosta Judgment Creditors (collectively, the "Settling Parties") reached a confidential settlement agreement with regard to their competing claims to the blocked assets at issue in Phase 1 of these proceedings (the "Phase 1 Assets"), pursuant to which agreement the Levin Plaintiffs subsequently withdrew their appeal.

92.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Phase 3 Third-Party Complaint.

-8-

93.     Admit the allegations contained in paragraph 93 of the Phase 3 Third-Party Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Phase 3 Third-Party Complaint, except admit that, after Phase 1 of these proceedings was resolved, the Settling Parties designated additional blocked assets held by the defendant banks for inclusion in Phase 2 of these proceedings (the "Phase 2 Assets"), which assets, upon information and belief, involve more than $4 million in blocked funds.

95.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Phase 3 Third-Party Complaint, except admit that, in or around September and October 2011, JPMorgan filed additional third-party complaints in this proceeding (the "Additional Third-Party Complaints") (Docket Nos. 430 and 597), and refer to such pleadings for true and complete recitations of the contents thereof.

96.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Phase 3 Third-Party Complaint, and refer to the Levin Plaintiffs' October 5, 2011, answer to the amended third-party complaint of defendant/third-party plaintiff Societe Generale ("SG") (Docket No. 437) for a true and complete recitation of the contents thereof.

97.     Admit that the Greenbaum Judgment Creditors filed an answer and counterclaims in response to JPMorgan's Additional Third-Party Complaints (Docket No. 444), and refer to such pleading for a true and complete recitation of the contents thereof.

98.     Admit that the Acosta Judgment Creditors filed an answer and counterclaims in response to JPMorgan's Additional Third-Party Complaints (Docket No. 442), and refer to such pleading for a true and complete recitation of the contents thereof.

99.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Phase 3 Third-Party Complaint, and refer to the Heiser Judgment Creditors' answer to JPMorgan's Additional Third-Party Complaints (Docket No. 447) for a true and complete recitation of the contents thereof.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Phase 3 Third-Party Complaint, and refer to the Valore Judgment Creditors' answer to JPMorgan's Additional Third-Party Complaints (Docket No. 490) for a true and complete recitation of the contents thereof.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Phase 3 Third-Party Complaint, and refer to the Brown Judgment Creditors' and Bland Judgment Creditors' answer to JPMorgan's Additional Third-Party Complaints (Docket No. 440) for a true and complete recitation of the contents thereof.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Phase 3 Third-Party Complaint, and refer to the Khaliq Plaintiffs', Owens Plaintiffs' and Mwila Plaintiffs' answer to JPMorgan's Additional Third-Party Complaints (Docket No. 458) for a true and complete recitation of the contents thereof.

103.    Admit, upon information and belief, the allegations contained in paragraph 103 of the Phase 3 Third-Party Complaint.

104.    Admit, upon information and belief, the allegations contained in paragraph 104 of the Phase 3 Third-Party Complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Phase 3 Third-Party Complaint, except admit, upon

information and belief, that JPMorgan's Additional Third-Party Complaints also named as third-party defendants Susan Weinstein, *et al.* (the "Weinstein Judgment Creditors"), who, upon information and belief, did not file an answer thereto.

106.    Admit, upon information and belief, that JPMorgan's Additional Third-Party Complaints also named as third-party defendants numerous other persons and entities that, in JPMorgan's purported view, appeared to have a possible interest in, or claim to, one or more of the Phase 2 Assets (the "Phase 2 Wire Transfer/Account Parties"), some of which parties have filed answers to the Additional Third-Party Complaints, and refer to those answers for true and complete recitations of the contents thereof.

