UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEREMEY LEVIN AND DR. LUCILLE LEVIN,

                               :

                  Plaintiffs,       :            Case No. 09 Civ 5900(RPP)

                               :

            -against-            :

                               :

BANK OF NEW YORK, JP MORGAN CHASE    :
SOCIETE GENERALE and CITIBANK,       :

                  Defendants.    :
-------------------------------------------------------------x
JP MORGAN CHASE & CO and JPMORGAN  :
CHASE BANK, N.A.

                               :

              Third Party Plaintiff,  :

            -against-            :

STEVEN M.GREENBAUM, et al.         :

              Third Party Defendants.  :
-------------------------------------------------------------x

### BROWN JUDGMENT CREDITORS AND BLAND JUDGMENT CREDITORS ANSWER TO THE AMENDED AND SUPPLEMENTAL THIRD PARTY COMPLAINT OF JP MORGAN CHASE PARTIES AGAINST OTHER THID PARTY CREDITORS OF IRAN

      Third-Party Defendants Joseph A. Barile, Angela E. Barile, Michael Barile, Andrea Ciarla, Ann Marie Moore, Angela Yoak, John Becker, The Estate of Anthony Brown, Vara Brown, John Brown, Sulba Brown, Rowel Brown, Marvine McBride, LaJuana Smith, Rodney E. Burns, Jeannie Scaggs, Eugene Burns, David Burns, Daniel Cuddeback, Jr., John R. Cuddeback, Daniel Cuddeback, Sr., Barbara Cuddeback, Robert Dean, Michael Episcopo, Randy Gaddo, Peter Gaddo, Timothy Gaddo, Louise Gaddo Blatter, The Estate of William R. Gaines, Jr., Michael A. Gaines, Carolyn Spears, Mark Spears, James S. Spears, William R. Gaines, Sr.,

Evelyn Sue Spears Elliot, Carol Weaver, The Estate of Virgel Hamilton, Gloria Hamilton, Bruce
Hastings, Maynard Hodges, Kathy Hodges, Mary Jean Hodges, Loretta Brown, Cindy Holmes,
Shana Saul, Daniel Joy, Sean Kirkpatrick, Daniel Kremer, Joseph T. Kremer, Jacqueline Stahrr,
The Estate of Christine Kremer, The Estate of Thomas Kremer, The Estate of David A. Lewis,
Betty Lewis, Jerry L. Lewis, Scott M. Lewis, Paul Martinez, Sr., Teresa Gunther, Esther
Martinez Parks, Alphonso Martinez, Daniel Martinez, Michael Martinez, Paul Martinez, Jr,
Tomasita L. Martinez, Susanne Yeoman, John Opatovsky, The Estate of Jeffrey Bruce Owen,
Steven G. Owen, Jean Givens Owen, The Estate of Michael Lee Page, Albert Page, Janet Page,
Joyce Clifford, David Penosky, Joseph Penosky, Christian R. Rauch, Leonard Paul Tice, The
Estate of Burton Wherland, Sarah Wherland, Gregory Wherland, Kimmy Wherland, Charles F.
West, Charles H. West, Rick West and Sharon Davis (hereinafter "Brown Judgment Creditors")
and Alan C. Anderson, Michael Anderson, Thelma Anderson, Stephen Boyd Bland, Estate of
Frank Bland, Ruth Ann Bland, James Bland, Estate of Laura Virginia Copeland, Sidney Decker,
Ida Decker, Dudley Decker, Johnnie Decker, Carolyn Mudd, Ronald Duplanty, Estate of Sean F.
Estler, Keith Estler, Louis Estler, Jr., Mary Ellen Estler, Estate of Benjamin E. Fuller, Elaine
Allen, Ernest C. Fuller, John Gibson, Holly Gibson, Maurice Gibson, Estate of Michael
Hastings, Joyce Hastings, Estate of Paul Hein, Christopher Hein, Jo Ann Hein, Karen Hein-
Sullivan, Victor J. Hein, Jacqueline M. Kunysz, Estate of John Hendrickson, John Hendrickson,
Tyson Hendrickson, Deborah Ryan, Estate of Bruce Hollingshead, Melinda Hollingshead,
Renard Manley, Estate of Michael Robert Massman, Nicole Gomez, Angela Massman,
Kristopher Massman, Lydia Massman, Patricia Lou Smith, Estate of Louis Melendez, Zaida
Melendez, Douglas Jason Melendez, Johnny Melendez, Johnny Melendez, Jr., Estate of Michael
Mercer, Sarah Mercer, Samuel Palmer, Robin Nicely, Estate of Juan C. Rodriguez, Louisa

