UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

Plaintiffs,

-v-

BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,

Defendants.

THE BANK OF NEW YORK MELLON,

Third-Party Plaintiff,

-v-

STEVEN M. GREENBAUM, et al.

Third-Party Defendants.

JPMORGAN CHASE BANK, N.A.,

Third-Party Plaintiff,

-v-

STEVEN M. GREENBAUM, et al.,

Third-Party Defendants.

CAPTION CONTINUED ON NEXT PAGE

Civ. No. 09 CV 5900 (RPP) (MHD)

**ANSWER BY PLAINTIFFS AND COUNTERCLAIM DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN TO CITIBANK, N.A.'S SUPPLEMENTAL THIRD-PARTY COMPLAINT WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S AUGUST 16, 2012 ORDER AND COUNTERCLAIM AGAINST CITIBANK, N.A.**

SOCIETE GENERALE,

Third-Party Plaintiff,

-v-

STEVEN M. GREENBAUM, et al.,

Third-Party Defendants.

.

CITIBANK, N.A.,

Third-Party Plaintiff,

-v-

DEBORAH D. PETERSON, et al.,

Third-Party Defendants.

Civ. No. 09 CV 5900 (RPP) (MHD)

**ANSWER BY PLAINTIFFS AND COUNTERCLAIM DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN TO CITIBANK, N.A.'S SUPPLEMENTAL THIRD-PARTY COMPLAINT WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S AUGUST 16, 2012 ORDER AND COUNTERCLAIM AGAINST CITIBANK, N.A.**

Plaintiffs and Counterclaim Defendants Jeremy Levin and Dr. Lucille Levin (the "Levins") hereby answer Citibank, N.A.'s Supplemental Third-Party Complaint with Respect to Phase Two Assets Against Judgment Holders and Plaintiffs in Other Actions Against Iran Against Iran in Accordance with the Court's August 16, 2012 Order (the "Supplemental Third Party Complaint").

## Nature of the Proceedings

1. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

2. The Levins admit that they obtained a judgment against the Islamic Republic of Iran ("Iran") and its agencies and instrumentalities under FSIA, including in particular 28 U.S.C. § 1605(a)(7), including an award of compensatory damages in the amount of $28,807,719, plus post-judgment interest at the legal rate. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

3. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

**Jurisdiction and Venue**

4. The Levins admit that this Court has subject matter jurisdiction over this proceeding. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

5. The Levins admit that venue is proper in this Court. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

**The Third Party Plaintiff**

6. The Levins admit that Citibank, N.A. ("Citibank") is a national banking association organized and existing under the laws of the United States of America with its main office in the County and State of New York. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

**Third Party Defendants**

7. The Levins admit that they obtained a judgment against Iran and its agencies and instrumentalities under FSIA, including in particular 28 U.S.C. § 1605(a)(7), including an award of compensatory damages in the amount of $28,807,719, plus post-judgment interest at the legal rate. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

8. The Levins admit that Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp. are judgment debtors of the Levins. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

9. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

10. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

11. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

12. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

13. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

14. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

15. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

16. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

17. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

18. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

19. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

20. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

21. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

22. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

**The Turnover Proceeding**

23. The Levins admit that they obtained a judgment against Iran and its agencies and instrumentalities under FSIA, including in particular 28 U.S.C. § 1605(a)(7), including an award of compensatory damages in the amount of $28,807,719, plus post-judgment interest at the legal rate. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

24. The Levins admit that they registered their judgment in the United States District Court for the Southern District of New York on April 20, 2009. The Levins obtained court-issued writs of execution on May 26, 2009 and delivered them to the U.S. Marshal for service on Citibank, the Bank of New York Mellon ("BNYM" or "Bank of New York"), Societe Generale ("SG"), and JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. ("JPMorgan," collectively the "New York Banks") on June 19, 2009. On August 16, 2011, the Levins obtained court-ordered writs of execution for service on the New York Banks. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

25. The Levins admit that they initiated this action in the United States District Court for the Southern District of New York to collect on their judgment under 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201. The Levins obtained information from the Office of Foreign Asset Control ("OFAC") by subpoena that OFAC had blocked assets in accounts held and restrained by the New York Banks ("Blocked Assets"). Parties to this action have identified other Blocked Assets in the jurisdiction of this Court and all of those Blocked Assets are claimed by the Levins and all are available for the collection of their

judgment. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

26. The Levins admit that Iran has been served with a copy with the operative complaints in this action and has not appeared. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

