UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
JEREMY LEVIN and DR. LUCILLE LEVIN,   :

                Plaintiffs,   :   **Case No. 09 Civ. 5900 (RPP) (MHD)**

         -against-   :   **GREENBAUM AND ACOSTA**
                                **JUDGMENT CREDITORS'**
BANK OF NEW YORK, *et al.*,   :   **JOINT ANSWER TO CITIBANK,**
                                **N.A.'S SUPPLEMENTAL THIRD-**
              Defendants.   :   **PARTY COMPLAINT WITH**
------------------------------------------------------------   **RESPECT TO PHASE TWO ASSETS**
CITIBANK, N.A.,   :   **AND COUNTERCLAIMS**

             Third-Party Plaintiffs,   :

         -against-   :

JAMES OWENS, *et al.*,   :

           Third-Party Defendants.   :
------------------------------------------------------------

      Third-Party Defendants Steven M. Greenbaum (sued individually and as administrator of

the Estate of Judith Greenbaum), Alan D. Hayman and Shirlee Hayman (collectively, the

"Greenbaum Judgment Creditors"), Carlos Acosta, Maria Acosta, Tova Ettinger, Irving Franklin

(on his own behalf and as Administrator of the Estate of the late Irma Franklin), Baruch Kahane,

Libby Kahane (on her own behalf and as Administratrix of the Estate of the late Meir Kahane),

Ethel J. Griffin (as Administratrix of the Estate of the late Binyamin Kahane), Norman Kahane

(on his own behalf and as Executor of the Estate of the late Sonia Kahane), and Ciporah Kaplan

(collectively, the "Acosta Judgment Creditors," and together with the Greenbaum Judgment

Creditors, the "Greenbaum and Acosta Judgment Creditors"), by their undersigned attorneys, for

their joint answer to defendants and third-party plaintiffs Citibank, N.A.'s  ("Citibank")

Supplemental Third-Party Complaint with Respect to Phase Two Assets Against Judgment

Holders and Plaintiffs in Other Actions Against Iran in Accordance with the Court's August 16,

2012 Order, dated November 26, 2012 (the "Supplemental Third-Party Complaint"), allege as follows:

<u>Nature of the Proceedings</u>

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph states that Citibank is holding certain funds in blocked accounts, which funds include the proceeds of blocked wire transfers, which allegation is, upon information and belief, admitted.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph alleges that the Greenbaum and Acosta Judgment Creditors have brought lawsuits and obtained judgments against the Islamic Republic of Iran ("Iran") based on Iran's participation in, or responsibility for, acts of terrorism, and that the Greenbaum and Acosta Judgment Creditors assert claims to, and  interests in, certain assets that belong to Iran, including the blocked assets that are the subject of this proceeding, which allegations are admitted.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph alleges that the Greenbaum and Acosta Judgment Creditors have served Citibank with legal process in which they assert claims to, and interest in,

certain assets that belong to Iran, including, but not limited to the assets that are the subject of this proceeding.

Jurisdiction and Venue

4.       Paragraph 4 of the Supplemental Third-Party Complaint states conclusions of law, as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors admit the allegations contained therein.

5.       Paragraph 5 of the Supplemental Third-Party Complaint states conclusions of law, as to which no response is required.  To the extent a response is required, the Greenbaum and Acosta Judgment Creditors admit the allegations contained therein.

The Third-Party Plaintiff

6.       Admit, upon information and belief, the allegations contained in paragraph 6 of the Supplemental Third-Party Complaint.

The Third-Party Defendants

7.       Admit, upon information and belief, the allegations contained in paragraph 7 of the Supplemental Third-Party Complaint.

8.       Admit, upon information and belief, the allegations contained in paragraph 8 of the Supplemental Third-Party Complaint.

9.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Supplemental Third-Party Complaint.

10.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Supplemental Third-Party Complaint.

11.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Supplemental Third-Party Complaint.

