UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

*Plaintiffs*,

*v.*

BANK OF NEW YORK, JP MORGAN CHASE, N.A., SOCIETE GENERALE and CITIBANK, N.A.,

*Defendants*.

Case No. 09 CIV 5900 (RPP)

CITIBANK, N.A.

*Third-Party Plaintiff*,

-v-

JAMES OWENS, et al.,

*Third-Party Defendants*.

**ANSWER BY THIRD-PARTY DEFENDANTS BLAND JUDGMENT CREDITORS AND BROWN JUDGMENT CREDITORS.**
**TO CITIBANK N.A.'S THIRD-PARTY COMPLAINT WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S AUGUST 16, 2012 ORDER AND COUNTERCLAIMS**

Third-Party Defendants Joseph A. Barile, Angela E. Barile, Michael Barile, Andrea Ciarla, Ann Marie Moore, Angela Yoak, John Becker, The Estate of Anthony Brown, Vara Brown, John Brown, Sulba Brown, Rowel Brown, Marvine McBride, LaJuana Smith, Rodney E. Burns, Jeannie Scaggs, Eugene Burns, David Burns, Daniel Cuddeback, Jr., John R. Cuddeback, Daniel Cuddeback, Sr., Barbara Cuddeback, Robert Dean, Michael Episcopo, Randy Gaddo,

Peter Gaddo, Timothy Gaddo, Louise Gaddo Blatter, The Estate of William R. Gaines, Jr., Michael A. Gaines, Carolyn Spears, Mark Spears, James S. Spears, William R. Gaines, Sr., Evelyn Sue Spears Elliot, Carol Weaver, The Estate of Virgel Hamilton, Gloria Hamilton, Bruce Hastings, Maynard Hodges, Kathy Hodges, Mary Jean Hodges, Loretta Brown, Cindy Holmes, Shana Saul, Daniel Joy, Sean Kirkpatrick, Daniel Kremer, Joseph T. Kremer, Jacqueline Stahrr, The Estate of Christine Kremer, The Estate of Thomas Kremer, The Estate of David A. Lewis, Betty Lewis, Jerry L. Lewis, Scott M. Lewis, Paul Martinez, Sr., Teresa Gunther, Esther Martinez Parks, Alphonso Martinez, Daniel Martinez, Michael Martinez, Paul Martinez, Jr, Tomasita L. Martinez, Susanne Yeoman, John Opatovsky, The Estate of Jeffrey Bruce Owen, Steven G. Owen, Jean Givens Owen, The Estate of Michael Lee Page, Albert Page, Janet Page, Joyce Clifford, David Penosky, Joseph Penosky, Christian R. Rauch, Leonard Paul Tice, The Estate of Burton Wherland, Sarah Wherland, Gregory Wherland, Kimmy Wherland, Charles F. West, Charles H. West, Rick West and Sharon Davis (hereinafter "Brown Judgment Creditors") and Alan C. Anderson, Michael Anderson, Thelma Anderson, Stephen Boyd Bland, Estate of Frank Bland, Ruth Ann Bland, James Bland, Estate of Laura Virginia Copeland, Sidney Decker, Ida Decker, Dudley Decker, Johnnie Decker, Carolyn Mudd, Ronald Duplanty, Estate of Sean F. Estler, Keith Estler, Louis Estler, Jr., Mary Ellen Estler, Estate of Benjamin E. Fuller, Elaine Allen, Ernest C. Fuller, John Gibson, Holly Gibson, Maurice Gibson, Estate of Michael Hastings, Joyce Hastings, Estate of Paul Hein, Christopher Hein, Jo Ann Hein, Karen Hein-Sullivan, Victor J. Hein, Jacqueline M. Kunysz, Estate of John Hendrickson, John Hendrickson, Tyson Hendrickson, Deborah Ryan, Estate of Bruce Hollingshead, Melinda Hollingshead, Renard Manley, Estate of Michael Robert Massman, Nicole Gomez, Angela Massman, Kristopher Massman, Lydia Massman, Patricia Lou Smith, Estate of Louis Melendez, Zaida

