UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>*Plaintiffs,*<br><br>--against--<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK,<br><br>*Defendants.* | Case No. 09 Civ. 5900 (RPP) |
| CITIBANK, N.A.,<br><br>*Plaintiffs,*       *Third-Party*<br><br>--against—<br><br>JAMES OWENS, et al.,<br><br>      *Third-Party*<br>*Defendants.* | **PETERSON JUDGMENT CREDITORS' ANSWER TO CITIBANK N.A'S SUPPLEMENTAL THIRD PARTY COMPLAINT WITH RESPECT TO PHASE TWO ASSETS AGAINST JUDGMENT HOLDERS AND PLAINTIFFS IN OTHER ACTIONS AGAINST IRAN IN ACCORDANCE WITH THE COURT'S AUGUST 16, 2012 ORDER.** |

Third Party Defendants DEBORAH D. PETERSON, Personal Representatives of

the Estate of James C. Knipple (Dec.), and all of those Judgment Creditors in the action

entitled *DEBORAH D. PETERSON, Personal Representatives of the Estate of James C.*

*Knipple (Dec.), et. al. vs. ISLAMIC REPUBLIC OF IRAN, et al.*, United States District

Court, District of Columbia, Consolidated Civil Actions: 01-2094 (RCL) and 01-2684

(RCL) ("District of Columbia Action") (hereinafter "Peterson Judgment Creditors"), by

their undersigned attorneys, for their answer to Citibank N.A.'s ("Citibank")

Supplemental Third-Party  Complaint With Respect to Phase Two Assets Against

Judgment Holders and Plaintiffs in Other Actions Against Iran in Accordance with the

209991

Court's August 16, 2012 Order (the "Third-Party Complaint"), allege as follows:

## Nature of Proceedings

1. Admit the allegations contained in Paragraph 1 of the Third-Party Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Third-Party Complaint, except admit that the Peterson Judgment Creditors are judgment creditors of the Islamic Republic of Iran ("Iran") and assert claims or rights with respect to, assets that belong to Iran or may be used to satisfy Peterson Judgment Creditors' judgment, including the supplemental phase II blocked assets that are the subject of this proceeding.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Third-Party Complaint, except admit that Peterson Judgment Creditors have served Citibank with documents in which they assert an interest in, claim to or right to, assets that belong to Iran.

## Jurisdiction and Venue

4. Admit the allegations contained in Paragraph 4 of the Third-Party Complaint.

5. Admit the allegations contained in Paragraph 5 of the Third-Party Complaint.

## The Third-Party Plaintiff

6. Admit the allegations contained in Paragraph 6 of the Third-Party Complaint.

## The Third-Party Defendants

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Third-Party Complaint.

8. Admit the allegations contained in Paragraph 8 of the Third-Party Complaint.

209991

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Third-Party Complaint.

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Third-Party Complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Third-Party Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Third-Party Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Third-Party Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Third-Party Complaint.

15.    Admit the allegations contained in Paragraph 15 of the Third-Party Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Third-Party Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Third-Party Complaint.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third-Party Complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third-Party Complaint.

21.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third-Party Complaint.

22.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Third-Party Complaint.

### The Turnover Proceeding

23.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third-Party Complaint.

24.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint.

25.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Third-Party Complaint, except admit that Plaintiffs commenced a turnover proceeding and that the Clearstream assets were excluded by Order of this Court dated June 10, 2010.

26.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Third-Party Complaint.

27.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint.

### Phase One of the Turnover Proceeding

28.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Third-Party Complaint, except admit Paragraph 28 to the extent it speaks to service of Third-Party Interpleader complaints ("Phase One Interpleaders") on the Peterson Judgment Creditors.

209991

29.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Third-Party Complaint.

30.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Complaint.

### Phase Two of the Turnover Proceeding

31.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Third-Party Complaint, except admit Paragraph 31 to the extent it speaks to service of third-party interpleader complaints ("Phase Two Interpleaders") on the Peterson Judgment Creditors.

32.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Third-Party Complaint.

33.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Third-Party Complaint.

34.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Third-Party Complaint.

35.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Third-Party Complaint.

36.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Third-Party Complaint.

37.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Third-Party Complaint.

38.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Third-Party Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Third-Party Complaint.

40.    Admit the allegations contained in Paragraph 40 of the Third-Party Complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Third-Party Complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Third-Party Complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Third-Party Complaint.

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Third-Party Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third-Party Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third-Party Complaint.

47.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Third-Party Complaint.

### For the Claims of Citibank in the Nature of Interpleader

### First Claim for Relief

48.    Responding to Paragraph 48 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 47 as if fully set forth herein.

209991

49.   Paragraph 49 of the Third-Party Complaint sets forth a legal conclusion and therefore no response is required.   To the extent that a response is required, Peterson Judgment Creditors aver that the language of C.P.L.R. Section 5239 speaks for itself.

