UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, <br><br>*Plaintiffs,* <br><br>--*against*-- <br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK, <br><br>*Defendants.* | Case No. 09 Civ. 5900 (RPP) |
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., <br><br>*Third-Party Plaintiffs,* <br><br>—*against*— <br><br>STEVEN M. GREENBAUM, *et al.*, <br><br>*Third-Party Defendants.* | **PETERSON JUDGMENT CREDITORS' ANSWER TO AMENDED AND SUPPLEMENTAL THIRD PARTY COMPLAINT AGAINST OTHER JUDGMENT CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND WIRE TRANSFER PARTIES (PHASE 3)** |

Third-Party Defendants DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), and all of those Judgment Creditors in the action entitled *DEBORAH D. PETERSON, Personal Representatives of the Estate of James C. Knipple (Dec.), et. al. vs. ISLAMIC REPUBLIC OF IRAN, et al.*, United States District Court, District of Columbia, Consolidated Civil Actions: 01-2094 (RCL) and 01-2684 (RCL) ("District of Columbia Action") (hereinafter "Peterson Judgment Creditors"), by their undersigned attorneys, for their answer to the JPMorgan Chase & Co. and JPMorgan Chase Bank N.A.'s (collectively "JPMorgan") Amended and Supplemental

210004

Third-Party Complaint Against Other Judgment Creditors of Iran, Plaintiffs Suing Iran and Wire Transfer Parties (the "Third-Party Complaint"), allege as follows:

### Nature of the Counterclaims/Third-Party Claims

1. Admit the allegations contained in Paragraph 44 of the Third-Party Complaint.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Third-Party Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Third-Party Complaint, except admit that the Peterson Judgment Creditors are judgment creditors of the Islamic Republic of Iran ("Iran") and assert claims to or rights or interests in the JPM Phase 3 Assets.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Third-Party Complaint.

### The Counterclaim/Third-Party Plaintiffs

5. Admit the allegations contained in Paragraph 48 of the Third-Party Complaint.

6. Admit the allegations contained in Paragraph 49 of the Third-Party Complaint.

### The Counterclaim Defendants

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Third-Party Complaint.

### The Third-Party Defendant Judgment Creditors/Plaintiffs Suing Iran

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Third-Party Complaint.

210004

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Third-Party Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Third-Party Complaint.

11. Admit the allegations contained in Paragraph 54 of the Third-Party Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Third-Party Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Third-Party Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Third-Party Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Third-Party Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Third-Party Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Third-Party Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Third-Party Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Third-Party Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Third-Party Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Third-Party Complaint.

### The Account Party and Wire Transfer Third-Party Defendants

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Third-Party Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Third-Party Complaint

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Third-Party Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Third-Party Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Third-Party Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Third-Party Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Third-Party Complaint.

### Islamic Republic of Iran

26. Admit the allegations contained in Paragraph 72 of the Third-Party Complaint.

27. Admit the allegations contained in Paragraph 73 of the Third-Party Complaint.

28. Admit the allegations contained in Paragraph 74 of the Third-Party Complaint.

### Jurisdiction and Venue

29. Admit the allegations contained in Paragraph 75 of the Third-Party Complaint.

210004

30. Admit the allegations contained in Paragraph 76 of the Third-Party Complaint.

Common Factual Allegations

31. Admit the allegations contained in Paragraph 77 of the Third-Party Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Third-Party Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Third-Party Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Third-Party Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Third-Party Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Third-Party Complaint.

37. Admit the allegations contained in Paragraph 83 of the Third-Party Complaint.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Third-Party Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Third-Party Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Third-Party Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Third-Party Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Third-Party Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Third-Party Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth the allegations contained in Paragraph 90 of the Third-Party Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Third-Party Complaint.

46. Admit the allegations contained in Paragraph 92 of the Third-Party Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 of the Third-Party Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Third-Party Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth the allegations contained in Paragraph 95 of the Third-Party Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Third-Party Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Third-Party Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Third-Party Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 of the Third-Party Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Third-Party Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Third-Party Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Third-Party Complaint.

