UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., | : | **ANSWER OF JPMORGAN CHASE PARTIES TO COUNTERCLAIM OF THE GREENBAUM AND ACOSTA JUDGMENT CREDITORS** |
| Third-Party Plaintiffs, | | |
| -against- | : | |
| STEVEN M. GREENBAUM, et al., | : | |
| Third-Party Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., | : | |
| Third-Party Plaintiffs, | : | |
| -against- | : | |
| JEREMY LEVIN, et al, | : | |
| Third-Party Defendants. | : | |

------------------------------------------------------------x

Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, for their answer (the "Answer") to the counterclaim (the

"Counterclaim") asserted by Third-Party Defendants and Counterclaim Plaintiffs Steven M.
Greenbaum, et al. (the "Greenbaum Parties") and Carlos Acosta, et al. (the "Acosta Parties")
(collectively, the "Greenbaum/Acosta Parties") in the Greenbaum/Acosta Parties' answer dated
November 9, 2012 to the third-party claims asserted against those parties in JPMorgan's
Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint
dated October 10, 2012, state as follows:

      1.     To the extent paragraph 132 of the Counterclaim sets forth allegations that require
a response from JPMorgan, deny each and every allegation set forth therein except admit that the
Counterclaim seeks to assert a counterclaim against JPMorgan.

      2.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 133 of the Counterclaim.

      3.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 134 of the Counterclaim.

      4.     Admit the allegations of paragraph 135 of the Counterclaim.

      5.     Admit the allegations of paragraph 136 of the Counterclaim.

      6.     In response to paragraph 137 of the Counterclaim, admit that the United States
District Court for the Southern District of New York (the "Court") has subject matter jurisdiction
over the Counterclaim pursuant on, among other bases, the statutes cited in paragraph 137.

      7.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 138 of the Counterclaim except do not dispute that the
Southern District of New York is a proper venue for the adjudication of the Counterclaim.

      8.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph 139 of the Counterclaim.

2

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Counterclaim.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Counterclaim.

11.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Counterclaim.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Counterclaim.

13.     Deny each and every allegation set forth in paragraph 144 of the Counterclaim except admit that on April 15, 2010, the Greenbaum Parties and the Acosta Parties filed separate answers with counterclaims to the third-party complaint of JPMCB et al. dated December 31, 2009 and refer to those answers for their contents.

14.     Deny each and every allegation set forth in the first sentence of paragraph 145 of the Counterclaim except admit that on July 13, 2010, plaintiffs Jeremy and Lucille Levin ("Plaintiffs") made a motion for partial summary judgment in this proceeding, and that thereafter the Greenbaum Parties, the Acosta Parties and third-party defendants Estate of Michael Heiser, et al. also made motions for partial summary judgment and refer to those motions for their contents.  Deny each and every allegation set forth in the rest of paragraph 145 except admit that in a decision and order dated January 20, 2011, and a subsequent decision and order dated March 4, 2011, the Court ruled on these motions for partial summary judgment, although those rulings were later superseded by other orders of the Court, and refer to all of those decisions and orders for their terms and provisions.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Counterclaim.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Counterclaim except admit that a purported writ of execution with respect to a judgment entered in favor of the Greenbaum Parties against the Islamic Republic of Iran, et al., was received by JPMorgan on February 17, 2011.

17.    Deny each and every allegation set forth in paragraph 148 of the Counterclaim except admit that on or about March 4, 2011, the Court so ordered a stipulation relating to the filing of amended answers by the Greenbaum Parties and the Acosta Parties; and admit that on March 7, 2011, the Greenbaum Parties and the Acosta Parties filed separate amended answers with counterclaims to the third-party complaint of JPMCB et al. dated December 31, 2009 and refer to that stipulation and order and those answers for their contents.

