UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | |
| BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., | : | |
| | : | **ANSWER OF JPMORGAN CHASE PARTIES TO PLAINTIFFS' COUNTERCLAIM** |
| Third-Party Plaintiffs, | : | |
| -against- | : | |
| STEVEN M. GREENBAUM, et al., | : | |
| | : | |
| Third-Party Defendants. | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A., | : | |
| Third-Party Plaintiffs, | : | |
| | : | |
| -against- | : | |
| | : | |
| JEREMY LEVIN, et al, | : | |
| | : | |
| Third-Party Defendants. | : | |

------------------------------------------------------------x

Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, for their answer (the "Answer") to the counterclaim (the

"Counterclaim") asserted by Plaintiffs, Third-Party Defendants and Counterclaim Plaintiffs Jeremy Levin and Lucille Levin (the "Levins") in their answer dated November 9, 2012 to the third-party claims asserted against those parties in JPMorgan's Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of the Levins' complaint dated June 26, 2009 that are repeated and realleged in paragraph 150 of the Counterclaim, except (a) admit those allegations to the extent that they are admitted in JPMorgan's answer dated October 23, 2009 to the Levins' complaint and (b) deny those allegations to the extent that they are denied in JPMorgan's answer to the complaint.

2. To the extent JPMorgan is required to respond to paragraph 151 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 151.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Counterclaim.

4. To the extent JPMorgan is required to respond to paragraph 153 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153, except admit that the Levins filed the first of the above-captioned proceedings in the United States District Court for the Southern District of New York (the "Court") on June 26, 2009 and refer to the complaint filed by the Levins at that time for the relief requested therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Counterclaim.

6. To the extent JPMorgan is required to respond to paragraph 155 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155.

7. To the extent JPMorgan is required to respond to paragraph 156 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156, except admit that since June 30, 2008, JPMorgan has blocked certain assets under Presidential Executive Orders and sanctions regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury, including the blocked assets that are described in Exhibit A to JPMorgan's Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Counterclaim.

9. To the extent JPMorgan is required to respond to paragraph 158 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158.

10. To the extent JPMorgan is required to respond to paragraph 159 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 159.

11. To the extent JPMorgan is required to respond to paragraph 160 of the Counterclaim, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160.

12. To the extent JPMorgan is required to respond to paragraph 161 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 161.

13. To the extent JPMorgan is required to respond to paragraph 162 of the Counterclaim, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162, except admit that any assets being held by JPMorgan in blocked accounts pursuant to OFAC regulations are being held in accounts that comply with the requirements of those regulations with respect to the accrual of interest.

## AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., without assuming the burden of proof for those matters as to which the Levins bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

### First Affirmative Defense/Objection

14. Persons and entities ("persons") other than the Islamic Republic of Iran or its agencies and instrumentalities – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, or parties to or participants in wire transfers that were blocked pursuant to OFAC regulations for which JPMorgan is holding the proceeds, and other persons who have obtained or are seeking judgments against the Islamic Republic of Iran who have served writs of execution or other forms of process or notice of their claims – may have ownership or other interests, in whole or in part, of the funds and assets held by JPMorgan that are the subject of the Counterclaim that may be superior to the rights of the Levins, if any, to

have execution against such funds and assets to satisfy the alleged judgment referred to in paragraph 151 of the Counterclaim (the "Judgment").

<u>Second Affirmative Defense/Objection</u>

15.     Persons other than the Levins – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, or parties to or participants in blocked wire transfers for which JPMorgan is holding the proceeds, the Islamic Republic of Iran, persons alleged to be its agencies or instrumentalities, and other persons who have obtained or are seeking judgments against the Islamic Republic of Iran who have served writs of execution or other forms of process or notice of their claim – may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule __") or applicable provisions of state law (and are properly subject to interpleader under Rule 22). Those persons may have the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that would terminate or otherwise affect their rights.

<u>Third Affirmative Defense/Objection</u>

16.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including the Levins, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. Law No. 107-297, 116 Stat. 2322 (2002), which is codified as a note to 28 U.S.C. § 1610, or § 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g), and that

such assets are subject to execution under either statute. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a).").

<u>Fourth Affirmative Defense/Objection</u>

17.     If the Judgment was entered on default, the Levins must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by FSIA § 1608 in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

<u>Fifth Affirmative Defense/Objection</u>

18.     In order to comply with the requirements of §§ 5225(b) and 5227 of the New York Civil Practice Law and Rules ("CPLR") and Rule 69, the Levins must meet their burden of proof that a copy of the Counterclaim has been served on the Islamic Republic of Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts, or assets that are the subject of the Counterclaim, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

<u>Sixth Affirmative Defense/Objection</u>

19.     The Levins must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Levins to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No.

09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc.*, 1997 WL 811474, at *3.

### Seventh Affirmative Defense/Objection

20. The Levins can execute on assets in the possession or custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt, or asset to be levied on is a "blocked asset[] of [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### Eighth Affirmative Defense/Objection

21. The Levins can execute on property in the possession or custody of JPMorgan pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

### Ninth Affirmative Defense/Objection

22. Sections 1609 and 1610 of the FSIA limit the Levins to enforcing the Judgment against property in the United States.

### Tenth Affirmative Defense/Objection

23. Nothing in this Amended Answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

### Eleventh Affirmative Defense/Objection

24. To the extent the value of the property, funds and assets held by JPMorgan, and by other defendants and other parties against which the Levins have brought other judgment

enforcement proceedings, that are lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other defendants, and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that are being required to turn over funds or assets, and no other affected person, is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment as follows:

(1) Dismissing the Counterclaim in its entirety as against them;

(2) Awarding them their costs and expenses in these proceedings, including reasonable attorneys' fees; and

(3) Awarding them such other and further relief as may be just and proper.

Dated: New York, New York
December 20, 2012

LEVI LUBARSKY & FEIGENBAUM LLP

By: ___s/J. Kelley Nevling, Jr._____
Steven B. Feigenbaum
J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
(212) 308-6100
E-mail addresses: sfeigenbaum@llf-law.com or knevling@llf-law.com
*Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*