UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN, | : | 09 Civ. 5900 (RPP) (MHD) |
| Plaintiffs, | : | |
| -against- | : | **ANSWER OF JPMORGAN CHASE PARTIES TO COUNTERCLAIMS OF THE BENNETT JUDGMENT CREDITORS** |
| BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK, | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,

              Third-Party Plaintiffs,

      -against-

STEVEN M. GREENBAUM, et al.,

              Third-Party Defendants.
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN CHASE BANK, N.A.,

              Third-Party Plaintiffs,

      -against-

JEREMY LEVIN, et al,

              Third-Party Defendants.
------------------------------------------------------------x

      Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, for their answer (the "Answer") to the counterclaims (the

"Counterclaims") asserted by Third-Party Defendants and Counterclaim Plaintiffs Michael and Linda Bennett, individually and as Co-Administrators of the Estate of Marla Bennett, and Lisa Bennett (the "Bennett Parties"), in their answer dated November 5, 2012 to the third-party claims asserted against those parties in JPMorgan's Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012, state as follows:

1. To the extent paragraph 131 of the Counterclaims sets forth allegations that require a response from JPMorgan, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Counterclaims.

3. Deny each and every allegation set forth in paragraph 133 of the Counterclaims, except admit that JPMCB is a national banking association organized and existing under the laws of the United States of America with its main office (as set forth in its Articles of Association) in the State of Ohio, and with offices and branches in the State and county of New York.

4. In response to paragraph 134 of the Counterclaims, admit that the United States District Court for the Southern District of New York (the "Court") has subject matter jurisdiction over the Counterclaims pursuant to, among other bases, the statutes cited in paragraph 134.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Counterclaims, except do not dispute that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Counterclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 of the Counterclaims.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 of the Counterclaims.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 139 of the Counterclaims.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Counterclaims, except admit that a purported writ of execution with respect to a judgment entered in favor of the Bennett Parties against the Islamic Republic of Iran, et al., was received by JPMorgan on June 4, 2012.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Counterclaims, except admit that JPMorgan is holding funds in blocked accounts, including the funds identified in Exhibit A to their Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012, as required by Presidential Executive Orders and/or regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury, and refer to that Exhibit A for further information regarding the blocked assets described therein.

12. Deny the allegations of paragraph 142 of the Counterclaims, except admit that JPMorgan is holding the blocked assets referred to as the "JPM Phase 3 Assets" in paragraph 44 of its Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Counterclaims.

14. In response to paragraph 144 of the Counterclaims, repeat and reallege each and every allegation set forth in paragraphs 1 through 13 of this Answer to the same extent as if they were set forth here in full.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Counterclaims.

16. To the extent JPMorgan is required to respond to paragraph 146 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Counterclaims.

18. To the extent JPMorgan is required to respond to paragraph 148 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148.

19. To the extent JPMorgan is required to respond to paragraph 149 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 149.

20. In response to paragraph 150 of the Counterclaims, repeat and reallege each and every allegation set forth in paragraphs 1 through 19 of this Answer to the same extent as if they were set forth here in full.

21. To the extent JPMorgan is required to respond to paragraph 151 of the Counterclaims, which purports to set forth conclusions of law, deny each and every allegation of

paragraph 151 except admit that it purports to quote selectively from section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. Law No. 107-297, 116 Stat. 2322 (2002), which is codified as a note to 28 U.S.C. § 1610, and refer to that federal statute for its terms and provisions.

22. To the extent JPMorgan is required to respond to paragraph 152 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152.

23. To the extent JPMorgan is required to respond to paragraph 153 of the Counterclaims, which consists in part of purported conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Counterclaims.

25. To the extent JPMorgan is required to respond to paragraph 155 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155.

26. To the extent JPMorgan is required to respond to paragraph 156 of the Counterclaims, which purports to set forth conclusions of law, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156.

