UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN,  :   09 Civ. 5900 (RPP) (MHD)

        Plaintiffs,  :

    -against-  :

BANK OF NEW YORK, JP MORGAN  :
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK,  :

        Defendants.  :
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN  :
CHASE BANK, N.A.,
  :    **ANSWER OF JPMORGAN
        Third-Party Plaintiffs,    CHASE PARTIES TO
  :    COUNTERCLAIMS
    -against-    OF THE BLAND
  :    AND BROWN
STEVEN M. GREENBAUM, et al.,    JUDGMENT CREDITORS**

  :

        Third-Party Defendants.
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN  :
CHASE BANK, N.A.,
  :

        Third-Party Plaintiffs,  :

    -against-  :

JEREMY LEVIN, et al,  :

        Third-Party Defendants.
------------------------------------------------------------x

    Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys, Levi Lubarsky & Feigenbaum LLP, for their answer (the "Answer") to the counterclaims (the

"Counterclaims") asserted by Third-Party Defendants and Counterclaim Plaintiffs Alan C. Anderson, Michael Anderson, Thelma Anderson, Stephen Boyd Bland, et al. (the "Bland Parties") and Joseph A. Barile, The Estate of Anthony Brown, et al. (the "Brown Parties") (collectively, the "Bland/Brown Parties") in the Bland/Brown Parties' answer, dated and filed December 6, 2012, to the third-party claims asserted against them in JPMorgan's Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 of the Counterclaims.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Counterclaims.

3. Admit the allegations of paragraph 148 of the Counterclaims.

4. Admit the allegations of paragraph 149 of the Counterclaims.

5. In response to paragraph 150 of the Counterclaims, admit that the United States District Court for the Southern District of New York (the "Court") has subject matter jurisdiction over the Counterclaims pursuant to, among other bases, the statutes cited in paragraph 150.

6. In response to paragraph 151 of the Counterclaims, admit that the Southern District of New York is a proper venue for the adjudication of the Counterclaims.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 152 of the Counterclaims.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 153 of the Counterclaims.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 154 of the Counterclaims.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 155 of the Counterclaims.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 156 of the Counterclaims.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the Counterclaims.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 158 of the Counterclaims.

14. Deny each and every allegation set forth in paragraph 159 of the Counterclaims except admit that JPMorgan's Amended Answer with Counterclaims and Amended and Supplemental Third-Party Complaint dated October 10, 2012 (the "JPMorgan Amended Answer") alleges that JPMCB is holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 160 of the Counterclaims.

16. In response to paragraph 161 of the Counterclaims, repeat and reallege each and every allegation set forth in paragraphs 1 through 15 of this Answer as if they were set forth here in full.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the Counterclaims.

18. To the extent a response to paragraph 163 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 163.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 164 of the Counterclaims, except admit that JPMCB is holding certain funds in blocked accounts, including the accounts described in Exhibit A to the JPMorgan Amended Answer, as required by Executive Orders issued by the President of the United States and OFAC blocking regulations.

20. To the extent a response to paragraph 165 of the Counterclaims, which consists in part of purported conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 165.

21. To the extent a response to paragraph 166 of the Counterclaims, which consists in part of purported conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 166.

22. In response to paragraph 167 of the Counterclaims, repeat and reallege each and every allegation set forth in paragraphs 1 through 22 of this Answer as if they were set forth here in full.

23. To the extent response to paragraph 168 of the Counterclaims, which purports to set forth conclusions of law, is required, deny each and every allegation of paragraph 168, except admit that it purports to quote selectively from section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. Law No. 107-297, 116 Stat. 2322 (2002), which is codified as a note to 28 U.S.C. § 1610, and refer to that federal statute for its terms and provisions.

