**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEREMY LEVIN and DR. LUCILLE LEVIN,     09 Civ. 5900 (RPP) (MHD)

        Plaintiffs,

        -against-

JUDGMENT CREDITOR/THIRD-PARTY DEFENDANTS MICHAEL & LINDA BENNETT, ET. AL'S ANSWER TO PETERSON JUDGMENT CREDITOR/ THIRD-PARTY DEFENDANTS' CROSSCLAIM

BANK OF NEW YORK, JP MORGAN CHASE, SOCIÉTÉ GÉNÉRALE and CITIBANK

        Defendants,

---------------------------------------------------------------

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiffs

        -against-

STEVEN M. GREENBAUM, et al.,

        Third-Party Defendants.

---------------------------------------------------------------

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiffs

        -against-

JEREMY LEVIN, et al.,

        Third-Party Defendants.

---------------------------------------------------------------

Come now Third-Party Defendant/Judgment Creditors Michael and Linda Bennett, Individually and as Co-Administrators of the Estate of Marla Bennett, and Lisa Bennett, ("Bennett Judgment Creditors") by their undersigned counsel, and for their answer to the Crossclaim of the Peterson judgment Creditor/Third-Party Defendants allege as follows:

## ANSWER

## CROSSCLAIMS

111. Admit, upon information and belief, the allegations contained in paragraph 90 of the Crossclaim; Admit, upon information and belief, the allegations contained in paragraph 91 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 92 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 93 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 94 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 95 of the Crossclaim; the Bennett Judgment Creditors are without sufficient information to admit or deny the allegations contained in paragraph 96 of the Crossclaim; the Bennett Judgment Creditors are without sufficient information to admit or deny the allegations contained in paragraph 97 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 98 of the Crossclaim; Admit the allegations contained in paragraph 99 of the Crossclaim; the Bennett Judgment Creditors are not required to respond to paragraph 100 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 101 of the Crossclaim; Admit upon information and belief the

allegations contained in paragraph 102 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 103 of the Crossclaim; Deny the allegations contained in paragraph 104 of the Crossclaim; Bennett Judgment Creditors are not required to respond to paragraph 105 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 106 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 107 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 108 of the Crossclaim; Admit upon information and belief the allegations contained in paragraph 109 of the crossclaim; Deny the allegations contained in paragraph 110 of the Crossclaim.

112. Admit, upon information and belief, the allegations contained in paragraph 112 of the Amended and Supplemental Third-Party Complaint.

113. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 113 of the Crossclaim.

114. The Bennett Judgment Creditors are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 114 of the Crossclaim.

115. Admit upon information and belief that Third-Party Plaintiffs JPMorgan have in their possession JPM Phase 3 Assets which are "blocked" and subject to enforcement under TRIA and the Foregin Sovereign Immunities Act. The Bennett Judgment Creditors are without sufficient knowledge or information to form a

    belief as to the truth of the allegations contained in the remainder of paragraph 115.

116. Deny the allegations contained in paragraph 116 of the Crossclaim.

117. Deny the allegations contained in paragraph 117 of the Crossclaim.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Bennett Judgment Creditors have priority over all other judgment debtors/third-party defendants as a matter of law as to Iranian assets held by JPMorgan, blocked after June, 2011, those being the Phase 3 assets.

### SECOND DEFENSE

The Bennett Judgment Creditors incorporate their counterclaims asserted herein against JPMorgan by reference.

### THIRD DEFENSE

The Bennett Judgment Creditors reserve the right to assert any affirmative defenses and counterclaims that may become apparent after discovery or otherwise.

WHEREFORE, the Bennett Judgment Creditors respectfully request that the Court:

a. Enter judgment in their favor and against the Peterson Judgment Creditors;

b. Order turnover of Iranian assets blocked after June 11, 2011 held by JPMorgan, those being the Phase 3 assets to the Bennett Judgment Creditors;

4

    c.    Dismiss the Crossclaim with prejudice;

    d.    Award costs and such other relief as the Court deems appropriate.


Dated: January 9, 2013        LAW OFFICES OF BOND & NORMAN, PLLC


        BY: /s/_____
                Ferris R. Bond
                777 6th St. NW #410
                Washington, DC 20001
                (202) 423-3859

                Counsel for the Bennett Judgment Creditors


## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 9th day of January, 2013 a copy of the foregoing was served upon all counsel of record through ECF.


        /s/_____
        Ferris R. Bond