UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY LEVIN and DR. LUCILLE LEVIN,

    Plaintiffs,

-v-

BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,

    Defendants.

---

THE BANK OF NEW YORK MELLON,

    Third-Party Plaintiff,

-v-

STEVEN M. GREENBAUM, et al.

    Third-Party Defendants.

---

JPMORGAN CHASE BANK, N.A.,

    Third-Party Plaintiff,

-v-

STEVEN M. GREENBAUM, et al.,

    Third-Party Defendants.

---

CAPTION CONTINUED ON NEXT PAGE

Civ. No. 09 CV 5900 (RPP) (MHD)

**ANSWER BY PLAINTIFFS AND CROSSCCLAIM DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN TO THE PETERSON JUDGMENT CREDITORS' ANSWER TO CITIBANK'S SUPPLEMENTAL THIRD PARTY COMPLAINT AND CROSSCLAIM AGAINST THE LEVINS, AND COUNTERCLAIM AGAINST THE PETERSON JUDGMENT CREDITORS**

| | |
|---|---|
| SOCIETE GENERALE,<br><br>        Third-Party Plaintiff,<br><br>    -v-<br><br>STEVEN M. GREENBAUM, et al.,<br><br>        Third-Party Defendants.<br>.<br>_____<br><br>CITIBANK, N.A.,<br><br>        Third-Party Plaintiff,<br><br>    -v-<br><br>DEBORAH D. PETERSON, et al.,<br><br>        Third-Party Defendants. | Civ. No. 09 CV 5900 (RPP) (MHD) |

**ANSWER BY PLAINTIFFS AND CROSSCLAIM DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN TO THE PETERSON JUDGMENT CREDITORS' ANSWER TO CITIBANK'S SUPPLEMENTAL THIRD PARTY COMPLAINT AND CROSSCLAIM AGAINST THE LEVINS, AND COUNTERCLAIM AGAINST THE PETERSON JUDGMENT CREDITORS**

      Plaintiffs and Counterclaim Defendants Jeremy Levin and Dr. Lucille Levin (the "Levins") hereby answer the Peterson Judgment Creditors' Answer to the Supplemental Third Party Complaint With Respect to Phase Two Assets Against Jugdment Holders and Plaintiffs in Other Actions Against Iran in Accordance with the Court's August 16, 2012 Order of Citibank N.A. ("Citibank"), which includes Cross-claims against the Levins (hereinafter, the "Cross-claim").

2

Paragraphs 1 through 61 are the Peterson Judgment Creditors' answer to Citibank's Supplemental Third-Party Complaint, none of which are incorporated into the Cross-claim directed to the Levins, and therefore they do not require any response.

62.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Cross-claim and on that basis deny each and every allegation.

## Parties

63.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Cross-claim and on that basis deny each and every allegation.

64.     The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Cross-claim and on that basis deny each and every allegation.

## Jurisdiction and Venue

65.     The Levins admit that this Court has subject matter jurisdiction over this proceeding.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

66.     The Levins admit that venue is proper in this Court.  To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

Allegations Common to All Counterclaims

67. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Cross-claim and on that basis deny each and every allegation.

68. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Cross-claim and on that basis deny each and every allegation.

69. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Cross-claim and on that basis deny each and every allegation.

70. The Levins admit that Citibank is holding funds in blocked accounts as required by Executive Orders and blocking regulations issued by the Office of Foreign Assets Control ("OFAC"), which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest ("Blocked Assets"). The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

71. The Levins admit that Citibank is holding Blocked Assets which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an

interest. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

## First Counterclaim

72. The Levins repeat and reallege paragraphs 62 through 71 as if set forth herein.

73. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Cross-claim and on that basis deny each and every allegation.

74. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Cross-claim and on that basis deny each and every allegation.

75. The Levins admit that Citibank is holding Blocked Assets which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other

entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

76. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Cross-claim and on that basis deny each and every allegation.

