UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JEREMY LEVIN and DR. LUCILLE LEVIN, :   09 Civ. 5900 (RPP) (MHD)

    Plaintiffs, :

    -against- :

BANK OF NEW YORK, JP MORGAN :
CHASE, SOCIÉTÉ GÉNÉRALE and
CITIBANK, :

    Defendants. :
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN :
CHASE BANK, N.A.,          **ANSWER OF JPMORGAN**
 : **CHASE PARTIES TO**
    Third-Party Plaintiffs, **COUNTERCLAIMS**
 : **OFTHE PETERSON**
    -against- <u>**JUDGMENT CREDITORS**</u>
 :

STEVEN M. GREENBAUM, et al.,
 :

    Third-Party Defendants.
------------------------------------------------------------x

JPMORGAN CHASE & CO. and JPMORGAN :
CHASE BANK, N.A.,

 :

    Third-Party Plaintiffs,

 :

    -against-

 :

JEREMY LEVIN, et al,

 :

    Third-Party Defendants.
------------------------------------------------------------x

   Defendants, Third-Party Plaintiffs, and Counterclaim Defendants JPMorgan Chase & Co.

and JPMorgan Chase Bank, N.A. ("JPMCB") (collectively, "JPMorgan"), by their attorneys,

Levi Lubarsky & Feigenbaum LLP, for their answer to the counterclaims (the "Counterclaims")

asserted by Third-Party Defendants and Counterclaim Plaintiffs Deborah D. Peterson, Personal

Representatives of the Estate of James C. Knipple (Dec.), and all of those Judgment Creditors in

the action entitled *Deborah D. Peterson, Personal Representatives of the Estate of James C.*

*Knipple (Dec.), et. al. v. Islamic Republic of Iran, et al.*, United States District Court, District of

Columbia, Consolidated Civil Actions:  01-2094 (RCL) and 01-2684 (RCL) (the "Peterson

Parties") in the Peterson Parties' answer, dated and filed December 20, 2012, to the third-party

claims asserted against them in JPMorgan's Amended Answer with Counterclaims and Amended

and Supplemental Third-Party Complaint dated October 10, 2012 ("JPMorgan Amended

Answer"), allege as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 90 of the Counterclaims.

2.      Admit the allegations of paragraph 91 of the Counterclaims.

3.      Admit the allegations of paragraph 92 of the Counterclaims.

4.      In response to paragraph 93 of the Counterclaims, admit that the United States

District Court for the Southern District of New York (the "Court") has subject matter jurisdiction

over the Counterclaims pursuant to, among other bases, the statutes cited in paragraph 93.

5.      In response to paragraph 94 of the Counterclaims, admit that the Southern District

of New York is a proper venue for the adjudication of the Counterclaims.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 95 of the Counterclaims.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 96 of the Counterclaims.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Counterclaims.

9.      Deny the allegations set forth in paragraph 98 of the Counterclaims except admit that the JPMorgan Amended Answer alleges that JPMCB is holding certain funds in blocked accounts as required by Executive Orders issued by the President of the United States and blocking regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Counterclaims.

11.     In response to paragraph 100 of the Counterclaims, repeat and reallege each and every allegation set forth in paragraphs 1 through 10 of this answer as if they were set forth here in full.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Counterclaims.

13.     To the extent a response to paragraph 102 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Counterclaims, except admit that JPMCB is holding certain funds in blocked accounts, including the accounts described in Exhibit A to the JPMorgan Amended Answer, as required by Executive Orders issued by the President of the United States and OFAC blocking regulations.

15.     To the extent a response to paragraph 104 of the Counterclaims, which consists in part of purported conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104.

16.     In response to paragraph 105 of the Counterclaims, repeat and reallege each and every allegation set forth in paragraphs 1 through 15 of this answer as if they were set forth here in full.

17.     To the extent a response to paragraph 106 of the Counterclaims, which purports to set forth conclusions of law, is required, deny each and every allegation of paragraph 106, except admit that it purports to quote selectively from section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA"), Pub. Law No. 107-297, 116 Stat. 2322 (2002), which is codified as a note to 28 U.S.C. § 1610, and refer to that federal statute for its terms.

18.     To the extent a response to paragraph 107 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107.

19.     To the extent a response to paragraph 108 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108.

20.     To the extent a response to paragraph 109 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109.

21.     To the extent a response to paragraph 110 of the Counterclaims, which purports to set forth conclusions of law, is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110.

CROSS-CLAIMS

22.     Although JPMorgan Chase & Co. and JPMCB are not required to respond to the cross-claims that the Peterson Parties assert against other parties, to the extent the cross-claims request an order directing JPMCB to turn over the JPM Phase 3 Assets (as defined in paragraph 98 of the Counterclaims) to the Peterson Parties, JPMorgan Chase & Co. and JPMCB deny knowledge or information sufficient to form a belief as to the truth of the allegations underlying that request.

AFFIRMATIVE DEFENSES/OBJECTIONS IN POINT OF LAW

JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A., without assuming the burden of proof for those matters as to which the Peterson Parties bear such burden, for their affirmative defenses and objections in point of law, allege as follows:

First Affirmative Defense/Objection

23.     Persons and entities ("persons") other than the Islamic Republic of Iran or its agencies and instrumentalities – including (i) persons who were the owners, named holders or beneficial owners of blocked deposit accounts; (ii) parties to or participants in wire transfers that were blocked by JPMorgan pursuant to OFAC regulations; and (iii) other persons who have obtained judgments against the Islamic Republic of Iran and who have served writs of execution or other forms of process or notice of their claims – may have ownership or other interests, in whole or in part, in the funds and assets held by JPMorgan that are the subject of the Counterclaims.  Those interests may be superior to the rights, if any, of the Peterson Parties to have execution against such funds and assets to satisfy the alleged judgment referred to in paragraph 95 of the Counterclaims (the "Judgment").

