UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>                   Plaintiffs,<br><br>  -against-<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK, N.A.,<br><br>                   Defendants. | Case No. 09 Civ. 5900 (RPP)<br><br>**ANSWER BY THIRD PARTY PLAINTIFF CITIBANK, N.A. TO COUNTERCLAIMS OF THIRD-PARTY DEFENDANTS THE GREENBAUM AND ACOSTA JUDGMENT CREDITORS WITH RESPECT TO SUPPLEMENTAL PHASE TWO ASSETS** |
| CITIBANK, N.A.,<br><br>                   Third-Party Plaintiff,<br><br>  -against-<br><br>JAMES OWENS, et al.,<br><br>                   Third-Party Defendants. | |

       Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to the Counterclaims asserted by Third-Party Defendant the Greenbaum and Acosta Judgment Creditors on December 19, 2012 and alleges as follows:

       Paragraphs 1-57 pertain to the Greenbaum and Acosta Judgment Creditors' answer to Citibank's Supplemental Third-Party Complaint and therefore do not require a response.

## ANSWER TO COUNTERCLAIMS AGAINST CITIBANK

58.     States that the allegations contained in Counterclaim Paragraph 58 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## PARTIES

59.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 59, except states that a judgment was entered in the case entitled *Steven M. Greenbaum, et al. v. Islamic Republic of Iran, et al.,* Civil Action No. 02-2148 (RCL)(D.D.C.).

60.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 60, except states that a judgment was entered in the case entitled *Acosta, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-745 (RCL) (D.D.C.).

61.     Admits the allegations contained in Counterclaim Paragraph 61.

## JURISDICTION AND VENUE

62.     States that the allegations contained in Counterclaim Paragraph 62 constitute legal conclusions as to which no response is required, except that, if a response is required, admits that claims relating to the funds and assets which were blocked by Citibank pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury, which are identified in Citibank's Third-Party Complaint as the Supplemental Phase 2 Blocked Assets, are related to the original turnover petition.

63.     States that the allegations contained in Counterclaim Paragraph 63 constitute legal conclusions as to which no response is required, except that, if a response is required, denies

knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that venue is proper in this district.

## SUPPORTING ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 64, except admits, on information and belief, that the Greenbaum Judgment Creditors obtained a judgment pursuant to 28 U.S.C. § 1605(a)(7) in the amount of $19,879,023 against judgment debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") (the "Greenbaum Judgment").

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 65, except admits, on information and belief, that the Acosta Judgment Creditors obtained a judgment pursuant to 28 U.S.C. § 1605A in the amount of $350,172,000.00 against judgment debtors the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") (the "Acosta Judgment").

66.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 66.

67.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 67, and refers to the December 11, 2009 Order for a true and complete recitation of the contents therein.

68.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 68, and refers to the December 14, 2009 Order for a true and complete recitation of the contents therein.

69.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 69, and refers to the amended writ of execution

DWT 20857410v2 0067486-000015

for a true and complete recitation of the contents therein, except admits that amended writs of execution were served on Citibank on or about April 15, 2010.

70. Admits the allegations contained in Counterclaim Paragraph 70, and refers to the cited answer and the amended answer dated March 7, 2011, for a true and complete recitation of the contents therein.

71. Admits the allegations contained in Counterclaim Paragraph 71, and refers to the cited Orders for a true and complete recitation of the contents therein.

72. Admits the allegations contained in Counterclaim Paragraph 72.

73. Admits the allegations contained in Counterclaim Paragraph 73, except states that a corrected order was entered on July 11, 2011 and refers to the two Orders for a true and complete recitation of the contents therein.

74. Admits the allegations contained in Counterclaim Paragraph 74.

75. Admits the allegations contained in Counterclaim Paragraph 75 and refers to the cited Order for a true and complete recitation of the contents therein.

76. States that the allegations contained in Counterclaim Paragraph 76 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks information sufficient to form a belief as the truth of the allegations therein, but admits that the Third-Party Complaint alleges that Citibank remains in possession of numerous blocked assets, and refers to the Third-Party Complaint for a true and complete recitation of the contents therein.

77. Admits the allegations contained in Counterclaim Paragraph 77, and refers to the cited answers and counterclaims for a true and complete recitation of the contents therein.

78. Admits the allegations contained in Counterclaim Paragraph 78, and refers to the transcript for the cited hearing and the Supplemental Third-Party Complaint for a true and complete recitation of the contents therein.

79. States that the allegations contained in Counterclaim Paragraph 79 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein.

