UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>    Plaintiffs,<br><br> v.<br><br>BANK OF NEW YORK, JP MORGAN CHASE SOCIETE GENERALE and CITIBANK, N.A.,<br><br>    Defendants. | Civ. No. 09 CV 5900 (RPP)<br><br>**ANSWER BY THIRD PARTY PLAINTIFF CITIBANK, N.A. TO COUNTERCLAIMS OF THIRD-PARTY DEFENDANTS JEREMY LEVIN AND DR. LUCILLE LEVIN WITH RESPECT TO SUPPLEMENTAL PHASE TWO ASSETS** |
| CITIBANK, N.A.,<br><br>    Third-Party Plaintiff,<br> v.<br><br>JAMES OWENS, et al.,<br><br>    Third-Party Defendants. | |

   Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to the Counterclaims asserted by Third-Party Defendant the Levin Judgment Creditors on December 18, 2012 and alleges as follows:

   Paragraphs 1 through 74 pertain to the Levin Judgment Creditors' answer to Citibank's Supplemental Third-Party Complaint and therefore do not require a response.

<u>**ANSWER TO COUNTERCLAIMS AGAINST CITIBANK**</u>

   75. Repeats and alleges as if fully set forth herein Citibank's responses to the June 26, 2009 Complaint set forth in Citibank's Answer with Affirmative Defenses, dated October 23,

2009; Joint Response to Plaintiffs' Motion for Partial Summary Judgment on Claims for Turnover Order Phase One Assets, dated September 15, 2010; Answer to Counterclaims asserted by the Levin Judgment Creditors with Respect to Phase Two Assets, dated October 19, 2011; and Response to Joint Motion for Partial Summary Judgment on Claims for Turnover of Phase Two Blocked Assets, dated October 22, 2012.

76. States that the allegations contained in Counterclaim Paragraph 76 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations in that paragraph, and refers to the authorities, judgments and orders stated therein for a true and correct recitation of the contents therein.

77. States that the allegations contained in Counterclaim Paragraph 77 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that Citibank has placed certain blocked assets in separate interest bearing accounts.

78. States that the allegations contained in Counterclaim Paragraph 78 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that the Levin Judgment Creditors initiated this action on or about June 26, 2009.

79. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 79.

80. States that the allegations contained in Counterclaim Paragraph 80 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein.

81. States that the allegations contained in Counterclaim Paragraph 81 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that assets identified in Ex. A to Citibank's Supplemental Third-Party Complaint are assets blocked pursuant to OFAC regulations.

82. Lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 82, except states that the Levin Judgment Creditors obtained a judgment against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Revolutionary Guard Corp in the action *Levin v. Islamic Republic of Iran*, 259 F.Supp.2d 1 (D.D.C. 2007).

83. States that the allegations contained in Counterclaim Paragraph 83 constitute legal conclusions to which no response is required.

84. States that the allegations contained in Counterclaim Paragraph 84 constitute legal conclusions as to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that assets identified in that paragraph are assets blocked pursuant to OFAC regulations.

85. States that the allegations contained in Counterclaim Paragraph 85 constitute legal conclusions to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein.

3

86. States that the allegations contained in Counterclaim Paragraph 86 constitute legal conclusions to which no response is required, except that, if a response is required, lacks knowledge and information sufficient to form a belief as to the truth of the allegations therein.

87. States that the allegations contained in Counterclaim Paragraph 87 constitute legal conclusions to which no response is required, except that, if a response is required, admits that the Blocked Assets are being held in interest bearing accounts consistent with OFAC regulations.

## AFFIRMATIVE DEFENSES

88. Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Levin Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims.

89. Citibank incorporates its responses to Counterclaim Paragraphs 75 through 87 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

90. Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this third-party proceeding ("Supplemental Phase 2 Blocked Assets") which may be superior to the rights of the Levin Judgment Creditors to enforce their judgment against the Supplemental Phase 2 Blocked Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

91. The Supplemental Phase 2 Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment

4

holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action.  In accordance with the Court's August 16, 2012 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Supplemental Phase 2 Blocked Assets.

## FOR ITS THIRD AFFIRMATIVE DEFENSE

92. The Supplemental Phase 2 Blocked Assets sought by the Levin Judgment Creditors include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC.  Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations.  Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010); *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F. Supp.2d (S.D.N.Y. 2011) (on appeal to the Second Circuit as Docket Number 12-1264). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

## FOR ITS FOURTH AFFIRMATIVE DEFENSE

93. To the extent the Levin Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United

5

States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

## FOR ITS FIFTH AFFIRMATIVE DEFENSE

94. To the extent that the Levin Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Levin Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

## FOR ITS SIXTH AFFIRMATIVE DEFENSE

95. The Levin Judgment Creditors' counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently before Judge Katherine B. Forrest, in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1) determining its rights and the rights of the Levin Judgment Creditors and of all other third-party defendants in the Supplemental Phase 2 Blocked Assets;

(2) determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Levin Judgment Creditors, and the service of same by the interpled Judgment Creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

(3) determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Levin Judgment Creditors or the Supplemental Phase 2 Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)　　determining whether and to what extent each of the Supplemental Phase 2 Blocked Assets is subject to execution to satisfy the Levin Judgment Creditor's judgment;

(5)　　discharging Citibank from any and all liability to the Levin Judgment Creditors, and any other persons who may have claims to, or an interest in, any Supplemental Phase 2 Blocked Assets that are turned over to the Levin Judgment Creditors or any other third-party defendant to satisfy the Levin Judgment Creditor's judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6)　　restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Supplemental Phase 2 Blocked Assets;

(7)　　awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8)　　awarding to Citibank such other and further relief as may be just and proper.

Dated:　New York, New York
　　　　　January 16, 2013

                Respectfully submitted,

                DAVIS WRIGHT TREMAINE LLP

                By: /s/Christopher Robinson
                   Sharon L. Schneier
                   Christopher Robinson

                *Attorneys for Defendant/Third-Party Plaintiff*
                 *Citibank N.A.*
                1633 Broadway 27th floor
                New York, New York 10019
                (212) 489-8230

TO:    Howarth & Smith
        Suzelle M. Smith
        Don Howarth
        523 West Sixth Street, Suite 728
        Los Angeles, CA  90014
        (213) 955-9400
        ssmith@howarth-smith.com