UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>      Plaintiffs,<br><br> -against-<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK, N.A.,<br><br>      Defendants. | Case No. 09 Civ. 5900 (RPP)<br><br>**ANSWER BY THIRD PARTY PLAINTIFF CITIBANK, N.A. TO COUNTERCLAIMS OF THIRD-PARTY DEFENDANTS THE VALORE JUDGMENT CREDITORS WITH RESPECT TO SUPPLEMENTAL PHASE TWO ASSETS** |
| CITIBANK, N.A.,<br><br>      Third-Party Plaintiff,<br><br> -against-<br><br>JAMES OWENS, et al.,<br><br>      Third-Party Defendants. | |

   Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to the Counterclaims asserted by Third-Party Defendant the Valore Judgment Creditors on December 19, 2012 and alleges as follows:

   Paragraphs 1 through 65 pertain to the Valore Judgment Creditors' answer to Citibank's Supplemental Third-Party Complaint and therefore do not require a response.

## ANSWER TO COUNTERCLAIMS AGAINST CITIBANK

66. States that the allegations contained in Counterclaim Paragraph 66 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## PARTIES

67. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 67, except states, on information and belief, that a judgment was entered on March 31, 2010 in the consolidated actions entitled *Valore, et al. v. Islamic Republic of Iran, et al.,* No. 03-cv-1959 (RCL) (D.D.C.); *Arnold, et al. v. Islamic Republic of Iran, et al.,* No. 06-cv-516 (RCL) (D.D.C.); *Spencer, et al., v. Islamic Republic of Iran, et al.,* No. 06-cv-750 (RCL) (D.D.C.); and *Bonk, et al. v. Islamic Republic of Iran, et al.,* No. 08-cv-1273 (RCL) (D.D.C.) (collectively, the "Valore Actions").

68. Admits the allegations contained in Counterclaim Paragraph 68.

## JURISDICTION AND VENUE

69. States that the allegations contained in Counterclaim Paragraph 69 constitute legal conclusions as to which no response is required, except that, if a response is required, admits that claims relating to the funds and assets which were blocked by Citibank pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury, which are identified in Citibank's Third-Party Complaint as the Supplemental Phase 2 Blocked Assets, are related to the original turnover petition.

70. States that the allegations contained in Counterclaim Paragraph 70 constitute legal conclusions as to which no response is required, except that, if a response is required, denies

2

knowledge and information sufficient to form a belief as to the truth of the allegations therein except admits that venue is proper in this district.

## ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

71. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 71, except states, on information and belief, that judgments were entered in favor of the Valore Judgment Creditors on March 31, 2010 and September 20, 2010 and refers to those judgments for a true and complete recitation of the contents therein.

72. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 72, except states, on information and belief, that judgments were entered in favor of the Valore Judgment Creditors on March 31, 2010 and September 20, 2010 and refers to those judgments for a true and complete recitation of the contents therein.

73. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 73, and refers to the June 8, 2011 Order for a true and complete recitation of the contents therein.

74. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 74.

75. Admits the allegations contained in the second sentence of Counterclaim Paragraph 75, and denies that plaintiffs in *Arnold, et al. v. Islamic Republic of Iran, et al.,* No. 06-cv-516 (RCL) (D.D.C.) (the "Arnold Action"), have served Citibank with a notice pursuant to 28 U.S.C. § 1605A(g) of Pending Action and of Lien of Lis Pendens. Citibank further states, on information and belief, that the Arnold Action was consolidated with the other actions set forth

3

in Paragraph 73 by Order of Judge Royce C. Lamberth in the United States District Court for the District of Columbia on or about March 30, 2010, and that on or about October 25, 2011, the United States Marshal for the Southern District of New York served a writ of execution on Citibank with respect to a judgment obtained by the Valore Judgment Creditors in the consolidated action, and refers to the March 30, 2010 Order and writ of execution for a true and complete recitation of the contents therein.

76. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 76, and refers to the September 30, 2011 Order for a true and complete recitation of the contents therein.

77. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 77, except admits that on or about October 27, 2011, Citibank was served with a writ of execution on behalf of the Valore Judgment Creditors and refers to that writ of execution for a true and complete recitation of the contents therein.

