UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>      Plaintiffs,<br><br>-against-<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIETE GENERALE and CITIBANK, N.A.<br><br>      Defendants. | Case No. 09 Civ. 5900 (RPP)<br><br>**ANSWER BY THIRD PARTY PLAINTIFF CITIBANK, N.A. TO COUNTERCLAIMS OF THIRD-PARTY DEFENDANTS THE HEISER JUDGMENT CREDITORS WITH RESPECT TO SUPPLEMENTAL PHASE TWO ASSETS** |
| CITIBANK, N.A.,<br><br>      Third-Party Plaintiff,<br><br>-against-<br><br>JAMES OWENS, et al.,<br><br>      Third-Party Defendants. | |

  Defendant and Third-Party Plaintiff Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, hereby submits its answer to the Counterclaims asserted by Third-Party Defendant the Heiser Judgment Creditors on December 19, 2012 and alleges as follows:

  Paragraphs 1 through 56 pertain to the Heiser Judgment Creditors' answer to Citibank's Supplemental Third-Party Complaint and therefore do not require a response.

<u>**ANSWER TO COUNTERCLAIMS AGAINST CITIBANK**</u>

  57. States that the allegations contained in Counterclaim Paragraph 57 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## PARTIES

58. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 58, except states, on information and belief, that a judgment was entered in the case entitled *Heiser v. Iran,* Case No. 00-CV-2329 (RCL) (D.D.C.), and in the case entitled *Campbell v. Iran*, Case No. 01-CV-2104 (RCL) (D.D.C), the Heiser Judgment Creditors obtained a total judgment in the amount of $591,089,966.00 against judgment debtors the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC") (the "Heiser Judgment").

59. Admits the allegations contained in Counterclaim Paragraph 59.

## JURISDICTION AND VENUE

60. States that the allegations contained in Counterclaim Paragraph 60 constitute legal conclusions as to which no response is required, except that if a response is required, admits that claims relating to the blocked funds and assets which were blocked by Citibank pursuant to Executive Orders issued by the President of the United States and blocking regulations issued by the President of the United States and blocking regulations issued by the United States Department of the Treasury and are identified in Exhibit A to Citibank's Third-Party Complaint with Respect to Supplemental Phase Two Assets are related to the original turnover petition.

61. States that the allegations contained in Counterclaim Paragraph 61 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein except admits that venue is proper in this district.

## FACTS

62.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 62, except states, on information and belief, that the Heiser Judgment consists of a judgment in the amount of $254,431,903.00 and a judgment in the amount of $336,658,063.00.

63.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 63, and refers to the February 7, 2008 Order for a true and complete recitation of the contents thereof.

64.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 64, and refers to the May 10, 2010 Order for a true and complete recitation of the contents thereof.

65.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 65, and refers to the August 25, 2011 Order for a true and complete recitation of the contents thereof.

66.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 66, and refers to the August 25, 2011 Order for a true and complete recitation of the contents thereof.

## ENFORCEMENT OF THE JUDGMENT

67.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 67, and refers to the cited registration for a true and complete recitation of the contents thereof.

68.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 68, and refers to the cited registrations for a true and complete recitation of the contents thereof.

DWT 20851708v2 0067486-000015

4

69. States that the allegations contained in Counterclaim Paragraph 69 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

70. States that the allegations contained in Counterclaim Paragraph 70 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to the cited statutes for a true and complete recitation of the contents thereof.

71. States that the allegations contained in Counterclaim Paragraph 71 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

72. States that the allegations contained in Counterclaim Paragraph 72 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to Section 201(a) of the Terrorism Risk Insurance Act ("TRIA") for a true and complete recitation of the contents thereof.

73. States that the allegations contained in Counterclaim Paragraph 73 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, and refers to Section 201 of TRIA for a true and complete recitation of the contents thereof.

74. States that the allegations contained in Counterclaim Paragraph 74 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that Citibank is holding certain assets blocked pursuant to Executive Orders issued

by the President of the United States and blocking regulations issued by the United States Department of the Treasury, including the Supplemental Phase 2 Blocked Assets.

75. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 75.

76. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 76, except admits that a writ of garnishment issued by the United States District Court for the District of Maryland was served on Citibank on or about September 1, 2010, and refers to the writ of garnishment for a true and complete recitation of the contents thereof.

77. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 77 and refers to the writs of execution for a true and complete recitation of the contents thereof.

78. Admits that on or about January 3, 2011 and January 26, 2011, the U.S. Marshal levied writs upon Citibank, and refers to the writs for a true and complete recitation of the contents thereof.

79. Admits that on or about March 8, 2011, the Heiser Judgment Creditors filed a Petition for Turnover Order in the action styled *Estate of Michael Heiser et al. v. Citibank, N.A.,* Case no.: 11-CV-1598 (RPP) (MHD), which has been transferred to Judge Patterson, and pursuant to a Stipulation entered into between the parties has been stayed, and refers to the cited Petition for Turnover for a true and complete recitation of the contents thereof.

80. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 80.

81. Admits the allegations contained in Counterclaim Paragraph 81.

DWT 20851708v2 0067486-000015

82. Admits the allegations contained in Counterclaim Paragraph 82.

83. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 83.

84. Admits the allegations contained in Counterclaim Paragraph 84.

85. States that the allegations contained in Counterclaim Paragraph 85 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

86. Admits the allegations contained in Counterclaim Paragraph 86.

## COUNTERCLAIM

87. Citibank incorporates its responses to Counterclaim Paragraphs 55 through 86 as though fully set forth herein.

88. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Counterclaim Paragraph 88, except admits that the Heiser Judgment Creditors obtained the Heiser Judgment.

