**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

-------------------------------------------------------------- x
JEREMY LEVIN and DR. LUCILLE LEVIN, : Case No.: 09 Civ 5900 (MHD)
     :
   Plaintiffs,   :
     :
     :
   v.    :
     :
BANK OF NEW YORK, etc., et. al.  :
     :
   Defendants.   :
     :
     :

-------------------------------------------------------------- 
     :
J. P. MORGAN CHASE & CO., etc. et al. :
     :
   Third-Party Plaintiffs, : **ANSWER OF ELIZABETH**
     : **MURPHY, et al., to AMENDED**
      **AND SUPPLEMENTAL**
   v.    : **THIRD-PARTY COMPLAINT**
     :
ELIZABETH MURPHY, etc., et al.,  : **[incorporated within the**
     : **AMENDED ANSWER OF J.P.**
   Third-Party Defendants. : **MORGAN CHASE PARTIES TO**
     : **AMENDED COUNTERCLAIM OF**
     : **HEISER JUDGMENT**
     : **CREDITORS, WITH**
     : **COUNTERCLAIMS,**
     : **AND AMENDED AND**
     : **SUPPLEMENTAL THIRD-PARTY**
     : **COMPLAINT AGAINST**
     : **JUDGMENT CREDITORS OF**
     : **IRAN, PLAINTIFFS SUING**
     : **IRAN, AND ACCOUNT AND**
     : **WIRE TRANSFER PARTIES**
     : **(PHASE 3)]**
-------------------------------------------------------------- 

   Come now Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John

L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris

(hereinafter "Murphy Judgment Creditors"), and for their Answer to the AMENDED

AND SUPPLEMENTAL THIRD-PARTY COMPLAINT AGAINST JUDGMENT

CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE

TRANSFER PARTIES (PHASE 3) incorporated within the AMENDED ANSWER OF

J.P. MORGAN CHASE PARTIES TO AMENDED COUNTERCLAIM OF HEISER

JUDGMENT CREDITORS, WITH COUNTERCLAIMS, AND AMENDED AND

SUPPLEMENTAL THIRD-PARTY COMPLAINT AGAINST JUDGMENT

CREDITORS OF IRAN, PLAINTIFFS SUING IRAN, AND ACCOUNT AND WIRE

TRANSFER PARTIES (PHASE 3), of J. P. MORGAN CHASE & CO, J. P. MORGAN

CHASE BANK, state as follows:

1.      Answering paragraph 44 of the Amended and Supplemental Third-Party

Complaint ("ASTPC"), Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich,

John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris

(hereinafter "Murphy Judgment Creditors") state that paragraph 44 consists solely of

legal conclusions and/or prefatory matter to which a response is not required.  To the

extent a response is required, the Murphy Judgment Creditors admit that they are seeking

to have certain funds turned over to them in order to satisfy their judgments against the

Islamic Republic of Iran and/or the Iranian Ministry of Information and Security,

including but not limited to funds, property, and assets identified in the ASTPC (1st

sentence), and, on information and belief (and subject to discovery) that such assets are

held in part by the Third Party Plaintiffs in blocked accounts (2nd sentence).  Except as

expressly admitted, Murphy Judgment Creditors are without information or belief

sufficient either to admit or deny the allegations of paragraph 44, and therefore deny all

such allegations.

2.      Answering paragraph 45 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 45, and therefore deny all such allegations.

3.      Answering paragraph 46 of the ASTPC, the Murphy Judgment Creditors admit that they assert claims to or rights or interests in the JPM Phase 3 Assets based on an act of terrorism or an act within the scope of 28 U.S.C. § 1605A, and they claim the right to execute on the JPM Phase 3 Assets in order to satisfy their judgments (subject to discovery), and that other persons have advanced similar claims (sentence 1).  The Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the remaining allegations of paragraph 46, and therefore deny such allegations.

4.      Answering paragraph 47 of the ASTPC, the Murphy Judgment Creditors state that paragraph 47 consists solely of legal conclusions and/or prefatory matter to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors admit that they are seeking to have certain funds turned over to them in order to satisfy their judgments against the Islamic Republic of Iran and/or the Iranian Ministry of Information and Security.  The Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the remaining allegations of paragraph 47, and therefore deny such allegations.

5.      Answering paragraph 48 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 48, and therefore deny all such allegations.

