UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>    *Plaintiffs*,<br><br>-*v*-<br><br>BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE and CITIBANK,<br><br>    *Defendants*.<br><br>JPMORGAN CHASE BANK, N.A., and JPMORGAN CHASE & CO.,<br><br>    *Third-Party Plaintiffs*,<br><br>-*v*-<br><br>STEVEN M. GREENBAUM, *et al*.<br><br>    *Third-Party Defendants*. | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER)<br><br>Case No. 09 Civ. 5900 (RPP) (MHD)<br><br>**LOCAL RULE 56.1<br>SEPARATE STATEMENT OF<br>UNDISPUTED FACTS** |

| | | |
|---|---|---|
| STROOCK & STROOCK & LAVAN LLP<br>Curtis C. Mechling<br>James L. Bernard<br>Benjamin Weathers-Lowin<br>180 Maiden Lane<br>New York, New York 10038<br>(213) 806-5400<br>*Attorneys for Greenbaum and Acosta Judgment Creditors* | HOWARTH & SMITH<br>Suzelle M. Smith<br>Don Howarth<br>523 West Sixth Street<br>Suite 728<br>Los Angeles, California 90014<br>(213) 955-9400<br>*Attorneys for Levin Plaintiffs and Judgment Creditors* | DLA PIPER LLP (US)<br>Cary B. Samowitz<br>Timothy H. Birnbaum<br>1251 Avenue of the Americas, 27th Floor<br>New York, New York 10020<br>(212) 335-4659<br>- and –<br>Richard M. Kremen<br>Dale K. Cathell<br>Lauren C. Genvert<br>DLA Piper LLP (US)<br>6225 Smith Ave.<br>Baltimore, MD 21209<br>410-580-3000<br>*Attorneys for Heiser Judgment Creditors* |

The Levin Plaintiffs and Judgment Creditors[1], Greenbaum and Acosta Judgment Creditors, and Heiser Judgment Creditors (collectively, "Movants" or the "LGAH Judgment Creditors"), by their undersigned counsel, respectfully submit the following statement of undisputed material facts, together with reference to supporting evidence, in support of the LGAH Judgment Creditors' Joint Motion for Partial Summary Judgment on Claims for Turnover of ▮▮▮▮▮ Blocked Assets (the "Motion").[2]

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1.  Counsel for JPMorgan has represented that JPMorgan does not plan to oppose turnover of the ▮▮▮▮▮ Blocked Assets (as defined in the Motion) and is prepared to do so, if so ordered by the Court. | *See* Transcript of Hearing, dated November 13, 2012, at 47:14-48:6. |
| 2.  On March 9, 2012, the LGAH Judgment Creditors served a second set of discovery requests upon JPMorgan and the other three defendant/third-party plaintiff garnishee banks, which requests required an updated disclosure of blocked accounts in the garnishee banks' possession or custody. | *See* Declaration of Curtis C. Mechling in Support of LGAH Judgment Creditors' Joint Motion for Partial Summary Judgment on Claims for Turnover of ▮▮▮▮▮ Blocked Assets ("Mechling Decl.") ¶ 20. |
| 3.  In response to the March 9, 2012 discovery requests, on April 26, 2012, JPMorgan disclosed to the LGAH Judgment Creditors, *inter alia*, the existence of the ▮▮▮▮▮ Blocked Assets that form the basis of the instant motion. | *See* Mechling Decl. ¶ 21. |
| 4.  The LGAH Judgment Creditors have entered into a confidential settlement agreement resolving their dispute regarding priority, as between them, to the Blocked Assets at issue in this matter and providing for | *See* Mechling Decl. ¶ 22. |

---

[1] The Levin Plaintiffs and Judgment Creditors, Greenbaum and Acosta Judgment Creditors, and Heiser Judgment Creditors are individually identified in Exhibit 17 to the Mechling Decl.

[2] Unless otherwise noted, all capitalized terms have the same meaning as given in the Memorandum of Law in support of the Motion.

