UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
500 PEARL STREET
NEW YORK, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/13

CHAMBERS OF
ROBERT P. PATTERSON, JR.
DISTRICT JUDGE



December 11, 2009

Harold Hongju Koh
Office of the Legal Advisor
United States Department of State
2201 C Street, N.W., Room 6421
Washington, D.C. 20502

Via U.S. Mail

CONFIDENTIAL

Re: <u>Levin v. Bank of New York, et al.</u>, 09-CV-5900-RPP (S.D.N.Y.) (filed under seal)

Dear Mr. Koh:

    This Court has before it a collection execution and garnishment action filed in this Court on June 22, 2009 based on a judgment against the Islamic Republic of Iran ("Iran") and Iranian-related entities under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605(a)(7) and § 1610, and the Terrorism Risk Insurance Act of 2002, Public Law No. 107-297, 116 Stat. 2322, § 201(a) ("TRIA"), entered by the United States District Court for the District of Columbia for compensatory damages of $28,807,719, after what appears to be an undefended hearing.  See <u>Levin v. Republic of Iran</u>, 529 F. Supp. 2d 1 (D.D.C. 2007).

    On June 19, 2009 Plaintiffs served a writ of execution on the United States Marshal for the Southern District of New York by which Plaintiffs maintain they have obtained a priority lien on blocked assets of Iran held by certain banks.  The banks had previously restrained the assets in question and reported them to the Office of Foreign Assets Control ("OFAC"), pursuant to various Executive Orders, <u>see, e.g.</u>, Executive Order No. 13,382, 70 Fed. Reg 38,567 (June 28, 2005), as assets in which the Islamic Republic of Iran or its agencies or instrumentalities may hold a direct or indirect interest. 28 U.S.C. § 1602 et seq.  On June 22, 2009, within ninety (90) days of service of the writs of execution, as required, Plaintiffs filed their collection and garnishment action in this Court pursuant to Federal Rule of Civil Procedure 69(a) and § 5225 of the New York Civil Practice Law and Rules.

    This Court is aware that at the present time the Department of State of the United States is engaged in diplomatic negotiations of importance involving the Islamic

Republic of Iran. It is also familiar with 1979 litigation commenced in this Court which resulted in the prejudgment attachment of funds belonging to the National Iranian Oil Company, Reading & Bates Corp. v. National Iranian Oil Co., 478 F. Supp. 724 (S.D.N.Y. 1979), and, following the ensuing "Great White Satan" siege and hostage taking at the United States embassy in Tehran, subsequent related litigation in many courts of the United States as well as diplomatic negotiations resulting in the formation of the International Claims Tribunal at the Hague, Netherlands.

      Prior to taking court action in this proceeding, the Court would like to be advised whether or not the Department of State is of the view that the national interests of the United States would be adversely affected by a Court order releasing blocked funds held by certain banks in an amount up to or including the amount of the judgment, $28,807,719. To date, the banks involved are: JPMorgan Chase Bank, N.A., Citibank, N.A., Societe Generale, N.A., Inc. and Bank of New York Mellon.

      Thank you very much for your prompt attention to this matter.

Very truly yours,

Robert P. Patterson, Jr.

U.S. District Judge
Southern District of New York

cc (*by fax*):

Suzelle M. Smith, Howarth & Smith
Howard B. Levi, Levi Lubarsky & Feigenbaum
Sharon L. Schneier, Davis Wright Tremaine
Mark G. Hanchet, Mayer Brown