```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JEREMY LEVIN and DR. LUCILLE LEVIN,    :
                                       :
                Plaintiffs,            :
                                       :
          -against-                    :
                                       :
BANK OF NEW YORK, JPMORGAN             :
CHASE, SOCIETE GENERALE and            :
CITIBANK,                              :
                                       :
                Defendants.            :
-----------------------------------------------------------X
          Truncated Caption             :
-----------------------------------------------------------X

(FILED PARTIALLY UNDER
SEAL PURSUANT TO ORDER
DATED JANUARY 21, 2010)

Case No. 09 Civ. 5900 (RPP) (MHD)

[PROPOSED] JUDGMENT AND
ORDER DIRECTING TURNOVER
OF FUNDS AND DISCHARGE

WHEREAS, on August 29, 2012, plaintiffs Jeremy Levin and Dr. Lucille Levin (collectively, the "Levins"), third-party defendants Steven Greenbaum, *et al.* (the "Greenbaum Judgment Creditors"), Carlos Acosta, *et al.* (the "Acosta Judgment Creditors"), and the Estate of Michael Heiser, *et al.* (the "Heiser Judgment Creditors") (collectively, the "Judgment Creditors[1]") filed a joint motion for partial summary judgment on their claims for turnover of certain blocked assets among those designated by the Court for inclusion in Phase Two of the above-captioned interpleader proceedings (the "Motion") (ECF Doc. No. 763). The blocked assets sought by the Motion are among those that this Court has previously designated as the Phase Two Blocked Assets, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and are detailed more fully in Annex A hereto, and are currently held by defendants and third-party plaintiffs JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (together, "JPMorgan"), The Bank of New York Mellon ("BNYM"), Citibank, N.A. ("Citibank"), and Société Générale ("SoGen") (collectively,

---

[1] The Judgment Creditors are more specifically identified in Annex B hereto.

EAST\61187469.1

the "Garnishee Banks" or "Defendant Banks"). Those blocked assets, including accrued interest thereon, are referred to herein as the "Phase Two Assets";

WHEREAS, on October 15, 2012, SoGen filed a response to the Motion (ECF Doc. No. 803);

WHEREAS, on October 15 and 16, 2012, JPMorgan and BNYM filed responses to the Motion, which responses included a joint memorandum of law (ECF Doc. No. 804);

WHEREAS, on October 22, 2012, Citibank filed a response to the (ECF Doc. No. 815);

WHEREAS, more than 200 commercial third-party defendants were interpleaded by the Garnishee Banks in Phase Two of these proceedings and duly served with third-party summonses and complaints by the Judgment Creditors on the Garnishee Banks' behalf (the "Commercial Third-Party Defendants[2]");

WHEREAS, one Commercial Third-Party Defendant, ██████████ ██████, filed a formal opposition to the Motion ██████████;

WHEREAS, in addition to the above-referenced Commercial Third-Party Defendants, the Garnishee Banks also interpleaded numerous other judgment creditors of the Islamic Republic of Iran ("Iran") and plaintiffs with claims pending against Iran, including, the plaintiff groups known in these proceedings, respectively, as the Peterson, Rubin, Weinstein, Owens, Valore, Sylvia, Bland, Brown, Murphy, and Bennett judgment creditors (collectively, the "Other Judgment Creditors[3]");

---

[2] The Commercial Third-Party Defendants are more specifically identified in Annex C hereto.

[3] The Other Judgment Creditors are more specifically identified in Annex D hereto.

