UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------- x

JEREMY LEVIN and DR. LUCILLE LEVIN,

                Plaintiffs,

- against -

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE, and
CITIBANK,

                Defendants.

------------------------------------------------------- x

THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE BANK, N.A.,
SOCIETE GENERALE and CITIBANK, N.A.,

                Third-Party Plaintiffs,

- against -

STEVEN M. GREENBAUM (sued individually
and as administrator of the estate of JUDITH
GREENBAUM), *et al.*,

                Third-Party Defendants.

------------------------------------------------------- x

Case No. 09 Civ. 5900 (RPP)(MHD)

**STIPULATION AND ORDER**

    IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for plaintiffs and third-party defendants Jeremy and Dr. Lucille Levin, Estate of Michael Heiser, and the Greenbaum and Acosta judgment creditors (together, the "Judgment Creditors"), and defendant Citibank, N.A. ("Citibank") as follows:

    WHEREAS, certain judgment creditors of Iran have served Citibank with restraining orders and/or writs with respect to assets of The Republic of Iran or its agents or instrumentalities held by Citibank;

WHEREAS, Citibank has blocked certain wire transfers ("Blocked Assets") pursuant to Executive Orders issued by the President of the United States and regulations issued by the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC");

WHEREAS, OFAC has granted licenses (the "Seven Licenses") unblocking seven of the Blocked Assets (the "Seven Blocked Assets") and authorizing Citibank to release them in accordance with the instructions contained therein, and as set forth in Exhibit A hereto;

WHEREAS, the Judgment Creditors agree that they do not assert, and will not assert, any claim to the Seven Blocked Assets which are the subject of the Seven Licenses and that all restraint, attachment and/or claim of any kind (whether legal or equitable) with respect to the Seven Blocked Assets only is henceforth null and void;

NOW, THEREFORE, absent a timely objection filed with the Court from any other party to this proceeding within five (5) days following the date of this Order, Citibank shall release the Seven Blocked Assets pursuant to the Seven Licenses.

Dated: New York, New York
February 7, 2014

| DLA PIPER LLP (US) | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By: /s/ Dale K. Cathell | By: _____ |
| Dale K. Cathell, Esq. | Sharon L. Schneier, Esq. |
| The Marbury Building | Christopher J. Robinson, Esq. |
| 6225 Smith Avenue | 1633 Broadway 27th floor |
| Baltimore, Maryland 21209-3600 | New York, New York 10019 |
| Tel: (410) 580-4122 | Tel: (212) 489-8230 |
| Fax: (410) 580-3122 | *Attorneys for Defendant Citibank N.A.* |
| Fax: (212) 489-8340 | |
| *Attorneys for Plaintiffs* | |
| *Estate of Michael Heiser, et al.* | |

2

WHEREAS, Citibank has blocked certain wire transfers ("Blocked Assets") pursuant to Executive Orders issued by the President of the United States and regulations issued by the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC");

WHEREAS, OFAC has granted licenses (the "Seven Licenses") unblocking seven of the Blocked Assets (the "Seven Blocked Assets") and authorizing Citibank to release them in accordance with the instructions contained therein, and as set forth in Exhibit A hereto;

WHEREAS, the Judgment Creditors agree that they do not assert, and will not assert, any claim to the Seven Blocked Assets which are the subject of the Seven Licenses and that all restraint, attachment and/or claim of any kind (whether legal or equitable) with respect to the Seven Blocked Assets only is henceforth null and void;

NOW, THEREFORE, absent a timely objection filed with the Court from any other party to this proceeding within five (5) days following the date of this Order, Citibank shall release the Seven Blocked Assets pursuant to the Seven Licenses.

Dated: New York, New York
      February 7, 2014

| DLA PIPER LLP (US) | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By:_____ | By: _____ |
| Dale K. Cathell, Esq. | Sharon L. Schneier, Esq. |
| The Marbury Building | Christopher J. Robinson, Esq. |
| 6225 Smith Avenue | 1633 Broadway 27th floor |
| Baltimore, Maryland 21209-3600 | New York, New York 10019 |
| Tel: (410) 580-4122 | Tel: (212) 489-8230 |
| Fax: (410) 580-3122 | *Attorneys for Defendant Citibank N.A.* |
| Fax: (212) 489-8340 | |
| *Attorneys for Plaintiffs* | |
| *Estate of Michael Heiser, et al.* | |

2

HOWARTH & SMITH

By: /s/ Suzelle Smith
   Suzelle Smith, Esq.
523 West Sixth Street, Suite 728
Los Angeles, CA 90014
Tel: (213) 955-9400
Fax: (213) 622-0791
*Attorneys for Plaintiffs*
*Jeremy Levin and Lucille Levin*

