# STROOCK

By ECF

April 16, 2014

Curtis C. Mechling
Direct Dial: 212-806-5609
Direct Fax: 212-806-2609
cmechling@stroock.com

Honorable Robert P. Patterson
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>Levin v. Bank of New York, et al., Case No. 09 cv 5900 (RPP) (MHD)</u>

Dear Judge Patterson:

I write on behalf of the parties previously identified in these proceedings as the Greenbaum, Acosta, Heiser and Levin Judgment Creditors.

The Court's Order herein dated October 15, 2013 [Docket No. 939] stayed the previously ordered turnover to the Judgment Creditors of ▇▇▇▇ of blocked funds in which ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ claims an interest pending determination by the Department of the Treasury's Office of Foreign Assets Control ("OFAC") of an application submitted by ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇) for a license unblocking such funds.[1]  We are advised that OFAC has recently granted ▇▇▇▇▇'s application for such a license.  We are further advised that ▇▇▇▇ intends to seek an order of this Court for the release of the funds.

The Judgment Creditors believe that, notwithstanding the OFAC license to ▇▇▇▇▇, the funds at issue remain subject to turnover as a matter of law.  As acknowledged by ▇▇▇▇ in its letters to the Court on April 15 and October 11, 2013, ▇▇▇▇▇▇ is the

---

[1] By letter to the Court dated April 15, 2013, ▇▇▇▇▇▇ notified the Court that its own application to OFAC for a license unblocking such funds had been denied, but that the intended beneficiary of the funds, ▇▇▇▇▇▇, had submitted its own license application to OFAC, which was still pending at the time.

Hon. Robert P. Patterson
April 16, 2014
Page 2

ultimate beneficiary of the ▮▮▮▮ in question. Prior to the ▮▮'s 2013 correspondence to the Court, the Judgment Creditors did not know of ▮▮▮▮'s property interest in these funds. The Judgment Creditors contend that ▮▮▮▮ is a wholly-owned instrumentality of the Government of Iran and, therefore, funds payable to ▮▮▮▮ are subject to execution by the Judgment Creditors pursuant to 28 U.S.C. §1610.[2]

The Judgment Creditors therefore respectfully request that the Court hold a conference in this case to discuss procedures and scheduling for the resolution of this issue. Counsel for the Judgment Creditors will be pleased to attend such a conference any time convenient to the Court.

Respectfully submitted,

/s/ Curtis C. Mechling

Curtis C. Mechling

cc:   All counsel of record (by ECF with redactions)
      Counsel for ▮▮▮▮ and Citibank, N.A. (by electronic mail)

---

[2] See Heiser v. Islamic Republic of Iran, 807 F. Supp. 2d 9, 26 (D.D.C. 2011)(Lamberth, C.J.)(plain language of turnover provisions of 28 U.S.C. §1610 "undeniably reaches transactions otherwise authorized by OFAC regulations").