UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>    Plaintiffs,<br><br>    -v-<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>    Defendants.<br>―――――――――――――――――――<br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>    Third-Party Plaintiffs,<br><br>    -v-<br><br>STEVEN M. GREENBAUM, *et al*.<br><br>    Third-Party Defendants. | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER)<br><br>Civ. No. 09 CV 5900 (RPP) (MHD)<br><br>**LOCAL RULE 56.1 SEPARATE STATEMENT OF <u>UNDISPUTED FACTS</u>**<br><br>IN SUPPORT OF JUDGMENT CREDITORS' RENEWED JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT ON SINGLE PHASE TWO ASSET |

| **STROOCK & STROOCK & LAVAN LLP**<br>Curtis C. Mechling<br>James L. Bernard<br>Benjamin Weathers-Lowin<br>180 Maiden Lane<br>New York, New York 10038<br>(213) 806-5400<br>*Attorneys for the Greenbaum and Acosta Judgment Creditors* | **HOWARTH & SMITH**<br>Suzelle M. Smith<br>Don Howarth<br>523 West Sixth Street<br>Suite 728<br>Los Angeles, California 90014<br>(213) 955-9400<br>*Attorneys for the Levins* | **DLA PIPER LLP (US)**<br>Cary B. Samowitz<br>Timothy H. Bimbaum<br>1251 Avenue of the Americas, 27th Fl.<br>New York, New York 10020<br>(212) 335-4659<br>- and -<br>Richard M. Kremen (*admitted pro hac vice*)<br>Dale K. Cathell (*admitted pro hac vice*)<br>DLA Piper LLP (US)<br>6225 Smith Ave.<br>Baltimore, MD 21209<br>410-580-3000<br>*Attorneys for Heiser Judgment Creditors* |

The Judgment Creditors[1], by their undersigned counsel, respectfully submit the following statement of undisputed material facts, together with reference to supporting evidence, in support of the Judgment Creditors' Renewed Joint Motion for Partial Summary on Single Phase Two Asset.[2]

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. The Judgment Creditors hold money judgments entered against the Islamic Republic of Iran ("Iran") under 28 U.S.C. §§ 1605(a)(7) and 1605A for death and grievous bodily injury suffered as a result of Iran-sponsored acts of international terrorism. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD), 2011 WL 812032 (S.D.N.Y. Mar. 4, 2011), at *1; *see also Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 925) Opinion & Order ("Phase Two Turnover Order") at 4. |
| 2. The Heiser and Acosta Judgment Creditors hold judgments awarded pursuant to 28 U.S.C. § 1605A and the Levin and Greenbaum Judgment Creditors hold judgments awarded pursuant to 28 U.S.C. § 1605(a)(7). | *See Levin*, 2011 WL 812032 at *3; *see also* Phase Two Turnover Order at 4. |
| 3. The Levin Judgment Creditors initiated this action by filing a Complaint in this Court on June 26, 2009, against Citibank, The Bank of New York Mellon, Societe Generale, and JPMorgan Chase Bank, | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 70). |

---

[1] Defined as Plaintiffs Jeremy and Dr. Lucille Levin (the "Levins" or "Levin Judgment Creditors"); Third-Party Defendants and Counterclaim Plaintiffs Steven M. Greenbaum (on his own behalf and as Administrator of the Estate of Judith (Shoshana) Lillian Greenbaum), Alan D. Hayman, and Shirlee Hayman (collectively, the "Greenbaum Judgment Creditors"); Third-Party Defendants and Counterclaim Plaintiffs Carlos Acosta, Maria Acosta, Tova Ettinger, the Estate of Irving Franklin, the Estate of Irma Franklin, Baruch Kahane, Libby Kahane (on her own behalf and as Administratrix of the Estate of Meir Kahane), Ethel J. Griffin (as Administratrix of the Estate of Binyamin Kahane), Norman Kahane (on his own behalf and as Executor of the Estate of Sonia Kahane), and Ciporah Kaplan (collectively, the "Acosta Judgment Creditors"); and Third-Party Defendants and Counterclaim Plaintiffs the Estate of Michael Heiser, *et al*. (collectively, the "Heiser Judgement Creditors") and together with the Levins, the Greenbaum Judgment Creditors and the Acosta Judgment Creditors, "Movants" or the "Judgment Creditors").

