UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>　　　　　Plaintiffs,<br><br>　　-v-<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>　　　　　Defendants.<br><br>―――――――――――――――――――<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>　　　　　Third-Party Plaintiffs,<br><br>　　-v-<br><br>STEVEN M. GREENBAUM, *et al*.<br><br>　　　　　Third-Party Defendants. | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER)<br><br>Civ. No. 09 CV 5900 (RPP) (MHD)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT PURSUANT TO F.R.C.P. 15(d)** |

　　　　Plaintiffs and Judgment Creditors Jeremy Levin and Dr. Lucille Levin move this

Court pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to Supplement their

Complaint based on the discovery of additional assets held by the Bank of New York,

JPMorgan Chase Bank, N.A., Societe Generale, and Citibank, N.A. (the "New York

Banks") blocked by the Office of Foreign Assets Control ("OFAC") due to the fact that the Islamic Republic of Iran ("Iran") has an interest in them, either directly or indirectly ("Iranian Blocked Assets") since the date of Plaintiff's original Complaint. The original Complaint in this action was filed under seal on June 26, 2009, seeking enforcement of Plaintiff's judgment against Iran. Plaintiffs sought turnover of all assets in which Iran has an interest, direct or indirect, within the United States Jurisdiction pursuant to C.P.L.R. § 5225. Plaintiffs' original Complaint alleges that the Defendant Banks are required under 28 U.S.C. § 1605(a)(7), the Foreign Sovereign Immunities Act ("FSIA"), which was repealed and replaced by 28 USC § 1605A in 2008, and § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") to turn over any assets blocked by OFAC and held in this District by the New York Banks to Plaintiffs as victims of terrorism.

  Since the filing of the original Complaint, Plaintiffs (along with the Greenbaum and Acosta Judgment Creditors and the Heiser Judgment Creditors) have obtained turnover of certain assets held by the New York Banks. *See* Opinion and Amended Order dated March 4, 2011 [Dtk. No. 342]; *see also* Opinion & Order dated September 19, 2013 [Dtk. No. 925]; see also Judgment and Order Directing Turnover of Funds and Discharge, dated October 31, 2013 [Dtk. No. 944]. However, Plaintiffs' Judgment against Iran has not been fully satisfied. *See* Declaration of Suzelle M. Smith in Support of Plaintiffs' Motion for Leave to Supplemental Complaint Pursuant to FRCP 15(d) ("Smith Decl." at ¶ 3).

On December 16, 2013, Plaintiffs served Interrogatories on the New York Banks. *See* Smith Decl. at ¶ 4.  The New York Banks responded on February 3, 2014, disclosing additional Iranian Blocked Assets.  *Id.* at ¶ 5.  Plaintiffs obtained Court-ordered writs of execution on March 13, 2014 and delivered the writs to the United States Marshals Service for the Southern District of New York for service and levy upon the New York Banks on March 17, 2014.  *Id.* at ¶ 6.  The U.S. Marshal so served and levied the writs of execution on March 31, 2014 as to JPMorgan, Societe Generale, and the Bank of New York, and April 1, 2014 as to Citibank.  *Id.* at ¶ 7.  On April 17, 2014, JPMorgan disclosed additional Iranian Blocked Assets.  *Id.* at ¶ 8.  Plaintiffs obtained Court-Ordered writs of execution on June 18, 2014 and delivered the writs of execution to the United States Marshals Service for the Southern District of New York for service and levy upon the New York Banks on June 20, 2014.  *Id.* at ¶ 9.

Plaintiffs seek leave to file the attached Supplemental Complaint, attached hereto as Exhibit A, in order to enforce its judgment from the newly-discovered Iranian Blocked Assets.  These Iranian Blocked Assets are listed in full in Exhibit D to the proposed Supplemental Complaint.

Rule 15(d) of the Federal Rules of Civil Procedure provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented . . . .

Courts apply the standards governing amendments to complaints, found in FRCP 15(a), to supplemental complaints.

> Although Rule 15(d) does not include Rule 15(a)'s mandate that leave to amend be freely given when justice so requires, the same standards apply to motions under both these subdivisions of Rule 15. *See Forbes & Wallace, Inc. v. Chase Manhattan Bank,* 79 F.R.D. 563, 564 (S.D.N.Y.1978). Thus, leave to supplement should be freely granted "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive on the part of the movant...." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 240, 9 L.Ed.2d 222 (1962).

*Novak v. Nat'l Broad. Co., Inc.,* 724 F. Supp. 141, 145 (S.D.N.Y. 1989).

"Leave to file supplemental pleadings should be freely permitted when supplemental facts connect it to the original pleading." *Quaratino v. Tiffany & Co.*, 71 F. 3d 58, 66 (2d Cir. 1995). To determine whether to grant leave, the Court applies the standard set forth in *Foman v. Davis*, 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Plaintiffs should be permitted to supplement their original Complaint because facts relevant to the Complaint did not exist at the time of filing, specifically here the existence of additional Iranian Blocked Assets which were not disclosed to Plaintiffs by the New York Banks at the time the Complaint. The additional Iranian Blocked Assets were disclosed to Plaintiffs on February 3, 2014. *See* Smith Decl. at ¶ 4. Plaintiffs promptly obtained Court-ordered writs of execution on March 13, 2014 and delivered the writs to the United States Marshals Service for the Southern District of New York for

immediate service and levy upon the New York Bank s and had the U.S. Marshal serve the writs. *Id.* at ¶ 6. Service was accomplished on March 31, 2014 as to JPMorgan, Societe Generale, and the Bank of New York, and April 1, 2014 as to Citibank. *Id.* at ¶ 7. On April 17, 2014, JPMorgan disclosed additional Iranian Blocked Assets. *Id.* at ¶ 8. Plaintiffs obtained Court-Ordered writs of execution on June 18, 2014 and delivered the writs of execution to the United States Marshals Service for the Southern District of New York for service and levy upon the New York Banks on June 20, 2014. *Id.* at ¶ 9. Accordingly, this motion does not present a case of undue delay, bad faith, or dilatory motive on the part of the Plaintiffs.

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a Supplemental Complaint to include these newly discovered Iranian Blocked Assets for collection and partial satisfaction of their judgment.

Dated:  June 23, 2014                    HOWARTH & SMITH

                                         By:    /s/ Suzelle M. Smith
                                                Suzelle M. Smith
                                                Don Howarth
                                                523 West Sixth Street, Suite 728
                                                Los Angeles, California 90014
                                                (213) 955-9400
                                                ssmith@howarth-smith.com

                                                *Attorneys for Plaintiffs*
                                                *Jeremy Levin and Dr. Lucille Levin*