UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---

JEREMY LEVIN and DR. LUCILLE LEVIN,

               Plaintiffs,

      - against -

BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE, and CITIBANK, N.A.

               Defendants.

Case No. 09 Civ. 5900 (RPP)(MHD)

---

THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A.,

             Third-Party Plaintiffs,

      - against -

STEVEN M. GREENBAUM (sued individually and as administrator of the estate of JUDITH GREENBAUM), *et al.*,

             Third-Party Defendants.

---

**THIRD-PARTY PLAINTIFF CITIBANK, N.A.'S RESPONSE TO JUDGMENT CREDITORS' RENEWED JOINT MOTION FOR <u>PARTIAL SUMMARY JUDGMENT ON SINGLE PHASE TWO ASSET</u>**

Citibank, N.A. ("Citibank"), by its undersigned attorneys, Davis Wright Tremaine LLP, submits this Response to Judgment Creditors' Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset (the "Renewed Motion").

<u>**BACKGROUND**</u>

The Renewed Motion seeks summary judgment with respect to a single wire transfer blocked by Citibank (the "Blocked Asset") pursuant to regulations promulgated by the United States Department of the Treasury, Office of Foreign Assets Control ("OFAC"). The existence

of the Blocked Asset was disclosed to movants (the "Judgment Creditors") on July 12, 2011, pursuant to this Court's Order Governing Production of Supplemental Account Information in Connection with Turnover of Additional Assets, dated June 27, 2011.  (ECF Dkt. No. 411.)  Initially, the Blocked Asset was to be turned over to the Judgment Creditors in accordance with this Court's Order dated September 19, 2013 (the "Phase Two Turnover Order") (ECF Dkt. No. 925) and Judgment and Order Directing Turnover of Funds and Discharge dated October 10, 2013.  (ECF Dkt. No. 936.)  This Court stayed turnover of the Blocked Asset "pending OFAC's consideration of the pending claim to such funds."  (ECF Dkt. No. 939.)

On or about March 13, 2014, Citibank received a license (the "License") from OFAC authorizing Citibank to release the Blocked Asset to the originator of the wire transfer or the originating financial institution.  (*See* Exh. A to unredacted Smith Decl. dated June 2, 2014.)  On April 17, 2014, counsel for the licensee submitted a letter to the Court seeking an order requiring Citibank to release the Blocked Asset.  (ECF Dkt. No. 957.)  The present motion followed.

## ARGUMENT

Citibank is a neutral stakeholder with respect to the Blocked Asset and takes no position as to whether the Judgment Creditors or licensee is entitled to the funds which are the subject of the OFAC License.  Throughout these proceedings, Citibank has sought to ensure that the rights of absent third-party claimants are respected and the bank is protected from the risk of multiple and inconsistent liability, including with respect to the Blocked Asset.  *See Weininger v. Castro*, 462 F. Supp.2d 457 (S.D.N.Y. 2006).  Accordingly, any order with respect to the Blocked Assets should fully discharge Citibank from any further liability and enjoin any further claims, with respect to the Blocked Asset in accordance with the Court's October 10 Order.  (ECF Dkt. No. 936.)

Citibank further notes that the Court included the Blocked Asset in the Phase Two Turnover Order because it found that the Judgment Creditors had shown that the named beneficiary of the Blocked Asset is an agent or instrumentality of Iran. Phase Two Turnover Order at 20. In support of the present Motion, the judgment creditors further allege that the "intended beneficiary" of the Blocked Asset is also an agent or instrumentality of Iran. *See* Local Rule 56.1 Separate Statement of Undisputed Facts, ¶ 44. (ECF Dkt. No. 971.) Although this Court has previously ordered turnover of wire transfers blocked under the Iran sanctions regime where the beneficiary or beneficiary bank (as opposed to the originator or originating bank) is an agent or instrumentality of Iran, the issue of whether such blocked wire transfers are subject to execution under § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") and/or § 1610(g) of the Foreign Sovereign Immunities Act of 1976 (the "FSIA") is currently before the Second Circuit in the consolidated appeal of *JPMorgan Chase Bank, N.A. v. Hausler*, (Case No. 12-1386) and *Calderon-Cardona v. JP Morgan Chase Bank, N.A.* (Case No. 12-75). The Second Circuit's resolution of that issue could significantly affect the extent to which the Blocked Asset is subject to turnover. For that reason, the Court may wish to consider deferring its ruling on the Renewed Motion pending a ruling from the Second Circuit.

Dated: New York, New York
June 24, 2014

DAVIS WRIGHT TREMAINE LLP

By: /s/
Sharon L. Schneier, Esq.
Christopher J. Robinson, Esq.
1633 Broadway – 27th Floor
New York, NY 10019
Tel: (212) 489-8230
*Attorneys for Defendant Citibank, N.A.*