

WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER*
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
JUSTIN T. NASTRO*
MANUEL A. MOLINA
DANIEL J. FITZGERALD*†△
BARBARA G. CARNEVALE*
JAN P. GISHOLT†
SUSAN LEE*
EDWARD J. CARLSON
ERIC J. MATHESON*
MICHAEL D. TUCKER*

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
◊ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

June 30, 2014

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
246 MARGHERITA LAWN
STRATFORD, CT 06615
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

OF COUNSEL
GEORGE B. FREEHILL

Our Ref: 796-08/GMV

**\*\*Redacted Version\*\***

**SUBMISSION OF UNOPPOSED ORDER
REGARDING RELEASE OF FUNDS**



Via Hand-Delivery
Hon. Robert P. Patterson
United States District Judge
500 Pearl St.
New York, NY 10007-1312

Re:   Levin v. Bank of New York
      09-cv-5900 (RPP)(MHD)

Dear Judge Patterson,

      We represent Third-Party Defendant ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which was the originator of four electronic fund transfers that were the subject of the Phase II assets in this matter. We wrote to the Court last year concerning a discrete issue involving only three parties to this litigation that arose with respect to the ▮▮ transfers, and a conference was held. The parties were thereafter able to resolve their differences without having to seek further Court intervention. In that connection, we write now to submit a proposed order that will effectuate the parties' agreement and result in a release of the ▮▮ transfers and a dismissal of the ▮▮ wire transfer parties from this litigation. We have provided a copy of the proposed order to counsel for all parties, requesting their comment or objection. No party has objected, and we have incorporated the comments from any party which had comments. Accordingly, the enclosed order is being submitted without any objection from any of the parties and we respectfully request the Court's endorsement.

      To provide context to our request, we briefly recap the situation related to the ▮▮ transfers below. We also confirm that we have not filed a redacted version of this letter via ECF because it concerns the submission of a proposed order for the Court's consideration. We have however provided a copy of the proposed order to the Orders & Judgments Clerk.

419628.2

Hon. Robert P. Patterson
June 30, 2014
Page 2 of 3

      As the Court is aware, these proceedings involve efforts by Plaintiffs/Judgment Creditors to recover on judgments held against, *inter alia*, Iran. Plaintiffs/Judgment Creditors sought turnover orders with respect to certain accounts and funds blocked pursuant to OFAC regulations by New York banks (including Bank of New York Mellon, "BNY Mellon"). In response to those efforts, in October 2011, BNY Mellon identified several wire transfers and accounts that had been blocked at the bank and were in its possession at that time (which accounts and funds became part of the "Phase II" assets). The parties to those blocked transfers were named third-parties to this litigation.

      Among the Phase II assets identified by BNY Mellon were four electronic fund transfers (totaling approximately $727,000) for which ▓ was the originator and Third-Party Defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ was the originating bank. ▓▓▓▓▓▓, and the beneficiaries and beneficiary banks of these four transfers were brought into this proceeding as Third-Party Defendants. Only ▓ and ▓ appeared in the litigation asserting rights or claims with respect to the transfers. (Plaintiffs/Judgment Creditors initially asserted claims to the ▓ transfers, but subsequently confirmed that they would not be pursuing any such claims.)

      The ▓ transfers had been originally blocked in 2008 under the OFAC regulations due to a mistaken identity. OFAC subsequently corrected the mistake and authorized a release of all four transfers. Unfortunately, OFAC's release authorization came after the ▓ transfers had become a subject of this litigation in 2011. Nevertheless, as the ▓ transfers had been blocked due to mistaken identity and had been released by OFAC, Plaintiffs/Judgment Creditors confirmed to the undersigned that they did not intend to pursue the funds and have relinquished any claims they may have had to the ▓ transfers.[1]

      However, a dispute arose between ▓ and ▓ (the originating bank) concerning the ▓ transfers which dispute impacted their immediate release to ▓. The dispute between ▓ and ▓ has now been resolved. Their agreement requires the submission of the attached proposed order for the Court's consideration. The order confirms that the banks (*i.e.*, ▓ and BNY Mellon)[2] are authorized to release the funds and that any claim by and between the parties with respect to the ▓ transfers are dismissed upon the release of the funds.



---

[1] Indeed, in their August 29, 2012, summary judgment filing where they sought an order requiring a turnover of certain Phase II assets, Plaintiffs/Judgment Creditors did not include the ▓ transfers among the assets to which turnover was sought.

[2] Upon receiving OFAC's release authorization directly, BNY Mellon released to ▓ (as it was the originating bank and hence stood in the chain before BNY Mellon) three of the four ▓ transfers which ▓ continued to hold pending the outcome of these proceedings. Once it was brought to BNY Mellon's attention that three of the transfers had been released to ▓ despite the fact that these proceedings were still underway, BNY Mellon ensured that the fourth transfer was not released. That fourth transfer, therefore, is being held by BNY Mellon pending the outcome of these proceedings.

419628.2

                      FREEHILL, HOGAN & MAHAR LLP

      As mentioned above, we provided a copy of the proposed order to all counsel including counsel for the Plaintiffs/Judgment Creditors and counsel for BNY Mellon. No one has objected to the submission of the order. Counsel for BNY Mellon requested some amendments to the language, which have been incorporated in the attached.

      As there is no dispute that the funds are to be released, and the only parties which claimed against the A▇ transfers have consented to the submission of the proposed order, we respectfully request the Court's endorsement.

      We thank the Court for its time and attention.

Respectfully,<br>
FREEHILL HOGAN & MAHAR LLP<br>
<br>
Gina M. Venezia

GMV:vs

Cc:    **<u>Via Email</u>**

      ***Counsel for*** ▇
      Drew Harker (Drew.Harker@aporter.com)
      Steffen Jacobsen (Steffen.Jacobsen@aporter.com)
      Arnold & Porter LLP

      ***Counsel for BNY Mellon***
      J. Kelley Nevling (knevling@llf-law.com)
      Steven B. Feigenbaum (sfeigenbaum@llf-law.com)
      Levi Lubarsky & Feigenbaum LLP

      ***Counsel for Plaintiffs/Judgment Creditors***
      pgunay@salonmarrow.com; lvogel@salonmarrow.com; rjt@tolchinlaw.com;
      kfleischman@fleischmanlawfirm.com; jwkarr@msn.com; carlpers@ix.netcom.com;
      ferrisbond@bondandnorman.com; njnudelman@hnklaw.com; annie.kaplan@gmail.com;
      'dhowarth@howarth-smith.com'; 'ssmith@howarth-smith.com';
      'Richard.kremen@dlapiper.com'; 'David.misler@dlapiper.com';
      'cmechling@stroock.com'; 'lboyd@srbr-law.com'; 'barbara.seniawski@dlapiper.com';
      'annie.kaplan@gmail.com'; 'kfleischman@fleischmanlawfirm.com';
      bweatherslowin@stroock.com; dale.cathell@dlapiper.com;