USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/3/14

796-08/gmv
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

       Plaintiffs,

    - against -

BANK OF NEW YORK, JPMORGAN CHASE,
SOCIETE GENERALE and CITIBANK

       Defendants

THE BANK OF NEW YORK MELLON

       Third-Party Plaintiff,

    - against -

█████████████████████████ *et al.*

       Third-Party Defendants

09-CV-5900 (RPP) (MHD)

**ORDER AND JUDGMENT
REGARDING RELEASE
OF FUNDS AND DISCHARGE**

     WHEREAS this turnover proceeding was commenced by plaintiffs Jeremy and Lucille

Levin (the "Levins") on June 26, 2009, by filing their complaint with this Court, to enforce a

judgment entered in the Levins' favor against the Islamic Republic of Iran ("Iran") and certain

related parties;

     WHEREAS pursuant to orders entered on September 16 and October 5, 2011, and June 8,

2012, Defendant The Bank of New York Mellon ("BNY Mellon") was given leave to serve and

file a third-party complaint against various parties that were involved in or may have an interest

in or a claim to the proceeds of certain wire transfers and deposit accounts that were blocked and

413175.1                                           1

were being held by BNY Mellon pursuant to Executive Orders issued by the President of the United States and regulations promulgated by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department;

WHEREAS, those blocked wire transfers and deposit accounts were included in Phase 2 of this proceeding (the "BNYM Phase 2 Assets");

WHEREAS pursuant to the Court's September 16, 2011, October 5, 2011, and June 8, 2012, orders, BNY Mellon filed an Amended and Supplemental Third-Party Complaint dated September 21, 2011 (the "September 2011 Third-Party Complaint"), and BNY Mellon filed a Supplemental Third-Party Complaint Against Murphy and Bennett Judgment Creditors dated June 15, 2012 (the "June 2012 Third-Party Complaint");

WHEREAS, the September 2011 and June 2012 Third-Party Complaints brought into this proceeding, as third party defendants, certain judgment creditors of Iran and other persons who had filed suit against Iran and who are identified in paragraphs 4 through 15 of the September 2011 Third-Party Complaint, Exhibits A through F thereof, and paragraphs 5 and 6 of the June 2012 Third-Party Complaint (all such third-party defendants, together with the Levins, are referred to collectively as the "Iran Plaintiff/Judgment Creditor Parties");

WHEREAS all of the Iran Plaintiff/Judgment Creditor Parties have been duly served with the September 2011 and June 2012 third-party complaints in accordance with the applicable provisions of Rules 4 and 5 of the Federal Rules of Civil Procedure, Local Rules 5.2 and 5.3 of this Court's Local Civil Rules, this Court's Amended Scheduling Order [Etc.] in Connection with Phase 2 entered on September 16, 2011, and this Court's Order Granting Leave to File Additional Third-Party Complaint entered on June 8, 2012, as is reflected in proofs of service,

413175.1                                         2

stipulations and orders on file in the docket of this proceeding (Docket Nos. 425, 562, 707, 708, 723, 724, 728, 729 and 749);

WHEREAS all of the Iran Plaintiff/Judgment Creditor Parties, except for the Peterson Judgment Creditors, the Rubin Judgment Creditors and the Weinstein Judgment Creditors (using those terms as they are defined in paragraphs 7, 8 and 9 of the September 2011 Third-Party Complaint) have appeared by counsel and filed answers in this proceeding to the September 2011 Third-Party Complaint (Docket Nos. 439, 443, 445-46, 457, and 489) or the June 2012 Third-Party Complaint (Docket Nos. 716, 732), as appropriate;

WHEREAS the Peterson Judgment Creditors have stipulated to the dismissal with prejudice of any claims they might have to the BNYM Phase 2 Assets (Docket No. 562);

WHEREAS BNY Mellon also interpleaded Iran, the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps (collectively, the "Iranian Government Parties") in the October 2011 Third-Party Complaint, and those parties were duly served in accordance with § 1608 of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608;

