UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>  Plaintiffs,<br><br>  -v-<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>  Defendants.<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>  Third-Party Plaintiffs,<br><br>  -v-<br><br>STEVEN M. GREENBAUM, *et al*.<br><br>  Third-Party Defendants. | (FILED PARTIALLY UNDER SEAL DUE TO CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER)<br><br>Civ. No. 09 CV 5900 (RPP) (MHD)<br><br>**JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT TO STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THE ▮▮▮ MOTION FOR SUMMARY JUDGMENT PURSUANT TO LOCAL RULE 56.1** |

| **STROOCK & STROOCK & LAVAN LLP** | **HOWARTH & SMITH** | **DLA PIPER LLP (US)** |
|---|---|---|
| Curtis C. Mechling | Suzelle M. Smith | Cary B. Samowitz |
| James L. Bernard | Don Howarth | Timothy H. Bimbaum |
| Benjamin Weathers-Lowin | 523 West Sixth Street | 1251 Avenue of the Americas, 27th Fl. |
| 180 Maiden Lane | Suite 728 | New York, New York 10020 |
| New York, New York 10038 | Los Angeles, California 90014 | (212) 335-4659 |
| (213) 806-5400 | (213) 955-9400 | - and - |
| *Attorneys for the Greenbaum and Acosta Judgment Creditors* | *Attorneys for the Levins* | Richard M. Kremen (*admitted pro hac vice*) |
| | | Dale K. Cathell (*admitted pro hac vice*) |
| | | DLA Piper LLP (US) |
| | | 6225 Smith Ave. |
| | | Baltimore, MD 21209 |
| | | 410-580-3000 |
| | | *Attorneys for Heiser Judgment Creditors* |

The Judgment Creditors[1], by their undersigned counsel, respectfully submit the following Response and Counterstatement to Statement of Undisputed Facts in Support of the ▮ ▮ Motion for Summary Judgment Pursuant to Local Rule 56.1.

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| 1. The intended beneficiary of the ▮ was the ▮. | Disputed. Citibank identified the beneficiary of the ▮ as ▮ ▮. The evidence upon which the ▮ relies in support of this assertion, the ▮ ("▮ Decl."), is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 438); *see also* Fed. R. Evid. 401-403, 602, 701, 801. |
| 2. ▮, the financial institution serving the ▮, was described as the intended | Disputed. Citibank identified the beneficiary of the ▮ as ▮ ▮. The evidence | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 438); *see also* Fed. R. Evid. 401- |

---

[1] Unless otherwise noted, all capitalized terms have the same meaning as given in the Judgment Creditors Supplemental Memorandum of Law in Support of Judgment Creditors' Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset ("Judgment Creditors' Motion").

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| beneficiary by mistake. | upon which the ▉ relies in support of this assertion, the ▉ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay.  There is therefore no admissible evidence presented by ▉ in support of this assertion of undisputed material fact. | 403, 602, 701, 801. |
| 3. ▉ had no right to the funds constituting the ▉ beyond its role as a financial institution serving its client, the ▉.  The ▉ was intended for the ▉ benefit alone. | Disputed.  Citibank identified the beneficiary of the ▉ as ▉  This Court has held that a Beneficiary and a Beneficiary Bank have an interest in assets at issue in this litigation sufficient to warrant turnover pursuant to FSIA 1610(g) and TRIA.  The evidence upon which the ▉ relies in support of this assertion, the ▉ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay.  There is therefore no admissible evidence presented by ▉ in support of this assertion of undisputed material fact. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 438) ; *see also Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 925) Opinion & Order ("Phase Two Turnover Order") at 20-21, 27; *see also* Fed. R. Evid. 401-403, 602, 701, 801. |

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| 4. After OFAC "carefully reviewed the information presented and otherwise available to it in connection with [the ▇▇]," OFAC authorized the return of the ▇▇ to the ▇▇. | Disputed. The evidence upon which the ▇▇ relies in support of this assertion, Exhibit A to the Declaration of Scott K. McCulloch in Support of Third-Party Defendant ▇▇ ▇▇ Motion for Summary Judgment and Opposition to Judgment Creditors' Motion for Partial Summary Judgment ("McCulloch Decl."), is lacking foundation, not authenticated, and/or hearsay. There is therefore no admissible evidence presented by ▇▇ in support of this assertion of undisputed material fact. | *See* Fed. R. Evid. 801, 901. |
| 5. OFAC did so by license dated March 13, 2014, authoring the return of the ▇▇ back to the ▇▇. | Disputed. The evidence upon which the ▇▇ relies in support of this assertion, Exhibit A to the McCulloch Decl., is lacking foundation, not authenticated, and/or hearsay. There is therefore no admissible evidence presented by ▇▇ in support of this assertion of undisputed material fact. | *See* Fed. R. Evid. 801, 901. |
| 6. The purpose of the ▇▇ ▇▇ was to provide assistance to the ▇▇ by defraying the substantial cost of participating in international "away" matches. | Disputed. The evidence upon which the ▇▇ relies in support of this assertion, the ▇▇ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, | *See* Fed. R. Evid. 401-403, 602, 701, 801. |

