UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>             Plaintiffs,<br><br>     v.<br><br>BANK OF NEW YORK, JPMORGAN CHASE, SOCIÉTÉ GÉNÉRALE, and CITIBANK,<br><br>             Defendants. | Civil Action No. 09-cv-5900 (RPP) (MHD) |

## ANSWER

Defendant Société Générale ("SG") hereby answers the Supplemental Complaint of Plaintiffs Jeremy Levin and Dr. Lucille Levin as follows:

### NATURE OF PROCEEDING AND RELIEF REQUESTED

1.      SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Supplemental Complaint.

2.      SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2 of the Supplemental Complaint. The second sentence of Paragraph 2 of the Supplemental Complaint contains legal conclusions to which a responsive pleading is not required.

3.      SG admits the allegations contained in Paragraph 3 of the Supplemental Complaint as to SG.  SG denies knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 3 of the Supplemental Complaint relating to any other Defendant.

4. SG admits that Plaintiffs served Interrogatories on SG on December 16, 2013, and that SG served Responses to Plaintiffs' Interrogatories on February 3, 2014. SG denies knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4 of the Supplemental Complaint.

5. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Supplemental Complaint. SG further states that Paragraph 5 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

6. Paragraph 6 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

7. SG admits the accuracy of the quotation contained in Paragraph 7 of the Supplemental Complaint.

8. Paragraph 8 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

9. Paragraph 9 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

10. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Supplemental Complaint.

11. Paragraph 11 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

12. Paragraph 12 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

## JURISDICTION AND VENUE

13. Paragraph 13 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

14. Paragraph 14 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

15. Paragraph 15 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

## THE PARTIES

16. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Supplemental Complaint.

17. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Supplemental Complaint.

18. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Supplemental Complaint.

19. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Supplemental Complaint.

20. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Supplemental Complaint.

21. SG admits that it has an office at 1221 Avenue of the Americas, New York, New York. SG denies the remaining allegations contained in the first sentence of Paragraph 20 of the Supplemental Complaint and states that Société Générale is a French banking institution, domiciled and headquartered in France. SG denies the second sentence of Paragraph 20 of the Supplemental Complaint. The third sentence of Paragraph 20 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

22.     Paragraph 22 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

## STATEMENT OF FACTS

### Plaintiff's Judgment

23.     SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Supplemental Complaint.

24.     SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Supplemental Complaint.

25.     SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Supplemental Complaint.

26.     SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Supplemental Complaint.

27.     SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Supplemental Complaint.

### Plaintiff's Writs of Execution

SG admits that a U.S. Marshal served a writ of execution upon SG on March 31, 2014. SG denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the introductory paragraph before Paragraph 28 of the Supplemental Complaint.

28.     Paragraph 28 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

### IRAN HAS AN INTEREST IN BLOCKED ASSETS HELD BY DEFENDANT BANKS

29.     Paragraph 29 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

30. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Supplemental Complaint.

31. SG admits the accuracy of the quotation contained in Paragraph 31 of the Supplemental Complaint.

32. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Supplemental Complaint.

33. Paragraph 33 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

34. Paragraph 34 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

35. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Supplemental Complaint.

36. Paragraph 36 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

37. Paragraph 37 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

38. Paragraph 38 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

39. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Supplemental Complaint.

40. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Supplemental Complaint.

41. SG denies the allegations contained in Paragraph 41 of the Supplemental Complaint insofar as they relate to SG.  SG denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Supplemental Complaint.

42. Paragraph 42 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

43. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Supplemental Complaint.

44. Paragraph 44 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

45. Paragraph 45 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

46. Paragraph 46 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

### PLAINTIFFS HAVE A SUPERIOR INTEREST IN THE BLOCKED ASSETS HELD BY DEFENDANT BANKS

47. SG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Supplemental Complaint, except admits that it has blocked certain assets pursuant to OFAC regulations.

