UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

---------------------------------------- x
Mr. JEREMY LEVIN and DR. LUCILLE : 
LEVIN, : Civ. No. 09 CV 5900 (RPP) (MHD)
 :
                Plaintiffs, : **CITIBANK'S ANSWER WITH**
 : **AFFIRMATIVE DEFENSES TO**
                - against - : **SUPPLEMENTAL COMPLAINT**
 :
BANK OF NEW YORK, JP MORGAN :
CHASE, SOCIETE GENERALE and :
CITIBANK, :
 :
                Defendants. :
---------------------------------------- x

      Defendant Citibank, N.A. ("Citibank"), by its undersigned attorneys Davis Wright Tremaine LLP, submits this Answer with Affirmative Defenses to the Supplemental Complaint of Mr. Jeremy Levin and Dr. Lucille Levin "Levin," Plaintiffs, and states as follows:

## NATURE OF PROCEEDING AND RELIEF REQUESTED

      1.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1, except admits based on publicly available documents that the plaintiffs obtained a judgment in the amount of $28,807,719 against the Islamic Republic of Iran that was entered by the U.S. District Court for the District of Columbia on February 6, 2008 and thereafter registered with this Court and refers to documents cited in Paragraph 1 for a true and complete recitation of the contents thereof.

      2.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, except refers to the authorities stated therein for a true and complete recitation of the contents thereof.

2

3. To the extent that certain text in Paragraph 3 has been redacted in the copy of the Supplemental Complaint served on Citibank, it denies knowledge and information sufficient to form a belief as to the truth of those allegations and those allegations contained in Paragraph 3 to the extent they refer to the Defendants to this action other than Citibank ("Other Defendants"), and further states that the allegations contained in Paragraph 3 constitute legal conclusions as to which no response is required, except denies knowledge and information sufficient to form a belief as to the truth of the allegation that "Iran has an interest in [the blocked assets reported to OFAC] directly or indirectly" and refers to the letter from Sean Thornton dated October 6, 2008 for a true and complete recitation of the contents thereof.

4. Denies knowledge and information sufficient to form a belief as to the truth of those allegations contained in Paragraph 4 to the extent they refer to Other Defendants, and further states that on February 3, 2014 Citibank served its Response to Plaintiffs' December 16, 2013 Interrogatories, which updated its prior disclosures of Iranian Blocked Assets and disclosed additional Iranian Blocked Assets.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, except refers to the protective order entered on September 30, 2008 by the District Court of the District of Columbia in *Levin v. Islamic Republic of Iran*, No. 05-cv-0294 (GK) (D.D.C.) for a true and complete recitation of the contents thereof.

6. To the extent that certain text in Paragraph 6 has been redacted in the copy of the Supplemental Complaint served on Citibank, it denies knowledge and information sufficient to form a belief as to the truth of those allegations and those allegations contained in Paragraph 6 to the extent they refer to the Defendants to this action other than Citibank ("Other Defendants"), and further states  that the allegations in Paragraph 6 constitute a legal conclusion as to which no

response is required, except admits that the Supplemental Complaint purports to seek enforcement of the February 6, 2008 judgment and refers to Attachment D of the Supplemental Complaint for a true and complete recitation of the contents thereof.

7. States that the allegations contained in Paragraph 7 constitute legal conclusions as to which no response is required, and refers to the cited New York Civil Practice Law and Rules for a true and complete recitation of the contents thereof.

8. States that the allegations contained in Paragraph 8 constitute legal conclusions as to which no response is required, and refers to the cited provision of the Terrorism Risk Insurance Act for a true and complete recitation of the contents thereof.

9. States that the allegations contained in Paragraph 9 constitute legal conclusions as to which no response is required, and refers to the cited provision of the Foreign Sovereign Immunities Act for a true and complete recitation of the contents thereof.

10. States that the allegations contained in Paragraph 10 constitute legal conclusions as to which no response is required, and refers to 28 U.S.C. § 1610 and the letter from Sean Thornton dated October 6, 2008 for a true and complete recitation of the contents thereof.

11. States that the allegations contained in Paragraph 11 constitute legal conclusions as to which no response is required, and refers to the cited provisions and decisions for a true and complete recitation of the contents thereof.

12. States that the allegations contained in Paragraph 12 constitute legal conclusions as to which no response is required, and refers to the provisions and decisions cited in Paragraph 12 for a true and complete recitation of the contents thereof.

DWT 24976758v1 0067486-000015

## JURISDICTION AND VENUE

13. Admits that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331(2009); § 201 of the Terrorism Risk Insurance Act; 28 U.S.C. §§ 1605(a)(7)(2007), 1605A (2009), and the Court's ancillary jurisdiction as alleged in Paragraph 13, but states that the allegations constitute legal conclusions as to which no response is required.

