UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————

JEREMY LEVIN and LUCILLE LEVIN,

                Plaintiffs,

          -against-

BANK OF NEW YORK, JP MORGAN
CHASE, SOCIETE GENERALE and
CITIBANK, N.A.,

             Defendants.
———————————————————————

Case No. 09 Civ. 5900 (RPP)

ANSWER OF JPMORGAN CHASE
BANK, N.A. TO PLAINTIFFS'
<u>SUPPLEMENTAL COMPLAINT</u>

Defendant JPMorgan Chase Bank, N.A. ("JPMCB," erroneously referred to in the caption as JP Morgan Chase), by its attorneys, Levi Lubarsky & Feigenbaum LLP, for its answer to the Supplemental Complaint Pursuant to N.Y. C.P.L.R. § 5225 dated September 30, 2014 (the "Supplemental Complaint") of plaintiffs Jeremy Levin and Lucille Levin ("Plaintiffs"), and for its counterclaims, alleges as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Supplemental Complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Supplemental Complaint.  To the extent the allegations in paragraph 2 purport to state legal conclusions, no response is required.

      3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Supplemental Complaint, except admits that JPMCB has filed reports with the Office of Foreign Assets Control ("OFAC") of the United States Treasury

Department regarding blocked assets in which Judgment Debtor Islamic Republic of Iran ("Iran") has or may have a direct or indirect interest.

4.     Admits that Plaintiffs served interrogatories on JPMCB, admits that JPMCB served responses to the interrogatories disclosing certain blocked accounts in which Iran has or may have a direct or indirect interest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Supplemental Complaint.

5.     Admits that the protective order referred to in paragraph 5 of the Supplemental Complaint (the "Protective Order") was entered on September 30, 2008 by the United States District Court for the District of Columbia in the Levin Litigation, as defined in paragraph 5, and refers to the Protective Order for its terms.

6.     Admits that Plaintiffs request the relief referred to in paragraph 6 of the Supplemental Complaint.

7.     Admits that paragraph 7 of the Supplemental Complaint cites portions of § 5225(b) of the New York Civil Practice Law and Rules ("CPLR") and refers to § 5225(b) for its full terms.

8.     Admits that paragraph 8 of the Supplemental Complaint cites portions of § 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") and refers to § 201 for its full terms.  Insofar as paragraph 8 otherwise purports to a state legal conclusion, no response is required.

9.     Admits that paragraph 9 of the Supplemental Complaint cites portions of § 1610 of the Foreign Sovereign Immunities Act ("FSIA") and refers to § 1610 for its full terms.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Supplemental Complaint, except admits that JPMCB holds

certain blocked accounts in which Iran has or may have a direct or indirect interest.  Insofar as paragraph 10 purports to state a legal conclusion, no response is required.

11.   Paragraph 11 of the Supplemental Complaint purports to state legal conclusions to which no response is required.

12.   Paragraph 12 of the Supplemental Complaint purports to state legal conclusions to which no response is required.

13.   Admits that the Court has subject matter jurisdiction over this action, as alleged in paragraph 13 of the Supplemental Complaint, and admits that the paragraph cites § 1605(a)(7) of the FSIA and its successor, § 1605A, and refers to those provisions for their full terms.  Insofar as paragraph 13 otherwise purports to state legal conclusions, no response is required.

14.   Admits that the Court has jurisdiction over JPMCB, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Supplemental Complaint.

15.   Admits that venue in this Court is proper as to JPMCB.

16.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Supplemental Complaint.

17.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Supplemental Complaint.

18.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Supplemental Complaint.

19.   In response to paragraph 19 of the Supplemental Complaint, JPMCB denies that it is incorporated under the laws of Delaware (it is a national banking association organized and existing under the laws of the United States of America); denies that it is headquartered in New

York (its headquarters, as set forth in its Articles of Association, are in the State of Ohio); admits that it has an office at One Chase Manhattan Plaza in New York City; and admits that it has reported to OFAC blocked accounts in which Iran has or may have a direct or indirect interest, including those set forth in Exhibit D to the Supplemental Comlaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Supplemental Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Supplemental Complaint.

22.     Paragraph 22 of the Supplemental Complaint purports to state legal conclusions to which no response is required.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Supplemental Complaint.

24.     Admits that Iran is a foreign state designated as a state sponsor of terrorism, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Supplemental Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Supplemental Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Supplemental Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Supplemental Complaint.  To the extent paragraph 27 purports to state legal conclusions, no response is required.

