*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

October 28, 2014

By ECF
Honorable Robert P. Patterson
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Levin v. Bank of New York, et al.*,
                09 Civ. 5900 (RPP)

Dear Judge Patterson:

        I write respectfully to inform the Court of two recent Second Circuit opinions deciding issues that are important to resolution of the pending motion for partial summary judgment (Dkt. No. 969) in the above-referenced matter. *See Calderon-Cardona v. Bank of New York Mellon*, No. 12-75, slip op. Oct. 23, 2014, and *Hausler v. JP Morgan Chase Bank, N.A.*, No. 12-1264, *per curiam* slip op. Oct. 27, 2014 (copies enclosed). Both decisions relate specifically to issues discussed in the United States' Statement of Interest in this matter (Dkt. No. 1018). Your Honor heard oral argument on August 21, 2014.

        In *Calderon-Cardona*, judgment creditors attempted to attach midstream electronic funds transfers ("EFTs") to enforce a judgment against North Korea under FSIA section 1605A. In applying section 1610(g) of the FSIA, the Circuit stated that attachability "turns . . . on whether the blocked EFTs at issue are 'property of' North Korea or 'the property of an agency or instrumentality of' North Korea," a question the Circuit reviewed *de novo*. Slip Op. at 12. Further, the Circuit held that section 1610(g) "does not preempt state law applicable to the execution of judgments in this case," *id.*, and that "we must look to state law to define the 'rights the [judgment debtor] has in the property the [creditor] seeks to reach,'" *id.* at 13 (quoting *Export-Import Bank of U.S. v. Asia Pulp & Paper Co.*, 609 F.3d 111, 117 (2d Cir. 2010) (bracketed modifications in *Calderon-Cardona*)). Applying the New York UCC as the relevant state law governing "property interests held by parties to an EFT," the Circuit further held that, in the case of midstream EFTs, whether a judgment debtor holds a property interest sufficient to permit attachment depends on whether that party transferred funds directly to the intermediary bank that now holds the funds. Citing the lack of record evidence on that question, the Circuit remanded the matter for discovery to determine whether North Korean agencies or instrumentalities transmitted the EFTs to the intermediary banks.

        *Hausler* also involved blocked midstream EFTs held by New York banks, which a judgment creditor of Cuba sought to attach under section 201 of TRIA. The Circuit held *per curiam* that, under TRIA as under the FSIA, "we must look to state law to define the rights the judgment debtor has in the property the [creditor] seeks to reach." Slip Op. at 7 (quoting *Calderon-Cardona*, Slip. Op. at 12-13 (quotation marks omitted)). The Circuit again looked to

New York property law because "the banks at which the EFTs are blocked are in New York." *Id.* at 8.  The Circuit went on to observe, quoting *Calderon-Cardona*, that "the only entity with a property interest in the stopped EFT is the entity that passed the EFT on to the bank where it presently rests."  *Id.* at 8 (quotation marks omitted).  The Circuit reversed the district court's judgment permitting attachment because, unlike in *Calderon-Cardona*, it was "undisputed" that the judgment debtor had not transferred the EFTs directly to the intermediary banks.  *Id.*  Because Cuba had no "property interest in the EFTs," TRIA section 201 did not permit their attachment.  *Id.*

      Respectfully,

      PREET BHARARA
      United States Attorney

By:   /s/ David S. Jones
      DAVID S. JONES
      Assistant U.S. Attorney
      Telephone: (212) 637-2739
      Fax: (212) 637-2730

cc:  All counsel via ECF notification (with enclosures)