# KOBRE & KIM LLP

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM

TEL +1 212 488 1200
FAX +1 212 488 1220

NEW YORK
LONDON
HONG KONG
WASHINGTON DC
SAN FRANCISCO
MIAMI
CAYMAN ISLANDS
BVI

May 28, 2015

**VIA ECF AND HAND-DELIVERY**

The Honorable Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 706
New York, NY 10007

        Re:    **Levin v. Bank of New York, et al.**
                Case No. 09 Civ. 5900 (JPO)

Dear Judge Oetken:

      On behalf of third-party defendant ███████████████████████ we write to briefly respond to the Judgment Creditors' letter, dated May 22, 2015, opposing a lift of the stay.

      ███ recognizes that a continued stay is within the sole discretion of the Court. Nevertheless, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). Indeed, it is black letter law that, even if the Judgment Creditors demonstrate irreparable harm, this Court should lift the stay if the equities do not ultimately weigh heavily in the Judgment Creditors' favor. *See Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 126 (S.D.N.Y. 2012) ("given the substantial harm further delay of [the] proceedings could [cause] . . ., the balance of the equities would not 'weigh heavily in favor' of a stay even if the [applicant] had shown irreparable harm").

      In this case, the equities weigh overwhelmingly in ███'s favor. First, the Judgment Creditors have made no showing that the possible petitions for certiorari in

*Calderon-Cardona* and *Hausler* would be successful.[1] The Supreme Court grants less than 5% of petitions for certorari each term. Even assuming that the petitions will be granted, the Supreme Court is highly unlikely to reverse either decision. Indeed, the U.S. Government will likely submit *amicus curiae* briefs, as they did in the Second Circuit, arguing that mid-stream EFTs belong to the originator (███, in this case) – not the beneficiary – and therefore, must be returned to the originator when the originator is not a terrorist state. *See* Statement of Interest of United States of America, Dkt. No. 1018. Put simply, the likelihood of a successful Supreme Court appeal is so low that it cannot justify the Judgment Creditors' "wait and see" proposal.

Second, the Judgment Creditors seek to ignore the fact that *Calderon-Cardona* and *Hausler* are binding on this Court. *See* Second Circuit Reversal, Dkt. No. 1041. To require ███ to bear the burden of further delays in the adjudication process, while other similarly situated third-party defendants in this jurisdiction enjoy the return of their assets under *Calderon-Cardona* and *Hausler*, creates inconsistent and fundamentally unfair results.

Finally, the Judgment Creditors' claim that they will be prejudiced if the stay is lifted because the asset will removed from the United States is unavailing. This argument assumes that the asset belongs to the terrorist state from whom the Judgment Creditors seek to recover. However, the ███ belonged to ███, an innocent third-party that should not have to subsidize the satisfaction of judgments against Iran. It has been over five years since ███ was deprived of its property. The equities undoubtedly call for the prompt adjudication of this matter.

For these reasons, and those discussed in ███'s letter dated May 15, 2015, this Court should lift the stay and render summary judgment in ███'s favor.

---

[1] It is noted that the Supreme Court's order granting the Petitioners' Application for Extension to Time to file Petitions for Writ of Certiorari was not entered onto the docket until May 20, 2015, five days after ███'s May 15, 2015 letter. ███ therefore had no knowledge, prior to submitting its proposed redacted letter, that those judgement creditors intended to petition for certiorari.

Respectfully submitted,

*Eric J. Snyder/ssx*

Eric J. Snyder
+1 202 664 1904

cc: All Counsel of Record (by ECF)