Oethen.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————

JEREMY LEVIN and DR. LUCILLE LEVIN,

                          Plaintiffs,            No. 09-cv-5900 (JPO)

          -against-

THE BANK OF NEW YORK MELLON,
JPMORGAN CHASE & CO., JPMORGAN
CHASE BANK, N.A., SOCIETE GENERALE
and CITIBANK, N.A.,

                          Defendants.

————————————————————————

JPMORGAN CHASE BANK, N.A.,

                          Counterclaim-Plaintiff,

          -against-

JEREMY LEVIN and DR. LUCILLE LEVIN,

                          Counterclaim-Defendants.

————————————————————————

JPMORGAN CHASE BANK, N.A.,

                          Third-Party Plaintiff,

          -against-

KASSIM TAJIDEEN, et al.,

                          Third-Party Defendants.

————————————————————————

STIPULATION AND ORDER REGARDING
DISCLAIMER OF INTEREST AND DISCHARGE AS TO
BLOCKED ACCOUNT AND DISMISSAL FROM INTERPLEADER ACTION

This Stipulation and Order is entered into by and between defendant/third-party plaintiff JPMorgan Chase Bank, N.A. ("JPMCB"), on the one hand, and third-party defendants Terance J. Valore et al. (the "Valore Parties"), on the other.  The individuals and estates comprising the Valore Parties are set forth in Schedule A to this Stipulation and Order.

WHEREAS:

a.      In an action in the United States District Court for the District of Columbia entitled *Levin et al v. Islamic Republic of Iran et al.*, No. 05-2494, plaintiffs Lucille Levin and Jeremy Levin (the "Levins") obtained a judgment dated February 6, 2008, in the total amount of $28,807,719, against the Islamic Republic of Iran ("Iran") and other Iranian governmental agencies (the "Judgment").  The Judgment was later registered in this Court as Docket Number M18-302 and has since been satisfied only in part.

b.      As part of their effort to enforce the Judgment, the Levins commenced this proceeding in 2009 to obtain the turnover under § 201(a) of the Terrorism Relief Insurance Act of 2002 ("TRIA") or § 1610 of the Foreign Sovereign Immunities Act ("FSIA") of the funds in various blocked accounts established and held by JPMCB and other financial institutions.

c.      On November 15, 2017, as authorized by this Court's Opinion and Order filed October 27, 2017 (Doc. No. 1106), the Levins filed a "Supplemental Complaint Pursuant to N.Y.C.P.L.R. § 5225 and Court Order Dated October 27, 2017" (the "Supplemental Complaint," Doc. No. 1110) seeking the turnover of a blocked deposit account, ending in 6923 (the "Blocked Account"), held by JPMCB and established on or about October 1, 2012 by JPMCB and American Life Insurance Company -- Lebanon Branch ("Alico-Lebanon") in the name of Kassim Tajideen ("Tajideen," also known as Kassim Tajiddine).  The funds in the Blocked Account, which as of November 30, 2016 were in the sum of $355,892.25, represent the surrender value of

2

two insurance policies that Tajideen purchased from Alico-Lebanon before he was designated by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") as a Specially Designated Global Terrorist ("SDGT") under 31 C.F.R. § 594.310. Details of the Blocked Account are set forth in a spreadsheet annexed as Exhibit D to the Supplemental Complaint, and that spreadsheet is annexed as Schedule B to this Stipulation and Order.

d.      The Supplemental Complaint alleges that Tajideen has a sufficient nexus with Iran to make the Blocked Account subject to execution under TRIA § 201 and FSIA § 1610(g).

e.      To determine the rights of all parties with an interest in or claim to the funds in the Blocked Account, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed a third-party complaint in interpleader (the "Interpleader Complaint") in response to the Supplemental Complaint. The Interpleader Complaint named as third-party defendants all parties – including the Valore Parties and other judgment creditors of Iran – with an actual or potential interest in the Blocked Account except for those who disclaimed any such interest before the filing of the Interpleader Complaint.

