UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Plaintiffs,

-against-

THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A.,

        Defendants.

No. 09-cv-5900 (JPO)(RLE)

---

JPMORGAN CHASE BANK, N.A.,

        Counterclaim-Plaintiff,

-against-

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Counterclaim-Defendants.

---

JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiff,

-against-

KASSIM TAJIDEEN, et al.,

        Third-Party Defendants.

---

STIPULATION AND ORDER REGARDING DISCLAIMER
OF INTEREST AND DISCHARGE AS TO BLOCKED ACCOUNT

6338795.1

This Stipulation and Order is entered into by and between defendant/third-party plaintiff JPMorgan Chase Bank, N.A. ("JPMCB") and third-party defendant Kassim Tajideen ("Tajideen").

WHEREAS:

a. In an action in the United States District Court for the District of Columbia entitled *Levin et al v. Islamic Republic of Iran et al.*, No. 05-2494, plaintiffs Lucille Levin and Jeremy Levin (the "Levins") obtained a judgment dated February 6, 2008, in the total amount of $28,807,719, against the Islamic Republic of Iran ("Iran") and other Iranian governmental agencies (the "Judgment"). The Judgment was later registered in this Court as Docket Number M18-302 and has since been satisfied only in part.

b. As part of their effort to enforce the Judgment, the Levins commenced this proceeding in 2009 to obtain the turnover under § 201(a) of the Terrorism Relief Insurance Act of 2002 ("TRIA") or § 1610 of the Foreign Sovereign Immunities Act ("FSIA") of the funds in various blocked accounts established and held by JPMCB and other financial institutions.

c. On November 15, 2017, as authorized by this Court's Opinion and Order filed October 27, 2017 (Doc. No. 1106), the Levins filed a "Supplemental Complaint Pursuant to N.Y.C.P.L.R. § 5225 and Court Order Dated October 27, 2017" (the "Supplemental Complaint," Doc. No. 1110) seeking the turnover of a blocked deposit account, ending in 6923 (the "Blocked Account"), held by JPMCB and established on or about October 1, 2012 by JPMCB and American Life Insurance Company – Lebanon Branch ("Alico-Lebanon") in the name of Tajideen. The funds in the Blocked Account, which as of November 30, 2016 were in the sum of $355,892.25 and which continue to accrue interest, represent the surrender value of two insurance policies that Tajideen purchased from Alico-Lebanon before he was designated by the

2

U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") as a Specially Designated Global Terrorist ("SDGT") under 31 C.F.R. § 594.310. Details of the Blocked Account are set forth in a spreadsheet annexed as Exhibit D to the Supplemental Complaint, and that spreadsheet is annexed as Schedule A to this Stipulation and Order.

   d. The Supplemental complaint alleges that Tajideen has a sufficient nexus with Iran to make the Blocked Account subject to execution under TRIA § 201 and FSIA § 1610(g).

   e. To determine the rights of all parties with an interest in or claim to the funds in the Blocked Account, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed a third-party complaint in interpleader (the "Interpleader Complaint") on January 12, 2018 in response to the Supplemental Complaint (the "Interpleader Action"). The Interpleader Complaint names as third-party defendants all parties, including Tajideen and other judgment creditors of Iran, with an actual or potential interest in the Blocked Account except for those who had disclaimed any such interest before the filing of the Interpleader Complaint.

   f. Tajideen asserts that neither the Blocked Account nor any other assets in which he has an interest are subject to execution, under TRIA § 201 or FSIA § 1610(g), by the Levins or any other judgment creditors of Iran or of the Revolutionary Armed Forces of Colombia (known as the "FARC"). Tajideen denies that he has any association, affiliation or relationship with Iran, the FARC or any terrorist organization, and asserts that OFAC's designation of him as an SDGT was improper, without basis, and unlawful.

   g. Nevertheless, whatever his interest in the Blocked Account, and due exclusively to the expense and inconvenience of litigation and other factors having nothing to do with the merits of any party's claim to the Blocked Account, Tajideen has decided not to participate in the

Interpleader Action and will be filing no answer or other response to the Interpleader Complaint. Tajideen instead disclaims an interest of any kind in the Blocked Account and is prepared to relinquish and surrender, with prejudice, any claim to the Blocked Account that he otherwise has. In doing so, Tajideen makes no admission as to any allegation against or about him in the Interpleader Action.

h.   As to any other assets, besides the Blocked Account, in which Tajideen has or may have an interest, Tajideen preserves any such interest and all of his defenses, claims and rights in any pending or future proceeding, in any forum, in which any one or more such assets are at issue.

i.   Tajideen's purpose in entering into this Stipulation and Order is to effectuate his withdrawal from the Interpleader Action, and the relinquishment of his claim to the Blocked Account, without inconvenience and legal expense and without waiving, in any other pending or future proceeding (including but not limited to in the Levins' proceeding except as to the Blocked Account), any defense or claim, including but not limited to any defense to allegations that Tajideen has been properly identified as an SDGT, that he has funded terrorist organizations such as Hizbollah or the FARC, or that he has other improper or unlawful connections to such organizations.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1.   Any and all claims, rights and interests that Tajideen ever had, now has or may hereafter have in or to the Blocked Account are hereby relinquished, surrendered, terminated and extinguished with prejudice. Tajideen covenants and agrees not to assert, at any time, a claim against JPMCB as to the Blocked Account in any court or tribunal anywhere in the world.

