UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Plaintiffs,

-against-

THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIETE GENERALE and CITIBANK, N.A.,

        Defendants.
_____

JPMORGAN CHASE BANK, N.A.,

        Counterclaim-Plaintiff,

-against-

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Counterclaim-Defendants.
_____

JPMORGAN CHASE BANK, N.A.,

        Third-Party Plaintiff,

-against-

KASSIM TAJIDEEN, et al.,

        Third-Party Defendants.
_____

No. 09-cv-5900 (JPO)(RLE)

STIPULATION AND ORDER REGARDING DISCLAIMER
OF INTEREST AND DISCHARGE AS TO BLOCKED ACCOUNT

This Stipulation and Order is entered into by and between defendant/third-party plaintiff JPMorgan Chase Bank, N.A. ("JPMCB") and third-party defendant Kassim Tajideen ("Tajideen").

WHEREAS:

a. In an action in the United States District Court for the District of Columbia entitled *Levin et al v. Islamic Republic of Iran et al.*, No. 05-2494, plaintiffs Lucille Levin and Jeremy Levin (the "Levins") obtained a judgment dated February 6, 2008, in the total amount of $28,807,719, against the Islamic Republic of Iran ("Iran") and other Iranian governmental agencies (the "Judgment"). The Judgment was later registered in this Court as Docket Number M18-302 and has since been satisfied only in part.

b. As part of their effort to enforce the Judgment, the Levins commenced this proceeding in 2009 to obtain the turnover under § 201(a) of the Terrorism Relief Insurance Act of 2002 ("TRIA") or § 1610 of the Foreign Sovereign Immunities Act ("FSIA") of the funds in various blocked accounts established and held by JPMCB and other financial institutions.

c. On November 15, 2017, as authorized by this Court's Opinion and Order filed October 27, 2017 (Doc. No. 1106), the Levins filed a "Supplemental Complaint Pursuant to N.Y.C.P.L.R. § 5225 and Court Order Dated October 27, 2017" (the "Supplemental Complaint," Doc. No. 1110) seeking the turnover of a blocked deposit account, ending in 6923 (the "Blocked Account"), held by JPMCB and established in 2012 by JPMCB and American Life Insurance Company – Lebanon Branch ("Alico-Lebanon"). The funds in the Blocked Account, which as of November 30, 2016 were in the sum of $355,892.25, represent the surrender value of two insurance policies that Tajideen purchased from Alico-Lebanon before he was designated by the

2

U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") as a Specially Designated Global Terrorist ("SDGT") under 31 C.F.R. § 594.310.

    d.    The Supplemental Complaint alleges that Tajideen has a sufficient nexus with Iran to make the Blocked Account subject to execution under TRIA § 201 and FSIA § 1610(g).

    e.    To determine the rights of all parties with an interest in or claim to the funds in the Blocked Account, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed a third-party complaint in interpleader (the "Interpleader Complaint") on January 12, 2018 in response to the Supplemental Complaint (the "Interpleader Action"). The Interpleader Complaint named as third-party defendants all parties, including Tajideen and other judgment creditors of Iran, with an actual or potential interest in the Blocked Account except for those who had disclaimed any such interest before the filing of the Interpleader Complaint.

    f.    Tajideen asserts that neither the Blocked Account nor any other assets in which he has an interest are subject to execution, under TRIA § 201 or FSIA § 1610(g), by the Levins or any other judgment creditors of Iran or of the Revolutionary Armed Forces of Colombia (known as the "FARC"). Tajideen denies that he has any association, affiliation or relationship with Iran, the FARC or any terrorist organization, and asserts that OFAC's designation of him as an SDGT was improper, without basis, and unlawful.

    g.    Nevertheless, due to the expense and inconvenience of litigation and other factors having nothing to do with the merits of any party's claim to the Blocked Account, Tajideen did not participate in the Interpleader Action and instead entered into a Stipulation and Order with JPMCB, dated March 12, 2018 and so-ordered by the Court on March 13, 2018, under which he disclaimed an interest of any kind in the Blocked Account and relinquished and surrendered,

3

with prejudice, any claim to the Blocked Account that he otherwise had. In doing so, Tajideen made no admission as to any allegation against or about him in the Interpleader Action.

  h. Since the time of the Court's entry of the March 13, 2018 Stipulation and Order regarding the Blocked Account, only two parties – the Levins and Alico-Lebanon – have continued to seek the turnover of that account. The proceeding to determine which of those two parties, if either of them, has a superior interest in the account (the "Turnover Proceeding") is still ongoing as of the time of this stipulation and order.

  i. In the Turnover Proceeding, discovery has revealed a second blocked account held at JPMC, whose account number ends in 3534, that Alico-Lebanon established with JPMC in or around October 2012, and that holds the proceeds of an insurance premium that Tajideen paid to Alico-Lebanon in 2009 (the "Premium Blocked Account"). As of February 28, 2019, the balance in the Premium Blocked Account, with accrued interest, was $62,997. The Premium Blocked Account is subject to a writ of execution served on JPMCB by the U.S. Marshal, on the Levins' behalf, on or about May 16, 2019.

