## HOWARTH & SMITH
ATTORNEYS AT LAW
523 WEST SIXTH STREET
SUITE 728
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 955-9400
FAX: (213) 622-0791
www.howarth-smith.com

**SUZELLE M. SMITH**

SSmith@howarth-smith.com
Direct Line: (213) 955-9400 Ext. 111

October 24, 2019

**VIA ECF**

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 706
New York, New York 10007

  Re: *Levin v. Bank of New York, et al.*, Case No. 09 Civ. 5900 (JPO) (Tajideen Blocked Accounts)

Dear Judge Oetken:

  Our firm represents Mr. Jeremy Levin and Dr. Lucille Levin (the "Levins") in the above-referenced action. On October 23, 2019, counsel for the Levins, JPMorgan Chase Bank, N.A. ("JPMorgan"), and American Life Insurance Company ("Alico) had a call with the Court regarding the Tajideen Blocked Accounts and the two issues remaining as to these accounts: (1) whether Kassim Tajideen is an agency or instrumentality of the Islamic Republic of Iran ("Iran"); and (2) whether Mr. Tajideen owns the funds in the Tajideen Blocked Accounts. On the issue of agency, the Levins submit the expert affidavit of Dr. Patrick Clawson under separate cover, filed concurrently herewith.

  On the issue of ownership of the property represented by the funds in the Blocked Accounts, the Levins now submit the attached Stipulation, Settlement and [Proposed] Order Regarding Kassim Tajideen's Interest in Blocked Accounts and Life Insurance Policy with American Life Insurance Company ("Stipulation and Order") between the Levins and Mr. Tajideen. The Levins request that the Court so-order the Stipulation and Order, in which Mr. Tajideen relinquishes and surrenders any interest in the Tajideen Blocked Accounts and Insurance Policy at issue in the above-referenced action (together,

Honorable J. Paul Oetken
October 24, 2019
Page 2

the "Blocked Assets") and discharges JPMorgan, Alico, and the Levins from any liability arising from the Blocked Assets.

                              Respectfully submitted,

                              Suzelle M. Smith
                              Counsel for Plaintiffs, the Levin
                              Judgment Creditors

Attachment
SMS:ep

cc:    All Counsel of Record (by ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Plaintiffs,<br><br>-v-<br><br>THE BANK OF NEW YORK MELLON, JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., SOCIÉTÉ GÉNÉRALE, and CITIBANK, N.A.<br><br>Defendants. | Civ. No. 09 CV 5900 (JPO)<br><br>STIPULATION, SETTLEMENT AND ORDER REGARDING KASSIM TAJIDEEN'S INTEREST IN BLOCKED ACCOUNTS AND LIFE INSURANCE POLICY WITH AMERICAN LIFE INSURANCE COMPANY |
| JPMORGAN CHASE BANK, N.A.,<br><br>Counterclaim-Plaintiff,<br><br>-v-<br><br>JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Counterclaim-Defendants. | |
| JPMORGAN CHASE BANK, N.A.,<br><br>Third-Party Plaintiff,<br><br>-v-<br><br>AMERICAN LIFE INSURANCE COMPANY – LEBANON BRANCH,<br><br>Third-Party Defendant. | |
| JEREMY LEVIN and DR. LUCILLE LEVIN,<br><br>Crossclaim-Plaintiffs,<br><br>-v- | |

6992085.2

| |
|---|
| AMERICAN LIFE INSURANCE COMPANY – LEBANON BRANCH,<br><br>Crossclaim-Defendant. |

This Stipulation and Order is entered into by and between plaintiffs/third-party defendants/counter-claim defendants and cross-claim plaintiffs Jeremy Levin and Dr. Lucille Levin (the "Levins") and third-party defendant Kassim Tajideen ("Tajideen").

