UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMY LEVIN and DR. LUCILLE LEVIN,

        Plaintiffs,

v.                                                  Civil Action No. 1:09-cv-05900-JPO-RLE

THE BANK OF NEW YORK MELLON, *et al.*

        Defendants.

## PROTECTIVE AGREEMENT AND ORDER

WHEREAS, the above-referenced plaintiff-judgment creditors ("Plaintiffs") are seeking discovery in connection with the effort to enforce the judgment ("Judgment") in favor of Plaintiffs against the Islamic Republic of Iran and its agencies and instrumentalities ("Iran");

WHEREAS, in connection with Plaintiff's discovery and enforcement effort, on or about January 14, 2020, Plaintiffs served a subpoena (the "Subpoena") on HSBC North America Holdings Inc. ("HNAH") seeking information concerning property that may be held by HNAH in which Iran has or may have an ownership interest, as well as wire transfer activity entities identified in the Subpoena;

WHEREAS, HNAH responded to the Subpoena and asserted various objections, including that it is merely a holding company;

WHEREAS, Plaintiffs have agreed to withdraw the Subpoena as it relates to HNAH and replace all references to HNAH therein with HSBC Bank USA, N.A. ("HBUS"), an indirect, wholly owned subsidiary of HNAH;

WHEREAS, the documents and/or information sought from HBUS necessarily contain customer financial information or other confidential information; and

WHEREAS, HBUS is willing to produce the information sought, to the extent it has any such information in its possession, without waiver of any objections or defenses that have or may be asserted by either HNAH or HBUS, but any such production is conditioned upon, and subject to, an appropriate protective agreement and order;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED that the following procedures shall govern the production and exchange of all documents and other information produced, given, or exchanged by HBUS and the use of any such materials during the course of Plaintiffs' enforcement proceedings:

A. Counsel for HBUS (the "Producing Party") may designate any documents, discovery responses or other information taken, given or exchanged in connection with the Subpoena as "Confidential" (hereinafter "Confidential Documents" or "Confidential Information") when the Producing Party in good faith believes that such documents, discovery responses or confidential information constitute Confidential Information of or concerning clients or customers of the Producing Party or wire transfer transactions in which the Producing Party was involved, including correspondent banking customers or financial information, trade secrets, or otherwise private or confidential information that requires the protection provided in this Protective Agreement and Order. Confidential Information includes, but is not limited to, the following kinds of information: non-public customer financial information of any kind; wire transfer information, including accounts holding the proceeds of blocked wire transfers; and non-public documents or information reflecting account information by account or in the aggregate.

B. The names of persons, organizations or entities who hold or have held accounts, or who are or have been parties to blocked wire transfers whose proceeds are held in blocked accounts ("Accountholders"), the addresses of these Accountholders or their status as Accountholders, and the amounts credited to their accounts, if identified in any such Confidential Information, or any other information pertinent to, or necessary for, the execution upon or turnover of assets shall remain confidential and be filed with the Court under seal in the event it becomes necessary to bring such documents to the Court's attention unless the information is redacted to omit or otherwise protect account information for those customers or Accountholders.

C. Confidential Information may be used by the party receiving such information (the "Receiving Party") only for purposes of: (1) enforcing or satisfying the Judgment, pursuant to procedures authorized by law, including a turnover motion; (2) identifying assets or property of Iran; or (3) as otherwise allowed under this Protective Agreement and Order. Under no circumstance may Plaintiffs use any Confidential Information, produced in response to the Subpoena, to assert any claims against HNAH, HBUS, or any of their affiliates, other than claims for turnover of property held by HBUS as garnishee.

D. Any documents or other materials to be designated as Confidential Documents or Confidential Information shall be so designated by stamping the documents or other materials, at the time of production, with the legend "Confidential" or a substantially similar legend. Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice and/or the production of copies of properly stamped documents.

E.  Inadvertent disclosure of materials that are subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity protecting such materials from discovery shall not constitute a waiver of, or an estoppel as to, any claim of such privilege or protection, and any person who has received such materials shall, upon learning that such materials are subject to a claim of privilege, either (a) immediately return such materials to the person that produced them or (b) promptly notify counsel, in writing, of his or her possession of such materials and immediately cease to use such materials for any purpose until obtaining either the consent of the Producing Party or an appropriate order from the Court.

F.  Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

1. Counsel and co-counsel for the Receiving Party, including paraprofessional and clerical personnel who are employees of such counsel;

2. The Court and its support personnel in this proceeding or government personnel incident to efforts to enforce or satisfy the Judgment;

3. The Receiving Party's outside vendors that perform photocopying, microfiching and other functions, but only for so long as necessary for such vendors to perform those services, and provided that they are advised in writing of the confidential nature of the materials involved;

4. Any expert or consultant retained by the Receiving Party's counsel;

5. Any person or entity who, based on the face of the documents, has previously seen the Confidential Information;

6. Witnesses to be called to give testimony under oath and their counsel; and

7. Individuals to whom disclosure is reasonably necessary to the enforcement or satisfaction of the Judgment.

G. Any person described in paragraphs F(3) through F(7) above to whom Confidential Documents or Confidential Information may be shown shall agree, by signing the "Agreement To Be Bound By Protective Agreement And Order" (Exhibit A), to be bound by the terms of this Protective Agreement and Order. To the extent Confidential Information is disclosed to persons described in subparagraphs F(3) through F(7), only those portions of the Confidential Information that are necessary for each specific proceeding incident to efforts to collect on the Judgment, or that relate to specific assets upon which Plaintiffs seek or may seek execution, shall be disclosed to such persons. In addition, all persons described in subparagraphs F(3) through F(7) above shall be provided with a copy of this Protective Agreement and Order and are hereby restricted to using Confidential Information only for the purposes authorized by this Protective Agreement and Order. Photocopies of documents containing Confidential Information shall be made only to the extent necessary to facilitate a permitted use hereunder.

