UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MR. JEREMY LEVIN, DR. LUCILLE LEVIN, and SUZELLE M. SMITH, TRUSTEE OF THE JEREMY ISADORE LEVIN 2012 REVOCABLE TRUST, AS AMENDED,<br><br>      Plaintiffs,<br><br>  -v-<br><br>ISLAMIC REPUBLIC OF IRAN; IRANIAN MINISTRY OF INFORMATION AND SECURITY; and IRANIAN ISLAMIC REVOLUTIONARY GUARD CORPS,<br><br>      Defendants. | Case No. 1:09-cv-05900-JPO-RLE<br><br>M18-302<br><br>**MEMORANDUM OF LAW IN SUPPORT OF EX PARTE APPLICATION AND MOTION FOR COURT ORDERED WRIT OF EXECUTION** |

**I. INTRODUCTION**

Petitioners Dr. Lucille Levin and Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, as Amended ("Petitioners" or "Judgment Creditors") submit this Memorandum in support of their Motion and Application pursuant to 28 U.S.C. § 1610 for an ex parte Order finding that a reasonable period of time has elapsed and directing the Clerk to issue a Writ of Execution to enforce a Judgment entered in Dr. Lucille Levin and the late Jeremy Levin's favor. Prior to his death, Mr. Levin assigned and transferred all rights and/or interests in his judgment to the Jeremy Isadore Levin 2012 Revocable Trust. Dkt. 1298 ¶ 5. On April 20, 2020, this Court ordered Ms. Smith, as Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, as Amended, be substituted for Mr. Levin as plaintiff and judgment creditor in this action. Dkt. 1300. Also in support of their Motion and Application,

Petitioners submit the Declaration of Suzelle Smith ("Smith Decl."), which is filed concurrently herewith.

## II.     FACTS

On February 6, 2008, the United States District Court for the District of Columbia entered judgments in the combined amount of $28,807,719.00 against the Islamic Republic of Iran, the Iranian Ministry of Information and Security, and the Iranian Islamic Revolutionary Guard Corps ("Iranian Judgment Debtors") in favor of Mr. Jeremy Levin and Dr. Lucille Levin ("the Levins") in an action brought under 28 U.S.C. § 1605(a)(7).  *Levin v. Islamic Republic of Iran*, Judgment No. 09, 0732; No. M18-302 (S.D.N.Y. Apr. 20, 2009).  Pursuant to 28 U.S.C. § 1961, the Levins are also entitled to post judgment interest at a rate of 2.23%, which is computed daily to the date of payment and is compounded annually.  28 U.S.C. § 1961.  The Levins gave notice of the entry of judgment to Iranian Judgment Debtors through court and diplomatic channels on October 14, 2008, pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e).  *See* Exhibit A to Smith Decl., Letter from William P. Fritzlen to Nancy Mayer-Whittington, dated January 16, 2009.

On April 20, 2009, the Levins registered their judgments in this Court.  *See* Exhibit B at Attachment A to Smith Decl., Certification of Judgment For Registration in Another District, *Levin v. Islamic Republic of Iran*, Judgment No. 09, 0732; No. M18-302 (S.D.N.Y. Apr. 20, 2009).  The Levins obtained a renewal of their judgments from the Southern District of New York on January 3, 2019.  *See* Exhibit B to Smith Decl., Renewal of Judgment In A Civil Action, *Levin v. Islamic Republic of Iran*, Case No. 18-cv-11576 (S.D.N.Y. Jan. 3, 2019).  On February 6, 2020, Mr.

Levin died.  Dkt. 1298 ¶ 4.  Prior to his death, Mr. Levin assigned and transferred all rights and/or interests in his judgment to the Jeremy Isadore Levin 2012 Revocable Trust.  Dkt. 1298 ¶ 5.  On April 20, 2020, this Court ordered Ms. Smith, as Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, as Amended, be substituted for Mr. Levin as plaintiff and judgment creditor in this action.  Dkt. 1300.

Petitioners have identified property of the Iranian Judgment Debtors and their agencies and instrumentalities ("the Property").  Petitioners are entitled to property held by Debtors' agencies and instrumentalities pursuant to the FSIA, 28 U.S.C. § 1603(b).

The Property includes but is not limited to assets, namely $9,998,941.91 associated with the petroleum tanker Nautic (a/k/a Gulf Sky), with International Maritime Organization ("IMO") number 9150377, held by Wells Fargo Bank, N.A. ("Wells Fargo"), who maintains a branch office in this District.  *See* Exhibit C to Smith Decl.

