UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> BANK OF NEW YORK MELLON, *et al.*, <br><br> Defendants. | 09 Civ. 5900 (JPO) <br><br> **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, Plaintiffs in this action have issued a subpoena dated June 3, 2020 (the "Subpoena"), supplemented by a supporting affidavit as required by applicable regulations, *see* 31 C.F.R. § 1.11, seeking to obtain documents or information from the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury concerning assets and entities related to a civil forfeiture action captioned *United States v. $2,340,000.00 Associated with Petroleum Tanker Nautic*, Civ. A. No. 20-1139 (JEB) (D.D.C.); and

WHEREAS, OFAC seeks the entry of this Stipulation and Protective Order ("Protective Order") authorizing the disclosure of documents or information responsive to Plaintiffs' Subpoena to OFAC, while protecting its personnel against any claim under the Trade Secrets Act, 18 U.S.C. § 1905, by producing documents or information responsive to the Subpoena;

NOW, THEREFORE, it is hereby agreed, by and between Plaintiffs and the United States of America on behalf of OFAC, by and through their undersigned counsel; and for good cause shown, the Court hereby ORDERS as follows:

1.  OFAC and its personnel are authorized, pursuant to the terms set forth in this Protective Order, to disclose documents or information responsive to the Subpoena, irrespective of whether the disclosure of the documents and information would be prohibited in the absence of this Protective Order by the Trade Secrets Act, 18 U.S.C. § 1905.

2. All documents or information produced in response to the Subpoena and all portions thereof (collectively, "Confidential Material") are deemed confidential, unless Plaintiffs are otherwise advised by OFAC in writing.

3. Confidential Material may be used only for the purpose of attempting to collect upon a judgment entered in this action pursuant to procedures authorized by law, and for no other purpose.

4. No person shall be permitted to have access to Confidential Material, nor shall any person be informed of the substance of the Confidential Material by any person permitted to have access thereto, except as provided in this Protective Order, as otherwise agreed upon by the parties and OFAC in writing, or by order of the Court.

5. Confidential Material shall not be disclosed or distributed to any person or entity other than the following:

    a. the attorneys (including their expert witnesses, paralegals, clerical staff, or other assistants) for parties to this action or for parties to any proceeding incident to efforts to collect on a judgment in this action, but only insofar as the attorneys have a need for the Confidential Material in connection with this action or such proceeding;

    b. the courts and their support personnel in this action and in any proceeding incident to efforts to collect on a judgment in this action;

    c. persons or entities served with writs of attachment or other legal process incident to efforts to collect on a judgment in this action or holding assets identified in the Confidential Material;

       d. local or federal law enforcement personnel involved in any proceeding incident to efforts to collect on a judgment in this action;

       e. any other person to whom disclosure is required in order to pursue proceedings incident to efforts to collect on a judgment in this action pursuant to procedures authorized by law; or

       f. the respective client representatives of the parties.

6. To the extent that Confidential Material is disclosed to persons described in subparagraphs 5(a), (c), or (e)-(f), only those portions of the Confidential Material that are necessary for each specific proceeding incident to efforts to collect on any judgment in this action or that relate to specific assets at issue shall be disclosed to such persons. All persons described in subparagraphs 5(a), (c), or (e)-(f) shall be provided with a copy of this Protective Order. All such persons are required to use Confidential Material only for purposes directly related to the satisfaction of a judgment in this action and are prohibited from using Confidential Material for any other litigation or proceeding or for any business, commercial, competitive, personal, or other purpose. Copies of documents containing Confidential Material shall be made only to the extent necessary to facilitate a use permitted by this Protective Order.

7. Confidential Material shall not be disclosed to any person described in subparagraphs 5(a), (c), or (e)-(f) unless and until such person has been shown this Protective Order and has agreed in writing to be bound by its terms by signing a copy of the attached Acknowledgment Form, annexed hereto as Exhibit A. A copy of each executed Acknowledgment Form shall be kept by counsel for the party on behalf of whom disclosure is made pursuant to subparagraphs 5(a), (c), or (e)-(f).

