HOWARTH & SMITH

ATTORNEYS AT LAW
523 WEST SIXTH STREET
SUITE 728
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 955-9400
FAX: (213) 622-0791
www.howarth-smith.com

SUZELLE M. SMITH                February 4, 2022                ssmith@howarth-smith.com
                                                                Direct Line: (213) 955-9400 Ext. 111

**VIA ECF**

Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 706
New York, New York 10007
OetkenNYSDCChambers@nysd.uscourts.gov

     Re: *Levin et al v. Bank of New York et al*, Case No. 1:09-cv-05900-JPO-RWL

Dear Judge Oetken:

     On behalf of the Levins, we respond to the Court's Order, dated January 27, 2022, which states:

> In their respective briefs for the pending motion to dismiss in this case, Plaintiffs and Defendants primarily dispute whether Section 1610(g) of the Foreign Sovereign and Immunities Act strips extraterritorial assets of immunity from attachment and execution. Yet neither party squarely addresses the Supreme Court's holding in *Rubin v. Islamic Republic of Iran*, in which it held the following about Section 1610(g): Section 1610(g) serves to identify property that will be available for attachment and execution in satisfaction of a § 1605A judgment, but it does not in itself divest property of immunity. Rather, the provision's language "as provided in this section" shows that § 1610(g) operates only when the property at issue is exempt from immunity as provided elsewhere in § 1610. Petitioners cannot invoke § 1610(g) to attach and execute against the antiquities at issue here, which petitioners have not established are exempt from immunity under any other provision in § 1610. 138 S. Ct. 816, 819 (2018) (emphasis added). The Court thus invites letters

Honorable J. Paul Oetken
February 4, 2022
Page 2

from both parties, by February 4, 2022, addressing the holding in
Rubin and whether the "Melli Blocked Account" is "exempt from
immunity as provided elsewhere in § 1610."

As the Court states, the posture of the matter is a motion to dismiss the Levin
supplemental complaint brought by JPMorgan Chase Bank, N.A. ("JPMorgan-NY") and
JPMorgan Chase Bank, N.A./London (JPMorgan-London) (together "JPMorgan").[1]
JPMorgan moved to dismiss the supplemental complaint as a matter of a narrow point of
law stating: "the [blocked] Melli/Visa Account is . . . immune from execution under
TRIA § 201(a) or FSIA §1610(g) because it is located in London, and neither statute
permits a U.S. court to direct the attachment of a foreign state's or its instrumentalities'
assets located outside the U.S." Dkt. 1369 at 8. The Levins briefed the issue, which was
raised by JPMorgan in its motion, and set out the law which allows the Levins to execute
on the assets of Bank Melli blocked under U.S. law by JPMorgan-London, to satisfy their
Judgment against Iran under the Foreign Sovereign Immunities Act ("FSIA"), and the
note to the FSIA, § 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"). *See*
Dkt. 342 at 18. ("TRIA is codified as a note to section 1610, and must be read in the
context of the overarching statutory scheme of the FSIA.").

The Levins did not cite the United States Supreme Court in *Rubin v. Islamic
Republic of Iran*, 138 S. Ct. 816, 86 USLW 4064 (2018) in their opposition to the motion
(and JPMorgan did not cite the case either) because that particular holding is not relevant
to the Melli Blocked Account here and the Motion to Dismiss. The antiquities in *Rubin*
were property of Iran but were not "blocked assets" of Iran. *Rubin*, 138 S. Ct. at 826.
Therefore, the TRIA immunity exception was not available to the Rubins, as TRIA only
deals with "blocked assets." *Id.* In contrast to the Rubins, the Levins are entitled to
execute here on the Melli Blocked Account under TRIA, independently of § 1610 (g).[2]
The significance of the holding of *Rubin* for this case is that it makes a clear distinction
between § 1610(g) and TRIA. In *Rubin*, the Court holds that:

> 28 U.S.C. § 1610(g) does not provide a freestanding basis for parties
> holding a judgment under § 1605A [and § 1610(a)(7)] to attach and
> execute against the property of a foreign state, where the immunity of

---

[1] JPMorgan-London does not object to the Court's personal jurisdiction over it for this matter.
*See* Dkt. 1345 at 2.
[2] Under *Rubin*, § 1610(g) does permit identification of assets of a sovereign which can be
attached, although it does not provide an exemption from immunity on its own. *Rubin*, 138 S.
Ct. at 827. However, as *Rubin* additionally points out, TRIA also identifies separately those
assets which can be attached, including any "blocked assets" of a terrorist party or its agencies
and instrumentalities. *Id* at 826. The blocked assets identified in the language of TRIA are not
limited to blocked assets only in the United States. *Id.*; *see also* Dkt. 1374 at 12.

Honorable J. Paul Oetken
February 4, 2022
Page 3

the property is not otherwise rescinded under a separate provision within § 1610.

*Rubin*, 138 S. Ct. at 827.