107.    Admit that, on August 29, 2012, the Settling Parties made a motion for partial summary judgment on their claims for turnover for some, but not all, of the Phase 2 Assets, and refer to that motion and all supporting papers for true and complete recitations of the contents thereof.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Phase 3 Third-Party Complaint, except admit, upon information and belief, that, in addition to the Phase 1 Assets and Phase 2 Assets held and/or formerly held by JPMorgan (the "JPM Phase 1 Asset" and "JPM Phase 2 Assets," respectively), JPMorgan is holding several million dollars or more in blocked funds, including, but not necessarily limited to, funds formerly held in deposit accounts and/or representing the proceeds of blocked wire transfers, which funds have been designated as the JPM Phase 3 Assets.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Phase 3 Third-Party Complaint.

110.    Admit, upon information and belief, the allegations contained in paragraph 110 of the Phase 3 Third-Party Complaint.

111.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Phase 3 Third-Party Complaint, and refer to third-party defendants Michael Bennett, *et al*.'s (the "Bennett Judgment Creditors") July 5, 2012, answer (Docket No. 716), referenced therein, for a true and complete recitation of the contents thereof.

112.    Admit, upon information and belief, the allegations contained in paragraph 112 of the Phase 3 Third-Party Complaint.

113.    Admit that, on August 16, 2012, the Court authorized the Heiser Judgment Creditors to, *inter alia*, amend their answer and counterclaims filed in response to JPMorgan's Additional Third-Party Complaints, and refer to the minutes transcript of the August 16 hearing in this action, as well as the Heiser Judgment Creditors' amended pleadings, for true and complete recitations of the contents thereof.

114.    Admit, upon information and belief, that, on August 17, 2012, the Heiser Judgment Creditors filed an amended answer and counterclaims (Docket No. 753) in response to JPMorgan's Additional Third-Party Complaints, and refer to the Heiser Judgment Creditors' amended pleading for a true and complete recitation of the contents thereof.

115.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the Phase 3 Third-Party Complaint, except admit, upon information and belief, that JPMorgan is holding the JPM Phase 3 Assets in three blocked accounts.

116.    Paragraph 116 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

117.    Paragraph 117 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

118.     Paragraph 118 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

119.     Paragraph 119 of the Phase 3 Third-Party Complaint states a conclusion of law, as to which no response is required.

First Counterclaim/Claim for Relief

120.     No response is required of paragraph 120 of the Phase 3 Third-Party Complaint, which repeats and realleges paragraphs 44 through 119 therein.

121.     The Greenbaum and Acosta Judgment Creditors neither admit nor deny the allegations contained in paragraph 121 of the Phase 3 Third-Party Complaint, and instead refer to CPLR § 5239, which speaks for itself, for a true and complete recitation of the contents thereof.

122.     Paragraph 122 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

Second Counterclaim/Claim for Relief

123.     No response is required of paragraph 123 of the Phase 3 Third-Party Complaint, which repeats and realleges paragraphs 44 through 119 therein.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the Phase 3 Third-Party Complaint, except to the extent such paragraph states conclusions of law, as to which no response is required, and refer to the Heiser Judgment Creditor's amended answer to the Additional Third-Party Complaints and counterclaims for a true and complete recitation of the contents thereof.

125.     Paragraph 125 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

126.     Paragraph 126 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

Third Counterclaim/Claim for Relief

127.    No response is required of paragraph 127 of the Phase 3 Third-Party Complaint, which repeats and realleges paragraphs 44 through 119, 121, 122, and 124 through 126 therein.

128.    Paragraph 128 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

Fourth Counterclaim/Claim for Relief

129.    No response is required of paragraph 129 of the Phase 3 Third-Party Complaint, which repeats and realleges paragraphs 44 through 119, 121, 122, and 124 through 126 therein.

130.    Paragraph 130 of the Phase 3 Third-Party Complaint states conclusions of law, as to which no response is required.

RESERVATION OF RIGHTS

131.    The Greenbaum and Acosta Judgment Creditors reserve the right to assert any affirmative defenses, as well as any additional counterclaims and/or crossclaims, that may become apparent after additional discovery or otherwise.