Puntonet, Robert Rucker, Estate of Billy San Pedro, Cesar San Pedro, Sila V. San Pedro, Guillermo San Pedro, Javier San Pedro, Thurnell Shields, Emanuel Simmons, Estate of James Surch, Patty Barnett, Will Surch, Bradley Ulick, Jeanette Dougherty, Marilyn Peterson, Estate of Eric Walker, Tena Walker-Jones, Ronald E. Walker, Ronald Walker, Jr. Galen Weber, Estate of Obrian Weekes, Anson Edmond, Arnold Edmond, Hazel Edmond, Wendy Edmond, Faith Weekes,  Ianthe Weekes, Keith Weekes, Meta Weekes, Estate of Dennis Lloyd West, Kathy West, Estate of John Weyl, Kelly Bachlor, Robin Brock, Morgan W. Rowan, Sharon J. Rowan and Nelson Weyl (hereinafter "Bland Judgment Creditors"), by their undersigned attorneys for their Answer to the Amended and Supplemental Third Party Complaint of the JP Morgan Chase Parties Against Other Judgment Creditors of Iran, Plaintiffs Suing Iran and Wire Transfer Parties allege as follows:

<u>Nature of the Proceedings</u>

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Third-Party Complaint and therefore on that basis deny each and every allegation except admit that the Bland Judgment Creditors and Brown Judgment Creditors claim a right and interest in the assets at issue in the Turnover Proceeding JPM Phase 3.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

## The Third-Party Plaintiffs

48. Admit.

49. Admit.

## The Counterclaim Defendants

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

## The Third Party Defendant Judgment Creditors/Plaintiffs Suing Iran

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

57.  Admit.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

60. Admit.

61. Admit.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

<u>The Account Party and Wire Transfer Third-Party Defendants</u>

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

Islamic Republic of Iran

72. Admit.

73. Admit.

74. Admit.

Jurisdiction and Venue

75. Paragraph 75 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations.

76. Paragraph 76 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations.

Factual Background

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

85. Admit.

86. The Brown Judgment Creditors Admit paragraph 86.

87. The Bland Judgment Creditors Admit paragraph 87.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

100.    Admit.

101.    Admit.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

10

104.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

105.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

106.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

108.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

109.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

110.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

111.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

112.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

114.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

115.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

116.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Third-Party Complaint, except admit that the Brown Judgment Creditors and Bland Judgment Creditors have taken steps to enforce their judgments against certain assets including but not limited to the JPM Phase 3 Assets.

117.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 and deny that the Phase 3 Wire Transfer/Account Parties or some of them have claims to or rights with respect to some or all of the JPM

12

Phase 3 Assets; admit that, based on all the facts and circumstances of this case the Brown Judgment Creditors and the Bland Judgment Creditors have equal or greater priority to the claims of other parties.

118.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

119.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

<u>First Counterclaim/Claim of Relief</u>

120.    The Brown Judgment Creditors and Bland Judgment Creditors repeat and reallege each and every response contained in paragraph 44 through 119 as if fully set forth herein.

121.    Paragraph 121 states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations.

122.    Paragraph 122 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations.

<u>Second Counterclaim/Claim for Relief</u>

123.     The Brown Judgment Creditors and Bland Judgment Creditors repeat and reallege each and every response contained in paragraph 44 through 122 as if fully set forth herein.

124.     The Brown Judgment Creditors and Bland Judgment Creditors admit that they may have claims or rights in some or all of the JPM Phase 3 Assets that may take priority over other parties but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Third-Party Complaint.

125.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Third-Party Complaint and therefore on that basis deny each and every allegation.

126.     Paragraph 126 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations.

<u>Third Counterclaim/Claim For Relief</u>

127.     The Brown Judgment Creditors and Bland Judgment Creditors repeat and reallege each and every response contained in paragraph 44 through 126 as if fully set forth herein.

128.     Paragraph 128 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations.

<u>Fourth Counterclaim/Claim For Relief</u>

129.     The Brown Judgment Creditors and Bland Judgment Creditors repeat and reallege each and every response contained in paragraph 44 through 128 as if fully set forth herein.