27. The Levins admit that the Blocked Assets of Iran and its agencies and instrumentalities are subject to attachment and execution in satisfaction of the Levins' judgment pursuant to 28 U.S.C. § 1610 and TRIA § 201. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

**Phase One of the Turnover Proceeding**

28. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

29. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

30. The Levins admit that the Court granted partial summary judgment, turning over the Phase One Blocked Assets to the Levins, the Greenbaum and Acosta Judgment Creditors, and the Heiser Judgment Creditors (the "Judgment Creditors") on March 4, 2011. Citibank has turned over the Citibank Phase One assets to the Judgment Creditors. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

**Phase Two of the Turnover Proceeding**

31. The Levins admit that on June 29, 2011, the Court entered its Order Governing Production of Supplemental Account Information in Connection with Turnover of Additional Assets, which required the Garnishees to disclose to the Judgment Creditors each and every Blocked Wire Transfer and/or Blocked Account totaling more than $5,000.00 that is held by each of the Garnishee Banks and not included in the Phase One Assets. The Garnishees produced to the Judgment Creditors lists identifying blocked assets held by the Garnishees, which included the Phase Two Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

32. The Levins admit that Citibank disclosed to the Judgment Creditors additional Blocked Assets which have been blocked by Citibank and not included in the

Phase Two Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

33. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

34. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

35. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

36. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

37. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

38. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

39. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

40. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

41. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

42. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

43. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

44. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

45. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

46. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

47. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

**For The Claims of Citibank in the Nature of Interpleader**

**First Claim for Relief**

48. The Levins repeat and reallege each and every response contained in Paragraph 1 through 47 as if fully set forth herein.

49. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

50. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

**Second Claim for Relief**

51. The Levins repeat and reallege each and every response contained in Paragraph 1 through 47 as if fully set forth herein.

52. The Levins admit that the Blocked Assets of Iran and its agencies and instrumentalities are subject to attachment and execution in satisfaction of the Levins' judgment pursuant to 28 U.S.C. § 1610 and TRIA § 201 and that the Levins have priority

over the Blocked Assets. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

53. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

54. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

**Third Claim for Relief**

55. The Levins repeat and reallege each and every response contained in Paragraph 1 through 47 as if fully set forth herein.

56. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Supplemental Third-Party Complaint and on that basis deny each and every allegation.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

(Failure to State a Claim)

57. For a first separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that the Supplemental Third-Party Complaint fails to state facts sufficient to constitute a claim or cause of action against the Levins. Citibank claims to be and is a neutral stakeholder of Blocked Assets to which the Levins claim a right under the FSIA, TRIA, and New York law for assistance in collecting a valid judgment, as victims of Iranian state sponsored terrorism. There is no basis in law or fact for any third-party claim against the Levins by Citibank, and such third-party claim is improper.

**Second Affirmative Defense**

(Res Judicata and Collateral Estoppel)

58. For a second separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank is barred from recovery on its claims by the doctrine of res judicata and/or collateral estoppel.

**Third Affirmative Defense**

(Waiver)

59. For a third separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer

any injury, damage, or loss whatsoever, allege that Citibank has waived any and all claims asserted in its Supplemental Third-Party Complaint.

**Fourth Affirmative Defense**

(Failure to Mitigate)

60. For a fourth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank failed to mitigate its damages, if any, and any recovery or other relief is therefore barred or must be reduced accordingly.

**Fifth Affirmative Defense**

(Estoppel)

61. For a fifth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that, based on Citibank's conduct, omissions, and/or representations, Citibank is estopped from recovering upon the claims set forth in the Supplemental Third-Party Complaint.

**Sixth Affirmative Defense**

(Unclean Hands)

62. For a sixth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that, to the extent Citibank seeks equitable relief, Citibank's inequitable conduct constitutes unclean hands and therefore bars the

granting of relief to Citibank herein. Citibank and all account holders, in their dealings with the Iran and its agencies and instrumentalities, have unclean hands.