12.     Admit, upon information and belief, the allegations contained in paragraph 12 of the Supplemental Third-Party Complaint.

13.     Admit the allegations contained in paragraph 13 of the Supplemental Third-Party Complaint.

14.     Admit the allegations contained in paragraph 14 of the Supplemental Third-Party Complaint.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Supplemental Third-Party Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Supplemental Third-Party Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Supplemental Third-Party Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Supplemental Third-Party Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Supplemental Third-Party Complaint.

20.     Admit, upon information and belief, the allegations contained in paragraph 20 of the Supplemental Third-Party Complaint..

21.     Admit, upon information and belief, the allegations contained in paragraph 21 of the Supplemental Third-Party Complaint..

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Supplemental Third-Party Complaint.

## The Turnover Proceeding

23.     Admit, upon information and belief, the allegations contained in paragraph 23 of the Supplemental Third-Party Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Supplemental Third-Party Complaint, and refer to the language of the Turnover Proceeding complaint referenced therein for a true and complete recitation of the contents thereof.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Supplemental Third-Party Complaint, and refer to the language of the Turnover Proceeding complaint referenced therein for a true and complete recitation of the contents thereof.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Supplemental Third-Party Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Supplemental Third-Party Complaint.

## Phase One of the Turnover Proceeding

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph states that Citibank and the other Defendant Banks served the Greenbaum and Acosta Judgment Creditors with a third-party interpleader complaint in connection with Phase One of this proceeding, which allegation is admitted.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Supplemental Third-Party Complaint, except to the

extent that such paragraph states that the Greenbaum and Acosta Judgment Creditors filed answers and crossclaims in response to the interpleader complaint filed by the Defendant Banks in Phase One of this proceeding, which allegation is admitted with respect to the alleged answers and denied with respect to the alleged crossclaims, and aver that the Greenbaum and Acosta Judgment Creditors filed counterclaims, rather than crossclaims, in response to the interpleader complaint filed in Phase One of this proceeding.

30.     Admit the allegations contained in paragraph 30 of the Supplemental Third-Party Complaint.

Phase Two of the Turnover Proceeding

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph states that Citibank disclosed to the Cooperating Judgment Creditors certain non-Phase One Blocked Assets in Citibank's possession, custody or control, and then served a third-party interpleader complaint on the Greenbaum and Acosta Judgment Creditors in connection with Phase Two of this proceeding, which allegations are admitted.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph states that Citibank disclosed to the Cooperating Judgment Creditors certain additional non-Phase One Blocked Assets in Citibank's possession, custody or control (the "Supplemental Phase Two Blocked Assets"), as more specifically identified in Exhibit A to the Supplemental Third-Party Complaint, which allegation is admitted.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Supplemental Third-Party Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Supplemental Third-Party Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Supplemental Third-Party Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Supplemental Third-Party Complaint.

38.     Deny the allegations contained in paragraph 38 of the Supplemental Third-Party Complaint, and aver that the Greenbaum Judgment Creditors served restraining notices and information subpoenas on Citibank on or about December 11, 2008, and December 18, 2008, and delivered a writ of execution to the United States Marshals Service for the Southern District of New York (the "U.S. Marshals") for service upon Citibank on December 21, 2009, and similarly delivered an amended writ of execution to the U.S. Marshals for service upon Citibank on April 6, 2010, which service was completed by the U.S. Marshals on April 15, 2010.

39.     Deny the allegations contained in paragraph 39 of the Supplemental Third-Party Complaint, and aver that the Acosta Judgment Creditors served a notice of pendency pursuant to 28 U.S.C. § 1605A(g) upon Citibank on December 11, 2008, and delivered a writ of execution to the U.S. Marshals for service upon Citibank on December 21, 2009, and similarly delivered an amended writ of execution to the U.S. Marshals for service upon Citibank on April 6, 2010, which service was completed by the U.S. Marshals on April 15, 2010.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Supplemental Third-Party Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Supplemental Third-Party Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Supplemental Third-Party Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Supplemental Third-Party Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Supplemental Third-Party Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Supplemental Third-Party Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Supplemental Third-Party Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Supplemental Third-Party Complaint.