Melendez, Douglas Jason Melendez, Johnny Melendez, Johnny Melendez, Jr., Estate of Michael

Mercer, Sarah Mercer, Samuel Palmer, Robin Nicely, Estate of Juan C. Rodriguez, Louisa

Puntonet, Robert Rucker, Estate of Billy San Pedro, Cesar San Pedro, Sila V. San Pedro,

Guillermo San Pedro, Javier San Pedro, Thurnell Shields, Emanuel Simmons, Estate of James

Surch, Patty Barnett, Will Surch, Bradley Ulick, Jeanette Dougherty, Marilyn Peterson, Estate of

Eric Walker, Tena Walker-Jones, Ronald E. Walker, Ronald Walker, Jr. Galen Weber, Estate of

Obrian Weekes, Anson Edmond, Arnold Edmond, Hazel Edmond, Wendy Edmond, Faith

Weekes,  Ianthe Weekes, Keith Weekes, Meta Weekes, Estate of Dennis Lloyd West, Kathy

West, Estate of John Weyl, Kelly Bachlor, Robin Brock, Morgan W. Rowan, Sharon J. Rowan

and Nelson Weyl (hereinafter "Bland Judgment Creditors"),, by their undersigned attorneys, for

their answer and counterclaims to Citibank N.A.'s Third-Party Complaint with Respect to Phase

Two Assets Against Judgment Holders and Plaintiffs in Other Actions Against Iran in

Accordance with the Court's August 16, 2012 Order, dated November 26, 2012 (the "Third-

Party Complaint") filed by Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"),

allege as follows:

## Nature of the Proceedings

1.      Paragraph 1 does not contain any allegations of fact and/or states conclusions of

law as to which a response is not required.  To the extent there are allegations of fact in

paragraph 1, the Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or

information sufficient to form a belief as to the truth of the allegations; and accordingly the

Brown Judgment Creditors and Bland Judgment Creditors deny the allegations, except admit that

the Bland Judgment Creditors and Brown Judgment Creditors claim a right and interest in the

assets at issue in this action (the "Turnover Proceeding") commenced by plaintiffs Jeremy Levin, *et al.* (the "Levin Plaintiffs").

2.      The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint and accordingly the Brown Judgment Creditors and Bland Judgment Creditors deny the allegations, except admit that the Bland Judgment Creditors and Brown Judgment Creditors claim a right and interest in the assets at issue in the Turnover Proceeding (the "Restrained Assets"), and that this claim has equal or greater priority to the claims of all other parties with respect to the Restrained Assets.

3.      The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations, except admit that the Bland Judgment Creditors and Brown Judgment Creditors claim a right and interest in the Restrained Assets, and that this claim has equal or greater priority to the claims of all other parties with respect to the Restrained Assets.

## Jurisdiction and Venue

4.      Paragraph 4 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Bland Judgment Creditors and Brown Judgment Creditors further refer to the statutes and regulations cited in paragraph 4 for a true recitation of their contents.

5.      Paragraph 5 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Bland Judgment Creditors and Brown

Judgment Creditors further refer to the statutes and regulations cited in paragraph 5 for a true recitation of their contents.

## The Third-Party Plaintiff

6.     The Bland Judgment Creditors and Brown Judgment Creditors admit, upon information and belief, the allegations contained in paragraph 6 of the Third-Party Complaint.

## The Third-Party Defendants

7.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

8.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

9.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

10.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

11.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

12.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

13.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

14.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

15.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

16.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16

of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

17.     The Bland Judgment Creditors and Brown Judgment Creditors admit the allegations contained in paragraph 17 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

18.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

19.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

20.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

21.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

22.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22

of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

## The Turnover Proceeding

23.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

24.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

25.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint, and refer to the complaint filed by the Levin Plaintiffs that is referred to in paragraph 25 of the Third-Party Complaint for a true recitation of its contents and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

26.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

27.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27

of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

## Phase One of the Turnover Proceeding

28.    The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations, except admit that Citibank served Third-Party Interpleader complaints on the Bland Judgment Creditors and Brown Judgment Creditors.