50.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Third-Party Complaint.

### Second Claim for Relief

51.   Responding to Paragraph 51 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 47 as if fully set forth herein.

52.   Deny the allegations contained in Paragraph 52 of the Third-Party Complaint, except admit that Peterson Judgment Creditors have asserted a claim to the Supplemental Phase Two Blocked Assets, which claim takes priority over other parties to this action.

53.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Third-Party Complaint.

54.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Third-Party Complaint.

### Third Claim for Relief

55.   Responding to Paragraph 55 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in paragraphs 1 through 47 as if fully set forth herein.

56.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Third-Party Complaint.

### FIRST AFFIRMATIVE DEFENSE

209991

57.   Peterson Judgment Creditors delivered a Writ of Execution to the United States Marshal, Southern District of New York, on June 12, 2008 which pursuant to Article 52 of NYCPLR has the effect of creating a lien on personal property of the judgment debtors that is superior to executions or orders of attachment of other judgment creditors that were subsequently delivered to said Marshal.

58.   The rights of Peterson Judgment Creditors to the money, funds, and property which are the subject matter of the Supplemental Third-Party Complaint are superior to the rights and claims of all parties herein, including but not limited to, subsequent garnishees, transferees, and other parties in interest thereunder.

### SECOND AFFIRAMTIVE DEFENSE

59.   Peterson Judgment Creditors are entitled to an order determining the rights and priorities by and among the parties herein, and an order adjudicating that Peterson Judgment Creditors have superior right, title and interest to the funds which are the subject matter of the Supplemental Third-Party Complaint.

### THIRD AFFIRMATIVE DEFENSE

60.   The rights, if any, of the other competing creditors are junior and subordinate to the rights of Peterson Judgment Creditors.

### FOURTH AFFIRMATIVE DEFENSE

61.   Third-Party Plaintiff CITIBANK N.A. is a stakeholder and is obligated to interplead all of the monies, funds and properties. The Court therefore should determine the priorities for each of the parties herein.

### COUNTERCLAIMS

62.   By and for their Counterclaims against Third-Party Plaintiff in the underlying

209991

action, the Peterson Judgment Creditors allege as follows:

**Parties**

63.   Peterson Judgment Creditors are judgment creditors in the District of Columbia Action.

64.   Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant Citibank, N.A ("Citi") is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the County and State of New York.

**Jurisdiction and Venue**

65.   This Court has subject-matter jurisdiction over the claims sets forth herein pursuant to 28 U.S.C. §§ 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1601 et seq. (the "FSIA"), the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331,1963.

66.   Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this

209991

district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221

(a), subd. 4, because the judgment that the Counterclaims seek to enforce has been

entered as a judgment with this Court, at a courthouse within this county and judicial

district.

### Allegations Common to All Counterclaims

67.   Peterson Judgment Creditors hold an unsatisfied judgment pursuant to 28

U.S.C. § 1605(a)(7) against judgment debtors Iran.

68.   Peterson Judgment Creditors registered their Judgment in the Southern District

of New York on March 24, 2008 and a transcript was docketed in the New York County

Clerk's Office on June 16, 2008.

69.   On June 12, 2008, Peterson Judgment Creditors obtained a Writ of Execution

from the Clerk and delivered the writ that day to the U.S. Marshal for the Southern

District of New York.

70.   The Supplemental Third-Party Complaint alleges that the Third-Party Plaintiff,

including the Counterclaim Defendant herein, are holding certain funds in blocked

accounts as required by Executive Orders issued by the President of the United States and

blocking regulations issued by the United States Department of the Treasury, referred to

as "Supplemental Phase Two Blocked Assets" in the Supplemental Third-Party

Complaint and Exhibit A thereto (hereinafter referred to as "Supplemental Phase Two

Blocked Assets").

71.   Upon information and belief, the Supplemental Phase Two Blocked Assets, in

whole or in part, belong to or are owed to or held for the benefit of Iran or its agencies

and instrumentalities.

209991

## First Counterclaim

72.   Peterson Judgment Creditors repeat and reallege paragraphs 62 through 71 as if set forth herein.

73.   Peterson Judgment Creditors are judgment creditors of Iran.

74.   Peterson Judgment Creditors are entitled to enforce their judgment against all assets in which Iran has an interest, direct or indirect, within the United States.

75.   Upon information and belief, the Counterclaim Defendant holds such assets in the form of the Supplemental Phase Two Blocked Assets.

76.   By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. Civ. P. 69, and NYCPLR §§ 5225(b) and 5227, Peterson Judgment Creditors are entitled to a turnover of the Supplemental Phase Two Blocked Assets with a value of, or to otherwise receive payment of a sum of money, not exceeding the amount of the Peterson judgment, plus post-judgment interest, from Counterclaim Defendant Citibank.