57. Admit the allegations contained in Paragraph 103 of the Third-Party Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Third-Party Complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Third-Party Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Third-Party Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Third-Party Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Third-Party Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Third-Party Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Third-Party Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Third-Party Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Third-Party Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 of the Third-Party Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 114 of the Third-Party Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Third-Party Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Third-Party Complaint, except admit that Peterson Judgment Creditors have claims to or rights with respect to all of the JPM Phase 3 Assets that are superior to the rights of the Heiser Judgment Creditors to seize those Blocked Assets to satisfy their judgments against Iran.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Third-Party Complaint.

72. Admit the allegations contained in Paragraph 118 of the Third-Party Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Third-Party Complaint.

First Counterclaim/Claim for Relief

74. Responding to Paragraph 120 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in Paragraphs 1 through 73 as if fully set forth herein.

75. Paragraph 121 of the Third-Party Complaint sets forth a legal conclusion and therefore no response is required. To the extent that a response is required, Peterson Judgment Creditors aver that the language of C.P.L.R. Section 5239 speaks for itself.

76. Admit the allegations contained in Paragraph 122 of the Third-Party Complaint.

### Second Counterclaim/Claim for Relief

77. Responding to Paragraph 123 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in Paragraphs 1 through 73 as if fully set forth herein.

78. Admit the allegations contained in Paragraph 124 of the Third-Party Complaint with respect to the claim of the Peterson Judgment Creditors, but deny knowledge or information sufficient to form a belief as to the claims of the other Third-Party Defendants.

79. Admit the allegations contained in Paragraph 125 of the Third-Party Complaint.

80. Admit the allegations contained in Paragraph 126 of the Third-Party Complaint.

### Third Counterclaim/Claim for Relief

81. Responding to Paragraph 127 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in Paragraphs 1 through 73, 75, 76, 78 through 80 as if fully set forth herein.

82. Deny the allegations contained in Paragraph 128 of the Third-Party Complaint to the extent it seeks preliminary and permanent injunctive relief against Peterson Judgment Creditors.

### Fourth Counterclaim/Claim for Relief

210004

83. Responding to Paragraph 129 of the Third-Party Complaint, Peterson Judgment Creditors repeat and reallege each and every response contained in Paragraphs 1 through 73, 75, 76, 78 through 80 as if fully set forth herein.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Third-Party Complaint.

## FIRST AFFIRMATIVE DEFENSE

85. Peterson Judgment Creditors delivered a Writ of Execution to the United States Marshal, Southern District of New York, on June 12, 2008 which pursuant to Article 52 of NYCPLR has the effect of creating a lien on personal property of the judgment debtors that is superior to executions or orders of attachment of other judgment creditors that were subsequently delivered to said Marshal.

86. The rights of Third-Party Defendants Peterson to the money, funds, and property which are the subject matter of the Third-Party Complaint are superior to the rights and claims of all parties herein, including but not limited to, subsequent garnishees, transferees, and other parties in interest thereunder.

## SECOND AFFIRAMTIVE DEFENSE

87. Peterson Judgment Creditors are entitled to an order determining the rights and priorities by and among the parties herein, and an order adjudicating that Peterson Judgment Creditors have superior right, title and interest to the funds which are the subject matter of the Third-Party Complaint.

## THIRD AFFIRMATIVE DEFENSE

88. The rights, if any, of the other competing creditors are junior and subordinate to the rights for and on behalf of Third-Party Defendants Peterson.

## FOURTH AFFIRMATIVE DEFENSE

89. Third-Party Plaintiffs JPMorgan are stakeholders and are obligated to interplead all of the monies, funds and properties described in the Third-Party Complaint. The court therefore should determine the priorities for each of the parties herein.

## COUNTERCLAIMS

By and for their Counterclaims against Third-Party Plaintiffs JPMorgan, the Peterson Judgment Creditors allege as follows:

### Parties

90. The Peterson Judgment Creditors are individuals residing in various states of the United States of America.

91. Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant JPMorgan Chase & Co. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the County and State of New York.

92. Upon information and belief, Third-Party Plaintiff and Counterclaim Defendant JPMorgan Chase Bank, N.A. is a national banking association organized and existing under the laws of the United States of America, with its main office (as set forth in its Articles of Association) in the State of Ohio, that has offices and branches in the County and State of New York.