18.    Deny each and every allegation set forth in the first sentence of paragraph 149 of the Counterclaim except admit that in June 2010, the Plaintiffs, the Greenbaum Parties, the Acosta Parties and third-party defendants Estate of Michael Heiser, et al. (hereinafter these parties will be referred to collectively as the "Cooperating Parties") made a joint motion for partial summary judgment in this proceeding and refer to the motion papers in support of that motion for their contents. Deny each and every allegation set forth in the rest of paragraph 149 except admit that in an order and judgment dated June 21, 2011, as modified by an order and judgment dated in July 2011, the Court ruled on this joint motion for partial summary judgment, and refer to those orders and judgments for their terms and provisions; and admit that pursuant to those orders and judgments, JPMorgan turned over certain funds to the United States Marshal for the Southern District of New York at the indicated time.

19.    Deny each and every allegation set forth in paragraph 150 of the Counterclaim except admit that the Court entered an order on September 16, 2011, later modified by an order dated October 5, 2011 (hereinafter those orders will be referred to collectively as the "Phase 2 Orders"), refer to the Phase 2 Orders for their terms and provisions, admit that pursuant to those orders, JPMorgan filed amended and supplemental third-party complaints in this proceeding on September 21 and October 6, 2011 (hereinafter these pleading will be referred to as the "JPM Phase 2 Third-Party Complaints"), refer to those pleadings for their contents, and deny knowledge or information sufficient to form a belief as to the truth of the matters alleged in the last sentence of paragraph 150.

20.    Deny each and every allegation set forth in paragraph 151 of the Counterclaim except admit that the Phase 2 Orders contain terms and provisions relating to the obligations of the Cooperating Parties and JPMorgan with respect to the service of the JPM Phase 2 Third-Party Complaints, and refer to the Phase 2 Orders for their terms and provisions.

21.    Deny each and every allegation set forth in paragraph 152 of the Counterclaim except admit that certain third-party defendants named in the JPM Phase 2 Third-Party Complaints have filed answers to the JPM Phase 2 Third-Party Complaints or have submitted responses to the JPM Phase 2 Third-Party Complaints to counsel for JPMorgan or to the Court, and refer to those answers and those responses for their contents.

22.    Deny each and every allegation set forth in paragraph 153 of the Counterclaim except admit that the Court held a conference in this proceeding on August 16, 2012 and refer to the transcript of that conference for the Court's rulings at that time.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Counterclaim.

24.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Counterclaim.

25.    In response to paragraph 156 of the Counterclaim, repeat and reallege each and every allegation set forth in paragraphs 1 through 24 of this Answer to the same extent as if they were set forth here in full.

26.    To the extent JPMorgan is required to respond to paragraph 157 of the Counterclaim, which purports to set forth conclusions of law, deny each and every allegation of paragraph 157 except admit that it purports to quote selectively from section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. Law No. 107-297, 116 Stat. 2322 (2002), as amended by section 502 of the Iran Threat Reduction and Syria Human Rights Act of 2012, Pub. Law No. 112-158, 126 Stat. 1214 (2012), which is codified as a note to 28 U.S.C. § 1610, and refer to those federal statutes for their terms and provisions.

27.    To the extent JPMorgan is required to respond to paragraph 158 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158.

28.    To the extent JPMorgan is required to respond to paragraph 159 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159.

29.    To the extent JPMorgan is required to respond to paragraph 160 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160.

30.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161 excerpt admit that JPMorgan is holding blocked assets that

are blocked under some or all of the Presidential Executive Orders and regulations of the Treasury Department referred to in paragraph 161.

31.     To the extent JPMorgan is required to respond to paragraph 162 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162.

32.     To the extent JPMorgan is required to respond to paragraph 163 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163.

<u>AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW</u>

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., without assuming the burden of proof for those matters as to which the Greenbaum/Acosta Parties bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

<u>First Affirmative Defense/Objection</u>

33.     Persons and entities ("persons") other than the Islamic Republic of Iran or its agencies and instrumentalities – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, or parties to or participants in wire transfers that were blocked pursuant to regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department, for which JPMorgan is holding the proceeds, and other persons who have obtained or are seeking judgments against the Islamic Republic of Iran who have served writs of execution or other forms of process or notice of their claims – may have ownership or other interests, in whole or in part, of the funds and assets held by JPMorgan that are the subject of the Counterclaim that may be superior to the rights of the

Greenbaum/Acosta Parties, if any, to have execution against such funds and assets to satisfy the alleged judgments referred to in paragraphs 139 and 140 of the Counterclaim (the "Judgments").