<u>AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW</u>

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., without assuming the burden of proof for those matters as to which the Bennett Parties bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

<u>First Affirmative Defense/Objection</u>

27.     Persons and entities ("persons") other than the Islamic Republic of Iran or its agencies and instrumentalities – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, or parties to or participants in wire transfers that were blocked pursuant to OFAC regulations for which JPMorgan is holding the proceeds, and other persons who have obtained or are seeking judgments against the Islamic Republic of Iran who have served writs of execution or other forms of process or notice of their claims – may have ownership or other interests, in whole or in part, of the funds and assets held by JPMorgan that are the subject of the Counterclaims that may be superior to the rights of the Bennett Parties, if any, to have execution against such funds and assets to satisfy the alleged judgment referred to in paragraph 136 of the Counterclaims (the "Judgment").

<u>Second Affirmative Defense/Objection</u>

28.     Persons other than the Bennett Parties – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, or parties to or participants in blocked wire transfers for which JPMorgan is holding the proceeds, the Islamic Republic of Iran, persons alleged to be its agencies or instrumentalities, and other persons who have obtained or are seeking judgments against the Islamic Republic of Iran who have served writs of execution or other forms of process or notice of their claim – may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule __") or applicable provisions of state law (and are properly subject to interpleader under Rule 22).  Those persons may have the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that would terminate or otherwise affect their rights.

Third Affirmative Defense/Objection

29.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including the Bennett Parties, except pursuant to a license issued by OFAC permitting such transfer or a final judgment entered by a court pursuant to TRIA § 201 or § 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g), and that such assets are subject to execution under either statute. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a).").

Fourth Affirmative Defense/Objection

30.     If the Judgment was entered on default, the Bennett Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by FSIA § 1608 in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

Fifth Affirmative Defense/Objection

31.     In order to comply with the requirements of §§ 5225(b) and 5227 of the New York Civil Practice Law and Rules ("CPLR") and Rule 69, the Bennett Parties must meet their burden of proof that a copy of the Counterclaims has been served on the Islamic Republic of Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts, or

assets that are the subject of the Counterclaims, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

### Sixth Affirmative Defense/Objection

32. The Bennett Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Bennett Parties to execute on the assets that are the subject of their writ. *See, e.g., Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc.*, 1997 WL 811474, at *3.

### Seventh Affirmative Defense/Objection

33. The Bennett Parties can execute on assets in the possession or custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt, or asset to be levied on is a "blocked asset[] of [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### Eighth Affirmative Defense/Objection

34. The Bennett Parties can execute on property in the possession or custody of JPMorgan pursuant to FSIA § 1610(g) only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

### Ninth Affirmative Defense/Objection

35. Sections 1609 and 1610 of the FSIA limit the Bennett Parties to enforcing the Judgment against property in the United States.

### Tenth Affirmative Defense/Objection

36. Nothing in this Answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

### Eleventh Affirmative Defense/Objection

37. To the extent the value of the property, funds and assets held by JPMorgan, and by other defendants and other parties against which the Bennett Parties have brought other judgment enforcement proceedings, that are lawfully subject to execution to satisfy the Judgment exceeds the amount needed to satisfy the Judgment, or exceeds the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other defendants, and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that are being required to turn over funds or assets, and no other affected person, is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgment.

WHEREFORE, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment as follows:

(1) Dismissing the Counterclaims in their entirety as against them;

(2) Awarding them their costs and expenses in these proceedings, including reasonable attorneys' fees; and

  (3) Awarding them such other and further relief as may be just and proper.

Dated: New York, New York
    December 20, 2012

            LEVI LUBARSKY & FEIGENBAUM LLP

            By:    J. Kelley Nevling, Jr.          
              Steven B. Feigenbaum
              J. Kelley Nevling, Jr.
            1185 Avenue of the Americas, 17th Floor
            New York, NY  10036
            (212) 308-6100
            E-mail addresses: sfeigenbaum@llf-law.com or
            knevling@llf-law.com
            *Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*