24. To the extent a response to paragraph 169 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 169.

25. To the extent a response to paragraph 170 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 170.

26. To the extent a response to paragraph 171 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 171.

27. To the extent a response to paragraph 172 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 172.

<u>AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW</u>

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., without assuming the burden of proof for those matters as to which the Bland/Brown Parties bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

<u>First Affirmative Defense/Objection</u>

28. Persons and entities ("persons") other than the Islamic Republic of Iran or its agencies and instrumentalities – including (i) persons who were the owners, named holders or beneficial owners of blocked deposit accounts; (ii) parties to or participants in wire transfers that were blocked by JPMorgan pursuant to OFAC regulations; and (iii) other persons who have obtained judgments against the Islamic Republic of Iran and who have served writs of execution or other forms of process or notice of their claims – may have ownership or other interests, in

whole or in part, in the funds and assets held by JPMorgan that are the subject of the Counterclaims, and those interests may be superior to the rights of the Bland/Brown Parties, if any, to have execution against such funds and assets to satisfy the alleged judgments referred to in paragraphs 146 and 147 of the Counterclaims (the "Judgments").

### Second Affirmative Defense/Objection

29. Persons other than the Bland/Brown Parties – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, parties to or participants in wire transfers blocked by JPMorgan, the Islamic Republic of Iran, persons alleged to be its agencies or instrumentalities, and other persons who have obtained judgments against the Islamic Republic of Iran and who have served writs of execution or other forms of process or notice of their claim – may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule __") or applicable provisions of state law and are subject to interpleader under Rule 22. Those persons may have the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that would terminate or otherwise affect their rights.

### Third Affirmative Defense/Objection

30. The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including the Bland/Brown Parties, except pursuant to a license issued by OFAC permitting such a transfer or a final judgment entered by a court, pursuant to TRIA § 201 or § 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g), and that such assets are subject to execution under

either statute. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a).").

Fourth Affirmative Defense/Objection

31.     If either of the Judgments was entered on default, the Bland/Brown Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by FSIA § 1608 in order to comply with FSIA § 1608(e). *See, e.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

Fifth Affirmative Defense/Objection

32.     To comply with the requirements of §§ 5225(b) and 5227 of the New York Civil Practice Law and Rules ("CPLR") and Rule 69, the Bland/Brown Parties must meet their burden of proof that a copy of the Counterclaims has been served on the Islamic Republic of Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Counterclaims, in the manner required by FSIA § 1608. *See, e.g., Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

Sixth Affirmative Defense/Objection

33.     The Bland/Brown Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Bland/Brown Parties to execute on the assets that are the subject of their writ. *See, e.g., Levin v.*

7

*Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc.*, 1997 WL 811474, at *3.

Seventh Affirmative Defense/Objection

34. The Bland/Brown Parties can execute on assets in the possession or custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asset[] of [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

Eighth Affirmative Defense/Objection

35. The Bland/Brown Parties can execute on property in the possession or custody of JPMorgan only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

Ninth Affirmative Defense/Objection

36. Under FSIA §§ 1609 and 1610, the Bland/Brown Parties can enforce the Judgments only as against property in the United States.

Tenth Affirmative Defense/Objection

37. Nothing in this Answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

Eleventh Affirmative Defense/Objection

38. To the extent the value of the property, funds and assets held by JPMorgan, and by other defendants and other parties against which the Bland/Brown Parties have brought other

judgment enforcement proceedings, that are lawfully subject to execution to satisfy the Judgments exceeds the amount needed to satisfy the Judgments, or exceeds the amount of that portion of the Judgments that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other defendants, and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons should be turned over, in such a way that none of the parties that are being required to turn over funds or assets, and no other affected person, is required to turn over more than that party's or person's allocable share of the amount available and needed to satisfy the Judgments.

WHEREFORE, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the entry of a judgment as follows:

(1) Dismissing the Counterclaims in their entirety as against them;

(2) Awarding them their costs and expenses in these proceedings, including reasonable attorneys' fees; and

(3) Awarding them such other and further relief as may be just and proper.

Dated:  New York, New York
        December 31, 2012

          LEVI LUBARSKY & FEIGENBAUM LLP

          By: __s/ J. Kelley Nevling, Jr._____
              Steven B. Feigenbaum
              J. Kelley Nevling, Jr.
          1185 Avenue of the Americas, 17th Floor
          New York, NY  10036
          (212) 308-6100
          E-mail addresses:  sfeigenbaum@llf-law.com or knevling@llf-law.com
          *Attorneys for Defendants, Third-Party Plaintiffs and Counterclaim Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*