## Second Counterclaim

77. The Levins repeat and reallege paragraphs 62 through 76 as if set forth herein.

78. The Levins admit that the Blocked Assets of Iran and its agencies and instrumentalities are subject to attachment and execution in satisfaction of the Levins' judgment pursuant to 28 U.S.C. § 1610 and TRIA § 201 and that the Levins have priority over the Blocked Assets. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

79. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Cross-claim and on that basis deny each and every allegation.

80. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Cross-claim and on that basis deny each and every allegation.

81. The Levins admit that the Blocked Assets of Iran and its agencies and instrumentalities are subject to attachment and execution in satisfaction of the Levins' judgment pursuant to 28 U.S.C. § 1610 and TRIA § 201 and that the Levins have priority over the Blocked Assets. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

82. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Cross-claim and on that basis deny each and every allegation.

## CROSSCLAIMS

83. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Cross-claim and on that basis deny each and every allegation.

84. The Levins repeat and reallege paragraphs 62 through 82 as if set forth herein.

85. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Cross-claim and on that basis deny each and every allegation.

86. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Cross-claim and on that basis deny each and every allegation.

87. The Levins deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Cross-claim and on that basis deny each and every allegation.

88. The Levins admit that Citibank is holding Blocked Assets which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

89. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other

entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

90. The Levins admit that they have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Assets consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas, and the Levins, which provides for execution and sharing of all Blocked Assets. The Levins deny that any other entity has any right to such Blocked Assets. To the extent any allegation in this paragraph is not specifically admitted or denied, it is hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

91. For a first separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that The Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Cross-claim fails to state facts sufficient to constitute a claim or cause of action against the Levins. There is no basis in law or fact for any claim against the Levins by the Peterson Judgment Creditors, and such claim is improper.

### Second Affirmative Defense

(Res Judicata and Collateral Estoppel)

92. For a second separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the

Peterson Judgment Creditors are barred from recovery on their claims by the doctrine of res judicata and/or collateral estoppel.

### Third Affirmative Defense

(Waiver)

93. For a third separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors have waived any and all claims asserted in their Cross-claim.

### Fourth Affirmative Defense

(Failure to Mitigate)

94. For a fourth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors failed to mitigate their damages, if any, and any recovery or other relief is therefore barred or must be reduced accordingly.

### Fifth Affirmative Defense

(Estoppel)

95. For a fifth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that, based on the Peterson Judgment Creditors 'conduct, omissions, and/or representations, the

Peterson Judgment Creditors are estopped from recovering upon the claims set forth in the Cross-claim.

## Sixth Affirmative Defense

(Unclean Hands)

96.   For a sixth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that, to the extent the Peterson Judgment Creditors seek equitable relief, the Peterson Judgment Creditors' inequitable conduct constitutes unclean hands and therefore bars the granting of relief to the Peterson Judgment Creditors herein.

## Seventh Affirmative Defense

(Unjust Enrichment)

97.   For a seventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors are barred from recovery on their claims by the doctrine of unjust enrichment.

## Eighth Affirmative Defense

(Statute of Limitations)

98.   For an eighth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that

the Peterson Judgment Creditors' claims are barred by all applicable statutes of limitations.

### Ninth Affirmative Defense

(Laches)

99. For a ninth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors waited an unreasonable period of time before asserting their claims, if any, against the Levins and is barred from asserting such claims under the doctrine of laches.

### Tenth Affirmative Defense

(Lack of Damages)

100. For a tenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors have not suffered and/or will not suffer any damages as a result of any actions taken by the Levins, and the Peterson Judgment Creditors are thus barred from asserting any claim against the Levins.

### Eleventh Affirmative Defense

(Speculative Damages)

101. For an eleventh separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment

Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors are barred from any recovery against the Levins because the alleged damages are speculative.