<u>Second Affirmative Defense/Objection</u>

23.     Persons other than the Peterson Parties – including persons who were the owners, named holders or beneficial owners of blocked deposit accounts, parties to or participants in wire transfers blocked by JPMorgan, the Islamic Republic of Iran, persons alleged to be its agencies or instrumentalities, and other persons who have obtained judgments against the Islamic Republic of Iran and who have served writs of execution or other forms of process or notice of their claim – may be required or indispensable parties to this proceeding under Rule 19 of the Federal Rules of Civil Procedure (hereinafter such Rules are cited as "Rule __") or applicable provisions of state law and are subject to interpleader under Rule 22.  Those persons may have the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that would terminate or otherwise affect their rights.

<u>Third Affirmative Defense/Objection</u>

24.     The proceeds of blocked wire transfers and funds in deposit accounts that have been blocked pursuant to OFAC regulations cannot be transferred to any person, including the Peterson Parties, except pursuant to a license issued by OFAC permitting such a transfer or a final judgment entered by a court, pursuant to TRIA § 201 or § 1610(g) of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1602 et seq. (the "FSIA"), after a determination that the party seeking to execute on such assets has established all of the elements of a claim under TRIA § 201(a) or FSIA § 1610(g), and that such assets are subject to execution under either statute. *See, e.g.*, 31 C.F.R. § 544.202(e) ("Unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 544.201(a).").

<u>Fourth Affirmative Defense/Objection</u>

25.     If the Judgment was entered on default, the Peterson Parties must meet their burden of proof that a copy of the Judgment was served on each of the judgment debtors in the manner required by FSIA § 1608 in order to comply with FSIA § 1608(e). *E.g.*, *Trans Commodities, Inc. v. Kazakhstan Trading House, S.A.*, No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

<u>Fifth Affirmative Defense/Objection</u>

26.     To comply with the requirements of Rule 69 and of §§ 5225(b) and 5227 of the New York Civil Practice Law and Rules ("CPLR"), the Peterson Parties must meet their burden of proof that a copy of the Counterclaims has been served on the Islamic Republic of Iran, and on any agency or instrumentality of Iran that has an interest in the property, debts or assets that are the subject of the Counterclaims, in the manner required by FSIA § 1608. *E.g.*, *Trans Commodities, Inc.*, 1997 WL 811474, at *4-5.

<u>Sixth Affirmative Defense/Objection</u>

27.     The Peterson Parties must meet their burden of proof that they have complied in all respects with the requirements of FSIA § 1610(c), including the requirements that a court must approve in advance any writ of execution served on JPMorgan and authorize the Peterson Parties to execute on the assets that are the subject of their writ. *E.g.*, *Levin v. Bank of New York*, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011); *Trans Commodities, Inc.*, 1997 WL 811474, at *3.

<u>Seventh Affirmative Defense/Objection</u>

28.     The Peterson Parties can execute on assets in the possession or custody of JPMorgan pursuant to TRIA § 201(a) only after meeting their burden of proof as to all of the

requirements of TRIA § 201(a), including the requirement that the property, debt or asset to be levied on is a "blocked asset[] of [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)."

Eighth Affirmative Defense/Objection

29.     The Peterson Parties can execute on property in the possession or custody of JPMorgan only after meeting their burden of proof as to all of the requirements of FSIA § 1610(g), including the requirement that the property or debt to be levied on is "property of a foreign state against which a judgment is entered under § 1605A [or] the property of an agency or instrumentality of such a state."

Ninth Affirmative Defense/Objection

30.     Under FSIA §§ 1609 and 1610, the Peterson Parties can enforce the Judgment only as against property in the United States.

Tenth Affirmative Defense/Objection

31.     Nothing in this answer shall constitute a waiver of any rights of set-off that JPMorgan may have against any party, person or entity.

Eleventh Affirmative Defense/Objection

32.     To the extent the value of the property, funds and assets held by JPMorgan, and by other defendants and other parties against which the Peterson Parties have brought other judgment enforcement proceedings, that are lawfully subject to execution to satisfy the Judgment exceed the amount needed to satisfy the Judgment, or exceed the amount of that portion of the Judgment that can properly be satisfied from such assets, the Court should allocate the amounts to be turned over by JPMorgan, the other defendants, and the defendants and respondents in such other proceedings and determine which property, funds and assets held by or for which persons

8

should be turned over.  That allocation should be structured in such a way that none of the parties

that are being required to turn over funds or assets, and no other affected person, is required to

turn over more than that party's or person's allocable share of the amount available and needed

to satisfy the Judgment.

WHEREFORE, JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. request the

entry of a judgment as follows:

(1)     Dismissing the Counterclaims in their entirety as against them;

(2)     Awarding them their costs and expenses in these proceedings, including

reasonable attorneys' fees; and

(3)     Awarding them such other and further relief as may be just and proper.

Dated:          New York, New York
                January 10, 2013

LEVI LUBARSKY & FEIGENBAUM LLP

By:   s/ J. Kelley Nevling, Jr.
          Steven B. Feigenbaum
          J. Kelley Nevling, Jr.
1185 Avenue of the Americas, 17th Floor
New York, NY  10036
(212) 308-6100
E-mail addresses:  sfeigenbaum@llf-law.com or
knevling@llf-law.com
*Attorneys for Defendants, Third-Party Plaintiffs and
Counterclaim Defendants JPMorgan Chase & Co.
and JPMorgan Chase Bank, N.A.*