80. States that the allegations contained in Counterclaim Paragraph 80 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## FIRST COUNTERCLAIM

81. Citibank incorporates its responses to Counterclaim Paragraphs 59 through 80 as though fully set forth herein.

82. Admits that the language cited in Counterclaim Paragraph 82 appears in the Section 201(a) of the Terrorism Risk Insurance Act as recently amended by § 502(e)(2) of the Iran Threat Reduction and Syria Human Rights Act of 2012, and refers to that Section of that Act for a true and complete recitation of the contents thereof.

83. States that the allegations contained in Counterclaim Paragraph 83 constitute legal conclusions as to which no response is required, except to the extent a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

84. States that the allegations contained in Counterclaim Paragraph 84 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

85. States that the allegations contained in Counterclaim Paragraph 85 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

86. States that the allegations contained in Counterclaim Paragraph 86 constitute legal conclusions as to which no response is required, except that, if a response is required, admits that Citibank holds certain assets blocked pursuant to the regulations and orders cited therein and states that the assets blocked pursuant to Executive Order 13599 of February 5, 2012 are not at issue in this proceeding but are at issue before Judge Katherine B. Forrest in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

87. States that the allegations contained in Counterclaim Paragraph 87 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

88. States that the allegations contained in Counterclaim Paragraph 88 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## SECOND COUNTERCLAIM

89. Citibank incorporates its responses to Counterclaim Paragraphs 59 through 80 as though fully set forth herein.

90. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 90, except admits that the Greenbaum and Acosta Judgment Creditors obtained the Greenbaum and Acosta Judgments respectively.

91. States that the allegations contained in Counterclaim Paragraph 91 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

92. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 92, except admits that Citibank holds certain assets blocked pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury and refers to those orders and regulations for a true and complete recitation of the contents thereof.

93. States that the allegations contained in Counterclaim Paragraph 93 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

94. States that the allegations contained in Counterclaim Paragraph 94 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to the statutes and rules cited in that paragraph for a true and complete recitation of the contents thereof.

**AFFIRMATIVE DEFENSES**

95. Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Greenbaum and Acosta Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims.

96. Citibank incorporates its responses to Counterclaim Paragraphs 58 through 94 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

97. Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this third-party proceeding ("Supplemental Phase 2 Blocked Assets") which may be superior to the rights of the Greenbaum and Acosta Judgment Creditors to enforce their judgment against the Supplemental Phase 2 Blocked Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

98. The Supplemental Phase 2 Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action.  In accordance with the Court's August 16, 2012 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Supplemental Phase 2 Blocked Assets.

## FOR ITS THIRD AFFIRMATIVE DEFENSE

99. The Supplemental Phase 2 Blocked Assets sought by the Greenbaum and Acosta Judgment Creditors include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC.  Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations.  Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the

8

originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd*., 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010); *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F. Supp.2d (S.D.N.Y. 2011) (on appeal to the Second Circuit as Docket Number 12-1264). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

## FOR ITS FOURTH AFFIRMATIVE DEFENSE

100.   To the extent the Greenbaum and Acosta Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

## FOR ITS FIFTH AFFIRMATIVE DEFENSE

101.   To the extent that the Greenbaum and Acosta Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Greenbaum and Acosta Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

## FOR ITS SIXTH AFFIRMATIVE DEFENSE

102.   The Greenbaum and Acosta Judgment Creditors' counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently

9

before Judge Katherine B. Forrest, in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1)     determining its rights and the rights of the Greenbaum and Acosta Judgment Creditors and of all other third-party defendants in the Supplemental Phase 2 Blocked Assets;

(2)     determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Greenbaum and Acosta Judgment Creditors, and the service of same by the interpled Judgment Creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

(3)     determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Greenbaum and Acosta Judgment Creditors or the Supplemental Phase 2 Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)     determining whether and to what extent each of the Supplemental Phase 2 Blocked Assets is subject to execution to satisfy the Greenbaum and Acosta Judgment Creditor's judgment;

(5)     discharging Citibank from any and all liability to the Greenbaum and Acosta Judgment Creditors, and any other persons who may have claims to, or an interest in, any Supplemental Phase 2 Blocked Assets that are turned over to the Greenbaum and Acosta Judgment Creditors or any other third-party defendant to satisfy the Greenbaum and Acosta Judgment Creditor's judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

10

(6) restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Supplemental Phase 2 Blocked Assets;

(7) awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
January 16, 2013

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/Christopher Robinson
   Sharon L. Schneier
   Christopher Robinson

*Attorneys for Defendant and Third-Party
   Plaintiff Citibank, N.A.*
1633 Broadway 27th floor
New York, New York 10019
(212) 489-8230