78. Admits the allegations contained in Counterclaim Paragraph 78 and refers to the Third-Party Complaint for a true and complete recitation of the contents therein.

79. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 79.

## FIRST COUNTERCLAIM

80. Citibank incorporates its responses to Counterclaim Paragraphs 66 through 79 as though fully set forth herein.

81. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 81.

4

82. States that the allegations contained in Counterclaim Paragraph 82 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

83. States that the allegations contained in Counterclaim Paragraph 83 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

84. States that the allegations contained in Counterclaim Paragraph 84 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## **SECOND COUNTERCLAIM**

85. Citibank incorporates its responses to Counterclaims Paragraphs 66 through 84 as though fully set forth herein.

86. States that the allegations contained in Counterclaim Paragraph 86 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained therein, and refers to Section 201 of TRIA for a true and complete recitation of the contents therein.

87. States that the allegations contained in Counterclaim Paragraph 87 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

88. States that the allegations contained in Counterclaim Paragraph 88 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

DWT 20856628v2 0067486-000015

89. States that the allegations contained in Counterclaim Paragraph 89 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to Section 201 of TRIA for a true and complete recitation of the contents therein.

90. States that the allegations contained in Counterclaim Paragraph 90 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

**AFFIRMATIVE DEFENSES**

91. Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Valore Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims.

92. Citibank incorporates its responses to Counterclaim Paragraphs 66 through 90 as though fully set forth herein.

**FOR ITS FIRST AFFIRMATIVE DEFENSE**

93. Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this third-party proceeding ("Supplemental Phase 2 Blocked Assets") which may be superior to the rights of the Valore Judgment Creditors to enforce their judgment against the Supplemental Phase 2 Blocked Assets.

**FOR ITS SECOND AFFIRMATIVE DEFENSE**

94. The Supplemental Phase 2 Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities, or plaintiffs in other actions with claims against them who have served Liens

6

of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action. In accordance with the Court's August 16, 2012 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Supplemental Phase 2 Blocked Assets.

## FOR ITS THIRD AFFIRMATIVE DEFENSE

95.     The Supplemental Phase 2 Blocked Assets sought by the Valore Judgment Creditors include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC. Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations. Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010); *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F. Supp.2d (S.D.N.Y. 2011) (on appeal to the Second Circuit as Docket Number 12-1264). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

## FOR ITS FOURTH AFFIRMATIVE DEFENSE

96.  To the extent the Valore Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

## FOR ITS FIFTH AFFIRMATIVE DEFENSE

97.  To the extent that the Valore Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Valore Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

## FOR ITS SIXTH AFFIRMATIVE DEFENSE

98.  The Valore Judgment Creditors' counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently before Judge Katherine B. Forrest, in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1)  determining its rights and the rights of the Valore Judgment Creditors and of all other third-party defendants in the Supplemental Phase 2 Blocked Assets;

(2)  determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Valore Judgment Creditors, and the service of same by the interpled Judgment Creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

8

(3) determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Valore Judgment Creditors or the Supplemental Phase 2 Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4) determining whether and to what extent each of the Supplemental Phase 2 Blocked Assets is subject to execution to satisfy the Valore Judgment Creditor's judgment;

(5) discharging Citibank from any and all liability to the Valore Judgment Creditors, and any other persons who may have claims to, or an interest in, any Supplemental Phase 2 Blocked Assets that are turned over to the Valore Judgment Creditors or any other third-party defendant to satisfy the Valore Judgment Creditor's judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6) restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Supplemental Phase 2 Blocked Assets;

(7) awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8) awarding to Citibank such other and further relief as may be just and proper.

Dated: New York, New York
January 16, 2013

                                        Respectfully submitted,

                                        DAVIS WRIGHT TREMAINE LLP

                                        By: /s/Christopher Robinson
                                              Sharon L. Schneier
                                              Christopher Robinson

*Attorneys for Defendant and Third-Party
   Plaintiff Citibank, N.A.*
1633 Broadway 27th floor
New York, New York 10019
(212) 489-8230

10

DWT 20856628v2 0067486-000015