89. States that the allegations contained in Counterclaim Paragraph 89 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

90. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

91. States that the allegations contained in Counterclaim Paragraph 91 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein, except admits that Citibank is holding certain assets blocked pursuant to Executive Orders issued

6

by the President of the United States and blocking regulations issued by the United States Department of the Treasury, including the Supplemental Phase 2 Blocked Assets.

92. States that the allegations contained in Counterclaim Paragraph 92 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

93. States that the allegations contained in Counterclaim Paragraph 85 constitute legal conclusions as to which no response is required, except that, if a response is required, denies knowledge and information sufficient to form a belief as to the truth of the allegations therein.

## AFFIRMATIVE DEFENSES

94. Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on the Heiser Judgment Creditors as counterclaim plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the counterclaims.

95. Citibank incorporates its responses to Counterclaim Paragraphs 58 through 94 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

96. Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets that are the subject of this third-party proceeding ("Supplemental Phase 2 Blocked Assets") which may be superior to the rights of the Heiser Judgment Creditors to enforce their judgment against the Supplemental Phase 2 Blocked Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

97. The Supplemental Phase 2 Blocked Assets may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and

7

instrumentalities, or plaintiffs in other actions with claims against them who have served Liens of Lis Pendens or other notices of restraint or attachment, including but not limited to judgment holders or plaintiffs in other actions against Iran who have already served writs of execution and/or restraining orders on Citibank prior to this action and/or have served an answer to the third-party petition served on them in this action.  In accordance with the Court's August 16, 2012 Order, Citibank has interpled such parties into this action so that the Court can determine the respective rights of all interested parties, if any, to the Supplemental Phase 2 Blocked Assets.

## FOR ITS THIRD AFFIRMATIVE DEFENSE

98.   The Supplemental Phase 2 Blocked Assets sought by the Heiser Judgment Creditors include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC.  Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations.  Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over. *See The Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd*., 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010); *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F. Supp.2d (S.D.N.Y. 2011) (on appeal to the Second Circuit as Docket Number 12-1264). Notwithstanding the above, Citibank acknowledges the Court's holding on this issue with respect to Phase 1 Assets in its Opinion and Order of January 20, 2011 (as amended March 4, 2011) and in the Corrected Order entering final judgment with respect to Phase 1 Assets, dated July 11, 2011.

8

**FOR ITS FOURTH AFFIRMATIVE DEFENSE**

99.     To the extent the Heiser Judgment Creditors seek assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located "in the United States."

**FOR ITS FIFTH AFFIRMATIVE DEFENSE**

100.    To the extent that the Heiser Judgment Creditors seek to enforce their rights under TRIA § 201 or Section 1605(a) of the FSIA, the Heiser Judgment Creditors must establish all of the elements necessary to obtain relief under those statutes to establish a judgment against the Judgment Debtors.

**FOR ITS SIXTH AFFIRMATIVE DEFENSE**

101.    The Heiser Judgment Creditors' counterclaims are barred to the extent that they are asserted against assets not before this Court, namely the assets currently before Judge Katherine B. Forrest, in the proceeding captioned *Deborah D. Peterson, et al. v. Islamic Republic of Iran, et al.*, 10 Civ. 4518 (S.D.N.Y.).

WHEREFORE, Citibank respectfully requests the entry of judgment:

(1)     determining its rights and the rights of the Heiser Judgment Creditors and of all other third-party defendants in the Supplemental Phase 2 Blocked Assets;

(2)     determining that the service made by Citibank of the third-party complaint, the third-party summons and other relevant documents on the Heiser Judgment Creditors, and the service of same by the interpled Judgment Creditors on Iran, constitutes good and sufficient service under CPLR §5239, the FSIA, and any other applicable provision of law;

9

(3)     determining that this Court has subject matter jurisdiction and *in personam* and/or *in rem* jurisdiction over the Heiser Judgment Creditors or the Supplemental Phase 2 Blocked Assets sufficient to determine the parties' rights with respect to such assets;

(4)     determining whether and to what extent each of the Supplemental Phase 2 Blocked Assets is subject to execution to satisfy the Heiser Judgment Creditor's judgment;

(5)     discharging Citibank from any and all liability to the Heiser Judgment Creditors, and any other persons who may have claims to, or an interest in, any Supplemental Phase 2 Blocked Assets that are turned over to the Heiser Judgment Creditors or any other third-party defendant to satisfy the Heiser Judgment Creditor's judgment or any other judgment against Iran, including but not limited to any and all parties in this action, or any of their agents or instrumentalities, in accordance with CPLR §§ 5209 and 6204 as well as in interpleader pursuant to Fed. R. Civ. P. 22;

(6)     restraining and enjoining all parties to this action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Supplemental Phase 2 Blocked Assets;

(7)     awarding to Citibank its costs and expenses in this proceeding, including reasonable attorneys' fees; and

(8)     awarding to Citibank such other and further relief as may be just and proper.

Dated:  New York, New York
        January 16, 2013

                                Respectfully submitted,

                                DAVIS WRIGHT TREMAINE LLP

                                By: /s/Christopher Robinson

10

            Sharon L. Schneier
            Christopher Robinson

          *Attorneys for Third-Party Plaintiff*
          1633 Broadway 27th floor
          New York, New York 10019
          (212) 489-8230

TO: DLA Piper LLP (US)

Timothy Birnbaum
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-335-4500
Facsimile:  917-778-8618
Timothy.birnbaum@dlapiper.com

And

Richard M. Kremen
Dale K. Cathell
David B. Misler
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD  21209
Telephone:  410-580-3000
Facsimile:  410-580-3001
Richard.kremen@dlapiper.com
Dale.cathell@dlapiper.com
David.misler@dlapiper.com

*Attorneys for Third-Party Defendants Estate of Michael Heiser, et al.*

11