6.      Answering paragraph 49 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 49, and therefore deny all such allegations.

7.      Answering paragraph 50 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 50, and therefore deny all such allegations.

8.      Answering paragraph 51 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 51, and therefore deny all such allegations.

9.      Answering paragraph 52 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 52, and therefore deny all such allegations.

10.     Answering paragraph 53 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 53, and therefore deny all such allegations.

11.     Answering paragraph 54 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief

sufficient either to admit or deny the allegations of paragraph 54, and therefore deny all such allegations.

12.     Answering paragraph 55 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 55, and therefore deny all such allegations.

13.     Answering paragraph 56 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 56, and therefore deny all such allegations.

14.     Answering paragraph 57 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 57, and therefore deny all such allegations.

15.     Answering paragraph 58 of the ASTPC, the Murphy Judgment Creditors admit such allegations, and aver, further (for the sake of completeness) that the judgment was entered also against the Iranian Ministry of Information and Security.

16.     Answering paragraph 59 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief

sufficient either to admit or deny the allegations of paragraph 59, and therefore deny all such allegations.

17.     Answering paragraph 60 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 60, and therefore deny all such allegations.

18.     Answering paragraph 61 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 61, and therefore deny all such allegations.

19.     Answering paragraph 62 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 62, and therefore deny all such allegations.

20.     Answering paragraph 63 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 63, and therefore deny all such allegations.

21.     Answering paragraph 64 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as

expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 64, and therefore deny all such allegations.

22.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 65, and therefore deny all such allegations.

23.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 66, and therefore deny all such allegations.

24.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 67, and therefore deny all such allegations.

25.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 68, and therefore deny all such allegations.

26.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 69, and therefore deny all such allegations.

27.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 70, and therefore deny all such allegations.

28.    Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 71, and therefore deny all such allegations.

29.     Murphy Judgment Creditors admit the allegations of paragraph 72 on information and belief.

30.     Murphy Judgment Creditors admit the allegations of paragraph 73 on information and belief.

31.     Murphy Judgment Creditors admit the allegations of paragraph 74 on information and belief.

32.     Answering paragraph 75 of the ASTPC, the Murphy Judgment Creditors state that paragraph 75 consists solely of legal conclusions to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors admit that this Court has subject matter jurisdiction over this matter. Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 75, and therefore deny all such allegations.

33.     Murphy Judgment Creditors admit the allegations of paragraph 76.

34.     Answering paragraph 77 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves, and that attorneys for the Murphy Judgment Creditors subscribe to PACER.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 77, and therefore deny all such allegations.

35.     Answering paragraph 78 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 78, and therefore deny all such allegations.

36.     Answering paragraph 79 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 79, and therefore deny all such allegations.

37.     Answering paragraph 80 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 80, and therefore deny all such allegations.

38.     Answering paragraph 81 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 81, and therefore deny all such allegations.

39.     Answering paragraph 82 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 82, and therefore deny all such allegations.

40.     Answering paragraph 83 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief

sufficient either to admit or deny the allegations of paragraph 83, and therefore deny all such allegations.

41.     Answering paragraph 84 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 84, and therefore deny all such allegations.

42.     Answering paragraph 85 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 85, and therefore deny all such allegations.

43.     Answering paragraph 86 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 86, and therefore deny all such allegations.

44.     Answering paragraph 87 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 87, and therefore deny all such allegations.

45.     Answering paragraph 88 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as

expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 88, and therefore deny all such allegations.

46.     Answering paragraph 89 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 89, and therefore deny all such allegations.

47.     Answering paragraph 90 of the ASTPC, the Murphy Judgment Creditors aver that the order, pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 90, and therefore deny all such allegations.

48.     Answering paragraph 91 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 91, and therefore deny all such allegations.

49.     Answering paragraph 92 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 92, and therefore deny all such allegations.

50.     Answering paragraph 93 of the ASTPC, the Murphy Judgment Creditors aver that the order, pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 93, and therefore deny all such allegations.

51.     Answering paragraph 94 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 94, and therefore deny all such allegations.

52.     Answering paragraph 95 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 95, and therefore deny all such allegations.

53.     Answering paragraph 96 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 96, and therefore deny all such allegations.

54.     Answering paragraph 97 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief

sufficient either to admit or deny the allegations of paragraph 97, and therefore deny all such allegations.