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| the distribution of proceeds therefrom. | |
| 5.      On October 10, 2012, JPMorgan filed an Amended Answer of JPMorgan Chase Parties to Amended Counterclaim of Heiser Judgment Creditors, with Counterclaims, and Amended and Supplemental Third-Party Complaint Against Jugdment Creditors of Iran, Plantiffs Suing Iran, and Account and Wire Transfer Parties. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 793-94, 872) (the "JPMorgan Third-Party Complaint"). |
| 6.      The LGAH Judgment Creditors answered the JPMorgan Third-Party Complaint on November 2, 2012 and November 9, 2012, and asserted counterclaims for turnover of the ▓▓▓▓ Blocked Assets. | *See Levin v. Bank of New York*, case no. 09-5900 (RPP) (MHD) (SDNY) (ECF Dkt. Nos. 820-21). |
| 7.      JPMorgan claims to be a disinterested stakeholder possessing nothing more than a custodial interest in the interpleaded blocked assets and seeking nothing more than an adjudication of the parties' rights with regard to the blocked assets and a discharge of its own obligations in connection therewith. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 793, 872) |
| 8.      By its Third-Party Complaint, JPMorgan interpleaded the ▓▓▓▓ Blocked Assets and various third-party defendants reasonably believed by JPMorgan to potentially possess an interest in such assets, to wit: (1) commercial third-party defendants ▓▓▓▓ ▓▓▓▓, and ▓▓▓▓ (2) judgment debtors Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corp; and (4) the LGAH Judgment Creditors and certain other judgment creditors of Iran and plaintiffs suing Iran. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 793, 872) |
| 9.      The JPMorgan Third-Party Complaint alleges that third-party defendant ▓▓▓▓ instructed JPMorgan to open two cash accounts to hold, respectively, what were identified to JPMorgan by ▓▓▓▓ as | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 793, 872). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| ███████████████████████████ | |
| 10.     The cash accounts ████████ ████████████████████████████ ████████████ do not originate from electronic fund transfers ("EFTs") and do not involve any issues relating to the collectability of EFTs. | See Levin v. Bank of New York, No. 09-5900 (RPP) (MHD) (SDNY) (ECF Dkt. No. 792) (Exhibit A to JPMorgan Third-Party Complaint). |
| 11.     ████████ appeared in this action and, like JPMorgan, disclaimed any and all interest in the proceeds of these accounts, i.e., the ████████ Blocked Assets.  Specifically, on February 15, 2013, Commercial Third-Party Defendant ████████ entered into a Stipulation, Order and Judgment of Dismissal with JPMorgan, whereby ████████ disclaimed any interest in the ████████ Blocked Assets and JPMorgan dismissed all claims against ████████ in the Third-Party Complaint. | See Levin v. Bank of New York, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 887); Mechling Decl. ¶ 23. |
| 12.     The Stipulation, Order and Judgment of Dismissal was signed by the Court on February 20, 2013. | See Levin v. Bank of New York, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 887). |
| 13.     According to the JPMorgan Third-Party Complaint, the ████████ Blocked Assets are held solely for the benefit of ████████ ████████████████████, both of which are wholly-owned instrumentalities of Iran whose assets in the United States are blocked as a matter of law. | See Levin v. Bank of New York, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 872). |
| 14.     With the exception of ████████ which disclaimed any and all interest in ████████ Blocked Assets and was thereafter dismissed from these proceedings, no other commercial third-party defendant is alleged to own or otherwise possess a potential interest in | See Mechling Decl. ¶ 24; Levin v. Bank of New York, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 887). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| the ▓▓▓▓ Blocked Assets. | |