EAST\61187469.1

WHEREAS, none of the Other Judgment Creditors filed any oppositions to the Motion;

WHEREAS, the Court held a hearing on the Motion and the oppositions to the Motion on November 13, 2012;

WHEREAS the Court issued an Opinion and Order, dated September 19, 2013, and entered on the public docket in redacted form on September 23, 2013 (the "Opinion and Order"), granting the Motion, which Opinion and Order is incorporated by reference herein;

WHEREAS, the Court held in the Opinion and Order that the Judgment Creditors hold a priority interest in, and are entitled to turnover of, the Phase Two Assets, which assets consist of the proceeds from wire transfers or deposit accounts blocked pursuant to blocking regulations issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department held at Citibank (the "Citibank Phase Two Assets"), JPMorgan (the "JPMorgan Phase Two Assets"), BNYM (the "BNYM Phase Two Assets"), and SoGen (the "SoGen Phase Two Assets"), all as more specifically set forth on Annex A (collectively, the "Phase Two Assets");

WHEREAS, for purposes of this Judgment and Order Directing Turnover of Funds and Discharge, the blocked account held at JPMorgan in the principal amount of ███████, which was the subject of ███ opposition to the Motion, shall be referred to as the ███████████;

WHEREAS, the Court held in the Opinion and Order that the Defendant Banks were ordered to turn over the Phase Two Assets with accrued interest;

3

WHEREAS BNYM, SoGen, Citibank and JPMorgan, having commenced third-party proceedings seeking interpleader relief, as described above, pursuant to Rule 22 of the Federal Rules of Civil Procedure and other applicable provisions of law (the "Interpleader Proceedings"), and having brought before the Court in these proceedings all potential claimants to the Phase Two Assets, including the Greenbaum Judgment Creditors, Acosta Judgment Creditors and Heiser Judgment Creditors, as well as the Commercial Third-Party Defendants and Other Judgment Creditors, so that they could each assert claims to the Phase Two Assets, are entitled to an order discharging them from any and all liability with respect to any and all claims made by any party with regard to the Phase Two Assets, as more fully described below; and

WHEREAS the parties have agreed that BNYM, SoGen, Citibank and JPMorgan, having commenced the Interpleader Proceedings and brought before the Court in these proceedings all potential claimants to the Phase Two Assets, including the Greenbaum Judgment Creditors, Acosta Judgment Creditors and Heiser Judgment Creditors, as well as the Commercial Third-Party Defendants and Other Judgment Creditors, so that each could assert claims to the Phase Two Assets, shall receive an award of attorneys' fees and expenses in connection with the Interpleader Proceedings as they relate to the Phase Two Assets, to be paid from the Phase Two Assets as described more fully below.

NOW, THEREFORE, it is:

ORDERED, ADJUDGED AND DECREED that:

1. The Motion is Granted.

2. Summary Judgment is entered in favor of the Judgment Creditors and against BNYM, SoGen, Citibank, JPMorgan, and ▮ with respect to the Phase Two Assets.

3. The Opinion and Order is hereby incorporated by reference.

4. Subject to Paragraph 13 below, Citibank shall, within fourteen (14) days of the date of entry of this Judgment and Order, turn over the Citibank Phase Two Assets as follows:

   A. One-third of the Citibank Phase Two Assets shall be paid to counsel for the Greenbaum and Acosta Judgment Creditors for the benefit of the Greenbaum and Acosta Judgment Creditors;

   B. One-third of the Citibank Phase Two Assets shall be paid to counsel for the Levins for the benefit of the Levins; and

   C. One-third of the Citibank Phase Two Assets shall be paid to counsel for the Heiser Judgment Creditors for the benefit of the Heiser Judgment Creditors.

5. Subject to Paragraph 13 below, JPMorgan shall, within fourteen (14) days of the date of entry of this Judgment and Order, turn over the JPMorgan Phase Two Assets (excluding the ▮) as follows:

   A. One-third of the JPMorgan Phase Two Assets shall be paid to counsel for the Greenbaum and Acosta Judgment Creditors for the benefit of the Greenbaum and Acosta Judgment Creditors;

   B. One-third of the JPMorgan Phase Two Assets shall be paid to counsel for the Levins for the benefit of the Levins; and

  C. One-third of the JPMorgan Phase Two Assets shall be paid to counsel for the Heiser Judgment Creditors for the benefit of the Heiser Judgment Creditors.

6. Subject to Paragraph 13 below, BNYM shall, within fourteen (14) days of the date of entry of this Judgment and Order, turn over the BNYM Phase Two Assets as follows:

  A. One-third of the BNYM Phase Two Assets shall be paid to counsel for the Greenbaum and Acosta Judgment Creditors for the benefit of the Greenbaum and Acosta Judgment Creditors;

  B. One-third of the BNYM Phase Two Assets, shall be paid to counsel for the Levins for the benefit of the Levins; and

  C. One-third of the BNYM Phase Two Assets, shall be paid to counsel for the Heiser Judgment Creditors for the benefit of the Heiser Judgment Creditors.