STROOCK & STROOCK & LAVAN LLP

By:_____
   Curt Mechling, Esq.
   Ben Weathers-Lowin, Esq.
180 Maiden Lane
New York, New York 10038
Tel: 212-806-5614
Fax: 212-806-2614
*Attorneys for Plaintiffs*
*The Greenbaum and Acosta Judgment Creditors*

**SO ORDERED**

/s/ Robert P. Patterson

Hon. Robert P. Patterson, U.S.D.J.
2/10/14

3

| | |
|---|---|
| HOWARTH & SMITH | STROOCK & STROOCK & LAVAN LLP |
| By:_____<br>Suzelle Smith, Esq.<br>523 West Sixth Street, Suite 728<br>Los Angeles, CA 90014<br>Tel: (213) 955-9400<br>Fax: (213) 622-0791<br>*Attorneys for Plaintiffs*<br>*Jeremy Levin and Lucille Levin* | By: /s/ *[signature]*<br>Curt Mechling, Esq.<br>Ben Weathers-Lowin, Esq.<br>180 Maiden Lane<br>New York, New York 10038<br>Tel: 212-806-5614<br>Fax: 212-806-2614<br>*Attorneys for Plaintiffs*<br>*The Greenbaum and Acosta Judgment Creditors* |

**SO ORDERED**

*/s/ Robert P. Patterson*
Hon. Robert P. Patterson, U.S.D.J.

February 10, 2014

3

# EXHIBIT A



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

License No. IA-2013-303875-1

Citibank, N.A.
201 S. Biscayne Boulevard
Suite 600
Miami, Florida 33131

Attn: Francisco Rapp

Reference is made to the following blocked funds transfer:

    Originator:    Redacted

    Originating Bank:
    Value Date:
    Amount:
    Beneficiary Bank:
    Beneficiary:

Citibank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control ("OFAC"). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Citibank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

Dawn Jones    10/18/2013
Chief, Humanitarian and Transactional Matters
Office of Foreign Assets Control
                             Date

cc: Redacted



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

License No. IA-2013-304660-1

Citibank, N.A.
201 S. Biscayne Boulevard
Suite 600
Miami, FL 33131

Attn: Francisco Rapp

Reference is made to the following blocked funds transfer:

    Originator: Redacted
    Originating Bank:
    Value Date:
    Amount:
    Beneficiary Bank:
    Beneficiary:

Citibank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control ("OFAC"). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Citibank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

_Dawn A. Jones_  10/18/2013
Dawn Jones     Date
Chief, Humanitarian and Transactional Matters
Office of Foreign Assets Control

cc: Redacted



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

License No. IA-2013-305023-1

Citibank, N.A.
201 S. Biscayne Boulevard
Suite 600
Miami, FL 33131

Attn: Francisco Rapp

Reference is made to the following blocked funds transfer:

        Originator:      Redacted
        Originating Bank:
        Value Date:
        Amount:
        Beneficiary Bank:
        Beneficiary:

Citibank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control ("OFAC"). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Citibank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

*[signature]*                      11/13/2013

Jeanette A. Jaeggi            Date
Chief, Licensing Division
Office of Foreign Assets Control

cc: Redacted



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

License No. IA-2013-306002-1

Citibank, N.A.
201 S. Biscayne Boulevard
Suite 600
Miami, FL 33131

Attn: Francisco Rapp

Reference is made to the following blocked funds transfer:

    Originator:        Redacted
    Originating Bank:
    Value Date:
    Amount:
    Beneficiary Bank:
    Beneficiary:

Citibank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control ("OFAC"). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Citibank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

12-23-2013

Jeanette A. Jaeggi        Date
Chief, Licensing Division
Office of Foreign Assets Control

cc: Redacted



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

License No. NPW-2013-302507-1

Citibank, N.A.
201 S. Biscayne Boulevard
Suite 600
Miami, Florida 33131

Attn: Francisco Rapp

Reference is made to the following blocked funds transfer:

    Originator:    Redacted
    Originating Bank:
    Value Date:
    Amount:
    Beneficiary Bank:
    Beneficiary:

Citibank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control ("OFAC"). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Citibank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

*Dawn A. Jones*     12/17/2013

Dawn Jones     Date
Chief, Licensing Division
Office of Foreign Assets Control

cc: Redacted

Licence No:   [illegible]

Citibank, N.A.
701 S. Biscayne Boulevard
Suite 600
Miami, Florida 33131

Attn: Francisco Rapp

Reference is made to the following blocked funds transfer:

Originator:            Redacted
Originating Bank:
Value Date:
Amount:
Beneficiary Bank:
Beneficiary:

Citibank, N.A. blocked this transfer pursuant to U.S. sanctions administered by the Office of Foreign Assets Control ("OFAC"). OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that Citibank, N.A. is authorized to return the funds to the originator or originating financial institution.