[2] Unless otherwise noted, all capitalized terms have the same meaning as given in the Memorandum of Law in support of the Motion.

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| N.A. (collectively, the "New York Banks"). | |
| 4. The Judgement Creditors entered into a sharing agreement after the Court's Order in Phase One and then jointly moved for partial summary judgment on their claims for turnover of the assets designated for inclusion in Phase Two of this action (the "Phase Two Blocked Assets") on August 29, 2012. | *See* Declaration of Suzelle M. Smith in Support of Judgment Creditors' Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset ("Smith Declaration") at ¶ 2. |
| 5. The Court has held that the Judgment Creditors hold a collective priority right to turnover of all the Phase Two Blocked Assets. | *See* Phase Two Turnover Order at 4. |
| 6. In the Phase Two Turnover Order, the Court granted the Judgment Creditors' motion for partial summary judgment as to the Phase Two Blocked Assets. In granting the motion, the Court held, "[g]iven the evidence presented by [the] Judgment Creditors, the record demonstrates that the entities that were party to EFT transfers or deposit accounts which comprise the Phase Two Blocked Assets are agencies or instrumentalities of Iran as defined by 28 U.S.C. § 1603(b). The Court finds that the Judgment Creditors' motion complies with C.P.L.R. § 5225(b), as required by Federal Rule of Civil Procedure 69, and the Judgment Creditors are entitled to turnover of the Phase Two Blocked Assets." | *See* Phase Two Turnover Order at 27. |
| 7. Pursuant to the Phase Two Turnover Order, all Phase Two Blocked Assets have been paid over to the Judgment Creditors by the New York Banks, with only two exceptions: the asset here at issue and claimed by third-party defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (the "▮▮▮▮"), and another asset that was claimed by the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that is now the subject of an appeal pending before the | *See* Smith Declaration at ¶ 3. |

2

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| United States Court of Appeals for the Second Circuit. | |
| 8. The single asset at issue on this motion (the "▮ Asset") constitutes the proceeds of an electronic funds transfer ("EFT") identified by Citibank as originating from the the ▮ and intended to benefit third-party defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮), an instrumentality of the Government of Iran. | *See* Smith Declaration at ¶ 4; *see also Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 438); *see also* Phase Two Turnover Order at 20. |
| 9. In light of Iran's beneficial interest in the ▮ Asset, Citibank blocked the transfer pursuant to regulations promulgated by the Treasury Department's Office of Foreign Assets Control ("OFAC"). | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 438). |
| 10. Despite having been properly interpleaded as a third-party defendant and having filed an answer to Citibank's third-party complaint, the ▮ did not file a formal opposition to the Judgment Creditors' motion for partial summary judgment. | *See* Smith Declaration at ¶ 5. |
| 11. Indeed, there was no evidence offered in opposition to the Judgment Creditors' motion to the extent that it sought turnover of the ▮ Asset. | *See* Smith Declaration at ¶ 6. |
| 12. Instead of appearing and opposing the Judgment Creditors' motion, as is required under Federal Rule of Civil Procedure 26, the ▮ submitted a letter to the Court dated October 19, 2012 (ECF Dkt. No. 816), in which the ▮ stated that it would not be filing opposition papers and instead intended to join in the applicable portions of arguments of the New York Banks in response to the Judgment Creditors' Phase Two turnover motion. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 816). |
| 13. The ▮ also noted in its letter that it had an "application" pending before OFAC, | *See Levin v. Bank of New York*, No. 09-5900 |