WHEREAS ███████████████████ ("███") was the originator of the proceeds of four wire transfers blocked at BNY Mellon (the "███ Blocked Transfers"), the details of which are indicated on Appendix A and consist of the following:

|     | Amount | Date Originally Blocked |
|-----|--------|-------------------------|
| (1) | $340,650.00 | 12/3/2008 |
| (2) | $326,452.42 | 12/3/2008 |
| (3) | $41,896.40 | 12/4/2008 |
| (4) | $18,132.63 | 12/4/2008 |
|     | $727,131.45 | |

WHEREAS the ▮▮ Blocked Transfers were included among the blocked assets identified in Exhibit N to the September 2011 Third-Party Complaint and are included among the Phase 2 Assets, as that term is defined in the June 2012 Third-Party Complaint;

WHEREAS pursuant to the Court's September 16, 2011, October 5, 2011 and June 8, 2012, orders, BNY Mellon filed an Additional Amended and Supplemental Third-Party Complaint dated October 6, 2011 (the "October 2011 Third-Party Complaint"), which, *inter alia*, brought into this proceeding, as third party defendants, the originator, the originator's bank, the beneficiaries and the beneficiaries' banks that were parties to the ▮▮ Blocked Transfers (collectively, the "▮▮ Wire Transfer Parties"), consisting of (a) ▮▮, as the originator of all four wire transfers, (b) ▮▮▮▮▮▮ ("▮▮"), the originator's bank for all four transfers, (c) ▮▮▮▮▮▮, and ▮▮▮▮▮▮ ▮▮▮▮, each of which was designated to act as the beneficiary's bank for one or more of the transfers; and (d) ▮▮▮▮▮▮ ▮▮▮▮▮▮ each of which was the designated beneficiary of one of the transfers and each of which, ▮▮ represents, was paid after the subject blocking and has no claim to the ▮▮ Blocked Transfers;

WHEREAS all of the ▮▮ Wire Transfer Parties have been duly served with the October 2011 Third-Party Complaint in accordance with the applicable provisions of Fed. R. Civ. P. 4, this Court's Order Regarding Notice and Service of Process entered on January 25, 2010, this Court's Amended Scheduling Order [Etc.] in Connection with Phase 2 entered on September 16, 2011, and this Court's Supplemental Phase 2 Scheduling Order entered on October 5, 2011, as is reflected in proofs of service filed under seal in this proceeding;

WHEREAS ██ and certain of the Iran Plaintiff/Judgment Creditor Parties filed pleadings asserting an interest in, or claim to possession and turnover of, the ██ Blocked Transfers;

WHEREAS ██ (██ originating bank) also appeared in this proceeding and filed an answer stating that "UOB has no claims to or rights with respect to" the ██ Blocked Transfers, except those claims and rights arising under section 4A-402 of the UCC;

WHEREAS ██ maintained that the four ██ Blocked Transfers had been blocked due to a case of mistaken identity of OFAC's Specially Designated Nationals ("SDN") list and subsequently obtained an order from OFAC modifying the SDN list to remove the reference to ██;

WHEREAS OFAC authorized the unblocking of the funds and the release of the funds to the originator or originator's bank;

WHEREAS three of the four ██ Blocked Transfers (numbers (2) - (4) above) in the total amount of $386,481.45 were released by BNY Mellon upon receipt of the authorization from OFAC and are currently being held by ██, as the originating bank, pending the outcome of these proceedings;

WHEREAS the fourth transfer, in the amount of $340,650, is still being held by BNY Mellon pending the outcome of these proceedings;

WHEREAS, in light of OFAC's rulings, the Iran Plaintiff/Judgment Creditor Parties have relinquished their claims to the ██ Blocked Transfers including claims that had been specifically made in filed pleadings with respect to those transfers;

WHEREAS the Iran Plaintiff/Judgment Creditor Parties who made a motion for partial summary judgment on August 29, 2012, demanding the turnover by BNY Mellon and other

413175.1                                   5

defendants of certain blocked assets, did not include the ███ Blocked Transfers among the assets as to which turnover was sought;

WHEREAS, to the extent necessary for entry of this Order and Judgment, this Court has personal jurisdiction over the Iran Plaintiff/Judgment Creditor Parties, the ███ Wire Transfer Parties and the Iranian Government Parties, and has in rem jurisdiction over the ███ Blocked Transfers, and the Court's personal and in rem jurisdiction is sufficient to support the entry of this Order and Judgment;