-3-

| **MATERIAL FACTS** | **JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT** | **RECORD SUPPORT** |
|---|---|---|
| | and is hearsay.  There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | |
| 7. Citibank blocked the ▇ ▇ on February 2, 2010 after it was initiated on January 28, 2010.  As a result, the EFT never reached the ▇ or its bank, ▇. | Undisputed. | |
| 8. The error was not noticed until after the EFT was blocked by Citibank, N.A. | Disputed.  Citibank identified the beneficiary of the ▇ as ▇ ▇.  The evidence upon which the ▇ relies in support of this assertion, the ▇ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay.  There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | *See Levin v. Bank of New York*, No. 09-5900 (RPP) (MHD) (ECF Dkt. No. 438); *see also* Fed. R. Evid. 401-403, 602, 701, 801. |
| 9. Both the ▇ and the EFT's intended beneficiary, the ▇, submitted timely unblocking applications to OFAC. | Disputed.  The evidence upon which the ▇ relies in support of this assertion, the ▇ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual | *See* Fed. R. Evid. 401-403, 602, 701, 801. |

-4-

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| | statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | |
| 10. The Court in the Phase Two Order explicitly declined to address whether or not FSIA § 1610(g) could "independently provide a basis for preemption of state law and execution of blocked EFTs." | Disputed. The Court in Phase Two specifically held that "EFTs are Subject to Attachment Under TRIA § 201(a) and FSIA § 1610(g)" and rejected the argument to the contrary. | *See* Phase Two Turnover Order at 16-18. |
| 11. The ▇ is not an organization listed on the Specially Designated Nationals ("SDN") List. | Undisputed. | |
| 12. The ▇ is well known to OFAC, through the instant applications and previous applications and reviews related to the ▇, including those relating to ▇ | Disputed. The ▇ refers to "McCulloch Decl. Exs. 3-5," which do not exist. Presumably, ▇ is referring to Exhibit C to the McCulloch Decl., "an article published in the New York Times entitled ▇ The evidence upon which the ▇ relies in support of this assertion, Exhibit C to the McCulloch Decl., is lacking foundation, not authenticated, and/or hearsay. There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | *See* Fed. R. Evid. 401-403, 801, 901. |
| 13. The ▇ has performed extensive review, | Disputed. The evidence upon which the ▇ relies in | *See* Fed. R. Evid. 401-403, |

-5-

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| including on-side observation of the last election of ▮ leadership, and confirmed that the ▮ is in compliance with ▮▮▮. | support of this assertion, the ▮ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay.  There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | 602, 701, 801. |
| 14. The ▮ provide that a ▮ may be suspended if state authorities interfere in its affairs in such a significant way that : ▮ | Disputed.  The evidence upon which the ▮ relies in support of this assertion, the ▮ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay.  There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | *See* Fed. R. Evid. 401-403, 602, 701, 801. |
| 15. The ▮ review of the last election for leadership of the ▮ was conducted in close collaboration with the ▮ | Disputed.  The evidence upon which the ▮ relies in support of this assertion, the ▮ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual | *See* Fed. R. Evid. 401-403, 602, 701, 801. |

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| | statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | |
| 16. ▇▇▇▇▇▇ requires members ▇▇▇▇▇▇ | Disputed. The evidence upon which the ▇ relies in support of this assertion, Exhibit E to the McCulloch Decl., is lacking foundation, not authenticated, irrelevant, and/or hearsay. There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | *See* Fed. R. Evid. 401-403, 801, 901. |
| 17. The ▇, previously ▇▇▇▇ for a period from November 23, 2006 to December 19, 2006, is currently a ▇▇▇▇ | Disputed. The evidence upon which the ▇ relies in support of this assertion, the ▇ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▇ in support of this assertion of undisputed material fact. | *See* Fed. R. Evid. 401-403, 602, 701, 801. |
| 18. The ▇, previously ▇▇▇▇ for a period from November 23, 2006 to December 19, 2006, is ▇▇▇▇ | Disputed. The evidence upon which the ▇ relies in support of this assertion, Exhibits D and E to the McCulloch Decl., are lacking foundation, not authenticated, irrelevant, inadmissible opinion testimony of a lay | *See* Fed. R. Evid. 401-403, 701, 801, 901. |