48. Paragraph 48 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

49. Paragraph 49 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

50. Paragraph 50 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

51. Paragraph 51 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

**CLAIM FOR RELIEF AGAINST DEFENDANTS BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE, AND CITIBANK PURSUANT TO C.P.L.R. § 5225**

52. SG repeats and realleges each of the foregoing responses and allegations as if set forth fully herein.

53. Paragraph 53 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

54. Paragraph 54 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

55. Paragraph 55 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

56. Paragraph 56 of the Supplemental Complaint states legal conclusions to which a responsive pleading is not required.

**AFFIRMATIVE DEFENSES**

Without assuming any burdens not imposed by law, SG asserts the following defense to the allegations in the Supplemental Complaint:

**FIRST AFFIRMATIVE DEFENSE**

57. The Supplemental Complaint seeks to execute on funds that are not property of the Islamic Republic of Iran (the "Republic").

7

**SECOND AFFIRMATIVE DEFENSE**

58.	Persons other than the Republic or its agencies and instrumentalities may have ownership or other interests in part or all of the funds at SG that are the subject of this turnover proceeding (the "SG Blocked Accounts") which may be superior to the rights of Plaintiffs against such funds.

**THIRD AFFIRMATIVE DEFENSE**

59.	Parties other than Plaintiffs who may have an interest in the SG Blocked Funds may be indispensable parties and/or may have the right to notice of these proceedings and an opportunity to be heard before this Court enters a judgment in this proceeding that would terminate or otherwise affect their rights in the SG Blocked Accounts.

**FOURTH AFFIRMATIVE DEFENSE**

60.	Plaintiffs have not satisfied the requirements of Section 201 of the Terrorism Risk Insurance Act ("TRIA").

**FIFTH AFFIRMATIVE DEFENSE**

61.	Plaintiffs have not satisfied the requirements of Sections 1608(a) and 1610(c) of the Foreign Sovereign Immunities Act ("FSIA").

**SIXTH AFFIRMATIVE DEFENSE**

62.	The Supplemental Complaint does not state a cause of action for which relief may be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

63. SG hereby reserves its future rights of setoff against funds on deposit in bank accounts at SG that belong to the Republic or its agencies and instrumentalities.

**EIGHTH AFFIRMATIVE DEFENSE**

64. To the extent that the funds belonging to the Republic and its agencies and instrumentalities that are in accounts at SG and the other Defendants in this proceeding exceed the amount due to the Plaintiffs, this Court should allocate the amounts to be turned over by each of the Defendants and determine from which accounts such funds should be debited in such a way that none of the Defendants is required to turn over to Plaintiffs more than that Defendant's allocable share.

**RESERVATION OF RIGHTS**

SG reserves its right to supplement its answer and affirmative defenses with additional information that becomes available or apparent during the course of investigation, preparation, or discovery, and to amend its pleading accordingly.

WHEREFORE, having fully answered the Supplemental Complaint and asserted affirmative defenses thereto, SG respectfully requests that this Court enter an order:

i) dismissing the Supplemental Complaint as against SG in its entirety with prejudice;

ii) determining whether all appropriate and/or necessary parties were given appropriate notice of the proceedings and the manner of such notice;

iii) the precise amount, if any, to be turned over pursuant to any execution or other turnover order, and to whom the turnover is granted;

iv) the appropriate apportionment amongst the Defendants of funds and/or accounts to be turned over, if any;

v) whether, as to each property or account in respect of which execution or turnover is ordered, (i) the account holder or owner is regarded as an "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of the TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7);

vi) awarding SG the costs of defending this action including reasonable attorney's fees;

vii) granting SG any additional equitable and other relief that the Court deems just and proper under the circumstances.

Dated: New York, New York
October 22, 2014

                        MAYER BROWN LLP

By:   /s/ Christopher J. Houpt
       Christopher J. Houpt
       1675 Broadway
       New York, New York  10019
       (212) 506-2500

       *Attorneys for Defendant*
       *Société Générale*