14. Admits that Plaintiffs purport to invoke the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) as alleged in Paragraph 14, but states that the allegations constitute legal conclusions as to which no response is required.

15. Admits that Plaintiffs allege that venue is proper in the District pursuant to 28 U.S.C. §§ 1391(b) and (d) (2009) as alleged in Paragraph 15, but states that the allegations constitute legal conclusions as to which no response is required.

## THE PARTIES

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and refers to *Levin v. Islamic Republic of Iran*, 529 F. Supp. 2d 1 (D.D.C. 2007) for a true and complete recitation of the contents thereof.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17, and refers to the document attached to the Supplemental Complaint as Exhibit A for a true and complete recitation of the contents thereof.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

DWT 24976758v1 0067486-000015

20. Denies the allegations contained in the first sentence of Paragraph 20, except states that Citibank is a national bank incorporated under the laws of the United States doing business in New York with offices at 399 Park Avenue, New York, New York, and admits that (a) Citibank has reported certain blocked assets to OFAC pursuant to certain Executive Orders and refers to the document attached as Exhibit D to the Supplemental Complaint for the terms and contents thereof, and (b) the Supplemental Complaint purports to name Citibank as a garnishee in this action pursuant to C.P.L.R. § 5225(b).

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. States that the allegations contained in Paragraph 22 constitute legal conclusions as to which no response is required, and refers to the opinions cited in Paragraph 22 for a true and complete recitation of the contents thereof.

## STATEMENT OF FACTS

### Plaintiffs' Judgment

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except refers to the opinion cited in Paragraph 23 for a true and complete recitation of the contents thereof.

24. States that the allegations contained in Paragraph 24 constitute legal conclusions as to which no response is required, and refers to the Export Administration Act of 1979 and section 201(d)(4) of the TRIA for a true and complete recitation of the contents thereof.

25. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, except refers to *Levin v. Islamic Republic of Iran*, 529 F.Supp.2d 1 (D. D.C. 2007) for a true and complete recitation of the contents thereof.

26. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except admits that on February 6, 2008 the District Court for the District of Columbia entered a judgment in favor of Plaintiffs in the amount of $28,807,719 and refers to *Levin v. Islamic Republic of Iran*, 529 F.Supp.2d 1 (D. D.C. 2007) for a true and complete recitation of the contents thereof.

27. States that the allegations contained in Paragraph 27 constitute legal conclusions as to which no response is required, but admits that a judgment under case number 09-0732 has been registered with this Court.

### Plaintiffs' Writs of Execution

UNNUMBERED PARAGRAPH.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in this Unnumbered Paragraph, except admits that the United States Marshals Service for the Southern District of New York served a writ of execution on behalf of Plaintiffs on Citibank on or about April 1, 2014.

28. States that the allegations contained in Paragraph 28 constitute legal conclusions as to which no response is required, and refers to the authority cited therein for a true and complete recitation of the contents thereof.

### IRAN HAS AN INTEREST IN BLOCKED ASSETS HELD BY DEFENDANT BANKS

29. States that the allegations contained in Paragraph 29 constitute legal conclusions as to which no response is required, and refers to Section 201 of the Terrorism Risk Insurance Act for a true and complete recitation of the contents thereof.

30. States that the allegations contained in Paragraph 30 constitute legal conclusions as to which no response is required.

DWT 24976758v1 0067486-000015

31. States that the allegations contained in Paragraph 31 constitute legal conclusions as to which no response is required, and refers to Section 201 of the Terrorism Risk Insurance Act for a true and complete recitation of the contents thereof.

32. States that the allegations contained in Paragraph 32 constitute legal conclusions as to which no response is required, and refers to the Executive Orders cited in Paragraph 33 for a true and complete recitation of the contents thereof.

33. States that the allegations contained in Paragraph 33 constitute legal conclusions as to which no response is required, and refers to the Executive Order cited in Paragraph 33 for a true and complete recitation of the contents thereof.

34. States that the allegations contained in Paragraph 34 constitute legal conclusions as to which no response is required, and refers to the Executive Order cited in Paragraph 34 for a true and complete recitation of the contents thereof.

35. States that the allegations contained in Paragraph 35 constitute legal conclusions as to which no response is required.

36. States that the allegations contained in Paragraph 36 constitute legal conclusions as to which no response is required, and refers to the OFAC Regulations cited in Paragraph 36 for a true and complete recitation of the contents thereof.