4

28.     As to the unnumbered paragraph following the section entitled "Plaintiffs' Writs of Execution," JPMCB denies knowledge or information sufficient to form a belief as to the truth of the allegations in that paragraph, except admits that the U.S. Marshal served JPMCB with a writ of execution on or about March 31, 2014, and admits that JPMCB, on or about April 17, 2014, disclosed additional blocked accounts to Plaintiffs in which Iran has or may have a direct or indirect interest.

29.     Paragraph 28 of the Supplemental Complaint purports to state legal conclusions to which no response is required.

30.     Admits that paragraph 29 of the Supplemental Complaint cites TRIA § 201 and refers to that statute for its full terms.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Supplemental Complaint, except admits that Iran is a foreign state.

32.     Admits that paragraph 31 of the Supplemental Complaint cites TRIA's definition of "blocked assets" and refers to that statutory provision for its full terms.

33.      Admits that the President has issued the Executive Orders identified in paragraph 32 of the Supplemental Complaint and refers to those Executive Orders for their full terms.

34.     In response to paragraph 33 of the Supplemental Complaint, JPMCB admits that Executive Order 13,382 was issued on or about June 28, 2005 and refers to that Executive Order for its full terms.

35.     In response to paragraph 34 of the Supplemental Complaint, JPMCB refers to Executive Order 13,382 for its full terms.  To the extent paragraph 34 purports to state a legal conclusion, no response is required.

5

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Supplemental Complaint, except admits that OFAC administers various sanctions directed against terrorists, terrorist groups, state sponsors of terrorism, and proliferators of weapons of mass destruction ("WMD").

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Supplemental Complaint, except admits that OFAC designates terrorists, terrorist groups and state sponsors of terrorism and places them on its public list of "Specially Designated Nationals" ("SDNs").

38.     Admits that paragraph 37 of the Supplemental Complaint cites 31 C.F.R. § 544 and refers to that regulation for its full terms.

39.     Admits that paragraph 38 of the Supplemental Complaint cites 31 C.F.R. § 544.201(a) and refers to that regulation for its full terms.  To the extent paragraph 38 purports to state legal conclusions, no response is required.

40.     Admits that paragraph 39 of the Supplemental Complaint cites OFAC's Terrorist Assets Report 2007 and refers to that report for its full terms.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Supplemental Complaint, except admits that OFAC's placement of entities on the SDN or WMD lists imposes certain obligations on financial institutions with respect to those entities.

42.     Admits that JPMCB has reported to OFAC "blocked assets," as defined by TRIA, in which Iran has or may have a direct or indirect interest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Supplemental Complaint.

6

43.     Admits that Exhibit D to the Supplemental Complaint includes blocked assets, held at JPMCB, in which Iran has or may have a direct or indirect interest, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Supplemental Complaint.

44.     Paragraph 43 of the Supplemental Complaint purports to state legal conclusions to which no response is required.  Insofar as paragraph 43 cites to Chapter V of Title 31 of the Code of Federal Regulations, JPMCB refers to that Chapter for its full terms.

45.     Admits that paragraph 44 of the Supplemental Complaint cites certain provisions of 28 U.S.C. § 1610(g) and refers to that statute for its full terms.  Insofar as paragraph 44 purports to state a legal conclusion, no response is required.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Supplemental Complaint, except admits that JPMCB has blocked assets in which Iran has or may have an interest.  Insofar as paragraph 45 purports to state legal conclusions, no response is required.

47.     Paragraph 46 of the Supplemental Complaint purports to state a legal conclusion to which no response is required.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Supplemental Complaint, except admits that JPMCB has reported blocked assets to OFAC that appear to have a nexus with Iran or its agencies or instrumentalities, and refers to the October 6, 2008 letter from Heather Phillips of the U.S. Department of Justice (not from Sean Thornton, as Plaintiffs mistakenly allege) for its full terms.

49.     Admits that paragraph 48 of the Supplemental Complaint cites the document entitled "OFAC Regulations for the Financial Community" and refers to that document for its full terms.  Insofar as paragraph 45 purports to state legal conclusions, no response is required.

50.     Paragraph 49 of the Supplemental Complaint purports to state a legal conclusion to which no response is required.

51.     Paragraph 50 of the Supplemental Complaint purports to state a legal conclusion to which no response is required.