f.      The Valore Parties were plaintiffs in an action in the United States District Court for the District of Columbia entitled *Valore et al. v. Islamic Republic of Iran et al.*, No. 03-cv-1959 (RCL), in which they recovered a judgment, entered on March 31, 2010, in the amount of $1,290,291,092 against Iran and an Iranian governmental entity. The Valore Parties' judgment has to date not been satisfied in full. Before the filing of the Interpleader Complaint, the Valore Parties, through counsel, had expressed to JPMCB that they had an interest in, and intended to pursue a claim to, the Blocked Account in JPMCB's interpleader action. The Valore Parties were accordingly named as third-party defendants in the Interpleader Complaint.

g.      The Valore Parties, before having filed an answer to the Interpleader Complaint and notwithstanding their judgment against Iran, now disclaim an interest of any kind in the Blocked Account and are accordingly prepared to relinquish and surrender, with prejudice, any claims to the Blocked Account that they might have in exchange for JPMCB's dismissal, with prejudice, of the Interpleader Complaint as against the Valore Parties.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1.      Any and all claims, rights and interests that the Valore Parties ever had, now have or may hereafter have in or to the Blocked Account are hereby relinquished, surrendered, terminated and extinguished with prejudice.  The Valore Parties covenant and agree not to assert, at any time, a claim against JPMCB as to the Blocked Account in any court or tribunal anywhere in the world.

2.      In light of the Valore Parties' relinquishment of any claim to the Blocked Account, JPMCB hereby dismisses the Valore Parties with prejudice, under Rule 41(c) of the Federal Rules of Civil Procedure, from this interpleader action upon the Court's entry of this stipulation as an order.  That dismissal shall be deemed to have gone into effect upon such entry.

3.      In consideration of JPMCB's dismissal of the Valore Parties from this interpleader action, the Valore Parties hereby discharge and release JPMCB from any and all liability and obligations of any kind whatsoever with respect to $355,892.25 held in the Blocked Account as of November 30, 2016 (and any interest that has accrued since then), and from any claims that the Valore Parties may have with respect to the $355,892.25 held in the Blocked Account as of November 30, 2016 (and any interest that has accrued since then).

4.      The Valore Parties have no objection to, and will not oppose the entry of, any future order or judgment of this Court or any other court (i) awarding the $355,892.25 held in the

4

Blocked Account as of November 30, 2016 (and any interest that has accrued since then) to the Levins or any another person or entity; and (ii) discharging JPMCB from any liability to any person or entity, including the Valore Parties, with respect to the $355,892.25 held in the Blocked Account as of November 30, 2016 (and any interest that has accrued since then). The Valore Parties agree not to contest the validity of any such order or judgment in any future proceeding in this or any other court.

5.      This Stipulation and Order is tantamount to a final judgment, within the meaning of Rule 54(b) of the Federal Rules of Civil Procedure, with respect to (i) the Valore Parties' claims to, rights to or interest in the $355,892.25 held in the Blocked Account as of November 30, 2016 (and any interest that has accrued since then); and (ii) the discharge and release of JPMCB from any liability or obligation to the Valore Parties, of any kind whatsoever, as to the $355,892.25 held in the Blocked Account as of November 30, 2016 (and any interest that has accrued since then). The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers the Blocked Account and that is entered in this Court, or in any other court, upon the conclusion of JPMCB's interpleader action and the Levins' turnover proceeding.

6.      Nothing in this Stipulation and Order shall limit, restrict, alter or otherwise affect the right of JPMCB to recover out of the Blocked Account its attorneys' fees and expenses incurred in connection with the interpleader action.

7.      JPMCB and the Valore Parties agree that, between the time this Stipulation and Order is signed by them and the time it is so-ordered by the Court, the Stipulation and Order shall be fully binding on them and of no less force and effect than when it is so-ordered.

8.      This Stipulation and Order may be executed by email and in counterparts.

Dated:          February 23, 2018

JPMORGAN CHASE BANK, N.A.                    FLEISCHMAN LAW FIRM, PLLC, as Counsel to
                                             the Valore Parties

By: _____                 By: _____
Name:  Andrew N. Keen                              Keith M. Fleischman
Title:  Senior Vice President and            565 Fifth Avenue, 7th Floor
Associate General Counsel                    New York, New York 10017
                                             (212) 880-9567


SO ORDERED:

_____
        J. PAUL OETKEN                          March 1, 2018
   United States District Judge


6

SCHEDULE A

The Valore Parties:  The Valore Parties consist of the following estates and individuals:

Terance J. Valore; Angel Alvarado-Tull; Geraldo Alvarado Tull; Grisselle Romero; Luis

Alvarado-Tull; Luisa Alvarado; Maria Alvarado O'Sheaf; Marta Alvarado Tull; Minerva

Alvarado-Tull; Pedro Alvarado-Tull, Jr.; Yolanda Alvarado-Tull; Zoraida Alvarado; Dennis Jack

Anderson; Lolita M. Arnold; Estate of Moses Arnold, Jr.; Cheryl Bass; Estate Of David L.