2.      In light of Tajideen's relinquishment of any claim to the Blocked Account, JPMCB hereby agrees to withdraw with prejudice, under Fed. R. Civ. P. 41(c), its claim against Tajideen in the Interpleader Action. That dismissal shall be deemed to have been effected upon the Court's entry of this stipulation as an order, and neither party need thereafter file any other document to effectuate the dismissal.

3.      In consideration of JPMCB's withdrawal with prejudice of its claim against Tajideen in the Interpleader Action, Tajideen hereby discharges and releases JPMCB from any and all liability and obligations of any kind whatsoever, and from any claims that Tajideen may have, with respect to the Blocked Account and the funds therein.

4.      Tajideen has no objection to, and will not oppose the entry of, any future order or judgment of this Court or any other court (i) awarding the funds in the Blocked Account to the Levins or any another person or entity, and (ii) discharging JPMCB from any liability to any person or entity, including Tajideen, with respect to the Blocked Account and the funds therein. Tajideen agrees not to contest the validity of any such order or judgment in any future proceeding in this or any other court.

5.      Nothing in this Stipulation and Order shall operate as an admission by or against Tajideen or have any collateral estoppel or res judicata effect in any other judgment enforcement or other proceeding, including but not limited to any future proceedings in the Levins' action resulting from the Levins' assertion of new claims to any blocked assets separate from and unrelated to the Blocked Account.

6.      It is Tajideen's intention that this Stipulation and Order not convey to any party any defenses, possessed by Tajideen, that relate to the Blocked Account, and Tajideen does not authorize any attempt by a party other than himself to assert such a defense to the turnover of the

funds in the Blocked Account. Tajideen reserves the right to contend in any future proceeding that an adjudication of any such defense in this Interpleader Action was not made in response to any position taken on his behalf and is not binding on him.

7. This Stipulation and Order is tantamount to a final judgment, within the meaning of Fed. R. Civ. P. 54(b), with respect to (i) Tajideen's claim to, right to or interest in the Blocked Account; and (ii) the discharge and release of JPMCB from any liability or obligation to Tajideen, of any kind whatsoever, as to the Blocked Account. The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers the Blocked Account and that is entered in this Court, or in any other court, upon the conclusion of JPMCB's interpleader action and the Levins' turnover proceeding. This Stipulation and Order shall not, however, be deemed or construed as an admission by Tajideen in any other proceeding.

8. Nothing in this Stipulation and Order shall limit, restrict, alter or otherwise affect the right of JPMCB to recover out of the Blocked Account its attorneys' fees and expenses incurred in connection with JPMCB's interpleader action.

9. JPMCB and Tajideen agree that, between the time this Stipulation and Order is signed by all of them and the time it is so-ordered by the Court, the Stipulation and Order shall be fully binding on all of them and of no less force and effect than when it is so-ordered.

10. This Stipulation and Order may be executed by email and in counterparts.

Dated: March 12, 2018

JPMORGAN CHASE BANK, N.A.

By: _____
Name: Andrew N. Keen
Title: Senior Vice President and

KASSIM TAJIDEEN

By: _____
Kassim Tajideen

6338795.1

Associate General Counsel
SO ORDERED:

_____  March 13, 2018
J. PAUL OETKEN
United States District Judge

# SCHEDULE A

| Account Title | Account Number | Balance As of 11/30/2016 | Currency | Blocked Account Location | Name of Blockable Individual or Entity | Origin of Blocked Funds | Program | Originator | Originating Financial Institution | Senders Correspondent | Intermediary Financial Institution | Receivers Correspondent | Beneficiary Financial Institution | Beneficiary |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BLK ACC METLIFE (SDGT) | ▇6923 | 355,892.25 | USD | New York | KASSIM MOHAMMAD TAJIDDINE | MetLife's Blocked Property (See Comments) | 31CFR594 | N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| Comments | This account contains MetLife's blocked property in which JPMC is holding on their behalf. The cash held within this account represents the surrendered value of the two insurance policies a life insurance policy and a personal accident policy for Kassim Mohammad Tajiddine ("Tajiddine"). The policies were purchased by Tajiddine on 7/28/2001 prior to OFAC SDN designation and were sold by the Sleiman Agency on behalf of American Life Insurance Company's Lebanon branch an insurance company that was acquired by MetLife in 2010. | | | | | | | | | | | | | |