  j. The Premium Blocked Account, as authorized by the Court at a conference in the Turnover Proceeding held on July 19, 2019, has been included in and is now a subject of the Turnover Proceeding. Only the Levins, who by virtue of their writ have priority to the Premium Blocked Account vis-à-vis other judgment creditors of Iran, and Alico-Lebanon are pursuing the turnover of that account. Tajideen is the only other known party with a possible interest in the Premium Blocked Account.

  k. Despite his possible interest in the Premium Blocked Account, Tajideen hereby disclaims an interest of any kind in the Premium Blocked Account and relinquishes and surrenders, with prejudice, any claim to that account that he otherwise has. As with the Blocked

4

Account, Tajideen disclaims an interest in the Premium Blocked Account due to the expense and inconvenience of litigation and other factors having nothing to do with the merits of his or any other party's claim to the Premium Blocked Account.

l.  As to any other assets, besides the Blocked Account and the Premium Blocked Account, in which Tajideen has or may have an interest, Tajideen preserves any such interest and all of his defenses, claims and rights in any pending or future proceeding, in any forum, in which any one or more such assets are at issue.

m.  Tajideen's purpose in entering into this Stipulation and Order is to effectuate the relinquishment of any claim he may have to the Premium Blocked Account without inconvenience and legal expense and without waiving, in any other pending or future proceeding (including the Levins' proceeding except as to the Blocked Account and the Premium Blocked Account), any defense or claim, including but not limited to any defense to allegations that Tajideen has been properly identified as an SDGT, that he has funded terrorist organizations such as Hizbollah or the FARC, or that he has other improper or unlawful connections to such organizations.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1.  Any and all claims, rights and interests that Tajideen ever had, now has or may hereafter have in or to the Premium Blocked Account are hereby relinquished, surrendered, terminated and extinguished with prejudice. Tajideen covenants and agrees not to assert, at any time, a claim against JPMCB as to the Premium Blocked Account in any court or tribunal anywhere in the world.

2. Tajideen hereby discharges and releases JPMCB from any and all liability and obligations of any kind whatsoever, and from any claims that Tajideen may have, with respect to the Premium Blocked Account and the funds therein.

3. Tajideen has no objection to, and will not oppose the entry of, any future order or judgment of this Court or any other court (i) awarding the funds in the Premium Blocked Account to the Levins, Alico-Lebanon or any another person or entity, and (ii) discharging JPMCB from any liability to any person or entity, including Tajideen, with respect to the Premium Blocked Account and the funds therein. Tajideen agrees not to contest the validity of any such order or judgment in any future proceeding in this or any other court.

4. Nothing in this Stipulation and Order shall operate as an admission by or against Tajideen or have any collateral estoppel or res judicata effect in any other judgment enforcement proceeding or other proceeding, including but not limited to any future proceedings in the Levins' action resulting from the Levins' assertion of new claims to blocked assets separate from and unrelated to the Premium Blocked Account.

5. It is Tajideen's intention that this Stipulation and Order not convey to any party any defenses, possessed solely by Tajideen, that relate to the Premium Blocked Account, and Tajideen does not authorize any attempt by a party other than himself to assert such a defense to the turnover of the funds in the Premium Blocked Account. Subject to the terms of paragraphs 1 through 3 above, Tajideen reserves the right to contend in any future proceeding that an adjudication of any such defense in the Turnover Proceeding was not made in response to any position taken on his behalf and is not binding on him.

6. This Stipulation and Order is tantamount to a final judgment, within the meaning of Fed. R. Civ. P. 54(b), with respect to (i) Tajideen's claim to, right to or interest in the

Premium Blocked Account; and (ii) the discharge and release of JPMCB from any liability or obligation to Tajideen, of any kind whatsoever, as to the Premium Blocked Account. The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers the Premium Blocked Account and that is entered in this Court, or in any other court, upon the conclusion of JPMCB's interpleader action and the Levins' turnover proceeding. This Stipulation and Order shall not, however, be deemed or construed as an admission by Tajideen in any other proceeding.

7. Nothing in this Stipulation and Order shall limit, restrict, alter or otherwise affect the right of JPMCB to recover out of the Premium Blocked Account its attorneys' fees and expenses incurred in connection with JPMCB's interpleader action, including the Turnover Proceeding.

8. JPMCB and Tajideen agree that, between the time this Stipulation and Order is signed by them and the time it is so-ordered by the Court, the Stipulation and Order shall be fully binding on them and of no less force and effect than when it is so-ordered.

9. This Stipulation and Order may be executed by email and in counterparts.

Dated:    August 9, 2019

KATSKY KORINS LLP

By: _____
    Steven B. Feigenbaum
605 Third Avenue
New York, New York 10158
(212) 953-6000
*Attorneys for JPMorgan Chase Bank, N.A.*

KASSIM TAJIDEEN

By: _____
    Kassim Tajideen

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge

August 13, 2019

7