WHEREAS:

a. In an action in the United States District Court for the District of Columbia entitled Levin et al v. Islamic Republic of Iran et al., No. 05-2494, the Levins obtained a judgment dated February 6, 2008, in the total amount of $28,807,719, against the Islamic Republic of Iran ("Iran") and other Iranian governmental agencies (the "Judgment"). The Judgment was later registered in this Court as Docket Number M18-302 and has since been satisfied only in part.

b. As part of their effort to enforce the Judgment, the Levins commenced this proceeding in 2009 in the United States District Court for the Southern District of New York ("Court") to obtain the turnover under § 201(a) of the Terrorism Relief Insurance Act of 2002 ("TRIA") or § 1610 of the Foreign Sovereign Immunities Act ("FSIA") of the funds in various blocked interest bearing accounts established and held by JPMorgan Chase Bank, N.A. ("JPMCB") and other financial institutions. In particular, the Levins assert claims to two Blocked Accounts at JPMCB: (1) holds the cash surrender value from a life insurance policy ("Policy") that Tajideen purchased from American Life Insurance Company - Lebanon Branch ("Alico") ("Blocked Account"), and (2) holds the cash from an insurance premium payment on the Policy made in or around October 2012 ("Premium Blocked Account," collectively

"Blocked Accounts"). The Levins also assert claims to the Policy (collectively with Blocked Accounts, the "Blocked Assets").

      c.      On November 15, 2017, as authorized by this Court's Opinion and Order filed October 27, 2017 (Doc. No. 1106), the Levins filed a Supplemental Complaint Pursuant to N.Y. C.P.L.R. § 5225 and Court Order Dated October 27, 2017 (the "Supplemental Complaint," Doc. No. 1110) seeking the turnover of a blocked deposit account, ending in 6923 (the Blocked Account), held by JPMCB and established in 2012 by JPMCB and American Life Insurance Company. The funds in the Blocked Account, which as of November 30, 2016 were in the sum of $355,892.25, represent the surrender value of two insurance policies that Tajideen purchased from Alico before he was designated by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") as a Specially Designated Global Terrorist ("SDGT") under 31 C.F.R. § 594.310.

      d.      The Supplemental Complaint alleges that Tajideen has a sufficient nexus with Iran to make the Blocked Account subject to execution under TRIA § 201 and FSIA § 1610(g).

      e.      To determine the rights of all parties with an interest in or claim to the funds in the Blocked Account, and thereby to insure against the risk of multiple or inconsistent obligations with respect to those funds, JPMCB filed a third-party complaint in interpleader (the "Interpleader Complaint") on January 12, 2018 in response to the Supplemental Complaint (the "Interpleader Action"). The Interpleader Complaint named as third-party defendants all parties, including Tajideen, Alico, and other judgment creditors of Iran, with an actual or potential interest in the Blocked Account except for those who had disclaimed any such interest before the filing of the Interpleader Complaint.

      f.      Tajideen asserts that neither the Blocked Account nor any other assets in which

3

he has an interest are subject to execution, under TRIA § 201 or FSIA § 1610(g), by the Levins or any other judgment creditors of Iran or of the Revolutionary Armed Forces of Colombia (known as the "FARC"). Tajideen denies that he has any association, affiliation or relationship with Iran, the FARC or any terrorist organization, and asserts that OFAC's designation of him as an SDGT was improper, without basis, and unlawful.

  g. Nevertheless, due to the expense and inconvenience of litigation and other factors having nothing to do with the merits of any party's claim to the Blocked Account, Tajideen did not participate in the Interpleader Action and instead entered into a Stipulation and Order with JPMCB, dated March 12, 2018 and so-ordered by the Court on March 13, 2018, under which he disclaimed an interest of any kind in the Blocked Account and relinquished and surrendered, with prejudice, any claim to the Blocked Account that he otherwise had. In doing so, Tajideen made no admission as to any allegation against or about him in the Interpleader Action.