H. This Protective Agreement and Order is without prejudice to HNAH's objections to the Subpoena (which are fully adopted by HBUS and shall apply equally to HBUS), all of which are reserved. Moreover, this Protective Agreement and Order is without prejudice to the right of any person to (a) object to any discovery request except as to objections that relate to confidentiality; or (b) apply to the Court for a further order relating to any Confidential Documents or Confidential Information. The provisions of this Protective Agreement and Order may also be modified on the Court's own motion, or by motion by any party upon notice.

I. The termination or any proceeding incident to efforts to collect on the Judgment shall not relieve any person or party provided with Confidential Documents or

Confidential Information of his, her or its obligations under this Protective Agreement and Order.

  J. Entering into this Protective Agreement and Order, producing or receiving Confidential Documents or Confidential Information, or otherwise complying with the terms of this Protective Agreement and Order shall not: (i) waive, supersede or amend the provisions of any prior confidentiality agreement between HBUS and any non-party; (ii) be construed or operate as a waiver of any claim of domestic or foreign privilege or immunity with respect to the production of any document or information; or (iii) be deemed to modify or otherwise alter any applicable privileges, immunities or prohibitions against disclosure of documents or information under domestic or foreign laws or regulations, including but not limited to domestic or foreign bank secrecy laws, blocking laws, privacy laws or similar laws or regulations.

  K. Within 90 days of the resolution of the last proceeding incident to efforts to collect on the Judgment, by settlement or final judgment, and the conclusion of any appeals therefrom, all Confidential Documents, Confidential Information, and copies thereof shall promptly be destroyed, which destruction shall be certified in writing to the Producing Party, provided that Plaintiffs' counsel may retain one complete set of any such materials that were presented in any form to the Court. Any such retained materials shall be placed in an envelope marked "Confidential Information Subject to Protective Order," and to which shall be attached a copy of this Protective Agreement and Order.

  L. All counsel for any Receiving Party shall also maintain copies of any executed Acknowledgments they obtain pursuant to this Protective Agreement and Order

for at least one year following final resolution of the last proceeding incident to efforts to collect on the Judgment, by settlement or final judgment, including any appeals therefrom.

      M.      The provisions of this Protective Agreement and Order restricting the use and disclosure of Confidential Information shall not apply to documents or other information that are or become public knowledge without a violation of this Protective Agreement and Order.

      N.      Persons may become parties to this Protective Agreement and Order, and become subject to its terms, by signing (by counsel or individually) the "Agreement To Be Bound By Protective Agreement And Order" (Exhibit A), filing the signed and notarized "Agreement To Be Bound By Protective Agreement And Order" with the Court, and serving it on all counsel of record.

      O.      Notices required under this Protective Agreement and Order shall be made to counsel for a person or entity (or, if unrepresented, to the person or entity directly) via facsimile or email and overnight delivery service and shall be deemed effective on the next business day following the date sent.

      P.      Upon execution, this Protective Agreement and Order shall have the effect of an agreement among the signatories and is not conditioned on the Court's eventual entry of this Protective Agreement and Order.

      Q.      The Court retains discretion whether to afford Confidential treatment to any Confidential Document or Confidential Information submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

R. In the event of any disclosure of Confidential Information as defined herein, the Receiving Party shall notify the Producing Party of the disclosure in the most expedient time possible, without unreasonable delay, and in no event more than 48 hours after the Receiving Party first learns of such disclosure. The parties understand that the party claiming a breach of this Protective Agreement and Order may pursue all remedies available at law or equity.

Dated: February 26, 2020

HOWARTH & SMITH

By: _____
Suzelle M. Smith
Pauleen Truong
Attorneys for Plaintiffs
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Telephone No. (213) 955-9400
ssmith@howarth-smith.com

PHILLIPS LYTLE LLP

By: _____
Sean C. McPhee
Attorneys for Non-party
*HSBC North America Holdings Inc.*
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
smcphee@phillipslytle.com

**SO ORDERED:**

March 2, 2020

_____
J. PAUL OETKEN
United States District Judge

Doc #4786089.4

8

# Exhibit A to Protective Agreement and Order

## AGREEMENT TO BE BOUND BY PROTECTIVE AGREEMENT AND ORDER

I, _____, under penalty of perjury under the laws of the United States of America state as follows.

My residence address is: _____

My current employer is: _____

My business address is: _____

My business telephone number is: _____

I have read and understand in its entirety the Protective Agreement and Order that was issued by the United States District Court for the Southern District of New York in the case of *Levin v. The Bank of New York Mellon, et al.*, Civil Action No. 1:09-cv-05900-JPO-RLE. I agree to comply with and to be bound by all the terms of this Protective Agreement and Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court, money damages, interim or final injunctive relief and/or such other relief that the Court deems appropriate. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Agreement and Order to any person or entity except in strict compliance with its provisions.

Date: _____

Printed name: _____

Signature: _____

STATE OF _____ )

COUNTY OF _____ )

On the ____ day of _____ in the year _____, before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public