The Property is subject to turn over in satisfaction of the Petitioners' judgments pursuant to 28 U.S.C. § 1610(a)(7) (judgment relates to a claim for which the foreign state is not immune under section 1605A or 1605(a)(7)); 28 U.S.C. § 1610(f)(l)(A) (any property with respect to which financial transactions are prohibited or regulated shall be subject to execution or attachment in aid of the execution of any judgment relating to a claim for which a foreign state is not immune under 28 U.S.C. § 1610(a)(7)); 28 U.S.C. § 1610(f)(2)(A) (at the request of any party in whos favor a judgment has been issued for which a foreign state is not immune under 28 U.S.C. § 1610(a)(7) the Secretary of State should make every effort to assist

3

with executing against the property); 28 U.S.C. § 1610(b)(3) (judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605A or 1605(a)(7) regardless of whether the property was involved in the act upon which the claim is based); section 201 of the Terrorism Risk Insurance Act ("TRIA") (satisfaction of judgments from blocked assets including the blocked assets of any agency or instrumentality of that terrorist party); N.Y. C.P.L.R. § 5225(b) (payment or delivery of money or personal property not in the possession of the judgment debtor); N.Y. C.P.L.R. § 5232 (levy on personal property); N.Y. C.P.L.R. § 5234(b) (distribution of proceeds of personal property; priority among execution creditors); N.Y. C.P.L.R. § 5203 (priorities and liens on real property); and N.Y. C.P.L.R. § 5236(g) (distribution of proceeds on the sale of real property on an execution).

In the proceeding filed before the Honorable Robert P. Patterson, Jr. on June 26, 2009, entitled "Complaint Pursuant to N.Y. C.P.L.R. § 5225," Petitioners partially satisfied their judgments, but as of August 11, 2020, the total amount outstanding is $15,012,289.17, including post judgment statutory interest, remaining to be collected.

The Levins have previously received Court-ordered writs of execution from this Court, dated August 23, 2011; March 13, 2014; June 18, 2014; September 3, 2014; June 12, 2017; September 13, 2018, January 15, 2019, May 7, 2019, and October 21, 2019.  *See* Dkt. 1305-3.

Petitioners now seek a Court-ordered Writ of Execution under 28 U.S.C. § 1610 in order to enforce their judgments and levy on the Property owned by the Iranian Judgment Debtors, or their agencies and instrumentalities, namely

4

$9,998,941.91 associated with the petroleum tanker Nautic (a/k/a Gulf Sky), with International Maritime Organization ("IMO") number 9150377, and in the possession of Wells Fargo, who maintains branches in this District, including but not limited to the assets identified in Exhibit C to Smith Decl.

### III.     ARGUMENT

More than twelve years have passed since the United States District Court for the District of Columbia entered Judgment for the Levins against the Iranian Judgment Debtors on February 6, 2008. More than eleven years have passed since the Levins served their Judgment on the Iranian Judgment Debtors through court and diplomatic channels on October 14, 2008, pursuant to the FSIA, 28 U.S.C. § 1608(e). The FSIA provides that attachment and execution on the assets of a foreign government or agency or instrumentality of such government may be made in order to satisfy a judgment. 28 U.S.C. § 1610(c) provides that for execution on certain types of assets, the judgment creditor should seek a court order finding that a reasonable period of time has elapsed following the entry of judgment and the giving of notice required under 28 U.S.C. § 1608(e). While the statute "provides no express guidance on how to assess whether a period is 'reasonable,'" the courts have "found periods of three months and less reasonable." *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 8-9 (D.D.C. 2015); *see also Gadsby & Hannah v. Socialist Republic of Romania,* 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (noting that "two months from the date of this Opinion would be a 'reasonable period of time.'"); *see also Ned Chartering & Trading, Inc.v. Republic of Pakistan,* 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding six weeks to be "a sufficient period of time to satisfy the requirements

5

of section 1610(c)."); *see also Bayer & Willis Inc. v. Republic of Gambia,* 283 F. Supp. 2d 1, 3 (D.D.C. 2003) (holding that six weeks was a reasonable period of time under §1610(c)).  Here, it has clearly been more than six weeks following the entry of judgment.  Iranian Judgment Debtors have been given more than a reasonable amount of time and notice; the Court should enter an order under 28 U.S.C. § 1610(c) finding that a reasonable period of time has passed and direct the clerk to issue the attached Writ of Execution to Petitioner, to be delivered to the U.S. Marshal.  *See* Ex. D to Smith Decl., Writ of Execution.  Petitioners only discovered the location of the Property, which is the subject of this Writ request and which is owned by an agency and instrumentality of Iran and subject to turnover under the property laws of the Second Circuit, after reading an article published in the Wall Street Journal on May 2, 2020, attached as Exhibit C.

## IV.   CONCLUSION

For the foregoing reasons, the Court should grant Petitioners' ex parte application and motion and enter the proposed and attached Order finding that pursuant to 28 U.S.C. § 1610(c), a reasonable period of time has elapsed following the entry of judgment against Iranian Judgment Debtors and the giving of any notice required under 28 U.S.C. § 1608(e) and directing the Clerk to issue a Writ of

/ / /

/ / /

/ / /

/ / /

/ / /

Execution with respect to the Property for the judgments registered by the Levins in this Court, so that Petitioners may deliver the Court ordered Writ of Execution to the U.S. Marshal for service.

Dated:  August 11, 2020              HOWARTH & SMITH

                          By:   */s/ Suzelle M. Smith*
                                Suzelle M. Smith
                                Howarth & Smith
                                523 West Sixth Street, Suite 728
                                Los Angeles, California  90014
                                (213) 955-9400

                                Attorney for Plaintiffs/Judgment Creditors