8. Use of any Confidential Material at trial:

a. Use of any Confidential Material produced and designated pursuant to this Protective Order at trial shall be governed by a separate order from the Court.

b. Any party or non-party seeking to restrict the use of any Confidential Material at trial shall apply to the court to apply whatever protection it deems necessary. Absent a ruling by the court to the contrary, any document, information, or transcript of testimony designated as Confidential Material under this Protective Order that appears on an exhibit list or in deposition designations, and that is admitted into evidence at trial, will be disclosed on the public record, and any examination relating to such information will likewise be disclosed on the public record.

c. In order to give OFAC the opportunity to apply to the court for protection of its Confidential Material:

   i. No later than 5 days after filing their final trial exhibit lists with any court, each party receiving Confidential Material or notice of Confidential Material shall notify OFAC of all exhibits appearing on the party's trial exhibit list that contain information that OFAC has designated as Confidential. Notice may be given by email with a copy by overnight delivery.

   ii. No later than 5 days after filing their final trial deposition designations with any court, each party receiving Confidential Material shall notify OFAC of the page and line numbers of any deposition designations and/or counter-designations that contain information that OFAC has

      designated as Confidential Material.  Notice may be given by email with a copy by overnight delivery.

     iii. If any party subsequently learns that it intends to introduce into evidence or otherwise use at trial any materials other than those previously identified in paragraphs (i) or (ii) above that contain information that OFAC has designated as Confidential Material, that party shall, at least seven days before the anticipated use of the Confidential Material, provide notice to OFAC of its intent to use the Confidential Material.  Notice may be given by email with a copy by overnight delivery.  For purposes of cross-examination, any notice provided to OFAC pursuant to this paragraph 8(c)(iii) may not be shared with the opposing party nor with the witness expected to be called to testify at trial.

   d. All procedures by which OFAC shall apply to the Court for protection at trial of its Confidential Materials shall be governed by the rules of Court.

  9. The termination of this action or any proceeding incident to efforts to collect on a judgment in this action shall not relieve any person or party provided Confidential Material of any obligation under this Protective Order.

  10. All Confidential Material that is filed with any court and any pleadings, motions, exhibits, or other papers filed with any court referencing or containing Confidential Material shall be filed under seal to the extent of such Confidential Material, unless Plaintiffs are otherwise advised by OFAC in writing, and kept under seal until further order of the Court.

11. Within sixty (60) days of the resolution of the last proceeding incident to efforts to collect on a judgment in this action by settlement or final judgment and the termination of any appeals therefrom, all Confidential Material, and all copies thereof, shall be promptly destroyed, provided that counsel may retain one complete set of any such materials that were presented in any form to a court. Any such retained materials shall be marked "Subject to Protective Order" in the form in which they are stored and shall be stored with a copy of this Protective Order.

12. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to Plaintiffs prior to the disclosure or obtained by the Plaintiffs after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to OFAC.

13. This Protective Order does not waive or adjudicate any objection to the Subpoena that OFAC may have or any claim of privilege involving any document or information responsive to the Subpoena that OFAC may have. OFAC takes no position by moving for entry of this Protective Order on the susceptibility to attachment of any asset that may be identified as a result of its compliance with the Subpoena.

14. OFAC shall have no duty to produce Confidential Material to anyone other than Plaintiffs.

15. Entry of this Protective Order shall not prohibit the United States or any agency, department, officer, or employee of the United States from using or disclosing Confidential

Material for any purpose authorized by law, or the redisclosure of Confidential Material directly to OFAC or to counsel for the United States.

16. This Protective Order is supplementary to any prior confidentiality or protective order in place in this action, and its entry does not revoke, replace, or modify such orders.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated:   December 16, 2020

By:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York
*Attorney for the United States*

SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
E-mail: samuel.dolinger@usdoj.gov

Dated:   December 15, 2020

By:

HOWARTH & SMITH
*Attorneys for Plaintiffs Jeremy Levin, Dr. Lucille Levin, and Suzelle M. Smith, Trustee of the Jeremy Isadore Levin 2012 Revocable Trust, as Amended*

PAULEEN TRUONG
SUZELLE M. SMITH
DON HOWARTH
523 West Sixth Street, Suite 728
Los Angeles, California 90014
Tel.: (213) 955-9400
E-mail: ptruong@howarth-smith.com

SO ORDERED:

J. PAUL OETKEN
United States District Judge

Dated: December 23, 2020

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEREMY LEVIN, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> BANK OF NEW YORK MELLON, *et al.*, <br><br> Defendants. | 09 Civ. 5900 (JPO) <br><br> **ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

   The undersigned hereby declares under penalty of perjury that he or she has read the Protective Order entered in this action by the United States District Court for the Southern District of New York, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any Confidential Material made available to him or her other than in strict compliance with the Protective Order. The undersigned acknowledges that his or her duties under the Protective Order shall survive termination of this action and are permanently binding and that failure to comply with the terms of the Protective Order may result in the imposition of sanctions by the Court.

Dated: _____

                  _____
                  Signature

                  _____
                  Printed Name