Applying rules of statutory construction, the Rubin Court limits § 1610(g)'s revocation of immunity over a foreign state's assets because other sections of the FSIA contain unambiguous revocations of immunity for assets of a foreign state using language such as "notwithstanding any other provision of law," which is absent from § 1610(g). The Court states:

> [T]wo other provisions within § 1610 specifically allow § 1605A [and § 1610(a)(7)] judgment holders to attach and execute against property of a foreign state, "[n]otwithstanding any other provision of law," including those provisions otherwise granting immunity, but only with respect to assets associated with certain regulated and prohibited financial transactions. See § 1610(f)(1)(A); Terrorism Risk Insurance Act of 2002 (TRIA), § 201(a), 116 Stat. 2337, note following 28 U.S.C. § 1610.

*Rubin*, 138 S. Ct. at 824.

And further the Court states:

> In enacting § 201(a) of the TRIA, which, similar to 28 U.S.C. § 1610(f), permits attachment and execution against blocked assets, Congress signaled that it was rescinding immunity by permitting attachment and execution "[n]otwithstanding any other provision of law." See § 201(a) of the TRIA. Had Congress likewise intended § 1610(g) to have such an effect, it knew how to say so. Cf. *Bank Markazi v. Peterson*, 578 U.S. ——, ——, n. 2, 136 S.Ct. 1310, 1318, n. 2, 194 L.Ed.2d 463 (2016) (noting that "[s]ection 1610(g) does not take precedence over 'any other provision of law,' as the TRIA does").

*Id.* at 826.

And again:

> The Court's reading of § 1610(g) means that individuals with § 1605A judgments against a foreign state must primarily invoke other

Honorable J. Paul Oetken
February 4, 2022
Page 4

provisions revoking the grant of immunity for property related to commercial activity, including § 1610(a)(7), unless the property is expressly carved out in an exception that applies "[n]otwithstanding any other provision of law," § 1610(f)(1)(A); § 201(a) of the TRIA.

*Id.* at 825.

Since the Levins seek to execute on the blocked assets of Bank Melli, an instrumentality of Iran (which is a state sponsor of terrorism), held by JPMorgan-London, they are relying on TRIA § 201(a), which section expressly revokes the immunity of Iran and its instrumentalities, such as Bank Melli, as to those blocked assets. *See* Dkt. 1352 at 11-14. The Levins are not relying on FSIA §1610(g) as an independent basis to rescind the immunity of a sovereign state, so the holding in *Rubin* as to that particular section is not relevant, except, as the Supreme Court makes clear, TRIA § 201(a), which does apply here, and is completely different in substance, and does provide the required FSIA independent basis to rescind immunity over the Melli Blocked Account. *Rubin*, 138 S. Ct. at 826.

TRIA allows execution of a judgment against Iran on "blocked" assets of a state sponsor of terrorism and its agencies and instrumentalities:

Notwithstanding any other provision of law . . . in every case in which a person has obtained a judgment against a terrorist party on a claim based upon an act of terrorism, or for which a terrorist party is not immune under section 1605(a)(7) of title 28, United States Code, the blocked assets of that terrorist party (including the blocked assets of any agency or instrumentality of that terrorist party) shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, 116 Stat. 2322 (2002), § 201(a) codified at 28 U.S.C. § 1610.

In their complaint claiming the right to execute on the Melli Blocked Account, the Levins invoke TRIA § 201(a). *See* Dkt. 1352 at 11-14; *see also Harrison v. Republic of Sudan*, 838 F.3d 86, 98 (2d Cir. 2016) ("Plaintiffs have 'obtained a judgment against a terrorist party on a claim based upon an act of terrorism,' the blocked assets are the assets of that terrorist party, and, accordingly, those assets 'shall be subject to execution or attachment in aid of execution in order to satisfy [plaintiffs'] judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.' *See*

Honorable J. Paul Oetken
February 4, 2022
Page 5

TRIA § 201(a) (codified at 28 U.S.C. § 1610 note).").  TRIA does not contain any
language limiting the revocation of immunity of the blocked assets of a terrorist party or
its agencies to only those found in the United States, and the rationale and holding of
*Rubin* is consistent with reading TRIA's language literally.  *Rubin*, 138 S. Ct.  at 826; *see
also* Dkt. 1374 at 12.

    JPMorgan does not dispute that the Bank Melli funds at issue are "blocked" assets.
*See* Dkt. 1370 at ¶ 3.  It is also undisputed that they are assets of Bank Melli, an
instrumentality of Iran.  *Id.*  Therefore, under TRIA § 201(a), these blocked assets of
Bank Melli are not subject to immunity from collection and are subject to collection by
the Levins consistent with the holding and rationale of *Rubin*, and as plead in their
supplemental complaint and supported by their brief filed with this Court on August 25,
2020 and March 29, 2021, respectively.

                            Respectfully submitted,

                            Suzelle M. Smith
                            Counsel for Plaintiffs, the Levin
                            Judgment Creditors


SMS:ep


cc:    All Counsel of Record (by ECF)