COUNTERCLAIM

132.    By and for their counterclaim against third-party plaintiffs and counterclaim defendants JPMorgan Chase & Co. (JPMCC) and JPMorgan Chase Bank, N.A. (JPMCB) in the above-captioned proceeding, the Greenbaum and Acosta Judgment Creditors allege as follows:

Parties

133.    The Greenbaum Judgment Creditors are United States citizens and plaintiffs-judgment creditors in a case entitled *Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 02-2148 (RCL) (D.D.C.).

134.    The Acosta Judgment Creditors are United States citizens and plaintiffs-judgment creditors in a case entitled *Carlos Acosta, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-745 (RCL) (D.D.C.).

135.    Upon information and belief, third-party plaintiff and counterclaim defendant JPMCC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the County and State of New York.

136.    Upon information and belief, third-party plaintiff and counterclaim defendant JPMCB is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio and additional offices and branches in the County and State of New York.

<u>Jurisdiction and Venue</u>

137.    This Court has subject matter jurisdiction over the claim set forth herein pursuant to 28 U.S.C. § 1331 because such claim arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1601, *et seq.* (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367 because the matters herein at issue are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claim herein form part of the same case or controversy.  Moreover, this Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction because the claim herein seek to enforce federal judgments that have been registered in this Court pursuant to 28 U.S.C. §§ 1331 and 1963.

138.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the claim asserted herein seeks to enforce judgments that have been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4,

because the judgments that the claim herein seeks to enforce have been entered as judgments with this Court at a courthouse within this county and judicial district.

Allegations Supporting the Counterclaim

139.    The Greenbaum Judgment Creditors hold an unsatisfied judgment entered against Iran and the Iranian Ministry of Information and Security ("MOIS") pursuant to 28 U.S.C. § 1605(a)(7) in the amount of $19,879,023 in compensatory damages (the "Greenbaum Judgment").  The Greenbaum Judgment was awarded on August 10, 2006, and arises from a terrorist suicide bombing that took place in Jerusalem, Israel, on August 9, 2001, which attack was sponsored by Iran and MOIS and left fifteen people dead, including then-pregnant Judith Greenbaum, and wounded more than one hundred thirty others.

140.    The Acosta Judgment Creditors hold an unsatisfied judgment entered against Iran and MOIS pursuant to 28 U.S.C. § 1605A in the amount of $350,172,000 ($50,172,000 of which constitutes an award of compensatory damages, while the remaining $300,000,000 constitutes punitive damages) (the "Acosta Judgment").  The Acosta Judgment was awarded on August 26, 2008, and arises from the assassination of Rabbi Meier Kahane and the shootings of Irving Franklin and U.S. Postal Police Officer Carlos Acosta, which took place on November 5, 1990, in New York, New York.  Rabbi Kahane was killed and Irving Franklin and Carlos Acosta were seriously wounded by the gunfire of El Sayyid Nosair, who was and is a member of Al-Gam'aa Islamiyah, a terrorist organization headed by Sheik Omar Ahmad Ali Abdel Rahman and sponsored by Iran and MOIS.

141.    The Greenbaum Judgment and Acosta Judgment were registered in the Southern District of New York on December 10 and December 1, 2008, respectively.  Transcripts of the Greenbaum Judgment and Acosta Judgment were docketed in the New York County Clerk's Office on December 17 and December 24, 2008, respectively.

-16-

142.    On December 11, 2009, the Acosta Judgment Creditors obtained an Order pursuant to 28 U.S.C. § 1610(c) from the Hon. Barbara S. Jones, United States District Judge for the Southern District of New York, directing the Clerk of Court to issue writs of execution in satisfaction of the Acosta Judgment with respect to, *inter alia*, property of judgment debtor Iran held in this district by JPMorgan.

143.    On December 21, 2009, the Acosta Judgment Creditors obtained a writ of execution from the Clerk of Court pursuant to the Court's December 11 Order, and delivered the writ that day to the United States Marshals Service for the Southern District of New York (the "U.S. Marshals") for, *inter alia*, service on JPMorgan.  On April 5, 2010, the Acosta Judgment Creditors obtained from the Clerk of Court an amended writ of execution pursuant to the Court's December 11 Order.  That amended writ was delivered to the U.S. Marshals on April 6, 2010, for, *inter alia*, service upon JPMorgan, which service was completed by the U.S. Marshals on April 15, 2010.