130.     Paragraph 130 of the Third-Party Complaint states conclusions of law as to which no response is required, and to the extent a response is required, the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations

## AFFIRMATIVE DEFENSES

131.     The Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of insufficient service of process.

132.     The Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of laches.

133.     The Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of estoppel.

134.     Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of failure to state a claim, as JP Morgan Chase has not stated facts sufficient to constitute a claim or cause of action against the Brown Judgment Creditors and Bland Judgment Creditors.

135.     Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of waiver.

136.     Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of failure to mitigate

137.     Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of unclean hands.

15

138.    Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of unjust enrichment.

139.    Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of lack of damages, as JP Morgan Chase Parties have not and will not suffer any injury or damage as a result of action taken by Brown Judgment Creditors and Bland Judgment Creditors.

140.    Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of other causes in that any damages JP Morgan Chase Parties did suffer were caused by independent, intervening events unrelated to the Brown Judgment Creditors and Bland Judgment Creditors.

141.    The Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of *in pari delecto*.

142.    The Brown Judgment Creditors and Bland Judgment Creditors assert the affirmative defense of assumption of the risk.

143.    The Brown Judgment Creditors and Bland Judgment Creditors assert they have claims to the Restrained Assets of equal or greater priority to the claims of all other parties in this action.

144.    The Brown Judgment Creditors and Bland Judgment Creditors assert they have claims to the Restrained Assets of equal or greater priority to the claims of all other parties in this action to the extent that these other parties have premised their claim upon writs of execution and other legal process that are faulty/defective and/or void as a matter of law.

145.     The Brown Judgment Creditors and Bland Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

## COUNTERCLAIMS

146.     The Bland Judgment Creditors are judgment creditors in the following action, *Estate of Stephen B. Bland et al. v. Islamic Republic of Iran et al.*, Civil Action No. 05-2124(RCL)(D.D.C.), and on December 21, 2011 obtained a judgment in the amount of $1,233,458,232.

147.     The Brown Judgment Creditors are judgment creditors in the following action, *Estate of Anthony K. Brown et al., v. Islamic Republic of Iran et al.*, Civil Action No. 08-531(RCL)(D.D.C.), and July 3, 2012 obtained a Judgment in the amount of $813,768,945.

148.     Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant JP Morgan Chase & Co. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the County and State of New York.

149.     Upon information and belief, Third Party Plaintiff and Counterclaim Defendant JP Morgan Chase Bank, N.A. is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

**Jurisdiction and Venue**

150.    This Court has subject matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. §1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§1602 *et seq.* ("FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002)("TRIA"), and pursuant to 28 U.S.C. §1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings ("Turnover Proceedings"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy.

151.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §1391(b) because the property that is the subject of this proceeding is located in this district.

**Allegations Common to All Counterclaims**

152.    The Bland Judgment Creditors hold an unsatisfied judgment in the amount of $1,233,458,232, comprising $277,805,908 in compensatory damages and $955,652,324 in punitive damages, ("Bland Judgment"), against judgment debtors Iran and MOIS. The Judgment arises from the October 23, 1983 terrorist bombing in Beirut, Lebanon which killed 241 American servicemen and injured many others.

153.    On December 21, 2011, Chief Judge Royce C. Lamberth of the United States District Court for the District of Columbia entered the Bland Judgment in favor of the plaintiffs, the Bland Judgment Creditors.

154.     October 4, 2012, Judge Lamberth entered an Order pursuant to 28 U.S.C. 1610(c) finding that a reasonable period of time had elapsed following the entry of Bland Judgment and permitting attachment and execution upon the Bland Judgment.

155.     On November 13, 2012, the Bland Judgment Creditors registered the Bland Judgment with United States District Court for the Southern District of New York.

156.     The Brown Judgment Creditors hold an unsatisfied judgment in the amount of $813,768,945, comprising $183,281,294 in compensatory damages and $630,487,651 in punitive damages, ("Brown Judgment"), against judgment debtors Iran and MOIS.  The Brown Judgment arises from the October 23, 1983 terrorist bombing in Beirut, Lebanon which killed 241 American servicemen and injured many others.

157.     On July 3, 2012, Chief Judge Royce C. Lamberth of the United States District Court for the District of Columbia entered the Brown Judgment in favor of the plaintiffs, the Brown Judgment Creditors.

158.     On August 29, 2012 the Clerk of the United States District Court for Columbia transmitted a copy of the Brown Judgment to the United States State Department for requesting that the State Department assist in serving a copy of the Brown Judgment on the judgment debtors, Iran and MOIS.

159.     The Third Party Complaint alleges that the Third Party Plaintiffs, including Counterclaim Defendants JP Morgan, are holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United State and blocking regulations issued by the United States Department of Treasury.