**Seventh Affirmative Defense**

(Unjust Enrichment)

63. For a seventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank is barred from recovery on its claims by the doctrine of unjust enrichment.

**Eighth Affirmative Defense**

(Statute of Limitations)

64. For an eighth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank's claims are barred by all applicable statutes of limitations.

**Ninth Affirmative Defense**

(Laches)

65. For a ninth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank waited an unreasonable period of time before asserting its claims, if any, against the Levins and is barred from asserting such claims under the doctrine of laches.

**Tenth Affirmative Defense**

(Lack of Damages)

66. For a tenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank has not suffered and/or will not suffer any damages as a result of any actions taken by the Levins, and Citibank is thus barred from asserting any claim against the Levins.

**Eleventh Affirmative Defense**

(Speculative Damages)

67. For an eleventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank is barred from any recovery against the Levins because the alleged damages are speculative.

**Twelfth Affirmative Defense**

(Other Causes)

68. For a twelfth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that any damages Citibank did suffer were caused by independent, intervening, and/or superseding events beyond the control and unrelated to any conduct of the Levins.

**Thirteenth Affirmative Defense**

(In Pari Delicto)

69. For a thirteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank's claims are barred in whole or in party as a result of the fault or conduct of Citibank

**Fourteenth Affirmative Defense**

(Assumption of Risk)

70. For a fourteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that Citibank had full knowledge of all the risks associated with the transactions in question, and nevertheless, voluntarily and with full appreciation of the risks involved and the magnitude of those risks, assumed those risks of damage to itself.

**Fifteenth Affirmative Defense**

(Offset)

71. For a fifteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that to the extent Citibank has or will receive any monies from any other person or entity relating to the subject matter of this action, any amount found owing to Citibank should be reduced or offset accordingly.

**Sixteenth Affirmative Defense**

72. For a sixteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that no holder of any judgment against Iran or any other entity other than the Levins has a priority or valid claim against the Blocked Assets as no such judgment holder, if any, has complied with the requirements of federal and state law, including TRIA, FSIA, or CPLR 5225(b), among others, and any writs of execution, restraining notices, notices of pendency, liens, and/or process or documents that purport to relate to the Blocked Assets claimed by the Levins are void as a matter of law for failure to comply with the proper statutory requirements.

**Seventeenth Affirmative Defense**

73. For a seventeenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that Citibank has suffered or will suffer any injury, damage, or loss whatsoever, allege that neither Citibank nor any of the parties related to the Blocked Assets have any legal claim of ownership to the assets because the Blocked Assets of any agency or instrumentality of Iran, including wire transfer funds or electronic fund transfers are specifically subject to collection of judgment by victims of terrorism notwithstanding any other law to the contrary. *See*, e.g. TRIA, *Weinstein v. The Islamic Republic of Iran* 624 F.Supp.2d 272 (2009).

**RESERVATION OF RIGHTS**

74. The Levins reserve their rights to supplement their answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery and to amend its pleading accordingly.

**Counterclaim**

75. The Levins repeat and reallege every allegation contained in their June 26, 2009 Complaint Pursuant to N.Y. C.P.L.R. §5225, July 13, 2010 Motion for Partial Summary Judgment on Claims for Turnover Order Phase One Assets, September 27, 2010 Reply to Citibank and JPMorgan's Response to Plaintiffs' Partial Motion for Summary Judgment on Claims for Turnover Order Phase One Assets, October 5, 2011 Answer and Counterclaim to Citibank's Third-Party Complaint with Respect to Phase Two Assets Against Judgment Holders and Plaintiffs in Other Action Against Iran in Accordance with the Court's September 16, 2011 Order, and August 29, 2012 Joint Motion for Partial Summary Judgment on Claims for Turnover of Phase Two Blocked Assets filed in this matter as if fully set forth herein.

76. Based on acts of torture suffered at the hands of the Islamic Republic of Iran and its agencies and instrumentalities ("Iranian Defendants"), the Levins filed a suit against the Iranian Defendants under FSIA, including in particular 28 U.S.C. § 1605(a)(7). After a trial in the United States District Court for the District of Columbia, on February 6, 2008, the Levins obtained a compensatory judgment in the amount of $28,807,719 based on findings made by the Honorable Gladys Kessler. The Levins are entitled to satisfy their entire judgment plus interest from the Blocked Assets in which

Iran or its agencies or instrumentalities have an interest. After judgment was entered in the United States District Court, the Levins on October 14, 2008 served the Iranian Defendants with their judgment through diplomatic channels.