<u>For the Claims of Citibank in the Nature of Interpleader</u>

<u>First Claim for Relief</u>

48.     No response is required of paragraph 48 of the Supplemental Third-Party Complaint, which repeats and realleges paragraphs 1 through 47 therein.

49.     The Greenbaum and Acosta Judgment Creditors neither admit nor deny the allegations contained in paragraph 49 of the Supplemental Third-Party Complaint, and instead refer to the language of CPLR § 5239, which speaks for itself, for a true and complete recitation of the contents thereof.

50.    Paragraph 50 of the Supplemental Third-Party Complaint states conclusions of law, as to which no response is required.

Second Claim for Relief

51.    No response is required of paragraph 51 of the Supplemental Third-Party Complaint, which repeats and realleges paragraphs 1 through 47 therein.

52.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Supplemental Third-Party Complaint, except to the extent that such paragraph states conclusions of law, as to which no response is required, and except to the extent that such paragraph alleges that the Cooperating Judgment Creditors claim a priority interest in the Supplemental Phase Two Blocked Assets that takes precedence over any other interests claimed therein, which allegation is admitted.

53.    Paragraph 53 of the Supplemental Third-Party Complaint states conclusions of law, as to which no response is required.

54.    Paragraph 54 of the Supplemental Third-Party Complaint states conclusions of law, as to which no response is required.

Third Claim for Relief

55.    No response is required of paragraph 55 of the Supplemental Third-Party Complaint, which repeats and realleges paragraphs 1 through 47 therein.

56.    Paragraph 56 of the Supplemental Third-Party Complaint states conclusions of law, as to which no response is required.

RESERVATION OF RIGHTS

57.    The Greenbaum and Acosta Judgment Creditors reserve the right to assert any affirmative defenses, as well as any additional counterclaims and/or crossclaims, that may become apparent after additional discovery or otherwise.

COUNTERCLAIMS

58.    By and for their counterclaims against third-party plaintiff and counterclaim

defendant Citibank, N.A. ("Citibank") in the above-captioned proceeding, the Greenbaum and

Acosta Judgment Creditors allege as follows:

Parties

59.    The Greenbaum Judgment Creditors are United States citizens and plaintiffs-

judgment creditors in a case entitled *Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et

al.*, Civil Action No. 02-2148 (RCL) (D.D.C.).

60.    The Acosta Judgment Creditors are United States citizens and plaintiffs-judgment

creditors in a case entitled *Carlos Acosta, et al. v. Islamic Republic of Iran, et al.*, Civil Action

No. 06-745 (RCL) (D.D.C.).

61.    Upon information and belief, third-party plaintiff and counterclaim defendant

Citibank is a national banking association organized and existing under the laws of the United

States of America with its main office (as set forth in its Articles of Association) in the County

and State of New York.

Jurisdiction and Venue

62.    This Court has subject matter jurisdiction over the claims set forth herein pursuant

to 28 U.S.C. § 1331 because such claims arises under the laws and treaties of the United States,

in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1601, *et seq.* (the

"FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322

(2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367 because the matters herein at issue are so

related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is

within the original jurisdiction of this Court, and to the third-party action arising out of it, that

the claim herein form part of the same case or controversy.  Moreover, this Court also has

jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction because the claims herein seek to enforce federal judgments that have been registered in this Court pursuant to 28 U.S.C. §§ 1331 and 1963.

63.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the claims asserted herein seeks to enforce judgments that have been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221(a), subd. 4, because the judgments that the claims herein seeks to enforce have been entered as judgments with this Court at a courthouse within this county and judicial district.