29.    The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations, except admit that the Bland Judgment Creditors and Brown Judgment Creditors served answers in this proceeding.

30.    The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

## Phase Two of the Turnover Proceeding

31.    The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

32.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

33.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

34.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

35.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

36.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

37.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37

of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

38. The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

39. The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

40. The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

41. The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

42. The Bland Judgment Creditors and Brown Judgment Creditors admit the allegations contained in paragraph 42 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

43. The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43

of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

44.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

45.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

46.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

47.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

## **First Claim for Relief**

48.     The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 47 of this Answer to the same extent as if those allegations were set forth here in full.

49.     Paragraph 49 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Bland Judgment Creditors and Brown Judgment Creditors further refer to the New York Civil Practice Law and Rules for a true recitation of their contents and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

50.     Paragraph 50 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

### Second Claim for Relief

51.     The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 50 of this Answer to the same extent as if those allegations were set forth here in full.

52.     The Bland Judgment Creditors and Brown Judgment Creditors admit that they have claims to the Restrained Assets that are equal to or take priority over the claims of all other parties, but otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Third-Party Complaint and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

53.     The Bland Judgment Creditors and Brown Judgment Creditors lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Third-Party Petition and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

54.     Paragraph 54 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required, and the Bland Judgment Creditors and Brown Judgment Creditors further refer to the statutes and regulations cited in paragraph 54 for a true

recitation of their contents and accordingly the Bland Judgment Creditors and Brown Judgment Creditors deny the allegations.

### Third Claim for Relief

55.     The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege each and every allegation set forth in paragraphs 1 through 54 of this Answer to the same extent as if those allegations were set forth here in full.

56.     Paragraph 56 does not contain any allegations of fact and/or states conclusions of law as to which a response is not required.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

57.     The Bland Judgment Creditors and Brown Judgment Creditors assert that Citibank has failed to state facts sufficient to constitute a claim or cause of action against the Bland Judgment Creditors and Brown Judgment Creditors.

### Second Affirmative Defense

58.     The Bland Judgment Creditors and Brown Judgment Creditors assert that Citibank is barred from recovery on its claims under the doctrines of unclean hands, unjust enrichment, failure to mitigate, and/or assumption of risk.

### Third Affirmative Defense

59.     The Bland Judgment Creditors and Brown Judgment Creditors assert that Citibank is barred from recovery on its claims because Citibank has not and will not suffer any injury or damage as a result of action taken by the Bland Judgment Creditors and Brown Judgment Creditors.

### Fourth Affirmative Defense

60.     The Bland Judgment Creditors and Brown Judgment Creditors assert that Citibank is barred from recovery on its claims because any damages Citibank did suffer were caused by independent, intervening, and/or superseding events beyond the control and unrelated to any conduct of the Bland Judgment Creditors and Brown Judgment Creditors.

### Fifth Affirmative Defense

61.     The Bland Judgment Creditors and Brown Judgment Creditors' claims to the Restrained Assets have equal or greater priority than the claims of all other parties to this action.

### Sixth Affirmative Defense

62.     The Bland Judgment Creditors and Brown Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action to the extent that these other parties have premised their claims upon writs of execution and other legal processes that are faulty, defective and/or void as a matter of law.

### Seventh Affirmative Defense

63.     The Bland Judgment Creditors and Brown Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action under the doctrines of estoppel, equitable estoppel, and laches.

### Eighth Affirmative Defense

64.     The Bland Judgment Creditors and Brown Judgment Creditors' interests in and claims and rights to the Restrained Assets have equal or greater priority than the claims and rights of all other parties to this action to the extent that those other parties have waived any

claims against the Bland Judgment Creditors and Brown Judgment Creditors or any right to the turnover of the Restrained Assets.