## Second Counterclaim

77.   Peterson Judgment Creditors repeat and reallege paragraphs 62 through 76 as if set forth herein.

78.   Section 201 of TRIA provides in relevant part that: Notwithstanding any other provision of law ... in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order

209991

to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable. Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stal. 2322 (2002), § 201(a).

79.   Peterson Judgment Creditors obtained their Judgment on a claim for which Iran was not immune pursuant to 28 U.S.C. § 1605A, the statutory successor to § 1605(a)(7).

80.   Iran is, and was at the time of the attack upon the Marines, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA.

81.   Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

82.   Peterson Judgment Creditors are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, conveying, assigning and directing the turnover of the Supplemental Phase Two Blocked Assets by the Counterclaim Defendant to Peterson Judgment Creditors in satisfaction of their Judgment.

## CROSSCLAIMS

83.   By and for their crossclaim against the Plaintiff and all other Third-Party Defendants joined by Third-Party Plaintiff in this proceeding, whose names are incorporated herein by reference, Peterson Judgment Creditors allege as follows:

84.   Peterson Judgment Creditors repeat and reallege paragraphs 62 through 82 of their Counterclaims as if set forth herein.

85.   Peterson Judgment Creditors have obtained a judgment against THE ISLAMIC

209991

REPUBLIC OF IRAN ("Iran") in the District of Columbia Action on September 7, 2007 in the amount of $2,656,944,877.00. The court thereafter issued an order providing for enforcement of Peterson Judgment Creditor's Judgment under 28 U.S.C. § 1610(c).

86.   Peterson Judgment Creditors registered the judgment in the United States District Court, Southern District of New York, on March 24, 2008, pursuant to 28 U.S.C. § 1963 and as such, are entitled to enforce the judgment under the laws of the State of New York.

87.   On or about June 12, 2008, Peterson Judgment Creditors delivered a Writ of Execution to the United States Marshal for the Southern District of New York. The delivery of the Writ of Execution to the Marshal creates a lien upon all personal property of the judgment debtor, or any interest therein, that is superior to the rights of any judgment creditor of Iran who subsequently delivered an execution or order of attachment to said Marshal, including the assets that are the subject of the complaint filed by the Plaintiffs herein.

88.   Peterson Judgment Creditors are informed and believe that Third-Party Plaintiff, CITIBANK, N.A., has in its possession Supplemental Phase Two Blocked Assets, which are "blocked" and therefore subject to enforcement under TRIA, and moreover, the Foreign Sovereign Immunities Act (28 U.S.C. 1602 et seq.). Peterson Judgment Creditors are informed and believe that the Supplemental Phase Two Blocked Assets are in fact the property of Iran, or an agency or instrumentality thereof, in which Peterson Judgment Creditors have established a lien by way of the delivery of the Writ of Execution to the Marshal, and therefore the Supplemental Phase Two Blocked Assets are subject to enforcement of such lien.

209991

89.   Upon information and belief, the interests of Peterson Judgment Creditors in the assets that are the subject of the Supplemental Third-Party Complaint filed herein are superior to the interest of the Plaintiff and all other Third-Party Defendants that have been joined in this proceeding.

90.   Peterson Judgment Creditors therefore are entitled to an order declaring that Peterson Judgment Creditors are entitled to the Supplemental Phase Two Blocked Assets in the hands and possession of the Third-Party Plaintiff and an order declaring that the Third-Party Plaintiff turn over to Peterson Judgment Creditors all of the Supplemental Phase Two Blocked Assets, in which Iran has an interest.

WHEREFORE, Peterson Judgment Creditors pray for judgment as follows on each counterclaim and crossclaim:

A.      That the Court determine the rights, title and interest of the parties in and to the Supplemental Phase Two Blocked Assets, held by CITIBANK, N.A.

B.      For an order declaring that Peterson Judgment Creditors have a superior right, title and interest in Supplemental Phase Two Blocked Assets under NYCPLR Article 52, and that the rights in the Supplemental Phase Two Blocked Assets of all other parties are junior and subordinate thereto.

C.      For judgment requiring counterclaim defendant, CITIBANK, N.A., to turn over property with a value of, or otherwise pay a sum of money not exceeding, $2,656,944,877.00, plus post-judgment interest, to Peterson Judgment Creditors from the Supplemental Phase Two Blocked Assets in their possession that are the subject of the Plaintiff's complaint.

D.      For such other and further relief that the court deems just and reasonable.

209991

## Reservation of Rights

The Peterson Judgment Creditors reserve the right to assert any affirmative defenses and

counterclaims that may become apparent after additional discovery or otherwise.


Dated:  New York, New York
        December 19, 2012


                              SALON MARROW DYCKMAN NEWMAN & BROUDY LLP


By:       _____
          Liviu Vogel
          292 Madison Avenue
          New York, New York 10017
          (212) 661-7100

          *Attorneys for Peterson Judgment Creditors*


209991