### Jurisdiction and Venue

93. This Court has subject-matter jurisdiction over the claims sets forth herein pursuant to 28 U.S.C. §§ 1331, because it arises under the laws and treaties of the United States, in particular the Foreign Sovereign Immunities Act of 1976, 28 U.S.C §§ 1601 et

seq. (the "FSIA"), the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002) ("TRIA"), and pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to the first of the above-captioned proceedings (the "Turnover Proceeding"), which is within the original jurisdiction of this Court, and to the third-party action arising out of it, that the claims herein form part of the same case or controversy. This Court also has jurisdiction over this matter pursuant to its inherent ancillary enforcement jurisdiction, since this is an action to enforce a federal judgment registered in this Court pursuant to 28 U.S.C. §§ 1331, 1963.

94. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because the Counterclaims seek to enforce a judgment that has been registered in this judicial district and the property that is the subject of this proceeding is located in this district. Venue is also proper in this county and judicial district pursuant to CPLR § 5221 (a), subd. 4, because the judgment that the Counterclaims seek to enforce has been entered as a judgment with this Court, at a courthouse within this county and judicial district.

Allegations Common to All Counterclaims

95. Peterson Judgment Creditors hold an unsatisfied judgment pursuant to 28 U.S.C. § 1605(a)(7) against judgment debtors Iran.

96. Peterson Judgment Creditors registered their Judgment in the Southern District of New York on March 24, 2008 and a transcript was docketed in the New York County Clerk's Office on June 16, 2008.

97. On June 12, 2008, Peterson Judgment Creditors obtained a Writ of Execution from the Clerk and delivered the writ that day to the U.S. Marshal for the Southern District of New York.

98. The Third-Party Complaint alleges that the Third-Party Plaintiffs and Counterclaim Defendants herein, are holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury, referred to as "JPM Phase 3 Assets" in the Third-Party Complaint and Exhibit A thereto (hereinafter referred to as "JPM Phase 3 Assets").

99. Upon information and belief, the JPM Phase 3 Assets, in whole or in part, belong to or are owed to or held for the benefit of Iran or its agencies and instrumentalities.

### First Counterclaim

100. Peterson Judgment Creditors repeat and reallege paragraphs 90 through 99 as if set forth herein.

101. Peterson Judgment Creditors are judgment creditors of Iran.

102. Peterson Judgment Creditors are entitled to enforce their judgment against all assets in which Iran has an interest, direct or indirect, within the United States.

103. Upon information and belief, the Counterclaim Defendants hold such assets, in the form of the JPM Phase 3 Assets.

104. By reason of the foregoing and pursuant to 28 U.S.C. §§ 1603, 1605A, 1606 and 1610, Fed. R. Civ. P. 69, and NYCPLR §§ 5225(b) and 5227, Peterson Judgment Creditors are entitled to a turnover of the JPM Phase 3 Assets with a value of, or to

210004

otherwise receive payment of a sum of money not exceeding the amount of the Peterson judgment, plus post-judgment interest, from Counterclaim Defendants JPMorgan.

## Second Counterclaim

105. Peterson Judgment Creditors repeat and reallege paragraphs 90 through 104 as if set forth herein.

106. Section 201 of TRIA provides in relevant part that: Notwithstanding any other provision of law ... in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable. Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a).

107. Peterson Judgment Creditors obtained their Judgment on a claim for which Iran was not immune pursuant to 28 U.S.C. § 1605A, the statutory successor to § 1605(a)(7).

108. Iran is, and was at the time of the attack upon the Marines, designated a state sponsor of terrorism, and the Judgment was therefore entered against a "terrorist party" as defined in § 201 of TRIA.

109. Pursuant to § 201 of TRIA, the blocked assets of Iran, including the blocked assets of any agency or instrumentality of Iran, are subject to execution or attachment in aid of execution in order to satisfy the Judgment.