Second Affirmative Defense/Objection

34.     Persons other than the Greenbaum/Acosta Parties – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, or parties to or participants in blocked wire transfers for which JPMorgan is holding the proceeds, the Islamic Republic of Iran, persons alleged to be its agencies or instrumentalities, and other persons who have obtained or are seeking judgments against the Islamic Republic of Iran who have served writs of execution or other forms of process or notice of their claim – may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule __") or applicable provisions of state law (and are properly subject to interpleader under Rule 22).  Those persons may have the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that would terminate or otherwise affect their rights.

Third Affirmative Defense/Objection

35.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including the Greenbaum/Acosta Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or § 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g), and that such assets are subject to execution under either statute. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . .

8

execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a).").

Fourth Affirmative Defense/Objection

36.     If either of the Judgments was entered on default, the Greenbaum/Acosta Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by FSIA § 1608 in order to comply with FSIA § 1608(e).  *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

Fifth Affirmative Defense/Objection

37.     In order to comply with the requirements of §§ 5225(b) and 5227 of the New York Civil Practice Law and Rules ("CPLR") and Rule 69, the Greenbaum/Acosta Parties must meet their burden of proof that a copy of the Counterclaim has been served on the Islamic Republic of Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts, or assets that are the subject of the Counterclaim, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

Sixth Affirmative Defense/Objection

38.     The Greenbaum/Acosta Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Greenbaum/Acosta Parties to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc.*, 1997 WL 811474, at *3.

9

Seventh Affirmative Defense/Objection

39.     The Greenbaum/Acosta Parties can execute on assets in the possession or custody

of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the

requirements of TRIA § 201(a), including the requirement that the property, debt, or asset to be

levied on is a "blocked asset[] of [a] terrorist party (including . . . any agency or instrumentality

of that terrorist party)."

Eighth Affirmative Defense/Objection

40.     The Greenbaum/Acosta Parties can execute on property in the possession or

custody of JPMorgan pursuant to FSIA § 1610(g) only after meeting their burden of proof as to

all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to

be levied on is "property of a foreign state against which a judgment is entered under § 1605A

[or] the property of an agency or instrumentality of such a state."

Ninth Affirmative Defense/Objection

41.     Sections 1609 and 1610 of the FSIA limit the Greenbaum/Acosta Parties to

enforcing the Judgments against property in the United States.

Tenth Affirmative Defense/Objection

42.     Nothing in this Amended Answer shall constitute a waiver of any rights of set-off

that JPMorgan may have against any party, person or entity.

Eleventh Affirmative Defense/Objection

43.     To the extent the value of the property, funds and assets held by JPMorgan, and

by other defendants and other parties against which the Greenbaum/Acosta Parties have brought

other judgment enforcement proceedings, that are lawfully subject to execution to satisfy the

Judgments exceeds the amount needed to satisfy the Judgments, or exceeds the amount of that

portion of the Judgments that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other defendants, and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that are being required to turn over funds or assets, and no other affected person, is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgments.

WHEREFORE, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment as follows:

(1)     Dismissing the Counterclaim in its entirety as against them;

(2)     Awarding them their costs and expenses in these proceedings, including reasonable attorneys' fees; and

(3)     Awarding them such other and further relief as may be just and proper.

Dated:     New York, New York
           December 20, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By:  _s/ J. Kelley Nevling, Jr._____
           Steven B. Feigenbaum
           J. Kelley Nevling, Jr.
     1185 Avenue of the Americas, 17th Floor
     New York, NY  10036
     (212) 308-6100
     E-mail addresses: sfeigenbaum@llf-law.com or
     knevling@llf-law.com
     *Attorneys for Defendants, Third-Party Plaintiffs and
     Counterclaim Defendants JPMorgan Chase & Co.
     and JPMorgan Chase Bank, N.A.*