### Twelfth Affirmative Defense

(Other Causes)

102.   For a twelfth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that any damages the Peterson Judgment Creditors did suffer were caused by independent, intervening, and/or superseding events beyond the control and unrelated to any conduct of the Levins

### Thirteenth Affirmative Defense

(In Pari Delicto)

103.   For a thirteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors' claims are barred in whole or in party as a result of the fault or conduct of the Peterson Judgment Creditors.

### Fourteenth Affirmative Defense

(Assumption of Risk)

104.   For a fourteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment

Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that the Peterson Judgment Creditors assumed the risks of damage to itself.

### Fifteenth Affirmative Defense

(Offset)

105.   For a fifteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that to the extent the Peterson Judgment Creditors have or will receive any monies from any other person or entity relating to the subject matter of this action, any amount found owing to the Peterson Judgment Creditors should be reduced or offset accordingly.

### Sixteenth Affirmative Defense

106.   For a sixteenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that no holder of any judgment against Iran or any other entity other than the Levins has a priority or valid claim against the Blocked Assets as no such judgment holder, if any, has complied with the requirements of federal and state law, including TRIA, FSIA, or CPLR 5225(b), among others, and any writs of execution, restraining notices, notices of pendency, liens, and/or process or documents that purport to relate to the Blocked Assets claimed by the Levins are void as a matter of law for failure to comply with the proper statutory requirements.

**Seventeenth Affirmative Defense**

107.  For a seventeenth separate and additional defense, the Levins, without admitting any liability whatsoever, and without admitting that the Peterson Judgment Creditors have suffered or will suffer any injury, damage, or loss whatsoever, allege that neither the Peterson Judgment Creditors, Citibank, nor any of the parties related to the Blocked Assets have any legal claim of ownership to the assets because the Blocked Assets of any agency or instrumentality of Iran, including wire transfer funds or electronic fund transfers are specifically subject to collection of judgment by victims of terrorism notwithstanding any other law to the contrary.  *See*, e.g. TRIA, *Weinstein v. The Islamic Republic of Iran* 624 F.Supp.2d 272 (2009).

## RESERVATION OF RIGHTS

108.  The Levins reserve their rights to supplement their answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery and to amend its pleading accordingly.

## Counterclaim

109.  The Levins repeat and reallege every allegation contained in their June 26, 2009 Complaint Pursuant to N.Y. C.P.L.R. §5225, July 13, 2010 Motion for Partial Summary Judgment on Claims for Turnover Order Phase One Assets, September 27, 2010 Reply to Citibank and JPMorgan's Response to Plaintiffs' Partial Motion for Summary Judgment on Claims for Turnover Order Phase One Assets, and August 29, 2012 Joint Motion for Partial Summary Judgment on Claims for Turnover of Phase Two Blocked Assets filed in this matter as if fully set forth herein.

110. Based on acts of torture suffered at the hands of the Islamic Republic of Iran and its agencies and instrumentalities ("Iranian Defendants"), the Levins filed a suit against the Iranian Defendants under FSIA, including in particular 28 U.S.C. § 1605(a)(7). After a trial in the United States District Court for the District of Columbia, on February 6, 2008, the Levins obtained a compensatory judgment in the amount of $28,807,719 based on findings made by the Honorable Gladys Kessler. The Levins are entitled to satisfy their entire judgment plus interest from the Blocked Assets in which Iran or its agencies or instrumentalities have an interest. After judgment was entered in the United States District Court, the Levins on October 14, 2008 served the Iranian Defendants with their judgment through diplomatic channels.

111. The Levins obtained information from the Office of Foreign Asset Control ("OFAC") by subpoena that OFAC had blocked assets between January 1, 2007 and June 30, 2008 and the assets had been placed in separate interest bearing accounts held by the New York Banks because the Iranian Defendants had an interest in such assets ("Blocked Assets").