55.     Answering paragraph 98 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 98, and therefore deny all such allegations.

56.     Answering paragraph 99 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 99, and therefore deny all such allegations.

57.     Answering paragraph 100 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 100, and therefore deny all such allegations.

58.     Answering paragraph 101 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 101, and therefore deny all such allegations.

59.     Answering paragraph 102 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as

expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 102, and therefore deny all such allegations.

60.     Answering paragraph 103 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 103, and therefore deny all such allegations.

61.     Answering paragraph 104 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 104, and therefore deny all such allegations.

62.     Answering paragraph 105 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 105, and therefore deny all such allegations.

63.     Answering paragraph 106 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 106, and therefore deny all such allegations.

64.      Answering paragraph 107 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves, and aver that the date for the hearing alleged in paragraph 107 has passed.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 107, and therefore deny all such allegations.

65.      Answering paragraph 108 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 108, and therefore deny all such allegations, except to the extent that J.P. Morgan avers that it is holding unspecified funds which are the subject of this action.

66.      Answering paragraph 109 of the ASTPC, the Murphy Judgment Creditors admit the allegations of sentence 1, and sentence 2.  Answering sentence 3, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegation that their writ of execution has not been delivered to J.P. Morgan, in that they are without sufficient information concerning the relationships among  J.P. Morgan, Bank of New York Mellon (to which the writ was delivered) and their counsel in the action (who have represented both institutions), and on that basis, deny the allegations of sentence 3.

67.      Answering paragraph 110 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 110, and therefore deny all such allegations.

68.      Answering paragraph 111 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.   Except as

expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 111, and therefore deny all such allegations.

69.     The Murphy Judgment Creditors admit the allegations of paragraph 112 of the ASTPC.

70.     Answering paragraph 113 of the ASTPC, the Murphy Judgment Creditors aver that the order, pleadings and docket entries alleged speak for themselves.   Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 113, and therefore deny all such allegations.

71.     Answering paragraph 114 of the ASTPC, the Murphy Judgment Creditors aver that the pleadings and docket entries alleged speak for themselves.   Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 114, and therefore deny all such allegations.

72.     Answering paragraph 115 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 115, and therefore deny all such allegations.

73.     Answering paragraph 116 of the ASTPC, the Murphy Judgment Creditors admit that they may have claims to or rights with respect to some or all of the JPM Phase 3 Assets that are superior to the rights of other claimants.  Except as expressly admitted, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 116, and therefore deny all such allegations.

74.     Answering paragraph 117 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 117, and therefore deny all such allegations.

75.     Answering paragraph 118 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 118, and therefore deny all such allegations.

76.     Answering paragraph 119 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 119, and therefore deny all such allegations.

**Answer to First Claim for Relief**

77.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 44 through 119 of the ASTPC in response to the repetition of those allegations in paragraph 120.

78.     Answering paragraph 121 of the ASTPC, the Murphy Judgment Creditors state that paragraph 121 consists solely of legal conclusions to which a response is not required.  To the extent a response is required, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 121, and therefore deny all such allegations.

79.     Answering paragraph 122 of the ASTPC, the Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 122, and therefore deny all such allegations.

**Answer to Second Claim for Relief**

80.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 44 through 119 of this Supplemental Third-Party Petition in response to the repetition of those allegations in paragraph 123.

81.     Murphy Judgment Creditors admit that they may have claims to or rights in the alleged Blocked Assets that may take priority over the claims of certain other judgment creditors, pending discovery in this action.  Except as expressly admitted, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 124, and on that basis deny such allegations.

82.     Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 125, and on that basis deny such allegations.

83.     Murphy Judgment Creditors aver that paragraph 126 contains only conclusions of law to which no response is required, but to the extent a response is required, Murphy Judgment Creditors are without information or belief sufficient either to admit or deny the allegations of paragraph 126, and on that basis deny such allegations.

**Answer to Third Claim for Relief**

84.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 44 through 119, 121, 122, and 124 through 126 of the ASTPC in response to the repetition of those allegations in paragraph 127.

85.     Murphy Judgment Creditors deny the allegations of paragraph 128.

**Answer to Fourth Claim for Relief**

86.     Murphy Judgment Creditors repeat and reallege their responses to paragraphs 44 through 119, 121, 122, and 124 through 126 of the ASTPC in response to the repetition of those allegations in paragraph 129.