| 15.    The JPMorgan Third-Party Complaint, along with a summons and other accompanying process, were served on ▓▓▓▓ ▓▓▓▓ and ▓▓▓▓ in accordance with 28 U.S.C. § 1608(b) on January 19, 2013. | *See* Mechling Decl. Ex. 1-2. |
| 16.    Neither ▓▓▓▓ nor ▓▓▓▓ ▓▓▓▓ responded or otherwise appeared in these proceedings to oppose the LGAH Judgment Creditors' right to satisfy their judgments from these Blocked Assets. Both parties are now in default. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD); *See also* Mechling Decl. ¶ 25. |
| 17.    JPMorgan also interpleaded the Iran Parties as third-party defendants in these proceedings. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 872). |
| 18.    Pursuant to 28 U.S.C. § 1608(c), service of the JPMorgan Third-Party Complaint, summons and other accompanying process was effected upon each of the Iran Parties on May 15, 2013, when the United States Department of State transmitted a diplomatic pouch containing, *inter alia*, copies of the summonses, third-party complaint and notices of suit to the Swiss Ministry of Foreign Affairs in Bern for further transmission to the American Interests Section of the Swiss Embassy in Tehran, Iran, for service upon Iran MOIS and IRGC. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 908). |
| 19.    The documents were delivered to the Iranian Ministry of Foreign Affairs for service upon each of the Iran Parties under cover of diplomatic notes numbered 1048-IE, 1049-IE and 1050-IE, dated and delivered on May 22, 2013. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 908). |
| 20.    More than 60 days have lapsed since each of the Iran Parties was served with JPMorgan's Phase Three process, yet none of the Iran Parties have responded or otherwise | *See* Mechling Decl. ¶ 26. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| appeared in this matter. | |
| 21.     Pursuant to 28 U.S.C. § 1608(a)(3) and (b)(3)(B), and the Foreign Mailing Procedures for the Southern District of New York, the LGAH Judgment Creditors served the Iran Parties via a letter of Request to the Clerk of the Court for the Southern District of New York, requesting service of the JPMorgan Third-Party Complaint pursuant to the Foreign Sovereign Immunities Act. | *See* Mechling Decl. Ex. 3. |
| 22.     The LGAH Judgment Creditors attempted to serve Iran on July 9, 2013 in compliance with the Foreign Mailing Instructions, but Iran refused to accept service and the service packets were returned unopened. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 902-07); *see also* Mechling Decl. Ex. 4; Mechling Decl. ¶ 27. |
| 23.     The Iran Parties have therefore been served via diplomatic channels and via mail service, have not responded to the JPMorgan Third-Party Complaint, and are in default. | *See* Mechling Decl. ¶ 28. |
| 24.     The Movants each possess terrorism-based money judgments entered pursuant to the terrorism exception to foreign sovereign immunity from liability, 28 U.S.C. §§ 1605A and/or 1605(a)(7) (*repealed*), against certain or all of the Iran Parties. Movants' judgments total $989,948,708.00, plus post-judgment interest. | *See Levin v. Bank of New York, et al.*, 2011 WL 812032 at *1-3 (S.D.N.Y. Mar. 4, 2011); *See also Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 383) (Declaration of David B. Misler dated June 7, 2011, Ex. 6). |
| 25.     On December 21, 2009, the Acosta Judgment Creditors obtained a writ of execution from the Clerk of Court, which they delivered to the U.S. Marshals that same day for levy upon JPMorgan. On April 5, 2010, the Acosta Judgment Creditors obtained an amended writ of execution from the Clerk of Court, which they delivered to the U.S. Marshals for levy upon JPMorgan on April 6, 2010. The U.S. Marshals served and levied the Acosta Judgment Creditors' writ of execution | *See* Mechling Decl. Ex. 5. |