7. Subject to Paragraph 13 below, SoGen shall, within fourteen (14) days of the date of entry of this Judgment and Order, turn over the SoGen Phase Two Assets as follows:

  A. One-third of the SoGen Phase Two Assets shall be paid to counsel for the Greenbaum and Acosta Judgment Creditors for the benefit of the Greenbaum and Acosta Judgment Creditors;

  B. One-third of the SoGen Phase Two Assets shall be paid to counsel for the Levins for the benefit of the Levins; and

    C. One-third of the SoGen Phase Two Assets shall be paid to counsel for the Heiser Judgment Creditors for the benefit of the Heiser Judgment Creditors.

  8. If the United States Marshal at any time requests a fee relating to the Phase Two Assets, or if a dispute regarding any such fee request ever arises, the Judgment Creditors alone shall be responsible for the payment of any such fee or for resolving any such dispute. In addition, if a dispute at any time arises among the Judgment Creditors as to the allocation of the funds being turned over in accordance with this Judgment, the Judgment Creditors alone shall be responsible for the resolution of that dispute, and no Judgment Creditor shall have recourse of any kind as against any one or more of the Defendant Banks. The discharge granted to the Defendant Banks under paragraphs 9 and 10 of this Judgment shall be deemed to cover any of the circumstances described in this paragraph 8.

  9. Upon turnover by Citibank, JPMorgan, BNYM and SoGen of the Citibank Phase Two Assets, the JPMorgan Phase Two Assets (excluding the ███████ ███████), the BNYM Phase Two Assets and the SoGen Phase Two Assets, respectively, Citibank, JPMorgan, BNYM and SoGen shall respectively be discharged and released from all liability and obligation of any nature to the Levins, the Heiser Judgment Creditors, the Greenbaum Judgment Creditors, the Acosta Judgment Creditors, the Commercial Third-Party Defendants, the Other Judgment Creditors, and any other person or entity with specific respect to the Citibank Phase Two Assets, the JPMorgan Phase Two Assets (excluding the ███████████████), the BNYM Phase Two Assets and the SoGen Phase Two Assets.

7

10. The Levins, the Heiser Judgment Creditors, the Greenbaum Judgment Creditors, the Acosta Judgment Creditors, the Commercial Third-Party Defendants, the Other Judgment Creditors, and all other persons and entities shall hereby be permanently restrained and enjoined, subsequent to the turnover by Citibank, JPMorgan, BNYM and SoGen of the Citibank Phase Two Assets, the JPMorgan Phase Two Assets (excluding the ▇▇▇▇), the BNYM Phase Two Assets and the SoGen Phase Two Assets, respectively, from instituting or pursuing any legal action or proceeding against Citibank, JPMorgan, BNYM or SoGen with respect to the Citibank Phase Two Assets, the JPMorgan Phase Two Assets (excluding the ▇▇▇▇), the BNYM Phase Two Assets and the SoGen Phase Two Assets.

11. Upon turnover of the Phase Two Assets, all writs of execution, notices of pending action, restraining notices and other judgment creditor process of any kind served on, or delivered to, Citibank, JPMorgan, BNYM or SoGen, to the extent that they apply or attach to the Citibank Phase Two Assets, the JPMorgan Phase Two Assets, the BNYM Phase Two Assets or the SoGen Phase Two Assets, shall be vacated and null and void as to the Citibank Phase Two Assets, the JPMorgan Phase Two Assets, the BNYM Phase Two Assets, and the SoGen Phase Two Assets, respectively; provided, however, that this provision of this Judgment shall not vacate or nullify any such writ of execution, notice of pending action, restraining notice or other judgment creditor process with respect to any other funds, moneys, property, debts, assets or accounts, other than the Phase Two Assets.

12. Upon turnover of the Phase Two Assets, the Heiser Judgment Creditors are hereby ordered to withdraw their claims to the Phase Two Assets

8

(excluding the ███████), and only the Phase Two Assets (excluding the ███████), in the turnover proceedings styled: Estate of Michael Heiser, et al. v. The Bank of New York Mellon, et al., Case No. 11-cv-0998 (RPP) (MHD) (S.D.N.Y.); Estate of Michael Heiser, et al. v. Citibank, N.A., Case No. 11-cv-1598 (VM) (MHD) (S.D.N.Y.); Estate of Michael Heiser, et al. v. JPMorgan Chase Bank, N.A., Case No. 11-cv-1606 (LTS) (MHD) (S.D.N.Y.). Upon resolution of the ███████ as set forth in paragraph 14 herein, then the Heisers shall also withdraw their claims to the ███████, and only the ███████, in the turnover proceedings styled: Estate of Michael Heiser, et al. v. The Bank of New York Mellon, et al., Case No. 11-cv-0998 (RPP) (MHD) (S.D.N.Y.); Estate of Michael Heiser, et al. v. Citibank, N.A., Case No. 11-cv-1598 (VM) (MHD) (S.D.N.Y.); Estate of Michael Heiser, et al. v. JPMorgan Chase Bank, N.A., Case No. 11-cv-1606 (LTS) (MHD) (S.D.N.Y.).