Sincerely,

*Dawn A. Jones*    09/23/2013
Dawn Jones         Date
Chief, Humanitarian and Transactional
Matters
Office of Foreign Assets Control

cc:  Redacted



DEPARTMENT OF THE TREASURY
WASHINGTON, D.C. 20220

License No. NPW-1028

Weapons of Mass Destruction Proliferators Sanctions Regulations

LICENSE

(Granted under the authority of 50 U.S.C. §§ 1701 *et seq.*, 50 U.S.C. §§ 1601 *et seq.*, 31 C.F.R. Part 501, and 31 C.F.R. Part 544)

Citibank, N.A.
Compliance Division
201 S. Biscayne Blvd., Ste. 600
Miami, FL 33131
Attn: Mike Boriboon, Global Sanctions Compliance

1. Based upon your letter dated January 21, 2010, and additional correspondence dated August 30, 2010, on behalf of Citibank, N.A., to the Office of Foreign Assets Control (the "Application"), the transactions and activities delineated herein are hereby authorized.

2. This License is granted upon the statements and representations made in the Application or otherwise filed with or made to the Treasury Department as a supplement to the Application, or is based on information otherwise available to the Treasury Department, and is subject to the condition, among others, that the Licensee will comply in all respects with all regulations, rulings, orders, and instructions issued by the Secretary of the Treasury under the authority of Section 203 of the International Emergency Economic Powers Act (50 U.S.C. § 1702), the National Emergencies Act (50 U.S.C. §§ 1601 *et seq.*), and the terms of this License.

3. The Licensee(s) shall furnish and make available for inspection any relevant information, records or reports requested by the Secretary of the Treasury, or any other duly authorized officer or agency.

4. This License **expires upon the completion of the authorized transactions, or on January 31, 2014,** whichever comes first, and is not transferable. This License is subject to the provisions of Executive Order 13382, 31 C.F.R. Parts 501 and 544, and any regulations and rulings issued pursuant thereto. It may be revoked or modified at any time at the discretion of the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation on the part of the applicant, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

5. This License does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transactions herein licensed, nor does it release Licensee or third parties from civil or criminal liability for violation of any law or regulation.

Issued on behalf of the Secretary of the Treasury:

OFFICE OF FOREIGN ASSETS CONTROL

By _____    July 1, 2013
         Andrea Gacki                    Date
     Assistant Director for Licensing

Attention is directed to, *inter alia*, 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. § 544.701 for provisions relating to penalties.

License No. NPW-1028                                                                                          Page 2 of 2

**SECTION 1 – AUTHORIZATION:** Subject to the conditions and limitations stated herein, Citibank, N.A. (the "Licensee"), as the confirming bank in relation to reference numbers Redacted Redacted , is authorized to reject and return trade documents and release cash collateral to Reda Redacted , as described in the Application.

**SECTION 2 – CONDITIONS:** (a) This License does not authorize any transaction related to the waiver or cure of any discrepancy in any document, or the making of any payment pursuant to a letter of credit, all of which require issuance of a specific license by the Office of Foreign Assets Control.

(b) The rejection and return of documents authorized by this License must be effected in a manner consistent with the Iranian Transactions and Sanctions Regulations, 31 C.F.R. Part 560, and may not involve the debiting or crediting of an account of a person located in Iran or the Government of Iran maintained on the books of a U.S. depository institution, and also may not in any way involve any individual or entity, other than the individuals or entities referenced in Section 1 of this License, whose property is blocked pursuant to Chapter V of Title 31 of the C.F.R.

**SECTION 3 – WARNINGS:** (a) Except as expressly authorized above, nothing in this License authorizes transactions prohibited by Executive Order 13382, 31 C.F.R. Part 544, or by any other laws and regulations administered by the Office of Foreign Assets Control (including transactions prohibited by the Iranian Transactions Regulations, 31 C.F.R. Part 560).

(b) This License does not authorize the direct or indirect transfer of funds or services to or from any individual, entity, person or group whose property or interests in property are blocked pursuant to any Executive order or statute, or 31 C.F.R. chapter V.

(c) The authorization set forth in this License applies only to laws and regulations administered by the Office of Foreign Assets Control, and should not be interpreted to excuse the Licensee from compliance with other laws, regulations, orders or rulings to which it may be subject.

**SECTION 4 – RECORDKEEPING AND REPORTING REQUIREMENTS:** The Licensee is subject to the recordkeeping and reporting requirements of, *inter alia*, 31 C.F.R. §§ 501.601 and 501.602, including the requirement to maintain full and accurate records of all transactions engaged in pursuant to the authorization contained in this License for a period of five years from the date of each transaction

**SECTION 5 – PRECEDENTIAL EFFECT:** The authorization contained in this License is limited to the facts and circumstances specific to the Application.
************************************************************************************