3

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| presumably for a license related to the ▓ Asset, though it did not specify the purpose of such license. | (RPP) (MHD) (ECF Dkt. No. 816). |
| 14. By subsequent letter to the Court dated April 15, 2013 (ECF Dkt. No. 898), nearly eight months after the Judgment Creditors moved for summary judgment on their claims to the Phase Two Blocked Assets, the ▓ informed the Court that its request for a license from OFAC "directed towards" the ▓ Asset was denied. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 898). |
| 15. The ▓ also stated in that letter that another party, the ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ (the "▓▓▓▓"), an agency or instrumentality of Iran under 28 U.S.C. 1603(b), had applied for a license to release the funds, which application remained pending. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 898). |
| 16. Notably, the ▓▓▓ itself did not appear or oppose the Judgement Creditors' Motion. | *See* Smith Declaration at ¶ 7. |
| 17. In its Phase Two Turnover Order, the Court found that the beneficiary of the ▓ Asset wire transfer as identified by Citibank is ▓▓▓▓. | *See* Phase Two Turnover Order at 20. |
| 18. The Judgment Creditors offered unopposed evidence, and the Court duly found that ▓▓▓▓▓ is "owned by Iran, [is a] national bank of Iran, [is] controlled by Iran, [is an] agency or instrumentality of Iran, [is an] alter ego of Iran." | Phase Two Turnover Order at 20. |
| 19. Accordingly, the Court held that the the Judgment Creditors were entitled to summary judgment on their claims for turnover of the ▓ Asset under § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") and § 1610(g) of the Foreign Sovereign Immunities Act of 1976 (the "FSIA") because the beneficiary of the | *See* Phase Two Turnover Order at 21, 27. |

4

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| ▓▓▓ Asset is an agency or instrumentality of Iran. | |
| 20. However, notwithstanding these findings, the Court granted a subsequent letter request by the ▓▓▓ to stay immediate turnover of the ▓▓▓ Asset pending OFAC's resolution of the ▓▓▓'s application for a license. The Court's Order included this statement: "The inclusion in this Order of funds pending before OFAC is conditioned upon the denial of the OFAC license." | *See* Phase Two Turnover Order at 29-30. |
| 21. On October 11, 2013, counsel for ▓▓▓ sent a letter to the Court which stated that the ▓▓▓ was the "intended beneficiary of the transfer." | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 939). |
| 22. The letter also stated that the ▓▓▓'s request for a license from OFAC was still pending. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 939). |
| 23. The Judgment Creditors did not have the opportunity to participate in the OFAC license process, and OFAC refused to even communicate with the Judgment Creditors regarding the ▓▓▓ Asset. | *See* Smith Declaration at ¶ 8. |
| 24. Accordingly, the ▓▓▓ Asset currently remains in the custody of Citibank. | *See* Smith Declaration at ¶ 9. |
| 25. On April 17, 2014, counsel for ▓▓▓ sent another letter application to the Court, this time seeking the release of the ▓▓▓ Asset. | *See* Smith Declaration, at ¶ 10; *see also* Smith Declaration, Ex. A. |
| 26. The ▓▓▓'s counsel attached to that submission a letter purporting to be from OFAC (the "OFAC Letter") addressed to Citibank. The letter states:<br><br>OFAC has carefully reviewed the information presented and otherwise available to it in connection with this transfer and has determined that | *See* Smith Declaration, at ¶ 10; *see also* Smith Declaration, Ex. A. |