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1.      Any and all claims, rights and/or interests that the Iran Plaintiff/Judgment Creditor Parties, the Iranian Government Parties, or the ███ Wire Transfer Parties (except ███ and ███) ever had, now have or may hereafter have in, to or with respect to the ███ Blocked Transfers are hereby relinquished, surrendered, terminated and extinguished with prejudice, and BNY Mellon, ███, and ███ are hereby discharged and released from any liability or obligation of any kind whatsoever to the Iran Plaintiff/Judgment Creditor Parties, the Iranian Government Parties, and the ███ Wire Transfer Parties with respect to the ███ Blocked Transfers.

2.      ███ is entitled to possession and a turnover of those transfers except for the amounts that ███ has agreed to allow ███ to deduct as set forth in the Settlement Agreement and Mutual Release, between ███ and ███ dated 25 June 2014, (the "Settlement Agreement").

3.      BNY Mellon is authorized and directed to release to ███, as directed by its counsel Freehill Hogan & Mahar, LLP, the ███ Blocked Transfer in the amount of $340,650 plus any accrued interest, within ten (10) business days of the date of this order. ███ agrees to indemnify BNY Mellon and hold it harmless from and against any and all claims, causes of

413175.1                                      6

action, liabilities, suits, damages and disputes, including all legal fees and expenses incurred by BNY Mellon in defending against any such matters, that may be asserted against BNY Mellon relating to or involving any claim by any other person or entity, including but not limited to ████████████████████████████████████████████████████ and ███████, to the ████ Blocked Transfer.

    4.    After payment to ████ has been made by BNY Mellon in accordance with paragraph 3, BNY Mellon is hereby discharged and released from any liability or obligation of any kind whatsoever to ████ and ████ with respect to the ████ Blocked Transfers. That discharge and release is in addition to the discharge and release of BNY Mellon by the parties set forth in paragraph 1 above.

    5.    ████ is authorized and directed to release to ████ the ████ Blocked Transfers in the respective amounts of $326,452.42, $41,896.40 and $18,132.63 (a total of $386,481.45), plus any accrued interest, less the amount ████ has agreed to allow ████ to deduct as set forth in the Settlement Agreement, within ten (10) business days of the date of this Order and Judgment.

    6.    After payment to ████ has been made by ████ in accordance with paragraph 5, ████ is hereby discharged and released from any liability or obligation of any kind whatsoever to ████ and BNY Mellon with respect to the ████ Blocked Transfers. That discharge and release is in addition to the discharge and release of ████ by the parties set forth in paragraph 1 above.

    7.    Subject to its potential indemnification obligation described in paragraph 3 above, ████ is hereby discharged and released from any liability or obligation of any kind whatsoever to BNY Mellon, ████, and all other parties in this proceeding with respect to the ████ Blocked Transfers.

413175.1                                    7

8.      Upon receipt of the payment of the sums described above, ▌ and ▌ are hereby dismissed with prejudice as parties to these proceedings.

9.      Except as otherwise set forth in the Settlement Agreement, each party shall remain liable for its own attorney's fees and costs as they relate to the ▌ Blocked Transfers and in connection with the entry into and execution of this Order and Judgment.

10.     This Order and Judgment constitutes a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to any claims to and rights, if any, in the ▌ Blocked Transfers, which are discrete and separate claims, and there is no just reason for delay in the entry of judgment with respect thereto.


SO ORDERED this ___ day of _____, 2014, at New York, NY.

_____
UNITED STATES DISTRICT JUDGE

7 - 2 - 14

413175.1                              8

**Appendix A**

|  | Amount | Date Originally Blocked | Originator | Originating Bank | Intended Beneficiary |
|---|---|---|---|---|---|
| (1) | $340,650.00 | 12/3/2008 | ██████ | ██████ | ██████ |
| (2) | $326,452.42 | 12/4/2008 | ██████ | ██████ | ██████ |
| (3) | $41,896.40 | 12/4/2008 | ██████ | ██████ | ██████ |
| (4) | $18,132.63 | 12/4/2008 | ██████ | ██████ | ██ |
|  | $727,131.45 |  |  |  |  |

397603.1