-7-

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| | witness, and/or hearsay. There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | |
| 19. The ▮ has confirmed through its reviews that the ▮ enjoys no exclusive rights in Iran. | Disputed. The ▮ is the only entity which ▮ ▮ It thus holds exclusive rights to manage soccer in Iran. The evidence upon which the ▮ relies in support of this assertion, the ▮ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | *See* Declaration of James M. Dorsey in Support of Judgment Creditors' Reply in Support of Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset and Opposition to Defendant ▮ ▮ Motion for Summary Judgment ("July 19 Dorsey Decl.") at ¶ 17; *see also* Fed. R. Evid. 401-403, 602, 701, 801. |
| 20. As part of its review for ▮, the ▮ has determined that the ▮ does not issue shares or any other form of ownership interest, and that the Government of Iran does not own any part of the ▮ or otherwise hold any form of ownership | Disputed. A majority of the ▮ are owned by the Government of Iran or Iranian governmental entities or have other substantial ties to the Government of Iran, and the Government of Iran has a substantial ownership interest in the ▮. The evidence upon which the ▮ relies in support of this assertion, the | *See* Declaration of James M. Dorsey in Support of Judgment Creditors Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset ("June 1 Dorsey Decl.") at ¶ 17; *see also* July 19 Dorsey Decl. at ¶ 4; *see also* Affidavit of Dr. Patrick Clawson in Support of Judgment Creditors' |

-8-

| MATERIAL FACTS | JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT | RECORD SUPPORT |
|---|---|---|
| interest. | ▮ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset ("May 30 Clawson Aff.") at ¶ 23; *see also* Fed. R. Evid. 401-403, 602, 701, 801. |
| 21. As part of its review for ▮▮▮▮, the ▮ has determined that the ▮ does not employ members of the government. | Disputed. The ▮ and its members routinely hire ▮▮▮▮▮▮ Mr. Dorsey has also testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The evidence upon which the ▮ relies in support of this assertion, the ▮ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay. There is therefore no admissible evidence presented by ▮ in support of this assertion of undisputed material fact. | *See* June 1 Dorsey Decl. at ¶ 27; *see also* July 19 Dorsey Decl. at ¶¶ 14-16; *see also* Fed. R. Evid. 401-403, 602, 701, 801. |

-9-

| **MATERIAL FACTS** | **JUDGMENT CREDITORS' RESPONSE AND COUNTERSTATEMENT** | **RECORD SUPPORT** |
|---|---|---|
| 22. There is no evidence, competent or not, submitted in support of Judgment Creditors' Renewed Joint Motion for Partial Summary Judgment on Single Phase Two Asset showing that the government of Iran established the ▉. | Disputed.  The Government of Iran organized the ▉▉. The evidence upon which the ▉ relies in support of this assertion, the ▉ Decl., is irrelevant, inadmissible opinion of a lay witness, lacks foundation, lacks personal knowledge, is an improper legal conclusion, is a conclusory statement unsupported by other factual statements in the declaration, and is hearsay.  There is therefore no admissible evidence presented by ▉ in support of this assertion of undisputed material fact. | *See* July 19 Dorsey Decl. at ¶ 6; *see also* Fed. R. Evid. 401-403, 602, 701, 801. |

Dated: Los Angeles, California
       July 21, 2014

**HOWARTH & SMITH**

/s/ Suzelle M. Smith
Suzelle M. Smith
Don Howarth
523 West Sixth Street, Suite 728
Los Angeles, California  90014
(213) 955-9400
ssmith@howarth-smith.com
dhowarth@howarth-smith.com

*Attorney for the Levin Plaintiffs and Judgment Creditors*

and

**STROOK & STROOCK & LAVAN LLP**
Curtis C. Mechling
James L. Bernard
Benjamin Weathers-Lowin
180 Maiden Lane
New York, New York 10038
(213) 806-5400

    cmechling@stroock.com
    jbernard@stroock.com
    bweatherslowin@stroock.com

    *Attorneys for the Greenbaum and Acosta Judgment Creditors*

    and

    **DLA PIPER LLP (US)**
    Cary B. Samowitz
    Timothy Bimbaum
    1251 Avenue of the Americas, 27th Floor
    New York, New York  10020-1104
    212-335-4659
    Facsimile:  212-884-8459
    Cary.samowitz@dlapiper.com
    Timothy.bimbaum@dlapiper.com

    and

    Richard M. Kremen (*admitted pro hac vice*)
    Dale K. Cathell (*admitted pro hac vice*)
    DLA Piper LLP (US)
    6225 Smith Ave.
    Baltimore, MD 21209
    410-580-3000
    Richard.kremen@dlapiper.com
    Dale.cathell@dlapiper.com

    *Attorneys for Heiser Judgment Creditors*