37. States that the allegations contained in Paragraph 37 constitute legal conclusions as to which no response is required, and refers to the Regulations cited in Paragraph 37 for a true and complete recitation of the contents thereof.

38. States that the allegations contained in Paragraph 38 constitute legal conclusions as to which no response is required, and refers to the Regulations cited in Paragraph 38 for a true and complete recitation of the contents thereof.

7

39. States that the allegations contained in Paragraph 39 constitute legal conclusions as to which no response is required, and refers to the Regulations cited in Paragraph 39 for a true and complete recitation of the contents thereof.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 40, except refers to the Executive Order cited in Paragraph 40 for a true and complete recitation of the contents thereof, and otherwise denies each and every allegation in the second sentence of Paragraph 40.

41. Denies each and every allegation in Paragraph 41, except denies knowledge and information sufficient to form a belief as to the truth of the allegations thereof to the extent those allegations refer to the Other Defendants, and further admits that Citibank has reported to OFAC assets blocked pursuant to certain Executive Orders and refers to the letter from Sean Thornton dated October 6, 2008 for a true and complete recitation of the contents thereof.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, except refers to the letter from Sean Thornton dated October 6, 2008 for a true and complete recitation of the contents thereof.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, except states that the allegations contained in Paragraph 43 constitute legal conclusions as to which no response is required, and refers to the documents cited in Paragraph 43 for a true and complete recitation of the contents thereof.

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, except refers to 28 U.S.C. § 1610(g) for a true and complete recitation of the contents thereof.

DWT 24976758v1 0067486-000015

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 45 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 45 refer to Citibank, states that the allegations thereof constitute legal conclusions as to which no response is required.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 46 refer to Citibank, states that the allegations thereof constitute legal conclusions as to which no response is required.

**PLAINTIFFS HAVE A SUPERIOR INTEREST IN THE BLOCKED ASSETS HELD BY DEFENDANT BANKS**

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 47 refer to Citibank, denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, except refers to the documents and authorities cited therein for a true and complete recitation of the contents thereof.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 48 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 48 refer to Citibank, states that the allegations thereof constitute legal conclusions as to which no response is required.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 49 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 49 refer to Citibank, states that the allegations thereof constitute legal conclusions as to which no response is required.

50. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 50 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 50 refer to Citibank, states that the allegations thereof constitute legal conclusions as to which no response is required.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 51 to the extent the allegations contained therein refer to the Other Defendants. To the extent the allegations contained in Paragraph 51 refer to Citibank, states that the allegations thereof constitute legal conclusions as to which no response is required.

**CLAIM FOR RELIEF AGAINST DEFENDANTS BANK OF NEW YORK, JP MORGAN CHASE, SOCIETE GENERALE, AND CITIBANK PURSUANT TO C.P.L.R. § 5225**

52. Citibank incorporates its responses to paragraphs 1 through 51 as though fully set forth herein.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53.

54. States that the allegations contained in Paragraph 54 constitute legal conclusions as to which no response is required.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, except refers to the documents and authorities cited in Paragraph 55 for a true and complete recitation of the contents thereof.

56. States that the allegations contained in Paragraph 56 constitute legal conclusions as to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof or the burden of persuasion on any matters where the burden rests on Plaintiffs, Citibank asserts the following affirmative and other defenses with respect to the Supplemental Complaint.

Citibank incorporates its responses to paragraphs 1 through 56 as though fully set forth herein.

## FOR ITS FIRST AFFIRMATIVE DEFENSE

Persons other than the Islamic Republic of Iran or its agencies or instrumentalities may have ownership or other interests in part or all of the assets blocked by Citibank that are the subject of this action ("Assets") which may be superior to the rights of Plaintiffs to enforce their judgment ("Judgment") against the Assets.

## FOR ITS SECOND AFFIRMATIVE DEFENSE

The Assets sought by Plaintiffs in this action include wire transfers that were routed through Citibank as an intermediary bank but that could not be completed because they were blocked pursuant to an Executive Order or regulations administered by OFAC.  Citibank simply blocks any property or accounts that it is directed to block by such Executive Orders or regulations.  Because under New York law, wire funds in the temporary possession of Citibank as an intermediary bank are not the property of the originator, the ordering bank or the beneficiary, they are not subject to attachment and turn over.  *See The Shipping Corp. of India Ltd. v. Jaldi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), *cert denied*, 130 S. Ct. 1896 (2010); *Calderon-Cardona v. JPMorgan Chase Bank, N.A.*, 867 F.Supp.2d (S.D.N.Y. 2011) (on appeal to the Second Circuit as Docket Number 12-1264).