52.     Paragraph 51 of the Supplemental Complaint purports to state a legal conclusion to which no response is required.

53.     In response to paragraph 52 of the Supplemental Complaint, JPMCB repeats and realleges its responses to the allegations in paragraphs 1 through 51 as if they were set forth in full herein.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Supplemental Complaint.

55.     Paragraph 54 of the Supplemental Complaint purports to state a legal conclusion to which no response is required.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Supplemental Complaint, except admits that Exhibit D to the Supplemental Complaint identifies various blocked accounts, held by JPMCB, in which Iran has or may have a direct or indirect interest.

57.     Paragraph 56 of the Supplemental Complaint purports to state a legal conclusion to which no response is required.

<u>FIRST AFFIRMATIVE DEFENSE</u>

58.     The Supplemental Complaint fails to state a claim on which relief can be granted.

<u>SECOND AFFIRMATIVE DEFENSE</u>

59.     Persons and entities other than Iran or agencies or instrumentalities of Iran may have interests in or rights to part or all of one or more Iranian Blocked Assets, as defined in paragraph 3 of the Supplemental Complaint, that are held at JPMCB (the "JPMCB Blocked Accounts").  The interests or rights of those persons or entities may be superior to Plaintiffs' rights, if any, to execute on the JPMCB Blocked Accounts to satisfy their judgment against Iran. Such persons and entities include parties to or participants in wire transfers, blocked pursuant to regulations promulgated by OFAC, that underlie the JPMCB Blocked Accounts, and other persons who or entities that have also obtained or are seeking judgments against Iran and who have served writs of execution or other forms of process or notice of their claims.

<u>THIRD AFFIRMATIVE DEFENSE</u>

60.     Persons and entities other than Iran or agencies or instrumentalities of Iran may be required or indispensable parties to this proceeding under Rule 19 or applicable provisions of state law (and properly subject to interpleader under Fed. Civ. P. 22) and may have the right to receive notice of these proceedings and an opportunity to be heard before this Court enters a judgment that would terminate or otherwise affect their rights.  Such persons and entities include parties to or participants in wire transfers, blocked pursuant to regulations promulgated by OFAC, that underlie the JPMCB Blocked Accounts, and other persons who or entities that have also obtained or are seeking judgments against Iran and who have served writs of execution or other forms of process or notice of their claims.

## FOURTH AFFIRMATIVE DEFENSE

61.     The funds in the JPMCB Blocked Accounts, having been blocked pursuant to OFAC regulations, cannot be transferred to Plaintiffs except pursuant to (i) a license issued by OFAC permitting such a transfer or (ii) a final judgment under TRIA § 201 or FSIA § 1610 after the Court's determination that Plaintiffs have met their burden of proof on all of the elements of a claim under TRIA § 201(a) or FSIA § 1610, including the requirement that the property, debt or asset to be levied on is a "blocked asse[t]  of . . . [a] terrorist party (including . . . any agency or instrumentality of that terrorist party)" and therefore subject to execution.  E.g., 31 C.F.R. § 542.202(e) ("Except to the extent otherwise provided by law or unless licensed pursuant to this part, any . . . execution, garnishment or other judicial process is null and void with respect to any property in which, on or since the effective date, there existed an interest of a person whose property and interests in property are blocked pursuant to [31 C.F.R.] § 542.201(a)").

## FIFTH AFFIRMATIVE DEFENSE

62.     If Plaintiffs' judgment against Iran was entered on default, Plaintiffs must meet their burden of proof that a copy of the judgment was served on Iran in the manner required by FSIA § 1608 in order to comply with FSIA § 1608(e).  E.g., Trans Commodities, Inc. v. Kazakhstan Trading House, S.A., No. 96 CIV. 9782 (BSJ), 1997 WL 811474, at *4-5 (S.D.N.Y. May 28, 1997).

## SIXTH AFFIRMATIVE DEFENSE

63.     To comply with the requirements of CPLR §§ 5225(b) and 5227 and Fed. R. Civ. P. 69, Plaintiffs must meet their burden of showing that a copy of the Supplemental Complaint has been served on Iran, and on any agency or instrumentality of Iran that may have an interest

in or rights to any one or more of the JPMCB Blocked Accounts, in the manner required by

FSIA § 1608. E.g., Trans Commodities, Inc., 1997 WL 811474, at *4-5.