Battle; Lisa Ann Beck; Betty J. Bolen; Keith Edwin Bolen; Neale Scott Bolen; Estate of Sheldon

H. Bolen; Catherine Bonk; Estate of John Bonk, Sr.; Kevin Bonk; Thomas Bonk; Estate of

Edward J. Brooks; Estate of Patricia A. Brooks; Timothy Brooks; Marian DiGiovanni; Sherry

Lynn Fiedler; Marilou Fluegel; Robert Fluegel; Estate of Thomas A. Fluegel; Wanda Ford;

Evans Hairston; Felicia Hairston; Estate of Julia Bell Hairston; Estate of Bennie Harris; Michael

Harris; Rose Harris; Estate of Matilde Hernandez, Jr.; Estate of Henry Durban Hukill; Mark

Andrew Hukill; Matthew Scott Hukill; Melissa Hukill; Meredith Ingersoll; Mitchell Charles

Hukill; Monte Hukill; Virginia Ellen Hukill; Catherine Bonk Hunt; Shirley Ann Storm Pettry;

Penni Bernard; Carl Arnold Kirkwood, Jr.; Carl Kirkwood, Sr.; Jeff Kirkwood; Estate of Shirley

Kirkwood; Sharla M. Korz; Patricia Kronenbitter; Betty Laise; Bill Laise; Kris Laise; Bill

Macroglou; James Macroglou; Lorraine Macroglou; Kathy McDonald; Edward Joseph

McDonough; Estate of Edward W. McDonough; Sean McDonough; Estate of John Muffler;

Marcy Lynn Parson; Donald R. Pontillo; Douglas Pontillo; Deborah Spencer Rhosto; Estate of

Luis Rotondo; Estate of Rose Rotondo; Estate of Phyllis Santoserre; Don Selbe; Estate of Eloise

F. Selbe; James Selbe; John E. Selbe; Estate of James Silvia; Anna Marie Simpson; Larry H.

Simpson, Sr.; Renee Eileen Simpson; Robert Simpson; Belinda Skarka; Lynne Michol Spencer;

Allison Thompson; Estate of Isaline Thompson; Johnny Thompson; Willie G. Thompson;

7

Deborah True; Andres Alvarado Tull; Estate of John Jay Tishmack; Janice Valore; Orlando M. Valore, Jr.; Estate of Orlando Michael Valore, Sr.; Estate of Leonard Warren Walker; Estate of Walter Emerson Wint, Jr.; Sally Jo Wirick; and the Estate of James Yarber.

## SCHEDULE B

| Account Title | Account Number | Balance As of 11/30/2016 | Currency | Blocked Account Location | Name of Blockable Individual or Entity | Origin of Blocked Funds | Program | Originator | Originating Financial Institution | Senders Correspondent | Intermediary Financial Institution | Receivers Correspondent | Beneficiary Financial Institution | Beneficiary |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLK ACC METLIFE (SDGT) | ▮6923 | 355,892 25 | USD | New York | KASSIM MOHAMMAD TAJIDDINE | MetLife's Blocked Property (See Comments) | 31CFR594 | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Comments | This account contains MetLife's blocked property in which JPMC is holding on their behalf  The cash held within this account represents the surrendered value of the two insurance policies a life insurance policy and a personal accident policy for Kassim Mohammad Tajiddine ("Tajiddine")  The policies were purchased by Tajiddine on 7/28/2001 prior to OFAC SDN designation and were sold by the Sleiman Agency on behalf of American Life Insurance Company's Lebanon branch an insurance company that was acquired by MetLife in 2010 | | | | | | | | | | | | | |