  h. Since the time of the Court's entry of the March 13, 2018 Stipulation and Order regarding the Blocked Account, only two parties - the Levins and Alico - have continued to seek the turnover of the funds from the Blocked Account. The proceeding to determine which of those two parties, if either of them, has a superior interest in the Blocked Account (the "Turnover Proceeding") is still ongoing as of the time of this stipulation and order.

  i. In the Turnover Proceeding, discovery revealed a second blocked account held at JPMC, whose account number ends in 3534, that Alico established with JPMC in or around October 2012, and that holds the proceeds of an insurance premium that Tajideen paid to Alico in 2009 (the Premium Blocked Account). As of February 28, 2019, the balance in the Premium Blocked Account, with accrued interest, was $62,997. The Premium Blocked Account is

6992085.2

subject to a writ of execution served on JPMCB by the U.S. Marshal, on the Levins' behalf, on or about May 16, 2019.

j. The Premium Blocked Account, as authorized by the Court at a conference in the Turnover Proceeding held on July 19, 2019, has been included in and is now a subject of the Turnover Proceeding. Only the Levins, who by virtue of their writ have priority to the Premium Blocked Account vis-a-vis other judgment creditors of Iran, and Alico are pursuing the turnover of that account. Tajideen is the only other known party with a possible interest in the Premium Blocked Account.

k. Despite his possible interest in the Premium Blocked Account, Tajideen previously disclaimed an interest of any kind in the Premium Blocked Account and relinquished and surrendered, with prejudice, any claim to that account that he otherwise had. As with the Blocked Account, Tajideen disclaimed an interest in the Premium Blocked Account due to the expense and inconvenience of litigation and other factors having nothing to do with the merits of his or any other party's claim to the Premium Blocked Account.

l. In the Turnover Proceeding, discovery has revealed an Alico insurance policy, whose policy number ends in 1412, that Tajideen established with Alico on or around July 28, 2001 (the Policy).

m. The Levins represent that in discovery of Alico, it has been disclosed to the Levins that Alico takes the position that the Policy has not been surrendered, notwithstanding that the cash surrender value of the Policy was deposited by Alico in the Blocked Account. On September 13, 2019, the Levins filed an Answer to JPMC's Counterclaim and Claim for Interpleader Relief, including a cross-claim against Alico for the Policy. The Levins have not named third-party defendant Tajideen. Despite his possible interest in the Policy, which has

already had the cash value surrendered, Tajideen hereby disclaims an interest of any kind in the Policy and relinquishes and surrenders, with prejudice, any claim to the Policy that he otherwise has. As with the Blocked Account and the Premium Account, Tajideen disclaims an interest in the Policy due to the expense and inconvenience of litigation and other factors having nothing to do with the merits of his or any other party's claim to the Policy. The Levins agree that Tajideen or his authorized agent's execution of this Stipulation and Order, resolves and satisfies all claims that the Levins have or may have against Tajideen based on their allegations that he is an agency and instrumentality of Iran.

n. As to any other assets, besides the Blocked Assets, in which Tajideen has or may have an interest, Tajideen preserves any such interest and all of his defenses, claims and rights in any pending or future proceeding, in any forum, in which any one or more such assets are at issue.

o. Tajideen's purpose in entering into this Stipulation and Order is to effectuate the relinquishment of any claim he may have to the Blocked Assets without inconvenience and legal expense and without waiving, in any other pending or future proceeding (including the Levins' proceeding except as to the Blocked Assets), any defense or claim, including but not limited to any defense to allegations that Tajideen has been properly identified as an SDGT, that he has funded terrorist organizations such as Hizbollah or the FARC, or that he has other improper or unlawful connections to such organizations.

p. By entering into this Stipulation and Order, Tajideen has no intention of violating any OFAC regulation or other law. Tajideen understands that the Levins believe the transfer of assets contemplated in this Stipulation and Order, if approved and entered by the Court, will not violate OFAC regulations. The Levins' position is that a turnover judgment