144.    On April 15, 2010, the Greenbaum and Acosta Judgment Creditors filed answers and counterclaims in response to the third-party complaint of JPMorgan, SG, The Bank of New York Mellon ("BNYM"), and Citibank, N.A. ("Citibank") (collectively, the "Defendant Banks") that was filed in Phase One of these proceedings.  In their April 15 pleading, the Greenbaum and Acosta Judgment Creditors counterclaimed, *inter alia*, for the turnover of property of judgment debtor Iran held in this district by certain of the Defendant Banks, including, but not limited to, JPMorgan.

145.    Beginning in or around July 2010, the Levin Plaintiffs, Heiser Judgment Creditors and Greenbaum and Acosta Judgment Creditors filed competing motions for, *inter alia*, partial summary judgment on their claims for turnover of Phase 1 Assets.  By Order, dated January 20, 2011, and later modified on March 4, 2011, the Court, *inter alia*, granted the Greenbaum and

Acosta Judgment Creditors' joint motion for partial summary judgment and turnover with respect to certain of the Phase 1 Assets held by the Defendant Banks, including, but not limited to, the JPM Phase 1 Asset.  In so ruling, the Court held that the Greenbaum and Acosta Judgment Creditors hold a priority interest in the Phase 1 Assets held at Citibank and JPMorgan.

146.    On February 8, 2011, the Greenbaum Judgment Creditors obtained an Order from the Court (Jones, J.) pursuant to 28 U.S.C. § 1610(c), directing the Clerk of Court to issue writs of execution in satisfaction of the Greenbaum Judgment with respect to property of judgment debtor Iran held in this district by certain of the Defendant Banks, including, but not limited to, JPMorgan.

147.    On February 9, 2011, the Greenbaum Judgment Creditors obtained a writ of execution from the Clerk of Court pursuant to the February 8 Order and delivered the writ that day to the U.S. Marshals for service upon JPMorgan, among other of the Defendant Banks, which service was completed by the U.S. Marshals on February 17, 2011.

148.    Pursuant to a stipulation of the parties that was So-Ordered by the Court on March 4, 2011, the Greenbaum and Acosta Judgment Creditors filed amended answers and counterclaims against the Defendant Banks on March 7, 2011.

149.    In June 2011, the Levin Plaintiffs, Heiser Judgment Creditors and Greenbaum and Acosta Judgment Creditors (collectively, the Settling Parties, as previously defined) made a joint motion for partial summary judgment on their claims for turnover with respect to all Phase 1 Assets held by the Defendant Banks, including, but not limited to, the JPM Phase 1 Asset.  By Order and Judgment, dated June 21, 2011, the Court granted the Settling Parties' joint motion for partial summary judgment and turnover.  In so ruling, the Court determined, *inter alia*, that, based upon the writs of execution obtained by the Greenbaum and Acosta Judgment Creditors, and the levying of such writs upon the blocked assets held by the Defendant Banks, the Settling

Parties possessed a priority interest in the Phase 1 Assets and, accordingly, granted the Settling

Parties' joint motion for partial summary judgment and turnover. That Order disposed of the

remainder of the Phase 1 Assets by directing that all Phase 1 Assets, including, but not limited to,

the JPM Phase 1 Asset, be turned over to the Settling Parties for distribution amongst themselves

in accordance with the terms of the Settling Parties' confidential settlement agreement. In

accordance with that Order, JPMorgan turned over the JPM Phase 1 Asset to the U.S. Marshals

for delivery to the Settling Parties in or around July 2011.