160.     Upon information and belief, these blocked funds, in whole or in part, belong or are owed to or are held for the benefit of Iran, MOIS, and/or their agencies, instrumentalities, or alter egos ("Iranian Blocked Assets").

## First Counterclaim

161.     The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege paragraphs 146 through 160 as if set forth herein.

162.     The Bland Judgment Creditors and Brown Judgment Creditors are judgment creditors of Iran and MOIS.

163.     The Bland Judgment Creditors and Brown Judgment Creditors are entitled to enforce their judgment against all assets of which Iran and/or MOIS has interest, direct or indirect, which are within the United States.

164.     Upon information and belief, JP Morgan holds such assets, including but not limited to the Iranian Blocked Assets.

165.     By reason of the forgoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. of Civ. P. 69 and NY CPLR §§5225(b) and 5227, the Bland Judgment Creditors are entitled to a turnover of the personal and, if applicable, real property with a value of, or to otherwise receive payment of a sum of money not exceeding $1,233,458,232, plus post-judgment interest, from Counterclaim Defendants JP Morgan.

166.     By reason of the forgoing and pursuant to 28 U.S.C. §§ 1603, 1605A, and 1606, Fed. R. of Civ. P. 69 and NY CPLR §§5225(b) and 5227, the Brown Judgment Creditors are entitled to a turnover of the personal and, if applicable, real property with a value of, or to otherwise receive payment of a sum of money not exceeding $813,768,945, plus post-judgment interest, from Counterclaim Defendants JP Morgan.

## Second Counterclaim

167.     The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege paragraphs 146 through 166 as if set forth herein.

168.     Section 201 of TRIA provides in relevant part that: "Notwithstanding any other provision of law….in every case in which a person has obtained a judgment against a terrorist party on a claim based upon act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of the execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist has been adjudged liable." Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), §201(a).

169.     The Bland Judgment Creditors and Brown Judgment Creditors obtained their judgments for claims which Iran was not immune pursuant to 28 U.S.C. §1605A, the statutory successor to §1505(a)(7).

170.     Iran is, and was at the time of the attack on the American servicemen, designated a state sponsor of terrorism, and the Bland Judgment and Brown Judgment were therefore entered against a "terrorist party" as defined in §201 of TRIA.

171.     Pursuant to §201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Bland Judgment and Brown Judgment.

172.     The Bland Judgment Creditors and Brown Judgment Creditors are therefore entitled to an order and judgment pursuant to Fed. R. of Civ. P. 69, N.Y. CPLR §§5225

and 5227 and §201 of TRIA conveying, assigning and directing the turnover by Counterclaim Defendants JP Morgan to the Bland Judgment Creditors and Brown Judgment Creditors in satisfaction of the compensatory damages of their judgments of all blocked assets in their possession, custody or control owed to or held for the benefit of Iran.

**WHEREFORE,** the Bland Judgment Creditors and Brown Judgment Creditors respectfully demand judgment against Counterclaim Defendants JP Morgan:

(i)     Requiring Counterclaim Defendants JP Morgan to turnover property with a value of, or otherwise pay a sum of money not exceeding $1,233,458,232, plus post-judgment interest to the Bland Judgment Creditors from personal, and if applicable, real property held by JP Morgan in which Iran, MOIS and/or their instrumentalities or alter egos have an interest, direct or indirect, including but not necessarily limited to the Iranian Blocked Assets;

(ii)    Requiring Counterclaim Defendants JP Morgan to turnover property with a value of, or otherwise pay a sum of money not exceeding $813,768,945, plus post-judgment interest to the Brown Judgment Creditors from personal, and if applicable, real property held by JP Morgan in which Iran, MOIS and/or their instrumentalities or alter egos have an interest, direct or indirect, including but not necessarily limited to the Iranian Blocked Assets;

(iii)   Awarding the Bland Judgment Creditors and Brown Judgment Creditors costs and disbursements in this action; and

(iv)    Awarding such other relief as the Court deems appropriate.

Dated: December 6, 2012

HEIDEMAN NUDELMAN & KALIK, P.C.

_____/s/Noel J. Nudelman_____

Noel J. Nudelman
1146 19th St. N.W., 5th Floor
Washington, D.C. 20036
Telephone:  202-463-1818
Facsimile:  202-463-2999

*Attorneys for the Bland Judgment Creditors
and Brown Judgment Creditors*

23