77. The Levins obtained information from the Office of Foreign Asset Control ("OFAC") by subpoena that OFAC had blocked assets between January 1, 2007 and June 30, 2008 and the assets had been placed in separate interest bearing accounts held by the New York Banks because the Iranian Defendants had an interest in such assets ("Blocked Assets").

78. After obtaining the information on the Blocked Assets, the Levins followed 28 U.S.C. § 1610(f)(1)(A), TRIA § 201, and New York state law, specifically CPLR §§ 5225(b), 5323, 5230, and 5234(b). They obtained court issued writs on May 26, 2009 and delivered them to the U.S. Marshall for service on the New York Banks on June 19, 2009. On June 26, 2009, they initiated an action in the United States District Court for the Southern District of New York to collect on their judgment under § 1610(f)(1)(A) and TRIA § 201. The Levins, the Acostas, the Heisers and the Greenbaums entered into a Settlement Agreement, whereby all Blocked Assets at issue here are to be shared according to its terms. The Levins obtained Court ordered writs on August 15, 2011 and delivered them to the U.S. Marshall for service on the New York Banks on September 2, 2011.

79. On December 22, 2009, pursuant to the United States District Court, Southern District of New York Foreign Mailing Procedures and § 1608(b)(3)(B), the Levins sent the Clerk of the Court of the United States District Court for the Southern

District of New York the complaint in this collection action, filed in New York, the notice of judgment debtor, affidavits from translators stating their qualifications and that the translations are accurate, and instructions to the Clerk to serve each of the Iranian Defendants and all originators and beneficiaries of the Blocked Assets.

80. The assets the Levins seek in order to satisfy their 28 U.S.C. § 1605(a)(7) judgment are solely and exclusively Blocked Assets of Iranian Defendants governed by 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201. The Levins do not seek to levy on any assets that are not Blocked Assets. The requirements of 28 U.S.C. § 1610(c) do not apply to 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201, nor do they apply to 28 U.S.C. § 1605(a)(7) judgments, with 28 U.S.C. § 1605(a)(7) having been removed from the current version of the statute.

81. The Levins further allege that Citibank has blocked additional assets due to their nexus with Iran which are identified in Ex. A to Citibank's Supplemental Third-Party Complaint, and the Levins are entitled to a turnover order on these newly blocked assets.

82. Plaintiffs are judgment creditors of Iran.

83. Plaintiffs are entitled to enforce their judgment against all assets in which Iran has an interest, direct or indirect, within the United States jurisdiction.

84. The assets held by Citibank and set forth in Ex. D to the Levins' Complaint, Ex. B to the Levins' October 5, 2011 Answer to Citibank's Third-Party Complaint, and/or Ex. A to Citibank's November 26, 2012 Supplemental Third Party

Complaint are Blocked Assets, which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest.

85. The Levins are entitled to a judgment pursuant to C.P.L.R. § 5225 ordering Citibank to convey, assign, and pay to the Levins in satisfaction of their judgment against Iran all right, title, interest, and money in the identified bank accounts.

86. The Levins have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Accounts consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas and Levins, which provides for execution on and sharing of all Levin Blocked Assets, namely all blocked assets which are being held by the New York Banks due to the interest of Iran or its agencies and instrumentalities.

87. The Blocked Assets are being held in interest bearing accounts per OFAC regulations and the Levins are entitled to payment of that interest.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, the Levins demand a judgment entered in their favor and against Citibank and an order conveying, assigning and directing the payment to the Levins consistent with the terms of the Settlement Agreement with the Heisers, Acostas, and Greenbaums, in satisfaction of their judgment all right, title, interest on and money in the listed bank accounts in possession of Citibank.

Dated: December 18, 2012

HOWARTH & SMITH

By: s/Suzelle Smith

Suzelle M. Smith
Don Howarth
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
ssmith@howarth-smith.com

*Attorneys for Plaintiffs and Counterclaim Defendants*
*Jeremy Levin and Dr. Lucille Levin*