<u>Supporting Allegations Common to All Counterclaim</u>

64.     The Greenbaum Judgment Creditors hold an unsatisfied judgment entered against Iran and the Iranian Ministry of Information and Security ("MOIS") pursuant to 28 U.S.C. § 1605(a)(7) in the amount of $19,879,023 in compensatory damages (the "Greenbaum Judgment"). The Greenbaum Judgment was awarded on August 10, 2006, and arises from a terrorist suicide bombing that took place in Jerusalem, Israel, on August 9, 2001, which attack was sponsored by Iran and MOIS and left fifteen people dead, including then-pregnant Judith Greenbaum, and wounded more than one hundred thirty others.

65.     The Acosta Judgment Creditors hold an unsatisfied judgment entered against Iran and MOIS pursuant to 28 U.S.C. § 1605A in the amount of $350,172,000 ($50,172,000 of which constitutes an award of compensatory damages, while the remaining $300,000,000 constitutes punitive damages) (the "Acosta Judgment"). The Acosta Judgment was awarded on August 26, 2008, and arises from the assassination of Rabbi Meier Kahane and the shootings of Irving Franklin and U.S. Postal Police Officer Carlos Acosta, which took place on November 5, 1990, in New York, New York. Rabbi Kahane was killed and Irving Franklin and Carlos Acosta were

seriously wounded by the gunfire of El Sayyid Nosair, who was and is a member of Al-Gam'aa Islamiyah, a terrorist organization headed by Sheik Omar Ahmad Ali Abdel Rahman and sponsored by Iran and MOIS.

66.    The Greenbaum Judgment and Acosta Judgment were registered in the Southern District of New York on December 10, 2008, and December 1, 2008, respectively.  Transcripts of the Greenbaum Judgment and Acosta Judgment were docketed in the New York County Clerk's Office on December 17, 2008, and December 24, 2008, respectively.

67.    On December 11, 2009, the Acosta Judgment Creditors obtained an Order pursuant to 28 U.S.C. § 1610(c) from the Hon. Barbara S. Jones, United States District Judge for the Southern District of New York, directing the Clerk of Court to issue writs of execution in satisfaction of the Acosta Judgment with respect to, *inter alia*, property of judgment debtor Iran held in this district by Citibank.

68.    On December 14, 2009, the Greenbaum Judgment Creditors obtained an Order pursuant to 28 U.S.C. § 1610(c) from the Hon. Barbara S. Jones, United States District Judge for the Southern District of New York, directing the Clerk of Court to issue writs of execution in satisfaction of the Greenbaum Judgment with respect to, *inter alia*, property of judgment debtor Iran held in this district by Citibank.

69.    On December 21, 2009, the Greenbaum and Acosta Judgment Creditors obtained, respectively, writs of execution from the Clerk of Court pursuant to the Court's December 11 and 14 Orders, and delivered the writs that day to the U.S. Marshals for, *inter alia*, service on Citibank.  On April 5, 2010, the Greenbaum and Acosta Judgment Creditors obtained, respectively, amended writs of execution from the Clerk of Court pursuant to the Court's December 11 and 14 Orders.  Those amended writs were delivered to the U.S. Marshals on April

6, 2010, for, *inter alia*, service upon Citibank, which service was completed by the U.S. Marshals on April 15, 2010.

70.     On April 15, 2010, the Greenbaum and Acosta Judgment Creditors filed, respectively, answers and counterclaims in response to the third-party complaint of defendants and third-party plaintiffs Citibank, Societe Generale, The Bank of New York Mellon, JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, the "Defendant Banks") that was filed in Phase One of this proceeding.  In their April 15 pleadings, the Greenbaum and Acosta Judgment Creditors counterclaimed, *inter alia*, for the turnover of property of judgment debtor Iran held in this district by certain of the Defendant Banks, including, but not limited to, Citibank.