## Reservation of Rights

65.     The Bland Judgment Creditors and Brown Judgment Creditors reserve the right to assert additional affirmative defenses that may become apparent after additional discovery or otherwise.

## COUNTERCLAIMS

66.     By and for their Counterclaims against Third-Party Plaintiff Citibank, N.A. ("Citibank") in the underlying action, the Bland Judgment Creditors and Brown Judgment Creditors allege as follows:

## Parties

67.      The Bland Judgment Creditors are judgment creditors in the following action, *Estate of Stephen B. Bland et al. v. Islamic Republic of Iran et al.*, Civil Action No. 05-2124(RCL)(D.D.C.), and on December 21, 2011 obtained a judgment in the amount of $1,233,458,232. ("Bland Action").

68.     The Brown Judgment Creditors are judgment creditors in the following action, *Estate of Anthony K. Brown et al., v. Islamic Republic of Iran et al.*, Civil Action No. 08-531(RCL)(D.D.C.), and on July 3, 2012 obtained a Judgment in the amount of $813,768,945 ("Brown Action")

69.     Upon information and belief, Third-Party Plaintiff and Counterclaim-Defendant Citibank is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

16

**Jurisdiction and Venue**

70.     This Court has subject-matter jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1601 *et seq.* (the "FSIA"), and the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the Turnover Proceeding), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy.  This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331, 1963.

71.     Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district.  Venue is also proper in this county and judicial district pursuant to CPLR § 5221 (a), subd. 4, because the judgment that the Counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

**Allegations Common to All Counterclaims**

72.     The Bland Judgment Creditors hold an unsatisfied judgment in the amount of $1,233,458,232, comprising $277,805,908 in compensatory damages and $955,652,324 in punitive damages, ("Bland Judgment"), against judgment debtors Iran and MOIS.  The Judgment

arises from the October 23, 1983 terrorist bombing in Beirut, Lebanon which killed 241 American servicemen and injured many others.

73.     On December 21, 2011, Chief Judge Royce C. Lamberth of the United States District Court for the District of Columbia entered the Bland Judgment in favor of the plaintiffs, the Bland Judgment Creditors.

74.     October 4, 2012, Judge Lamberth entered an Order pursuant to 28 U.S.C. 1610(c) finding that a reasonable period of time had elapsed following the entry of Bland Judgment and permitting attachment and execution upon the Bland Judgment.

75.     On November 13, 2012, the Bland Judgment Creditors registered the Bland Judgment with United States District Court for the Southern District of New York.

76.     The Brown Judgment Creditors hold an unsatisfied judgment in the amount of $813,768,945, comprising $183,281,294 in compensatory damages and $630,487,651 in punitive damages, ("Brown Judgment"), against judgment debtors Iran and MOIS.  The Brown Judgment arises from the October 23, 1983 terrorist bombing in Beirut, Lebanon which killed 241 American servicemen and injured many others.

77.     On July 3, 2012, Chief Judge Royce C. Lamberth of the United States District Court for the District of Columbia entered the Brown Judgment in favor of the plaintiffs, the Brown Judgment Creditors.

78.     On August 29, 2012 the Clerk of the United States District Court for Columbia transmitted a copy of the Brown Judgment to the United States State Department for requesting that the State Department assist in serving a copy of the Brown Judgment on the judgment debtors, Iran and MOIS.

79.     On November 13, 2012, the Bland Judgment Creditors registered the Judgment with the United States District Court for the Southern District of New York.

80.     The Bland Judgment Creditors and Brown Judgment Creditors have served on Citibank notices pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* with respect to assets belonging to Iran, MOIS, and/or their agencies, instrumentalities or alter egos.  Specifically, on or about March 3, 2010, Bland Judgment Creditors and Brown Judgment Creditorsserved a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of *Lis Pendens* upon Citibank.

81.     The Third-Party Complaint alleges that the Third-Party Plaintiffs, including Counterclaim Defendant Citibank, are holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury.