110. Peterson Judgment Creditors are therefore entitled to an order and judgment, pursuant to Fed. R. Civ. P. 69, N.Y.C.P.L.R. §§ 5225 and 5227 and § 201 of TRIA, conveying, assigning and directing the turnover of the JPM Phase 3 Assets by the Counterclaim Defendants to Peterson Judgment Creditors in satisfaction of their Judgment.

## CROSSCLAIMS

By and for their crossclaim against the Third-Party Defendants and Counterclaim Plaintiffs Heiser Judgment Creditors and all other Third-Party Defendants joined by Third-Party Plaintiffs JPMorgan in this proceeding, whose names are incorporated herein by reference, Peterson Judgment Creditors allege as follows:

111. Peterson Judgment Creditors repeat and reallege paragraphs 90 through 110 of their Counterclaims as if set forth herein.

112. Peterson Judgment Creditors have obtained a judgment against THE ISLAMIC REPUBLIC OF IRAN ("Iran") in the District of Columbia Action on September 7, 2007 in the amount of $2,656,944,877.00. The court thereafter issued an order providing for enforcement of Peterson Judgment Creditor's Judgment under 28 U.S.C. § 1610(c).

113. Peterson Judgment Creditors registered the judgment in the United States District Court, Southern District of New York, on March 24, 2008, pursuant to 28 U.S.C. § 1963 and as such, are entitled to enforce the judgment under the laws of the State of New York.

114. On or about June 12, 2008, Peterson Judgment Creditors delivered a Writ of Execution to the United States Marshal for the Southern District of New York. The delivery of the Writ of Execution to the Marshal creates a lien upon all personal property

210004

of the judgment debtor, or any interest therein, that is superior to the rights of any judgment creditor of Iran who subsequently delivered an execution or order of attachment to said Marshal, including the JPM Phase 3 Assets.

115. Peterson Judgment Creditors are informed and believe that Third-Party Plaintiffs, JPMorgan., have in their possession the JPM Phase 3 Assets, which are "blocked" and therefore subject to enforcement under TRIA, and moreover, the Foreign Sovereign Immunities Act (28 U.S.C. 1602 et seq.). Peterson Judgment Creditors are informed and believe that the JPM Phase 3 Assets are in fact the property of Iran, or an agency or instrumentality thereof, in which Peterson Judgment Creditors have established a lien by way of the delivery of the Writ of Execution to the Marshal, and therefore the JPM Phase 3 Assets are subject to enforcement of such lien.

116. Upon information and belief, the interests of Peterson Judgment Creditors in the JPM Phase 3 Assets that are the subject of the Third-Party Complaint filed herein are superior to the interest of the Third-Party Defendants and Counterclaim Plaintiffs Heiser Judgment Creditors and all other Third-Party Defendants that have been joined in this proceeding.

117. Peterson Judgment Creditors therefore are entitled to an order declaring that Peterson Judgment Creditors are entitled to the JPM Phase 3 Assets in the hands and possession of the Third-Party Plaintiffs JPMorgan and an order declaring that the Third-Party Plaintiffs JPMorgan turn over to Peterson Judgment Creditors all of the JPM Phase 3 Assets, in which Iran has an interest.

WHEREFORE, Peterson Judgment Creditors pray for judgment as follows on each counterclaim and crossclaim:

210004

    A.    That the court determine the rights, title and interest of the parties in and to the JPM Phase 3 Assets, held by JPMorgan.

    B.    For an order declaring that Peterson Judgment Creditors have a superior right, title and interest in the JPM Phase 3 Assets under NYCPLR Article 52, and that the rights of all other parties are junior and subordinate thereto.

    C.    For judgment requiring counterclaim defendants, JPMorgan, to turn over property with a value of, or otherwise pay a sum of money not exceeding, $2,656,944,877.00, plus post-judgment interest, to Peterson Judgment Creditors from the JPM Phase 3 Assets in their possession.

    D.    For such other and further relief that the court deems just and reasonable.

### Reservation of Rights

The Peterson Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after additional discovery or otherwise.

Dated: New York, New York
       December 20, 2012

SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

By: _____
Liviu Vogel
292 Madison Avenue
New York, New York 10017
(212) 661-7100

*Attorneys for Peterson Judgment Creditors*

210004