112. After obtaining the information on the Blocked Assets, the Levins followed 28 U.S.C. § 1610(f)(1)(A), TRIA § 201, and New York state law, specifically CPLR §§ 5225(b), 5323, 5230, and 5234(b). They obtained court issued writs on May 26, 2009 and delivered them to the U.S. Marshall for service on the New York Banks on June 19, 2009. On June 26, 2009, they initiated an action in the United States District Court for the Southern District of New York to collect on their judgment under § 1610(f)(1)(A) and TRIA § 201. The Levins, the Acostas, the Heisers and the Greenbaums entered into a

16

Settlement Agreement, whereby all Blocked Assets at issue here are to be shared according to its terms. The Levins obtained Court ordered writs on August 15, 2011 and delivered them to the U.S. Marshall for service on the New York Banks on September 2, 2011.

113.   On December 22, 2009, pursuant to the United States District Court, Southern District of New York Foreign Mailing Procedures and § 1608(b)(3)(B), the Levins sent the Clerk of the Court of the United States District Court for the Southern District of New York the complaint in this collection action, filed in New York, the notice of judgment debtor, affidavits from translators stating their qualifications and that the translations are accurate, and instructions to the Clerk to serve each of the Iranian Defendants and all originators and beneficiaries of the Blocked Assets.

114.   The assets the Levins seek in order to satisfy their 28 U.S.C. § 1605(a)(7) judgment are solely and exclusively Blocked Assets of Iranian Defendants governed by 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201. The Levins do not seek to levy on any assets that are not Blocked Assets. The requirements of 28 U.S.C. § 1610(c) do not apply to 28 U.S.C. § 1610(f)(1)(A) and TRIA § 201, nor do they apply to 28 U.S.C. § 1605(a)(7) judgments, with 28 U.S.C. § 1605(a)(7) having been removed from the current version of the statute.

115.   The Levins further allege that Citibank has blocked additional assets due to their nexus with The Islamic Republic of Iran ("Iran") which are identified in Ex. A to Citibank's Supplemental Third-Party Complaint, and the Levins are entitled to a turnover order on these newly blocked assets.

17

116. Plaintiffs are judgment creditors of Iran.

117. Plaintiffs are entitled to enforce their judgment against all assets in which Iran has an interest, direct or indirect, within the United States jurisdiction.

118. The assets held by Citibank and set forth in Ex. D to the Levins' Complaint, Ex. B to the Levins' October 5, 2011 Answer to Citibank's Third-Party Complaint, or Ex. A to Citibank's November 26, 2012 Supplemental Third Party Complaint are Iranian Assets, which have been determined by OFAC to have an apparent connection to Iran and in which Iran has an interest.

119. The Levins are entitled to a judgment pursuant to C.P.L.R. § 5225 ordering Citibank to convey, assign, and pay to the Levins in satisfaction of their judgment against Iran all right, title, interest, and money in the identified bank accounts.

120. The Levins have a superior right to all the Blocked Assets held by Citibank and the interest on such Blocked Accounts consistent with the Settlement Agreement entered into among the Heisers, Greenbaums, Acostas and Levins, which provides for execution on and sharing of all Levin Blocked Assets, namely all blocked assets which are being held by the New York Banks due to the interest of Iran or its agencies and instrumentalities.

121. The Blocked Assets are being held in interest bearing accounts per OFAC regulations and the Levins are entitled to payment of that interest.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, the Levins demand a judgment entered in their favor and against the Peterson Judgment Creditors and an order conveying, assigning and directing the payment to the Levins consistent with the terms of the Settlement Agreement with the Heisers, Acostas, and Greenbaums, in satisfaction of their judgment all right, title, interest on and money in the listed bank accounts in possession of Citibank.

Dated:  January 9, 2013                HOWARTH & SMITH

                                       By:      s/Suzelle Smith
                                                Suzelle M. Smith
                                                Don Howarth
                                                523 West Sixth Street, Suite 728
                                                Los Angeles, California 90014
                                                (213) 955-9400
                                                ssmith@howarth-smith.com

                                                *Attorneys for Plaintiffs and Counterclaim Defendants*
                                                *Jeremy Levin and Dr. Lucille Levin*