87.     Murphy Judgment Creditors aver that paragraph 130 contains only conclusions of law to which no response is required, but to the extent a response is required, Murphy Judgment Creditors deny that J.P. Morgan is entitled to a declaratory judgment, except after further pleading by the Murphy Judgment Creditors following adequate discovery, and further, deny that the allegations of the ASTPC alone are sufficient to support the declaratory judgment prayed for.

**AFFIRMATIVE DEFENSES**

1.  J.P. Morgan is barred from recovering any affirmative relief against Murphy Judgment Creditors by their failure to mitigate their alleged damages or other loss, and/or by voluntarily causing such damages or other loss, which were avoidable and which it had a duty to avoid.

2.  The Murphy Judgment Creditors reserve the right to allege any other affirmative defenses for which a basis is identified through discovery, further investigation, or otherwise.


WHEREFORE, the Murphy Judgment Creditors respectfully request:

(1)     judgment determining that their rights in the Restrained/Blocked Assets are superior to those of the Stakeholders, and other parties, according to proof;

(2) judgment determining that certain of the Blocked Assets are subject to execution or turnover to satisfy the Judgment of the Murphy Judgment Creditors against Iran, according to proof;

(3) judgment determining that judgment was duly entered against each Judgment Debtor by default, in favor of the Murphy Judgment Creditors, and that (i) a copy of such default judgment was sent to each Judgment Debtor in a manner provided for service by 28 U.S.C. §§1608(a) and (e), (ii) that the Murphy Judgment Creditors served each Judgment Debtor in accordance with 28 U.S.C. §1608(a), to the extent service of same is held necessary, and (iii) that a reasonable period of time has elapsed following the entry of said judgments and the giving of any notice to the Judgment Debtors under 28 U.S.C. §1608(e);

(4) an award of costs and expenses in this proceeding, including reasonable attorneys' fees to the extent allowed by applicable law;

(5) an order authorizing discovery of J.P. Morgan and other parties, by the Murphy Judgment Creditors;

(6) leave to amend this answer, and/or to file appropriate counterclaims, cross-claims, or third party complaints if the basis for such claims is disclosed following discovery; and

(7)     awarding the Murphy Judgment Creditors such other and further relief as may be just and proper.

Respectfully submitted,


   /s/  John W. Karr               
John W. Karr
KARR & ALLISON, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, DC 20036
Tel. (202) 331-7600
Fax. (202) 618-6211
E-mail  jwkarr@msn.com

*Pro hac vice*


Steven Barentzen (N.Y. Bar #2770147)
1575 Eye Street, NW, Suite 300
Washington DC  20005
Tel. (202) 289-4333
Fax. (202) 289-8450
E-mail  steven@barentzenlaw.com

*Counsel*

*Attorney for Third Party Defendants the Murphy Judgment Creditors: Elizabeth Murphy, Armando Ybarra, Estate of Terrance Rich, John L'Heureux, Kerry L'Heureux, Jane L'Heureux, Mary Wells, and Bryan Harris*

21

**Certificate of Service**

I certify under penalty of perjury that on March 1, 2013, I served a copy of the foregoing pleading on the interested parties through the Electronic Case Filing system, including:

Howard B. Levi, Esq.
Richard F. Lubarsky, Esq.
J. Kelley Nevling, Jr., Esq.
1185 Avenue of the Americas,17th Fl.
New York, NY  10036

*Counsel  for Defendants and*
*Third-Party Plaintiffs JPMorgan Chase*
*etc. et al.*

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA  90014

*Counsel  for Jeremy Levin, et al.*

Cary Samowitz
Timothy Birnbaum
DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Fl.
New York, New York 10020-1104

Richard M. Kremen, Esq.
Dale K. Cathell, Esq.
David B. Misler, Esq.
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209

*Attorneys for the Estate of Michael*
*Heiser, et al.*

and such other parties as are registered to receive electronic service in this case.

_____/s/  John W. Karr_____
John W. Karr, *pro hac vice*

*Attorney for Third Party Defendants the*
*Murphy Judgment Creditors: Elizabeth*
*Murphy, Armando Ybarra, Estate of*
*Terrance Rich, John L'Heureux, Kerry*
*L'Heureux, Jane L'Heureux, Mary Wells,*
*and Bryan Harris*