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| upon JPMorgan on April 15, 2010. | |
| 26.     On December 10, 2010, the Heiser Plaintiffs delivered writs of execution issued by this Court to the U.S. Marshal and, on January 28, 2011, one such writ was served upon JPMorgan. | *See* Mechling Decl. Exs. 6, 7. |
| 27.     In addition, on September 6, 2011, the Heiser Plaintiffs delivered writs of execution issued by this Court to the U.S. Marshal, one of which was served upon JPMorgan on October 28, 2011. | *See* Mechling Decl. Exs. 8, 9. |
| 28.     On May 29, 2012, the Heisers obtained writs of execution from the Clerk of the Court. | *See* Mechling Decl. Ex. 10. |
| 29.     The Heisers' writs of execution were delivered on June 4, 2012, to the U.S. Marshals for service and levy upon ▓▓▓▓. | *See* Mechling Decl. Ex. 11. |
| 30.     On August 25, 2011, the Levin Plaintiffs and Judgment Creditors delivered a court-ordered writ of execution to the U.S. Marshals for levy upon JPMorgan. | *See* Mechling Decl. Ex. 12. |
| 31.     The Levins obtained court-issued writs on May 26, 2009 and delivered them to the U.S. Marshal for the Southern District of New York (the "U.S. Marshal") for service on the New York Banks on June 19, 2009 | *See* Mechling Decl. Exs. 14, 15. |
| 32.     The U.S. Marshal levied the Levin Plaintiffs and Judgment Creditors' court-ordered writ of execution on JPMorgan on September 2, 2011. | *See* Mechling Decl. Ex. 16. |
| 33.     The judgment creditor group Michael Bennett, *et al.* appeared and answered the JPMorgan Third-Party Complaint. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 821). |
| 34.     The judgment creditor group Terrence Valore, *et al.* appeared and answered the | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 834). |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| JPMorgan Third-Party Complaint. | |
| 35.    The judgment creditor group Estate of Anthony Brown, *et al.* appeared and answered the JPMorgan Third-Party Complaint. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 839). |
| 36.    The judgment creditor group Deborah D. Peterson, *et al.* appeared and answered the JPMorgan Third-Party Complaint. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 850). |
| 37.    The judgment creditor group Elizabeth Murphy, *et al.* appeared and answered the JPMorgan Third-Party Complaint. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 889). |
| 38.    On June 26, 2009, the Levin Plaintiffs and Judgment Creditors instituted this action by filing a turnover complaint against garnishees JPMorgan, Citibank, N.A., Bank of New York Mellon and Societe Generale (collectively, "Garnishees") seeking turnover of Blocked Assets, included assets frozen pursuant to federal law and regulations promulgated by the United States Treasury Department's Office of Foreign Assets Control ("OFAC"). | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 70). |
| 39.    This Court allowed Garnishees to file Third Party Complaints against various parties and required that Third Party Defendants be served before turnover motions could be decided. | *See* Mechling Decl. ¶ 29. |
| 40.    On June 21, 2011, the first phase of these proceedings concluded with the Court awarding turnover of a subset of Blocked Assets and interest held by the Garnishees to the LGAH Judgment Creditors. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 412) (the "Phase One Turnover Order"). |
| 41.    The Blocked Assets ordered to be turned over to LGAH from Phase One did not satisfy the judgments in total. | *See* Mechling Decl. ¶ 30. |
| 42.    On June 29, 2011, the Court entered its Order Governing Production of Supplemental | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 411) (the |