13. BNYM, SoGen, Citibank and JPMorgan have represented to the Judgment Creditors that they have collectively incurred approximately ███████ ███████ in legal fees and expenses in connection with the Interpleader Proceedings as they relate to the Phase Two Assets. The parties have agreed that BNYM, SoGen, Citibank and JPMorgan shall collectively receive a total award of ███████ ███████ for their attorneys' fees and expenses in connection with the Interpleader Proceedings as they relate to the Phase Two Assets, to be paid from the Phase Two Assets as follows: the Defendant Banks shall pay ███████ ███████ from the Phase Two Assets to Stroock & Stroock & Lavan LLP to be held by Stroock & Stroock & Lavan LLP in escrow pending a joint

9

written instruction by the Defendant Banks as to how such monies shall be allocated among themselves. Upon receiving such joint instruction from all of the Defendant Banks, Stroock & Stroock & Lavan LLP shall pay the ███████ pursuant to the joint written instructions within seven (7) days of receipt of such instruction. The payment of the ███████ for the Defendants Banks' attorneys' fees and expenses in connection with the Interpleader Proceedings as they relate to the Phase Two Assets shall not be, and shall not be deemed to be, a payment for the benefit of the Judgment Creditors and shall not reduce any of the Judgment Creditors' judgments. The parties have agreed that such payment shall be made in satisfaction of any and all claims made with respect to attorneys' fees and expenses in connection with the Interpleader Proceedings as they relate to the Phase Two Assets, but that nothing in this Judgment and Order shall preclude BNYM, SoGen, Citibank or JPMorgan from making an application for, or recovering, attorneys' fees and expenses in connection with the Interpleader Proceedings as they relate to assets other than the Phase Two Assets. Nor shall anything in this Judgment and Order preclude any of the parties from opposing, in whole or in part, any such application by BNYM, SoGen, Citibank and JPMorgan, and such rights of the parties are hereby preserved and not waived.

14. The ███████ shall remain a blocked account at JPMorgan under the applicable OFAC regulations until the earlier of the following: (a) the failure of the ███ to file a notice of appeal before the expiration of the appeal period under the Federal Rules of Appellate Procedure or written notice by ███ before the expiration of the appeal period under the Federal Rules of Appellate Procedure to the Judgment Creditors and JPMorgan that ███ shall not be taking an appeal (the "Appeal

10

Expiration"); or (b) the resolution of an appeal brought by ▮▮▮ with this Court's judgment being affirmed on appeal by the United States Court of Appeals for the Second Circuit and/or the United States Supreme Court, as applicable (the "Affirmance"). Upon the occurrence of the earlier of the Appeal Expiration or the Affirmance, then within fourteen (14) days thereafter JPMorgan shall turn over the ▮▮▮▮▮▮▮ as follows:

    A.    One-third of the ▮▮▮▮▮▮▮ shall be paid to counsel for the Greenbaum and Acosta Judgment Creditors for the benefit of the Greenbaum and Acosta Judgment Creditors;

    B.    One-third of the ▮▮▮▮▮▮▮ shall be paid to counsel for the Levins for the benefit of the Levins; and

    C.    One-third of the ▮▮▮▮▮▮▮ shall be paid to counsel for the Heiser Judgment Creditors for the benefit of the Heiser Judgment Creditors.

Upon JPMorgan's payment of the funds in the ▮▮▮▮▮▮▮ (i) to the Judgment Creditors (in the event of an Appeal Expiration or an Affirmance) or (ii) to CBN (in the event of a reversal, no longer subject to appeal, of that part of this Judgment and Order that applies to the ▮▮▮▮▮▮▮), then JPMorgan shall be discharged and released from all liability and obligations with respect to the ▮▮▮▮▮▮▮, as to any and all persons or entities, in accordance with paragraphs 9 and 10 of this Judgment and Order. That discharge shall be deemed a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, in accordance with paragraph 15 of this Judgment and Order.

15.  This Judgment and Order is a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, and there is no just reason for delay in the entry of it as a final judgment. This Judgment finally disposes of all claims asserted by the Judgment Creditors, and by all other parties that have or could have asserted claims, as to the Phase Two Assets.