5

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| Citibank, N.A. is authorized to return the funds to the originator or originating financial institution. | |
| 27. In the ▇ Letter to the Court, counsel for the ▇ asks the Court to enter an Order in effect reversing the Court's prior Phase Two Turnover Order granting the Judgment Creditors' motion for partial summary judgment as to the ▇ Asset so that the funds can be returned to the ▇. | *See* Smith Declaration, at ¶ 10; *see also* Smith Declaration, Ex. A, at 3. |
| 28. The ▇ asks the Court to do this based on the language in the September 2013 Order regarding OFAC licensing and disputes among "commerical parties." | *See* Smith Declaration, at ¶ 10; *see also* Smith Declaration, Ex. A, at 1-2. |
| 29. The record is devoid of any evidence suggesting that OFAC has made any finding that ▇ and/or the ▇ does not have a beneficial ownership interest in the ▇ Asset or that ▇ and/or the ▇ is not an agency or instrumentality of Iran. | *See* Smith Declaration at ¶ 11. |
| 30. The Judgment Creditors have presented evidence, and the Court has found, that the ▇ Asset is subject to turnover to the Judgment Creditors under § 201 of TRIA and § 1610(g) of the FSIA because the beneficiary of that asset, ▇, is an agency or instrumentality of Iran. | *See* Phase Two Turnover Order at 20. |
| 31. The ▇ does not contest, and cannot contest, that ▇ is an agency or instrumentality of Iran, as was found by the Court in its Phase Two Turnover Order. | *See* Phase Two Turnover Order at 20. |
| 32. To the extent that the ▇ now claims that the ▇ is the "intended beneficiary" of the ▇ Asset, that proposition does not change the ultimate | *See* Smith Declaration, Ex. A, at 1. |

6

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| fact that an agency or instrumentality of Iran is the beneficiary of the asset. | |
| 33. The ▬ claims that the OFAC license obtained by the ▬ requires the Court to order turnover of the ▬ Asset to the ▬ because OFAC is, in the ▬'s view, the "ultimate arbiter of ownership interests." | *See* Smith Declaration, Ex. A at 2. |
| 34. However, nothing in the OFAC letter produced by the ▬ indicates that OFAC made any finding about the ownership interests in the ▬ Asset. Indeed, the OFAC license attached as Exhibit A to ▬'s letter does not say anything about ownership interests in the ▬ Asset. It merely states, without explanation, that "Citibank, N.A. is authorized to return the funds to the originator or originating financial institution." | *See* Smith Declaration, Ex. A, at Exhibit A. |
| 35. This Court has specifically requested that OFAC participate in this action and give its opinion on the issues before the Court, yet OFAC has refused to do so. | *See* Phase Two Turnover Order at 4. |
| 36. The Judgment Creditors provide OFAC with copies of all filings in this action, per OFAC's instructions. OFAC will also be served with a copy the Memorandum of Law and the accompanying moving papers. | *See* Smith Declaration at ¶ 12. |
| 37. The Judgment Creditors have established that there is no material disputed fact that the beneficiary of the ▬ Asset, ▬ ▬, is an agency or instrumentality of Iran. The Judgment Creditors already met this burden and the Court has already found that ▬ is "owned by Iran, [is a] national bank of Iran, [is] controlled by Iran, [is an] agency or instrumentality of Iran, [is an] alter ego of Iran." | *See* Phase Two Turnover Order at 20. |

7

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 38. James M. Dorsey and Dr. Patrick Clawson have provided declarations setting forth the facts underlying their expert opinions that the government of Iran has a substantial ownership interest in the ▉ and controls the ▉, and that the ▉ is an agency and instrumentality of Iran. | *See* Declaration of James M. Dorsey ("Dorsey Decl.") at ¶¶ 12-31; *see also* Affidavit of Dr. Patrick Clawson ("Clawson Affidavit") at ¶¶ 17-23. |
| 39. This Court has previously accepted Dr. Clawson as an expert on Iran, its agencies and instrumentalities, and the use of the international banking system to finance terrorism. | *See* Phase Two Turnover Order at 19; *see also* Clawson Affidavit at ¶ 12. |
| 40. Dr. Clawson is the Director of Research at the Washington Institute for Near East Policy. | *See* Clawson Affidavit at ¶ 2. |
| 41. Dr. Clawson is an expert on, among either things, the Islamic Republic of Iran, its sponsorship of terrorism, its economy, its politics, its national and state owned banks, and its use of financial institutions and transactions to finance terrorism. | *See* Clawson Affidavit at ¶¶ 2-14. |
| 42. Mr. Dorsey is a Senior Fellow at the S. Rajaratnam School of International Studies of Nanyang Technological University in Singapore. | *See* Dorsey Decl. at 2. |
| 43. He is an expert on, among other things, Middle Eastern soccer and Iranian soccer issues. | *See* Dorsey Decl. at ¶¶ 2-11. |
| 44. As set forth in the Dorsey Decl. and the Clawson Affidavit, Dr. Clawson and Mr. Dorsey have analyzed the ▉ and have concluded that it is an agency or instrumentality of Iran as the term is defined in 28 U.S.C. § 1603 and that Iran and its agencies and instrumentalities have an interest in the ▉ Asset. | *See* Dorsey Decl. at ¶¶ 12-31; *see also* Clawson Affidavit at ¶¶ 17-23; *see also* Smith Declaration at ¶ 13; *see also* Smith Declaration, Ex. B. |
| 45. In Phase One, the Court held that the Judgment Creditors were entitled to | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 342) Opinion and |