## FOR ITS THIRD AFFIRMATIVE DEFENSE

The Assets sought by Plaintiffs in this action may be subject to competing claims by other holders of final judgments against the Islamic Republic of Iran or its agencies and instrumentalities.  One or more of these judgment holders have already served writs of execution and/or restraining orders on Citibank prior to this action.

## FOR ITS FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek Assets in this action that are located outside the United States and/or not being used for a commercial activity in the United States, such assets are immune from attachment and execution in New York under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1610(a) which authorizes execution against property of a foreign state under certain circumstances which is located  "in the United States."  *See Aurelius Capital Partners, LP v. The Republic of Argentina*, 584 F.3d 120 (2d Cir. 2009) ("section 1610(a) . . . authorizes execution against property of a foreign state located in the United States").

## FOR ITS FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have not served or named as parties to these proceedings, or otherwise provided an opportunity to be heard, all interested or necessary parties, including other persons who have or may have claims in the Assets, including all parties to the transactions, wire transfers and accounts that Plaintiffs contend, or may contend, are properly subject to attachment and turnover in these proceedings; all beneficial owners of the Assets who may or may not be parties to such transactions, wire transfers and accounts; upon information and belief, the United States of America, which has prohibited transfer of any blocked Assets pursuant to the Weapons of Mass Destruction Proliferators Sanctions Regulations and the Global Terrorism Sanctions Regulations; and all holders of judgments against the same judgment debtor whose claims against the Assets may have priority over those of Plaintiffs.  Accordingly, all such interested parties have a right of

notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights in the Assets.

## FOR ITS SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs seek to enforce their rights under TRIA § 201, or Section 1605(a) of the FSIA, Plaintiffs must establish all of the elements necessary to obtain relief under those statutes, including but not limited to whether the Supplemental Complaint was served upon the judgment debtor in a manner provided by applicable law.

## FOR ITS SEVENTH AFFIRMATIVE DEFENSE

Pursuant to the Weapons of Mass Destruction Proliferators Sanctions Regulations (31 C.F.R. §§ 544.101et seq.) and the Global Terrorism Sanctions Regulations (31 C.F.R. §§ 594.101 et seq.) (collectively the "Regulations"), and designations issued by OFAC thereunder, and the various Executive orders underlying those regulations, Citibank is and has been prohibited from transferring any property and assets held in which any person designated under the Regulations has an interest, except pursuant to a license issued by OFAC.  Citibank therefore seeks a determination from the Court that Plaintiffs can satisfy their judgment against the Islamic Republic of Iran by attaching and obtaining a turnover of assets and/or accounts in which Iran has an interest, directly or indirectly.

WHEREFORE, Defendant Citibank N.A ("Citibank") respectfully requests that the Court enter judgment determining whether an order of execution or turnover should be issued in respect of the blocked Islamic Republic of Iran property held by Citibank and, if the Court does order execution or turnover, determine in its order:

(a)   that all appropriate and/or necessary parties were given appropriate notice of the proceedings and the manner of such notice;

14

(b) the precise account and amount of property, if any, to be turned over pursuant to any execution or other turnover order, and to whom the turnover is granted;

(c) the appropriate apportionment amongst the various Defendant banks of funds and/or accounts to be turned over to satisfy the Judgment;

(d) whether, as to each property or account in respect of which execution or turnover is ordered, (i) the account holder is regarded as an "agency or instrumentality" of a terrorist party on a claim based on an act of terrorism within the meaning of TRIA; or (ii) the judgment is based on a claim in respect of an act for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7).

(e) whether, to the extent that Citibank is ordered to turn over any amount representing a deposit debt owed to the Islamic Republic of Iran, Citibank is discharged from any and all obligations or liabilities to the Islamic Republic of Iran, as a judgment debtor within the meaning of CPLR § 5209, or to any other person to the full extent of the payment;

(f) restraining and enjoining all parties to the action, or any of their agents or instrumentalities from instituting or prosecuting any claim or action against Citibank in any jurisdiction, arising from or relating to any claim to the Assets; and

(f) whether Citibank is entitled to other and further relief, including an award of its reasonable attorneys' fees and the costs of this proceeding.

Dated: New York, New York
October ____, 2014

        Respectfully submitted,

        DAVIS WRIGHT TREMAINE LLP


        By: /s/ Christopher J. Robinson
            Sharon L. Schneier
            Christopher J. Robinson

        1633 Broadway 27th floor
        New York, New York 10019
        (212) 489-8230

        *Attorneys for Defendant Citibank, N.A.*


TO:    Suzelle M. Smith
        Howarth & Smith
        523 West Sixth Street, Suite 728
        Los Angeles, CA  90014
        (213) 955-9400

        *Attorneys for Plaintiffs/Judgment Creditors*