### SEVENTH AFFIRMATIVE DEFENSE

64.    Plaintiffs must meet their burden of proof that they have complied in all respects

with the requirements of FSIA § 1610(c), including the requirements that a court approve in

advance any writ of execution served in an effort to satisfy a judgment against a foreign state and

authorize Plaintiffs to execute on the assets that are the subject of their writ.  E.g., Levin v. Bank

of New York, No. 09 CV 5900 (RPP), 2011 WL 812032, at *7-11 (S.D.N.Y. Mar. 4, 2011);

Trans Commodities, Inc, 1997 WL 811474, at *3.

### EIGHTH AFFIRMATIVE DEFENSE

65.    Plaintiffs can execute under TRIA § 201(a) on blocked assets in the possession or

custody of a bank only after meeting their burden of proof as to all of the requirements of TRIA

§ 201(a), including the requirement that the asset to be levied on is a "blocked asse[t] of . . . [a]

terrorist party (including . . . any agency or instrumentality of that terrorist party)."

### NINTH AFFIRMATIVE DEFENSE

66.    Plaintiffs can execute under FSIA § 1610(g) on property in the possession or

custody of a bank only after meeting their burden of proof as to all of the requirements of FSIA

§ 1610(g), including the requirement that the property or debt to be levied on is "property of a

foreign state against which a judgment is entered under § 1605A [or] the property of an agency

or instrumentality of such a state."

### TENTH AFFIRMATIVE DEFENSE

67.    A natural person cannot be an "agency or instrumentality" of a foreign state, such

as Iran, for purposes of TRIA § 201(a) or FSIA § 1610(g).  See FSIA § 1603(b); Samantar v.

Yousuf, 130 S. Ct. 2278 (2010); Hausler v. JPMorgan Chase Bank, N.A., 845 F. Supp. 2d 553, 571 (S.D.N.Y. 2012) ("If the [entities involved in blocked wire transfers] are not agencies or instrumentalities of Iran [the judgment debtor], then the blocked funds are beyond the reach of the TRIA").

## ELEVENTH AFFIRMATIVE DEFENSE

68.     A corporation or juridical entity cannot be an "agency or instrumentality" of a foreign state, such as Iran, for purposes of TRIA § 201(a) or FSIA § 1610(g) unless "a majority of [its] shares or other ownership interest" is owned directly by the foreign state.  See FSIA § 1603(b)(2); Dole Foods v. Patrickson, 538 U.S. 468, 474 (2003) (companies "indirectly owned by the State of Israel" could not qualify as state's agencies or instrumentalities because "only direct ownership of a majority of shares by the foreign state satisfies the statutory requirement").

## TWELFTH AFFIRMATIVE DEFENSE

69.     Under FSIA §§ 1609 and 1610, Plaintiffs may seek to enforce their judgment against Iran only as against property located in the United States.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.     The value of the JPMCB Blocked Accounts that are lawfully subject to execution to satisfy Plaintiffs' judgment against Iran, coupled with the value of assets lawfully subject to execution that are held by other garnishee banks in this action or by other persons or entities against which Plaintiffs have brought separate judgment enforcement proceedings, may exceed the amount needed to satisfy Plaintiffs' judgment.  In that event, the Court should allocate the amounts to be turned over by each of the garnishee banks in this action, and by the defendants and respondents in such other proceedings, in such a way that none of the parties directed to turn

over assets is required to turn over more than that party's allocable share of the amount available and needed to satisfy Plaintiffs' judgment.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

71.     Any JPMCB Blocked Account, including those identified in Exhibit D to the Supplemental Complaint, as to which OFAC has issued or may in the future issue a license authorizing the unblocking of the account, and the release of the funds in the account, ceases to be subject to execution under TRIA or the FSIA to enforce Plaintiffs' or any others' judgments against Iran.

FIFTEENTH AFFIRMATIVE
<u>DEFENSE AND FIRST COUNTERCLAIM</u>

72.     JPMCB repeats and realleges its responses in paragraphs 1 through 71 as if they were fully set forth herein.

73.     CPLR § 5239 provides that "[p]rior to the application of property or debt . . . to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in [such] property or debt," and that in such a proceeding the Court "may vacate the execution or order, void the levy [or] direct the disposition of the property or debt."

74.     JPMCB is accordingly entitled to an order determining the rights of Plaintiffs and all other interested parties to the JPMCB Blocked Accounts.