6992085.2

under TRIA, if entered by the Court is not subject to and does not require OFAC approval or an OFAC license. Tajideen further understands that Alico says it is unsure whether an OFAC license is required, and that Alico is seeking guidance from OFAC. The parties hereto agree that if the Court rules that an OFAC license is required for Tajideen's transfer of his rights described herein, then this Stipulation and Order is conditioned on any such license the Court might require. If any OFAC license is required by the Court, Tajideen will provide reasonable cooperation in obtaining the necessary license. Tajideen will not claim that he has not been given proper notice of his opportunity to be a party in the Levins' case involving the Blocked Assets.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1. Any and all claims, rights and interests that Tajideen ever had, now has or may hereafter have in or to the Blocked Assets are hereby relinquished, surrendered, terminated and extinguished with prejudice; Tajideen covenants and agrees not to assert, at any time, a claim against JPMCB or Alico as to the Blocked Assets in any court or tribunal anywhere in the world.

2. Tajideen hereby discharges and releases JPMCB and Alico from any and all liability and obligations of any kind whatsoever, and from any claims that Tajideen may have, with respect to the Blocked Assets.

3. Tajideen has no objection to, and will not oppose the entry of, any future order or judgment of this Court or any other court or tribunal (i) awarding the funds in the Blocked Accounts to the Levins, and (ii) discharging the Levins, JPMCB, and Alico from any liability to any person or entity, including Tajideen, with respect to the Blocked Assets. Tajideen agrees not to contest the validity of any such order or judgment in any future proceeding in this or any

other court, including any court or legal forum in Lebanon.

4. Nothing in this Stipulation, Settlement, Order, and Judgment shall operate as an admission by or against Tajideen or have any collateral estoppel or res judicata effect in any other judgment enforcement proceeding or other proceeding, including but not limited to any future proceedings in the Levins' action resulting from the Levins' assertion of new claims to blocked assets separate from and unrelated to the Blocked Assets.

5. Other than as expressly set forth herein, it is Tajideen's intention that this Stipulation and Order not convey to any party any defenses, possessed solely by Tajideen, that relate to the Blocked Assets, and Tajideen does not authorize any attempt by a party other than himself to assert such a defense to the turnover of the funds in the Blocked Accounts. Subject to the terms set forth herein, Tajideen reserves the right to contend in any future proceeding that an adjudication of any such defense in the Turnover Proceeding was not made in response to any position taken on his behalf and is not binding on him.

6. This Stipulation and Order is tantamount to a final judgment, within the meaning of Fed. R. Civ. P. 54(b), with respect to (i) Tajideen's claim to, right to or interest in the Blocked Assets; and (ii) the discharge and release of Alico from any liability or obligation to Tajideen, of any kind whatsoever, as to the Policy. The material terms of this Stipulation and Order may be incorporated, by reference or otherwise, into any final turnover judgment that covers the Blocked Assets that is entered in this Court, or in any other court, upon conclusion of the Levins' turnover proceeding. This Stipulation and Order and any judgment entered thereon shall not, however, be deemed or construed as an admission by Tajideen in any other proceeding.

7. The Levins and Tajideen agree that, between the time this Stipulation and Order

6992085.2

is signed by them and the time it is so-ordered by the Court, the Stipulation and Order shall be fully binding on them and of no less force and effect than when it is so-ordered.

    8.    This Stipulation and Order may be executed by email in counterparts.

Dated:    October 7, 2019           Dated:  October 5, 2019

HOWARTH & SMITH                   KASSIM TAJIDEEN

By: _____         By: _____
    Suzelle M. Smith                           Kassim Tajideen
523 West Sixth Street, Suite 728
Los Angeles, California 90014
(213) 955-9400
Attorneys for Jeremy Levin and
Dr. Lucille Levin

SO ORDERED:


_____
       J. PAUL OETKEN
   United States District Judge

6992085.2