150.    On September 16, 2011, the Court entered an Order authorizing the Defendant

Banks to file additional third-party complaints with respect to certain additional blocked assets in

their possession or custody that were designated for inclusion in Phase 2 of these proceedings

(heretofore defined as the Phase 2 Assets). Pursuant to that Order, JPMorgan thereafter filed the

Additional Third-Party Complaints with respect to the Phase 2 Assets within its possession or

custody (heretofore defined as the JPM Phase 2 Assets). Upon information and belief, the JPM

Phase 2 Assets, like the JPM Phase 1 Asset, are blocked assets of Iran and/or certain agencies,

instrumentalities and/or alter egos of Iran.

151.    Pursuant to the Court's Order of September 16, 2011, the Settling Parties

undertook, *inter alia*, to serve JPMorgan's Additional Third-Party Complaints on the Phase Two

Blocked Account Parties, the Phase Two Blocked Wire Transfer Parties and the Iran Parties, as

those terms are defined in the September 16 Order and pursuant to the terms of that Order, while

JPMorgan undertook service of the Additional Third-Party Complaints upon all third-party

defendants who are Iran Plaintiff Parties, as that term is defined in the September 16th Order and

pursuant to the terms of that Order.

152.    After the filing and service of JPMorgan's Additional Third-Party Complaints

(including summonses and other service papers) was complete, various third-party defendants

named therein appeared in this action to file responsive pleadings.  Certain of those parties filed

counterclaims asserting various interests in, and claims to, the JPM Phase 2 Assets, including the

Settling Parties, while other third-party defendants filed responsive pleadings that contained no

such claimed interest in, or right to, the JPM Phase 2 Assets.  Numerous other third-party

defendants failed to file any responsive pleading or otherwise appear in this action and, as a

result, such parties are currently in default.

153.    On August 16, 2012, the Court held a conference with the parties in order to

discuss, among other things, the resolution of Phase 2 of these proceedings and the potential

need for a Phase 3.  At that hearing, the Court, *inter alia*, authorized the Settling Parties to move

for partial summary judgment on their claims for turnover of Phase 2 Assets, and further

authorized the Defendant Banks to interplead certain additional blocked assets in the possession

or custody that had not been included in either Phase 1 or Phase 2 of these proceedings (the

"Phase 3 Assets"), which assets include, but are not limited to, the JPM Phase 3 Assets described

in greater detail in Exhibit A to JPMorgan's Phase 3 Third-Party Complaint.

154.    Upon information and belief, the Phase 3 Assets, including, but not limited to, the

JPM Phase 3 Assets, are blocked assets of Iran and/or certain agencies, instrumentalities and/or

alter egos of Iran, and, as such, are non-immune and subject to execution in satisfaction of the

Greenbaum Judgment and Acosta Judgment pursuant to, *inter alia*, 28 U.S.C. § 1610, including

§ 201 of TRIA, codified as a note thereto.

155.    By reason of the foregoing, and by virtue of having been the first in time to

properly obtain writs of execution and levy such writs against property of Iran held in this district

by JPMorgan, and having timely perfected such levy by the filing of counterclaims asserting an

interest in, and claims and rights to such property interests, the Greenbaum and Acosta Judgment

Creditors secured a priority interest in, and claims and rights to, such assets, including, but not

limited to, the JPM Phase 3 Assets, that supersede any and all other interests therein and claims

and rights thereto asserted by other parties to these proceedings.

## Counterclaim

156.    The Greenbaum and Acosta Judgment Creditors repeat and reallege paragraphs

132 through 155 as if fully set forth herein.

157.    Section 201(a) of TRIA, codified as a note to 28 U.S.C. § 1610, provides, in

relevant part:

> Notwithstanding any other provision of law . . . in every case in
> which a person has obtained a judgment against a terrorist party on
> a claim based upon an act of terrorism, or for which a terrorist
> party is not immune under section 1605A or 1605(a)(7) (as such
> section was in effect on January 27, 2008) of title 28, United States
> Code, the blocked assets of that terrorist party (including the
> blocked assets of any agency or instrumentality of that terrorist
> party) shall be subject to execution or attachment in aid of
> execution in order to satisfy such judgment to the extent of any
> compensatory damages for which such terrorist party has been
> adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a), as

recently amended by § 502(e)(2) of the Iran Threat Reduction and Syria Human Rights Act of

2012, Pub. L. No. 112-158, 126 Stat. 1214 (2012), codified at 22 U.S.C. § 8701, *et seq*.