71.     Beginning in or around July 2010, the Levin Plaintiffs, Heiser Judgment Creditors and Greenbaum and Acosta Judgment Creditors filed competing motions for, *inter alia*, partial summary judgment on their claims for turnover of certain of the Blocked Assets that had been designated for inclusion in Phase One of these proceedings (the "Phase One Blocked Assets"). By Order, dated January 20, 2011, and later modified on March 4, 2011, the Court, *inter alia*, granted the Greenbaum and Acosta Judgment Creditors' joint motion for partial summary judgment and turnover with respect to certain of the Phase One Blocked Assets held by the Defendant Banks, including, but not limited to, the Phase One Blocked Assets held by Citibank. In so ruling, the Court held that the Greenbaum and Acosta Judgment Creditors possessed a priority interest in, *inter alia*, the Phase One Blocked Assets held by Citibank.

72.     In June 2011, the Levin Plaintiffs, Heiser Judgment Creditors and Greenbaum and Acosta Judgment Creditors (collectively, the "Cooperating Judgment Creditors") made a joint motion for partial summary judgment on their claims for turnover with respect to all Phase One

Blocked Assets held by the Defendant Banks, including, but not limited to those Phase One
Blocked Assets held by Citibank.

73.     By Order and Judgment, dated June 21, 2011, the Court granted the Cooperating
Judgment Creditors' joint motion for partial summary judgment and turnover with respect to all
Phase One Blocked Assets.  In so ruling, the Court determined, *inter alia*, that, based upon the
writs of execution obtained by the Greenbaum and Acosta Judgment Creditors, and the levying
of such writs upon the Iranian assets held by the Defendant Banks, the Cooperating Judgment
Creditors possessed a priority interest in the Phase One Blocked Assets and, accordingly, granted
the Cooperating Judgment Creditors' joint motion for partial summary judgment and turnover.
That Order disposed of the remainder of the Phase One Blocked Assets by directing that all
Phase One Blocked Assets, including, but not limited to, the Citibank Phase One Blocked Assets,
be turned over to the Cooperating Judgment Creditors for distribution amongst themselves in
accordance with the terms of the Cooperating Judgment Creditors' confidential settlement
agreement.

74.     In accordance with the Court's Order and Judgment of June 21, 2011, Citibank
turned over the Citibank Phase One Blocked Assets to the U.S. Marshals for delivery to the
Cooperating Judgment Creditors in or around July 2011.

75.     On September 16, 2011, the Court entered an Order authorizing the Defendant
Banks to file additional third-party complaints with respect to certain additional blocked assets in
their possession or custody that were designated for inclusion in Phase Two of this proceeding
(the "Phase Two Blocked Assets").  Pursuant to that Order, Citibank thereafter filed its Third-
Party Complaint with Respect to Phase Two Assets Against Judgment Holders and Plaintiffs in
Other Actions Against Iran (the "Third-Party Complaint").

76.     Upon information and belief, the Citibank Phase Two Blocked Assets, like the Citibank Phase One Blocked Assets, are blocked assets of Iran and/or certain agencies, instrumentalities and/or alter egos of Iran.

77.     On or about October 11, 2011, the Greenbaum and Acosta Judgment Creditors filed answers to the Third-Party Complaint and counterclaims reasserting their priority interest in, and claims to, certain property of Iran (including the blocked assets of agencies, instrumentalities and alter-egos of Iran) within Citibank's possession, custody or control, including, but not limited to, the Phase Two Blocked Assets held in this District by Citibank.

78.     On August 16, 2012, the Court held a conference with the parties in order to discuss, among other things, the resolution of Phase Two of this proceeding and the potential need for a third phase to resolve claims laid to certain additional assets that had not been included in Defendants interpleader complaints in Phase Two of the proceeding.  At that hearing, the Court, *inter alia*, authorized the Cooperating Judgment Creditors to move for partial summary judgment on their claims for turnover of Phase Two Blocked Assets, including those assets held by Citibank, and further authorized the Defendant Banks to interplead certain additional blocked assets in the possession or custody that, to date, had not been included in either Phase One or Phase Two of this proceeding, which assets include, but are not limited to, the Citibank "Supplemental Phase Two Assets" described in greater detail in Exhibit A to the Supplemental Third-Party Complaint.