82.     Upon information and belief, these blocked funds, in whole or in part, belong or are owed to or held for the benefit of Iran, MOIS, and/or their agencies, instrumentalities or alter egos (the "Iranian Blocked Assets").

## First Counterclaim

83.     The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege paragraphs 66 through 82 as if set forth herein.

84.     The Bland Judgment Creditors and Brown Judgment Creditors are judgment creditors of Iran and MOIS.

85.     The Bland Judgment Creditors and Brown Judgment Creditors are entitled to enforce their judgment against all assets in which Iran and/or MOIS has an interest, direct or indirect, within the United States.

19

86.    Upon information and belief, Citibank holds such assets, including, but not necessarily limited to, the Iranian Blocked Assets.

87.    By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Bland Judgment Creditors are entitled to a turnover of personal and, if applicable, real property with a value of, or to otherwise receive payment of a sum of money not exceeding, $$1,233,458,232, plus post-judgment interest, from Counterclaim Defendant Citibank.

88.    By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225(b) and 5227, the Brown Judgment Creditors are entitled to a turnover of personal and, if applicable, real property with a value of, or to otherwise receive payment of a sum of money not exceeding, $813,768,945, plus post-judgment interest, from Counterclaim Defendant Citibank.

## Second Counterclaim

89.    The Bland Judgment Creditors and Brown Judgment Creditors repeat and reallege paragraphs 66 through 88 as if set forth herein.

90.    Section 201 of TRIA provides in relevant part that: Notwithstanding any other provision of law…in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable. Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), §201(a).

91.     The Bland Judgment Creditors and Brown Judgment Creditors obtained their Judgment on a claim for which Iran was not immune pursuant to 28 U.S.C. § 1605A, the statutory successor to 28 U.S.C. § 1605(a)(7).

92.     Iran is, and was at the time of the attack upon the American servicemen, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA.

93.     Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

94.     The Bland Judgment Creditors and Brown Judgment Creditors are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y. C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, conveying, assigning and directing the turnover by the Counterclaim Defendant Citibank to the Bland Judgment Creditors and Brown Judgment Creditors in satisfaction of their Judgment of all blocked assets in their possession, custody or control owed to or held for the benefit of Iran.

**WHEREFORE**, the Bland Judgment Creditors and Brown Judgment Creditors respectfully demand judgment against Counterclaim Defendant Citibank:

(i)     requiring Counterclaim Defendant Citibank to turn over property with a value of, or otherwise pay a sum of money not exceeding, $1,233,458,232, plus post-judgment interest, to the Bland Judgment Creditors from personal and, if applicable, real property, held by Citibank in which Iran, MOIS, and/or their agencies, instrumentalities or alter egos have an interest, direct or indirect, including, but not necessarily limited to, the Iranian Blocked Assets;

21

(ii)      requiring Counterclaim Defendant Citibank to turn over property with a value of, or otherwise pay a sum of money not exceeding, $813,768,945, plus post-judgment interest, to the Brown Judgment Creditors from personal and, if applicable, real property, held by Citibank in which Iran, MOIS, and/or their agencies, instrumentalities or alter egos have an interest, direct or indirect, including, but not necessarily limited to, the Iranian Blocked Assets;

(iii)      awarding the Bland Judgment Creditors and Brown Judgment Creditors costs and disbursements in this action; and

(iv)      awarding such other relief as the Court deems appropriate.

Dated: New York, New York                        Respectfully submitted,
       December 19, 2012


                                                 HEIDEMAN NUDELMAN & KALIK, P.C.

                                                 ___/s/Noel J. Nudelman_____

                                                 Noel J. Nudelman
                                                 1146 19th St. N.W., 5th Floor
                                                 Washington, D.C. 20036
                                                 Telephone:  202-463-1818
                                                 Facsimile:  202-463-2999

                                                 *Attorneys for the Bland Judgment Creditors*
                                                 *and Brown Judgment Creditors*