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| Account Information in Connection with Turnover of Additional Assets which required the Garnishees to disclose to the LGAH Judgment Creditors, *inter alia*, "each and every Blocked Wire Transfer and/or Blocked Account totaling more than $5,000.00 that is held by each of the Garnishee Banks and not included in the Phase One Assets [*i.e.*, the Phase One Turnover Order]." | "Supplemental Discovery Order"). |
| 43.     In accordance with the Supplemental Discovery Order, the Garnishees produced to the LGAH Judgment Creditors lists identifying blocked assets held by the Garnishees, which included the Phase Two Blocked Assets. | *See* Mechling Decl. ¶ 31. |
| 44.     On September 16, 2011, the Court entered its Amended Scheduling Order (I) Authorizing Additional Pleadings and (II) Governing and Scheduling Further Proceedings in Connection with Phase Two (the "Phase Two Scheduling Order") which authorized the Garnishees to file additional, amended and/or supplemental third-party complaints (the "Third Party Complaints"). | *See* Phase Two Scheduling Order, Mechling Decl. Ex. 16. |
| 45.     The LGAH Judgment Creditors filed answers to the Third-Party Complaints and asserted counterclaims for turnover against each of the Garnishees for turnover of certain Iranian assets, including, but not limited to, the Phase Two Blocked Assets, based on, *inter alia*, writs of execution that the LGAH Judgment Creditors had served on the Garnishees. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 436, 437, 442-47, 452-55, 459, 461). |
| 46.     The LGAH Judgment Creditors' writs of execution establish their priority in, *inter alia*, the Phase Two Blocked Assets. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 412), *Levin*, 2011 WL 812032; *See also* Mechling Decl. Exs. 5-15 |
| 47.     The LGAH Judgment Creditors filed a Joint Motion for Partial Summary Judgment on Claims for Turnover of Phase Two Blocked | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 763-65, 767- |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Assets ("Phase Two Motion") on August 29, 2012. | 68). |
| 48.     Certain of the Garnishees filed "Responses" to the Phase Two Motion on October 15, 2012 and October 22, 2012. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 803-808, 814-15). |
| 49.     One Commercial Third-Party Defendant filed an Opposition to the Phase Two Motion. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 798-802). |
| 50.     The LGAH Judgment Creditors filed a Consolidated Reply in Further Support of the Phase Two Motion on November 7, 2012. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 825-27). |
| 51.     The Court held a hearing on the Phase Two Motion on November 14, 2012. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD). |
| 52.     The Phase Two Motion is currently pending before this Court. | *See* Mechling Decl. ¶ 32. |
| 53.     On August 17, 2012, the Heiser Judgment Creditors filed an Answer to JPMorgan's Phase Two Complaint and an Amended Counterclaim, specifically seeking turnover of the Blocked Assets disclosed in JPMorgan's discovery response. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 753). |
| 54.     No other Judgment Creditor has a priority right to the ▇▇▇▇ Blocked Assets. | *See* Transcript of Hearing, dated November 13, 2012, at 47:14-48:6. |
| 55.     In previous proceedings, Dr. Patrick Clawson has provided a declaration setting forth the facts underlying his expert opinion that the Iranian Entities are agencies and instrumentalities of Iran. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. Nos. 765, 765-1). |
| 56.     This Court held in Phase One that ▇▇▇ and ▇▇▇▇▇▇ were agencies and instrumentalities of Iran. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 412) (Phase One Turnover Order at p. 9) |
| 57.     Each moving LGAH Judgment Creditor has an unsatisfied judgment against | *See* Mechling Decl. ¶ 33. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| Iran based upon an act of terrorism. | |
| 58.     Iran has been designated a terrorist party pursuant to section 6(j) of the Export Administration Act of 1979, 50 U.S.C. App. § 2405(j), beginning January 19, 1984, and therefore is a "terrorist party" as defined by TRIA § 201(d)(4), 116 Stat. at 2340. | *See Weinstein v. Islamic Republic of Iran*, 609 F.3d 43, 48 (2d Cir. 2010); *Cicippio-Puleo v. Islamic Republic of Iran*, 353 F.3d 1024 (D.C. Cir. 2004); *see also* 49 Fed. Reg. 47702 (Dec. 6, 1984); *see also Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1, 5 (D.D.C. 2007). |
| 59.     At the time of entry of the LGAH Judgment Creditors' judgments, the United States District Court for the District of Columbia found jurisdiction existed under 28 U.S.C. §§ 1605(a)(7) and/or 1605A, and thus Iran was not immune from jurisdiction in the original proceeding. | *See* Mechling Decl. ¶ 34. |
| 60.     The ▮▮▮▮▮ Blocked Assets held by JPMorgan have been "blocked" pursuant to the International Emergency Economic Powers Act, 50 U.S.C. § 1701, 1702, and OFAC's sanctions regulations. | *See* Mechling Decl. ¶ 35. |
| 61.     None of the Commercial Third-Party Defendants has obtained a license from OFAC which is a *sine qua non* of any such entity prevailing in a turnover proceeding. | *See* Mechling Decl. ¶ 36; *See also* 31 C.F.R. § 501.806; *See also Hausler v. JPMorgan Chase Bank, N.A.*, 845 F.Supp.2d 553, 570 (S.D.N.Y. 2012). |

Dated: September 12, 2013           **STROOCK & STROOCK & LAVAN LLP**

                                                            `/s/ Curtis C. Mechling`

Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
180 Maiden Lane
New York, New York 10038
(213) 806-5400
*Attorneys for the Greenbaum and Acosta Judgment Creditors*

and

**HOWARTH & SMITH**
Suzelle M. Smith
Don Howarth
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
ssmith@howarth-smith.com
*Attorney for the Levin Plaintiffs and Judgment Creditors*

and

**DLA PIPER LLP (US)**
Cary B. Samowitz
Timothy Birnbaum
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
(212) 335-4500
Facsimile: 212-884-4501
Cary.samowitz@dlapiper.com
Timothy.birnbaum@dlapiper.com

and

Richard M. Kremen (*admitted pro hac vice*)
Dale K. Cathell (*admitted pro hac vice*)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
410-580-3000
*Attorneys for Heiser Judgment Creditors*