16.  This Judgment and Order shall be filed under seal, but a redacted version of this Judgment and Order, redacted to eliminate account numbers, names and any dollar amounts held in particular accounts, shall be electronically filed by counsel for the Garnishee Banks.

17.  This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment and Order's terms.

18.  Subject to the entry of this Judgment and Order and based upon their agreement to the terms of this Judgment and Order, the Garnishee Banks and Judgment Creditors waive any right to appeal from any part of this Judgment and Order.

SO ORDERED.

Dated: New York, New York
October 9, 2013

_____
United States District Judge

# ANNEX A
# REDACTED

# ANNEX B

## JUDGMENT CREDITORS

| JUDGMENT CREDITOR GROUP | PLAINTIFF |
|---|---|
| Levin Plaintiffs and Judgment Creditors | Jeremy Levin |
| Levin Plaintiffs and Judgment Creditors | Dr. Lucille Levin |
| Greenbaum Judgment Creditors | Steven M. Greenbaum (on his own behalf and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum) |
| Greenbaum Judgment Creditors | Alan D. Hayman |
| Greenbaum Judgment Creditors | Shirlee Hayman |
| Acosta Judgment Creditors | Carlos Acosta |
| Acosta Judgment Creditors | Maria Acosta |
| Acosta Judgment Creditors | Tova Ettinger |
| Acosta Judgment Creditors | The Estate of Irving Franklin |
| Acosta Judgment Creditors | The Estate of Irma Franklin |
| Acosta Judgment Creditors | Baruch Kahane |
| Acosta Judgment Creditors | Libby Kahane (on her own behalf and as Administratrix of the Estate of Meir Kahane) |
| Acosta Judgment Creditors | Ethel J. Griffin (as Administratrix of the Estate of Binyamin Kahane) |
| Acosta Judgment Creditors | Norman Kahane (on his own behalf and as Executor of the Estate of Sonia Kahane) |
| Acosta Judgment Creditors | Ciporah Kaplan |
| Heiser Judgment Creditors | The Estate of Michael Heiser, deceased |
| Heiser Judgment Creditors | Gary Heiser |
| Heiser Judgment Creditors | Francis Heiser |
| Heiser Judgment Creditors | The Estate of Leland Timothy Haun, deceased |
| Heiser Judgment Creditors | Ibis S. Haun |
| Heiser Judgment Creditors | Milagritos Perez-Dalis |
| Heiser Judgment Creditors | Senator Haun |
| Heiser Judgment Creditors | The Estate of Justin R. Wood, deceased |
| Heiser Judgment Creditors | Richard W. Wood |
| Heiser Judgment Creditors | Kathleen M. Wood |
| Heiser Judgment Creditors | Shawn M. Wood |
| Heiser Judgment Creditors | The Estate of Earl F. Cartrette, Jr., deceased |
| Heiser Judgment Creditors | Denise M. Eichstaedt |
| Heiser Judgment Creditors | Anthony W. Cartrette |
| Heiser Judgment Creditors | Lewis W. Cartrette |
| Heiser Judgment Creditors | The Estate of Brian McVeigh, deceased |
| Heiser Judgment Creditors | Sandra M. Wetmore |
| Heiser Judgment Creditors | James V. Wetmore |
| Heiser Judgment Creditors | the Estate of Millard D. Campbell, deceased |
| Heiser Judgment Creditors | Marie R. Campbell |
| Heiser Judgment Creditors | Bessie A. Campbell |
| Heiser Judgment Creditors | The Estate of Kevin J. Johnson, deceased |

| | |
|---|---|
| Heiser Judgment Creditors | Shyrl L. Johnson |
| Heiser Judgment Creditors | Che G. Colson |
| Heiser Judgment Creditors | Kevin Johnson, a minor, by his legal guardian Shyrl L. Johnson |
| Heiser Judgment Creditors | Nicholas A. Johnson, a minor, by his legal guardian Shyrl L. Johnson |
| Heiser Judgment Creditors | Laura E. Johnson |
| Heiser Judgment Creditors | Bruce Johnson |
| Heiser Judgment Creditors | The Estate of Joseph E. Rimkus, deceased |
| Heiser Judgment Creditors | Bridget Brooks |
| Heiser Judgment Creditors | James R. Rimkus |
| Heiser Judgment Creditors | Anne M. Rimkus |
| Heiser Judgment Creditors | The Estate of Brent E. Marthaler, deceased |
| Heiser Judgment Creditors | Katie L. Marthaler |
| Heiser Judgment Creditors | Sharon Marthaler |
| Heiser Judgment Creditors | Herman C. Marthaler III |
| Heiser Judgment Creditors | Matthew Marthaler |