8

| **UNDISPUTED MATERIAL FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| turnover of the Phase One Assets under TRIA. | Amended Order ("Phase One Turnover Order") at 33. |
| 46. In Phase Two, the Court held that the Phase Two Assets were subject to turnover pursuant to both TRIA and FSIA 1610(g):<br><br>Given the fact that blocked EFTs held by intermediary banks are subject to execution under TRIA, the Court need not address whether FSIA § 1610(g) would independently provide a basis for preemption of state law and execution of blocked EFTs. It should be noted, however, that FSIA § 1610(g) does not mandate a different result than the one reached here. In fact, the two statutes should be read together, and "reading TRIA § 201 and FSIA § 1610(g) in conjunction with the entire FSIA and the 2008 NDAA amendments shows that Congress intended to create a harmonious whole." Heiser, 885 F.Supp.2d at 445. See also Levin I, 2011 WL 812032 at *10 (considering both the pre- and post-2008 versions of the FSIA and noting that TRIA is codified as a note to FSIA §161O, and must be read in the context of the overarching statutory scheme of the FSIA). Reading the two statutes together and in the context of the larger statutory scheme, the Court affirms its Phase One Opinion holding that blocked EFTs held by intermediary banks are subject to execution. | Phase Two Turnover Order at 17-18, 27. |

| UNDISPUTED MATERIAL FACTS | SUPPORTING EVIDENCE |
|---|---|
| 47. In Phase Three, the Court held that the Phase Three Assets "constitute blocked assets belonging to Iran or an agency and/or instrumentality of Iran and are properly subject to execution pursuant to § 1610 of the FSIA and TRIA, codified as a note thereto." | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 944) Judgment and Order Directing Turnover of Funds and Discharge, at 4. |
| 48. The Court held in the Phase Two Turnover Order that the Judgment Creditors are entitled to interest on the subject assets. | *See* Phase Two Turnover Order at 33-35. |

Dated: Los Angeles, California
       June 2, 2014

**HOWARTH & SMITH**

/s/ Suzelle M. Smith
Suzelle M. Smith
Don Howarth
523 West Sixth Street, Suite 728
Los Angeles, California  90014
(213) 955-9400
ssmith@howarth-smith.com
dhowarth@howarth-smith.com

*Attorney for the Levin Plaintiffs and Judgment Creditors*

and

**STROOK & STROOCK & LAVAN LLP**
Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
180 Maiden Lane
New York, New York 10038
(213) 806-5400
cmechling@stroock.com
jbernard@stroock.com
bweatherslowin@stroock.com

*Attorneys for the Greenbaum and Acosta Judgment Creditors*

and

**DLA PIPER LLP (US)**
Cary B. Samowitz
Timothy Bimbaum
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
212-335-4659
Facsimile:  212-884-8459
Cary.samowitz@dlapiper.com
Timothy.bimbaum@dlapiper.com

and

Richard M. Kremen (*admitted pro hac vice*)
Dale K. Cathell (*admitted pro hac vice*)
DLA Piper LLP (US)
6225 Smith Ave.
Baltimore, MD 21209
410-580-3000
Richard.kremen@dlapiper.com
Dale.cathell@dlapiper.com

*Attorneys for Heiser Judgment Creditors*