SIXTEENTH AFFIRMATIVE
<u>DEFENSE AND SECOND COUNTERCLAIM</u>

75.     JPMCB repeats and realleges its responses in paragraphs 1 through 74 as if they were fully set forth herein.

76.     Although Plaintiffs claim they are entitled to the turnover of the JPMCB Blocked Accounts to satisfy their judgment against Iran, other persons or entities may have claims to or rights in some or all of one or more of the JPMCB Blocked Accounts, and those claims or rights may take priority over Plaintiffs' claims to or rights in those assets.  As a result, JPMCB is exposed to the risk of multiple and inconsistent liabilities as to the JPMCB Blocked Accounts.

77.     JPMCB is accordingly entitled to interpleader relief, pursuant to Fed. R. Civ. P. 22, 28 U.S.C. §§ 1335 and 2361, New York Banking Law § 134 and CPLR § 1006, determining the rights of Plaintiffs and all other interested parties with respect the JPMCB Blocked Accounts.

## SEVENTEENTH AFFIRMATIVE
## DEFENSE AND THIRD COUNTERCLAIM

78.     JPMCB repeats and realleges its responses in paragraphs 1 through 77 as if they were fully set forth herein.

79.     JPMCB is entitled to preliminary and permanent injunctive relief (i) restraining and enjoining Plaintiffs and all other persons and entities that may have claims to or rights in the JPMCB Blocked Accounts from instituting or prosecuting any other proceeding, in any state or federal court or in any other jurisdiction, that relates to or affects the JPMCB Blocked Accounts; (ii) requiring them to assert their claims to the JPMCB Blocked Accounts in this proceeding; and (iii) restraining and enjoining them from instituting or prosecuting any proceeding, in any jurisdiction, as to any of the JPMCB Blocked Accounts that JPMCB is ordered to turn over to Plaintiffs, to any other judgment creditor of Iran, or to any other person or entity.

## EIGHTEENTH AFFIRMATIVE
## DEFENSE AND FOURTH COUNTERCLAIM

80.     JPMCB repeats and realleges its responses in paragraphs 1 through 79 as if they were fully set forth herein.

81.     JPMCB is entitled to a judgment awarding it its costs and reasonable attorneys' fees incurred in defending against Plaintiffs' judgment enforcement efforts.  Any such costs and fees are to be awarded out of the funds in the JPMCB Blocked Accounts that may be turned over to Plaintiffs under any judgment entered in this action in their favor.

WHEREFORE JPMCB requests the entry of a judgment as follows:

a.      Dismissing the Supplemental Complaint as against JPMCB;

b.      Determining the rights of Plaintiffs and all interested parties in the JPMCB Blocked Accounts;

c.      As to each of the JPMCB Blocked Accounts, determining whether Plaintiffs have met their burden of proof with respect to the requirements and conditions set forth in TRIA § 201 or FSIA § 1610(g) for execution against such assets;

d.      Determining the extent to which, if at all, each of the JPMCB Blocked Accounts is subject to execution to satisfy Plaintiffs' judgment against Iran, and the extent to which Plaintiffs or any other judgment creditor of Iran is entitled to the turnover of such assets;

e.      Discharging and releasing JPMCB from any and all liability to Plaintiffs and all other claimants and interested persons with respect to any portion of the JPMCB Blocked Accounts that JPMCB is ordered to turn over to Plaintiffs, to any other judgment creditor of Iran in satisfaction of any judgment against Iran, or to any other person or entity;

f.      Restraining and enjoining Plaintiffs, and all other persons and entities who may have claims to or rights in the JPMCB Blocked Accounts, from instituting or prosecuting any proceeding, in any jurisdiction, relating to any of the JPMCB Blocked Accounts, or any portion thereof, that JPMCB is ordered to turn over to Plaintiffs, to any other judgment creditor of Iran in satisfaction of any judgment against Iran, or to any other person or entity;

15

       g.      Awarding JPMCB its costs and expenses, including reasonable attorneys' fees incurred in connection with this action; and

       h.      Awarding JPMCB such other and further relief as may be just and proper.

Dated:      New York, New York
              October 22, 2014

                                    LEVI LUBARSKY & FEIGENBAUM LLP

                                    By:  s/Steven B. Feigenbaum
                                       Steven B. Feigenbaum
                                  1185 Avenue of the Americas, 17th Floor
                                  New York, New York 10036
                                  (212) 308-6100
                                  sfeigenbaum@llf-law.com
                                  *Attorneys for Defendant JPMorgan Chase Bank, N.A.*