158.    The Greenbaum and Acosta Judgment Creditors obtained their judgments against

Iran on claims for which Iran is not immune pursuant to 28 U.S.C. §§ 1605(a)(7) (as such section

was in effect on January 27, 2008) and 1605A, respectively.

159.    Iran is, and was at the time of the attacks underlying both the Greenbaum

Judgment and the Acosta Judgment, designated a state sponsor of terrorism, and the Greenbaum

Judgment and Acosta Judgment were therefore entered against a "terrorist party" as defined in

§ 201(d)(4) of TRIA.

160.     Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution in satisfaction of compensatory damages portions of the Greenbaum Judgment and the Acosta Judgment.

161.     Upon information and belief, counterclaim defendant JPMorgan is holding blocked assets of Iran and/or certain agencies and instrumentalities of Iran, which assets include, but are not limited to, the JPM Phase 3 Assets.  Upon information and belief, such assets are blocked pursuant to regulations promulgated by the United States Treasury Department's Office of Foreign Assets Control ("OFAC") and/or various Executive Orders of the President of the United States, including, but not limited to, Executive Order 13224 of September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism"), Executive Order 13382 of June 28, 2005 ("Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters"),  and/or Executive Order 13599 of February 5, 2012 ("Blocking Property of the Government of Iran and Iranian Financial Institutions").

162.     The Greenbaum and Acosta Judgment Creditors possess a priority interest in, and claims and rights to such blocked assets in JPMorgan's possession or custody, including, but not limited to, the JPM Phase 3 Assets, that supersedes the claimed interests therein and rights thereto of all other parties to these proceedings.

163.     By reason of the foregoing, and pursuant to, *inter alia*, 28 U.S.C. § 1610, including, but not limited to, § 201 of TRIA, codified as a note thereto, Fed. R. Civ. P. 69, N.Y. C.P.L.R. §§ 5225, 5227 and 5232, the Greenbaum and Acosta Judgment Creditors are entitled to an Order and Judgment conveying, assigning, and directing JPMorgan to turn-over to them blocked assets of Iran, including the blocked assets of any agency, instrumentality and/or alter ego of Iran, along with any and all interest accrued thereupon, with a value of, or otherwise not

exceeding, $70,051,023 (the combined compensatory damages awarded to the Greenbaum and Acosta Judgment Creditors), plus post-judgment interest, that are within JPMorgan's possession or custody, including, but not limited to, the JPM Phase 3 Assets.

WHEREFORE, the Greenbaum and Acosta Judgment Creditors respectfully demand judgment on their counterclaim against JPMorgan:

(i)    conveying, assigning, and directing JPMorgan to turn over to the Greenbaum and Acosta Judgment Creditors blocked assets of Iran, including the blocked assets of any agency, instrumentality and/or alter ego of Iran, along with any and all interest accrued thereupon, with a value of, or otherwise not exceeding, $70,051,023, plus post-judgment interest, that are within JPMorgan's possession or custody, including, but not limited to, the JPM Phase 3 Assets;

(ii)  awarding the Greenbaum Judgment Creditors the costs and disbursements of this action; and

(iii)  awarding such other and further relief as the Court deems just and proper.


Dated: New York, New York               STROOCK & STROOCK & LAVAN LLP
          November 9, 2012


By:   /s/ Curtis C. Mechling
        Curtis C. Mechling
        James L. Bernard
        Benjamin Weathers-Lowin
        180 Maiden Lane
        New York, New York 10038
        (212) 806-5400

        *Attorneys for the Greenbaum and Acosta
        Judgment Creditors*

-23-