79.     Upon information and belief, the Citibank Supplemental Phase Two Assets are blocked assets of Iran and/or certain agencies, instrumentalities and/or alter egos of Iran, and, as such, are non-immune and subject to execution in satisfaction of the Greenbaum Judgment and Acosta Judgment pursuant to, *inter alia*, 28 U.S.C. § 1610, including, but not limited to, § 201 of TRIA, codified as a note thereto.

80.    By reason of the foregoing, and by virtue of having been the first in time to properly obtain writs of execution in satisfaction of the Greenbaum Judgment and Acosta Judgment and levy such writs against property of Iran held in this district by Citibank, and having timely perfected such levy by the filing of counterclaims asserting an interest in, and claims and rights to, such property interests of Iran, the Greenbaum and Acosta Judgment Creditors secured a priority interest in, and claims and rights to, such property interests, including, but not limited to, the Citibank Supplemental Phase Two Assets, that supersede any and all other interests therein and claims and rights thereto.

First Counterclaim

81.    The Greenbaum and Acosta Judgment Creditors repeat and reallege paragraphs 59 through 80 as if fully set forth herein.

82.    Section 201(a) of TRIA, codified as a note to 28 U.S.C. § 1610, provides, in relevant part:

> Notwithstanding any other provision of law . . . in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605A or 1605(a)(7) (as such section was in effect on January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a), as recently amended by § 502(e)(2) of the Iran Threat Reduction and Syria Human Rights Act of 2012, Pub. L. No. 112-158, 126 Stat. 1214 (2012), codified at 22 U.S.C. § 8701, *et seq.*

83.     The Greenbaum and Acosta Judgment Creditors obtained their judgments against Iran on claims for which Iran is not immune pursuant to 28 U.S.C. §§ 1605(a)(7) (as such section was in effect on January 27, 2008) and 1605A, respectively.

84.     Iran is, and was at the time of the attacks underlying both the Greenbaum Judgment and the Acosta Judgment, designated a state sponsor of terrorism, and the Greenbaum Judgment and Acosta Judgment were therefore entered against a "terrorist party" as defined in § 201(d)(4) of TRIA.

85.     Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution in satisfaction of the compensatory damages portions of the Greenbaum Judgment and Acosta Judgment.

86.     Upon information and belief, counterclaim defendant Citibank is holding blocked assets of Iran and/or certain agencies and instrumentalities of Iran, which assets include, but are not limited to, the Citibank Supplemental Phase Two Blocked Assets.  Upon information and belief, such assets are blocked pursuant to regulations promulgated by the United States Treasury Department's Office of Foreign Assets Control ("OFAC") and/or various Executive Orders of the President of the United States, including, but not limited to, Executive Order 13224 of September 23, 2001 ("Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten To Commit, or Support Terrorism"), Executive Order 13382 of June 28, 2005 ("Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters"), and/or Executive Order 13599 of February 5, 2012 ("Blocking Property of the Government of Iran and Iranian Financial Institutions").

87.     The Greenbaum and Acosta Judgment Creditors possess a priority interest in, and claims and rights to such blocked assets in Citibank's possession or custody, including, but not

limited to, the Supplemental Phase Two Blocked Assets, that supersedes the claimed interests

therein and rights thereto of all other parties to these proceedings.

88.     By reason of the foregoing, and pursuant to, *inter alia*, 28 U.S.C. § 1610,

including, but not limited to, § 201 of TRIA, codified as a note thereto, Fed. R. Civ. P. 69, N.Y.