| Heiser Judgment Creditors | Kirk Marthaler |
| Heiser Judgment Creditors | The Estate of Thanh Van Nguyen, deceased |
| Heiser Judgment Creditors | Christopher R. Nguyen |
| Heiser Judgment Creditors | The Estate of Joshua E. Woody, deceased |
| Heiser Judgment Creditors | Dawn Woody |
| Heiser Judgment Creditors | Bernadine R. Beekman |
| Heiser Judgment Creditors | George M. Beekman |
| Heiser Judgment Creditors | Tracy M. Smith |
| Heiser Judgment Creditors | Jonica L. Woody |
| Heiser Judgment Creditors | Timothy Woody |
| Heiser Judgment Creditors | The Estate of Peter J. Morgera, deceased |
| Heiser Judgment Creditors | Michael Morgera |
| Heiser Judgment Creditors | Thomas Morgera |
| Heiser Judgment Creditors | The Estate of Kendall Kitson, Jr., deceased |
| Heiser Judgment Creditors | Nancy R. Kitson |
| Heiser Judgment Creditors | Kendall K. Kitson |
| Heiser Judgment Creditors | Steve K. Kitson |
| Heiser Judgment Creditors | Nancy A. Kitson |
| Heiser Judgment Creditors | The Estate of Christopher Adams, deceased |
| Heiser Judgment Creditors | Catherine Adams |
| Heiser Judgment Creditors | John E. Adams |
| Heiser Judgment Creditors | Patrick D. Adams |
| Heiser Judgment Creditors | Michael T. Adams |
| Heiser Judgment Creditors | Daniel Adams |
| Heiser Judgment Creditors | Mary Young |
| Heiser Judgment Creditors | Elizabeth Wolf |
| Heiser Judgment Creditors | William Adams |
| Heiser Judgment Creditors | The Estate of Christopher Lester, deceased |

EAST\60710646.1

| Heiser Judgment Creditors | Cecil H. Lester |
| --- | --- |
| Heiser Judgment Creditors | Judy Lester |
| Heiser Judgment Creditors | Cecil H. Lester, Jr. |
| Heiser Judgment Creditors | Jessica F. Lester |
| Heiser Judgment Creditors | The Estate of Jeremy A. Taylor, deceased |
| Heiser Judgment Creditors | Lawrence E. Taylor |
| Heiser Judgment Creditors | Vickie L. Taylor |
| Heiser Judgment Creditors | Starlina D. Taylor |
| Heiser Judgment Creditors | The Estate of Patrick P. Fennig, deceased |
| Heiser Judgment Creditors | Thaddeus C. Fennig |
| Heiser Judgment Creditors | Catherine Fennig |
| Heiser Judgment Creditors | Paul D. Fennig |
| Heiser Judgment Creditors | Mark Fennig |

# ANNEX C
# REDACTED

# ANNEX D

## OTHER JUDGMENT CREDITORS

| |
|---|
| The Plaintiffs listed in the action entitled *Judith Abasi Mwila, et al. v. The Islamic Republic of Iran, et al.*, Civil Action No. 08-01377 (JDB)(D.D.C.) |
| The Plaintiffs listed in the action entitled *James Owens, et al. v. Republic of Sudan, et al.*, Civil Action No. 01-02244 (JDB)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Khaliq, et al. v. Republic of Sudan, et al.*, Civil Action No. 10 CV 356 (D.D.C.) |
| The Plaintiffs listed in the action entitled *Rizwan Khaliq, et al. v. Republic of Sudan, et al.*, Civil Action No. 08-01273 (JDB)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Peterson, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 01-2094 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Rubin, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 01-1655 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Valore, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 03-1959 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Lolita M. Arnold, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-516 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Lynne Michol Spencer, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 06-750 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Bonk, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-1273 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Weinstein, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 00-2601 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Estate of Anthony K. Brown, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 08-0531 (RCL)(D.D.C.) |
| The Plaintiffs listed in the action entitled *Estate of Stephen B. Bland, et al. v. Islamic Republic of Iran, et al.*, Civil Action No. 05-2124 (RCL)(D.D.C.) |