C.P.L.R. §§ 5225, 5227 and 5232, the Greenbaum and Acosta Judgment Creditors are entitled to

an Order and Judgment conveying, assigning, and directing Citibank to turn-over to them

blocked assets of Iran, including the blocked assets of any agency, instrumentality and/or alter

ego of Iran, along with any and all interest accrued thereupon, with a value of, or otherwise not

exceeding, $70,051,023 (the combined compensatory damages awarded to the Greenbaum and

Acosta Judgment Creditors against Iran), plus post-judgment interest, that are within Citibank's

possession or custody, including, but not limited to, the Supplemental Phase Two Blocked

Assets.

## Second Counterclaim

89.     The Greenbaum and Acosta Judgment Creditors repeat and reallege paragraphs 59

through 80 as if fully set forth herein.

90.     The Greenbaum and Acosta Judgment Creditors are judgment creditors of Iran

who possess terrorism-based judgments entered pursuant to 28 U.S.C. §§ 1605(a)(7) and 1605A,

respectively.

91.     Pursuant to 28 U.S.C. § 1610, the Greenbaum and Acosta Judgment Creditors are

entitled to enforce their judgments against property that is located in the United States and in

which Iran possesses an ownership interest, whether direct or indirect.

92.     Upon information and belief, Citibank holds such property of Iran, including, but

not limited to, the Supplemental Phase Two Blocked Assets held by Citibank in this District.

93.     The Greenbaum and Acosta Judgment Creditors possess a priority interest in, and claims and rights to such property of Iran in Citibank's possession or custody in this District, including, but not limited to, the Supplemental Phase Two Blocked Assets, that supersedes the claimed interests therein and rights thereto of all other parties to these proceedings.

94.     By reason of the foregoing, and pursuant to, *inter alia*, 28 U.S.C. § 1610, Fed. R. Civ. P. 69, N.Y. C.P.L.R. §§ 5225, 5227 and 5232, the Greenbaum and Acosta Judgment Creditors are entitled to an Order and Judgment conveying, assigning, and directing Citibank to turn-over to them property of Iran, along with any and all interest accrued thereupon, with a value of, or otherwise not exceeding, $370,051,023 (the combined compensatory and punitive damages awarded to the Greenbaum and Acosta Judgment Creditors against Iran), plus post-judgment interest, that are within Citibank's possession or custody, including, but not limited to, the Supplemental Phase Two Blocked Assets.

WHEREFORE, the Greenbaum and Acosta Judgment Creditors respectfully demand judgment on their counterclaims against Citibank:

(i)  on their First Counterclaim, conveying, assigning, and directing Citibank to turn-over to the Greenbaum and Acosta Judgment Creditors blocked assets of Iran, including the blocked assets of any agency, instrumentality and/or alter ego of Iran, along with any and all interest accrued thereupon, with a value of, or otherwise not exceeding, $70,051,023, plus post-judgment interest, that are within Citibank's possession or custody, including, but not limited to, the Supplemental Phase Two Blocked Assets;

(ii)  on their Second Counterclaim, conveying, assigning and directing Citibank to turn-over to the Greenbaum and Acosta Judgment Creditors property in which Iran possesses an ownership interest, whether direct or indirect, along with any and all interest accrued thereupon, with a value of, or otherwise not exceeding, $370,051,023, plus post-judgment interest, that is

-19-

within Citibank's possession or custody, including, but not limited to, the Supplemental Phase Two Blocked Assets;

      (iii)  awarding the Greenbaum and Acosta Judgment Creditors the costs and disbursements of this action; and

      (iv)  awarding such other and further relief as the Court deems just and proper.


Dated: New York, New York            STROOCK & STROOCK & LAVAN LLP
       December 19, 2012


                                       By:   /s/ Curtis C. Mechling
                                             Curtis C. Mechling
                                             James L. Bernard
                                             Benjamin Weathers-Lowin
                                             180 Maiden Lane
                                             New York, New York 10038
                                             (212) 806-5400

                                             *Attorneys for the Greenbaum and Acosta Judgment Creditors*